# IN THE U.S. DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., <br><br>   *Plaintiff*, <br><br>v. <br><br>MASIMO CORPORATION and SOUND UNITED, LLC, <br><br>   *Defendants*. | Civil Action No. 22-1378 (MN) |

## DEFENDANT SOUND UNITED, LLC'S OPENING BRIEF IN SUPPORT OF
## ITS MOTION TO DISMISS

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Perry D. Oldham
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

Dated: December 12, 2022

## TABLE OF CONTENTS

Page No.

INTRODUCTION ................................................................................................................ 1

NATURE AND STAGE OF THE PROCEEDINGS .................................................................. 2

SUMMARY OF ARGUMENTS .............................................................................................. 2

STATEMENT OF FACTS ..................................................................................................... 3

LEGAL STANDARDS .......................................................................................................... 5

ARGUMENT ....................................................................................................................... 6

I.    Apple Fails To State A Claim Against Sound United For Direct Patent Infringement .......................................................................................................... 6

II.    Apple Fails To State A Claim Against Sound United For Indirect Patent Infringement .......................................................................................................... 7

CONCLUSION .................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page No(s).**

*AgroFresh, Inc. v. Essentiv, LLC*,
   No. 16-662-MN, 2019 WL 350620 (D. Del. Jan. 29, 2019) .................................................. 8, 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................................. 5, 6

*Baraka v. McGreevey*,
   481 F.3d 187 (3d Cir. 2007) ...................................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................... 6, 7, 8, 9

*Boston Scientific Corp. v. Nevro Corp.*,
   415 F. Supp. 3d 482 (D. Del. 2019) ....................................................................................... 7, 8

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) ...................................................................................................... 5

*LoganTree LP v. Omron Healthcare, Inc.*,
   No. 18-1617-MN, 2019 WL 4538730 (D. Del. Sept. 19, 2019) ............................................. 7, 8

*Phillips v. Cty. of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) ...................................................................................................... 5

*Sipco, LLC v. Streetline, Inc.*,
   No. 16-830-RGA, 2018 WL 762335 (D. Del. Feb. 7, 2018) .................................................. 6, 7

*Uniloc USA, Inc. v. Logitech, Inc.*,
   No. 18-cv-1304-LHK, 2018 WL 6025597 (N.D. Cal. Nov. 17, 2018) ................................... 8, 9

**OTHER AUTHORITIES**

35 U.S.C. § 271 .................................................................................................................................. 6

## INTRODUCTION

Nearly two years ago, Masimo sued Apple for patent infringement and trade secret misappropriation. In that case, Masimo alleges that Apple stole Masimo's trade secrets and patented technology concerning calculating physiological parameters in wrist-worn devices, and that Apple used those trade secrets and technology to develop its Apple Watch. Masimo sued in the Central District of California, where Masimo is located.

Earlier this year, Masimo launched its own wrist-worn device, Masimo's W1™ watch, which Masimo sells directly to consumers. In this case, Apple asserts that the W1™ infringes six utility patents relating to smartwatches, and that Masimo used confidential information it received from Apple in the California case to develop it.

Apple has sued Masimo **_and Sound United_** of directly and indirectly infringing those patents. But Apple did not allege facts plausibly showing that Sound United has made, used, offered for sale, sold, or imported Masimo's W1™ watch or charger, or that Sound United otherwise performed any acts supporting a claim for direct patent infringement. Apple also failed to allege facts plausibly showing that Sound United knew of, or was willfully blind to, the asserted patents. Those omissions undermine any claim for indirect patent infringement.

Indeed, Apple alleges merely that Sound United is a subsidiary of Masimo and was recently acquired for its distribution potential. Such allegations are insufficient to plausibly show an act of

patent infringement. Apple's conclusory recitations of the elements for a patent infringement claim are also insufficient to satisfy Apple's pleading burden. Therefore, the Court should dismiss Apple's claims against Sound United, and the action should proceed between Apple and Masimo.

