**IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

APPLE INC.,

*Plaintiff,*

v.

MASIMO CORPORATION and SOUND UNITED, LLC,

*Defendants.*

Civil Action No. 22-1378 (MN)

**DEFENDANT SOUND UNITED, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Perry D. Oldham
Jared C. Bunker
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants
Masimo Corporation and Sound United, LLC*

Dated: January 24, 2023

**TABLE OF CONTENTS**

**Page No.**

I. Apple Fails To State A Claim Against Sound United For Direct Patent Infringement....1

II. Apple Fails To State A Claim Against Sound United For Indirect Patent Infringement....3

A. Apple Fails To Plausibly Allege That Sound United Was Aware Of Any Of The Asserted Patents Or Infringement Of Any Of The Asserted Patents....3

B. Apple Did Not Plead Facts Sufficient To Impute Masimo's Alleged Awareness Of The Asserted Patents And Infringement To Sound United....5

C. Apple Fails To Allege Post-Suit Indirect Patent Infringement By Sound United....8

D. Apple Fails To Plausibly Allege The Additional Requirements To State Claims Of Induced And Contributory Infringement By Sound United....8

III. Apple Fails To State A Claim Against Sound United For Enhanced Damages Based On Willful Patent Infringement....9

IV. Granting Apple Leave To Amend Would Be Futile....10

## TABLE OF AUTHORITIES

**Page No(s).**

*10x Genomics, Inc. v. Celsee, Inc.*,
No. 19-862-CFC-SRF, 2019 WL 5595666 (D. Del. Oct. 30, 2019)....................4

*Align Tech., Inc. v. 3Shape A/S*,
339 F. Supp. 3d 435 (D. Del. 2018)....................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................1, 2

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997)....................10

*EON Corp. IP Holdings LLC v. Flo TV Inc.*,
802 F. Supp. 2d 527 (D. Del. 2011)....................5

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*,
No. 7:19-cv-0002-DC, 2019 WL 3818049 (W.D. Tex. June 13, 2019)....................7, 8

*Groove Digital, Inc. v. Jam City, Inc.*,
No. 18-1331-RGA, 2019 WL 351254 (D. Del. Jan. 29, 2019)....................3

*Hockerson-Halberstadt, Inc. v. JSP Footwear, Inc.*,
104 F. App'x 721 (Fed. Cir. 2004)....................6

*Kyowa Hakka Bio, Co., Ltd. v. Ajinomoto Co., Inc.*,
No. 17-313, 2018 WL 834583 (D. Del. Feb. 12, 2018)....................9

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
869 F.3d 1372 (Fed. Cir. 2017)....................6

*Lytone Enterprise, Inc. v. AgroFresh Sols., Inc.*,
No. 20-678-GBW-SRF, 2021 WL 534868 (D. Del. Feb. 12, 2021)....................7

*McGinnis v. Hammer*,
No. 15-398, 2017 WL 4286420 (W.D. Penn. July 28, 2017)....................10

*MONEC Holding AG v. Motorola Mobility, Inc.*,
897 F. Supp. 2d 225 (D. Del. 2012)....................4

*Rhodes Pharm. L.P. v. Indivior, Inc.*,
No. 16-1308, 2018 WL 326405 (D. Del. Jan. 8, 2018)....................9

**TABLE OF AUTHORITIES**
**(*cont'd*)**

**Page No(s).**

*RK Sols., LLC v. Vitajoy USA Inc.*,
No. 18-cv-06608-CAS, 2018 WL 6179492 (C.D. Cal. Nov. 26, 2018) ....................................7

*Shire ViroPharma Inc. v. CSL Behring LLC*,
No. 17-414-MSG, 2018 WL 326406 (D. Del. Jan. 8, 2018) ................................................1, 2

*SIPCO, LLC v. Streetline, Inc.*,
No. 16-830-RGA, 2018 WL 762335 (D. Del. Feb. 7, 2018) ...............................................2, 3

