# IN THE U.S. DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., *Plaintiff*, v. MASIMO CORPORATION and SOUND UNITED, LLC, *Defendants*. | C.A. No. 1:22-cv-01378-MN |

**DECLARATION OF BRIAN HORNE IN SUPPORT OF DEFENDANTS' OPPOSITION TO APPLE INC.'S MOTION TO SEVER AND STAY MASIMO'S ANTITRUST, FALSE ADVERTISING, AND PATENT INFRINGEMENT COUNTERCLAIMS**

I, Brian Horne, declare as follows:

1. I am a partner with the law firm of Knobbe, Martens, Olson & Bear, LLP, counsel of record for Defendants Masimo Corporation and Sound United, LLC in the above-captioned matter. I have personal knowledge of the matters set forth herein and if I am called upon to testify, I could and would testify competently thereto.

2. The International Trade Commission instituted an investigation in response to a complaint Masimo filed against Apple before the Commission. Masimo's complaint in that case asserted five patents: U.S. Patent No. 10,912,501, U.S. Patent No. 10,912,502, U.S. Patent 10,945,648, U.S. Patent No. 10,687,745, and U.S. Patent No. 7,761,127. The Investigation is titled *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276.

3. The Administrative Law Judge in the ITC Investigation entered a Final Initial Determination on January 10, 2023. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts of the public version of the Administrative Law Judge's Final Initial Determination.

4. Apple filed twelve petitions before the Patent Trial and Appeals Board to institute invalidity proceedings against the five patents Masimo asserted in the ITC Investigation. The Board denied nine of Apple's petitions, wholly declining to review three of the patents Masimo asserted in the ITC Investigation. Apple has not petitioned for review of any of the other five patents Masimo asserts in this case.

5. On February 3, 2023, I participated in a conference of counsel regarding Apple's pending motion to sever and stay Masimo's counterclaims. During the meeting, I informed Apple that severing Masimo's antitrust counterclaims would violate Masimo's Constitutional right to a trial by jury under the Supreme Court's *Beacon Theatres* precedent.

6. Attached hereto as **Exhibit 2** is a true and correct copy of an email from Peter Magic, counsel for Apple in this case, dated February 20, 202, requesting a meeting of counsel regarding yet another Apple motion to stay discovery relating to Masimo's antitrust and false advertising counterclaims.

7. Attached hereto as **Exhibit 3** is a true and correct copy of the Court's order denying the plaintiff's motion to stay and bifurcate the defendant's antitrust counterclaims in *Guardant Health, Inc. v. Personal Genome Diagnostics, Inc.*, No. 16-1723, D.I. 332 (D. Del. July 23, 2019).

8. Attached hereto as **Exhibit 4** is a true and correct copy of the Court's memorandum opinion denying Masimo's motion for judgment on the pleadings regarding Philips' patent misuse defense in *Masimo Corp. v. Philips Elecs. N. Am.*, No. 09-80, D.I. 995 (D. Del. May 18, 2015).

9. Attached hereto as **Exhibit 5** is a true and correct copy of the Court's order adopting the parties' stipulation regarding discovery and trial in *Masimo Corp. v. Philips Elecs. N. Am.*, No. 09-80, D.I. 1027 (D. Del. Sept. 18, 2015).

10. Masimo and Philips entered into a confidential settlement agreement before the trial on Philips' patent misuse defense and antitrust counterclaims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 24, 2023 in Los Angeles, California.

/s/ *Brian C. Horne*
Brian C. Horne