# EXHIBIT 3

**From:** ded_nefreply@ded.uscourts.gov <ded_nefreply@ded.uscourts.gov>
**Sent:** Tuesday, July 23, 2019 12:42 PM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:17-cv-01623-LPS-CJB Guardant Health, Inc. v. Personal Genome Diagnostics, Inc. Oral Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

District of Delaware

### Notice of Electronic Filing

The following transaction was entered on 7/23/2019 at 3:41 PM EDT and filed on 7/23/2019
**Case Name:**     Guardant Health, Inc. v. Personal Genome Diagnostics, Inc.
**Case Number:**   1:17-cv-01623-LPS-CJB
**Filer:**
**Document Number:** 332(No document attached)

**Docket Text:**
**ORAL ORDER:The Court, having considered Plaintiff's "Motion to Stay and Bifurcate Defendant's Antitrust Counterclaims" (the "Motion"), (D.I. [327]), and the parties' letter briefs relating thereto, (D.I. 304, 314), and having heard argument on July 23, 2019, HEREBY DENIES Plaintiff's Motion for the following reasons: (1) The party moving for bifurcation bears the burden of establishing that it is appropriate. Sepracor Inc. v. Dey L.P., Civil Action No. 06-113-JJF, 2010 WL 2802611, at \*3 (D. Del. July 15, 2010). The standard for bifurcation is set forth in Federal Rule of Civil Procedure 42(b), and pursuant to that rule, courts, when exercising their broad discretion as to whether to bifurcate issues for trial, should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case. Id. Furthermore, when deciding whether an issue should be bifurcated, courts must ensure that a litigant's constitutional right to a jury is preserved. Shum v. Intel Corp., 499 F.3d 1272, 1276 (Fed. Cir. 2007).; (2) Five months ago, Plaintiff agreed to extend Defendant's deadline to amend its defenses and counterclaims relating to the Complaint to May 3, 2019. (D.I. 140) On April 19, 2019, Defendant timely moved to file its Amended Answer to Second Amended Complaint, Affirmative Defenses and Counterclaims ("Amended Answer"), which sets forth, inter alia, Walker Process antitrust counterclaims. (D.I. 203 at 1) In that motion, Defendant explained that grant of its motion would not cause undue prejudice to Plaintiff because, inter alia: (a) the antitrust counterclaims**

