# EXHIBIT 1

US010061399B2

(12) **United States Patent**
Bushnell et al.

(10) Patent No.: **US 10,061,399 B2**
(45) Date of Patent: **Aug. 28, 2018**

(54) **CAPACITIVE GAP SENSOR RING FOR AN INPUT DEVICE**

(71) Applicant: **Apple Inc.**, Cupertino, CA (US)

(72) Inventors: **Tyler S. Bushnell**, Cupertino, CA (US);
**Collin R. Petty**, Cupertino, CA (US);
**Adam T. Clavelle**, Cupertino, CA (US)

(73) Assignee: **APPLE INC.**, Cupertino, CA (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 86 days.

(21) Appl. No.: **15/210,917**

(22) Filed: **Jul. 15, 2016**

(65) **Prior Publication Data**

US 2018/0018026 A1    Jan. 18, 2018

(51) **Int. Cl.**
G06F 3/0338    (2013.01)
G06F 3/0362    (2013.01)
G06F 1/16    (2006.01)

(52) **U.S. Cl.**
CPC ............ *G06F 3/0338* (2013.01); *G06F 1/163* (2013.01); *G06F 3/0362* (2013.01)

(58) **Field of Classification Search**
CPC ...... G06F 3/0338; G06F 3/0362; G06F 1/163; H03K 17/975; G05G 9/047; G05G 2009/0474
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| 2,237,860 A | 4/1941 | Bolle |
| 2,288,215 A | 6/1942 | Taubert et al. |

| 2,497,935 A | 2/1950 | Feurer |
| 2,771,734 A | 11/1956 | Morf |
| 2,788,236 A | 4/1957 | Kafowi |
| 2,797,592 A | 7/1957 | Marrapese |
| 3,040,514 A | 6/1962 | Dinstman |
| 3,056,030 A | 9/1962 | Kelchner |

(Continued)

FOREIGN PATENT DOCUMENTS

| CH | 1888928 | 1/1937 |
| CN | 1302740 | 9/2001 |

(Continued)

OTHER PUBLICATIONS

Author Unknown, "DeskThorityNet, Optical Switch Keyboards," http://deskthority.net/keyboards-f2/optical-switch-keyboards-t1474.html, 22 pages, Jul. 11, 2015.

(Continued)

*Primary Examiner* — Larry Lee
(74) *Attorney, Agent, or Firm* — Brownstein Hyatt Farber Schreck, LLP

(57) **ABSTRACT**

An input mechanism for a portable electronic device includes a rotational manipulation mechanism, such as a cap or shaft. The input mechanism also includes a sensor having first capacitive elements coupled to the manipulation mechanism, second capacitive elements, and a dielectric positioned between the first and second capacitive elements. Movement of the manipulation mechanism alters the positions of the first and second capacitive elements with respect to each other and is determinable based on capacitance changes resulting therefrom. In some implementations, the second capacitive elements may be part of an inner ring or partial ring nested at least partially within an outer ring or partial ring.

**20 Claims, 16 Drawing Sheets**



# EXHIBIT 2

US010285645B2

## (12) United States Patent
Bushnell et al.

(10) Patent No.: **US 10,285,645 B2**
(45) Date of Patent: **May 14, 2019**

(54) **SENSING CONTACT FORCE RELATED TO USER WEARING AN ELECTRONIC DEVICE**

(71) Applicant: **Apple Inc.**, Cupertino, CA (US)

(72) Inventors: **Tyler S. Bushnell**, Cupertino, CA (US);
**Steven J. Martisauskas**, Cupertino, CA (US); **Erik G. de Jong**, Cupertino, CA (US); **Andrzej T. Baranski**, Cupertino, CA (US); **Serhan O. Isikman**, Cupertino, CA (US); **Steven J. Banaska**, Cupertino, CA (US); **Todd K. Whitehurst**, Cupertino, CA (US); **Ming L. Sartee**, Morro Bay, CA (US)

(73) Assignee: **Apple Inc.**, Cupertino, CA (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 764 days.

(21) Appl. No.: **14/867,311**

(22) Filed: **Sep. 28, 2015**

(65) **Prior Publication Data**

US 2017/0086743 A1 Mar. 30, 2017

(51) **Int. Cl.**
| *A61B 5/00* | (2006.01) |
| *G01L 1/14* | (2006.01) |
| *A43C 7/00* | (2006.01) |
| *A61B 5/021* | (2006.01) |

(52) **U.S. Cl.**
CPC ............ *A61B 5/6843* (2013.01); *A61B 5/681* (2013.01); *G01L 1/142* (2013.01); *A61B 5/021* (2013.01); *A61B 5/412* (2013.01); *A61B 5/4872* (2013.01); *A61B 2562/0261* (2013.01)

