# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1378-MN-JLH |
| | ) |
| MASIMO CORPORATION and | ) **JURY TRIAL DEMANDED** |
| SOUND UNITED, LLC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| MASIMO CORPORATION and | ) |
| CERCACOR LABORATORIES, INC., | ) |
| | ) |
| Counter-Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| APPLE INC., | ) |
| | ) |
| Counter-Defendant. | ) |

## PLAINTIFF APPLE INC.'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION TO

**(1) SEVER MASIMO'S 16 UNRELATED ANTITRUST, FALSE ADVERTISING, AND PATENT INFRINGEMENT COUNTERCLAIMS AND**

**(2) STAY MASIMO'S PATENT INFRINGEMENT COUNTERCLAIMS RELATED TO OTHER INFRINGEMENT COUNTERCLAIMS ALREADY STAYED PURSUANT TO 28 U.S.C. § 1659**

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jamie L. Kringstein
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: 212-351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: 415-573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  March 3, 2023
10670475 / 12209.00052

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant
Apple Inc.*

## <u>TABLE OF CONTENTS</u>

<u>Pages</u>

I.     INTRODUCTION ....................................................................................................1

II.    ARGUMENT .........................................................................................................1

     A.    Masimo Fails To Rebut The Bases For Severing Its Disparate Counterclaims ........................................................................................1

          1.    Masimo Disregards The Differences Between Its Counterclaims And Apple's Patent Infringement Claims, Confirming They Do Not Arise From The Same Transaction Or Raise Sufficient Overlapping Issues .......................................................................1

          2.    Masimo Fails To Demonstrate That Severance Would Violate Any Constitutional Right ...........................................................6

          3.    Masimo Does Not Rebut Apple's Showing That The Remaining Factors Favor Severance ...........................................................8

     B.    Masimo Fails To Rebut The Bases For Staying Masimo's Related Patents............9

III.    CONCLUSION....................................................................................................10

## **TABLE OF AUTHORITIES**

**Pages**

**Cases**

*Advanced Micro Devices, Inc. v. MediaTek Inc.*,
 C.A. No. 19-70, 2019 WL 4082836 (D. Del. Aug. 29, 2019) ......................................9-10

*Akzona Inc. v. E.I. Du Pont de Nemours & Co.*,
 607 F. Supp. 227 (D. Del. 1984) ................................................................................. 3

*Alloc, Inc. v. Unilin Décor N.V.*,
 C.A. No. 03-253, 2003 WL 21640372 (D. Del. July 11, 2003) ......................................10

*Amarin Pharma, Inc. v. Hikma Pharms. USA Inc.*,
 C.A. No. 20-1630, 2021 WL 3363496 (D. Del. Aug. 3, 2021) ......................................... 5

*AOB Prods. Co. v. Good Sportsman Mktg, LLC*,
 C.A. No. 22-1264, 2023 WL 130885 (D. Del. Jan. 9, 2023) ............................................ 6

*Asahi Glass Co. v. Pentech Pharms., Inc.*,
 289 F. Supp. 2d 986 (N.D. Ill. 2003) ............................................................................ 7

*ASM Am., Inc. v. Genus, Inc.*,
 No. 01-2190, 2002 WL 24444 (N.D. Cal. Jan. 9, 2002) ................................................ 3

*Celgene Corp. v. Barr Labs., Inc.*,
 No. 07-286, 2008 WL 2447354 (D.N.J. June 13, 2008) ................................................. 8

*Chandler v. Phoenix Services LLC*,
 1 F.4th 1013 (Fed. Cir. 2021) ..................................................................................... 2

*Chip-Mender, Inc. v. Sherwin-Williams Co.*,
 No. 05-3465, 2006 WL 13058 (N.D. Cal. Jan. 3, 2006) ................................................. 3

*DriveCam, Inc. v. SmartDrive Sys., Inc.*,
 No. 11-0997, 2012 WL 13175930 (S.D. Cal. Mar. 26, 2012) .......................................... 3

