**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1378-MN-JLH |
| | ) |
| MASIMO CORPORATION and | ) **JURY TRIAL DEMANDED** |
| SOUND UNITED, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| MASIMO CORPORATION and | ) |
| CERCACOR LABORATORIES, INC., | ) |
| | ) |
| Counter-Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| APPLE INC., | ) |
| | ) |
| Counter-Defendant. | ) |

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY DISCOVERY
<u>PENDING RESOLUTION OF MOTION TO DISMISS</u>**

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jamie L. Kringstein
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: 212-351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: 415-573-1900

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant
Apple Inc.*

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  March 15, 2023
10687779 / 12209.00052

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ........................................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ...................................................................1

ARGUMENT ...............................................................................................................................2

I.  The Court Has Broad Discretion to Stay Discovery Pending the Outcome of a
    Motion to Dismiss .............................................................................................................2

II. The Court Should Stay Discovery Pending the Outcome of Apple's Motion to
    Dismiss ..............................................................................................................................3

    1.  A Stay Of Discovery On the Antitrust and False Advertising Claims Will
        Not Prejudice Masimo ..........................................................................................4

    2.  Denial Of a Stay Would Impose Significant Hardship on Apple ..........................5

    3.  The Stay Will Simplify the Issues and the Trial of the Case .................................8

    4.  No Discovery Has Begun On The Antitrust Or False Advertising Claims,
        and No Trial Date Has Been Set ...........................................................................9

CONCLUSION.............................................................................................................................9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## CASES

*Actelion Pharms. Ltd. v. Apotex Inc.*,
  2013 WL 5524078 (D.N.J. Sept. 6, 2013) .......................................................................6, 8, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................................4

*British Telecomms. PLC v. IAC/InterActiveCorp*,
  2020 WL 5517283 (D. Del. Sept. 11, 2020) ...........................................................................4

*Coastal States Gas Corp. v. Dep't of Energy*,
  84 F.R.D. 278 (D. Del. 1979) ..................................................................................................3

*DSM Desotech Inc. v. 3D Systems Corp.*,
  2008 WL 4812440 (N.D. Ill. Oct. 28, 2008)............................................................................7

*First Am. Title Ins. Co. v. MacLaren, L.L.C.*,
  2012 WL 769601 (D. Del. Mar. 9, 2012) ............................................................................3, 8

*Hartford Fire Ins. Co. v. Encore Mktg. Intern., Inc.*,
  2011 WL 766587 (D. Del. Feb. 24, 2011) ...............................................................................4

*ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*,
  2012 WL 769601 (D. Del. Mar. 9, 2012) ............................................................................3, 4

*In re Fine Paper Antitrust Litig.*,
  685 F.2d 810 (3d Cir. 1982)....................................................................................................2

*In re Graphics Processing Units Antitrust Litig.*,
  2007 WL 2127577 (N.D. Cal. July 24, 2007)..........................................................................4

*Mann v. Brenner*,
  375 F. App'x 232 (3d Cir. 2010) .........................................................................................4, 8

*Masimo Corp. v. Philips Elecs. N. Am. Corp.*,
  2010 WL 925864 (D. Del. Mar. 11, 2010) ..............................................................................7

*McLafferty v. Deutsche Lufthansa A.G.*,
  2008 WL 4612856 (E.D. Pa. Oct. 15, 2008)........................................................................6, 8

*Nexstar Broad., Inc. v. Granite Broad. Corp.*,
  2011 WL 4345432 (N.D. Ind. Sept. 15, 2011) .......................................................................7

*In re Radnor Holdings Corp.*,
   564 B.R. 467 (D. Del. 2017) ............................................................................... 4-5

*Victor v. Huber*,
   2012 WL 2564841 (M.D. Pa. July 2, 2012) ...........................................................8

*Weisman v. Mediq, Inc.*,
   1995 WL 273678 (E.D. Pa. May 3, 1995) ..........................................................3, 8

## STATUTES, RULES, AND REGULATIONS

Fed. R. Civ. P. 26(c) .................................................................................................2

Fed. R. Civ. P. 26(c)(1)(A) .......................................................................................3

Fed. R. Civ. P. 26(f) .................................................................................................2

D. Del. L.R. 7.1.1 .....................................................................................................2

