# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-1378-MN-JLH |
| ) | |
| MASIMO CORPORATION and ) | **JURY TRIAL DEMANDED** |
| SOUND UNITED, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| MASIMO CORPORATION and ) | |
| CERCACOR LABORATORIES, INC., ) | |
| ) | |
| Counter-Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| APPLE INC., ) | |
| ) | |
| Counter-Defendant. ) | |

## JOINT LETTER TO JUDGE HALL REGARDING PROPOSED SCHEDULING ORDER

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*

Dated: March 27, 2023
10705635 / 12209.00052

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
PHILLIPS MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
Tel: (302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendants Masimo Corporation and Sound United, LLC*

Re:     *Apple Inc. v. Masimo Corporation, et al*, C.A. No. 22-1378-MN-JLH

Dear Judge Hall:

Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple"), Defendant and Counterclaimant Masimo Corporation ("Masimo"), Defendant Sound United, LLC ("Sound United"), and Counterclaimant Cercacor Laboratories ("Cercacor" and, collectively with Masimo and Sound United, "Defendants") submit this joint letter addressing scheduling disputes.

### 1. Description of the Case

Apple filed this action in October 2022, alleging that Defendants' W1 watch infringes U.S. Patent Nos. 10,076,257; 10,627,783; 10,942,491; 10,987,054; 11,106,352; and 11,474,483 (collectively, "the Asserted Patents"). Defendants assert defenses of non-infringement, invalidity, and unenforceability, as well as patent infringement, false advertising, and antitrust counterclaims.

### 2. Scheduling Order Disputes

The parties have contradicting views regarding how this case (the "1378 Case") and another case between the parties (C.A. No. 22-1377-MN-JLH, hereinafter, the "1377 Case") should proceed and were not able to reach agreement on a schedule and discovery limits.

**Apple's Position**: The parties' scheduling disputes in the 1378 Case center on four issues. ***First***, the parties dispute whether Masimo's Antitrust, False Advertising, and Patent Infringement Counterclaims (collectively, the "Unrelated Counterclaims") should be severed from the 1378 Case and stayed. ***Second***, the parties dispute whether the 1377 Case and 1378 Cases should be consolidated. ***Third***, the parties dispute whether discovery should be staged for patent and antitrust claims in the event that the Court does not sever the Unrelated Counterclaims. ***Fourth***, the parties dispute various deadlines regardless of which claims go forward.

*a) Masimo's Unrelated Counterclaims should be severed and stayed.*

Severing Masimo's Unrelated Counterclaims and staying the patent infringement counterclaims will facilitate efficient case management, promote judicial economy, avoid complication of the issues, and minimize prejudice and unnecessary duplication. D.I. 35 at 1. Apple's patent infringement case should proceed on its own track—it concerns Masimo's W1 watch, whereas the Unrelated Counterclaims concern Apple's Watch and business practices. Accordingly, Apple proposes the schedule enclosed as Exhibit 1 in the event the Unrelated Counterclaims are severed. Should the Court disagree, Apple proposes the schedule enclosed as Exhibit 2, which sets forth a proposal for case proceeding with the Unrelated Counterclaims.

*b) The 1378 Case should not be consolidated with the 1377 Case.*

The 1378 Case and the 1377 Case should not be consolidated at least because: (1) there are substantial differences between Apple's claims in the 1378 Case and Apple's claims in the 1377 Case; (2) there are substantial differences between Apple's claims in the 1377 Case and Masimo's Counterclaims in the 1378 Case; (3) Masimo fails to demonstrate that consolidation is warranted; (4) consolidation would cause inefficiencies, expense, and inconvenience; and (5) consolidation would cause prejudicial delays, frustrate fundamental fairness, and subject Apple to additional, avoidable irreparable harm. *See* D.I. 75. If the Court decides to consolidate the 1378 Case with the 1377 Case, however, Apple proposes that the discovery limits in the 1378 Case be added to

The Honorable Jennifer L. Hall
March 27, 2023
Page 2

any discovery limits in the 1377 Case, and that the case proceed according to the applicable schedule proposed by Apple (Exs. 1, 2) subject to resolution of the motions in the 1377 case.

### c) Antitrust and False Advertising Discovery should be stayed.

The allegations in support of Masimo's Antitrust and False Advertising Counterclaims (Counterclaims 1 through 6, D.I. 15) are fatally deficient, and Apple respectfully submits that the Court should first assess the viability of those claims before burdening the parties and the Court with the expansive discovery they implicate. Apple has moved to dismiss Masimo's Antitrust and False Advertising Counterclaims in their entirety pursuant to Fed. R. Civ. P. 12(b)(6), including the *Walker Process* allegations that Masimo repeatedly uses as a hook to disrupt orderly and efficient case management. *See* D.I. 39. As set forth in Apple's motion to stay discovery, courts routinely stay discovery pending case-dispositive motions to dismiss like this. D.I. 59. Doing so here serves the interests of judicial economy, prevents an undue burden on Apple, and imposes no unfair prejudice on Masimo. *Id.*

