## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

APPLE INC.,

        *Plaintiff*,

v.

MASIMO CORPORATION and
SOUND UNITED, LLC,

        *Defendants*.

Civil Action No. 22-1378-MN-JLH

## DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Benjamin A. Katzenellenbogen
Stephen W. Larson
Jared C. Bunker
Matthew Pham
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404 Telephone
(949) 760-9502 Fax
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
jared.bunker@knobbe.com
matthew.pham@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Fax
brian.horne@knobbe.com

Adam Powell

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

Dated: March 29, 2023

KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

## TABLE OF CONTENTS

**Page No.**

INTRODUCTION ............................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ......................................2

SUMMARY OF ARGUMENTS ....................................................................2

STATEMENT OF FACTS .............................................................................4

LEGAL STANDARDS ..................................................................................6

ARGUMENT ..................................................................................................7

I.      A Proper Balancing Based on the Totality of Circumstances Shows a Partial
        Stay of Discovery is Not Warranted ........................................................7

II.     Masimo Will Be Unduly Prejudiced by a Partial Stay of Discovery Directed
        Only to Masimo's Antitrust and False-Advertising Counterclaims ...........10

        A.      Apple's Tactical Advantage Will Prejudice Masimo .....................10

        B.      The Competitive Relationship Between Apple and Masimo Further
                Shows the Prejudice to Masimo Caused by Staying Discovery
                Concerning Its Counterclaims......................................................11

III.    Apple Fails to Show Substantial Burden without a Stay ..............................13

IV.     The Simplification Factor Does Not Favor of a Stay ..................................15

        A.      A Stay Preceding Denial of Apple's Motion to Dismiss Risks
                Substantial Unfairness in a Timely Resolution of Masimo's
                Counterclaims ............................................................................16

        B.      A Stay Preceding Denial of Apple's Motion to Dismiss Risks
                Depriving Masimo of Seventh Amendment Rights..........................16

V.      Viewed in the Context of the Overall Dispute Between the Parties, This is
        Not a Case Where the Early Stage of Proceedings Favors a Partial Stay......17

CONCLUSION ...............................................................................................18

# TABLE OF AUTHORITIES

**Page No(s).**

*Adriana Castro, M.D., P.A. v. Sanofi Pasteur Inc.*,
Civ. No. 11-7178, 2012 WL 12918261 (D.N.J. July 18, 2012)......................................9, 18

*Beacon Theatres, Inc. v. Westover*,
359 U.S. 500 (1959).................................................................................................17

*British Telecommcns PLC v. IAC/InterActiveCorp*, C.A.
No. 18-366-WCB, 2020 WL 5517283 (D. Del. Sept. 11, 2020) .........................................6

*Cipla USA, Inc. v. Ipsen Biopharmaceuticals, Inc.*,
No. CV 22-552-VAC-SRF, 2022 WL 3139096 (D. Del. Aug. 5, 2022) .................6, 11, 17

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*,
734 F. Supp. 656 (D. Del. 1990)...............................................................................6

*DSM Desotech Inc. v. 3D Systems Corp.*,
2008 WL 4812440 (N.D. Ill. Oct. 28, 2008).......................................................13

*Gold v. Johns-Manville Sales Corp.*,
723 F.2d 1068 (3d Cir. 1983).................................................................................7

*ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*,
No. CA 12-054-GMS-MPT, 2012 WL 3866677 (D. Del. Sept. 4, 2012)
report and recommendation adopted in part, rejected in part,
No. CIV.A. 12-054-GMS, 2012 WL 5599338 (D. Del. Nov. 15, 2012) .................7, 11, 12

*Nexans Inc. v. Belden Inc.*,
No. CV 12-1491-SLR-SRF, 2014 WL 651913 (D. Del. Feb. 19, 2014) ...................11, 121

*Kaavo Inc. v. Cognizant Tech. Sols. Corp.*,
No. CV 14-1192-LPS-CJB, 2015 WL 1737476 (D. Del. Apr. 9, 2015)....................*passim*

*SenoRx, Inc. v. Hologic, Inc.*,
No. CIV.A. 12-173-LPS, 2013 WL 144255 (D. Del. Jan. 11, 2013) ..................................8

*Walker Process Equip. v. Food Mach. & Chem. Corp.*,
382 U.S. 172 (1965)........................................................................................4, 5, 12

*Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*,
No. CV 17-1687-LPS-CJB, 2019 WL 126192 (D. Del. Jan. 8, 2019) ................8, 9, 10, 17

## INTRODUCTION

Through its recent barrage of pending motions in both of its patent-infringement cases against Masimo, Apple makes clear it is maneuvering to insulate its patent-infringement claims from the damaging facts that will arise from Masimo's counterclaims. Apple's attempt to seek a partial stay on Masimo's counterclaims is just one more attempt by Apple to gain that tactical advantage.

