# EXHIBIT 1

## IN THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC,<br><br>     Plaintiff,<br><br>  v.<br><br>MASIMO CORPORATION and SOUND UNITED, LLC,<br><br>     Defendants. | Civil Action No. 22-1377 (MN) |
| APPLE INC,<br><br>     Plaintiff,<br><br>  v.<br><br>MASIMO CORPORATION and SOUND UNITED, LLC,<br><br>     Defendants. | Civil Action No. 22-1378 (MN) |

**DEFENDANTS MASIMO CORPORATION AND SOUND UNITED, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE INC. (1-48)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC (collectively "Defendants") hereby request Plaintiff Apple Inc. ("Plaintiff") respond to the following requests for production of documents and things, separately and fully, in writing, and produce the documents and things identified below for inspection and copying at the offices of Knobbe, Martens, Olson & Bear, LLP, located at 2040 Main Street, Fourteenth Floor, Irvine, California 92614 within thirty (30) days of service thereof. These requests are deemed continuing in nature, requiring amended or supplemental answers as necessary.

-1-

Defendants have filed motions to consolidate *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1377 (D. Del.) and *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1378 (D. Del.). Accordingly, the requests for production contained herein are intended to apply to a consolidated action involving both *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1377 (D. Del.) and *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1378 (D. Del.). Therefore, in responding to these requests for production, Plaintiff must respond with respect to both *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1377 (D. Del.) and *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1378 (D. Del.).

## **DEFINITIONS**

Unless the context indicates otherwise, the following words and phrases are defined and used herein as follows:

1. "Apple Watch" means the product or products You make, have made, offer to sell, offered to sell, sell, or sold, under the designation or tradename "Apple Watch," including but not limited to Apple Watch (first generation), Apple Watch Series 0, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, Apple Watch Series 6, Apple Watch Series 7, Apple Watch Series 8, Apple Watch Ultra, Apple Watch SE and any future such products, including prototypes.

2. "Apple Asserted Patents" shall mean U.S. Patent Nos. 10,076,257 (the "'257 Patent"), 10,627,783 (the "'783 Patent"), 10,942,491 (the "'491 Patent"), 10,987,054 (the "'054 Patent"), 11,106,352 (the "'352 Patent"), 11,474,483 (the "'483 Patent"), D883,279 (the "'D279 Patent"), D947,842 (the "'D842 Patent"), D962,936 (the "'D936 Patent"), D735,131 (the "'D131 Patent"), any additional patents that You may assert in *Apple Inc. v. Masimo Corporation and*

*Sound United, LLC*, No. 22-1377 (D. Del.) or *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1378 (D. Del.) against Defendants.

3. "Masimo Asserted Patents" shall mean U.S. Patent Nos. 10,687,743 (the "'743 Patent"), 10,722,159 (the "'159 Patent"), 8,190,223 (the "'223 Patent"), 10,736,507 (the "'507 Patent"), and 10,984,911 (the "'911 Patent").

1. The term "concerning" means evidencing, comprising, constituting, reflecting, respecting, relating to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing or evaluating.

2. The terms "relating to," "related to" or "relate to" mean concerning, referring to, describing, evidencing, comprising, constituting, supporting, or tending to negate.

3. The term "document" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

4. The term "communication" shall mean the transmittal of information regardless of the manner in which the communication(s) took place, including but not limited to, face-to-face conversations, correspondence, electronic or computer mail, telephone calls, facsimile communications, or telegrams.

5. The term "thing" shall mean all tangible objects of any type, composition, construction, or nature.

6. "Apple," "You" and "your" means Apple Inc. and any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Apple, Inc.

7. "Masimo" means Masimo Corporation and its divisions, departments, parents, subsidiaries, affiliates or predecessors.

8. "Sound United" means Sound United, LLC and its divisions, departments, parents, subsidiaries, affiliates or predecessors.

