# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-1378-MN-JLH |
| ) | |
| MASIMO CORPORATION and ) | **JURY TRIAL DEMANDED** |
| SOUND UNITED, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| MASIMO CORPORATION and ) | |
| CERCACOR LABORATORIES, INC., ) | |
| ) | |
| Counter-Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| APPLE INC., ) | |
| ) | |
| Counter-Defendant. ) | |

### PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S
### REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING
### <u>RESOLUTION OF MOTION TO DISMISS</u>

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jamie L. Kringstein
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: 212-351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: 415-573-1900

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant
Apple Inc.*

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  April 5, 2023
10729505 / 12209.00052

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................1

I.  Masimo Fails to Establish That A Stay Would Cause Masimo to Suffer Undue Prejudice or Allow Apple to Gain A Clear Tactical Advantage..........................................1

    A.  Masimo's Schedule Undermines Any Arguments of Prejudicial Delay .................2

    B.  Masimo Cannot Establish Any Inappropriate "Tactical Advantage" .....................4

II. Masimo Fails to Rebut the Burden of Broad Discovery Irrelevant to the Patent Infringement Claims and Counterclaims ..............................................................................6

III. Masimo Fails to Rebut that the Proposed Stay Would Simplify Issues ..............................7

CONCLUSION.......................................................................................................................9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Belden Techs. Inc. v. Superior Essex Comms. LP*,
   2010 WL 3522327 (D. Del. Sept. 2, 2010) ................................................................................4

*British Telecomms. PLC v. IAC/InterActiveCorp*,
   2020 WL 5517283 (D. Del. Sept. 11, 2020) ..............................................................................3

*Cipla USA, Inc. v. Ipsen Biopharmaceuticals, Inc.*,
   2022 WL 3139096 (D. Del. Aug. 5, 2022) ................................................................................4

*ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*,
   2012 WL 3866677 (D. Del. Sept. 4, 2012) ................................................................................4

*Kaavo Inc. v. Cognizant Tech. Sols. Corp.*,
   2015 WL 1737476 (D. Del. Apr. 9, 2015) ................................................................................4

*Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*,
   2019 WL 126192 (D. Del. Jan. 8, 2019) ...................................................................................3

**INTRODUCTION**

Masimo baselessly labels Apple's motion to stay discovery a "tactic" intended to unfairly delay adjudication of Masimo's Antitrust and False Advertising Counterclaims.[1] All of Masimo's arguments fall flat, however, given that Apple proposes a case schedule that, even accounting for the requested discovery stay, sets trial on Masimo's counterclaims six months *earlier* than Masimo's desired schedule. *Compare* D.I. 66 Ex. 2, at 17 (Apple's proposal for an August 18, 2025 trial date), *with* D.I. 66 Ex. 3, at 17 (Masimo's proposal for a February 18, 2026 trial date). Staying discovery on Masimo's Antitrust and False Advertising Counterclaims will conserve judicial resources and avoid potentially pointless discovery burdens, leading to a more efficient and expeditious litigation. Masimo's efforts to downplay the threat of undue discovery burdens—by flagging a couple areas of overlap between Apple's affirmative patent claims and Masimo's Antitrust and False Advertising Counterclaims—are nothing more than a misleading attempt to support its manufactured claims of unfair prejudice. Apple detailed several categories of broad discovery that would ultimately prove unnecessary if the Court grants Apple's motion to dismiss, and Masimo provides no response.

