**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) C.A. No. 22-1377-MN-JLH <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) |
| MASIMO CORPORATION, <br><br> Counter-Claimant, <br><br> v. <br><br> APPLE INC., <br><br> Counter-Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) C.A. No. 22-1378-MN-JLH <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) |
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC., <br><br> Counter-Claimants, <br><br> v. <br><br> APPLE INC., <br><br> Counter-Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT LETTER TO JUDGE HALL REGARDING SCHEDULING ORDER**

| | |
|---|---|
| David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Andrew L. Brown (#6766)<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE  19801<br>Tel:  (302) 984-6000<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>abrown@potteranderson.com<br><br>*Attorneys for Plaintiff/Counter-Defendant Apple Inc.* | John C. Phillips, Jr. (#110)<br>Megan C. Haney (#5016)<br>PHILLIPS MCLAUGHLIN & HALL, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806<br>Tel: (302) 655-4200<br>jcp@pmhdelaw.com<br>mch@pmhdelaw.com<br><br>*Attorneys for Defendants Masimo Corporation and Sound United, LLC* |

Dated:  May 12, 2023
10811088/12209.00051

Re:     *Apple Inc. v. Masimo Corporation, et al*, C.A. No. 22-1377-MN-JLH; C.A. No. 22-1378-MN-JLH

Dear Judge Hall:

Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple"), Defendant and Counterclaimant Masimo Corporation ("Masimo Corp."), Defendant Sound United, LLC ("Sound United"), and Counterclaimant Cercacor Laboratories ("Cercacor" and, collectively with Masimo and Sound United, "Masimo") submit this joint letter addressing disputes in the scheduling order filed herewith.

1. **Proposed Joint Scheduling Order**

The parties have largely agreed to the attached proposed joint scheduling order (Exhibit 1). The sole disputed issue in that joint proposed order is the limit for interrogatories.

**Apple's Position**: Apple proposes that each side be permitted to serve up to fifty (50) interrogatories combined for both cases, including contention interrogatories. This is consistent with the default limit of twenty-five (25) interrogatories per side, per case, as set forth in Fed. R. Civ. P. 33(a)(1). While Defendants propose a significantly lower number of interrogatories, Apple respectfully submits that a reduction from the default limits would be inappropriate in this case and would render discovery more burdensome and less efficient. The two cases are now expansive in scope—in addition to the ten patents Apple has asserted, Defendants have asserted 18 declaratory judgment counterclaims, 10 affirmative patent claims of its own (including five in addition to those asserted against Apple in the ITC) and 6 non-patent counterclaims (including antitrust, false advertising, and unfair competition). The sheer scope of issues Defendants have injected in this litigation alone should entitle Apple to at least the default number of interrogatories. Furthermore, interrogatories are even more important in enabling the parties to complete discovery and ready these claims for trial expeditiously. Interrogatories, especially contention interrogatories, are an effective tool to narrow the scope of issues for trial and to target remaining fact and expert discovery. *United States v. Article of Drug*, 43 F.R.D. 181, 188 (D. Del. 1967) ("It is well settled that Rule 33 interrogatories are to facilitate trial preparation, to obtain facts, to narrow issues, and to reduce the chance of surprise."); *see also Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.,* 2017 WL 11558096, at *7-8 (D. Del. Dec. 11, 2017) ("The purpose of contention interrogatories is to narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut the respondent's position."). While cross-use of discovery will achieve certain efficiencies (e.g., with respect to document production), the interrogatories required are necessary to narrow the issues with respect to the specific claims, defenses, and damages asserted in ***these*** cases.

**Masimo's Position**:

Masimo submits that 30 interrogatories combined for both cases is adequate. Both cases involve the same parties and accused products. In fact, every claim in each case involves either Masimo's W1 or Apple's Apple Watch, and most claims implicate both products. Moreover, many claims overlap. For example, Masimo's *Walker Process* claims rely on Masimo's inequitable conduct defenses to Apple's patent claims. The significant overlap undercuts the need for 50 interrogatories. This is particularly true in view of the parties' progress toward a cross-use agreement that would include written discovery responses produced in their co-pending cases.

The Honorable Jennifer L. Hall
May 12, 2023
Page 2

## 2. Cross-Use Of Discovery From Other Proceedings

The parties agree that a cross-use agreement is appropriate in these cases, but have not been able to agree on the appropriate scope. Masimo proposes that all documents, written discovery responses, and testimony (deposition, trial, hearing) produced by the parties from the Central District of California litigation, *Masimo Corporation et al. v. Apple Inc.,* No. 8:20-cv-00048 ("CDCA Case"), and the ITC litigation, *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276 ("ITC Case"), be available for use in these cases.[1]

Apple agrees except it would exclude the custodial files and testimony it produced in the CDCA and ITC Cases from the individuals identified below:

- Nazzaro, Dave
- Ness, Trevor
- Oetting, Wolf
- O'Reilly, Michael
- Perica, Adrian
- Saari, Chris
- Sellers, Denby
- Tom, Chris
- Raths, Kornelius

The parties agree that any cross-use agreement would not cover third-party documents or testimony from the above-captioned cases. By agreeing to cross-use, the parties would not be conceding that any materials are relevant or admissible in this case. The parties understand that the purpose of the cross-use agreement would be to minimize burdens on the parties and the court.

Due to the compressed schedule, the parties seek the Court's guidance in resolving this dispute. If the Court determines that a conference call would be helpful, the parties can provide their availability.

