IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC.,<br><br>       Plaintiff,<br><br>   v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>       Defendants. | C.A. No. 22-1377-MN-JLH<br><br>**JURY TRIAL DEMANDED** |
| MASIMO CORPORATION,<br><br>       Counter-Claimant,<br><br>   v.<br><br>APPLE INC.,<br><br>       Counter-Defendant. | |
| APPLE INC.,<br><br>       Plaintiff,<br><br>   v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>       Defendants. | C.A. No. 22-1378-MN-JLH<br><br>**JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and<br>CERCACOR LABORATORIES, INC.,<br><br>       Counter-Claimants,<br><br>v.<br><br>APPLE INC.,<br><br>       Counter-Defendant. | |

**[PROPOSED] SCHEDULING ORDER**

This __25__ day of __May__, 20____, the Court having ~~conducted an~~ issued scheduling guidance on May 5, 2023 (D.I. 94), ~~initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b)~~, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **May 15, 2023**. The information provided in those initial disclosures need only address those claims for which the Court had not stayed discovery as of that deadline. To the extent the Court later orders discovery on a previously stayed claim to resume, the parties shall each supplement those disclosures within **fourteen (14) days** of the order resuming discovery. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery). The parties agree to meet and confer concerning issues related to ESI and to address such issues via a separate proposed order.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **June 13, 2023**. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 8(g) and 9.

3. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed

form of order and submit it to the Court on or before **May 17, 2023**. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. Papers and Proceedings Under Seal. In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosures of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. <u>Courtesy Copies.</u> The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6. <u>ADR Process.</u> Magistrate Judges will no longer engage in alternative dispute resolution in patent and securities cases. See the Court's Standing Order No. 2022-2 dated March 14, 2022.

7. <u>Disclosures.</u> Absent agreement among the parties, and approval of the Court:

(a) By **May 15, 2023**, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

(b) By **May 19, 2023**, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

(c) By **May 25, 2023**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d) By **June 8, 2023**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(e) By **August 17, 2023**, Plaintiff shall provide final infringement contentions.

(f) By **August 24, 2023**, Defendant shall provide final invalidity contentions.

8. <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be strictly observed.

(a) <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before **September 21, 2023**.

(b) <u>Document Production.</u> Document production shall be substantially complete by **August 10, 2023**.

(c) <u>Requests for Admission.</u> A maximum of 100 requests for admission are permitted for each side for substantive issues and unlimited requests for admission are permitted for each side for authentication of documents.

(d) <u>Interrogatories.</u>

  i. A maximum of [**Apple's position: 50** / ~~Masimo's position: 30~~] interrogatories, including contention interrogatories, are permitted for each side.

  ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e) <u>Depositions.</u>

  i. <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 150 hours of taking fact testimony by deposition upon oral examination.

  ii. <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be

5

required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The parties agree that depositions of parties and representatives (officer, director, or managing agent) of parties may be deposed in the location that they reside, subject to a showing of good cause for holding the deposition in another location.

   (f) <u>Disclosure of Expert Testimony.</u>

     i. <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **October 4, 2023**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **October 24, 2023**. Reply expert reports from the party with the initial burden of proof are due on or before **November 6, 2023**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

     ii. <u>Expert Report Supplementation.</u> The parties agree they will not permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

     iii. <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless

otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

     iv. <u>Expert Discovery Cut-Off</u>. All expert discovery in this case shall be initiated so that it will be completed on or before **November 17, 2023**.

  (g) <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

     i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

     ii. Should counsel find, after good faith efforts – including verbal communication among Delaware and Lead Counsel for all parties to the dispute – that they are unable to resolve a discovery matter or a dispute regarding a protective order, the moving party (i.e., the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes." The suggested text for this motion can be found in Magistrate Judge Hall's section of the Court's website, in the "Forms" tab.

     iii. The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by court order, generally not less than seventy-two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

    iv. Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one hour of e-filing. All courtesy copies shall be double-sided.

    v. Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

9. <u>Motions to Amend / Motions to Strike.</u>

  (a) Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g) above.

