# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC, <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | Civil Action No. 22-1377 (MN) (JLH) |
| APPLE INC, <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | Civil Action No. 22-1378 (MN) (JLH) |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM JOHN C. PHILLIPS, JR. REGARDING MASIMO'S ANSWERING LETTER BRIEF CONCERNING PROTECTIVE ORDER DISPUTES**

Dated: May 30, 2023

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendants*

Dear Judge Hall:

Masimo opposes Apple's request for additional restrictions in the Parties' Protective Order. *See* 1377 Case, D.I. 109; 1378 Case, D.I. 99. Apple has failed to show good cause for its restrictions. *See* Fed. R. Civ. P. 26(c); *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (party seeking a protective order bears the burden of showing good cause for its issuance). Apple has also failed to show that the risk of inadvertent or improper use of designated materials justifies the resulting harm to counsels' ability to represent their clients in these cases and the Parties' right to rely on counsel of their choice in other matters. *In re Deutsche Bank*, 605 F.3d at 1378; *British Telecomm. PLC v. IAC/InterActiveCorp*, 330 F.R.D. 387, 391 (D. Del. 2019).

**Restriction on the Location of Access to, and Transportation of, All Materials Designated Under the Protective Order (§§ 6(c), 8(b)(iii), 9(b)(ii), 10(c)(ii))**

Apple's proposal is unnecessary. Apple has not identified any materials it expects to produce that would be subject to export controls. Moreover, the parties previously disputed the scope of export controls in the co-pending CDCA case, which involves much of the same information at issue here. *See* Attachment A (CDCA Case, D.I. 61-1) at 15-18. The court adopted a compromise: if a party were to produce materials subject to export controls, the Producing Party may designate them as such, and the Receiving Party would treat them accordingly. Attachment B (CDCA Case, D.I. 67) at 12-13. Masimo proposes that same language here. *See* Apple's Letter, Ex. A at 7-8 (§ 6(c)). Apple has not shown that the circumstances here differ enough to justify Apple's renewed request.

Apple's proposal is also unreasonable. Apple proposes that ***all*** materials designated under the Protective Order be treated as controlled materials regardless of whether they are, in fact, controlled materials. *Id.* This even includes documents designated at the lowest tier of confidentiality under the Protective Order. *Id*. And Apple proposes to prohibit the Parties' U.S. counsel and experts from accessing any designated materials while traveling abroad. *Id*.; *see also id.* at 11 (§ 8(b)(iii)), 14 (§ 9(b)(ii)), 16 (§ 10(c)(ii) (prohibiting a Party's U.S. experts from accessing materials outside the U.S.). Apple's restrictions would therefore prohibit counsel and experts from looking at any designated materials (including in email) or working on briefs or reports that refer to any designated materials while outside the U.S. Apple's proposal would thus almost entirely prohibit counsel and experts from working on these cases during foreign travel for other obligations. Moreover, to the extent counsel emails contain copies of briefs or reports that contain designated material, Apple's proposal would prevent counsel from even bringing their phones or laptops with them when traveling abroad even if they do not work on these cases.

Apple proposes the Parties "revisit this issue" if these cases require depositions or experts outside the U.S. *Id.* at 8 (§ 6(c)). But Apple fails to address that counsel and experts have personal and professional obligations unrelated to these cases that likely require travel outside the U.S. It would be unreasonable to require Masimo to ask Apple's permission every time its counsel or experts plans to bring their electronic devices or work on this case while travelling abroad. Apple also suggests it would demand disclosure of the materials counsel or experts would access. A party should not need to disclose that type of information. Moreover, counsel would be accessing

The Honorable Jennifer L. Hall 2
May 30, 2023

email and other draft documents worked upon by other team members. It would be impossible to attest to all the information in those sources.

The orders Apple cites from other cases are inapposite. Apple's Letter at 1 n.1. The parties in *Kewazinga, Taction Tech., WAPP Tech*, and *Summit 6* stipulated to the orders. *See id*. Moreover, in *Parallel Networks* and *ReefEdge Networks*, the parties expected that most of the materials to be produced would be subject to export controls, and the dispute focused on disclosure to foreign nationals. *See* Attachment C (*Parallel Networks, LLC, v. Barracuda Networks, Inc*., C.A. No. 13-1412-LPS, D.I. 26 (D. Del. July 25, 2014)) at 3; Apple's Letter, Ex. D at 35-36. In contrast, Masimo and Apple dispute whether the Parties' U.S. counsel and U.S. experts may access materials to work on these cases while traveling overseas. And Apple has not established that *any* discovery materials here would be subject to export controls.

### Restriction on Counsel's Ability to Represent a Party in Intellectual-Property and Corporate Acquisitions (§ 6(b))

Apple proposes to restrict counsel's ability to represent a Party in intellectual-property acquisitions and corporate acquisitions ("patent-acquisition bar"). Apple's Letter, Ex. A at 7 (§ 6(b)). Once again, the parties already addressed this issue in the co-pending CDCA Case. There, the court denied Apple's request for a patent-acquisition bar. *Masimo Corp. v. Apple, Inc*., No. 8:20-cv-48-JVS, 2020 WL 5215385, *4 (C.D. Cal. 2020). Again, Apple has not shown that the circumstances here differ enough to justify Apple's renewed request.

