# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-1377-MN-JLH |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) | |
| SOUND UNITED, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1378-MN-JLH |
| | ) | |
| MASIMO CORPORATION and | ) | **JURY TRIAL DEMANDED** |
| SOUND UNITED, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION and | ) | |
| CERCACOR LABORATORIES, INC., | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E. MOORE**

OF COUNSEL:

John M. Desmarais
Cosmin Maier
Jordan N. Malz
Kerri-Ann Limbeek
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

Dated: June 22, 2023
10885606 / 12209.00051

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*



**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone

June 22, 2023

**VIA ELECTRONIC FILING**

The Honorable Jennifer L. Hall
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3555

   Re: *Apple Inc. v. Masimo Corp., et al.*, C.A. Nos. 22-1377 & 22-1378-MN-JLH

Dear Judge Hall:

  Masimo's motion for leave to amend raises new allegations that do not satisfy the heightened pleading standard for inequitable conduct for the same reasons set forth in Apple's motion to dismiss. (C.A. No. 22-1377, D.I. 54; C.A. No. 22-1378, D.I. 39; *see also* C.A. No. 22-1377, D.I. 123; C.A. No. 22-1378, D.I. 130 ("Masimo now seeks leave to amend its pleadings in both cases to add the exact same kind of allegations for the one remaining design patent.")) Apple respectfully intends to file a narrow objection to the Court's June 20, 2023 report and recommendation (C.A. No. 22-1377, D.I. 131; C.A. No. 22-1378, D.I. 124) including, pertinent to this motion, to the extent it found that Masimo's original answer and counterclaims had sufficiently pled inequitable conduct allegations against Jeffrey Myers. Because an amendment is futile if it "fails to state a claim upon which relief can be granted" (*Livery Coach Sols., L.L.C. v. Music Express/E., Inc.*, 245 F. Supp. 3d 639, 648 (D. Del. 2017))—the same legal standard that applies under Federal Rule of Civil Procedure 12(b)(6)—resolution of that objection in favor of Apple would render Masimo's proposed amendments with respect to Mr. Myers futile and warrant denial of Masimo's motion to amend as to those amendments. To minimize disputes, Apple does not intend to oppose Masimo's motion on any other ground.

  Here, Masimo's motion for leave to amend rises and falls with the ultimate outcome of Apple's motion to dismiss and resolution of that related objection. Apple therefore respectfully requests that the Court reserve ruling on Masimo's motion for leave to amend pending the resolution of Apple's objection in accordance with Federal Rules of Civil Procedure. In light of the narrow basis on which Apple maintains its futility argument here, which is contingent on final resolution of its motion to dismiss inequitable conduct allegations, Apple respectfully submits that this dispute may be resolved on the papers without the need for a teleconference.

               Respectfully,

               */s/ David E. Moore*

               David E. Moore

DEM:nmt/10885606/12209.00051
cc: Clerk of Court (via hand delivery)
   Counsel of Record (via electronic mail)