# EXHIBIT A

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

Justin Gillett
Justin.Gillett@knobbe.com

July 13, 2023

**VIA EMAIL**

Mark Ford
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Re:   *Apple v. Masimo*, Civil Action No. 22-1377; 22-1378

Dear Mark:

I write to memorialize the parties' discussions regarding Masimo's antitrust-related requests for production, including meet-and-confers on July 6, 10, and 12, 2023. I also respond to related portions of the letter Apple sent to Masimo less than 90 minutes before our meet-and-confer on July 12. Masimo will write separately regarding Masimo's responses to Apple's RFPs.

### Apple's Position That It Need Not Provide Discovery On Two of Masimo's Four Antitrust Theories

Apple confirmed its position that it need not provide any discovery on Masimo's (1) predatory infringement and (2) monopoly leveraging theories. Apple contends that it need not and will not respond to RFPs, provide supplemental or pretrial disclosures, respond to interrogatories, perform ESI searching, or comply with any duty to disclose on these theories, with one narrow exception: Apple has now clarified it will not renege on its previous commitment to produce "a narrow scope of documents" responsive to **RFPs 76-79 and 81-82** (regarding Masimo and Cercacor apps) and will further answer interrogatories and satisfy its other discovery obligations consistent with Apple's "narrow" response to these particular RFPs.

As Masimo explained, Apple's refusal to provide discovery on two of Masimo's four antitrust theories is improper and highly prejudicial. We disagree with Apple's reliance on Judge Hall's Report & Recommendation to block such discovery. Moreover, Apple's position that it will limit its *interrogatory* responses and other disclosures to the scope of a "narrow" set of *documents* is unreasonable and unworkable. As discussed, the parties should bring this dispute to Judge Hall as soon as possible.

Consistent with Apple's position that it need not provide monopoly leveraging and predatory infringement discovery, Apple confirmed it will provide no discovery, whatsoever, in response to **RFPs 62-63** (documents related to app distribution markets), **80** (Masimo's FDA strategies), and **83-90** (predatory infringement). In addition, we understand Apple has rejected Masimo's proposed narrowing of **RFPs 76-78 and 81-82** and that Apple maintains it will limit its document production to the "narrow scope" it previously identified. As explained at the meet and confer, we disagree with Apple's position that it need not provide any monopoly leveraging or predatory infringement discovery and with Apple's other arguments regarding these requests. Apple confirmed the parties are at an impasse on the above issues.

### Apple Refuses to Produce the Full Scope or Proposed Narrowed Scope of RFPs 112-114

In its July 12 letter and at the meet and confer, Apple proposed substantially narrowing **RFP 112** (documents referring to both Apple Watch and Apple's "ecosystem" of interconnected products) and **RFPs 113-114** (documents relating to Apple's strategies with regard to its ecosystem) to documents that "discuss whether and how any so-called 'ecosystem' of Apple products relates to the Apple Watch." That substantial narrowing renders these RFPs meaningless; Apple's July 12 letter even asserts that such documents "would already be covered by other requests to which Apple has agreed to produce documents." Masimo maintains that RFPs 112-114 are reasonable and proportional. Apple confirmed the parties are at an impasse on these issues.

### Apple Refuses to Correct Deficiencies in its Responses to Interrogatory No. 16 and RFP 118

As discussed, Apple's response to **Interrogatory No. 16** is deficient. That response provides no substantive response beyond invoking Rule 33(d)—with no accompanying identification of documents—and does not identify oral communications.

Apple's July 12 letter does not dispute the relevance of **RFP 118** (Apple's communications with Politan Capital Management relating to Masimo, Sound United, or Cercacor). On the contrary, Apple asserts that Politan is "squarely at issue in this case." But instead of complying with its obligation to produce this admittedly relevant information, Apple conditions its production on Masimo's agreement to search for and produce documents responsive to Apple RFPs 127-128 and 213-218, which Apple did not serve until June 30 and July 7, respectively. Masimo fails to see any equivalency between (1) Masimo's targeted request for communications between Apple and Politan, and (2) Apple's RFPs 127-128 and 213-218, which broadly request, for example, "*all* documents produced, served, or filed in the Politan Litigation," RFP 127. Masimo will respond to Apple's broad requests in due course. In the meantime, Apple's withholding of documents in response to RFP 118 is improper. Apple confirmed the parties are at an impasse on the above issues.

