# EXHIBIT B

WILMERHALE

July 12, 2023

**By E-mail**

Mark A. Ford

+1 617 526 6423 (t)
+1 617 526 5000 (f)
mark.ford@wilmerhale.com

Justin J. Gillett
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Justin.Gillett@knobbe.com

Re:  *Apple v. Masimo*, Civ. A. No. 22-1377, 22-1378 (D. Del.)

Dear Justin:

I write in response to your July 8th letter to correct and clarify mischaracterizations made about Apple's position with respect to several of Masimo's requests for production ("RFPs"), and to address various omissions as well.  I also outline proposed compromises that we can discuss during our scheduled meet-and-confer later today.  Finally, I address Masimo's position regarding certain RFPs that Apple has served.

I.      **Apple's Positions Regarding Masimo RFPs**

A.      **Discovery Concerning Masimo's Monopoly Leveraging (App Store) Theories And "Predatory Infringement"**

While Judge Hall recommended denial of Apple's motion to dismiss, she held only that Masimo's *Walker Process* theory was viable.  She expressly "questioned" the viability of Masimo's monopoly leveraging and "predatory infringement" theories of antitrust liability, and specifically indicated that she would permit discovery only if it were proportional to a "viable" theory.  For that reason, Apple will maintain that the Court should not compel discovery on these theories, let alone the sweeping, overly broad, and unduly burdensome discovery Masimo seeks.

Your letter also ignores the many other bases we articulated for resisting discovery on these topics – not least of which is Masimo's own admission that Apple did not, in fact, refuse the Masimo Health App.  While we question the propriety of Masimo continuing to press a knowingly false "refusal to deal" claim, we certainly do not believe the claim warrants boundless discovery into Apple's App Store business.  Moreover, Masimo's requests relating to the invalid theories are so broad as to seek discovery into alleged injuries to third parties, who are not even participants in the so-called "health watch market," and into *any claim* by *any party* that Apple has infringed or otherwise misappropriated technologies.  Masimo has no standing to litigate such claims even if they were based on legitimate antitrust theories.

WILMERHALE

Justin J. Gillett
July 12, 2023
Page 2

Next, Judge Hall never "observed" that the requests at issue were relevant to Apple's "predatory intent" for purposes of Masimo's attempted monopolization claim. She simply asked a question during the hearing on the motion to dismiss. It is inappropriate for Masimo to infer any sort of holding about the scope of discovery from that question into Judge Hall's subsequent R&R. Nevertheless, I responded to this argument during the meet-and-confer, and we are prepared to address it before Judge Hall.

Similarly, the argument that Masimo's sweeping discovery into "predatory" infringement is somehow relevant to whether Apple willfully infringed the Masimo patents at issue, let alone proportional to the issues in this case, is meritless, especially given the cross-use of C.D. Cal. discovery. Apple has not refused to produce documents regarding Apple's culture and practices regarding respect for IP rights generally. Instead, Apple is refusing to produce irrelevant documents regarding communications with third parties (e.g., RFPs 84, 89-90), specific decisions regarding irrelevant third-party IP (e.g., RFP 85), and additional documents regarding issues that have been thoroughly explored in the C.D. Cal. case (e.g., RFPs 86-87).

Accordingly, we stand on our objections to RFPs 62-63, 83-90. For the same reasons, Apple declines to make any production in response to RFP 80 (concerning Masimo's FDA strategies), which you explained is also directed to Masimo's monopoly leveraging claim. In addition, based on Masimo's admission that it did not provide any confidential information to Apple as part of the App Store review, RFP 80 constitutes an improper fishing expedition.

With respect to RFPs 76-79 and 81-82, for which Apple initially offered to produce a narrow scope of documents pertaining to the review of the Masimo and Cercacor apps mentioned in the Counterclaims, Apple will follow through on its agreement to produce this narrow scope without prejudice to its position that the requested discovery is not relevant to any viable theory. Apple has not "withdrawn" any prior agreement to produce documents.

### B. Geographic Scope

We confirm that –for purposes of this litigation–Apple will not contest that the relevant geographic market is the United States. As a result, Masimo agreed it will not pursue RFPs 57-61 and accepts the narrowing of the geographic scope for RFPs 53, 66-69, and 71 to the United States.

