# EXHIBIT C

| | |
|---|---|
| **From:** | Milici, Jennifer |
| **To:** | Jared Bunker |
| **Cc:** | Knobbe.MasimoDE; bpalapura@potteranderson.com; Jack Phillips; Greenfield, Leon; Kerri-Ann Limbeek; Megan C. Haney; Vote, Dominic; Ford, Mark; Jordan Malz; Peter Magic; Megan C. Haney; Apple Masimo Service; dmoore@potteranderson.com; Benjamin Luehrs |
| **Subject:** | Apple v. Masimo (C.A. Nos. 1377/1378) - |
| **Date:** | Monday, June 26, 2023 7:46:17 PM |

Counsel:

Apple interprets Judge Hall's Report and Recommendation as instructing that the antitrust case will proceed under Masimo's *Walker Process* theory only and that all discovery must be relevant and proportional to that theory. Accordingly, Masimo would not pursue the remaining antitrust theories plead in its complaint. To the extent, if any, that the Report and Recommendation permits Masimo to continue to advance its predatory infringement and monopoly leveraging theories, Apple intends to object to Judge Hall's recommendation.

To minimize the burden on both judges and on the parties, Apple asks that Masimo stipulate to what appears to be the intent of Judge Hall's ruling and agree that it will not seek fact discovery in support of its predatory infringement or monopoly leveraging theories, will not submit expert reports addressing those theories, and will not raise predatory infringement and monopoly leveraging theories in support of Section 2 liability in summary judgment briefing or at trial. With this stipulation, Apple would in turn agree not to seek Judge Noreika's review of any other aspect of Judge Hall's recommendation with respect to the antitrust claims.

Separately, Apple intends to seek Judge Noreika's review of Judge Hall's recommendation as to Masimo's inequitable conduct allegations to the extent that they rely on the purported actions and knowledge of Apple's Chief IP Counsel.

In order to avoid duplicative briefing, Apple proposes that the parties jointly request that Judge Hall re-enter the Report and Recommendation as to the Amended Counterclaims so that Apple can expeditiously present its objection to the inequitable conduct recommendation and, to the extent Masimo believes that the recommendation, if adopted, would allow it to continue to present predatory infringement and monopoly leveraging theories in support of its antitrust case, to object on that basis as well.

In addition, to avoid unnecessary motion practice, will Masimo agree to extend Apple's deadlines to answer Masimo's counterclaims in both the 1377 case and the 1378 case to fourteen (14) days after the Court has ruled on Apple's forthcoming objections?

Please let us know Masimo's positions on these issue by close of business this Wednesday, June 28.

Thanks,

**Jennifer Milici | WilmerHale**
2100 Pennsylvania Avenue NW
Washington, DC 20037 USA

+1 202 663 6006 (t)
+1 202 663 6363 (f)
jennifer.milici@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.