# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-1377-MN-JLH |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) ) ) | |
| Defendants. | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1378-MN-JLH |
| | ) | |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC., | ) ) ) | |
| Counter-Claimants, | ) ) | |
| v. | ) ) | |
| APPLE INC., | ) ) | |
| Counter-Defendant. | ) | |

## AGREED ESI STIPULATION AND [PROPOSED] ORDER

Plaintiff Apple Inc. ("Plaintiff") and Defendants Masimo Corporation and Sound United, LLC and counter-claimant Cercacor Laboratories, Inc. (together, "Masimo") hereby agree that the following procedures shall govern discovery of Electronically-Stored Information ("ESI") in these cases:

**Discovery of email.**  By or before July 13, 2023, each side shall serve its email production requests. Each request shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame for each email production request. Each side shall limit its email production requests to a total of 20 custodians and a total of 20 search terms. The parties may agree to jointly modify these limits without the Court's leave. The search terms shall be narrowly tailored to the particular issues in these cases. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. Within 5 days of exchanging email production requests, the parties shall meet and confer to reach agreement on custodians, search terms, and time frames to be used for electronic searches of the email from those custodians.  Email shall be collected for each individual custodian from the personal computers, network resources, and other electronic devices that those individuals use for work purposes.  Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer to discuss application of further narrowing criteria (e.g., if a single search was for "card" and ninety percent of the resulting email came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these

documents).  The party requesting production shall not unreasonably oppose such further narrowing criteria designed to filter immaterial search results.  The parties shall make good faith efforts to identify appropriate email custodians, search terms, and search term narrowing criteria, and to produce email on the agreed upon schedule, but reserve the right to seek email from additional custodians identified through discovery.

**Format for production of documents – documents existing in electronic format.** Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced as either multiple page, searchable PDF format or Group IV single page TIFF images at a resolution of at least 300 dpi in accordance with the following:

Files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document. The file name shall be the same as the Bates number of the first page of the document. TIFF images will be provided in a folder named "IMAGES" on the production media.

Except with regard to files that are redacted for privilege, the files shall be accompanied by text files containing the extracted text on a document basis, if available. To the extent a Producing Party provides text files, the Receiving Party accepts the text files "as is" and the Producing Party accepts no liability as to the accuracy of searches conducted upon such files. The text files shall be named to match the endorsed number assigned to the image of the first page of the document. For example, a text file accompanying ABC000000010- ABC000000020 would be named ABC000000010.txt. Text files shall be accompanied by a Control List File ("LST"). The images shall also be accompanied by an image cross-reference load file (such as Opticon or "LFP") providing the beginning and ending endorsed number of each document and the number of pages it comprises.

**Metadata.** Load files should include, where applicable, the information listed in the Table of Metadata Fields that is attached hereto as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

**Production media and encryption of productions.** Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives or SFTP, as appropriate. The producing party shall encrypt the production data using an appropriate encryption tool, and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, external drive or SFTP to which the production data is saved.

**Format for production of documents – hardcopy or paper documents.** All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

**Source code.** This Stipulation does not govern the format for production of source code, which shall be produced pursuant to the relevant provision of the Protective Order.

**Parent and child emails.** The parties shall produce email attachments sequentially after the parent email.

**Native files.** Multimedia files (MP4, MOV, MPG, and equivalents), text document files (TXT and equivalents), and spreadsheets (XLS, XLSX, NUMBERS, and equivalents) shall be produced as natives with a slipsheet as described in this paragraph. The parties will meet and confer to discuss additional requests for the production of files in native format, on a case-by-case

basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

**Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static format.

The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

**Requests for high-resolution or color documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

**Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to

filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, the parties agree to produce all certified translations for prior art it relies on. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

**Document preservation.** A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control. Absent a showing of good cause by the requesting party, the categories of ESI identified in Exhibit B attached hereto need not be preserved.

| POTTER ANDERSON & CORROON LLP | PHILLIPS MCLAUGHLIN & HALL, P.A. |
|---|---|
| By: */s/ David E. Moore*<br>David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Andrew L. Brown (#6766)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>abrown@potteranderson.com<br><br>*Attorneys for Plaintiff Apple Inc.* | By: */s/ John C. Phillips, Jr.*<br>John C. Phillips, Jr. (#110)<br>Megan C. Haney (#5016)<br>1200 North Broom Street<br>Wilmington, DE 19806<br>Tel: (302) 655-4200<br>jcp@pmhdelaw.com<br>mch@pmhdelaw.com<br><br>*Attorneys for Defendants Masimo Corporation and Sound United, LLC* |

Dated: July 13, 2023
10914770/12209.00051

IT IS SO ORDERED this 14th day of July, 2023.

_____
The Honorable Jennifer L. Hall
United States Magistrate Judge

**AGREED ESI STIPULATION AND [PROPOSED] ORDER – PAGE 6**

## EXHIBIT A

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| DateCreated | | Date (MM/DD/YYYY format) | The date the email was sent. | For date the document was created. |
| DateLast Modified | | Date (MM/DD/YYYY format) | The date the email was sent. | For date the document was last modified. |
| Author | Author Display Name (e-mail) | Paragraph | The display name of the | The name of the author as identified |

|  |  |  | author or sender of an email. | by the metadata of the document. |
|---|---|---|---|---|
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. |  |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. |  |
| FileName |  | Paragraph | The subject line of an email. | The file name of the document. |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |

## EXHIBIT B

1. Deleted, slack, fragmented, or other data only accessible by forensics.

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3. On-line access data such as temporary internet files, history, cache, cookies, and the like.

4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

6. Voice messages.

7. Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging.

8. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

9. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

10. Logs of calls made from mobile devices.

11. Server, system, or network logs.

12. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

13. Data remaining from systems no longer in use that is unintelligible on the systems in use.