# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | C.A. No. 22-1377-MN-JLH <br><br> **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION, <br><br> Counter-Claimant, <br><br> v. <br><br> APPLE INC., <br><br> Counter-Defendant. | |
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | C.A. No. 22-1378-MN-JLH <br><br> **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC., <br><br> Counter-Claimants, <br><br> v. <br><br> APPLE INC., <br><br> Counter-Defendant. | |

## PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S
## REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS AND STRIKE

Masimo had agreed that the Court should reissue its prior Report and Recommendation ("R&R"), and nominally confirms that in its Opposition. D.I 174 (-1377); D.I 171 (-1378). But rather than merely incorporate by reference its prior briefing on the earlier motions to dismiss and to strike, as this Court ordered, Hr. Tr. (July 7, 2023) at 40, Masimo instead injects a discovery issue and encourages the Court to modify its R&R to preemptively address that issue. The Court should decline to do so for several reasons. *First*, to the extent Masimo seeks any modification of the R&R, it should do so through the objections process. *Second*, to the extent Masimo wants this Court to address a discovery dispute, it should follow the Court's procedures for raising those disputes so that the Court has the benefit of proper briefing on those issues, instead of having to decide the issue on the basis of Masimo's superficial and incomplete characterization of Apple's positions and the underlying requests. *Finally*, to the extent Masimo contends it would be somehow improper—in deciding that future discovery motion—for this Court to limit or even foreclose sweeping discovery on invalid antitrust theories, Masimo is wrong as a matter of law. There is no legal basis to "permit a single viable theory to 'carry' otherwise wholly deficient theories of liability through to the summary judgment stage" just because "all of the theories were pressed into a single counterclaim*." IBM v. Priceline Grp. Inc.*, 2017 WL 1349175, at *7 (D. Del. Apr. 10, 2017). For that reason, "[c]ourts in this circuit … do not agree that bundling of good and bad claims should shield inadequate allegations from scrutiny." *loanDepot.com v. CrossCountry Mortg., Inc.*, 399 F. Supp. 3d 226, 235 (D.N.J. 2019). Doing otherwise would award "a discovery windfall for using" a single claim "to smuggle in" legally invalid theories of liability. *FTC v. Facebook, Inc*., 581 F. Supp. 3d 34, 61 (D.D.C. 2022).

Accordingly, this Court should reissue its R&R, and address any forthcoming discovery disputes in due course after affording both sides the opportunity to fully brief those issues.

<table>
<tr><td></td><td>Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP</td></tr>
<tr><td>OF COUNSEL:<br><br>John M. Desmarais<br>Jordan N. Malz<br>Cosmin Maier<br>Kerri-Ann Limbeek<br>Jeffrey Scott Seddon, II<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 351-3400<br><br>Peter C. Magic<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>Tel: (415) 573-1900<br><br>Jennifer Milici<br>Leon B. Greenfield<br>Dominic Vote<br>WILMER CUTLER PICKERING HALE<br>  AND DORR LLP<br>2100 Pennsylvania Avenue NW<br>Washington, DC 20037<br>Tel: (202) 663-6000<br><br>Mark A. Ford<br>WILMER CUTLER PICKERING HALE<br>  AND DORR LLP<br>60 State Street<br>Boston, MA  02109<br>Tel: (617) 526-6423<br><br>Dated:  July 14, 2023<br>10915497 / 12209.00051</td><td>By:  /s/ David E. Moore<br>    David E. Moore (#3983)<br>    Bindu A. Palapura (#5370)<br>    Andrew L. Brown (#6766)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE  19801<br>    Tel:  (302) 984-6000<br>    dmoore@potteranderson.com<br>    bpalapura@potteranderson.com<br>    abrown@potteranderson.com<br><br>*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*</td></tr>
</table>