## NATURE AND STAGE OF THE PROCEEDINGS

On October 20, 2022, Apple sued Masimo and Sound United. D.I. 1. Apple alleged that Masimo and Sound United directly infringed six utility patents relating to smartwatches and smartwatch chargers ("Asserted Patents"). *Id*. ¶¶ 53-55 (Count I), 69-71 (Count II), 86-88 (Count III), 104-106 (Count IV), 121-123 (Count V), 142-144 (Count VI) ("Complaint"). Apple also alleged that Masimo and Sound United indirectly infringed the Asserted Patents by inducing others to infringe and by contributing to others' infringement. *Id.*

On the same day it filed the Complaint, Apple also filed a companion complaint accusing Masimo and Sound United of infringing four related design patents allegedly regarding smartwatches and smartwatch chargers. *See Apple, Inc. v. Masimo Corp.,* Complaint, D.I. 1, No. 22-cv-01377-MN (D. Del.).

Sound United is moving to dismiss each complaint pursuant to Rule 12(b)(6). Masimo is answering each complaint.

## SUMMARY OF ARGUMENTS

1.      Apple fails to state a claim against Sound United for direct infringement of the Asserted Patents because Apple fails to allege facts plausibly showing that Sound United has made, used, offered for sale, sold, or imported Masimo's accused W1™ watch. Apple vaguely alleges only that Sound United is a subsidiary of Masimo and that Masimo recently acquired Sound United for its distribution potential. But these allegations cannot plausibly show that Sound United has committed an act of infringement. Similarly, Apple's allegation that Sound United "launched" the

W1™ watch is vague and conclusory. That allegation fails to plausibly show that Sound United made, used, offered for sale, sold, or imported Masimo's W1™ watch. Finally, Apple's bald recitations of the elements of a patent infringement claim fail to salvage Apple's claims against Sound United.

2. Apple also fails to state a claim against Sound United for indirect infringement of the Asserted Patents. Apple fails to allege facts plausibly showing that Sound United knew of, or was willfully blind to, the Asserted Patents. Apple also relies on bald recitations of the elements of a claim for indirect patent infringement. That is insufficient.

### STATEMENT OF FACTS

Apple accuses Masimo of directly and indirectly infringing the Asserted Patents, which relate to smartwatch and smartwatch charger designs. D.I. 1 ¶¶ 4, 36, 39-40. Apple alleges that Masimo copied the Apple Watch and charger to develop the W1™ watch, *id*. ¶¶ 3, 22, 31, 34, 36, 39-40, and that Masimo makes and sells the W1™ watch and charger. *See id.* ¶ 3. Apple also alleges that, in an ITC action Masimo brought against the Apple Watch, Masimo asserted that an import ban on the Apple Watch "would not raise public health, safety, or welfare concerns because 'Masimo offers ***pulse oximetry devices*** with reliable ***medical grade measurements***, directly to consumers.'" *Id*. ¶ 32 (emphasis in original). Apple also alleges that, in the ITC, "Masimo identified an alleged 'Masimo Watch' as a 'domestic industry' product for four of its patents." *Id*. ¶ 33. Finally, Apple alleges that Masimo released the W1™ watch to the general public on August 31, 2022. *Id*. ¶ 39. None of these allegations reference Sound United.

Instead, regarding Sound United, Apple alleges only that:

- "Sound United is a wholly owned subsidiary of Masimo." (*id*. ¶ 7);

- "Masimo and its recently acquired consumer division, Sound United, launched the W1." (*id.* ¶ 22); and

- "Masimo bought Defendant Sound United to bring the W1 to market as quickly as possible. In February 2022, Masimo announced that it would acquire Sound United, 'a leading innovator of premium, high-performance audio products for consumers,' for $1.025 billion. Masimo's stated reason for the acquisition, which closed in April 2022, was to 'leverage Sound United's expertise across consumer channels to accelerate distribution of the combined company's expanding portfolio of consumer-facing healthcare products.' The CEO of Masimo stated on an earnings call in February 2022: 'We like Sound United the most for several reasons. One, it's [sic] management. Two, the distribution channel, that is essential to what we are doing as an important product for us which is the Masimo Watch.'" (*id.* ¶ 37).