*Softview LLC v. Apple Inc.*,
No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ..................................................7

*Varian Med. Sys. Inc. v. Elekta AB*,
No. 15-871-LPS-CJB, 2016 WL 3748772 (D. Del. July 12, 2016) ..........................................6

*Walker Digital, LLC v. Facebook, Inc.*,
852 F. Supp. 2d 559 (D. Del. 2012) ........................................................................7, 9

**OTHER AUTHORITIES**

35 U.S.C. § 287 ........................................................................................................6

Fed. R. Civ. P. 8 ........................................................................................................8

## I. Apple Fails To State A Claim Against Sound United For Direct Patent Infringement

Apple alleges that Sound United is Masimo's wholly owned subsidiary and that Masimo acquired Sound United for its distribution potential. D.I. 1 ¶¶ 7, 37. These allegations, however, are insufficient to plausibly show that Sound United made, used, offered to sell, sold, or imported the accused Masimo W1™, which is required to state a claim against Sound United for direct patent infringement. *See* D.I. 14 at 6-7; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully"). Apple's arguments in opposition fall short.

For example, Apple argues that Paragraph 8 in the Complaint, which recites the relief Apple seeks from Masimo and Sound United, is sufficient to state a claim for direct patent infringement. D.I. 27 at 5-6 (*citing* D.I. 1 ¶8). But that paragraph merely states that Apple seeks relief from both Masimo and Sound United "arising from the making, using, importing into the United States, offering for sale, and/or selling of the same infringing product, the W1." D.I. 1 ¶ 8. The paragraph does not allege that Sound United committed any of those acts.

Apple also argues that it plausibly pled that Sound United sold or offered to sell the W1™ by pleading that "Masimo and its recently acquired consumer division, Sound United, ***launched*** the W1." D.I. 27 at 6 (*quoting* D.I. 1 ¶ 22) (emphasis added). But as Sound United explained in its opening brief, "launch" is vague and conclusory. D.I. 14 at 6. "Launch" can mean many things, and Apple does not allege in its Complaint that "launch" means make, use, sell, offer to sell, or import.

Apple attempts to buttress the term "launch" by citing *Shire ViroPharma Inc. v. CSL Behring LLC*, No. 17-414-MSG, 2018 WL 326406 (D. Del. Jan. 8, 2018). D.I. 27 at 6. But the plaintiff in *Shire* alleged more than merely that the defendants had "launched" the accused product.

Rather, the plaintiff alleged that the defendants had begun selling the accused product in the United States. *Shire*, 2018 WL 326406 at *2. In contrast to *Shire*, Apple did not plausibly allege that Sound United ever sold the W1™ in the United States.

Apple also argues that "launch" is not ambiguous because Sound United used the term in the introduction section of its brief. D.I. 27 at 6 (*citing* D.I. 14 at 1). But Sound United did not use the term to mean make, use, sell, offer to sell, or import. Rather, Sound United used the term to generally refer to Masimo formally publicizing its watch. Sound United's use in its brief cannot transform the allegations in Apple's complaint into plausible allegations of direct infringement.

Apple next argues that statements Masimo allegedly made when acquiring Sound United plausibly show "collaboration" and state a claim for direct patent infringement against Sound United. D.I. 27 at 6-7. But alleging that Masimo acquired Sound United for its distribution potential is different than alleging that Sound United has distributed the W1™. *Iqbal*, 556 U.S. at 678 (factual allegations must plausibly show "more than a sheer possibility that a defendant has acted unlawfully").

Apple unsuccessfully attempts to distinguish *SIPCO, LLC v. Streetline, Inc.*, No. 16-830-RGA, 2018 WL 762335 (D. Del. Feb. 7, 2018). *See* D.I. 27 at 8. In *SIPCO*, the plaintiff alleged that the defendant included the accused product on its website along with the statement "[o]ur offerings include." *SIPCO*, 2018 WL 762335 at *1. The court nevertheless held that the plaintiff had not plausibly alleged infringement. *Id.* Apple's allegation that Sound United was acquired for its distribution potential is even less compelling than the allegations held insufficient in *SIPCO*. *See* D.I. 27 at 8 (*citing* D.I. 1 ¶¶ 37, 39, 40).