would require little additional discovery; (b) the parties had already engaged in considerable discovery regarding the relevant market in connection with Plaintiff's damages claims; and (c) to the extent Plaintiff required additional discovery, Defendant would agree to a reasonable extension. (D.I. 203 at 2-3) In Plaintiff's April 26, 2019 response, Plaintiff did not oppose Defendant's request to amend its pleading; moreover, although Plaintiff referenced the subject of discovery in that letter, it made no assertion therein that any discovery-related concerns would cause it undue prejudice were amendment granted. (D.I. 210 at 1) Four days later, on April 30, 2019, Defendant filed its Amended Answer. (D.I. 217) Yet now, with the instant Motion, Plaintiff claims that because only 15 days were left in the discovery period when Defendant filed its Amended Answer, that was too late. (D.I. 304 at 3 (Plaintiff asserting that considerations of prejudice to it justify bifurcation and stay of Defendant's antitrust counterclaims because Defendant "raised its antitrust counterclaims with just 15 days left in the fact discovery period, leaving no time for the parties to conduct any meaningful discovery related [to] these claims")) Plaintiff's late-arriving concerns regarding the scope of discovery on Defendant's antitrust counterclaims suggests that allowing the antitrust counterclaims to proceed forward would not truly be highly prejudicial to Plaintiff.; (3) In its discovery dispute letter, one of Plaintiff's most significant arguments (indeed, its primary argument, which it repeated throughout) was that bifurcation is warranted here because Defendant's antitrust counterclaims will be moot if Defendant cannot first prove that Plaintiff committed inequitable conduct. (D.I. 304 at 1, 3, 5) Under precedent of the Supreme Court of the United States, however, when factual issues common to both legal and equitable claims are involved in a single case, the legal claims must be determined by the jury prior to any final court determination of the equitable claims. See Shum, 499 F.3d at 1277. Defendant's inequitable conduct defense is an equitable claim, while its antitrust counterclaims are legal in nature; yet these claims share common factual elements. See Schering Corp. v. Mylan Pharms. Inc., Civil Action No. 09-6383 (JLL), 2010 WL 11474547, at *1 (D.N.J. June 10, 2010). Both claims, for example, rely on allegations of misrepresentation to the United States Patent Office during patent prosecution. (D.I. 314 at 3); Schering, 2010 WL 11474547, at *1. Thus, it appears that bifurcation of Defendant's antitrust counterclaims would violate Defendant's right to a trial by jury on such claims, because it would require the Court to resolve Defendant's inequitable conduct defense prior to Defendant's antitrust counterclaims. (D.I. 314 at 1-3); Schering, 2010 WL 11474547, at *1; Celgene Corp. v. Barr Labs., Inc., Civil Action No. 07-286 (SDW), 2008 WL 2447354, at *2-3 (D.N.J. June 13, 2008).; and (4) It does not appear to be in dispute that there would be substantial overlap between Defendant's antitrust counterclaims and its defenses of inequitable conduct and improper inventorship. (D.I. 304 at 5; D.I. 314 at 4) There also appears to be some overlap between the monopoly power issues relevant to Defendant's antitrust counterclaims and the facts Plaintiff would need to prove regarding damages about the relevant market. In light of this, the Court is not convinced that bifurcation at this stage would promote the efficient use of judicial resources. See, e.g., Malibu Boats, LLC v. MasterCraft Boat Co., No. 3:16-CV-82-TAV-HBG, 2016 WL 8317032, at *2 (E.D. Tenn. Oct. 28, 2016) (denying motion to bifurcate and stay discovery on antitrust counterclaim where, inter alia, "because both the impending antitrust counterclaim and the patent unenforceability counterclaim will turn in large part upon the same alleged 'inequitable conduct' of Malibu employees before the USPTO, there is likely to be significant evidentiary overlap between the patent and antitrust issues" and therefore "bifurcation at this juncture would not promote judicial economy, reduce jury confusion, or conserve resources"); Procter & Gamble Co. v. CAO Grp., No. 1:13-cv-337, 2013 WL 6061103, at *3 (S.D. Ohio Nov. 18, 2013) ("While bifurcating and staying the antitrust issues would certainly reduce the requisite discovery, there is a substantial overlap between the patent [issues, i.e., an inequitable conduct affirmative defense] and antitrust claims, and overlap weighs strongly in favor of consolidated discovery and trial."); Masimo Corp. v. Mindray DS USA Inc., Case No.: SACV 12-02206-CJC(JPRx), 2013 WL 12129654, at *7

**(C.D. Cal. July 17, 2013) (finding that bifurcation and a stay of discovery regarding defendant's antitrust claims was not warranted where "[t]here are significant overlapping issues between the patent and antitrust claims" and thus "[t]he determination of each will likely involve similar issues and evidence"). Ordered by Judge Christopher J. Burke on 7/23/2019. (mlc)**

**1:17-cv-01623-LPS-CJB Notice has been electronically mailed to:**

John C. Phillips, Jr    jcp@pgmhlaw.com, tlb@pgslaw.com

Joseph J. Farnan, Jr    farnan@farnanlaw.com, tfarnan@farnanlaw.com

Brian E. Farnan    bfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Susan E. Morrison    morrison@fr.com, MIL@fr.com, edockets@fr.com, kxk@fr.com, pclark@fr.com, suvie@fr.com

Edward R. Reines    edward.reines@weil.com, edna-ang-3317@ecf.pacerpro.com

William R. Zimmerman    2wrz@knobbe.com, , litigation@knobbe.com

Stephen W. Larson    stephen.larson@knobbe.com, litigation@knobbe.com

David A. Bilson    dab@pgmhlaw.com, ekw@pgmhlaw.com

Joseph R. Re    joseph.re@knobbe.com, litigation@knobbe.com

Jeremiah S. Helm    jeremiah.helm@knobbe.com, litigation@knobbe.com

Michael J. Farnan    mfarnan@farnanlaw.com, tfarnan@farnanlaw.com

Karen Vogel Weil    karen.weil@knobbe.com, litigation@knobbe.com

Derek C. Walter    derek.walter@weil.com, derek-walter-4571@ecf.pacerpro.com

Justin L. Constant    justin.constant@weil.com, ecf-a9621de1dbdc@ecf.pacerpro.com

Christopher M. Pistritto    christopher.pistritto@weil.com, linda.nakanishi@weil.com

Ioanna S. Bouris    yanna.bouris@knobbe.com, litigation@knobbe.com

Baraa Kahf    baraa.kahf@knobbe.com, litigation@knobbe.com

**1:17-cv-01623-LPS-CJB Filer will deliver document by other means to:**