(58) **Field of Classification Search**
CPC ......... A43C 11/00; A43B 13/125; A43C 7/00; A43C 11/20; A43C 1/06; A61B 2090/061; A61B 2090/064; A61B 2562/0261; A61B 5/486; A61B 5/681; A61B 5/6831

USPC ............... 600/300, 322, 587, 595; 340/407.1
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| 8,033,916 B2 | 10/2011 | Caldwell et al. |
| 8,541,745 B2 | 9/2013 | Dickinson et al. |
| 8,684,900 B2 | 4/2014 | Tran |
| 8,764,651 B2 | 7/2014 | Tran |
(Continued)

FOREIGN PATENT DOCUMENTS

CN          103393411          11/2013

OTHER PUBLICATIONS

U.S. Appl. No. 14/867,230, filed Sep. 28, 2015, Harrison-Noonan et al.

(Continued)

*Primary Examiner* — May A Abouelela
(74) *Attorney, Agent, or Firm* — Brownstein Hyatt Farber Schreck, LLP

(57) **ABSTRACT**

A wearable electronic device includes a body, a housing component, a band operable to attach the body to a body part of a user, and a force sensor coupled to the housing component. The force sensor is operable to produce a force signal based on a force exerted between the body part of the user and the housing component. A processing unit of the wearable electronic device receives the force signal from the force sensor and determines the force exerted on the housing component based thereon. The processing unit may use that force to determine a tightness of the band, determine health information for the user, adjust determined force exerted on a cover glass, and/or to perform various other actions.

**20 Claims, 7 Drawing Sheets**



# EXHIBIT 3

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent of:   Morton *et al.*
U.S. Patent No.:   7,296,121          IPR Control No.: IPR2015-00172
Issue Date:   Nov. 13, 2007          Atty Docket No.: 39521-0007IP3
Appl. Serial No.:   10/966,161
Filing Date:   Oct. 15, 2004
Title:   REDUCING PROBE TRAFFIC IN MULTIPROCESSOR
          SYSTEMS

**Mail Stop Patent Board**
Patent Trial and Appeal Board
U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## PETITION FOR *INTER PARTES* REVIEW OF UNITED STATES PATENT NO. 7,296,121 PURSUANT TO 35 U.S.C. §§ 311–319, 37 C.F.R. § 42

Attorney Docket No 39521-0007IP3
Case No. IPR2015-00172

# TABLE OF CONTENTS

I.   MANDATORY NOTICES UNDER 37 C.F.R § 42.8(a)(1) .......................... 1
     A.   Real Party-In-Interest Under 37 C.F.R. § 42.8(b)(1) .............................. 1
     B.   Related Matters Under 37 C.F.R. § 42.8(b)(2) ........................................ 1
     C.   Lead And Back-Up Counsel and Service Information ............................ 2

II.  PAYMENT OF FEES – 37 C.F.R. § 42.103 .................................................. 2

III. REQUIREMENTS FOR IPR UNDER 37 C.F.R. § 42.104 ......................... 2
     A.   Grounds for Standing Under § 42.104(a) ................................................ 2
     B.   Challenge Under § 42.104(b) and Relief Requested .............................. 3
     C.   Claim Construction under 37 C.F.R. §§ 42.104(b)(3) ........................... 4

IV.  SUMMARY OF THE '121 PATENT ........................................................ 14
     A.   Brief Technology Overview .................................................................. 14
     B.   Brief Description of the '121 Patent ..................................................... 17
     C.   Summary of the Prosecution History of the '121 Patent ...................... 17

V.   MANNER OF APPLYING CITED PRIOR ART TO EVERY CLAIM FOR
     WHICH IPR IS REQUESTED, THUS ESTABLISHING A REASONABLE
     LIKELIHOOD THAT AT LEAST ONE CLAIM OF THE '121 PATENT IS
     UNPATENTABLE ..................................................................................... 18
     A.   Stanford DASH Anticipates Claims 1-3, 8, 11, 12, 16, 19, 20 and 22 .. 18
          1.   Stanford DASH Anticipates Claim 1 ............................................ 20
          2.   Stanford DASH Anticipates Claim 2 ............................................ 28
          3.   Stanford DASH Anticipates Claim 3 ............................................ 29
          4.   Stanford DASH Anticipates Claim 8 ............................................ 30
          5.   Stanford DASH Anticipates Claim 11 .......................................... 30
          6.   Stanford DASH Anticipates Claim 12 .......................................... 32
          7.   Stanford DASH Anticipates Claim 16 .......................................... 33
          8.   Stanford DASH Anticipates Claim 19 .......................................... 34
          9.   Stanford DASH Anticipates Claim 20 .......................................... 35
          10.  Stanford DASH Anticipates Claim 22 .......................................... 36
     B.   Stanford DASH in View of Keller Renders Claims 4-6 Obvious ......... 36
          11.  Stanford DASH in view of Keller Renders Claim 4 Obvious ...... 39
          12.  Stanford DASH in view of Keller Renders Claim 5 Obvious ...... 45
          13.  Stanford DASH in view of Keller Renders Claim 6 Obvious ...... 46
     C.   Stanford DASH in view of HyperTransport Renders Claim 7 Obvious 49
     D.   Stanford DASH in view of Duato Renders Claims 9 Obvious ............. 52
     E.   Stanford DASH in view of Smith Renders Claims 17-24 Obvious ....... 55