*Fresenius Kabi USA, LLC v. Fera Pharm., LLC*,
 No. 15-3654, 2017 WL 2213123 (D.N.J. May 19, 2017) ........................................... 3, 7, 8

*In re Innotron Diagnostics*,
 800 F.2d 1077 (Fed. Cir. 1986) ............................................................................. 2, 4, 7

*In re Princo Corp.*,
 478 F.3d 1345 (Fed. Cir. 2007) ..................................................................................... 9

## TABLE OF AUTHORITIES (cont'd)

**Pages**

*In re Theodor Groz & Sohne*,
    972 F.2d 1352 (Fed. Cir. 1992)..........................................................................4

*Masimo Corp. v. Philips Elecs. N. Am.*,
    No. 09-80, 2010 WL 925864 (D. Del. Mar. 11, 2010) .......................................9

*Monsanto Co. v. E.I. du Pont De Nemours & Co.*,
    C.A. No. 09-00686, 2009 WL 3012584 (E.D. Mo. Sept. 16, 2009) ...................3

*Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*,
    C.A. No. 09-022, 2011 WL 6652346 (D. Del. Dec. 22, 2011) ..........................5

*Ragner Tech. Group v. Berardi*,
    No. 15-7752, 2018 WL 6804486 (D.N.J. Dec. 27, 2018) ..................................4

*Rohm & Haas Co. v. Brotech Corp.*,
    770 F. Supp. 928 (D. Del. 1991) ........................................................................4

*Schering Corp. v. Mylan Pharm. Inc.*,
    No. 09-6383, 2010 WL 11474547 (D.N.J. June 10, 2010)................................8

*Seiko Epson Corp. v. Glory S. Software Mfg., Inc.*,
    684 F. Supp. 2d 1231 (D. Or. 2010) ..................................................................3

*SenoRx, Inc. v. Hologic, Inc.*,
    920 F. Supp. 2d 565 (D. Del. 2013) ...................................................................6

*Shum v. Intel Corp.*
    499 F.3d 1272 (Fed. Cir. 2007)..........................................................................8

*Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*,
    C.A. No. 17-1734, 2021 WL 982730 (D. Del. March 16, 2021).......................6

*Square D Co. v. E.I. Elecs., Inc.*,
    No. 06-5079, 2009 WL 136177 (N.D. Ill. Jan. 15, 2009)..................................3

*Synopsys, Inc. v. Magma Design Automation*,
    C.A. No. 05-701, 2006 WL 1452803 (D. Del. May 25, 2006).........................4

*Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*,
    330 F.R.D. 143 (D. Del. 2019) ......................................................................2, 4

## I.     INTRODUCTION

Masimo's opposition confirms that it does not seek an efficient and orderly resolution of the many disparate claims between the parties.  Rather, Masimo seeks to create a judicial logjam— an inefficient morass that jumbles together over 30 claims and counterclaims into a single, prolonged mega-proceeding.  Masimo seeks to shoehorn into one proceeding ***all disputes filed by the parties in this District***, including Masimo's infringement of six Apple utility patents, Masimo's infringement of four Apple design patents, and Masimo's 31 disparate counterclaims—which include six non-patent counterclaims for Monopolization, Attempted Monopolization, the Lanham Act, California False Advertising, Delaware Deceptive Trade Practices, and California Unfair Competition, as well as 10 patent infringement counterclaims based on Masimo's own patents.

The Court should reject Masimo's attempt to create an inefficient proceeding that delays resolution of Apple's claims.  *First*, Masimo fails to rebut the bases for severing its many disparate counterclaims.  Masimo disregards the differences between its counterclaims and Apple's patent infringement claims, fails to demonstrate that severance would violate any Constitutional rights, and fails to show the other factors cut against severance.  *Second*, Masimo fails to rebut the bases for staying Masimo's Related Patents, which relate to Masimo patents that already are subject to the Court's mandatory stay. Masimo fails to rebut Apple's showing that staying the Related Patents pending final resolution of the ITC proceeding involving the Stayed ITC Patents would simplify issues and avoid duplication, cause no undue prejudice, and comport with this case's early stage.