## OTHER AUTHORITIES

Manual for Complex Litigation (4th ed. 2016) ..........................................................6

## INTRODUCTION

Plaintiff and Counterclaim Defendant Apple Inc. ("Apple") has moved to dismiss, on substantive grounds, each of Defendant and Counterclaim-Plaintiff Masimo Corporation's ("Masimo") Sherman Act, Lanham Act, and state law counterclaims (the "Antitrust and False Advertising Counterclaims").[1]  D.I. 15, 39.  The Court's decision on Apple's motion to dismiss will determine whether discovery in this case will remain narrowly focused on the patent infringement claims already in the case, or whether it will expand to include costly and time-consuming discovery into Masimo's meritless antitrust and false advertising allegations.  Given that Apple's motion to dismiss may be dispositive of Masimo's Antitrust and False Advertising Counterclaims in their entirety, a stay of discovery on these counterclaims pending the outcome of the motion to dismiss best serves the interest of judicial economy.  As detailed below, courts routinely stay discovery on antitrust claims pending dispositive motions to dismiss.

## NATURE AND STAGE OF THE PROCEEDINGS

Apple filed its complaint against Masimo and Masimo's subsidiary Sound United, LLC on October 20, 2022, asserting infringement of six Apple utility patents by Masimo's recently-released W1 watch.  D.I. 1.  Masimo answered on December 12, 2022, raising 31 counterclaims, including two counterclaims for monopolization and attempted monopolization under Section 2 of the Sherman Act, D.I. 15 at ¶¶ 237-254 (First and Second Counts); four counterclaims for false advertising and unfair competition under Section 43(a) of the Lanham Act, California's False Advertising Law and Unfair Competition Law, and the Delaware Deceptive Trade Practices Act, *id.* at ¶¶ 255-287 (Third through Sixth Counts); and ten counterclaims for patent infringement, *id.*

---

[1] For purposes of this motion, references to the Antitrust and False Advertising Counterclaims include Masimo's state law counterclaims for unfair competition and deceptive trade practices, as these counterclaims turn on the same allegations as Masimo's Sherman Act and Lanham Act counterclaims.

at ¶¶ 288-377 (Seventh through Sixteenth Counts).  On January 10, 2023, the Court issued a mandatory stay of five of Masimo's patent infringement counterclaims, which Masimo is currently asserting against Apple in a parallel proceeding in the United States International Trade Commission ("ITC").  D.I. 25.  Masimo's antitrust counterclaims include allegations directed to Apple's App Store policies, Apple Watch marketing, the development of Apple Watch features, and Apple's patent applications.  On February 3, 2023, Apple moved to sever Masimo's sixteen antitrust, false advertising, and patent infringement counterclaims and to stay Masimo's five additional patent infringement counterclaims pending the final resolution of Masimo's ITC action. D.I. 34.  On February 21, 2023, Apple moved to dismiss Masimo's Antitrust and False Advertising Counterclaims in their entirety.  D.I. 39.  No scheduling order has issued, and no trial date has been set.

On February 22, 2023, the parties met and conferred concerning the timing and limitations on discovery, pursuant to Fed. R. Civ. P. 26(f).  Apple notified Masimo of its intent to request a stay of discovery on the Antitrust and False Advertising Counterclaims pending the outcome of the motion to dismiss.  Masimo opposes such a stay.  *See* D. Del. L.R. 7.1.1.  Accordingly, Apple now moves for that stay.

## ARGUMENT

### I.   The Court Has Broad Discretion to Stay Discovery Pending the Outcome of a Motion to Dismiss

This Court has broad discretion in matters of docket management, including the decision to stay discovery pending the outcome of a dispositive motion that may render burdensome discovery unnecessary.  *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817-818 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court."); Fed. R. Civ. P. 26(c) (empowering district courts to stay discovery to "protect

a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

Indeed, courts in this District have recognized that "postpon[ing] discovery of issues relating to

the merits of a case pending resolution of potentially dispositive motions … is an eminently logical

means to prevent wasting the time and effort of all concerned, and to make the most efficient use

of judicial resources." *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del.

1979).