### d) Apple proposes an efficient schedule for the case.

Apple's proposed schedule, and alternative schedule should the Court decide not to sever the Unrelated Counterclaims, moves the case forward at a reasonable pace—setting trial approximately two years from now compared to the nearly three-year track Defendants propose. Defendants' drawn-out schedule results from inefficiencies built into its proposal. As one example, under Defendants' proposal claim construction briefing would begin approximately one year after claim terms for construction are identified, and almost four months after the close of fact discovery. As another example, Defendants' proposal calls for a nearly five-month gap between identification of all accused products and final infringement contentions. Apple's proposal better balances the practicalities of complex litigation with the need for efficient case management, as compared to Masimo's proposal to resolve patent claims with a prolonged mega-proceeding.

**Defendants' Position**: Defendants' proposed schedule and discovery limits are detailed in its proposed Scheduling Order, attached as Ex. 3. While Judge Noreika's February 23, 2023 Oral Order has been modified, Defendants' proposed schedule follows the sequence of case events outlined in that Order: final contentions around the close of fact discovery, claim construction following the close of fact discovery, and expert reports following the claim construction hearing. Defendants submit that this sequence, particularly final contentions around the close of fact discovery and claim construction following the close of fact discovery, will help focus the claim construction disputes.

Apple proposes bifurcating damages and staging discovery between Masimo's antitrust and false advertising claims, on the one hand, and all other claims and defenses, on the other hand. Defendants submit that no bi-furcation or staging is necessary or warranted.

Defendants also submit that the parties' companion case, the 1377 Case, should be consolidated with this case, and Defendants filed a Motion to Consolidate. D.I. 47. Both cases were filed on the same day, in the same court, against the same defendants, accusing the same product (Masimo's W1 health watch) of patent infringement. Apple's Apple Watch also bears on the claims and counterclaims in both cases, and Masimo's antitrust counterclaims include *Walker Process* claims based on Apple's inequitable conduct in procuring patents asserted in both cases.

The Honorable Jennifer L. Hall
March 27, 2023
Page 3

Every claim in each case involves either Masimo's W1 or Apple's Apple Watch, and most claims implicate both. Defendants submit that a consolidated case can proceed on the same schedule Defendants outline in its proposed Scheduling Order, Ex. 3.

Apple's Motion to Expedite and Motion to Sever and Stay should be denied. Through its motions, Apple seeks to (1) expedite discovery and trial in the 1377 Case; (2) proceed with separate discovery and a *second* trial on its utility patents targeting the same Masimo products in this case; (3) proceed with separate discovery and a *third* trial on Masimo's antitrust and false advertising counterclaims in this case; and (4) stay and then, at some undetermined date, proceed with separate discovery and a *fourth* trial on Masimo's patent counterclaims in this case. Apple's proposal is highly prejudicial and inefficient, and it would waste the Court's resources by unnecessarily complicating and amplifying proceedings on related patents, products, and claims. See D.I. 45.

Masimo's counterclaims overlap with Apple's patent-infringement claims and should not be severed. Each of the antitrust, false advertising, and patent-infringement claims focuses on the Apple Watch and Apple's market position. Moreover, Masimo's *Walker Process* antitrust counterclaims are expressly based on Apple's assertion of its fraudulently procured patents in this case. In fact, Apple's proposal to conduct a first trial on Apple's patent claims and a second trial on Masimo antitrust counterclaims threatens to violate Masimo's Seventh Amendment right to a jury trial on its *Walker Process* claims. *See* D.I. 45.

Finally, Defendants also respectfully request an opportunity to revise their Proposed Scheduling Order once the Court issues its rulings on the pending motions and scheduling disputes.

### 3. Other Issues

**Apple's Position**: Apple disagrees with Masimo's proposal that all discovery and testimony from the CDCA and ITC cases "be available" for use in this case. Masimo has not demonstrated that such broad discovery would be relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b). For example, the CDCA case involves trade secret claims not at issue here. Apple expressed willingness to consider cross-use of any relevant materials on a subject matter basis, but Masimo has made no such proposal.

**Defendants' Position**: *Cross-Use*. Assuming no consolidation, Defendants also propose that discovery and testimony from the 1377 Case should be available for all uses in this case, and discovery and testimony from this case should be available for all uses in the 1377 Case. Moreover, the parties are involved in two other actions: Case No. 20-cv-00048-JVS-JDE pending in the District Court for the Central District of California and Inv. No. 337-TA-1276 pending before the U.S. International Trade Commission ("Additional Actions"). Masimo also proposes that the parties agree that all discovery and testimony in the Additional Actions be available for all uses in the 1377 and 1378 Cases.

Respectfully,

*/s/ David E. Moore*

David E. Moore

The Honorable Jennifer L. Hall
March 27, 2023
Page 4


DEM:nmt/10705635/12209.00052

Enclosures
cc: Clerk of Court (via hand delivery)
 Counsel of Record (via electronic mail)