Apple has already filed a motion to expedite trial in the companion case. Apple now files the present Motion in this case to block Masimo from even beginning to take discovery concerning Apple's improper and actionable conduct underlying Masimo's counterclaims. Apple thereby hopes to shield its design-patent infringement claims from damaging facts that show, as just a few examples, that Apple is improperly suppressing competition in the health-watch market by asserting patents obtained through fraud and falsely advertising the accuracy and reliability of Apple Watch's blood oxygen measurements. D.I. 15 ¶¶ 205-207. Apple should not be permitted to expedite its assertion of fraudulently obtained patents and its attempt to exclude Masimo's W1, while substantially delaying Masimo's counterclaims showing why Apple's unlawful patent suits and other conduct threatens to harm competition and consumers.

With little regard for the Court's case load, and through a series of resource-sapping motions, Apple engages in a "me-first" scheme to prioritize its own claims, and to shield those claims by slowing and blocking Masimo's counterclaims and defenses. The stay Apple seeks on this Motion creates a tactical advantage that highly prejudices Masimo. Apple fails to address considerations of efficiency and consistency in litigating and deciding myriad overlapping issues across the parties' cases and gives little thought to the Court's just and equitable management of the overall dispute.

As the following arguments make clear, a fair balancing of the totality of the circumstances demonstrates that a partial stay of discovery is unwarranted.  The Court should deny Apple's Motion.

## NATURE AND STAGE OF THE PROCEEDINGS

Apple filed this case and a companion case, Civil Action No. 22-1377, on October 20, 2022.  Apple asserts multiple utility patents in this case and multiple design patents in the companion case.  Masimo filed its answer and counterclaims in both cases on December 12, 2022. In this case, Masimo counterclaimed for antitrust violations, false advertising, and patent infringement.

In its companion case, Apple moved for expedited discovery and threatened to move for a preliminary injunction.  The Court denied the motion for expedited discovery, and Apple never moved for a preliminary injunction.  Instead, Apple filed a motion seeking an expedited trial, and, in this case, moved (1) to sever Masimo's false advertising and antitrust claims, and (2) to stay Masimo's patent infringement claims.  Further in this case, Apple now moves to stay discovery on Masimo's antitrust and false advertising counterclaims.

## SUMMARY OF ARGUMENTS

1.     Considered along with Apple's additional pending motions, a partial stay of discovery of Masimo's antitrust and false-advertising counterclaims gives Apple an unfair tactical advantage by delaying Masimo's discovery and development of key counterclaims, while Apple moves in parallel to expedite trial of its own design-patent infringement claims.  That tactical advantage unduly prejudices Masimo.

2.     Because the Masimo W1 watch and the Apple Watch compete in the health-watch market, any delay in adjudicating Masimo's antitrust and false-advertising counterclaims will

prejudice Masimo by (1) permitting Apple to assert fraudulently obtained patents to try to exclude Masimo's W1, while delaying Masimo's counterclaims alleging that *same conduct* constitutes classic anticompetitive conduct, (2) allowing Apple to continue its exercise of monopolistic power to harm competition and consumers, particularly by excluding Masimo's W1 watch at a critical juncture in the health-watch market, and (3) allowing Apple to continue falsely promoting the Apple Watch as having reliable and accurate biological sensing features, while its failure to deliver on those false promises taints consumers' experience and perception of health watches and threatens to erode and destroy demand for Masimo's W1 watch.  Given Masimo's competitive relationship with Apple, delaying adjudication of Masimo's counterclaims unduly prejudices Masimo.

3.     Apple has failed to specifically identify even one discovery burden it will suffer before the Court rules on its motion to dismiss.  Masimo's presently served interrogatories and requests for production relate to proof of patent infringement and related damages, and Apple's obligation to provide responsive information and materials is not relieved by the partial stay it seeks which is limited to Masimo's antitrust and false-advertising counterclaims.  Apple has not shown it will be substantially burdened without a partial stay of discovery.

4.     If the Court denies the underlying motion to dismiss, no efficiency will have been gained and nothing about this case or the parties' overall dispute will have been simplified, even if the denial is preceded by a partial stay of discovery.  Instead, a stay will only delay discovery and development of Masimo's counterclaims creating a high risk of placing the counterclaims on a separate and slower track for adjudication which prejudices Masimo.  In assessing whether a stay is warranted, the Court should consider all possible outcomes of the underlying motion to dismiss without weighing their merit.  Because denial of the motion to dismiss results in no simplification

or efficiency, but instead creates disarray in sequencing and timely resolution of issues, the simplification factor does not favor a stay.