9. The term "including" shall be construed broadly, as "including but not limited to" or "including without limitation."

10. The term "prior art" encompasses, by way of example and without limitation, the subject matter described in each and every subdivision of 35 U.S.C. §§ 102 and 103.

11. The term "person" means any natural person or any legal entity, including without limitation any business or governmental entity or association.

12. The term "prosecute" means to prosecute the indicated patent or patent application in the United States Patent and Trademark Office or any foreign patent office.

13. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and the use of the singular form of any word includes the plural and vice versa; "any" and "all" mean one or more.

14. The singular form of any noun or pronoun used herein includes within its meaning the plural form thereof and vice versa; the neuter, masculine or feminine form of any pronoun used herein includes within its meaning the neuter, masculine and feminine forms; and the use herein of any tense of any verb includes within its meaning all other tenses of the verb. In every such instance, the specific request shall be construed in the broadest sense so as to call for the most complete and inclusive answer.

15. "All" shall be construed as all and each, and "each" shall be construed as all and each.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents, communications, and things referring or relating to the Apple Asserted Patents.

**REQUEST FOR PRODUCTION NO. 2:**

All documents, communications, and things referring or relating to any prior art that You collected, identified, or are aware of concerning the Apple Asserted Patents.

**REQUEST FOR PRODUCTION NO. 3:**

All documents, communications, and things referring or relating to the decision to prepare, file, and prosecute the Apple Asserted Patents or any applications to which the Apple Asserted Patents claim priority.

**REQUEST FOR PRODUCTION NO. 4:**

All documents, communications, and things referring or relating to any search results, including patentability, validity, prior-art, infringement, or state-of-the-art searches, concerning the Apple Asserted Patents or any applications to which the Apple Asserted Patents claim priority.

**REQUEST FOR PRODUCTION NO. 5:**

All documents, communications, and things referring or relating to any opinion, report, or analysis concerning the invalidity or validity, infringement or non-infringement, enforceability or unenforceability, or patentability or unpatentability of any Asserted Patent.

**REQUEST FOR PRODUCTION NO. 6:**

All documents, communications, and things referring or relating to Masimo.

**REQUEST FOR PRODUCTION NO. 7:**

All documents, communications, and things referring or relating to Sound United.

**REQUEST FOR PRODUCTION NO. 8:**

All documents, communications, and things referring or relating to any Masimo product.

**REQUEST FOR PRODUCTION NO. 9:**

All documents, communications, and things referring or relating to any Sound United product.

**REQUEST FOR PRODUCTION NO. 10:**

All agreements between You and the inventors listed on the Apple Asserted Patents, including employment agreements, assignments, acknowledgements, and severance agreements.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, communications, and things referring or relating to the conception, reduction to practice, development, analysis, or testing of any kind of the subject matter disclosed or claimed in the Apple Asserted Patents, including all invention disclosures, inventor notebooks, workbook entries, calendars, memoranda, files and notes, prototypes, and reports, and documents sufficient to identify all individuals involved in such conception, reduction to practice, development, analysis, or testing.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and things that any inventor who is listed on one or more of the Apple Asserted Patents, or their representative or any person they collaborated with, acting at the direction or under the control of each such inventor, considered in connection with the development of any invention disclosed or claimed in the Apple Asserted Patents.

**REQUEST FOR PRODUCTION NO. 13:**

All documents, communications, and things referring or relating to the date(s) on which the subject matter disclosed and claimed in the Apple Asserted Patents was first offered for sale, first sold, first used in public, first disclosed to someone other than the inventors listed on each Asserted Patent, or first published.

**REQUEST FOR PRODUCTION NO. 14:**

All documents, communications, and things referring or relating to the marking of, or decision not to mark, the Apple Asserted Patents on any product or the packaging thereof.

**REQUEST FOR PRODUCTION NO. 15:**

All documents, communications, and things, including publications and articles, referring or relating to any testing or research with respect to the efficacy or performance of, or user response or reaction to, each version of the Apple Watch and charger.