**ARGUMENT**

**I.     Masimo Fails to Establish That A Stay Would Cause Masimo to Suffer Undue Prejudice or Allow Apple to Gain A Clear Tactical Advantage**

Masimo's contentions that a stay would cause it undue prejudice or result in a tactical advantage for Apple cannot withstand scrutiny. Indeed, Masimo has engaged in delay tactics by responding to straightforward patent infringement allegations with wide-ranging meritless

---

[1] For purposes of this motion, the "Antitrust and False Advertising Counterclaims" include Masimo's Sherman Act, Lanham Act, and state law claims for unfair competition and deceptive trade practices. *See* D.I. 15 at ¶¶ 237-287 (First through Sixth Counts); D.I. 59 at 1, 1 n.1.

counterclaims and then insisting on a single schedule for all claims. Even if the Court grants Apple's motion to sever, D.I. 34, and this motion to stay discovery, Apple's proposed schedules demonstrate that Masimo's Antitrust and False Advertising Counterclaims could be tried well in advance of Masimo's proposed schedule.

### A. Masimo's Schedule Undermines Any Arguments of Prejudicial Delay

Masimo's opposition relies primarily on the argument that "*any* delay in adjudicating Masimo's counterclaims will have outsized consequences" that would unduly prejudice Masimo. D.I. 70 at 2-3 (emphasis added); *see also id.* at 10 (referencing potential "unfairness in unduly extending the overall litigation"), 11-12 (arguing that delay in adjudicating the Antitrust and False Advertising Counterclaims will harm competition and consumers). The reality, however, is that Apple is proposing a more expedited schedule for Masimo's Antitrust and False Advertising Counterclaims than is Masimo, D.I. 66 Ex. 2 at 1 n.1, 17; D.I. 66 Ex. 3 at 17; and, even if the Court were to adopt Masimo's schedule, the proposed stay would not delay trial at all.

Two facets of Masimo's own proposed schedule eliminate any claim that Apple's motion to stay would cause Masimo undue prejudice. ***First***, according to the schedule it has provided to the court, Masimo recommends a February 18, 2026 trial on its Antitrust and False Advertising Counterclaims. D.I. 66 Ex. 3, at 17. Apple, in stark contrast, proposes a schedule that would have those claims tried six months earlier. D.I. 66 Ex. 2, at 17. [2] ***Second***, Masimo proposes a schedule

---

[2] Consistent with its Motion to Sever and Stay, *see* D.I. 34, Apple's primary proposed case schedule is tailored to a severed case that does not include Masimo's antitrust, false advertising, and patent infringement counterclaims, and proposes a trial date of March 3, 2025. *See* D.I. 66 Ex. 1 at 1 n.1; *id.* at 13, 17. Apple's "Alternative A" schedule provides alternative discovery limitations and an alternative schedule in the event the Court decides not to sever, including a proposed trial date of August 18, 2025 for a trial on both Apple's claims and Masimo's counterclaims. *See* D.I. 66 Ex. 2 at 1 n.1; *id.* at 14, 17. Should the Court grant Apple's motion to sever, Apple's proposal demonstrates that the severed Antitrust and False Advertising Counterclaims could be tried by August 18, 2025.

that would have the parties and the Court rush into discovery on its Antitrust and False Advertising Counterclaims, complete that fact discovery by May 17, 2024, and then *do nothing* to advance those claims for nine months (until February 14, 2025, when opening expert reports would be due on those issues). *See* D.I. 66 Ex. 3 at 16; *see also* D.I. 66 Ex. 2 at 16 (Apple's proposal for a seven-week window between close of fact discovery on the Antitrust and False Advertising Counterclaims and the deadline to file opening expert reports). Thus, even under Masimo's proposed schedule, there is ample time to address discovery on those claims in a judicially efficient way—i.e., to enter a short stay now to first determine whether such discovery would be necessary at all and, if so, determine what the appropriate contours of that discovery will be.

Accordingly, while courts do consider "the totality of the circumstances" when determining the appropriateness of a stay, *British Telecomms. PLC v. IAC/InterActiveCorp*, 2020 WL 5517283, at *5 (D. Del. Sept. 11, 2020); D.I. 70 at 7, a key circumstance here is that it is Masimo, not Apple, that is seeking a more drawn-out case schedule. Whatever balancing other courts face when it comes to similar motions—weighing the efficiencies desired by the antitrust defendant against the antitrust plaintiff's desire to expedite adjudication—it is not applicable here. Masimo's heavy reliance on *Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*, where the court referenced the need for a court considering a stay request to be "mindful of its responsibility to keep its docket moving, so that it can provide litigants with timely and effective resolution of their claims," is thus entirely misplaced. 2019 WL 126192, at *1 (D. Del. Jan. 8, 2019).