**Apple's Position**:

Apple agrees to the broad cross-use of documents, written discovery, and testimony produced by the parties in the Central District of California litigation, *Masimo Corporation et al. v. Apple Inc.,* No. 8:20-cv-00048, and the ITC litigation, *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276, except for a limited subset of custodians[2], whose documents are not relevant to the claims or defenses that

---

[1] For the avoidance of doubt, Masimo's proposal also includes deposition testimony from Denby Sellers that Apple originally produced in a separate case but made available for use in the CDCA Case.

[2] Apple agrees to the cross use of all documents and testimony produced by Apple in *Masimo Corporation et al. v. Apple Inc.,* No. 8:20-cv-00048, and the ITC litigation, *In the Matter of Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276 other than the documents and testimony from the following custodians: Dave

The Honorable Jennifer L. Hall
May 12, 2023
Page 3

will be tried in this case.[3]  The documents from these custodians are only relevant to Masimo's trade secret misappropriation claims already tried in the Central District of California, and Defendants cannot relitigate those trade secret infringement claims in this court.  *See, e.g.*, *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1997) (holding a party has "no right" to "maintain two separate actions involving the same subject matter").  As such, Defendants' effort to downplay the burden of this additional cross-use is immaterial because Defendants fail to meet the threshold requirement that any discovery sought, even through a cross-use order, be relevant.  *See, e.g.*, *Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375, 381-84 (D. Del. 2009) (denying cross-use of discovery because party failed to make a "particularized showing as to the exact relationship between the subject matter [of the material sought] and the present action"); *Qualcomm Inc. v. Apple Inc.*, No. 3:17-cv-02398, 2019 WL 4284531, at *2 (S.D. Cal. Mar. 27, 2019) (declining to require cross-use where the relevance of the discovery was "not apparent"); *Masimo Corp. v. Tyco Health Care Grp., L.P.*, No. CV 02-4770 MRP, 2004 U.S. Dist. LEXIS 32404, at *8 (C.D. Cal. May 28, 2004) (finding "any discussion of patent infringement and validity" irrelevant to the antitrust claim).[4]

Masimo makes conclusory claims these individuals are relevant to their allegations of willful infringement and damages, but fails to explain how that could be the case.  Indeed, Masimo fails to connect any of the named individual to any specific claim of patent infringement.  Nor could it.  For example, even Masimo's descriptions of the roles of Mr. Perica and Ms. Sellers make clear their roles have nothing to do with development of technologies period, let alone the specific technologies accused of infringement in this case.  Indeed, many of the descriptions of purported relevance suggest Masimo does intend to relitigate the same issues it is already litigating in the Central District of California.

**Defendants' Position**:

Apple is incorrect in asserting that the identified custodians are irrelevant to the claims and defenses here.  For example, Adrian Perica is Apple's Vice President of Corporate Development and was involved in meetings between Apple and Masimo to discuss incorporating Masimo's technology into Apple's products.  Mr. Perica's testimony and documents are relevant to, among other things, Masimo's claim that Apple willfully infringed its patents, as well as Masimo's lost-profits damages model.  Denby Sellers is an executive recruiter at Apple and previously testified regarding Apple praising Masimo and its CEO.  Like Mr. Perica, Ms.

---

Nazzaro; Trevor Ness; Wolf Oetting; Michael O'Reilly; Adrian Perica; Chris Saari; Denby Sellers; Chris Tom; and Kornelius Raths.

[3] By agreeing to cross-use, Apple is not conceding that any of the materials are relevant or admissible in this case.  Apple understands that the purpose of the cross-use agreement is to minimized discovery burdens on the parties and the court and that any additional discovery will be narrow and targeted.

[4] Apple also does not agree to cross-use of third-party documents produced under the protective orders in other litigation.  *See Inventio AG*, 662 F. Supp. 2d at 384 (explaining court was "without authority" to "order[] production of any [third-party] documents within the scope of the Protective Order" of another court); *Barrella v. Village of Freeport*, No. 12-cv-0348, 2012 WL 6103222, at *3 (E.D.N.Y. Dec. 8, 2022) (explaining that the party should go to the "source," not the "receiving party," for documents covered by a protective order).

The Honorable Jennifer L. Hall
May 12, 2023
Page 4

Sellers's testimony is relevant to, among other things, Masimo's willful-infringement claim and Masimo's damages model.  Michael O'Reilly was Masimo's Chief Medical Officer who left Masimo to become Apple's Vice President, Medical Technology.  He is knowledgeable about Masimo's patents and he, among other things, warned Apple about shortcomings in the Apple Watch functionality and praised Masimo and its technology.  Dr. O'Reilly's testimony and documents are relevant to, among other things, Masimo's willful-infringement claim, Masimo's damages model, and Masimo's claim that Apple falsely advertised the capability of the Apple Watch.  Dave Nazzaro, Trevor Ness, Wolf Oetting, Chris Saari, and Kornelius Raths are Apple engineers who have knowledge regarding the development and function of the Apple Watch.  Their testimony and documents are relevant not only to Masimo's willful-infringement claim, but also Masimo's claim that the design patents Apple is asserting against Masimo are dictated by function and are thus invalid.  Mr. Raths is also a former Masimo engineer and has knowledge of Masimo's patents and technology.  Finally, David Tom is Apple's Vice President of Global Sourcing & Supply Management.  He was also involved in discussion between Apple and Masimo regarding a potential business arrangement.  Mr. Tom's testimony and documents are also relevant to, among other things, Masimo's damages model.  Apple's proposed exclusion would be burdensome with no proportional benefit.  *See* Fed. R. Civ. P. 1, 26; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) ("Allowing the fruits of one litigation to facilitate preparation in other cases advances the interest of judicial economy by avoiding the wasteful duplication of discovery.").

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/10811088/12209.00051

Enclosures
cc:     Clerk of Court (via hand delivery)
         Counsel of Record (via electronic mail)