  (b) Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading. Any motion to strike shall attach the document sought to be stricken.

10. <u>Technology Tutorials.</u> Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11. <u>Claim Construction Issue Identification.</u> On **June 29, 2023**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted two weeks prior to service of the opening claim construction brief. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim

language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction Briefing.</u>[1] The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **July 27, 2023**. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **August 10, 2023**. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **August 17, 2023**. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **August 24, 2023**. No later than **August 31, 2023**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.   Agreed-Upon Constructions

II.  Disputed Constructions

[TERM 1]

      1.   Plaintiff's Opening Position

      2.   Defendant's Answering Position

      3.   Plaintiff's Reply Position

      4.   Defendant's Sur-Reply Position

[TERM 2]

---

[1] For purposes of claim construction, "Plaintiff" identifies the patentee and "Defendant" identifies the accused infringer. As both sides are asserting patents, each side shall submit opening, answering, reply and sur-reply claim construction briefs.

1. Plaintiff's Opening Position

2. Defendant's Answering Position

3. Plaintiff's Reply Position

4. Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

13. <u>Hearing on Claim Construction.</u> Beginning at 10:00 am [handwritten] on **September 14, 2023**, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

14. <u>Supplementation.</u> Absent agreement among the parties, and approval of the Court, no later than **August 17, 2023**, the parties must finally supplement, *inter alia,* the identification of all accused products and of all invalidity references.

15. <u>Interim Status Report.</u> On **November 9, 2023**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16. <u>Case Dispositive Motions.</u>[2]

(a) All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **November 22, 2023**. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

(b) <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the

---

[2] Per the Court's instructions at the Rule 16 Conference, the parties understand that the Court will employ a ranking procedure such that the parties must make clear the order in which any summary judgment motion is to be considered. The Court will review the motions in the parties' designated order and, if the Court denies a summary judgment motion, barring exceptional circumstances, the Court will not consider any further summary judgment motions by that party.

motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c) <u>Page limits combined with Daubert motion page limits.</u> Each party is permitted to file as many case dispositive motions as desired provided, however, that each *SIDE* will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *SIDE*.[3]

16. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

---

[3] The parties must work together to ensure that the Court receives no more than a total of 250 pages (i.e., 50 ± 50 ± 25 regarding one side's motions, and 50 ± 50 ± 25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

16A. The Court will hold a Case Management Conference on January 16, 2024 at 3 p.m.

17. <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18. <u>Pretrial Conference.</u> On ___TBD___, the Court will hold a pretrial conference in Court with counsel beginning at 9:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

19.  **Jury Instructions, Voir Dire, and Special Verdict Forms.** Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms at least seven (7) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

20.  **Trial.** This matter is scheduled for a __TBD__-day jury trial beginning at 9:30 a.m. on __TBD__, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

21.  **Judgment on Verdict and Post-Trial Status Report.** Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

22.  **Post-Trial Motions.** Unless otherwise ordered by the Court, all *SIDES* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

23.  Any deadlines that are included in the accompanying chart but not addressed in the text of this Order are hereby incorporated by reference.