Besides agreeing to use materials designated under the Protective Order for these cases only, the Parties have also already agreed to a patent-prosecution bar. Apple's Letter, Ex. A at 6-7 (§ 6(b)). Apple fails to justify further restricting Masimo's right to choose its counsel in intellectual-property acquisitions or corporate acquisitions that include intellectual property. *See Jenam Tech., LLC v. Samsung Elec. Am., Inc*., No. 4:19-cv-00250-ALM-KPJ, 2020 WL 757097, *2 (E.D. Tex. Feb. 4, 2020); *Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility, LLC*, No. 14-22659-CIV-SCOLA, 2015 WL 12860290, *1 (S.D. Fl. Feb. 25, 2015). Patent-acquisition bars are often reserved for cases involving non-practicing entities, which is not the situation here. *See Intellectual Ventures I, LLC v. Lenovo Group Ltd*. No. 16-cv-10860-PBS, 2019 WL 343242, *3 (D. Mass. Jan. 25, 2019); *Unwired Planet LLC v. Apple Inc.*, No. 3:12-cv-00505-RCJ, 2013 WL 1501489, *3 (D. Nev. Apr. 11, 2013).

Apple's proposal is also unreasonably broad because it fails to carve out counsel's ability to advise on legal questions, such as patent validity, claim scope, and contract interpretation, which courts have recognized pose limited risk of strategic decision-making. *EPL Holdings, LLC v. Apple, Inc.*, No. C-12-04306-JST, 2013 WL 2181584, *4 (N.D. Cal. May 20, 2013).

### Restriction on the Parties' Ability to Show Materials Designated Under the Protective Order to Employees of a Producing Party During Their Deposition (§§ 8(b)(iv), 9(b)(iii), 10(c)(iii))

The Honorable Jennifer L. Hall 3
May 30, 2023

Apple proposes to prohibit a Receiving Party from showing materials designated under the Protective Order to certain employees of the Producing Party during their deposition. Apple's Letter, Ex. A at 12 (§ 8(b)(iv)), 14 (§ 9(b)(iii)), 16-17 (§ 10(c)(iii)). Apple proposes to prohibit showing designated materials to a Producing Party's employee unless the employee is identified in the material or underlying data as an author or recipient of the materials, or unless the employee has been designated to testify on behalf of the Producing Party. *Id.*

Apple's proposed restriction is unjustified because the risk of inadvertent or improper use of confidential information is minimal and is outweighed by the harm to the Parties' ability to discover relevant information. *See In re Deutsche Bank*, 605 F.3d at 1378; *British Telecomm. PLC v. IAC/InterActiveCorp*, 330 F.R.D. at 391. The risk of inadvertent or improper use is minimal because the Producing Party's materials would be shown to the Producing Party's own employees—not to outside individuals. And Apple's proposed restriction would unreasonably hinder the Parties' ability to discover relevant information because many materials, such as PowerPoint slides presented during internal meetings, can be viewed or received by employees without any indication of receipt in the materials or in the materials' metadata. The Receiving Party would be restricted to asking the Producing Party's designated witness about such materials and would be prohibited from asking other potential witnesses about the materials.

### An Additional Requirement of Implementing Multi-Factor Authentication to Access to Any Materials Designated Under the Protective Order (§ 14(a))

Apple's proposal is unreasonable and unjustified for two reasons. First, the Parties have already agreed to safeguard access to designated materials by implementing data security measures that comply with NIST or other widely recognized industry standards. *Id*. Apple has failed to show that the circumstances here justify further requiring multi-factor authentication. Indeed, Apple never requested multi-factor authentication in the Parties' co-pending CDCA Case, which involves much of the same highly sensitive technical documents and source code at issue here. *See* Attachment A. And Apple has failed to identify any other case requiring parties to implement multi-factor authentication. *See* Apple's Letter at 2-3.

Second, Apple's proposal creates unjustified burdens. Apple's proposal would require reconfiguring counsel's IT infrastructure and electronic devices that are not already subject to multi-factor authentication. Moreover, access to hard-copy documents cannot be subject to multi-factor authentication. Thus, Apple's request would prohibit the Parties from printing designated materials or any documents that refer to designated materials. Counsel and experts would thus be prohibited from reviewing or editing briefs or reports in hard copy.

Accordingly, Masimo requests the Court deny Apple's request for additional restrictions in the Parties' Protective Order and adopt Masimo's proposed version of the Protective Order.

The Honorable Jennifer L. Hall 4
May 30, 2023

                                        Respectfully submitted,

                                        */s/ John C. Phillips, Jr.*

                                        John C. Phillips, Jr. (#110)

cc:    All counsel of record (via Email & CM/ECF)