### Apple Rejects Masimo's Proposed Reciprocal Timeframe

Apple narrows **RFPs 64-65, 77-79, and 81-82** to documents "created on or between January 1, 2020 and May 31, 2023." Apple similarly states generally that, "[u]nless otherwise stated [in its responses], Apple's reasonably diligent search will include documents created on or between December 12, 2020 and May 31, 2023."

During the July 6 and 12 conferences, Masimo proposed a time period for these RFPs extending to four years before the filing of this action. Masimo explained that this four-year date corresponds to the statute of limitations and also roughly coincides with the release of Apple Watch Series 4. Masimo further clarified that it would make this four-year date reciprocal for both parties' antitrust-related RFPs. Apple declined Masimo's proposals. Apple confirmed the parties are at an impasse on these issues.

### Apple's Withholding of "Duplicative Discovery"

Apple's July 12 letter asserts that it would be unduly burdensome to run a search if it has already completed a reasonably diligent search for a category of documents for a case subject to cross-use. Apple clarified that it would update such searches as appropriate based on the timing of the previous searches. Masimo understands that Apple is committing to perform reasonable searches and will not quibble at this time with the specifics of how Apple performs those searches. However, Masimo reserves the right to object if it becomes aware that Apple's approach is deficient and fails to adequately respond to Masimo's RFPs.

Apple's responses to Masimo's RFPs repeatedly apply a qualifier stating that Apple will produce documents that are "not duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378)." Apple's July 12 letter states it wants to "de-dupe documents against those already produced." Masimo stated that any such de-duping should exclude only documents that are identical, including with respect to metadata and custody, to a document subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross-use. D.I. 95 (No. 22-1377); D.I. 83 (No. 22-1378). Apple has not confirmed it will do so. Apple's July 12 letter also asserts that discovery into Apple's practice of Sherlocking and so-called efficient infringement is "complete" and that would be "unnecessarily cumulative" to do any more than what was done in the C.D. Cal. litigation. Apple's refusal to comply with its discovery obligation is improper. The parties are at an impasse on these issues.

### Issues Raised By Masimo's June 30, 2023 Letter That Are Now Resolved

Based on Apple's July 12 letter, and as confirmed during the parties' meet and confer, Masimo understands that the parties have resolved certain issues as follows (addressed in the order of Masimo's original June 30, 2023 letter): (1) Masimo has withdrawn **RFPs 57-61** based on Apple's representation that it will not contest that the relevant geographic market is the United States; (2) Apple has agreed to produce documents in response to the full scope of **RFP 92**; (3) Apple will not apply a **"relevance" filter** to withhold documents;

# Knobbe Martens

Mark Ford
Page 3

(4) Masimo agrees to Apple's narrowing of the geographic scope of **RFPs 53, 66-69, and 71** to the United States based on Apple's representation that it will not contest that the relevant geographic market is the United States; (5) Apple has agreed to produce documents that refer to the interchangeability of, or discuss the cross-price elasticity of demand in response to **RFP 53**; (6) Apple made clear that its response to **RFP 67** was not an attempt to narrow the scope of this request; (7) Apple further made clear that by quoting specific words in its responses to **RFPs 68-69, 77-79, and 81,** Apple is not intending to withhold other similar words or concepts; (8) Apple will produce documents in response to the full scope of **RFPs 74-75**.

## Issues Still Pending From Masimo's June 30, 2023 Letter

Masimo understands the parties are still discussing: (1) the discovery Apple will produce in response to **RFP 72** in connection with a mutual exchange of such discovery; (2) the discovery Apple will produce in response to **RFP 116** in connection with a mutual exchange of such discovery; (3) Apple's indication that it will rely solely on ESI searches to satisfy its obligations with regard to emails.

Best regards,

Justin J. Gillett