### C. Patent-Related Discovery Requests

With respect to RFPs 74-75 (Apple's IP policies and enforcement) and RFP 92 (documents relating to Apple's decision to assert the *Walker Process*-challenged patents), Apple agrees to conduct a reasonably diligent search for non-privileged responsive documents within its possession, custody, and control.

WILMERHALE

Justin J. Gillett
July 12, 2023
Page 3

### D.     "Ecosystem" Discovery

With respect to RFPs 112-114, Apple is willing to undertake a reasonably diligent search for documents that discuss whether and how any so-called "ecosystem" of Apple products relates to the Apple Watch.  Indeed, as indicated in Apple's objections and responses, such documents would already be covered by other requests to which Apple has agreed to produce documents, including, for instance, RFPs 51, 56, 99, and 105.  Masimo's requests for all documents related to any "ecosystem" on any Apple users and product lines – including products not at issue in this case – are overbroad, unduly burdensome, and not proportional.

### E.     Duplicative Discovery

As explained on our call, Apple qualifies that Masimo's discovery requests should not be "duplicative of discovery subject to the parties' cross-use agreement and the Court's oral order regarding permissible cross use" in three ways.

First, Apple reserves the right to de-dupe documents against those already produced.  Masimo wants to ensure that documents are only deduped if the metadata (including custodian data) are identical, and Apple is investigating the implications of that demand.

Second, to the extent that Apple has already completed a reasonably diligent search for a category of documents for a case subject to cross-use, it is unduly burdensome to require Apple to engage in the same search.  This does not mean Apple refuses to update production categories where it has agreed to do so through its RFP responses.

Third, with respect to Masimo's claims that Apple engaged in so-called "Sherlocking" and "efficient infringement," discovery into those issues is complete by virtue of what was done in the C.D. Cal. litigation.  Anything more would be unnecessarily cumulative.  For the reasons discussed above, however, Apple believes these topics are irrelevant to any viable theory in this case.

### II.    Masimo's Positions Regarding Apple RFPs

### A.     Litigation Cost Discovery

We understand Masimo intends only to produce a spreadsheet of costs it unilaterally deems to be a result of Apple's assertion of the *Walker Process*-challenged patents, without any description of the work performed or any discovery into Masimo's various fee arrangements.  Masimo claims it has established a billing code associated with the defense of those *Walker Process*-challenged patents and related IPR claims, but Masimo's proposal provides Apple's attorneys and experts no basis by which to challenge Masimo's asserted calculation of antitrust damages.  Nor would Masimo's proposal provide any basis to segregate the alleged costs among the *Walker Process*-challenged patents, as would be necessary, for instance, if Masimo's claims are rejected in part.

WILMERHALE

Justin J. Gillett
July 12, 2023
Page 4

Despite this, we understand Masimo intends to seek those costs as treble damages, and also contends that those costs resulted in other consequential harms to the company, including impairing its ability to compete.

We do not believe it is appropriate for Masimo to put its litigation costs at issue and simultaneously selectively withhold all ordinary course documents that would permit Apple to test Masimo's claimed costs through fact and expert discovery. Accordingly, unless Masimo offers additional discovery, Apple intends to move to compel production of documents in response to RFPs 61-62, 64-65, and 77-78.

In addition, Apple maintains that documents responsive to RFP 76 are necessary to test any claim regarding the financial impact of those alleged litigation costs. Please confirm that Masimo will produce the requested financials.

### B. Documents Concerning Sound United Acquisition

Masimo indicated that it may be willing to produce documents concerning the Sound United acquisition that relate to the transaction's impact on sales of Masimo Watch Products, market share for Masimo Watch Products, and Masimo's goals and strategies concerning Masimo Watch Products. Subject to Masimo's confirmation, that would resolve Apple's inquiries regarding RFP 88.

### C. Documents Concerning Customer/Distributor Relationships

Masimo took the position that documents concerning sales strategies and plans with respect to specific customers and distributors would not fall within the scope of RFP 89, which seeks all documents concerning relationships with those customers or distributors. Putting that dispute aside, such documents fall within the scope of RFP 80 (all documents concerning sales plans and strategies for any Masimo Watch Product), and Masimo has agreed to produce all documents responsive to RFP 80 that it locates through its reasonably diligent search.