Apple's causes of action then include generic allegations and group together Masimo and Sound United as "Defendants." Using the same language for each claim, Apple states:

- "Defendants directly infringe the [Asserted Patent] by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products that practice at least [one claim in the Asserted Patent], including the Masimo W1." (*id.* ¶¶ 53, 69, 86, 104, 121, 142);

- "Defendants also indirectly infringe the [Asserted Patent] by intentionally inducing others, including their customers, to infringe at least [one claim of the Asserted Patent] through the use of their products, including the Masimo W1. Defendants provide to others (including their customers) instructions for using the W1 in a manner that

    infringes at least [one claim in the Asserted Patent]." (*id*. ¶¶ 54, 70, 87, 105, 122, 143); and

- "Defendants also indirectly infringe the [Asserted Patent] as contributory infringers by selling or offering to sell in the United States, or importing into the United States, products including the Masimo W1. These products are material parts of the invention claimed in at least [one claim in the Asserted Patent]; are known to Defendants to be especially adapted for such infringing use; and are not staple articles or commodities of commerce suitable for substantial non-infringing use." (*id.* ¶¶ 55, 71, 88, 106, 123, 144).

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts addressing a motion to dismiss for failure to state a claim conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, accepting the well-pleaded facts as true, but disregarding the legal conclusions. *Id.* at 210-11. Second, the court determines whether the alleged facts plausibly show a claim for relief. *Id*. at 211 (*quoting Iqbal*, 556 U.S. at 662).

Courts accept factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, courts need not credit "naked assertions" or bald allegations "devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678. Nor do courts credit mere speculation or "unsupported conclusions and unwarranted inferences." *Baraka v. McGreevey*, 481 F.3d 187, 195

(3d Cir. 2007). The plausibility standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Instead, a claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

### I. Apple Fails To State A Claim Against Sound United For Direct Patent Infringement

Apple fails to allege facts plausibly showing that Sound United committed any acts of direct patent infringement. In particular, Apple fails to allege facts plausibly showing that Sound United made, used, offered to sell, sold, or imported Masimo's W1™ watch or any other accused product. *See* 35 U.S.C. § 271.

Instead, Apple alleges that Sound United is Masimo's wholly owned subsidiary (D.I. 1 ¶ 7) and that it was recently acquired for, among other reasons, its distribution potential (*id.* ¶ 37). Such allegations fail to plausibly show that Sound United has committed any act alleged to be patent infringement. Moreover, Apple's allegation that Sound United "launched" the W1™ (*id.* ¶ 22) is vague, conclusory, and similarly fails to plausibly show that Sound United made, used, offered to sell, sold, or imported Masimo's W1™ watch, much less plausibly show that Sound United performed any of those alleged acts in the United States. Apple never alleges that, for example, Sound United advertises Masimo's W1™ watch on its own website or offers the W1™ watch for sale on its website or through any of its sales channels. *See id.*

Other allegations from Apple indicate that Masimo alone has offered to sell and sold its W1™ watch, which would contradict any suggestion that Sound United has also done so. *See Sipco, LLC v. Streetline, Inc.*, No. 16-830-RGA, 2018 WL 762335, *1 (D. Del. Feb. 7, 2018) (an

allegation that a defendant's corporate relative also sells defendant's product was inconsistent with allegations that defendant alone sold the product and undercuts plausibility). For example, Apple alleges that "Masimo released the W1 to the general public on August 31, 2022," and the press release Apple cites in support of that allegation identifies only one way to purchase the W1™ watch: Masimo's website (www.masimo.com/masimo-w1). *Id.* ¶ 39; *see also id*. n.34.

Apple also includes a formulaic recitation of the legal elements of direct patent infringement. *Id.* ¶¶ 53, 69, 86, 104, 121, 142 ("Defendants directly infringe the [Asserted Patent] by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products that practice at least [one claim in the Asserted Patent], including the Masimo W1"). But such bare "labels and conclusions" are also insufficient to state a claim. *Twombly*, 550 U.S. at 555 (The plausibility standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

## II. Apple Fails To State A Claim Against Sound United For Indirect Patent Infringement

Apple's indirect infringement claims fail for several reasons. First, a claim for indirect patent infringement, whether induced infringement or contributory infringement, requires factual allegations plausibly showing that the defendant knew of the asserted patents or that the defendant was willfully blind to the existence of the asserted patents. *Boston Scientific Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 491, 495 (D. Del. 2019); *see also LoganTree LP v. Omron Healthcare, Inc.*, No. 18-1617-MN, 2019 WL 4538730, *4 (D. Del. Sept. 19, 2019) ("Indirect infringement, whether it be induced or contributory, requires pleading that the defendant has knowledge of the patent."). But Apple never alleges facts showing or suggesting that Sound United ever knew of the Asserted