Apple also asserts that it pled more than a mere formulaic recitation of the elements of a claim for direct patent infringement against Sound United. D.I. 27 at 8. But Apple's argument

rests on allegations unrelated to Sound United's actions. For example, Apple asserts that its complaint alleged facts about Apple's products, the structure and function of the W1™, the asserted patents, and how claims from the asserted patents allegedly read on the W1™. *Id.* Apple therefore misses the point. Sound United did not contend that Apple failed to adequately plead facts regarding Apple's products, the structure and function of the W1™, or how Apple interprets the claims of the asserted patents. Instead, Sound United explained that Apple failed to allege facts plausibly showing that Sound United has made, used, offered for sale, sold, or imported the W1™ in the United States.

Finally, Apple cites *Groove Digital, Inc. v. Jam City, Inc.*, No. 18-1331-RGA, 2019 WL 351254 (D. Del. Jan. 29, 2019). D.I. 27 at 8. But that case is inapposite. In *Groove Digital*, the parties disputed whether the complaint sufficiently compared the accused products to the asserted claims—not whether the complaint plausibly alleged that the defendant made, used, sold, offered for sale, or imported the accused product. *Groove Digital*, 2019 WL 351254 at *3.

## II. Apple Fails To State A Claim Against Sound United For Indirect Patent Infringement

### A. Apple Fails To Plausibly Allege That Sound United Was Aware Of Any Of The Asserted Patents Or Infringement Of Any Of The Asserted Patents

Apple argues that it plausibly alleged that Sound United was aware of the Asserted Patents and infringement of the Asserted Patents by alleging (1) Sound United knew about Apple's competing product, (2) Sound United offered to sell and sold the W1™, and (3) the W1™ is a "copycat" of or "rips off" Apple's competing product. D.I. 27 at 9-11. As an initial matter, as explained above in Part I and in Sound United's opening brief, D.I. 14 at 6-7, Apple has not plausibly alleged that Sound United has offered to sell or has sold the W1™.

Regardless, even if Apple did allege that Sound United has sold the W1™, merely alleging that Masimo copied Apple's competing product is insufficient to plausibly show that Sound United knew of any of the Asserted Patents or intended to infringe any of those patents. Apple relies on *10x Genomics, Inc. v. Celsee, Inc.*, No. 19-862-CFC-SRF, 2019 WL 5595666 (D. Del. Oct. 30, 2019) and *Align Tech., Inc. v. 3Shape A/S*, 339 F. Supp. 3d 435 (D. Del. 2018). D.I. 27 at 10-11. In *10x Genomics*, however, the plaintiff alleged more than that the defendant sold the accused product and that the accused product was a copy of plaintiff's competing product. Instead, the plaintiff also alleged that the defendant monitored the plaintiff's patent portfolio, that the defendant recruited plaintiff's employees who copied plaintiff's confidential information before joining defendant, and that the defendant copied plaintiff's business plans. *10x Genomics*, 2019 WL 559666 at *3-*4, *8.

Similarly, in *Align Technology*, the plaintiff alleged more than that the accused product was a copy. The plaintiff also alleged that the defendant had prior business dealings with the plaintiff, that the asserted patents were cited during prosecution of defendant's patents, and that the market included only a small number of competitors. *Align Tech*., 339 F. Supp. 3d at 447-448. The court relied on those allegations together rather than any individual allegation. *Id.* at 448.