VI.  REDUNDANCY ....................................................................................... 59

Attorney Docket No 39521-0007IP3
Case No. IPR2015-00172

VII.   CONCLUSION ............................................................................................. 60

Attorney Docket No 39521-0007IP3
Case No. IPR2015-00172

# EXHIBITS

APPL-1001     U.S. Patent Number 7,296,121 to Morton et al. ("the '121 Patent")

APPL-1002     Excerpts from the Prosecution History of the '121 Patent ("the Prosecution History")

APPL-1003     U.S. Patent Application Publication Number 2002/0053004 to Pong ("Pong")

APPL-1004     David Chaiken *et al.*, "Directory-Based Cache Coherence in Large-Scale Multiprocessors," *Computer* vol. 24, issue 9 (Jun 1990) ("Chaiken")

APPL-1005     Daniel Lenoski *et al.*, "The Directory-Based Cache Coherence Protocol for the DASH Multiprocessor," *ISCA '90 Proceedings of the 17th annual international symposium on Computer Architecture*, pp. 148-159 (May 1990) ("Stanford DASH")

APPL-1006     U.S. Patent Number 6,490,661 to Keller *et al* ("Keller")

APPL-1007     Excerpts from Jose Duato *et al.*, INTERCONNECTION NETWORKS – AN ENGINEERING APPROACH (1997) ("Duato")

APPL-1008     Michael John Sebastian Smith, APPLICATION-SPECIFIC INTEGRATED CIRCUITS (1997) ("Smith")

APPL-1009     U.S. Patent No. 7,698,509 to Koster *et al.* ("Koster")

APPL-1010     U.S. Patent No. 7,315,919 to O'Krafka *et al.* ("O'Krafka")

APPL-1011     U.S. Patent No. 6,338,122 to Baumgartner *et al.* ("Baumgartner")

APPL-1012     Anant Agarwal *et al.*, "An Evaluation of Directory Schemes for Cache Coherence," *Conference Proceedings of 15th Annual In-*

Attorney Docket No 39521-0007IP3
Case No. IPR2015-00172

*ternational Symposium on Computer Architecture* (1988)

| | |
|---|---|
| APPL-1013 | Louis G. Johnson, "Multiprocessors," ECEN 6253 Lecture Notes (April 28, 2003) |
| APPL-1014 | Declaration of Dr. Robert Horst |
| APPL-1015 | Excerpts from Merriam-Webster's Collegiate Dictionary - 10th Ed. (2001) |
| APPL-1016 | Redacted Letter of March 28, 2014 from Memory Integrity's Counsel to Samsung's Counsel in *Memory Integrity LLC v. Samsung Electronics Co., Ltd. et al.*, Case No. 1:13-cv-01808-GMS, including "Response to Samsung's Allegation of a Rule 11 Violation" |
| APPL-1017 | Luca Benini and Giovanni De Micheli, "Networks on chips: a new SoC paradigm," *Computer* vol. 35, issue 1 (Jan. 2002) ("Benini") |
| APPL-1018 | "HyperTransport™ Technology I/O Link - A High-Bandwidth I/O Architecture" (Jul. 20, 2001) ("HyperTransport") |
| APPL-1019 | U.S. Publication No. 2005/0228952 to Mayhew *et al.* ("Mayhew") |
| APPL-1020 | U.S. Patent No. 6,662,277 to Gaither ("Gaither") |
| APPL-1021 | RESERVED |
| APPL-1022 | RESERVED |
| APPL-1023 | RESERVED |

Attorney Docket No 39521-0007IP3
Case No. IPR2015-00172

Apple Inc.; HTC Corporation and HTC America, Inc. (collectively "HTC");

Samsung Electronics Co. Ltd, Samsung Electronics America, Inc., and Samsung

Telecommunications America, LLC (collectively "Samsung"); and Amazon.com,

Inc. (collectively "Petitioners") petition for *Inter Partes* Review ("IPR") under 35

U.S.C. §§ 311–319 and 37 C.F.R. § 42 of claims 1-9, 11, 12, and 16-24 ("the Chal-

lenged Claims") of U.S. Patent No. 7,296,121 ("the '121 Patent"). As explained

below, there exists a reasonable likelihood that Petitioners will prevail in demon-

strating unpatentability of at least one Challenged Claim based on teachings set

forth in the references presented in this petition.