## II.     ARGUMENT

### A.     Masimo Fails To Rebut The Bases For Severing Its Disparate Counterclaims

#### 1.     Masimo Disregards The Differences Between Its Counterclaims And Apple's Patent Infringement Claims, Confirming They Do Not Arise From The Same Transaction Or Raise Sufficient Overlapping Issues

<u>Masimo's Antitrust Counterclaims</u>: Masimo fails to address, let alone rebut, the many

differences between Masimo's antitrust counterclaims and Apple's patent infringement claims. (D.I. 35 at 3-5, 9-16.)  Apple explained that, whereas Apple's patent infringement claims strictly compare Apple's patents and Masimo's products, Masimo's antitrust counterclaims raise a slew of ***antitrust-specific*** issues, such as definition of the relevant antitrust market, monopoly power, causation of loss to interstate commerce, antitrust injury, antitrust standing, and antitrust remedies. (*Id*. at 3-4, 10-11.)  These antitrust claim elements are ***not*** elements of a patent infringement claim or defense.  *Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*, 330 F.R.D. 143, 148-49 (D. Del. 2019); *see also Chandler v. Phoenix Services LLC*, 1 F.4th 1013, 1015 (Fed. Cir. 2021) (holding that a *Walker Process* claim "arises under the Sherman Act rather than under patent law").

Due to the vast differences between patent and antitrust claims, Masimo's opposition hinges on its allegation of inequitable conduct.  But Masimo fails to rebut Apple's cases showing that the potential for inequitable conduct findings to moot or simplify an antitrust counterclaim ***supports separating*** the plaintiff's patent infringement case and trying it before the defendant's antitrust counterclaims.  (D.I. 35 at 13-15.)  Instead, Masimo mischaracterizes the case law.

*First*, Masimo incorrectly suggests that "[m]ost of Apple's cases do not address *Walker Process* counterclaims."  (D.I. 45 at 8.)  In fact, Apple cited many cases that severed or otherwise separated *Walker Process* counterclaims from patent infringement claims.  Masimo's allegation that "*Innotron* did not address Walker Process counterclaims" is incorrect.  (*Id.* at 12.)  Despite not using the phrase "Walker Process," *Innotron* addressed allegations of "fraudulently procured" patents, "patent type antitrust" counterclaims, and "enforcement of [a] patent knowingly obtained through inequitable conduct"—i.e., a *Walker Process* claim.  *In re Innotron Diagnostics*, 800 F.2d 1077, 1084-85 (Fed. Cir. 1986) (recognizing "the now-standard practice of separating for trial patent issues and those raised in an antitrust counterclaim" and affirming separation of "complex,

time-consuming, costly, and potentially moot antitrust issues").  Apple also cited other cases separating *Walker Process* counterclaims.  (*See* D.I. 35 at 13-15 (citing *Fresenius Kabi USA, LLC v. Fera Pharm.*, *LLC*, No. 15-3654, 2017 WL 2213123, at *5 (D.N.J. May 19, 2017); *Square D Co. v. E.I. Elecs., Inc.*, No. 06-5079, 2009 WL 136177, at *2 (N.D. Ill. Jan. 15, 2009); *Akzona Inc. v. E.I. Du Pont de Nemours & Co*., 607 F. Supp. 227, 236 (D. Del. 1984)).)