## II.     The Court Should Stay Discovery Pending the Outcome of Apple's Motion to Dismiss

Courts have found good cause to stay discovery pending the resolution of a dispositive

motion where "the likelihood that such motion may result in a narrowing or outright elimination

of discovery outweighs the likely harm to be produced by the delay." *Weisman v. Mediq, Inc.*,

1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) ("Where a pending motion to dismiss may dispose

of the entire action and where discovery is not needed to rule on such motion, the balance generally

favors granting a motion to stay.").

When deciding whether to exercise discretion to grant a stay of discovery after a dispositive

motion has been filed, courts generally consider three factors: "(1) whether a stay would unduly

prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will

simplify the issues in question and trial of the case; and (3) whether discovery is complete and

whether a trial date has been set." *First Am. Title Ins. Co. v. MacLaren, L.L.C.*, 2012 WL 769601,

at *4 (D. Del. Mar. 9, 2012) (internal quotation marks and citation omitted).  In analyzing the first

factor, "the court necessarily performs a balancing, comparing the burdens that a stay or the denial

of a stay would impose upon the respective parties." *ImageVision.Net, Inc. v. Internet Payment

Exch., Inc.*, 2012 WL 5599338, at *2 (D. Del. Nov. 15, 2012) ("It is not enough that a non-movant

simply be harmed by a decision to stay—it must be *unduly* prejudiced, and this requires some

reference to the comparative harm that the movant would otherwise suffer.") (emphasis in the

original).[2]  These factors, however, "merely provide[] general guidance," and "whether a stay should be granted turns in each case on the totality of the circumstances."  *British Telecomms. PLC v. IAC/InterActiveCorp*, 2020 WL 5517283, at *5 (D. Del. Sept. 11, 2020).  As detailed below, each of these factors weigh in favor of staying discovery on Masimo's Antitrust and False Advertising Counterclaims.

> **1.**     **A Stay Of Discovery On the Antitrust and False Advertising Claims Will Not Prejudice Masimo**

Masimo will not be harmed by a stay of discovery on the Antitrust and False Advertising Counterclaims.  Masimo has no need for discovery to respond to Apple's motion to dismiss, which is based entirely on the legal sufficiency of Masimo's counterclaims.  *See, e.g. Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) ("A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development.").  Further, Masimo has no compelling need for expedited discovery, "such as might be the case if provisional relief were being sought or if testimony needed to be preserved due to the ill health of a witness."  *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007).  To the extent any or all of Masimo's Antitrust and False Advertising Counterclaims are legally insufficient, Masimo is not entitled to discovery on those claims in the first place.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *In re*

---

[2] Other courts within this District have applied a similar four-factor test based on: "(1) the length of the stay requested; (2) the 'hardship or inequity' that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; and (4) whether a stay will simplify issues and promote judicial economy."  *See, e.g.*, *Hartford Fire Ins. Co. v. Encore Mktg. Intern., Inc.*, 2011 WL 766587, at *3 (D. Del. Feb. 24, 2011) (internal citation omitted); *see also ImageVision*, 2012 WL 5599338 at *3 (collecting cases applying "the alternative formulation of the stay analysis often employed in this district").  Substantively, the arguments presented herein support the stay under both formulations.

*Radnor Holdings Corp.*, 564 B.R. 467, 487 (D. Del. 2017) (finding plaintiff "was not entitled to discovery where his claims could not survive Rule 12(b)(6)'s plausibility test"), *aff'd*, 706 F. App'x 94 (3d Cir. 2017).

> **2.      Denial Of a Stay Would Impose Significant Hardship on Apple**

In contrast, Apple will be substantially burdened if it is required to engage in costly and time-consuming discovery that is completely unrelated to the parties' patent litigation and that may ultimately prove unnecessary.   Discovery into Masimo's Antitrust and False Advertising Counterclaims will implicate factual issues that are far afield from the parties' central patent dispute and will require an entirely different universe of documentary proof, fact witness testimony, and expert witness testimony.[3]  As noted in Apple's motion to sever, the additional issues raised by the antitrust counterclaims alone open the door to new discovery concerning (1) the "relevant market" for antitrust purposes; (2) whether "Apple has monopoly power" in that market; (3) whether "Apple has willfully acquired, maintained, and/or enlarged its monopoly power … through … exclusionary and anticompetitive means"; (4) whether Apple's alleged conduct has "cause[d] injury or loss to interstate commerce and to consumers"; (5) whether "Masimo's injuries are of the type that antitrust laws are intended to prohibit"; (6) whether "Masimo has antitrust standing"; and (7) whether any antitrust-specific damages, injunctions, or other remedies are warranted as a result of Apple's alleged conduct.  D.I. 15 at ¶¶ 166-222, 237-254; D.I. 35 at 4.  Masimo's false advertising counterclaims implicate discovery on still more