5.      Apple filed two patent-infringement lawsuits against Masimo and asserted multiple patents in each case.  In addition to its antitrust and false-advertising counterclaims, Masimo also filed patent-infringement counterclaims and declaratory judgment counterclaims of invalidity and unenforceability.  Given the breadth of the overall dispute between the parties, this is not a case where the early stage of the proceedings favors a stay, because the parties and the Court can reasonably be expected to expend significant resources regardless of a partial stay of discovery concerning Masimo's antitrust and false-advertising counterclaims.

6.      Careful assessment of the pertinent factors and the totality of circumstances in the overall dispute between the parties shows that Apple cannot satisfy its burden to show that a partial stay of discovery is warranted.

## STATEMENT OF FACTS

Apple filed the present lawsuit asserting six utility patents against Masimo's W1 health watch.  D.I. 1 ¶¶ 41–145.  Apple filed a companion lawsuit in this Court accusing the same W1 of infringing four Apple design patents ("Companion Case").  Case No. 1:22-cv-01377, D.I. 1 ¶¶ 41–68.  In both lawsuits, Masimo asserts defenses alleging that Apple obtained many of its asserted utility and design patents through fraud at the Patent Office.  D.I. 15 at 17 (Second Defense) and Counterclaims ¶¶ 75–141; Case No. 1:22-cv-01377, D.I. 31 at 11–33 (Second Defense).

In the present lawsuit, Masimo relies on the same fraud allegations to support its *Walker Process* antitrust counterclaims.  D.I. 15 Counterclaims ¶¶ 6, 205, 237–254.  Masimo alleges Apple is engaging in classic anticompetitive conduct by asserting fraudulently obtained patents in an attempt to exclude Masimo from the developing health-watch market.  *Id.* ¶ 6.  Masimo's antitrust

allegations overlap with Masimo's inequitable conduct defenses in both lawsuits and are based on Apple's fraudulent assertion of patents in both lawsuits. However, Masimo filed its antitrust counterclaims in the present lawsuit only. Masimo did so to avoid duplication pending Masimo's forthcoming motion to consolidate.

Masimo's inequitable conduct defenses and *Walker Process* counterclaims allege Apple withheld from the Patent Office multiple prior art references it knew were material to patentability. *Id*. ¶¶ 115–141. Apple had deep knowledge of these references because Apple asserted the same references against Masimo and other medical devices companies in multiple litigations. *Id*. ¶¶ 115, 126–129, 136–139. Apple also applied for design patents claiming designs that Apple knew were functional, non-ornamental and not patentable subject matter, as documented in an earlier-filed Apple utility patent. *Id*. ¶¶ 75–100. Apple further concealed the true inventors of the claimed designs. *Id*. ¶¶ 101–114.

In the present lawsuit, Masimo also asserts false advertising claims alleging that Apple has misrepresented to the public the capabilities of the Apple Watch with respect to the blood oxygen, irregular rhythm notification, and ECG features, thereby harming the reputation of such technologies in the minds of many consumers. *Id*. ¶¶ 143–165, 255–287. Masimo relies on these same allegations to support its antitrust counterclaims. *Id*. ¶¶ 8, 207, 237–254. Also, in the present lawsuit, Masimo further asserts patent infringement counterclaims alleging Apple infringes ten Masimo patents relating to non-invasive monitoring of physiological parameters. *Id*. ¶¶ 288–377.

Apple has filed motions to dismiss in both cases. In the Companion Case, Apple seeks to dismiss Masimo's counterclaim-count III for declaratory judgment of unenforceability due to inequitable conduct and to strike Masimo's Second Defense of unenforceability due to inequitable conduct. Case No. 1:22-cv-01377 D.I. 54 at 1. In this case, Apple seeks to dismiss Masimo's

counterclaim-counts I-VI, X, XII, XIV-XVI, XXIX, XXX, XXXI, (including Masimo's antitrust and false-advertising counterclaims) and to strike Masimo's Second Defense of inequitable conduct. D.I. 39 at 1. Apple also seeks to sever Masimo's antitrust, false advertising, and patent infringement counterclaims, D.I. 35 at 1, and also to stay five of Masimo's patent infringement counterclaims, *Id.*

Separately, in the Companion Case, Apple moved to expedite discovery and trial.  Case No. 1:22-cv-01377, D.I. 44 at 1.  In this case, Apple now moves for a partial stay of discovery as to Masimo's counterclaim-counts I-VI pending resolution of Apple's motion to dismiss.