**REQUEST FOR PRODUCTION NO. 16:**

All documents, communications, and things referring or relating to contemplated or actual filings and supporting studies submitted to the United States Food and Drug Administration or the Federal Communications Commission concerning each version of the Apple Watch.

**REQUEST FOR PRODUCTION NO. 17:**

All communications with the United States Food and Drug Administration or the Federal Communications Commission concerning each version of the Apple Watch.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show Your distribution channels for each version of the Apple Watch, or any parts thereof, and the recipients of such products or parts.

**REQUEST FOR PRODUCTION NO. 19:**

All documents, communications, and things referring or relating to economic projections or economic analyses concerning each version of the Apple Watch.

**REQUEST FOR PRODUCTION NO. 20:**

All documents, communications, and things referring or relating to business plans, operation plans, marketing, and advertising or promotion plans for all versions of the Apple Watch.

**REQUEST FOR PRODUCTION NO. 21:**

All documents, communications, and things referring or relating to any comparison between an Apple product and a Masimo product.

**REQUEST FOR PRODUCTION NO. 22:**

All documents, communications, and things You identified in response to an interrogatory or that You reviewed or relied upon in responding to an interrogatory.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and things You produced, served, or filed in *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and things You produced, served, or filed in *In the Matter of Certain Wearable Electronic Devices with ECG Functionality and Components Thereof.*, No. 337-TA-1266 concerning Masimo or any version of the Apple Watch.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and things You produced, served, or filed in *Masimo Corporation et al., v Apple Inc.*, No. 20-48 (C.D. Cal.).

**REQUEST FOR PRODUCTION NO. 26:**

Three samples of each version of the Apple Watch that You contend is covered by any claim of the Apple Asserted Patents.

**REQUEST FOR PRODUCTION NO. 27:**

All documents, communications, and things You may use at any hearing or any trial in this action.

**REQUEST FOR PRODUCTION NO. 28:**

All documents, communications, and things that support or rebut any of the allegations, defenses, and prayer for relief contained in any pleading that You filed or will file in this action.

**REQUEST FOR PRODUCTION NO. 29:**

All documents, communications, and things that support or rebut Your allegations that Defendants' infringement of the Apple Asserted Patents is willful.

**REQUEST FOR PRODUCTION NO. 30:**

All documents, communications, and things that support or rebut Your contention that You are entitled to a permanent injunction for Defendants' alleged infringement of the Apple Asserted Patents.

**REQUEST FOR PRODUCTION NO. 31:**

All documents, communications, and things that support or rebut Your contention that You are entitled to enhanced damages pursuant to 35 U.S.C. § 284, and pre-judgment interest and post-judgment interest at the maximum rate permitted by law.

**REQUEST FOR PRODUCTION NO. 32:**

All documents, communications, and things that support or rebut Your contention that You are entitled to a declaration that this action is an exceptional case within the meaning of 35

U.S.C. § 285 and that You are entitled to attorneys' fees, costs, and expenses incurred in connection with this action.

**REQUEST FOR PRODUCTION NO. 33:**

All documents, communications, and things that support or rebut Your contention that You are entitled to a disgorgement of profits pursuant to 35 U.S.C. § 289 for Defendants' alleged infringement of the D131, D279, D842, and D936 Patents.

**REQUEST FOR PRODUCTION NO. 34:**

All documents, communications, and things that support or rebut Your contentions as to the relevant market or markets in which Apple, Masimo, and Sound United compete, including the alleged markets referenced in your allegations that "the Apple Watch revolutionized the consumer watch market," Dkt. 1 ¶ 21, "Masimo copied Apple Watch and brought carefully timed lawsuits to try to kick Apple out of the market," Dkt. 1 ¶ 22, and Masimo purportedly embarked on a strategy to "remove Apple Watch from the market and make way for Masimo's own watch," Dkt. 1 ¶ 31 .