Masimo's arguments based on the parties' alleged competitive relationship are similarly unavailing. Masimo cites cases in which the "competitive relationship" of the parties was identified as a reason not to stay *patent* claims because "there is a reasonable chance that delay in

adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill." *See, e.g.*, *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, 2015 WL 1737476, at *3 (D. Del. Apr. 9, 2015); *see also ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*, 2012 WL 3866677, at *3-4 (D. Del. Sept. 4, 2012). Masimo further cites a case in which the parties were the *only two competitors* in the relevant market. *See Cipla USA, Inc. v. Ipsen Biopharmaceuticals, Inc.*, 2022 WL 3139096, at *3 (D. Del. Aug. 5, 2022). These cases have no bearing on this motion to stay discovery on the Antitrust and False Advertising Counterclaims, particularly where (as here) the party asserting those claims is seeking the much longer schedule.

### B. Masimo Cannot Establish Any Inappropriate "Tactical Advantage"

Masimo's arguments regarding the supposed "tactical advantage" Apple would receive from a discovery stay also fall flat. There is nothing inappropriate about Apple seeking to prevent costly, burdensome, and most likely unnecessary discovery prior to an adjudication on the validity of Masimo's counterclaims. *See, e.g.*, *Kaavo Inc.*, 2015 WL 1737476, at *4 ("Defendants have filed this motion early in the case, at a time that does not suggest inappropriate gamesmanship."); *cf. Belden Techs. Inc. v. Superior Essex Comms. LP*, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010) (denying a motion to stay brought eleven days before trial and noting that "[a] request for reexamination made well after the onset of litigation followed by a subsequent stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage"). In fact, Masimo's own proposed case schedule and its motion to consolidate make clear it is not seeking to quickly clear any real barrier to competition; instead, these Antitrust and False Advertising Counterclaims are themselves a tactic to delay the efficient adjudication of Apple's patent claims.

Nor is there any logic to Masimo's contention that the Court should toss aside judicial efficiency to keep Masimo's Antitrust and False Advertising Claims on the same track as Apple's

patent claims as a matter of "equity" and "balance." D.I. 70 at 9-10.  ***First***, while Apple respectfully submits that sound case management supports severing Apple's affirmative patent claims from Masimo's antitrust counterclaims, that issue is the subject of a separate motion, *see* D.I. 34, and the stay of discovery sought here is the commonsense approach regardless of how the Court structures the overall litigation or sequences trial given the burdensome and potentially unnecessary discovery implicated by the counterclaims.

***Second***, while presenting the "inequity" of trying Apple's affirmative patent claims pending before this Court before Masimo's Antitrust and False Advertising Counterclaims, Masimo ironically argues that *Apple* "gives no attention to the full extent of the dispute between the parties." D.I. 70 at 7.  Even if Apple's affirmative patent claims proceed to trial first, Masimo ignores that it has already pressed patent claims against Apple at the International Trade Commission, *see Certain Light-Based Physiological Measurement Devices And Components Thereof*, Inv. No. 337-TA-1276 (Jun. 30, 2021), and trade secret misappropriation claims against Apple in the Central District of California, *see Masimo Corp. v. Apple Inc.*, 8:20-cv-00048 (C.D. Cal. Jan. 9, 2020).