_____
United States ~~District Court~~ Magistrate Judge

Counsel Shall Provide a Chart of All Relevant Deadlines

| EVENT | DEADLINE |
| --- | --- |
| Deadline for each party to serve initial disclosures pursuant to Rule 26(a)(1) (¶1) | May 15, 2023 |
| Deadline to identify all accused product(s), its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s), and to produce the file history for each asserted patent (¶7(a)) | May 15, 2023 |
| Deadline for the parties to file a proposed protective order (¶3) | May 17, 2023 |
| Deadline to produce core technical documents related to the accused product(s) sufficient to show how the accused product(s) work and sales figures (¶7(b)) | May 19, 2023 |
| Deadline for parties to disclose: The 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely (Modified Default Standard ¶3(a)) | May 25, 2023 |
| Deadline for parties to disclose: A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely (Modified Default Standard ¶3(b)) | May 25, 2023 |
| Deadline for the parties to provide the notices identified in Modified Default Standard ¶3(c) | May 25, 2023 |
| Deadline to serve initial infringement contentions (¶7(c)) | May 25, 2023 |
| Deadline to serve initial invalidity contentions, as well as produce the known related invalidating references (¶7(d)) | June 8, 2023 |
| Deadline for joinder of other parties and amendment of pleadings (¶2) | June 13, 2023 |
| Deadline to serve initial non-infringement contentions | June 15, 2023 |
| Deadline to serve initial response to invalidity contentions | June 22, 2023 |
| Deadline to exchange list of claims that the parties believe need construction and proposed constructions* (¶11) | June 29, 2023 |
| Deadline to file Joint Claim Construction Chart (¶11) | July 13, 2023 |
| Deadline to serve opening claim construction brief (¶12) | July 27, 2023 |
| Deadline for the substantial completion of all document production (¶8(b)) | Aug. 10, 2023 |
| Deadline to serve answering claim construction brief (¶12) | Aug. 10, 2023 |
| Deadline for the parties to finally supplement the identification of all accused products and all invalidity references (¶14) | Aug. 17, 2023 |
| Deadline to serve final infringement contentions (¶7e) | Aug. 17, 2023 |
| Deadline to serve reply claim construction brief (¶12) | Aug. 17, 2023 |
| Deadline to serve final invalidity contentions (¶7(f)) | Aug. 24, 2023 |
| Deadline to serve its sur-reply claim construction brief (¶12) | Aug. 24, 2023 |
| Deadline to serve final non-infringement contentions | Aug. 31, 2023 |
| Deadline to file Joint Claim Construction Brief (¶12) | Aug. 31, 2023 |
| Deadline to file optional technology tutorial (¶10) | Aug. 31, 2023 |
| Deadline to serve final response to invalidity contentions | Sept. 7, 2023 |
| Claim construction hearing (¶13) | Sept. 14, 2023 |

| EVENT | DEADLINE |
|---|---|
| Deadline for the close of fact discovery (¶8(a)) | Sept. 21, 2023 |
| Deadline for opening expert reports for each party that bears the initial burden of proof (¶8(f)(i)) | Oct. 4, 2023 |
| Deadline for rebuttal expert reports (¶8(f)(i))[4] | Oct. 24, 2023 |
| Deadline for reply expert reports (¶8(f)(i)) | Nov. 6, 2023 |
| Interim Status Report (¶15) | Nov. 9, 2023 |
| Deadline for the completion of expert discovery (¶8(f)(iv)) | Nov. 17, 2023 |
| Deadline for the parties to file all case dispositive and *Daubert* motions, as well as an opening brief, statement of facts, and affidavits, if any (¶16) | Nov. 22, 2023 |
| Deadline for the parties to oppose case dispositive and *Daubert* motions (¶16) | Dec. 8, 2023 |
| Deadline for the parties to reply to case dispositive and *Daubert* motions (¶16) | Dec. 15, 2023 |
| Deadline for parties to file joint letter (no longer than six pages single-spaced) | 10 days prior to January CMC |
| Case Management Conference | January [16], 2024 |
| Deadline to serve a draft pretrial order (¶19; L.R. 16.3(d)(1)) | TBD |
| Deadline for parties to serve motions *in limine* (¶18) | TBD |
| Deadline for parties to serve oppositions to motions *in limine* (¶18) | TBD |
| Deadline for parties to serve replies to motions in limine (¶18) | TBD |
| Deadline to serve response to draft pretrial order (¶19; L.R. 16.3(d)(1)) | TBD |
| Deadline for parties to file joint pretrial order (¶18) | 7 days prior to Pretrial Conference |
| Deadline for the parties to file proposed jury instructions, voir dire, and verdict forms (¶20) | 7 days prior to Pretrial Conference |
| Pretrial Conference (¶20) | TBD |
| Trial (¶21) | TBD |

10811126

---

[4] For the avoidance of doubt, this includes rebuttal expert reports/reports for which the opposing side bears the burden of proof.