## III. Issues Concerning Both Parties' Productions

### A. Sales Data

As to Masimo RFP 72 and Apple RFP 67, the parties have agreed to continue negotiating an appropriate scope for a reciprocal sales data exchange.

WILMERHALE

Justin J. Gillett
July 12, 2023
Page 5

### B. Expert Disclosures

With respect to Masimo RFP 116, Apple maintains that the appropriate scope of reciprocal expert discovery—in terms of what is disclosed and when—should be governed by Fed. R. Civ. P. 26(b)(4)(C). We await your response.

### C. Temporal Limitations

As you previously observed, Apple proposed that document discovery on Masimo's antitrust claims reach back two years before the filing of the complaint (i.e., to December 12, 2020) with the exception of certain specified topics that Apple agreed to search back to January 1, 2020. Your July 8, 2023, letter proposes that the relevant time period for seven of your RFPs (64-65, 77-79, and 81-82) reach back four years before the filing of the action. We are confused why you would apply this date range to those requests, and suggest we continue discussing a reciprocal date range for antitrust and false advertising discovery during our scheduled meet-and-confer on July 12, 2023.

### D. Politan-Related Documents

Masimo's request for discovery into communications between Apple and Politan is an improper use of discovery in this case to serve Masimo's management's interest in an ongoing dispute against Politan. Further, the meet-and-confer revealed that Masimo has no valid grounds to believe there were any such communications. Without suggesting that any such documents existed, Apple offered in response to Interrogatory No. 16 a compromise that it would search custodial ESI. We continue to think that compromise is reasonable.

Masimo, however, has since put the Politan litigation squarely at issue in this case, claiming that the litigation itself, and the costs incurred as a result, were somehow caused by Apple's assertion of the *Walker Process*-challenged patents. This assertion has forced Apple to serve on Masimo discovery relating to that litigation. *See* RFPs 127-128, 213-218. Accordingly, if Masimo agrees to search for and produce documents responsive to those requests, Apple will agree to undertake a reasonably diligent search for any documents or communications responsive to RFP 118. We can discuss this compromise further during our July 12, 2023 meet-and-confer.

### E. Reasonably Diligent Email Search

Both parties must undertake a reasonably diligent search for responsive documents. For non-email, that includes searching central files and databases that are likely to contain responsive materials. It also involves collecting documents from individual custodians. With respect to email, however, Apple maintains that a reasonably diligent search is a review of email pulled based on the parties' custodian and search term negotiations. The parties have agreed to 20 email custodians

WILMERHALE

Justin J. Gillett
July 12, 2023
Page 6

and 20 search strings. It is unduly burdensome to also require custodians to search through their own emails for responsive materials.

### F. Clarification On Parties' Agreements to Produce

We confirm that where Apple set forth a category of documents that it would produce in response to an RFP, it intends to produce all documents falling within that category that it identifies based on a reasonably diligent search. It will not "filter out" any responsive documents within those categories that Apple deems irrelevant. To the extent Apple learns that a category of documents implicates an unduly burdensome scope of irrelevant materials, we will raise that issue with Masimo. We likewise understand that where Masimo agrees to produce non-privileged responsive documents, it intends to produce all documents falling within the full scope of the request that it locates after a reasonably diligent search, and Masimo too will not "filter out" any materials it deems irrelevant or otherwise narrow the scope of the production.

### G. Vagueness Objections

With respect to Masimo RFPs 53 (documents related to interchangeability) and 57 (documents relating to Apple Watch's position in the marketplace), Apple objected on vagueness grounds and offered a more defined scope. With respect to Apple RFP 74, Masimo claims that it will not search for documents "referring to any factors impacting or potentially impacting actual or forecasted sales volume, revenue, and/or profits of any Masimo Watch Product," even after we clarified that Apple is seeking documents that specifically discuss things as potentially impacting the demand for or price of the Masimo Watch Products. We suggest that, rather than burden Judge Hall with these disputes, both parties undertake a good faith search for documents responsive to these issues, including by running proposed search terms that may return such documents.

Best regards,

*/s/ Mark A. Ford*