Patents or that Sound United was willfully blind to the existence of the Asserted Patents. *See* D.I. 1.[1]

Second, Apple's claims for induced and contributory infringement rest on a bare recitation of the elements for those claims. *Id*. ¶¶ 54-55, 70-71, 87-88, 105-106, 122-123, 143-144. This does not state a claim for relief. *Twombly*, 550 U.S. at 555; *see also AgroFresh, Inc. v. Essentiv, LLC*, No. 16-662-MN, 2019 WL 350620, *5 (D. Del. Jan. 29, 2019) (dismissing claims for contributory infringement because the allegations "simply parrot the statutory language").

Third, Apple's allegation that "Defendants provide to others (including their customers) instructions for using the W1 in a manner that infringes at least [one claim of the Asserted Patent]," D.I. 1 ¶¶ 54, 70, 87, 105, 122, 143), is not specific to Sound United. It is also conclusory and fails to support any reasonable inference that Sound United did any of the acts or specifically intended anyone to infringe the Asserted Patents. *See Boston Scientific*, 415 F. Supp. 3d at 492 (plaintiff's "conclusory statements about [defendant's] knowledge of infringing activity are insufficient to state a plausible claim."); *see also Uniloc USA, Inc. v. Logitech, Inc.,* No. 18-cv-1304-LHK, 2018 WL 6025597, *2-*3 (N.D. Cal. Nov. 17, 2018) (allegation that defendant instructed customers to use the accused products in an infringing manner is insufficient to plausibly show that defendant knew its customers actions infringed the asserted patent or that defendant specifically intended its customers to infringe the asserted patent).

---

[1] Apple included no claim against Sound United for enhanced damages based on willful infringement. *See* D.I. 1. Yet Apple's "Prayer For Relief" asks the Court to find that "Defendants' infringement is willful." *Id.* 76. This does not state a claim for relief. Regardless, any claim against Sound United for willful infringement fails for the same reason as Apple's indirect infringement claims: Apple includes no factual allegation showing or suggesting that Sound United knew of, or was willfully blind to, the Asserted Patents. *See Boston Scientific*, 415 F. Supp. 3d at 492 (A claim for willful patent infringement requires factual allegations plausibly showing that the defendant knew of the asserted patents or that the defendant was willfully blind to the existence of the asserted patents).

Finally, Apple also fails to state a claim for contributory infringement because Apple identifies Masimo's W1™ watch as the material part of the claimed inventions, D.I. 1 ¶¶ 55, 71, 88, 106, 123, 144, but Apple fails to plausibly show that Sound United has sold, offered for sale, or imported Masimo's W1™ watch or charger. *See supra* Part I. Again, Apple's bare recitation of the elements for contributory patent infringement is not enough to state a claim. *See id*; *see also Twombly*, 550 U.S. at 555; *AgroFresh,* 2019 WL 350620 at *5.

## CONCLUSION

The fight over Masimo's W1™ watch is between Apple and Masimo—not Apple and Sound United. Apple fails to allege facts plausibly showing that Sound United has made, used, offered for sale, sold, or imported Masimo's W1™ watch, or that Sound United otherwise performed any acts supporting a claim for direct patent infringement. Apple also fails to allege facts plausibly showing that Sound United knew of, or was willfully blind to, the Asserted Patents. That Sound United is a subsidiary of Masimo and was recently acquired for its distribution potential are insufficient to plausibly show patent infringement. Apple's bald recitations of the elements of a patent infringement claim are also insufficient. Therefore, the Court should dismiss Apple's claims against Sound United.

|  | Respectfully submitted, |
|---|---|
| December 12, 2022 | PHILLIPS MCLAUGHLIN & HALL, P.A. |
|  | By: */s/ John C. Phillips, Jr.* |
| *Of Counsel:* | John C. Phillips, Jr. (No. 110) |
|  | Megan C. Haney (No. 5016) |
| Joseph R. Re | 1200 North Broom Street |
| Stephen C. Jensen | Wilmington, DE 19806 |
| Stephen W. Larson | (302) 655-4200 Telephone |
| KNOBBE, MARTENS, OLSON & BEAR, LLP | (302) 655-4210 Fax |

<div style="display: flex;">

2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

</div>