In contrast to the plaintiffs in *10x Genomics* and *Align Technology*, Apple did not allege that Sound United monitors Apple's patent portfolio, that Sound United recruited any Apple employee, that Sound United had any prior business dealings with Apple, that any of the Asserted Patents were cited during prosecution of any Sound United patents, or that the market includes only a small number of competitors. *See also MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) (allegations of media publicity and that the parties participate in the same market are insufficient to plausibly allege knowledge of the asserted patent);

*EON Corp. IP Holdings LLC v. Flo TV Inc.*, 802 F. Supp. 2d 527, 533 (D. Del. 2011) (allegation that the asserted patent was listed as prior art on the defendant's patent was insufficient to plausibly allege knowledge of the asserted patent).

Apple also relies on its allegations against ***Masimo*** to argue that it plausibly alleged ***Sound United*** was aware of the Asserted Patents and was aware of the alleged infringement. D.I. 27 at 11. Specifically, Apple points to its allegation that Masimo acquired Sound United for its distribution potential and that Masimo "carefully studied Apple's IP" for Masimo's "litigation campaign." *Id*. (*citing* D.I. 1 ¶¶ 37, 40) (original emphasis omitted). But Masimo's motivation for acquiring Sound United and Masimo's alleged awareness of Apple's IP speaks to Masimo's knowledge—not Sound United's. Apple's allegations regarding Masimo cannot salvage Apple's deficient allegations regarding Sound United.

**B. Apple Did Not Plead Facts Sufficient To Impute Masimo's Alleged Awareness Of The Asserted Patents And Infringement To Sound United**

Apple similarly fails to establish any basis to impute Masimo's alleged awareness of the Asserted Patents and infringement to Sound United for purposes of indirect patent infringement. *See* D.I. 27 at 12-15. Apple does not contend that it pled facts that would plausibly justify piercing the corporate veil between Masimo and Sound United. *See id*. Instead, Apple asserts that Masimo's alleged knowledge should be imputed to Sound United because Sound United joined Masimo "in jointly planning and launching" the W1™. D.I. 27 at 13; *see also id.* at 14. Apple's assertion fails. As an initial matter, Apple did not allege that Sound United had any role in "planning the W1." Apple cites Paragraphs 8, 36, and 37 of the Complaint, D.I. 27 at 14, but none of those paragraphs—or any other paragraph in the Complaint—includes an allegation that Sound United had any role in planning or designing or developing the W1™. *See* D.I. 1 ¶¶ 8, 36, 37. In

fact, Apple alleges that Masimo designed and developed the W1™, and that the design and development was complete well before Masimo acquired Sound United in April 2022. *See id*. ¶¶ 22, 34-37.

Moreover, allegations that Sound United and Masimo "launched the W1" are insufficient to impute Masimo's alleged knowledge to Sound United. *Varian Med. Sys. Inc. v. Elekta AB,* No. 15-871-LPS-CJB, 2016 WL 3748772 (D. Del. July 12, 2016), *report and recommendation adopted*, 2016 WL 9307500 (D. Del. Dec. 22, 2016). In *Varian*, the court refused to impute a corporate parent's alleged knowledge of the asserted patent to its subsidiary even though the two entities jointly manufactured, marketed, and sold the accused product. *Varian*, 2016 WL 3748772, at *1, *5.

Apple relies on *Hockerson-Halberstadt*, *Inc. v. JSP Footwear, Inc*., 104 F. App'x 721 (Fed. Cir. 2004), but that case is inapposite. *See* D.I. 27 at 12. *Hockerson-Halberstadt* addressed whether the plaintiff satisfied its notice obligation under 35 U.S.C. § 287, which requires a plaintiff that has not marked its products to notify the defendant of the alleged infringement. *Hockerson-Halberstadt,* 104 F. App'x at 724-725. As the court explained, assessing notice under 35 U.S.C. § 287 "focus[es] on the action of the patentee, not the knowledge or understanding of the infringer." *Id.* at 724 (citation omitted). The court found that the plaintiff satisfied its notice obligation under § 287 by notifying the defendant's corporate parent of the alleged infringement. *Id*. at 724-725. However, in contrast to notice under 35 U.S.C. § 287, indirect patent infringement focuses on the knowledge or understanding of the alleged infringer. *Lifetime Indus., Inc. v. Trim-Lok, Inc*., 869 F.3d 1372, 1379 (Fed. Cir. 2017) (to state a claim for indirect patent infringement, a complaint must contain factual allegations plausibly showing that the defendant knew of the asserted patent and specifically intended to cause another to infringe). Apple cannot skirt its

obligation to plausibly show Sound United's knowledge of the Asserted Patents by pointing to Masimo's alleged knowledge.