## I.     MANDATORY NOTICES UNDER 37 C.F.R § 42.8(a)(1)

### A.     Real Party-In-Interest Under 37 C.F.R. § 42.8(b)(1)

The Petitioners (identified by name above) are the real parties-in-interest.

### B.     Related Matters Under 37 C.F.R. § 42.8(b)(2)

Petitioners are not aware of any disclaimers, reexamination certificates or

petitions for *inter partes* review for the '121 Patent. The '121 Patent is the subject

of Civil Action Numbers 1:13-cv- 1795 (Del.), 1:13-cv- 1796 (Del.) ("the 2013

Apple litigation"), 1:13-cv- 1797 (Del.), 1:13-cv- 1798 (Del.), 1:13-cv- 1799

(Del.), 1:13-cv- 1800 (Del.), 1:13-cv- 1801 (Del.), 1:13-cv- 1802 (Del.), 1:13-cv-

1803 (Del.), 1:13-cv- 1804 (Del.), 1:13-cv- 1805 (Del.), 1:13-cv- 1806 (Del.),

1:13-cv- 1807 (Del.), 1:13-cv- 1808 (Del.), 1:13-cv- 1809 (Del.), 1:13-cv- 1810

(Del.), 1:13-cv- 1811 (Del.), all filed November 1, 2013; and Civil Action Num-

bers 1:13-cv- 1981 (Del.), 1:13-cv- 1982 (Del.), 1:13-cv- 1983 (Del.), 1:13-cv-
1984 (Del.), all filed November 26, 2013.

Concurrently with this petition, Petitioners are filing three other petitions for
IPR (identified with attorney docket numbers IPR2015-00159, IPR2015-00161,
and IPR2015-00162) of the '121 Patent.  The relationship between the limited
grounds presented in these three petitions is discussed in Section VI.

### C.    Lead And Back-Up Counsel and Service Information

Petitioners designate W. Karl Renner, Reg. No. 41,265, as Lead Counsel and
Roberto Devoto, Reg. No. 55,108, as Backup Counsel, both available at 3200 RBC
Plaza, 60 South Sixth Street, Minneapolis, MN 55402 (T:  202-783-5070; F:  202-
783-2331), or electronically by email at IPR39521-0007IP3@fr.com.

## II.    PAYMENT OF FEES – 37 C.F.R. § 42.103

Petitioners authorize the Patent and Trademark Office to charge Deposit Ac-
count No. 06-1050 for the fee set in 37 C.F.R. § 42.15(a) for this Petition and fur-
ther authorizes for any additional fees to be charged to this Deposit Account.

## III.    REQUIREMENTS FOR IPR UNDER 37 C.F.R. § 42.104

### A.    Grounds for Standing Under § 42.104(a)

Petitioners each certify that the '121 Patent is available for IPR.  The present
petition is being filed within one year of service of each of the complaints against
Petitioners, which was no earlier than November 1, 2013.  None of the Petitioners
is barred or estopped from requesting this review on the below-identified grounds.

Attorney Docket No 39521-0007IP3
Case No. IPR2015-00172

Accordingly, Petitioners respectfully request that the Board institute rejections on all grounds presented in these four petitions to avoid prejudicing the Petitioners.  However, to the extent the Board institutes fewer than the limited number of presented grounds, Petitioners request that the Board institute at least the Pong-, Chiaken-, and Stanford DASH-based grounds of rejection.  Though Petitioner is not aware of any evidence upon which Patent Owner would be capable of antedating the prior art date of Koster, any IPR(s) resulting from these petitions should include more than the Koster-based grounds of rejection to ensure review of the '121 Patent on the other substantive grounds set forth in these petitions in the case where Patent Owner can convincingly produce such evidence.

## VII.  CONCLUSION

The prior art references identified in this Petition provide new, non-cumulative technological teachings which indicate a reasonable likelihood of success as to Petitioner's assertion that the Challenged Claims of the '121 Patent are not patentable pursuant to the grounds presented.  Accordingly, Petitioner respectfully requests institution of IPR for the Challenged Claims of the '121 Patent for each of the grounds presented herein.