And many other cases exist.  *See, e.g.*, *DriveCam, Inc. v. SmartDrive Sys., Inc.*, No. 11-0997, 2012 WL 13175930, at *7 (S.D. Cal. Mar. 26, 2012) ("SmartDrive's <u>Walker Process</u> counterclaim depends upon its contention that the patents-in-suit are invalid, unenforceable and not infringed. … Therefore, the Court concludes that the interest of judicial economy is best served by bifurcating SmartDrive's <u>Walker Process</u> antitrust counterclaim."); *Seiko Epson Corp. v. Glory S. Software Mfg., Inc.*, 684 F. Supp. 2d 1231, 1239 (D. Or. 2010) ("[T]he efficient trial of this case is best served by bifurcating and staying trial of Ninestar's Walker Process Antitrust Fraud Counterclaim."); *Monsanto Co. v. E.I. du Pont De Nemours & Co.*, No. 09-00686, 2009 WL 3012584, at *2 (E.D. Mo. Sept. 16, 2009) ("Defendants' antitrust counterclaims allege that Monsanto monopolized certain purported markets through the fraudulent procurement and sham enforcement of its '247 patent"); *Chip-Mender, Inc. v. Sherwin-Williams Co.*, No. 05-3465, 2006 WL 13058, at *13 (N.D. Cal. Jan. 3, 2006) (bifurcating a *Walker Process* counterclaim, reasoning that "[p]roceeding on the antitrust claims simultaneously with the patent claims may delay resolution of the case by increasing its complexity"); *ASM Am., Inc. v. Genus, Inc.*, No. 01-2190, 2002 WL 24444, at *7 (N.D. Cal. Jan. 9, 2002) (bifurcating a *Walker Process* counterclaim in view of "multiple patents already at issue in this case, and the wide swath of non-overlapping discovery on the antitrust claims").

*Second*, Masimo incorrectly alleges that, rather than relying on *Innotron*, "District courts

3

instead rely on *In re Theodor*."  (D.I. 45 at 12.)  But Westlaw shows that over 100 district court opinions have cited *Innotron*, whereas only five district court opinions have cited the unpublished *Theodor*.  (Exs. 5 & 6.)  And *Theodor* merely found that the district court did not abuse its discretion in denying severance based on the specific facts "in the present case."  *In re Theodor Groz & Sohne*, 972 F.2d 1352, *2 (Fed. Cir. 1992).  Even *Theodor* confirmed that "district courts may **generally favor the separation** of patent and antitrust issues for trial, as we recognized in *Innotron*," and still "retain[] considerable discretion in determining whether the severance of antitrust and patent issues would best serve the convenience of the parties, avoid prejudice, and minimize expense and delay."  *Id.* (emphasis added); *see also Synopsys, Inc. v. Magma Design Automation*, No. 05-701, 2006 WL 1452803, at *4 (D. Del. May 25, 2006) (declining to bifurcate "on a case-by-case basis").

*Third*, Masimo's other citations are misleading or misplaced.  Despite common issues, *Westinghouse* **granted** a motion to sever antitrust counterclaims from patent claims: "[A]lthough there would likely be some common questions of law or fact, the significant difference in legal and factual issues still suggests that severance is appropriate."  *Westinghouse,* 330 F.R.D. at 149. Similarly, despite allegedly related subject matter, *Ragner* opted to **stay** a *Walker Process* claim and **not** consolidate it with a pending patent case "because it would create litigation that was less, rather than more, efficient."  *Ragner Tech. Group v. Berardi*, No. 15-7752, 2018 WL 6804486, at *6-8 (D.N.J. Dec. 27, 2018) ("There is no prejudice – to any party – in trying a counterclaim on another docket number before the same judge.").  And both *Ragner* and *Rohm* merely concerned **whether or where** *Walker Process* claims should proceed (*id.* at *8; *Rohm & Haas Co. v. Brotech Corp.*, 770 F. Supp. 928, 935 (D. Del. 1991)), whereas here the issue is **how** they should proceed— all shoehorned together in one proceeding or instead in an orderly grouping of related claims.

*Guardant Health* concerned a defendant's ***unopposed*** amended answer for which the newly-added "antitrust counterclaims would require little additional discovery" with no timely assertion of prejudice by the plaintiff (D.I. 46-3), whereas here Apple moved to dismiss Masimo's deficient counterclaims and identified prejudice from shoehorning all claims into one proceeding. (D.I. 35 at 14-15.)  *Quantum Loyalty* found bifurcation unnecessary to prevent jury confusion "because this case does not involve complex technology, multiple patents, and complex antitrust claims"—unlike the circumstances here.  *Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc*., No. 09-022, 2011 WL 6652346, at *3 (D. Del. Dec. 22, 2011).  And *Amarin* did not concern antitrust claims or severance of claims—it concerned severance of parties.  *See Amarin Pharma, Inc. v. Hikma Pharms. USA Inc.*, No. 20-1630, 2021 WL 3363496, at *1-2 (D. Del. Aug. 3, 2021).