---

[3] Masimo may contend that some of the ongoing discovery relating to Apple's affirmative patent claims is relevant to the Antitrust and False Advertising Counterclaims (e.g., Masimo's *Walker Process* antitrust allegations), but even if true, the potential overlap in discovery is minimal, as even Masimo's *Walker Process* allegations require additional antitrust-specific discovery on the elements required to establish a claim under Section 2 of the Sherman Act—including, for example, market definition and antitrust injury.  The incremental discovery on issues relevant only to the Antitrust and False Advertising Counterclaims is significant, as detailed herein.

issues, such as (1) whether "Apple has made false, misleading, and deceptive descriptions … about Apple Watch products"; (2) whether "Apple knew or should have known that its advertising and promotional activities … were false, misleading, and deceptive"; (3) whether Apple's statements "deceived … a substantial segment of their intended audience"; (4) whether Apple's statements "caused injury to Masimo"; and (5) whether any damages or injunctive relief is warranted as a result of Apple's conduct.  D.I. 15 at ¶¶ 142-165, 255-287; D.I. 35 at 4-5.

The time and expense required of Apple to engage in discovery on these issues, in addition to the parties' ongoing patent discovery, will be substantial and highly burdensome.  The potential cost of discovery "establishes a specific and substantiated risk of harm." *Actelion Pharms. Ltd. v. Apotex Inc.*, 2013 WL 5524078, at *4 (D.N.J. Sept. 6, 2013).  That harm is particularly prevalent where, as here, the parties are litigating antitrust claims, which can "involve voluminous documentary and testimonial evidence, extensive discovery, complicated legal, factual, and technical (particularly economic) questions, … and substantial sums of money[.]"  Manual for Complex Litigation 4th § 30 (2016 ed.).  *See also id.* § 30.1 ("Effective management of antitrust litigation requires identifying, clarifying, and narrowing pivotal factual and legal issues as soon as practicable," otherwise "substantial time may be wasted on claims subject to summary dismissal … and on discovery not relevant to the later-refined issues regarding liability or damages.  Defining the issues at an early stage may enable the court to structure the litigation so as to limit the scope and volume of discovery, reduce cost and delay, facilitate the prospects of settlement, and improve the trial.").

Due to the potential for considerable expense, courts routinely hold that a stay of discovery is appropriate where a motion to dismiss may be dispositive of antitrust claims. *See, e.g.*, *Actelion Pharms.*, 2013 WL 5524078, at *4 (granting motion to stay discovery, and noting that "discovery,

particularly in antitrust cases can be extremely expensive"); *McLafferty v. Deutsche Lufthansa A.G.,* 2008 WL 4612856, at *2 (E.D. Pa. Oct. 15, 2008) (granting motion to stay discovery pending decision on motion to dismiss where stay "may help to streamline the expensive discovery process, and, thereby, minimize the burden on counsel, parties and the Court"); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, 2011 WL 4345432, at *2 (N.D. Ind. Sept. 15, 2011) ("Discovery concerns are particularly great in antitrust litigation, where discovery 'can quickly become enormously expensive and burdensome to defendants.'") (internal citations omitted); *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (granting motion to stay discovery on antitrust and state law claims pending motion to dismiss, and noting that where "multiple independent theories of antitrust liability have been presented, the potential burden on defendants will likely be even higher, as the scope of discovery must be further broadened to encompass each type of anticompetitive action alleged"); *cf. Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 2010 WL 925864, at *2 (D. Del. Mar. 11, 2010) (granting Masimo's motions to bifurcate and stay discovery on Philips' antitrust counterclaims pending resolution of Masimo's patent claims and noting that "[m]ajor antitrust litigation is often enormously time-consuming") (internal quotation marks and citation omitted).