## LEGAL STANDARDS

This Court typically considers "three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, No. CV 14-1192-LPS-CJB, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015). "However, consideration of these factors 'is not a rigid template for decision[,]' and the court retains discretion to ***consider the totality of circumstances*** 'beyond those captured by the three-factor stay test.'" *Cipla USA, Inc. v. Ipsen Biopharmaceuticals, Inc.*, No. CV 22-552-VAC-SRF, 2022 WL 3139096, at *1 (D. Del. Aug. 5, 2022)*. (emphasis added) (citing *British Telecommcns PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2020 WL 5517283, at *5 (D. Del. Sept. 11, 2020)).

In evaluating whether a requested stay unduly prejudices the non-movant, courts consider whether there is ***even a possibility*** of damage.  *Dentsply Int'l, Inc. v. Kerr Mfg. Co*., 734 F. Supp. 656, 658 (D. Del. 1990) (In assessing whether a stay is warranted, and in maintain an even balance

in weighing competing interests, "the Court must consider whether 'there is even a fair possibility' that the stay would work damage on another party.") (citing *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983). The relationship between the parties is particularly important as courts are reluctant to grant a stay when the movant competes with the non-movant. *See ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, No. CA 12-054-GMS-MPT, 2012 WL 3866677, at *4 (D. Del. Sept. 4, 2012), report and recommendation adopted in part, rejected in part, No. CIV.A. 12-054-GMS, 2012 WL 5599338 (D. Del. Nov. 15, 2012).

## ARGUMENT

### I.    A Proper Balancing Based on the Totality of Circumstances Shows a Partial Stay of Discovery is Not Warranted

Despite citing legal guidance that the Court should consider the "totality of the circumstances," Apple fails to do so. D.I. 59 at 9. With no genuine analysis of prejudice to Masimo, Apple's entire argument for a stay can be summed up as follows: Apple will be burdened without a stay, a stay will simplify issues, and the early stage of litigation favors a stay. D.I. 59 at 10-14. But Apple bears the burden on this Motion. A more careful review of the stay factors, particularly the prejudice to Masimo, and a fair balancing based on the totality of the circumstances, particularly the fair and equitable management of the overall dispute, show that Apple has failed to meet its burden to show that a stay is warranted.

First, Apple gives no attention to the full extent of the dispute between the parties or to the inefficient and impractical disarray threatened by a partial stay of discovery, including placing the complex infringement and antitrust issues on separate schedules for discovery and trial. Second, when considering potential simplification, Apple improperly narrows its analysis by addressing only presumed circumstances tied to the Court ***granting*** Apple's motion to dismiss. But as another court in this District has explained, "in considering the prospects for simplification, our Court has

assessed all of the possible outcomes of the proceeding or inquiry that the case would be stayed in favor of – not just the potential outcome most favorable to the party seeking the stay." *Kaavo*, 2015 WL 1737476, at *2 (citing *SenoRx, Inc. v. Hologic, Inc.*, No. CIV.A. 12-173-LPS, 2013 WL 144255, at *3 (D. Del. Jan. 11, 2013)).

The recent *Westinghouse* decision well illustrates the importance of considering the totality of the circumstances, and, where pertinent, the larger dispute between the parties, as well as considering all possible outcomes of an underlying motion to dismiss. In *Westinghouse*, the court reviewed a request for a stay in a "larger dispute" nearly identical in scope to the present case. Like Apple here, Westinghouse filed two different multi-patent cases in this District against Siemens. *Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*, No. CV 17-1687-LPS-CJB, 2019 WL 126192, at *2 (D. Del. Jan. 8, 2019). Siemens sought leave to add antitrust counterclaims and also sought to commence discovery on those counterclaims. *Id*. at *1.

In considering the significance of the antitrust counterclaims to the overall dispute, the court granted leave to add the counterclaims. *Id*. Westinghouse interjected that because it intended to file a motion to dismiss the antitrust counterclaims, it would be inappropriate and inefficient to permit discovery on the counterclaims. *Id*. The court disagreed and ordered that "discovery on all claims and counterclaims will proceed unless and until any such motion [to dismiss or sever] is granted or other relief is ordered." *Id*. Westinghouse then proceeded to file a motion to dismiss the antitrust counterclaims, and also, like Apple here, filed a motion to stay discovery on the antitrust counterclaims pending the court's ruling on the motion to dismiss.