**REQUEST FOR PRODUCTION NO. 35:**

All documents, communications, and things that support or rebut Your contentions as to the market shares of Apple, Masimo, Sound United and other competitors you allege are in the relevant markets, including the alleged markets referenced in your allegations that "the Apple Watch revolutionized the consumer watch market," Dkt. 1 ¶ 21, "Masimo copied Apple Watch and brought carefully timed lawsuits to try to kick Apple out of the market," Dkt. 1 ¶ 22, and Masimo purportedly embarked on a strategy to "remove Apple Watch from the market and make way for Masimo's own watch," Dkt. 1 ¶ 31.

**REQUEST FOR PRODUCTION NO. 36:**

All documents, communications, and things that support or rebut Your contentions regarding the performance of the Apple Watch in measuring physiological parameters, including all documents, communications, and things that support or rebut your allegation that the Apple Watch "enable[s] measurement of health and wellness metrics such as heart rate, blood oxygen, and even electrocardiogram (ECG)," Dkt. 1 ¶ 16, and "introduce[d] new capabilities, such as advanced fitness tracking and health metrics including heart health, sleep, women's health, and mobility," Dkt. 1 ¶ 15.

**REQUEST FOR PRODUCTION NO. 37:**

All documents, communications, and things referring or relating to the Masimo Asserted Patents.

**REQUEST FOR PRODUCTION NO. 38:**

All documents, communications, and things referring or relating to Apple's first awareness of the Masimo Asserted Patents.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and things that refer or relate to any efforts to design any Apple Watch around the inventions claimed in the Masimo Asserted Patents.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and things concerning, evaluating, discussing, and/or commenting on the existence, infringement, or scope of the Masimo Asserted Patents.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to show the design and operation of the Apple Watch.

**REQUEST FOR PRODUCTION NO. 41:**

All documents, communications, and things describing the operation of the Apple Watch,

including, without limitation, product brochures, user manuals, instructional materials, and directions for use.

**REQUEST FOR PRODUCTION NO. 42:**

All training materials concerning any of the Apple Watch, including, without limitation, training manuals, training videos, presentations, and handouts.

**REQUEST FOR PRODUCTION NO. 43:**

All marketing materials concerning any Apple Watch, including, without limitation, advertisements, promotional materials, pamphlets, brochures, product catalogs, websites, product brochures, informational materials, and videos.

**REQUEST FOR PRODUCTION NO. 44:**

All publications, articles, abstracts, papers, presentations, seminars, speeches, press releases, and internet postings relating to any Apple Watch.

**REQUEST FOR PRODUCTION NO. 45:**

All videos or DVDs demonstrating or showing the operation of the Apple Watch.

**REQUEST FOR PRODUCTION NO. 46:**

All technical documents for the Apple Watch, including, without limitation, product specifications, diagrams, schematics, memos, conceptual or technical drawings, design requirements documents, design capture documents, technical requirements documents, product briefs, product plans, product requirements, document trees, assembly design documents, design review documents, system design documents, fabricating drawings, manufacturing documents, and technical meeting minutes.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and things that refer or relate to technical information, specifications, and

research data for any Apple Watch.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and things concerning the research, design, and development of any Apple Watch or any component of any Apple Watch, including, without limitation, laboratory notebooks, invention disclosures, memoranda, product specifications, conceptual or technical drawings, schematics, diagrams, technical specifications, meeting minutes, presentations, and prototypes.

Respectfully submitted,

March 16, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Perry D. Oldham
Benjamin A. Katzenellenbogen
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

By: */s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2023, a true and correct copy Defendants Masimo Corporation and Sound United, LLC's First Set of Requests for Production to Apple Inc. (1-48) was served on the following counsel of record at the addresses and in the manner indicated:

**VIA ELECTRONIC MAIL:**

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com | John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com |
| Peter C. Magic<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com | Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com |
| Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com | |

March 16, 2023

/s/ Megan C. Haney
Megan C. Haney