***Third***, Masimo argues that the proposed stay would render it unable to present evidence on its Antitrust and False Advertising Counterclaims to the jury that will decide Apple's design patent claims in a separate matter, especially if those claims are expedited.  But Apple is not seeking here a stay of any discovery relevant to those design patent claims, or even relevant to Apple's utility patent claims in this matter.  Masimo's argument is thus tantamount to suggesting it would somehow be inequitable if it were not permitted to present ***irrelevant evidence*** of alleged "bad acts" to a patent jury.  This is no grounds to disregard the interests of judicial economy.  Masimo's argument is also misplaced, given that Apple is only seeking a partial stay of discovery

pending the Court's determination of the legal sufficiency of Masimo's counterclaims—not a full stay of the counterclaim proceedings through the conclusion of trial on Apple's patent claims.

## II.       Masimo Fails to Rebut the Burden of Broad Discovery Irrelevant to the Patent Infringement Claims and Counterclaims

Masimo next argues that Apple did not "identify even one discovery-based hardship" that would be averted by the stay, D.I. 70 at 13, but, in fact, Apple provided a list of discovery specific to the Antitrust and False Advertising Counterclaims that would prove unnecessary if the Court grants its motion to dismiss, D.I. 59 at 5-6.  Masimo simply ignored that list.  Instead, Masimo points to its initial set of discovery requests purportedly directed to patent claims only and identifies a few discrete areas of overlap between the discovery it seeks on those patent claims and the discovery it would seek on the Antitrust and False Advertising Counterclaims, such as discovery relating to the performance of the Apple Watch and competition between Apple and Masimo.  D.I. 70 at 13-14.  Setting aside whether Masimo's discovery requests are relevant and proportional to the patent claims in this case, whatever narrow overlap Masimo highlights (two items, D.I. 70 at 13-14) is eclipsed by the significant additional discovery implicated by the counterclaims.

As Apple explained in its opening brief, *see* D.I. 59 at 5-8, the Antitrust and False Advertising Counterclaims involve broad areas of discovery not relevant to the patent claims.  For example, the Antitrust and False Advertising Counterclaims implicate completely unrelated discovery regarding Masimo's allegations as to Apple's alleged leveraging of its control over the App Store, *see* D.I. 15 at ¶¶ 67-74, 173-179, 206; competition facing Apple when it comes to the distribution of Apps, including whether Apple possesses monopoly power in any such market, *see id.* at ¶¶ 173-179, 196-203; whether Apple possesses monopoly power when it comes to the Apple Watch, including any barriers to entry and expansion in any markets in which the Apple Watch

competes; *see id.* at ¶¶ 183-195; Apple's alleged misappropriation of trade secrets from former Masimo employees, *see id.* at ¶¶ 61-66, 208; and Masimo's specific allegations of false advertising, *see id.* at ¶¶ 142-165.  The antitrust claims also implicate extensive discovery of Masimo relevant to its bare allegations of antitrust injury and antitrust standing—such as any alleged impairment of its ability to compete as a result of Apple's patent claims, *see id.* at ¶¶ 216-222, none of which are elements of, or relevant to, the patent infringement claims themselves—and none of which are discovery topics the parties or the Court should be forced to spend the time and resources engaging with, given the legal insufficiency of Masimo's claims.

Masimo's argument that a stay in discovery "will cause needless disputes regarding the scope of discovery that has not been stayed" is also exaggerated and misguided.  Should the Court grant this motion to stay, the parties would pursue discovery on the patent infringement claims. D.I. 70 at 14.  The parties have plenty of experience negotiating what is relevant and proportional to a patent infringement claim, and the Court has extensive experience deciding any such disputes that may arise.  Furthermore, Masimo overlooks that the stay would avoid disputes regarding the contours of Antitrust and False Advertising discovery, which would "sap" the Court's resources, D.I. 70 at 1, unnecessarily if those claims were ultimately dismissed.