Apple also cites to several cases that do address indirect patent infringement. *See* D.I. 27 at 13-15. In each case, however, the plaintiff alleged more than the fact that the defendant offered to sell or sold the accused product jointly with a corporate relative who allegedly knew of the asserted patent. In *Lytone*, the plaintiff also alleged that the defendant identified the asserted patent as prior art during prosecution of its own patent application and had acquired the technology and patents surrounding the accused product from its corporate parent. *Lytone Enterprise, Inc. v. AgroFresh Sols., Inc.,* No. 20-678-GBW-SRF, 2021 WL 534868, *3-*4 (D. Del. Feb. 12, 2021). In *Softview*, the plaintiff alleged that the defendant had a connection with the inventor listed on the asserted patent, that the defendant had a connection with the plaintiff's general manager, and that the defendant's exclusive business partner was aware of the asserted patent. *Softview LLC v. Apple Inc.*, No. 10-389-LPS, 2012 WL 3061027, *5 (D. Del. July 26, 2012).

Moreover, in *Walker*, the plaintiff alleged that the defendant met with plaintiff's legal representative before the lawsuit. *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 568 (D. Del. 2012). In *RK Solutions*, the plaintiff alleged that the defendant's corporate parent had received a letter expressly alleging violations of the asserted patent. *RK Sols., LLC v. Vitajoy USA Inc.,* No. 18-cv-06608-CAS, 2018 WL 6179492, *4 (C.D. Cal. Nov. 26, 2018). And in *Frac Shack,* the plaintiff alleged that the defendant's manager participated in litigation involving a patent related to the asserted patents, and that the defendant had decommissioned an accused product around the time the Patent Office had announced that the asserted patent would issue. *Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-cv-0002-DC, 2019 WL 3818049, *4-*5

(W.D. Tex. June 13, 2019). In contrast to the plaintiffs in the above cases, Apple makes no such additional allegations against Sound United. *See* D.I. 1.

**C. Apple Fails To Allege Post-Suit Indirect Patent Infringement By Sound United**

Apple asks the Court not to dismiss its indirect patent infringement claim against Sound United even if Apple failed to plead Sound United's pre-suit knowledge and intent. D.I. 27 at 15. According to Apple, the Court should not dismiss Apple's indirect patent infringement claim because the Complaint notified Sound United of the Asserted Patents and alleged infringement. *Id*. However, Apple never made such an allegation in the Complaint. *See id*.; *see also* Fed. R. Civ. P. 8(a)(2) (the *pleading* must contain a short and plain statement of the claim). Apple's argument in its brief that Sound United gleaned knowledge and intent from the Complaint, D.I. 38 at 15, cannot salvage Apple's failure to allege Sound United's post-suit knowledge and intent in the Complaint.

Moreover, as explained in more detail below in Part IV, granting Apple leave to amend to attempt to salvage its indirect patent infringement claim against Sound United by alleging that the Complaint informed Sound United about the Asserted Patents and alleged infringement would be futile. Apple's induced infringement claim against Sound United is based on alleged direct infringement by Sound United's customers, but Apple has no plausible basis to allege that Sound United has offered to sell or sold the W1™ to anyone. Apple thus has no basis to plead that Sound United has induced its customers to infringe.