Attorney Docket No 39521-0007IP3
Case No. IPR2015-00172

Respectfully submitted,

Dated:   10|28|2014

W. Karl Renner, Reg. No. 41,265
Roberto Devoto, Reg. No. 55,108

Fish & Richardson P.C.
P.O. Box 1022
Minneapolis, MN 55440-1022
T:  202-783-5070
F:  202-783-2331
*Attorneys for Petitioner*

(Trial No. IPR2015-00172)

Attorney Docket No 39521-0007IP3
Case No. IPR2015-00172

## CERTIFICATE OF SERVICE

Pursuant to 37 CFR §§ 42.6(e)(4)(i)  *et seq.* and 42.6(e)(4)(iii), the under-

signed certifies that on October 28, 2014, a complete and entire copy of this Peti-

tion for *Inter Partes* Review and all supporting exhibits were provided by Federal

Express, cost prepaid, to the Patent Owner by serving the correspondence address

of record as follows:

Weaver Austin Villeneuve & Sampson LLP
P.O. BOX 70250
Oakland, CA 94612-0250

Edward G. Faeth
Fish & Richardson P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
(202) 626-6420

# EXHIBIT 4

UNITED STATES PATENT AND TRADEMARK OFFICE

————————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

————————————

QUALCOMM INC. AND QUALCOMM TECHNOLOGIES, INC.,

Petitioners

v.

APPLE INC.,
Patent Owner

————————————

Case No. IPR2019-00270
Patent No. 8,098,534

————————————

**PATENT OWNER'S PRELIMINARY RESPONSE**

Attorney Docket No: 39521-0063IP1
Proceeding No. IPR2019-00270

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................1

II.     STATEMENT OF RELIEF REQUESTED ...................................................3

III.    BACKGROUND OF THE '534 PATENT ...................................................4

IV.     CLAIM CONSTRUCTION ........................................................................8

        A.    "integrated circuit" ...........................................................9

        B.    "first supply voltage" / "second supply voltage" .............................15

V.      PETITIONER'S PROPOSED GROUNDS ARE LEGALLY
        UNSUSTAINABLE ...................................................................................20

        A.    The Petition's Mappings to Clark are Vague and Inconsistent ........21

VI.     THE PETITION FAILS TO DEMONSTRATE THAT KAWATA
        ANTICIPATES THE FEATURES OF CLAIMS 1-4 ...............................36

        A.    Petitioner fails to demonstrate that Kawata discloses "at least one
              logic circuit supplied by a first supply voltage during use" and "at
              least one memory circuit … supplied by a second supply voltage
              during use" ......................................................................37

        B.    Kawata does not disclose a "at least one logic circuit supplied by a
              first supply voltage" and "at least one memory circuit … supplied by
              a second supply voltage," "wherein a magnitude of the first supply
              voltage is less than a magnitude of the second supply voltage" ......44

VII.    CONCLUSION ..........................................................................48

Attorney Docket No: 39521-0063IP1
Proceeding No. IPR2019-00270

## LIST OF EXHIBITS

Ex. 2001          McGraw-Hill Dictionary of Scientific and Technical Terms (6th ed. 2003) (select portions).

Attorney Docket No: 39521-0063IP1
Proceeding No. IPR2019-00270

## I.    INTRODUCTION

Pursuant to 37 C.F.R. § 42.107(a), Apple Inc. ("Patent Owner"), hereby

submits the following Preliminary Response to the Petition for *Inter Partes* Review

("IPR") of U.S. Patent No. 8,098,534 ("the '534 Patent").

The '534 Patent, entitled "Integrated Circuit with Separate Supply Voltage

for Memory that is Different from Logic Circuit Supply Voltage," contains 23

claims, of which claims 1, 15, 20 and 23 are independent.  The Petition proposes a

first ground of unpatentability with respect to claims 1-4 (hereinafter the

"Challenged Claims"), based on U.S. Patent No. 6,650,589 ("Clark"), and a second

ground of unpatentability with respect to claims 1-4, based on U.S. Patent No.

6,920,071 ("Kawata").  Petition, 2, 6-7, 29, 47.  Specifically, the Petition proposes,

as Ground 1, that claims 1-4 are anticipated by Clark, and proposes, as Ground 2,

that claims 1-4 are anticipated by Kawata.  *Id.*

The proposed grounds are deficient in at least two ways, both related to

Petitioner's failure to meet its burden of establishing a *prima facie* case of

anticipation, a burden that Petitioner voluntarily took up by selecting anticipation

as the basis for the grounds brought to this forum.

First, the Petition fails to explain with specificity how the references relied

upon address the challenged claim elements, and instead advances vague and

inconsistent mappings.  Petition, 29-60.  The Petition thereby fails to comply with

1

Attorney Docket No: 39521-0063IP1
Proceeding No. IPR2019-00270

## VII.  CONCLUSION

For at least the reasons described above, the petition fails to demonstrate a

reasonable likelihood that Petitioner will prevail on the proposed grounds.

Accordingly, Apple respectfully submits that the Board should decline to institute

*inter partes* review.

Respectfully submitted,


Dated:  March 6, 2019            /W. Karl Renner/
                                W. Karl Renner, Reg. No. 41,265
                                Roberto J. Devoto, Reg. 55,108
                                Andrew B. Patrick, Reg. No. 63,471
                                Hyun Jin In, Reg. No. 70,014
                                Fish & Richardson P.C.