Masimo's remaining allegations concern out-of-circuit district court cases exercising discretion as well as Masimo's unsupported, speculative attorney rhetoric.  (D.I. 45 at 12-14.)

Masimo's False Advertising Counterclaims: Masimo does not attempt to demonstrate that its false advertising counterclaims arise from the same transaction or occurrence as Apple's patent infringement claims.  Masimo fails to address, let alone rebut, Apple's identification of numerous differences.  (D.I. 35 at 4-5, 11.)  Masimo's only basis for opposing severance of its false advertising counterclaims is that "[t]hose claims ***overlap with Masimo's antitrust claims***...."  (D.I. 45 at 7 (emphasis added); *id*. at 14 ("Masimo's false advertising claims ***overlap extensively with Masimo's antitrust claims***.") (emphasis added).)  But Apple seeks to sever Masimo's false advertising counterclaims from Apple's unrelated patent infringement claims—not from Masimo's antitrust counterclaims.

Masimo's Patent Infringement Counterclaims: Masimo fails to demonstrate that its patent infringement counterclaims arise from the same transaction or occurrence as Apple's patent

infringement claims.  Masimo fails to address, let alone rebut, the numerous differences identified by Apple, including that the parties' respective patents lack familial relationships; have different owners, inventors, and prosecutions; and are asserted against different accused products.  (D.I. 35 at 5-8, 11-12.)  Masimo's purportedly overlapping issues—"the design and function of the Apple Watch, market definition, and the competition between the Apple Watch and Masimo's W1 watch" as well as "[b]oth parties' products" (D.I. 45 at 7-8, 15)—are too overbroad, conclusory, and untailored to patent infringement.  Confirming these differences, Masimo even seeks to inject into this case and bring patent counterclaims on behalf of a new party: Cercacor Laboratories, Inc.

Finally, *Sprint*, *SenoRx*, and *AOB Products* address bifurcation of plaintiff's own claims—***not*** defendant's counterclaims.  *See Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*, No. 17-1734, 2021 WL 982730, at *1 (D. Del. March 16, 2021) (addressing motion to bifurcate plaintiff's patent infringement case into separate liability and damages trials); *SenoRx, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 566 & 571 (D. Del. 2013) (same); *AOB Prods. Co. v. Good Sportsman Mktg, LLC*, No. 22-1264, 2023 WL 130885, at *2 (D. Del. Jan. 9, 2023) (same in trademark context).

### 2.      Masimo Fails To Demonstrate That Severance Would Violate Any Constitutional Right

Masimo's claim that severance would violate its right to a jury trial again hinges upon just one aspect of its sprawling counterclaims—specifically, that an aspect of the *Walker Process* portion of its antitrust counterclaims overlaps with a portion of an inequitable conduct defense that it pled for merely a ***subset*** of Apple's patents.  But this one tenuous link does not tie the Court's hands and prevent it from managing this complex case in the most efficient manner possible.

As an initial matter, neither the inequitable conduct nor the *Walker Process* allegations are likely to survive Apple's pending motions to dismiss.  (D.I. 40 at 16-20; *see also* No. 22-1377, D.I. 55.)  Masimo's inequitable conduct claims and defense are directed to only one individual—

Apple's Chief IP Counsel, Jeffrey Myers—but Masimo does not plausibly allege that Mr. Myers (who was neither the inventor nor prosecutor) owed a duty of disclosure to the Patent Office or knew of material prior art, let alone intended to deceive the Patent Office. (D.I. 40 at 16-20.) And Masimo's antitrust claim pled no facts plausibly suggesting that Apple's patent assertions have impaired Masimo's ability to compete and instead boasted about its increasing product investments and its roll-out of purportedly superior alternatives. (*Id.* at 3, 7-8.) If either the inequitable conduct allegations or antitrust counterclaims are dismissed, any potential Seventh Amendment issue necessarily evaporates.