Indeed, the recognition that antitrust discovery is "a sprawling, costly, and hugely time-consuming undertaking" was a driving motivation of the Supreme Court in *Bell Atlantic Corp. v. Twombly* when it adopted the "plausibility" standard for Rule 12(b)(6) motions. 550 U.S. 544, 560 n.6 (2007). The Court observed: "it is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive." *Id.* at 558. As a result, the Supreme Court stressed that district courts ought to scrutinize the plausibility of the antitrust allegations before thrusting the parties, and the court, into

that expansive antitrust discovery. *Id.* ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitable costly and protracted discovery phase.") (quoting *Asahi Glass Co. v. Pentech Pharms., Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., by designation)).

### 3.  The Stay Will Simplify the Issues and the Trial of the Case

The Court must consider "whether a stay would simplify the issues and the trial of the case." *Actelion Pharms.*, 2013 2013 WL 5524078, at *5 (citation omitted). "Where a pending motion to dismiss" "may result in a narrowing or outright elimination of discovery[,]" "the balance [of competing interests] generally favors granting a motion to stay." *Weisman,* 1995 WL 273678, at *2. A stay of discovery is particularly justified at the motion to dismiss stage "where, if the motion is granted, discovery would be futile." *Mann*, 375 F. App'x. at 239. The Court need not "form an opinion as to the merits" of the pending motion to dismiss," *Actelion Pharms*., 2013 WL 5524078, at *5, and need only assess whether the pending dispositive motion "does not appear to be without foundation in law." *Victor v. Huber,* 2012 WL 2564841, at *2 (M.D. Pa. July 2, 2012) (citation omitted). Eliminating any burdens imposed on the Court as a result of discovery that may prove unnecessary also promotes the interest of judicial economy. *First Am.*, 2012 WL 769601, at *6; *see also McLafferty*, 2008 WL 4612856, at *2 ("[D]elaying discovery until the Court can determine whether or not Plaintiffs have pled the facts necessary to proceed with the claim, may help to streamline the expensive discovery process, and, thereby, minimize the burden on … the Court.").

Here, Apple has moved to dismiss Masimo's Antitrust and False Advertising Counterclaims in their entirety, on the basis of lack of standing, failure to state a claim under the antitrust and false advertising laws, and the drawing of an implausible relevant market and failure to establish market power. D.I. 40. If successful, Apple's motion to dismiss will render futile any

-8-

discovery into the Antitrust and False Advertising Counterclaims, simplify the issues before the Court, and expedite trial on the remaining claims.

> **4.     No Discovery Has Begun On The Antitrust Or False Advertising Claims, and No Trial Date Has Been Set**

Masimo filed its counterclaims on December 12, 2022.  Apple moved to dismiss on February 21, 2023.  Neither party has engaged in document production or discovery relating to the Antitrust and False Advertising Counterclaims.  There is no trial date set.  This factor favors entry of a stay.  *See Actelion Pharms.*, 2013 WL 5524078, at *6 ("With respect to whether discovery is complete and whether a trial date has been set, the Court notes that the case remains in its initial stages and no trial date has been set.  Moreover … no party has engaged in significant production or protracted motion practice.  Therefore, the Court finds this factor likewise favors entry of a stay.").

## CONCLUSION

For the foregoing reasons, Apple requests that the Court stay discovery on Masimo's Antitrust and False Advertising Counterclaims pending resolution of Apple's motion to dismiss.

Respectfully submitted,

OF COUNSEL:                                 POTTER ANDERSON & CORROON LLP

John M. Desmarais                          By:  */s/ Bindu A. Palapura*
Jordan N. Malz                                  David E. Moore (#3983)
Cosmin Maier                                    Bindu A. Palapura (#5370)
Kerri-Ann Limbeek                               Andrew L. Brown (#6766)
Jamie L. Kringstein                             Hercules Plaza, 6th Floor
DESMARAIS LLP                                   1313 N. Market Street
230 Park Avenue                                 Wilmington, DE  19801
New York, NY 10169                              Tel:  (302) 984-6000
Tel: 212-351-3400                               dmoore@potteranderson.com
                                                bpalapura@potteranderson.com
Peter C. Magic                                  abrown@potteranderson.com
DESMARAIS LLP
101 California Street                       *Attorneys for Plaintiff/Counter-Defendant*
San Francisco, CA 94111                    *Apple Inc.*
Tel: 415-573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  March 15, 2023
10687779 / 12209.00052