In deciding Westinghouse's request to stay discovery on the antitrust counterclaims, the court stated that "such stays are not always the right course, even in cases involving antitrust claims," and emphasized that the court "must also be mindful of its responsibility to keep its docket

moving, so that it can provide litigants with timely and effective resolution of their claims." *Id.*
(citing *Adriana Castro, M.D., P.A. v. Sanofi Pasteur Inc.*, Civ. No. 11-7178, 2012 WL 12918261,
at *2 (D.N.J. July 18, 2012)).

In denying Westinghouse's motion to stay discovery, the court gave particular attention to
the scope of the dispute and to the court's "need to keep this case moving forward, in light of the
parties' particular litigation history:"

> The counterclaims at issue are just one front of a larger battle between Plaintiff and
> Defendant—a battle that spans two different civil cases in this District (this action
> and Civil Action Number 16-284-LPS ("the 284 Action")), which also involve
> affirmative claims of patent infringement brought by both sides regarding a
> significant number of patents. It is a careful balance to keep all of these cases and
> issues moving forward in a just and equitable manner, and the District Court clearly
> felt that staying discovery as to the counterclaims pending the resolution of the
> motions to dismiss and sever was not the right way to strike that balance.

*Id.* at *2.  The court's decision to deny the partial stay of discovery plainly centered on providing
litigants with timely and effective resolution of their claims and on keeping issues moving forward
in a just and equitable manner.  Those are not the concerns of a court focused only on the
circumstances flowing from the ***grant*** of a motion to dismiss; rather, those are the concerns of a
court that is considering ***all possible outcomes on the motion to dismiss***, including the effect the
stay will have on the overall litigation if the underlying motion to dismiss is ***denied***.

As in the *Westinghouse* case, the dispute here involves two patent-infringement cases filed
by Apple.  Like *Westinghouse*, each of Apple's cases involves multiple patents, and like the
defendant in *Westinghouse*, Masimo pleads antitrust counterclaims.  Masimo also pleads patent
infringement counterclaims.

As the *Westinghouse* decision shows, a fair balancing of the totality of the circumstances
must weigh the possibility that Apple's motion to dismiss is denied and hence weigh the
consequent risks of (1) unfairness in the length of discovery periods for Masimo's counterclaims

versus other claims for which discovery is not stayed, (2) unfairness in sequencing other claims for trial before Masimo's counterclaims, and (3) unfairness in unduly extending the overall litigation. As explained below, Masimo respectfully submits that the reasoning in *Westinghouse* should apply here, and the Court should deny Apple's request for a partial stay of discovery. And denial is all the more appropriate given the tactical advantage a stay will provide Apple and the competitive relationship between Apple and Masimo.

## II.    Masimo Will Be Unduly Prejudiced by a Partial Stay of Discovery Directed Only to Masimo's Antitrust and False-Advertising Counterclaims

Considering the larger dispute between the parties, there can be no question that Apple's filing of this Motion creates a ***tactical advantage*** for Apple. On top of that, ***competition*** between Apple Watch and Masimo W1 is a primary focus of the parties' respective claims and counterclaims in both of Apple's cases. Taken separately, tactical advantage and competition each demonstrate prejudice to Masimo. Taken together, they weigh heavily against a stay. Apple fails to address either one.

### A.    Apple's Tactical Advantage Will Prejudice Masimo

Apple filed this motion in furtherance of a tactical advantage. Apple's motion to expedite discovery and trial on its design-patent infringement claims shows a "me-first" strategy to push its own claims to trial before Masimo's. *See* C.A. No. 22-1377, D.I 6, D.I. 44. Apple further asks the Court to limit Masimo to ten weeks of fact discovery, half the interrogatories and fact depositions provided under the Federal Rules, and eight hours of trial testimony. *See* C.A. No. 22-1377, D.I. 45 at 19; *see also id*. at 19 n.8. Now, on this Motion, Apple seeks to stay discovery concerning Masimo's counterclaims to further its tactical advantage by halting Masimo's discovery and development of critical counterclaims and defenses, including claims based on Apple's varied and improper uses of monopolistic power and its false promotion of the Apple

Watch as accurately and reliably measuring blood oxygen levels. *See* D.I. 15 ¶¶ 206-207. That tactical advantage flowing from this Motion will plainly prejudice Masimo. *Kaavo*, 2015 WL 1737476, at *4.