### III.    Masimo Fails to Rebut that the Proposed Stay Would Simplify Issues

Ultimately, Masimo does not dispute that, should the Court grant Apple's motion to dismiss the Antitrust and False Advertising Counterclaims, the proposed stay would have avoided unnecessary discovery expense.  Rather, it argues that case management would prove unworkable if the Court denies Apple's motion to dismiss.  Here, again, Masimo does not consider the ramifications of its own proposed schedule.  Whether the Court adopts Apple's proposed schedule or Masimo's, or fashions its own, a stay of discovery can be managed without disruption.

In the nine months from May 17, 2024, to February 14, 2025, Masimo proposes a period

of time to address patent-related issues (invalidity contentions, claim construction, etc.). Thus, even under Masimo's proposal, Masimo would not have to "play catch up" in discovery for its Antitrust and False Advertising Counterclaims should the Court deny Apple's motion to dismiss. D.I. 70 at 15-16. If the Court decides that all claims should proceed to trial at the same time (which Apple respectfully maintains would be inefficient and inequitable) there is this long window of time available in Masimo's proposed schedule to complete the necessary discovery without impacting the dispositive motion and trial schedule.

Apple's proposed schedule for the Antitrust and False Advertising Counterclaims, however, includes a more reasonable deadline of July 17, 2024 for close of fact discovery, D.I. 66 Ex. 2 at 16, leaving ample time to accommodate the proposed stay while still leaving the parties sufficient time to complete the necessary discovery. Masimo assigns some illicit motive to the fact that Apple proposes fact discovery on Apple's patent claims close before fact discovery on the Antitrust and False Advertising Counterclaims (should the Court decline to sever the matters completely). D.I. 70 at 16. But the reasons why Apple's proposed schedule staggers completion of fact discovery for the patent claims and the Antitrust and False Advertising Counterclaims are that (1) discovery on the Antitrust and False Advertising Counterclaims is much more extensive and (2) there are interim deadlines on the patent claims (e.g., invalidity contentions) that have no bearing on the Antitrust and False Advertising Counterclaims. Apple's schedule simply makes more efficient use of time so that the parties and the Court are not unnecessarily rushed when it comes to the broader discovery for the Antitrust and False Advertising Counterclaims.[3]

---

[3] Masimo claims that, under Apple's schedule, it will have "less time" to prepare expert reports. D.I. 70 at 16. But a party does not need nine months from the close of fact discovery to prepare its opening expert reports on an issue (as Masimo proposes for its Antitrust and False Advertising Counterclaims). In any event, that argument concerns the details of the scheduling order, which are separate and apart from whether the Court should grant a stay of discovery.

## CONCLUSION

For the reasons stated above and in Apple's opening brief, Apple requests that the Court stay discovery on Masimo's Antitrust and False Advertising Counterclaims pending resolution of Apple's motion to dismiss.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| John M. Desmarais<br>Jordan N. Malz<br>Cosmin Maier<br>Kerri-Ann Limbeek<br>Jamie L. Kringstein<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>Tel: 212-351-3400 | By:  */s/ David E. Moore*<br>    David E. Moore (#3983)<br>    Bindu A. Palapura (#5370)<br>    Andrew L. Brown (#6766)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE  19801<br>    Tel:  (302) 984-6000<br>    dmoore@potteranderson.com<br>    bpalapura@potteranderson.com<br>    abrown@potteranderson.com |
| Peter C. Magic<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>Tel: 415-573-1900 | *Attorneys for Plaintiff/Counter-Defendant Apple Inc.* |
| Jennifer Milici<br>Leon B. Greenfield<br>Dominic Vote<br>WILMER CUTLER PICKERING HALE<br>  AND DORR LLP<br>2100 Pennsylvania Avenue, NW<br>Washington DC 20037<br>Tel: (202) 663-6000 |  |
| Mark A. Ford<br>WILMER CUTLER PICKERING HALE<br>  AND DORR LLP<br>60 State Street<br>Boston, MA  02109<br>Tel: (617) 526-6423 |  |

Dated:  April 5, 2023
10729505 / 12209.00052