**D. Apple Fails To Plausibly Allege The Additional Requirements To State Claims Of Induced And Contributory Infringement By Sound United**

Apple asserts that Paragraphs 54, 70, 87, 105, 122, and 143 in the Complaint allege facts that plausibly show Sound United's specific intent to encourage customers to infringe, which is

required to state a claim for induced infringement by Sound United. D.I. 27 at 17-18. However, as Sound United explained in its opening brief, those paragraphs include only conclusory, bare recitals of the elements of induced infringement—such bare recitals do not state a claim for relief. *See* D.I. 14 at 8. Apple's reliance on *Kyowa*, *Rhodes*, and *Walker Digital* is therefore misplaced. D.I. 27 at 18. In each of those cases, the plaintiff alleged more than simply that the defendant provided instructions for using the accused product in a manner that infringes at least one claim of the asserted patent. *See Kyowa Hakka Bio, Co., Ltd. v. Ajinomoto Co., Inc.*, No. 17-313, 2018 WL 834583, *11 (D. Del. Feb. 12, 2018); *Rhodes Pharm. L.P. v. Indivior, Inc.*, No. 16-1308, 2018 WL 326405, *8 (D. Del. Jan. 8, 2018); *Walker Digital*, 852 F. Supp. 2d at 564-566.

Apple also asserts that it plausibly alleged the requirements to state a claim for contributory infringement by Sound United, including Sound United's knowledge of the Asserted Patents and Sound United's sale, offer for sale, or importation of the W1™. D.I. 27 at 19. But, again, Apple's bare recitation of the elements for contributory patent infringement are insufficient to state a claim. *See* D.I. 14 at 8-9.

## III. Apple Fails To State A Claim Against Sound United For Enhanced Damages Based On Willful Patent Infringement

Apple asserts that it stated a claim against Sound United for enhanced damages based on willful patent infringement. D.I. 27 at 1, 11, 13, 20. Sound United disagrees that Apple pled a willful patent infringement claim against Sound United. Nevertheless, Sound United addressed willful infringement in its opening brief. D.I. 14 at 8 n.1. Apple's assertion that Sound United "did not move to dismiss Apple's claims of enhanced damages," D.I. 27 at 1 n.1, is thus incorrect. As Sound United explained in its opening brief, Apple has failed to state any willful infringement claim against Sound United because Apple includes no factual allegations plausibly showing that

Sound United knew of, or was willfully blind to, the Asserted Patents. *See* D.I. 14 at 8 n.1; *see also supra* Part II.A.

## IV. Granting Apple Leave To Amend Would Be Futile

Apple asks the Court for leave to amend the Complaint. D.I. 27 at 19. However, leave to amend may be denied if it would be futile. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Giving Apple leave to amend would be futile because Apple has no basis to plausibly allege that Sound United has made, used, offered for sale, sold, or imported the W1™, which is necessary for each claim Apple asserts against Sound United. *See* D.I. 27 at 5 (direct infringement claim based on Sound United's making, using, offering for sale, selling, and importing the W1™), 16-17 (induced infringement claim based on direct infringement by Sound United's "customers"), 19 (contributory infringement claim based on Sound United's offering to sell and selling the W1™), 10 n.7 (enhanced damages claim based on Sound United's offering for sale, selling, and importing the W1™).

In particular, Apple's other allegations in the Complaint conflict with the inference that Sound United has made, used, offered for sale, sold, or imported the W1™, and instead indicate that only Masimo has done so. *See supra* Part I; *see also* D.I. 14 at 6-7. Moreover, Defendants told Apple in an interrogatory response that Sound United has not offered for sale or sold the W1™, and that only Masimo has done so. Ex. 1, Declaration of Brian Horne; *see also McGinnis v. Hammer*, No. 15-398, 2017 WL 4286420, at *13 n.7 (W.D. Penn. July 28, 2017) (considering declaration evidence for purposes of determining whether to grant leave to amend without converting motion to dismiss into motion for summary judgment). Sound United thus respectfully submits that Apple's Complaint against Sound United should be dismissed without leave to amend.

Respectfully submitted,

January 24, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: */s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants Masimo Corporation and Sound United, LLC*

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Perry D. Oldham
Jared C. Bunker
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com