                                *Attorneys for Patent Owner*

Attorney Docket No: 39521-0063IP1
Proceeding No. IPR2019-00270

## CERTIFICATION UNDER 37 CFR § 42.24(d)

Under the provisions of 37 CFR § 42.24(d), the undersigned hereby certifies

that the word count for the foregoing Patent Owner Preliminary Response totals

9,067, which is less than the 14,000 allowed under 37 CFR § 42.24(b)(1).

Respectfully submitted,

Dated: March 6, 2019                    /W. Karl Renner/
                                        W. Karl Renner, Reg. No. 41,265
                                        Roberto J. Devoto, Reg. No. 55,108
                                        Andrew B. Patrick, Reg. No. 63,471
                                        Hyun Jin In, Reg. No. 70,014
                                        Fish & Richardson P.C.

                                        *Attorneys for Patent Owner*

Attorney Docket No: 39521-0063IP1
Proceeding No. IPR2019-00270

## CERTIFICATE OF SERVICE

Pursuant to 37 CFR § 42.6(e), the undersigned certifies that on March 6, 2019, a complete and entire copy of this Patent Owner's Preliminary Response was provided via email to the Petitioners by serving the email correspondence address of record as follows:

John A. Marlott
Matthew W. Johnson
John M. Michalik
Thomas W. Ritchie
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601-1692

Email:  jamarlott@jonesday.com
        mwjohnson@jonesday.com
        jmichalik@jonesday.com
        twritchie@jonesday.com

                    /Diana Bradley/
                 _____
                 Diana Bradley
                 Fish & Richardson P.C.
                 3200 RBC Plaza
                 60 South Sixth Street
                 Minneapolis, MN 55402
                 (858) 678-5667

# EXHIBIT 5

# EXHIBIT 6

| From: | Jared Bunker |
|---|---|
| To: | Jordan Malz |
| Cc: | Moore, David E.; Palapura, Bindu A.; Jack Phillips; Lit MASIMOL.1594L; Greenfield, Leon; Milici, Jennifer; Megan C. Haney; Vote, Dominic; Ford, Mark; Lit MASIMOL.1593L; Apple Masimo Service |
| Subject: | RE: Apple/Masimo 1378 (D. Del.) -- Answer and Counterclaims Question |
| Date: | Friday, February 17, 2023 9:42:35 AM |
| Attachments: | Response to Interrogatory 29 .pdf |

Your attachments have been security checked by Mimecast Attachment Protection. Files where no threat or malware was detected are attached.

Jordan,

I'm attaching a copy of Masimo's response to Interrogatory No. 29, which we are sending to you on an AEO basis while the parties work toward a protective order in the case. If Plaintiff does not agree to treat it on an AEO basis, please let me know promptly.

Sincerely,
Jared

**Jared Bunker**
Partner
949-721-2957 Direct
**Knobbe Martens**

**From:** Jordan Malz <JMalz@desmaraisllp.com>
**Sent:** Wednesday, February 15, 2023 6:11 PM
**To:** Brian Horne <Brian.Horne@knobbe.com>; Jared Bunker <Jared.Bunker@knobbe.com>
**Cc:** Moore, David E. <dmoore@potteranderson.com>; Palapura, Bindu A. <bpalapura@potteranderson.com>; Jack Phillips <JCP@PMHDELaw.com>; Lit MASIMOL.1594L <LitMASIMOL.1594L@knobbe.com>; Greenfield, Leon <Leon.Greenfield@wilmerhale.com>; Milici, Jennifer <Jennifer.Milici@wilmerhale.com>; Megan C. Haney <mch@PMHDELaw.com>; Vote, Dominic <Dominic.Vote@wilmerhale.com>; Ford, Mark <Mark.Ford@wilmerhale.com>; Lit MASIMOL.1593L <LitMASIMOL.1593L@knobbe.com>; Apple Masimo Service <AppleMasimoService@desmaraisllp.com>
**Subject:** Apple/Masimo 1378 (D. Del.) -- Answer and Counterclaims Question

Hi Brian and Jared,

Masimo's answer and counterclaims in the 1378 case repeatedly reference Masimo's "response to Apple's Interrogatory No. 29" in the ITC Investigation.  (D.I. 15 at ¶¶ 318, 336, 354, 372.)

We do not have this document—could you please provide us with a courtesy copy of it, or at least the cover page, tomorrow?