Critical decisions regarding how best to manage cases involving 31 disparate counterclaims should not hinge on facially deficient allegations. *See Asahi Glass Co. v. Pentech Pharms., Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("[T]o avoid turning every patent case into an antitrust case, some threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase"). As such, should the Court have any concern regarding severance, Apple respectfully submits that the Court reserve consideration of this motion until it rules on Apple's motion to dismiss because favorable resolution of that motion would moot Masimo's argument.

In any event, however, severance would not violate Masimo's Constitutional rights. Courts so routinely separate patent infringement claims from antitrust counterclaims, including *Walker Process* claims, that it has become a "standard practice." *In re Innotron*, 800 F.2d at 1086; *see also, supra*, p. 2-3. Furthermore, contrary to Masimo's suggestion that *Fresenius* did "not address the Seventh Amendment issue" (D.I. 45 at 10), *Fresenius* expressly referenced the "standard practice" and found that separation of the *Walker Process* antitrust counterclaim would **enhance** the parties' right to a jury trial:

> In short, ***severance and stay of Counts 10 and 11 of the Fera's amended answer and counterclaims*** will ensure an orderly presentation of the issues, conserve judicial resources, and ***"enhance[ ] the parties' right to a jury trial"*** by making the issues the jury must consider less complex." … I will therefore sever and stay Fera's antitrust counterclaims pending the resolution of the patent infringement issues.

*Fresenius*, 2017 WL 2213123, at *5 (emphasis added).  Masimo does not demonstrate that this "standard practice" violates the Constitution.

Masimo's cases do not suggest a different result.  *Shum v. Intel Corp.*, 499 F.3d 1272 (Fed. Cir. 2007), did not involve antitrust counterclaims.  As discussed above, *Guardant Health* involved "antitrust counterclaims [that] would require little additional discovery."  Masimo's other cited cases—*Schering* and *Celgene* (D.I. 45 at 9)—are limited to the ANDA / Hatch-Waxman context, which typically have a narrower scope (*e.g.*, no jury trial, no damages, only one accused product, no patent infringement counterclaims).  *Schering Corp. v. Mylan Pharm. Inc.*, No. 09-6383, 2010 WL 11474547, at *1 (D.N.J. June 10, 2010); *Celgene Corp. v. Barr Labs., Inc.*, No. 07-286, 2008 WL 2447354, at *1 (D.N.J. June 13, 2008).  By contrast, Masimo seeks to inject 16 wide-ranging antitrust, false advertising, and patent infringement counterclaims into what was already a multi-patent infringement case, which would create the very type of judicial logjam for which the Court can and should exercise its case management discretionary authority.

### 3.    Masimo Does Not Rebut Apple's Showing That The Remaining Factors Favor Severance

Apple explained that Masimo's 16 wide-ranging counterclaims would inject into this case a plethora of complex legal and factual issues that are generally unrelated to Apple's patent infringement claims and thus create a judicial logjam that would distract from, diminish, and delay resolution of the claims for which Apple filed its complaint.  (D.I. 35 at 14-15.)  Masimo's main response is to sidestep the issue.  Masimo devotes a page to criticizing—primarily through hearsay allegations not in the public record—a different case (*Masimo v. Philips*) ***in which the court***

*granted then-plaintiff Masimo's own motion to bifurcate and stay a defendant's antitrust counterclaims.* (D.I. 45 at 16-18 (citing *Masimo Corp. v. Philips Elecs. N. Am.*, No. 09-80, 2010 WL 925864, at \*2 (D. Del. Mar. 11, 2010)).) But in any event, *Philips* is just one of many cases relied on by Apple in which the court severed or bifurcated antitrust counterclaims from patent infringement claims—most of which Masimo does not even attempt to distinguish. Masimo also quibbles that separate proceedings would have separate *Markman* hearings, summary judgment motions, and the like, without acknowledging that appropriately-focused proceedings would facilitate efficient and orderly resolutions. By contrast, jumbling together over 30 disparate claims and counterclaims into a single, prolonged mega-proceeding would undermine efficiency and fairness.