> **B.** **The Competitive Relationship Between Apple and Masimo Further Shows the Prejudice to Masimo Caused by Staying Discovery Concerning Its Counterclaims**

Delay caused by a stay inherently harms the non-moving party. *Cipla*, 2022 WL 3139096, at *3. However, such delay becomes prejudicial when the movant and non-movant are in a competitive relationship. *ImageVision*, 2012 WL 3866677, at *4-5 (finding "[t]he element of direct competition strongly favors denying IPX's motion for a stay," and denying the motion because "the interests in proceeding with the litigation outweigh any basis for a stay in this action."). As Masimo alleges, Apple is presently engaged in many forms of improper and actionable conduct "in an attempt to prevent Masimo's recently released consumer physiological monitoring watch (the Masimo W1) from competing against the Apple Watch," including, for example, by asserting "patents it knowingly obtained through fraud in an attempt to exclude the Masimo W1 from the market." D.I. 15 at 20-21. Moreover, in Apple's motion to expedite trial of its design-patent claims, Apple expressly relies on competition from Masimo's W1 watch to argue irreparable harm to the Court. C.A. No. 22-1377, D.I. at 2. And indeed, the parties each contend that the other's watch embodies its intellectual property protected in numerous patents. "Courts have recognized that when the parties are direct competitors, there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill." *Kaavo*, 2015 WL 1737476, at *3 (citing *Nexans Inc. v. Belden Inc.*, No. CV 12-1491-SLR-SRF, 2014 WL 651913, at *3 (D. Del. Feb. 19, 2014)). "Even in cases where there are a fair number of other competitors in the market, so long as plaintiff and defendant were joint

market participants and engaged in some demonstrated level of competition, other courts in this District tend to find that some amount of potential undue prejudice was at play." *See id*.

As courts in this District recognize, any delay in adjudicating Masimo's counterclaims will have outsized consequences to Masimo. *Se*e *Kaavo*, 2015 WL 1737476, at *3 (citing *Nexans*, 2014 WL 651913, at *3). The consequences of delay in adjudicating Masimo's antitrust counterclaim include that Apple will be permitted to prioritize its assertion of fraudulently obtained patents to exclude Masimo's W1, while delaying Masimo's counterclaims alleging that ***same conduct*** constitutes classic anticompetitive conduct under *Walker Process Equip. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 173–74 (1965). Apple's exercise of monopolistic power will harm competition and consumers, particularly by excluding Masimo's W1 at a critical juncture in the health-watch market. *See* D.I. 15 ¶¶ 7-12, 183-215.

Moreover, delay in adjudicating Masimo's false advertising counterclaim will also have additional outsized consequences to Masimo. Apple promotes the Apple Watch as having reliable and accurate biological sensing features, but it dramatically fails to deliver on those false promises. This failure taints consumers' experience and perception of health watches, which threatens to erode and destroy demand for Masimo's W1 watch. *See* D.I. 15 ¶¶ 86-95. Delaying adjudication of both counterclaims works undue prejudice to Masimo on multiple fronts, ensuring that the Apple Watch dominates the market, while at the same time eroding the demand for watches with biological sensing features. While Apple cites *ImageVision* in its brief, Apple ignores its pertinent guidance that in considering a stay request, "the relationship between the parties is '[o]f particular importance' because '[c]ourts are generally reluctant to stay proceedings where the parties are direct competitors.'" *ImageVision*, 2012 WL 3866677, at *4.

### III.     APPLE FAILS TO SHOW SUBSTANTIAL BURDEN WITHOUT A STAY

Apple argues hardship in broad and speculative strokes but fails to identify any actual hardship it will experience without a stay.  In the *DSM Desotech* case cited by Apple, D.I. 59 at 12, the court acknowledged hardship when the stay movant was able to specifically identify pending and burdensome discovery requests.  *DSM Desotech Inc. v. 3D Systems Corp*., 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008).  For example, the movant explained with specificity that without a stay, pending discovery requests would require it to produce onerous business records for a span of at least eight years of activity, including (1) every sales contract for four different stereolithography machines, (2) every sales and marketing document for all stereolithography machines, (3) large categories of third-party contracts, (4) technical designs, manufacturing drawings and test results, (5) complex financial records and reports, (6) vast amounts of customer data, including every piece of communication with customers and potential customers, as well as other internal communications—information that is voluminous, expensive to produce, and highly sensitive to turn over to a competitor.  *Id*.