Best regards,

Jordan

Jordan N. Malz
Desmarais LLP
230 Park Avenue
New York, NY  10169
(212) 351-5497

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT 7

**UNITED STATES INTERNATIONAL TRADE COMMISSION**

**Washington, D.C.**

|  |  |
|---|---|
| **In the Matter of**<br><br>**CERTAIN LIGHT-BASED<br>PHYSIOLOGICAL MEASUREMENT<br>DEVICES AND COMPONENTS<br>THEREOF** | **Inv. No.  337-TA-1276** |

**ORDER NO. 1:        PROTECTIVE ORDER**

(August 18, 2021)

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, as such terms are used in the Commission's Rules, 19 C.F.R. § 210.5;

IT IS HEREBY ORDERED THAT:

1.  Confidential business information is information which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of either (i) impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions; or (ii) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such

information.   The term "confidential business information" includes "proprietary information" within the meaning of section 777(b) of the Tariff Act of 1930 (19 U.S.C. § 1677f(b)).

2(a).   Any information submitted, in pre hearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this investigation, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted.   Documents shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice.   Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order.

(b).   The Administrative Law Judge or the Commission may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a hearing herein.   If such a determination is made by the Administrative Law Judge or the Commission, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3.   In the absence of written permission from the supplier or an order by the Commission or the Administrative Law Judge, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than:   (i) outside counsel for parties to this investigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iii)

- 2 -

technical experts and their staff who are employed for the purposes of this litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of the products, devices or component parts which are the subject of this investigation); (iv) the Commission, the Administrative Law Judge, the Commission staff, and personnel of any governmental agency as authorized by the Commission; (v) the Commission, its employees and Offices, and contract personnel (a) for developing or maintaining the records of this investigation or related proceedings, or (b) in internal investigations, audits, reviews, evaluations relating to the programs, personnel, and operations of the Commission including under to 5 U.S.C. Appendix 3; and (vi) U.S. government employees and contract personnel, solely for cybersecurity purposes.[1]

4.  Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(i)[2] and (iii) unless he or she shall have first read this order and shall have agreed, by letter filed with the Secretary of this Commission:  (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this investigation. The letter shall also include the following acknowledgement:

> I, the undersigned, on behalf of _____, acknowledge that information submitted for purposes of this Investigation may be disclosed to and used:
>
> (i) by the Commission, its employees and Offices, and contract personnel (a) for developing or maintaining the records of this or a related proceeding, or (b) in

---

[1] *See* Commission Administrative Order 16-01 (Nov. 7, 2015).
[2] Necessary secretarial and support personnel assisting counsel need not sign onto the protective order themselves because they are covered by counsel's signing onto the protective order.

internal investigations, audits, reviews, and evaluations relating to the programs, personnel, and operations of the Commission including under 5 U.S.C. Appendix 3; or

(ii) by U.S. government employees and contract personnel, solely for cybersecurity purposes. I understand that all contract personnel will sign appropriate nondisclosure agreements.

5.  If the Commission or the Administrative Law Judge orders, or if the supplier and all parties to the investigation agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Commission or the Administrative Law Judge finds that the information is not confidential business information as defined in paragraph 1 thereof.

6.  (a). Any confidential business information submitted to the Commission or the Administrative Law Judge in connection with a motion or other proceeding within the purview of this investigation shall be submitted under seal pursuant to paragraph 2 above.  Any portion of a transcript in connection with this investigation containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal.  When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."  Before a court reporter or translator receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof.  Alternatively, he or she shall sign the agreement included as Attachment A hereto.

- 4 -

Copies of each such signed agreement shall be provided to the supplier of such confidential business information and the Secretary of the Commission.

(b).     Submitters[3] are strongly encouraged to encrypt nonpublic documents that are electronically transmitted to the Commission to protect your sensitive information from unauthorized disclosure. The USITC secure drop-box system and the Electronic Document Information System (EDIS) use Federal Information Processing Standards (FIPS) 140-2 cryptographic algorithms to encrypt data in transit. Submitting your nonpublic documents by a means that does not use these encryption algorithms (such as by email) may subject your firm's nonpublic information to unauthorized disclosure during transmission. If you choose a non-encrypted method of electronic transmission, the Commission warns you that the risk of such possible unauthorized disclosure is assumed by you and not by the Commission.

7.   The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Commission or the Administrative Law Judge rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

8.   The Commission, the Administrative Law Judge, and the Commission investigative attorney acknowledge that any document or information submitted as confidential business information pursuant to paragraph 2 above is to be treated as such within the meaning of 5 U.S.C. § 552(b)(4) and 18 U.S.C. § 1905, subject to a contrary ruling, after hearing, by the

---

[3] "Submitters" of confidential business information are the same as "suppliers" of confidential business information as that term is used in the context of this order. *See* Commission Administrative Order 16-01 (Nov. 7, 2015).