## B.     Masimo Fails To Rebut The Bases For Staying Masimo's Related Patents

Masimo does not and cannot dispute that the five Related Patents are related to and otherwise overlap with the five Stayed ITC Patents for which this Court has already issued a mandatory stay. (D.I. 35 at 5-8.) Masimo misapplies the stay factors and fails to justify its attempt to force the Court and parties to engage in serial, duplicative litigation on related Masimo patents.

*First*, Masimo fails to rebut Apple's explanation that staying the Related Patents would simplify the issues. Masimo's complaint that "Apple cites cases where the parties had not yet engaged in substantial ITC litigation" is irrelevant. (D.I. 45 at 18.) No matter what, the Stayed ITC Patents are subject to a mandatory stay and will remain stayed until the ITC proceedings are "no longer subject to judicial review." *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007). Moreover, the ITC has merely issued an initial determination, not a final determination, and the appeals process has not even started. (*See* D.I. 46-1.) Thus, it would simplify the issues to litigate the Related Patents and Stayed ITC Patents together in the district court after lifting of the mandatory stay rather than piece-meal in a serial, duplicative manner. *See, e.g., Advanced Micro*

*Devices, Inc. v. MediaTek Inc.*, No. 19-70, 2019 WL 4082836, at *2 (D. Del. Aug. 29, 2019) (concluding that "a stay will likely simplify the issues" because "[t]he patents share common inventors and claim terms and have overlapping figures and written descriptions," so the claims will involve "the same discovery," and "the same witnesses, accused products, third-party technology, and evidence").

Second, Masimo fails to demonstrate that it would be prejudiced by a stay.  Apple is not prioritizing its patents over Masimo's patents; rather, Masimo faces a stay because it chose to litigate its patents in two forums at once.  In any event, courts in this district have rejected this argument.  *See id.* at *2 ("MediaTek's filing of a separate lawsuit accusing AMD of infringing MediaTek's patents is thus not relevant to the undue prejudice inquiry.").  And if the ITC case is as far along as Masimo claims, "a stay at this time would not unduly burden their case as the stay would then be of short duration."  *Alloc, Inc. v. Unilin Décor N.V.*, No. 03-253, 2003 WL 21640372, at *3 (D. Del. July 11, 2003); *see also Advanced Micro*, 2019 WL 4082836, at *2 ("[I]ts argument that a delay in this action will cause it prejudice is undermined by the fact that AMD did not file this lawsuit until two years after it filed its [ITC] complaint.").

Third, Masimo's disagreement on the third factor—the stage of ***this case***—is not credible. This case has no schedule and no trial date; the stage of the ITC investigation is irrelevant.

Fourth, Masimo fails to rebut Apple's showing that denying a stay would prejudice Apple. Masimo ignores the issue—Masimo seeks serial, duplicative litigations: (1) a first round litigating the Related Patents and (2) after the mandatory stay gets lifted, a second round litigating the Stayed ITC Patents regarding very similar issues.  Masimo should not get serial, duplicative bites at Apple.

## III.   CONCLUSION

For the reasons stated above and in Apple's opening brief, Apple respectfully requests that the Court grant Apple's motion.

Respectfully submitted,

OF COUNSEL:                                    POTTER ANDERSON & CORROON LLP

John M. Desmarais                              By:  *Bindu A. Palapura*
Jordan N. Malz                                      David E. Moore (#3983)
Cosmin Maier                                        Bindu A. Palapura (#5370)
Kerri-Ann Limbeek                                   Andrew L. Brown (#6766)
Jamie L. Kringstein                                 Hercules Plaza, 6th Floor
DESMARAIS LLP                                       1313 N. Market Street
230 Park Avenue                                     Wilmington, DE  19801
New York, NY 10169                                  Tel:  (302) 984-6000
Tel: 212-351-3400                                   dmoore@potteranderson.com
                                                    bpalapura@potteranderson.com
Peter C. Magic                                      abrown@potteranderson.com
DESMARAIS LLP
101 California Street                          *Attorneys for Plaintiff/Counter-Defendant*
San Francisco, CA 94111                        *Apple Inc.*
Tel: 415-573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
   AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  March 3, 2023
10670475 / 12209.00052