Here, in contrast, Apple has failed to identify even one discovery-based hardship it will experience without a stay and before the Court rules on its motion to dismiss.  On March 16, 2023, Masimo served 5 interrogatories and 48 requests for production, all of which relate to patent infringement claims.  Some of Masimo's requests for production call for materials that also have relevance to Masimo's antitrust and false-advertising counterclaims, but each of those requests also directly relates to Apple's infringement claims.  For example, Masimo requests:

- All documents, communications, and things that support or rebut Your contentions as to the relevant ***market or markets*** in which Apple, Masimo, and Sound United compete, including the alleged markets referenced in your allegations that "the Apple Watch revolutionized the consumer watch market," Dkt. 1 ¶ 21, "Masimo copied Apple Watch and brought carefully

timed lawsuits to try to kick Apple out of the market," Dkt. 1 ¶ 22, and Masimo purportedly embarked on a strategy to "remove Apple Watch from the market and make way for Masimo's own watch," Dkt. 1 ¶ 31 (RFP 34);

- All documents, communications, and things that support or rebut Your contentions regarding the ***performance*** of the Apple Watch in measuring physiological parameters, including all documents, communications, and things that support or rebut your allegation that the Apple Watch "enable[s] measurement of health and wellness metrics such as heart rate, blood oxygen, and even electrocardiogram (ECG)," Dkt. 1 ¶ 16, and "introduce[d] new capabilities, such as advanced fitness tracking and health metrics including heart health, sleep, women's health, and mobility," Dkt. 1 ¶ 15.

Horne Decl., Ex. 1 at 10, 11.[1]  As demonstrated above, Masimo's request for documents regarding the alleged markets, or the performance of the Apple Watch, while relevant to Masimo's antitrust and false advertising claims, are also directly relevant to Apple's patent infringement claims— indeed Masimo's requests seek information regarding ***specific allegations in Apple's complaint***. Thus, whatever burden Apple might presently bear concerning presently served discovery is not a burden that can be deemed relieved by the partial stay of discovery Apple seeks here.  Instead, Apple's proposed stay will cause needless disputes regarding the scope of discovery that has not been stayed.

Additionally, Apple does ***not*** seek to stay discovery on Masimo's counterclaims (Counts 29-31) for declaratory judgment of patent unenforceability due to inequitable conduct.  D.I. 15 ¶¶ 438-49.  Thus, to the extent presently-served or later-served discovery requests information related, *inter alia*, to (1) disclosures or claims in Apple's asserted patents, (2) filing and prosecution

---

[1] Exhibits are appended to the declaration of Brian Horne, filed concurrently herewith.

of those patents, (3) inventorship of claimed subject matter in those patents, and/or (4) conduct, knowledge or mental state of those involved in prosecution of those patents, then any burden Apple might experience in complying with such discovery is not a burden that can be deemed relieved by the requested partial stay.[2]

## IV.    THE SIMPLIFICATION FACTOR DOES NOT FAVOR OF A STAY

As another court in this District explains, "[i]n considering the prospects for simplification, our Court has assessed all of the possible outcomes of the proceeding or inquiry that the case would be stayed in favor of—not just the potential outcome most favorable to the party seeking the stay." *Kaavo*, 2015 WL 1737476, at *2.  Moreover, in assessing a stay request, courts refrain from weighing the merit of such proceeding or inquiry.  *Id*. at *2 n.4

In assessing simplification, Apple focuses its entire argument on only one outcome: that the Court ***grants*** its motion to dismiss.  Apple fails to address the outcome where the Court ***denies*** the motion to dismiss.  If the Court were to grant the partial stay requested on this Motion but deny the motion to dismiss, there will have been no efficiency gained and no simplification whatsoever. Instead, because Apple seeks only a partial stay of discovery—as to Masimo's antitrust and false-advertising counterclaims only—a denial of the motion to dismiss simply leaves Masimo's counterclaim discovery, and indeed development of key defenses, lagging behind the discovery and development of the patent infringement claims.  It is hard to envision case management that would adequately remedy that fundamental unfairness without creating further disarray and delay.

---

[2] Even if Apple had included Masimo's counterclaim counts for declaratory judgment of unenforceability in its requested stay, which it did not, Apple's request should be rejected.  Staying Masimo's unenforceability counterclaims can only be seen as further tactical advantage, prejudicial to Masimo, and a further attempt to improperly shield litigation of Apple's patent-infringement claims from damaging facts regarding the named inventors' and Apple's Chief IP Counsel's fraudulent conduct.

For example, as addressed below, Masimo should not have to play "catch-up" in discovery and development of its antitrust and false-advertising counterclaims, nor should it be deprived of fundamental Seventh Amendment rights in the sequencing of issues to be tried.