Commission or its Freedom of Information Act Officer, or the Administrative Law Judge. When such information is made part of a pleading or is offered into the evidentiary record, the data set forth in 19 C.F.R. § 201.6 must be provided except during the time that the proceeding is pending before the Administrative Law Judge. During that time, the party offering the confidential business information must, upon request, provide a statement as to the claimed basis for its confidentiality.

9. Unless a designation of confidentiality has been withdrawn, or a determination has been made by the Commission or the Administrative Law Judge that information designated as confidential, is no longer confidential, the Commission, the Administrative Law Judge, and the Commission investigative attorney shall take all necessary and proper steps to preserve the confidentiality of, and to protect each supplier's rights with respect to, any confidential business information designated by the supplier in accordance with paragraph 2 above, including, without limitation: (a) notifying the supplier promptly of (i) any inquiry or request by anyone for the substance of or access to such confidential business information, other than those authorized pursuant to this order, under the Freedom of Information Act, as amended (5 U.S.C. § 552) and (ii) any proposal to redesignate or make public any such confidential business information; and (b) providing the supplier at least seven days after receipt of such inquiry or request within which to take action before the Commission, its Freedom of Information Act Officer, or the Administrative Law Judge, or otherwise to preserve the confidentiality of and to protect its rights in, and to, such confidential business information.

10. If while an investigation is before the Administrative Law Judge, a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or in part, it

- 6 -

shall notify the supplier in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order.  If prior to, or at the time of such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the investigation; such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the Administrative Law Judge.  If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Administrative Law Judge who will rule upon the matter.  The Administrative Law Judge may sua sponte question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

11.  No less than 10 days (or any other period of time designated by the Administrative Law Judge) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and detailed employment history to the supplier.  If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefore prior to the initial disclosure.  If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the supplier shall submit immediately each objection to the Administrative Law Judge for a ruling.  If the investigation is before the Commission the matter shall be submitted to the Commission for resolution.  The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the

Commission or the Administrative Law Judge.  The terms of this paragraph shall be inapplicable to experts within the Commission or to experts from other governmental agencies who are consulted with or used by the Commission.

12.   If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the Administrative Law Judge and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13.   Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Commission, its Freedom of Information Act Officer, or the Administrative Law Judge concerning the issue of the status of confidential business information.

14.   Upon final termination of this investigation, each recipient of confidential business information that is subject to this order shall assemble and return to the supplier all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made.  Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place. This paragraph shall not apply to the Commission, including its investigative attorney, and the Administrative Law Judge, which shall retain such material pursuant to statutory requirements and for other recordkeeping purposes, but may destroy such material (including electronic media containing such information) in its possession which it regards as surplusage.

- 8 -

Notwithstanding the above paragraph, confidential business information may be transmitted to a district court pursuant to Commission Rule 210.5(c).

15.   If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this investigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

16.   Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

17.   The Secretary shall serve a copy of this order upon all parties.


Charles E. Bullock
Chief Administrative Law Judge

- 9 -

Attachment A

NONDISCLOSURE AGREEMENT FOR REPORTER/STENOGRAPHER/TRANSLATOR

      I, _____, do solemnly swear or affirm that I will not divulge any information communicated to me in any confidential portion of the investigation or hearing in the matter of *Certain_____,* Investigation No. 337-TA-___, except as permitted in the protective order issued in this case.  I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

      Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the investigation or hearing in this case.

      I also affirm that I do not hold any position or official relationship with any of the participants in said investigation.

      I am aware that the unauthorized use or conveyance of information as specified above is a violation of the Federal Criminal Code and punishable by a fine of up to $10,000, imprisonment of up to ten (10) years, or both.

Signed _____

Dated _____

Firm or affiliation _____

**CERTAIN LIGHT-BASED PHYSIOLOGICAL**                    Inv. No. 337-TA-1276
**MEASUREMENT DEVICES AND COMPONENTS**
**THEREOF**

Certificate of Service – Page 1

## PUBLIC CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **ORDER** has been served upon the
following parties as indicated, on **August 18, 2021**.

Lisa R. Barton, Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, DC  20436

**On Behalf of Complainants Masimo Corporation and**
**Cercacor Laboratories, Inc.:**

Jonathan Bachand, Esq.                         ☐ Via Hand Delivery
**KNOBBE, MARTENS, OLSON & BEAR, LLP**          ☐ Via Express Delivery
1717 Pennsylvania Avenue, NW, Suite 900         ☐ Via First Class Mail
Washington, DC 20006                            ☒ Other: Email Notification
Email: Jonathan.Bachand@knobbe.com              of Availability for Download

**Respondent:**

Apple Inc.                                      ☐ Via Hand Delivery
One Apple Park Way                              ☐ Via Express Delivery
Cupertino, CA 95014                             ☐ Via First Class Mail
                                                ☒ Other: Service to Be
                                                Completed by Complainants

# EXHIBIT 8
**Multimedia Filing**