**A.   A Stay Preceding Denial of Apple's Motion to Dismiss Risks Substantial Unfairness in a Timely Resolution of Masimo's Counterclaims**

As Apple's most recent filings confirm, unfair sequencing of Masimo's counterclaims is precisely what Apple intends.  Indeed, just days ago as of this writing, Apple submitted a schedule proposing that, subject to its motion to sever Masimo counterclaims, document production for patent-infringement claims be completed seven months earlier than document production for Masimo's antitrust and false-advertising counterclaims.  D.I. 66 Ex. 2 at 15-16.  Apple also proposes closing fact discovery for patent-infringement claims five months earlier than discovery for Masimo's antitrust and false-advertising counterclaims.  *Id*. Ex. 2 at 16. Apple's schedule unquestionably places Masimo's counterclaims on a slower discovery track.  For expert discovery, Apple proposes **the same** expert report deadlines for patent infringement claims and Masimo's antitrust and false-advertising counterclaims, giving Masimo **five months less time** to prepare expert reports for those counterclaims.  As for trial, Apple suggests the possibility of a **separate trial** if the issues include those counterclaims.  *Id*. Ex. 2 at 14 n.3.  Denying this Motion minimizes risk of such disparity in scheduling.

**B.   A Stay Preceding Denial of Apple's Motion to Dismiss Risks Depriving Masimo of Seventh Amendment Rights**

As Masimo has pointed out in its pending motion to consolidate, this case should not be sequenced to decide Masimo's antitrust counterclaim (and the included inequitable conduct component) at a time later than the patent infringement claims.  C.A. No. 22-1377, D.I. 62 at 11-12.  Such sequencing threatens to violate Masimo's Seventh Amendment right to have a jury decide its antitrust counterclaim before entry of final judgment on Apple's patent-infringement

claims in the companion case.  *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–511 (1959); *see also* C.A. No. 22-1377, D.I. 62 at 11.  Denial of the stay request will help to ensure that the claims and counterclaims remain on the same track and help to avoid prejudice in sequencing the issues to be tried.

In considering the simplification factor, a fair balancing of the possible outcomes of the underlying motion to dismiss demonstrates that the potential for simplifying issues is a wash at best.  That is because denial of the motion to dismiss would result in no efficiency gain and no simplification of issues, and if preceded by a partial stay of discovery, would only cause unfairness and disarray, particularly in managing the parties' overall dispute as understood by the court in the *Westinghouse* decision discussed above.  *See Cipla*, 2022 WL 3139096, at *2 (finding the simplification factor does not weigh heavily for or against a stay because "[w]hile the case would be "greatly simplified" if the motion to dismiss is granted, 'little efficiency gain would be realized' if the motion is denied or granted-in-part.") (citing *Kaavo*, 2015 WL 1737476, at *2.)

## V. VIEWED IN THE CONTEXT OF THE OVERALL DISPUTE BETWEEN THE PARTIES, THIS IS NOT A CASE WHERE THE EARLY STAGE OF PROCEEDINGS FAVORS A PARTIAL STAY

The underlying motion to dismiss does not come close to addressing the entire case, much less the overall dispute between the parties.  Thus, the parties and the Court can reasonably be expected to expend significant resources in litigating the overall dispute with or without a partial stay, and regardless of whether the underlying motion to dismiss is granted or denied.  In this case, as in *Westinghouse*, considerations of fair and equitable sequencing of the proceedings and timely resolution of claims carry decisive weight in balancing the propriety of a partial stay.

## CONCLUSION

For the reasons above, Defendants respectfully request the Court deny Apple's motion to stay discovery pending the Court's decision on Apple's motion to dismiss.

Respectfully submitted,

March 29, 2023                          PHILLIPS MCLAUGHLIN & HALL, P.A.

                                        By: */s/ John C. Phillips, Jr.*

*Of Counsel:*

Joseph R. Re                            John C. Phillips, Jr. (No. 110)
Stephen C. Jensen                       Megan C. Haney (No. 5016)
Benjamin A. Katzenellenbogen            1200 North Broom Street
Stephen W. Larson                       Wilmington, DE 19806
Jared C. Bunker                         (302) 655-4200 Telephone
Matthew Pham                            (302) 655-4210 Fax
KNOBBE, MARTENS, OLSON & BEAR, LLP      jcp@pmhdelaw.com
2040 Main Street, 14th Floor            mch@pmhdelaw.com
Irvine, CA  92614
(949) 760-0404 Telephone                *Counsel for Defendants*
(949) 760-9502 Facsimile                *Masimo Corporation and Sound United, LLC*
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
jared.bunker@knobbe.com
matthew.pham@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2023, a true and correct copy of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

*VIA ELECTRONIC MAIL:*

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com | John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>Jennifer M. Przybylski<br>Carson Olsheski<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com<br>jprzybylski@desmaraisllp.com<br>colsheski@desmaraisllp.com |
| Peter C. Magic<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com | Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com |
| Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com | |

March 29, 2023

/s/ Megan C. Haney
Megan C. Haney (#5016)