EXHIBIT 4

```
 1                      IN THE UNITED STATES DISTRICT COURT

 2                     IN AND FOR THE DISTRICT OF DELAWARE

 3

 4   APPLE INC.,                          )
             Plaintiff,                   )
 5   v.                                   )   C.A. No.
                                          )   22-1377-MN-JLH
 6   MASIMO CORPORATION and               )
     SOUND UNITED, LLC,                   )
 7          Defendants.                   )
                                          )
 8   _____  )
     MASIMO CORPORATION,                  )
 9          Counter-Claimant,             )   C.A. No.
     v.                                   )   22-1377-MN-JLH
10                                        )
     APPLE INC.                           )
11          Counter-Defendant.            )
     _____  )
12   APPLE INC.,                          )
                 Plaintiff,               )
13   v.                                   )   C.A. No.
                                          )   22-1378-MN-JLH
14   MASIMO CORPORATION and SOUND UNITED, )
     LLC,                                 )
15               Defendants.              )
     _____  )
16   MASIMO CORPORATION and               )
     CERCACOR LABORATORIES, INC.,         )
17               Counter-Claimants,       )
     v.                                   )
18   APPLE INC.                           )
             Counter-Defendant.           )
19

20
                               Wilmington, Delaware
21                             Tuesday, June 20, 2023
                               Telephonic Ruling
22

23                                 - - - -

24     BEFORE:  HONORABLE JENNIFER L. HALL
                UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
25
                               Michele L. Rolfe, RPR, CRR
```

**APPEARANCES:**

> **POTTER ANDERSON & CORROON LLP**
> **BY: DAVID E. MOORE, ESQ.**
>
> **-and-**
>
> **DESMARAIS LLP**
> **BY: JORDAN N. MALZ, ESQ.**
> **KERRI-ANN LIMBEEK, ESQ.**
>
> **-and-**
>
> **WILMER CUTLER PICKERING HALE AND DORR LLP**
> **BY: JENNIFER MILICI, ESQ.**
> **MARK A. FORD, ESQ.**
>
> **For the Plaintiff**

> **PHILLIPS MCLAUGHLIN & HALL, P.A.**
> **BY: JOHN C. PHILLIPS, ESQ.**
>
> **-and-**
>
> **KNOBBE, MARTENS, OLSON & BEAR, LLP**
> **BY: STEPHEN W. LARSON, ESQ.**
> **ADAM POWELL, ESQ.**
> **RYAN HORN, ESQ.**
>
> **For the Defendants**

- - - - -

P R O C E E D I N G S

(REPORTER'S NOTE: The following teleconference was held beginning at 12:00 p.m.)

THE COURT:  Good afternoon, everyone.  This is Jennifer Hall.  We're here on the call for a continuation of the hearing we started last week on the pending motions to dismiss and strike in 22-1377 and 22-1378.

Can I have appearances for Apple, please?

MR. MOORE:  Good afternoon, Your Honor, David Moore from Potter Anderson.  I'm joined by a few of my co-counsel from the Desmarais, Jordan Malz and Kerri-Ann Limbeek.  Also from the Wilmer team Jennifer Milici and Mark Ford.  As well as our attendees from the hearing, Megan Thomas Kennedy and Natalie Poe from Apple.

THE COURT:  Greet.  Good afternoon to you all.

May I please have appearances for Masimo?

MR. PHILLIPS:  Good afternoon, Your Honor.  This is Jack Phillips.  With me on the line are Steve Laron, Ryan Horn and Adam Powell of the Knobbe Martens firm.

THE COURT:  Great.  Good afternoon to all of you.

Okay.  I'm ready to give my report and recommendation on the pending motions to dismiss and strike.

I'm going to recommend that all of the pending

1    motions be denied.

2              I'll summarize the reasons for that

3    recommendation in a moment.  But, before I do, I want to be

4    clear that my failure to address a particular argument or

5    case cited by a party does not mean that I did not consider

6    it.  We have carefully considered everything.

7              Plaintiffs Apple, Inc. sells Apple watches.

8    Defendant Masimo Corporation has launched a health watch

9    called the W1 watch.

10             Apple and Masimo each have patents relating to

11   aspects of their products.  The cases in this court are not

12   the only cases between Apple and Masimo regarding their

13   watch products.  At the Court's request, the parties saw the

14   chart filed at Docket No. 98 in the 1377 case, that lists

15   the proceedings between the parties, which includes a trade

16   secret case filed by Masimo in Federal Court in the Central

17   District of California and International Trade Commission

18   investigation initiated by Masimo, and an incredible number

19   of IPRs.

20             In the 1377 case before this court, Apple

21   alleges that Masimo and defendants, Sound United, infringed

22   certain of Apple's design patents, that's D883,279;

23   D947,842; D962,936; and D735,131.

24             In that case, defendants, Sound United, has

25   moved to dismiss the claims against it for failure to state

1  a claim.  That's Docket No. 29.

2         Masimo answered the complaint and asserted an

3  inequitable conduct defense and counterclaim.  And Apple has

4  moved to dismiss Defendant Masimo's inequitable conduct

5  counterclaim for failure to state a claim and to strike

6  Masimo's inequitable conduct defense.  And that's D.I. 54.

7         In the 1378 case, Apple alleges that Masimo and

8  Sound United infringed certain of Apple's utility patents:

9  Nos. 10,076,257; 10,627,783; 10,942,491; 10,987,054;

10  11,106,352; 11,474,483.  Here, again, defendant, Sound

11  United, has moved to dismiss the claims against it for

12  failure to state a claim.  That's Docket No. 13.

13         Masimo answered the complaint and asserted

14  various counterclaims, including counterclaims for

15  antitrust, false advertising, unfair competition,

16  infringement of some of Masimo's utility patents,

17  inequitable conduct and others.

18         Apple has moved to dismiss some of Masimo's

19  counterclaims, including the inequitable conduct

20  counterclaim and to strike Masimo's inequitable conduct

21  defense.

22         Because I'm speaking primarily for the parties

23  and the District Judge, rather than describe all of the

24  allegations across four voluminous pleadings at the outset,

25  I will recite only those allegations necessary to resolve

1    the disputes before me as I address them.

2            I'm not going to read into the record my

3    understanding of the legal standard that applies to a motion

4    to dismiss for failure to state a claim or how that standard

5    has been applied in the context of pleading infringement.

6            I set forth a recitation of the applicable legal

7    standards in my report and recommendation in *Boston Fog, LLC*

8    *v. Ryobi Technologies, Inc.,* No. 19-2310, 2020 WL 1532372,

9    from Mar. 21, 2020.  And I incorporate that articulation by

10   preference.

11           To the extent that other legal standards apply,

12   I will discuss them where applicable.  I'll start with Sound

13   United motions to dismiss the 1377 case.

14           Sound United moves to dismiss the infringement

15   claim against it for failure to state a claim.

16   Specifically, Sound United argues that the complaint fails

17   to allege facts plausibly suggesting that Sound United, as

18   opposed to Masimo, made, used, offered to sell, sold or

19   imported a W1 watch.

20           Apple responds that the complaint's allegations

21   raise a reasonable inference that Sound United committed an

22   infringement act.

23           In particular, the complaint alleges that in

24   2022, after Masimo had brought an ITC action to block

25   importation of the Apple watch, Masimo announced that it

1   would acquire Sound United for over $1 billion "to

2   accelerate distributions of the combined companies expanding

3   portfolio of consumer healthcare products."  And Masimo

4   stated that Sound United's "distribution channel...  is

5   essential to what we're doing as an important product for

6   us, which is Masimo."  And that's at paragraph 37 of the

7   complaint.

8           Masimo subsequently released a W1 watch a few

9   months later in August 2022.  Taking those and the other

10  allegations as true, I agree that they plausibly suggest

11  that Sound United has sold, offered to sell or imported W1

12  watch.

13          Sound United also moved to dismiss the willful

14  infringement claim against it for failure to state a claim.

15  It argued that the complaint lacks sufficient factual

16  allegations to plausibly suggest that Sound United knew of

17  the asserted patents.

18          I disagree.  Apple has plausibly alleged that

19  while Masimo was monitoring Apple's patents relating to the

20  Apple watch and instituting litigation to push the Apple

21  watch out of the market, Masimo was preparing to launch its

22  W1 that copied Apple's product and infringed Apple's

23  patents.  In this context, Masimo acquired Sound United for

24  the publically-announced purpose of distributing the W1

25  watch.  It can be plausibly inferred from those facts that

1   Sound United knew that Masimo's purpose in the acquisition

2   was to use Sound United to distribute the W1 watch, which

3   competes with the Apple watch and Sound United was aware of

4   Apple's design patents relating to the Apple batch.

5           Sound United's motion to dismiss in the 22-1377

6   case, that's Docket 29, should be denied.

7           Turning to the 1378 case.  My recommendation and

8   rationale equally applies to Sound United's motion to

9   dismiss in the 1378 case.

10          That complaint refers to certain of Apple's

11   utility patents relating to aspects of wearable electronic

12   devices, and it makes nearly identical allegations regarding

13   Sound United.  For the same reasons as in the 1377 case,

14   Apple's complaint in the 1378 case pleads sufficient facts

15   to raise a plausible inference that Sound United directly

16   infringed the asserted patents.

17          Sound United, again, argues that there is no

18   plausible allegation that it knew about the patents or

19   intended to cause infringement, and it contends that the

20   indirect infringement and willfulness claim should be

21   dismissed for those reasons.  However, I agree, again, with

22   Apple that the complaint plausibly alleges that Sound United

23   had knowledge of Apple's patents and that the W1 watch is

24   accompanied by instructions that tell customers how to use

25   it in a manner that infringes.

1          So Sound United's motion to dismiss case

2   22-1378, Docket No. 13, should also be denied.

3          Whether Apple can actually prove that Sound

4   United committed an infringing act, that it knew about the

5   asserted patents and that it acted willfully, only time will

6   tell, but Apple has plausibly alleged both willful and

7   direct infringement, so the claims should go forward to

8   discovery.

9          Moving on to Apple's motions.  In both cases,

10  Apple moved to dismiss Masimo's inequitable conduct

11  counterclaims and to strike Masimo's inequitable conduct

12  affirmative defenses.

13         The gist of one set of Masimo's inequitable

14  conduct allegations is that particular individuals at Apple

15  concealed from the respective examiners that Apple was

16  obtaining design patents and utility patents on the same

17  features.  In support, Masimo alleges that the shape of the

18  dome and the configurations of the biological sensors and

19  some of Apple's utility patents, including one of the

20  patents asserted by Apple in the 1378 case, and applications

21  are functional and are substantially identical to the dome

22  and sensor designs and some of its design patents asserted

23  in the 1377 case, but that Apple listed different inventors

24  on each in an attempt to conceal that fact from the

25  respective examiners.

1            Masimo further alleges that particular

2     individuals at Apple, including Apple Chief IP counsel

3     Jeffrey Myers, and the individual named inventors

4     coordinated to carry out the scheme by, among other things,

5     compartmentalizing the information that would get disclosed

6     to the examiners by hiring separate law firms to prosecute

7     the utility and the design patents.

8            Masimo alleges that the withheld information is

9     material to some of the asserted design patents because had

10    the examiner known that the design patents covered

11    functional features, the design patents wouldn't have

12    issued.

13           Masimo further alleges that the

14    misrepresentations about who the actual inventors were is

15    also material to patentability of those design patents.

16           Apple contends that Masimo's allegation should

17    be stricken because they failed to satisfy -- excuse me,

18    strike that.  Apple contends that Masimo's inequitable

19    conduct allegation should be dismissed and its defense be

20    stricken because they failed to satisfy Federal Rule of

21    Civil Procedure 9(b)'s particularity standard.  That rule

22    requires the pleadings to allege the specific who, what,

23    when, where and how of the alleged inequitable conduct.

24    Moreover, although knowledge and intent may be alleged

25    generally, the pleading must nonetheless contain sufficient

allegations of facts from which the Court may reasonably

infer that a specific individual, one, knew of the withheld

material information or the falsity of the material

misrepresentations; and, two, withheld or misrepresented

this information with a specific intent to deceive the PTO.

Apple contends that Masimo's allegations failed

to plead a specific "who," and that that individual knew of

the withheld or misrepresented information.

I disagree.  With respect to the "who," it is

true that many of Masimo's allegations are formulated

conjunctively, for example, Mr. Myers, the Named Design

Inventors, and others at Apple involved in the prosecution

of the sensor design patents, and Apple, through Mr. Myers

and others involved in the prosecution of the sensor design

patent.

However, I agree with Masimo that the fact that

Masimo gratuitously alleges that others at Apple may have

also been involved does not change the fact that Masimo

identified specific individuals.  Masimo's pleading also

linked the specific individuals to specific conduct making

clear who is alleged to have done what.  For example, it

alleges that the Named Design Inventors knew through their

involvement in the development process that the claimed

design are functional and non-ornamental and had been

developed by the inventors listed on the utility patents,

1    but intentionally failed to disclose that information to the

2    PTO.

3            It also alleges, for example, that Mr. Myers

4    selected different law firms to prosecute the design and the

5    utility patents for the purpose of ensuring that the law

6    firms wouldn't know about and disclose information about the

7    other application to the PTO examiner.

8            Apple contends that Masimo's pleading fails to

9    sufficiently allege that Mr. Myers owed a duty of disclosure

10   to the PTO.  As relevant here, the duty of disclosure

11   applies to every person who is substantially involved in the

12   preparation or prosecution of the application and who is

13   associated with the inventor or the applicant.

14           The Federal Circuit has interpreted

15   "substantively involved" to mean the involvement relates to

16   the context of the application or decisions related thereto

17   and that the involvement is not wholly administrative or

18   secretarial in nature.

19           I agree with Masimo that it has alleged enough

20   here to get past a motion to dismiss.  It alleges that he

21   was involved in the selection of different law firms to

22   prosecute the patents' compartmentalized information so that

23   persons involved in the prosecution of the design patents

24   would not know that the claimed designs were actually

25   functional and non-ornamental, and would not disclose

material information adverse to Apple's position.

Masimo also points out that he is listed, along with many others, under Apple's PTO customer number as a practitioner with power of attorney for Apple.

Apple essentially argues that even taken as true, Masimo's allegations do not amounted to substantive involvement.  But the Federal Circuit has explained that, in conducting the substantive involvement inquiry, the "District Court may properly consider a variety of factors, such as an individual's position within the company, role in developing or marketing the patented idea, contacts with the inventors or prosecutors and representations to the PTO."

Masimo's allegations taken as true suggest that a particular named individual managed the patent prosecution process, selected Apple's patent prosecution attorneys and agents, and essentially controls what information would be disclosed to whom.  I can't say that such facts if proven could never amount to inequitable conduct.

Apple also challenges the inequitable conduct claims on the basis that it's not plausible that any of the identified individuals had an intent to deceive.  However, defendants are not required at the pleading stage to prove or even plead that a specific deceptive intent is a single most reasonable inference to be drawn from the facts alleged.  The Court only needs to assess whether the facts

as pleaded give rise to a reasonable inference of intent to deceive, and the allegations already described are sufficient to meet that standard.

I also agree with Masimo that its allegation of materiality with respect to the failure to disclose the utility applications during the prosecution of the design patents is sufficient to survive a motion to dismiss.  Among other things, Masimo points out that patent examiners are permitted to cite the specification of an analogous utility patent evidencing the claimed design as evidence supporting rejection of a design patent.  And that the specifications of the allegedly withheld utility patents appear to describe functions to certain features of the claimed design.

Whether Masimo will ultimately be able to prove that the claimed designs are functional is a question for a later day.

Masimo also alleges inequitable conduct in connection with prosecution of some of the asserted utility patents.  The gist of this allegation is that individuals at Apple involved in the prosecution, including Mr. Myers, failed to disclose certain prior art references material to patentability.  Here, again, Apple contends that Mr. Myers was not substantively involved in prosecution, however, as before, I decline to make that determination at this stage of the case.

1                    Apple also contends that Masimo fails to

2    plausibly allege that he knew of the allegedly undisclosed

3    material prior art or had a specific intent to deceive the

4    PTO.  However, Masimo alleges that he was involved in IPR

5    proceedings wherein Apple asserted the undisclosed prior art

6    references that are the basis of Masimo's inequitable

7    conduct allegation.  That is sufficient to raise a

8    reasonable inference that he knew the undisclosed references

9    and withheld them with the specific intent to deceive the

10   PTO.  For these reasons, I recommend that Apple's request to

11   dismiss the inequitable conduct counterclaims and strike the

12   affirmative defenses in both cases be denied.

13                   And I know you all knew this, but to clear:  I'm

14   not in any way suggesting anything about whether these

15   claims are going to make it past summary judgment.  And I'm

16   certainly not saying that any of these claims are going to

17   be tried in the first phase of the trial.  All I'm saying is

18   that we're moving forward in discovery and we will sort out

19   later what, if anything, will be tried in the first trial.

20                   Next in the 1378 case, Apple seeks to dismiss

21   Masimo's counterclaims for monopolization and attempted

22   monopolization under Section II of the Sherman Act.  I set

23   forth my understanding of the applicable legal standards in

24   my report and recommendation in *3 Shape Trios v. Align*

25   *Technology, Inc.*, that's 2020 WL 2559777, from May 20, 2020,

1   and I incorporate that articulation by reference.

2          Masimo alleges that the following conduct on the

3   part of Apple qualifies as anticompetitive conduct:  One,

4   enforcing a fraudulently obtained patent, i.e., Walker

5   Process fraud; two, leveraging its monopoly in iOS apps

6   distribution market to harm competition in the health watch

7   market; three, false advertising; and, four, predatory

8   infringement.

9          Apple argues that Masimo lacks antitrust

10   standing because it hasn't alleged an antitrust injury or a

11   harm to competition.  I disagree.

12          Masimo alleges, among other things, that Apple

13   is seeking to enjoin Masimo from selling its W1 watch by

14   enforcing a patent obtained through fraud i.e., a Walker

15   Process claim.

16          Masimo further alleges that if Apple were to

17   succeed in excluding Masimo from the health watch market,

18   "Apple would become further entrenched as a monopolist and

19   further free to set prices far above the level that would

20   occur in the presence of true competition, set a low

21   standard for health watch performance, and continue to sell

22   inferior products."

23          The *TransWeb* case cited by Masimo explains that

24   with respect to Walker Process claims, it is the abuse of

25   the legal process by the antitrust defendant that makes the

1    attorneys fees incurred by the antitrust plaintiff during

2    that legal process a relevant antitrust injury.  To the

3    extent Apple contends that TransWeb only authorized

4    attorneys' fees as antitrust damages, not antitrust injury,

5    that is incorrect.  The case holds that attorneys' fees can

6    constitute antitrust injury even if the infringement lawsuit

7    failed to keep the defendant's product off the market.

8              I agree with Judge Goldberg in Azurity Pharms v.

9    Bionpharma, 2023 WL 157732, from Jan. 11, 2023, in which he

10   reasons that TransWeb squarely rejected the argument Apple

11   makes here and tells that attorneys' fees can be an

12   antitrust injury in these circumstances.

13             Apple next contends that Masimo has failed to

14   plausibly allege a relevant market.  Masimo's pleading

15   identifies a "health watch" market, which it defined as the

16   market for consumer-worn wristwatches that measure

17   physiological parameters.  Masimo makes additional

18   allegations explaining why other devices don't -- other

19   devices fall or don't fall within the market, as defined by

20   Masimo.

21             In general, the determination of a relevant

22   market is complex and fact-intensive inquiry which is

23   generally inappropriate on a motion to dismiss.  I cannot

24   say that the relevant market alleged by Masimo is

25   implausible, so I recommend denying Apple's request to

1    dismiss on that basis.

2              Apple next argues that Masimo fails to plausibly

3    allege that Apple either has or will have a dangerous

4    probability of obtaining monopoly power in the "health

5    watch" market alleged by Masimo.  Masimo alleges upon

6    information and belief that Apple's market share of the U.S.

7    "health watch" market exceeds 70 percent.  Masimo's pleading

8    explains that this estimate is based on:  One, analyst

9    estimates that Apple share of U.S. smart watch sales exceeds

10   90 percent; two, analyst estimates that Apple share of the

11   global smart watch market is about 50 percent; three, brands

12   such as Hauwei and Samsung are more popular overseas, so one

13   would expect Apple's share of the U.S. smart watch market to

14   be greater than its share of the global smart watch market;

15   and, four, Apple's share of the health watch market would be

16   greater than or equal to its share of the smart watch market

17   because the "health watch" market excludes smart watches

18   that lacks physiological measurement features.

19              I can't say that Masimo's inferences are

20   unreasonable, and I agree with Masimo that those allegations

21   taken together raise a plausible inference that Apple's

22   market share meets or exceeds 70 percent.  That is

23   sufficient at this stage to allege monopoly power.

24              Apple next contends that Masimo has failed to

25   plausibly alleged anticompetitive conduct.  As mentioned,

1    Apple has engaged in four types of anticompetitive conduct,

2    including Walker Process fraud.

3            Apple's argument that the Walker Process theory

4    is sufficient is bound up with its argument that Masimo's

5    inequitable conduct allegations are deficient.  As I have

6    already determined that Masimo states a claim of inequitable

7    conduct, I reject Apple's argument that Masimo's allegation

8    of Walker Process fraud is deficient.

9            Apple points out that it is also asserting other

10   patents that aren't alleged to have been obtained by fraud;

11   however, Masimo contends that those patents are invalid or

12   not infringed.  If Apple is entitled to exclude Masimo from

13   the market by enforcing other patents not accused of fraud,

14   that may very well affect Masimo's antitrust claims, but

15   that can't be decided at this stage.

16           Masimo's second theory of anticompetitive

17   conduct is that Apple is leveraging its monopoly power in

18   the iOS app distribution market to harm Masimo and

19   competition as a whole in the separate "health watch"

20   market.  I have some questions about the viability of this

21   theory, especially since everyone seemed to agree at the

22   hearing that Masimo's watch app is available on Apple's app

23   store.  Masimo's third anticompetitive conduct theory is

24   that Apple committed exclusionary conduct through allegedly

25   false advertising; and its forth theory has to do with

so-called predatory patent infringement.  I also have real

questions about those two theories.

However, as I have already concluded that Masimo

adequately states a claim under a Walker Process theory, I

recommend that Apple's motion to dismiss Masimo's Sherman

Act Section II claims be denied.

As I mentioned at the hearing, to the extent

that Masimo seeks discovery that is not proportional to a

viable theory of anticompetitive conduct, the Court will

deal with it at that time.

Apple also seeks dismissal of Masimo's

counterclaim for false advertising under the Lanham Act.  I

recommend denying the motion to dismiss.

Although Apple argues that none of the

statements are literally false, Masimo has pleaded several

potentially false representations along with underlying

facts that, taken as true, raise a reasonable inference that

the representations were false.  As the proximate cause

Masimo need only allege facts raising a reasonable inference

that it is likely to be damaged as a result of the false

advertising.  Masimo alleges that the W1 and Apple watch are

considered economic substitutes, that the Apple watch is an

inferior product with respect to physiological parameter

measurement, but that as a result of Apple's allegedly false

and misleading advertising consumers erroneously choose the

1    Apple watch over the W1.  That is enough at this stage.

2              Apple treats the Delaware state law false

3    advertising and California UCL claims as rising or falling

4    with its Lanham Act and Sherman Act claims.  So I recommend

5    that the state law claims be permitted to go forward as

6    well.

7              And, finally, Apple argues that Masimo's willful

8    and indirect infringement counterclaims should be dismissed

9    because Masimo failed to allege that Apple had pre-suit

10   knowledge of the patents.

11             Here's what I will say about that.  Whatever

12   merits that argument might have in its different case with

13   different parties, it is not well taken at this stage in

14   this case with these parties.  The parties on pleadings

15   discuss the parties' history with each other.  You can look

16   at the face of these patents and see that they assigned to

17   Masimo and that most relate to user-worn devices for

18   measuring physiological data.

19             It's implausible to me that either of these

20   particular parties has a patent on such devices that the

21   other side didn't know about before this suit was filed.

22   And that concludes by report and recommendation.

23             We'll put it up on the docket indicating that

24   all of the pending motions to dismiss should be denied and

25   will refer to the Court's report and recommendation that was

1    issued from the bench.

2              The time to object, if any party chooses to,

3    will run from today when we put the order up, but I would

4    caution the parties to carefully think about whether the

5    Court's resources are best spent dealing with objections on

6    these particular motions.

7              All right.  Thanks everyone.  Take care.

8              (Whereupon, the following proceeding concluded

9    at 12:32 p.m.)

10             I hereby certify the foregoing is a true

11   and accurate transcript from my stenographic notes in the

12   proceeding.

13                           /s/ Michele L. Rolfe, RPR, CRR
                                U.S. District Court

14

15

16

17

18

19

20

21

22

23

24

25

**/**

**/s** [1] - 22:13

**1**

**1** [1] - 7:1
**10,076,257** [1] - 5:9
**10,627,783** [1] - 5:9
**10,942,491** [1] - 5:9
**10,987,054** [1] - 5:9
**11** - 17:9
**11,106,352** [1] - 5:10
**11,474,483** [1] - 5:10
**12:00** - 3:4
**12:32** [1] - 22:9
**13** [2] - 5:12, 9:2
**1377** [5] - 4:14, 4:20, 6:13, 8:13, 9:23
**1378** [6] - 5:7, 8:7, 8:9, 8:14, 9:20, 15:20
**1532372** [1] - 6:8
**157732** [1] - 17:9
**19-2310** [1] - 6:8

**2**

**20** [2] - 1:21, 15:25
**2020** [4] - 6:8, 6:9, 15:25
**2022** [2] - 6:24, 7:9
**2023** [3] - 1:21, 17:9
**21** [1] - 6:9
**22-1377** [2] - 3:8, 8:5
**22-1377-MN-JLH** [2] - 1:5, 1:9
**22-1378** [2] - 3:8, 9:2
**22-1378-MN-JLH** [1] - 1:13
**2559777** [1] - 15:25
**29** [2] - 5:1, 8:6

**3**

**3** [1] - 15:24
**37** [1] - 7:6

**5**

**50** [1] - 18:11
**54** [1] - 5:6

**7**

**70** [2] - 18:7, 18:22

**9**

**9(b)'s** [1] - 10:21
**90** [1] - 18:10

**98** [1] - 4:14

**A**

**able** [1] - 14:14
**abuse** [1] - 16:24
**accelerate** [1] - 7:2
**accompanied** [1] - 8:24
**accurate** [1] - 22:11
**accused** [1] - 19:13
**acquire** [1] - 7:1
**acquired** [1] - 7:23
**acquisition** [1] - 8:1
**act** [2] - 6:22, 9:4
**Act** [5] - 15:22, 20:6, 20:12, 21:4
**acted** [1] - 9:5
**action** [1] - 6:24
**actual** [1] - 10:14
**ADAM** [1] - 2:15
**Adam** [1] - 3:20
**additional** [1] - 17:17
**address** [2] - 4:4, 6:1
**adequately** [1] - 20:4
**administrative** [1] - 12:17
**adverse** [1] - 13:1
**advertising** [7] - 5:15, 16:7, 19:25, 20:12, 20:21, 20:25, 21:3
**affect** [1] - 19:14
**afternoon** [5] - 3:5, 3:10, 3:16, 3:18, 3:21
**agents** [1] - 13:16
**agree** [8] - 7:10, 8:21, 11:16, 12:19, 14:4, 17:8, 18:20, 19:21
**Align** [1] - 15:24
**allegation** [7] - 8:18, 10:16, 10:19, 14:4, 14:19, 15:7, 19:7
**allegations** [16] - 5:24, 5:25, 6:20, 7:10, 7:16, 8:12, 9:14, 11:1, 11:6, 11:10, 13:6, 13:13, 14:2, 17:18, 18:20, 19:5
**allege** [9] - 6:17, 10:22, 12:9, 15:2, 17:14, 18:3, 18:23, 20:19, 21:9
**alleged** [12] - 7:18, 9:6, 10:23, 10:24, 11:21, 12:19, 13:25, 16:10, 17:24, 18:5, 18:25, 19:10
**allegedly** [4] - 14:12, 15:2, 19:24, 20:24

**alleges** [19] - 4:21, 5:7, 6:23, 8:22, 9:17, 10:1, 10:8, 10:13, 11:17, 11:22, 12:3, 12:20, 14:17, 15:4, 16:2, 16:12, 16:16, 18:5, 20:21
**amount** [1] - 13:18
**amounted** [1] - 13:6
**analogous** [1] - 14:9
**analyst** [2] - 18:8, 18:10
**AND** [2] - 1:2, 2:8
**Anderson** [1] - 3:11
**ANDERSON** [1] - 2:3
**Ann** [1] - 3:12
**ANN** [1] - 2:6
**announced** [2] - 6:25, 7:24
**answered** [2] - 5:2, 5:13
**anticompetitive** [6] - 16:3, 18:25, 19:1, 19:16, 19:23, 20:9
**antitrust** [11] - 5:15, 16:9, 16:10, 16:25, 17:1, 17:2, 17:4, 17:6, 17:12, 19:14
**app** [3] - 19:18, 19:22
**appear** [1] - 14:12
**APPEARANCES** [1] - 2:1
**appearances** [2] - 3:9, 3:17
**apple** [1] - 12:8
**APPLE** [4] - 1:4, 1:10, 1:12, 1:18
**Apple** [67] - 3:9, 3:15, 4:7, 4:10, 4:12, 4:20, 5:3, 5:7, 5:18, 6:20, 6:25, 7:18, 7:20, 8:3, 8:4, 8:22, 9:3, 9:6, 9:10, 9:14, 9:15, 9:20, 9:23, 10:2, 10:16, 10:18, 11:6, 11:12, 11:13, 11:17, 13:4, 13:5, 13:19, 14:20, 14:22, 15:1, 15:5, 15:20, 16:3, 16:9, 16:12, 16:16, 16:18, 17:3, 17:10, 17:13, 18:2, 18:3, 18:9, 18:10, 18:24, 19:1, 19:9, 19:12, 19:17, 19:24, 20:11, 20:14, 20:21, 20:22, 21:1, 21:2, 21:7, 21:9
**Apple's** [25] - 4:22, 5:8, 7:19, 7:22, 8:4,

8:10, 8:14, 8:23, 9:9, 9:19, 13:1, 13:3, 13:15, 15:10, 17:25, 18:6, 18:13, 18:15, 18:21, 19:3, 19:7, 19:22, 20:5, 20:24
**applicable** [3] - 6:6, 6:12, 15:23
**applicant** [1] - 12:13
**application** [3] - 12:7, 12:12, 12:16
**applications** [2] - 9:20, 14:6
**applied** [1] - 6:5
**applies** [3] - 6:3, 8:8, 12:11
**apply** [1] - 6:11
**apps** [1] - 16:5
**argued** [1] - 7:15
**argues** [7] - 6:16, 8:17, 13:5, 16:9, 18:2, 20:14, 21:7
**argument** [4] - 4:4, 17:10, 19:3, 19:4, 19:7, 21:12
**art** [3] - 14:21, 15:3, 15:5
**articulation** [2] - 6:9, 16:1
**aspects** [2] - 4:11, 8:11
**asserted** [10] - 5:2, 5:13, 7:17, 8:16, 9:5, 9:20, 9:22, 10:9, 14:18, 15:5
**asserting** [1] - 19:9
**assess** [1] - 13:25
**assigned** [1] - 21:16
**associated** [1] - 12:13
**attempt** [1] - 9:24
**attempted** [1] - 15:21
**attendees** [1] - 3:14
**attorney** [1] - 13:4
**attorneys** [2] - 13:15, 17:1
**attorneys'** [3] - 17:4, 17:5, 17:11
**August** [1] - 7:9
**authorized** [1] - 17:3
**available** [1] - 19:22
**aware** [1] - 8:3
**Azurity** [1] - 17:8

**B**

**based** [1] - 18:8
**basis** [3] - 13:20, 15:6, 18:1
**batch** [1] - 8:4
**BEAR** [1] - 2:14

**become** [1] - 16:18
**BEFORE** [1] - 1:24
**beginning** [1] - 3:4
**belief** [1] - 18:6
**bench** [1] - 22:1
**best** [1] - 22:5
**between** [2] - 4:12, 4:15
**billion** [1] - 7:1
**biological** [1] - 9:18
**Bionpharma** [1] - 17:9
**block** [1] - 6:24
**Boston** [1] - 6:7
**bound** [1] - 19:4
**brands** [1] - 18:11
**brought** [1] - 6:24
**BY** [5] - 2:3, 2:6, 2:9, 2:12, 2:15

**C**

**C.A** [3] - 1:5, 1:9, 1:13
**California** [2] - 4:17, 21:3
**cannot** [1] - 17:23
**care** [1] - 22:7
**carefully** [2] - 4:6, 22:4
**carry** [1] - 10:4
**case** [21] - 4:5, 4:14, 4:16, 4:20, 4:24, 5:7, 6:13, 8:6, 8:7, 8:9, 8:13, 8:14, 9:1, 9:20, 9:23, 14:25, 15:20, 16:23, 17:5, 21:12, 21:14
**cases** [4] - 4:11, 4:12, 9:9, 15:12
**caution** [1] - 22:4
**Central** [1] - 4:16
**CERCACOR** [1] - 1:16
**certain** [5] - 4:22, 5:8, 8:10, 14:13, 14:21
**certainly** [1] - 15:16
**certify** [1] - 22:10
**challenges** [1] - 13:19
**change** [1] - 11:18
**channel..** [1] - 7:4
**chart** [1] - 4:14
**Chief** [1] - 10:2
**choose** [1] - 20:25
**chooses** [1] - 22:2
**Circuit** [2] - 12:14, 13:7
**circumstances** [1] - 17:12
**cite** [1] - 14:9
**cited** [2] - 4:5, 16:23
**Civil** [1] - 10:21
**claim** [12] - 5:1, 5:5,

2

5:12, 6:4, 6:15, 7:14, 8:20, 16:15, 19:6, 20:4
**Claimant** [1] - 1:9
**Claimants** [1] - 1:17
**claimed** [5] - 11:23, 12:24, 14:10, 14:13, 14:15
**claims** [12] - 4:25, 5:11, 9:7, 13:20, 15:15, 15:16, 16:24, 19:14, 20:6, 21:3, 21:4, 21:5
**clear** [3] - 4:4, 11:21, 15:13
**co** [1] - 3:12
**co-counsel** [1] - 3:12
**combined** [1] - 7:2
**Commission** [1] - 4:17
**committed** [3] - 6:21, 9:4, 19:24
**companies** [1] - 7:2
**company** [1] - 13:10
**compartmentalized** [1] - 12:22
**compartmentalizing** [1] - 10:5
**competes** [1] - 8:3
**competition** [5] - 5:15, 16:6, 16:11, 16:20, 19:19
**complaint** [9] - 5:2, 5:13, 6:16, 6:23, 7:7, 7:15, 8:10, 8:14, 8:22
**complaint's** [1] - 6:20
**complex** [1] - 17:22
**conceal** [1] - 9:24
**concealed** [1] - 9:15
**concluded** [2] - 20:3, 22:8
**concludes** [1] - 21:22
**conduct** [27] - 5:3, 5:4, 5:6, 5:17, 5:19, 5:20, 9:10, 9:11, 9:14, 10:19, 10:23, 11:20, 13:18, 13:19, 14:17, 15:7, 15:11, 16:2, 16:3, 18:25, 19:1, 19:5, 19:7, 19:17, 19:23, 19:24, 20:9
**conducting** [1] - 13:8
**configurations** [1] - 9:18
**conjunctively** [1] - 11:11
**connection** [1] - 14:18
**consider** [2] - 4:5,

13:9
**considered** [2] - 4:6, 20:22
**constitute** [1] - 17:6
**consumer** [2] - 7:3, 7:16
**consumer-worn** [1] - 17:16
**consumers** [1] - 20:25
**contacts** [1] - 13:11
**contain** [1] - 10:25
**contends** [5] - 8:19, 10:16, 10:18, 11:6, 12:8, 14:22, 15:1, 17:3, 17:13, 18:24, 19:11
**context** [2] - 6:5, 7:23, 12:16
**continuation** [1] - 3:6
**continue** [1] - 16:21
**controls** [1] - 13:16
**coordinated** [1] - 10:4
**copied** [1] - 7:22
**CORPORATION** [4] - 1:6, 1:8, 1:14, 1:16
**Corporation** [1] - 4:8
**CORROON** [1] - 2:3
**counsel** [2] - 3:12, 10:2
**Counter** [4] - 1:9, 1:11, 1:17, 1:18
**Counter-Claimant** [1] - 1:9
**Counter-Claimants** [1] - 1:17
**Counter-Defendant** [2] - 1:11, 1:18
**counterclaim** [4] - 5:3, 5:5, 5:20, 20:12
**counterclaims** [7] - 5:14, 5:19, 9:11, 15:11, 15:21, 21:8
**COURT** [5] - 1:1, 1:24, 3:5, 3:16, 3:21
**court** [2] - 4:11, 4:20
**Court** [6] - 4:16, 11:1, 13:9, 13:25, 20:9, 22:13
**Court's** [3] - 4:13, 21:25, 22:5
**covered** [1] - 10:10
**CRR** [2] - 1:25, 22:13
**customer** [1] - 13:3
**customers** [1] - 8:24
**CUTLER** [1] - 2:8

## D

**D.I** [1] - 5:6
**D735,131** [1] - 4:23

**D883,279** [1] - 4:22
**D947,842** [1] - 4:23
**D962,936** [1] - 4:23
**damaged** [1] - 20:20
**damages** [1] - 17:4
**dangerous** [1] - 18:3
**data** [1] - 21:18
**DAVID** [1] - 2:3
**David** [1] - 3:10
**deal** [1] - 20:10
**dealing** [1] - 22:5
**deceive** [5] - 11:5, 13:21, 14:2, 15:3, 15:9
**deceptive** [1] - 13:23
**decided** [1] - 19:15
**decisions** [1] - 12:16
**decline** [1] - 14:24
**Defendant** [3] - 1:11, 1:18, 5:4
**defendant** [3] - 4:8, 5:10, 16:25
**defendant's** [1] - 17:7
**defendants** [3] - 4:21, 4:24, 13:22
**Defendants** [3] - 1:7, 1:15, 2:17
**defense** [4] - 5:3, 5:6, 5:21, 10:19
**defenses** [2] - 9:12, 15:12
**deficient** [2] - 19:5, 19:8
**defined** [2] - 17:15, 17:19
**DELAWARE** [1] - 1:2
**Delaware** [2] - 1:20, 21:2
**denied** [6] - 4:1, 8:6, 9:2, 15:12, 20:6, 21:24
**denying** [2] - 17:25, 20:13
**describe** [2] - 5:23, 14:12
**described** [1] - 14:2
**design** [18] - 4:22, 8:4, 9:16, 9:22, 10:7, 10:9, 10:10, 10:11, 10:15, 11:13, 11:14, 11:24, 12:4, 12:23, 14:6, 14:10, 14:11, 14:13
**Design** [2] - 11:11, 11:22
**designs** [3] - 9:22, 12:24, 14:15
**Desmarais** [1] - 3:12
**DESMARAIS** [1] - 2:5
**determination** [2] -

14:24, 17:21
**determined** [1] - 19:6
**developed** [1] - 11:25
**developing** [1] - 13:11
**development** [1] - 11:23
**devices** [5] - 8:12, 17:18, 17:19, 21:17, 21:20
**different** [5] - 9:23, 12:4, 12:21, 21:12, 21:13
**direct** [1] - 9:7
**directly** [1] - 8:15
**disagree** [3] - 7:18, 11:9, 16:11
**disclose** [5] - 12:1, 12:6, 12:25, 14:5, 14:21
**disclosed** [2] - 10:5, 13:17
**disclosure** [2] - 12:9, 12:10
**discovery** [3] - 9:8, 15:18, 20:8
**discuss** [2] - 6:12, 21:15
**dismiss** [23] - 3:8, 3:24, 4:25, 5:4, 5:11, 5:18, 6:4, 6:13, 6:14, 7:13, 8:5, 8:9, 9:1, 9:10, 12:20, 14:7, 15:11, 15:20, 17:23, 18:1, 20:5, 20:13, 21:24
**dismissal** [1] - 20:11
**dismissed** [3] - 8:21, 10:19, 21:18
**disputes** [1] - 6:1
**distribute** [1] - 8:2
**distributing** [1] - 7:24
**distribution** [3] - 7:4, 16:6, 19:18
**distributions** [1] - 7:2
**DISTRICT** [3] - 1:1, 1:2, 1:24
**District** [4] - 4:17, 5:23, 13:9, 22:13
**docket** [1] - 21:23
**Docket** [5] - 4:14, 5:1, 5:12, 8:6, 9:2
**dome** [2] - 9:18, 9:21
**done** [1] - 11:21
**DORR** [1] - 2:8
**drawn** [1] - 13:24
**during** [2] - 14:6, 17:1
**duty** [2] - 12:9, 12:10

## E

**economic** [1] - 20:22
**either** [2] - 18:3, 21:19
**electronic** [1] - 8:11
**enforcing** [3] - 16:4, 16:14, 19:13
**engaged** [1] - 19:1
**enjoin** [1] - 16:13
**ensuring** [1] - 12:5
**entitled** [1] - 19:12
**entrenched** [1] - 16:18
**equal** [1] - 18:16
**equally** [1] - 8:8
**erroneously** [1] - 20:25
**especially** [1] - 19:21
**ESQ** [9] - 2:3, 2:6, 2:6, 2:9, 2:9, 2:12, 2:15, 2:15, 2:16
**essential** [1] - 7:5
**essentially** [2] - 13:5, 13:16
**estimate** [1] - 18:8
**estimates** [2] - 18:9, 18:10
**evidence** [1] - 14:10
**evidencing** [1] - 14:10
**examiner** [2] - 10:10, 12:7
**examiners** [4] - 9:15, 9:25, 10:6, 14:8
**example** [3] - 11:11, 11:21, 12:3
**exceeds** [3] - 18:7, 18:9, 18:22
**exclude** [1] - 19:12
**excludes** [1] - 18:17
**excluding** [1] - 16:17
**exclusionary** [1] - 19:24
**excuse** [1] - 10:17
**expanding** [1] - 7:2
**expect** [1] - 18:13
**explained** [1] - 13:7
**explaining** [1] - 17:18
**explains** [2] - 16:23, 18:8
**extent** [3] - 6:11, 17:3, 20:7

## F

**face** [1] - 21:16
**fact** [4] - 9:24, 11:16, 11:18, 17:22
**fact-intensive** [1] - 17:22
**factors** [1] - 13:9
**facts** [9] - 6:17, 7:25,

3

8:14, 11:1, 13:17, 13:24, 13:25, 20:17, 20:19
**factual** [1] - 7:15
**failed** [9] - 10:17, 10:20, 11:6, 12:1, 14:21, 17:7, 17:13, 18:24, 21:9
**fails** [4] - 6:16, 12:8, 15:1, 18:2
**failure** [8] - 4:4, 4:25, 5:5, 5:12, 6:4, 6:15, 7:14, 14:5
**fall** [2] - 17:19
**falling** [1] - 21:3
**false** [10] - 5:15, 16:7, 19:25, 20:12, 20:15, 20:16, 20:18, 20:20, 20:24, 21:2
**falsity** [1] - 11:3
**far** [1] - 16:19
**features** [4] - 9:17, 10:11, 14:13, 18:18
**Federal** [4] - 4:16, 10:20, 12:14, 13:7
**fees** [4] - 17:1, 17:4, 17:5, 17:11
**few** [2] - 3:11, 7:8
**filed** [3] - 4:14, 4:16, 21:21
**finally** [1] - 21:7
**firm** [1] - 3:20
**firms** [4] - 10:6, 12:4, 12:6, 12:21
**first** [2] - 15:17, 15:19
**Fog** [1] - 6:7
**following** [3] - 3:3, 16:2, 22:8
**FOR** [1] - 1:2
**FORD** [1] - 2:9
**Ford** [1] - 3:14
**foregoing** [1] - 22:10
**formulated** [1] - 11:10
**forth** [3] - 6:6, 15:23, 19:25
**forward** [3] - 9:7, 15:18, 21:5
**four** [4] - 5:24, 16:7, 18:15, 19:1
**fraud** [6] - 16:5, 16:14, 19:2, 19:8, 19:10, 19:13
**fraudulently** [1] - 16:4
**free** [1] - 16:19
**functional** [5] - 9:21, 10:11, 11:24, 12:25, 14:15
**functions** [1] - 14:13

## G

**general** [1] - 17:21
**generally** [2] - 10:25, 17:23
**gist** [2] - 9:13, 14:19
**global** [2] - 18:11, 18:14
**Goldberg** [1] - 17:8
**gratuitously** [1] - 11:17
**Great** [1] - 3:21
**greater** [2] - 18:14, 18:16
**greet** [1] - 3:16

## H

**HALE** [1] - 2:8
**HALL** [2] - 1:24, 2:12
**Hall** [1] - 3:6
**harm** [3] - 16:6, 16:11, 19:18
**Hauwei** [1] - 18:12
**health** [10] - 4:8, 16:6, 16:17, 16:21, 17:15, 18:4, 18:7, 18:15, 18:17, 19:19
**healthcare** [1] - 7:3
**hearing** [4] - 3:7, 3:14, 19:22, 20:7
**held** [1] - 3:4
**hereby** [1] - 22:10
**hiring** [1] - 10:6
**history** [1] - 21:15
**holds** [1] - 17:5
**Honor** [2] - 3:10, 3:18
**HONORABLE** [1] - 1:24
**Horn** [1] - 3:20
**HORN** [1] - 2:16

## I

**i.e** [2] - 16:4, 16:14
**idea** [1] - 13:11
**identical** [2] - 8:12, 9:21
**identified** [2] - 11:19, 13:21
**identifies** [1] - 17:15
**II** [2] - 15:22, 20:6
**implausible** [2] - 17:25, 21:19
**important** [1] - 7:5
**importation** [1] - 6:25
**imported** [2] - 6:19, 7:11
**IN** [2] - 1:1, 1:2
**inappropriate** [1] -

17:23
**Inc** [3] - 4:7, 6:8, 15:25
**INC** [5] - 1:4, 1:10, 1:12, 1:16, 1:18
**includes** [1] - 4:15
**including** [6] - 5:14, 5:19, 9:19, 10:2, 14:20, 19:2
**incorporate** [2] - 6:9, 16:1
**incorrect** [1] - 17:5
**incredible** [1] - 4:18
**incurred** [1] - 17:1
**indicating** [1] - 21:23
**indirect** [2] - 8:20, 21:8
**individual** [4] - 10:3, 11:2, 11:7, 13:14
**individual's** [1] - 13:10
**individuals** [6] - 9:14, 10:2, 11:19, 11:20, 13:21, 14:19
**inequitable** [18] - 5:3, 5:4, 5:6, 5:17, 5:19, 5:20, 9:10, 9:11, 9:13, 10:18, 10:23, 13:18, 13:19, 14:17, 15:6, 15:11, 19:5, 19:6
**infer** [1] - 11:2
**inference** [8] - 6:21, 8:15, 13:24, 14:1, 15:8, 18:21, 20:17, 20:19
**inferences** [1] - 18:19
**inferior** [2] - 16:22, 20:23
**inferred** [1] - 7:25
**information** [11] - 10:5, 10:8, 11:3, 11:5, 11:8, 12:1, 12:6, 12:22, 13:1, 13:16, 18:6
**infringed** [5] - 4:21, 5:8, 7:22, 8:16, 19:12
**infringement** [12] - 5:16, 6:5, 6:14, 6:22, 7:14, 8:19, 8:20, 9:7, 16:8, 17:6, 20:1, 21:8
**infringes** [1] - 8:25
**infringing** [1] - 9:4
**initiated** [1] - 4:18
**injury** [5] - 16:10, 17:2, 17:4, 17:6, 17:12
**inquiry** [2] - 13:8, 17:22

**instituting** [1] - 7:20
**instructions** [1] - 8:24
**intended** [1] - 8:19
**intensive** [1] - 17:22
**intent** [7] - 10:24, 11:5, 13:21, 13:23, 14:1, 15:3, 15:9
**intentionally** [1] - 12:1
**International** [1] - 4:17
**interpreted** [1] - 12:14
**invalid** [1] - 19:11
**inventor** [1] - 12:13
**Inventors** [2] - 11:12, 11:22
**inventors** [5] - 9:23, 10:3, 10:14, 11:25, 13:12
**investigation** [1] - 4:18
**involved** [10] - 11:12, 11:14, 11:18, 12:11, 12:15, 12:21, 12:23, 14:20, 14:23, 15:4
**involvement** [5] - 11:23, 12:15, 12:17, 13:7, 13:8
**iOS** [2] - 16:5, 19:18
**IP** [1] - 10:2
**IPR** [1] - 15:4
**IPRs** [1] - 4:19
**issued** [2] - 10:12, 22:1
**ITC** [1] - 6:24

## J

**Jack** [1] - 3:19
**Jan** [1] - 17:9
**Jeffrey** [1] - 10:3
**Jennifer** [2] - 3:6, 3:13
**JENNIFER** [2] - 1:24, 2:9
**JOHN** [1] - 2:12
**joined** [1] - 3:11
**JORDAN** [1] - 2:6
**Jordan** [1] - 3:12
**Judge** [2] - 5:23, 17:8
**JUDGE** [1] - 1:24
**judgment** [1] - 15:15
**June** [1] - 1:21

## K

**keep** [1] - 17:7
**Kennedy** [1] - 3:15
**Kerri** [1] - 3:12
**KERRI** [1] - 2:6
**Kerri-Ann** [1] - 3:12
**KERRI-ANN** [1] - 2:6

**Knobbe** [1] - 3:20
**KNOBBE** [1] - 2:14
**knowledge** [3] - 8:23, 10:24, 21:10
**known** [1] - 10:10

## L

**LABORATORIES** [1] - 1:16
**lacks** [3] - 7:15, 16:9, 18:18
**Lanham** [2] - 20:12, 21:4
**Laron** [1] - 3:19
**LARSON** [1] - 2:15
**last** [1] - 3:7
**launch** [1] - 7:21
**launched** [1] - 4:8
**law** [6] - 10:6, 12:4, 12:5, 12:21, 21:2, 21:5
**lawsuit** [1] - 17:6
**legal** [6] - 6:3, 6:6, 6:11, 15:23, 16:25, 17:2
**level** [1] - 16:19
**leveraging** [2] - 16:5, 19:17
**likely** [1] - 20:20
**Limbeek** [1] - 3:13
**LIMBEEK** [1] - 2:6
**line** [1] - 3:19
**linked** [1] - 11:20
**listed** [3] - 9:23, 11:25, 13:2
**lists** [1] - 4:14
**literally** [1] - 20:15
**litigation** [1] - 7:20
**LLC** [3] - 1:6, 1:14, 6:7
**LLP** [4] - 2:3, 2:5, 2:8, 2:14
**look** [1] - 21:15
**low** [1] - 16:20

## M

**MAGISTRATE** [1] - 1:24
**Malz** [1] - 3:12
**MALZ** [1] - 2:6
**managed** [1] - 13:14
**manner** [1] - 8:25
**Mar** [1] - 6:9
**Mark** [1] - 3:13
**MARK** [1] - 2:9
**market** [24] - 7:21, 16:6, 16:7, 16:17, 17:7, 17:14, 17:15, 17:16, 17:19, 17:22,

17:24, 18:5, 18:6, 18:7, 18:11, 18:13, 18:14, 18:15, 18:16, 18:17, 18:22, 19:13, 19:18, 19:20
**marketing** [1] - 13:11
**MARTENS** [1] - 2:14
**Martens** [1] - 3:20
**MASIMO** [4] - 1:6, 1:8, 1:14, 1:16
**Masimo** [61] - 3:17, 4:8, 4:10, 4:12, 4:16, 4:18, 4:21, 5:2, 5:7, 5:13, 6:18, 6:24, 6:25, 7:3, 7:6, 7:8, 7:19, 7:21, 7:23, 9:17, 10:1, 10:8, 10:13, 11:16, 11:17, 11:18, 12:19, 13:2, 14:4, 14:8, 14:14, 14:17, 15:1, 15:4, 16:2, 16:9, 16:12, 16:13, 16:16, 16:17, 16:23, 17:13, 17:17, 17:20, 17:24, 18:2, 18:5, 18:20, 18:24, 19:6, 19:11, 19:12, 19:18, 20:3, 20:8, 20:15, 20:19, 20:21, 21:9, 21:17
**Masimo's** [31] - 5:4, 5:6, 5:16, 5:18, 5:20, 8:1, 9:10, 9:11, 9:13, 10:16, 10:18, 11:6, 11:10, 11:19, 12:8, 13:6, 13:13, 15:6, 15:21, 17:14, 18:7, 18:19, 19:4, 19:7, 19:14, 19:16, 19:22, 19:23, 20:5, 20:11, 21:7
**material** [7] - 10:9, 10:15, 11:3, 13:1, 14:21, 15:3
**materiality** [1] - 14:5
**MCLAUGHLIN** [1] - 2:12
**mean** [2] - 4:5, 12:15
**measure** [1] - 17:16
**measurement** [2] - 18:18, 20:24
**measuring** [1] - 21:18
**meet** [1] - 14:3
**meets** [1] - 18:22
**Megan** [1] - 3:14
**mentioned** [2] - 18:25, 20:7
**merits** [1] - 21:12
**Michele** [2] - 1:25, 22:13

**might** [1] - 21:12
**Milici** [1] - 3:13
**MILICI** [1] - 2:9
**misleading** [1] - 20:25
**misrepresentations** [2] - 10:14, 11:4
**misrepresented** [2] - 11:4, 11:8
**moment** [1] - 4:3
**monitoring** [1] - 7:19
**monopolist** [1] - 16:18
**monopolization** [2] - 15:21, 15:22
**monopoly** [4] - 16:5, 18:4, 18:23, 19:17
**months** [1] - 7:9
**Moore** [1] - 3:11
**MOORE** [2] - 2:3, 3:10
**moreover** [1] - 10:24
**most** [2] - 13:24, 21:17
**motion** [9] - 6:3, 8:5, 8:8, 9:1, 12:20, 14:7, 17:23, 20:5, 20:13
**motions** [7] - 3:7, 3:24, 4:1, 6:13, 9:9, 21:24, 22:6
**moved** [6] - 4:25, 5:4, 5:11, 5:18, 7:13, 9:10
**moves** [1] - 6:14
**moving** [2] - 9:9, 15:18
**MR** [2] - 3:10, 3:18
**must** [1] - 10:25
**Myers** [7] - 10:3, 11:11, 11:13, 12:3, 12:9, 14:20, 14:22

**N**

**named** [2] - 10:3, 13:14
**Named** [2] - 11:11, 11:22
**Natalie** [1] - 3:15
**nature** [1] - 12:18
**nearly** [1] - 8:12
**necessary** [1] - 5:25
**need** [1] - 20:19
**needs** [1] - 13:25
**never** [1] - 13:18
**next** [4] - 15:20, 17:13, 18:2, 18:24
**non** [2] - 11:24, 12:25
**non-ornamental** [2] - 11:24, 12:25
**none** [1] - 20:14
**nonetheless** [1] - 10:25

**Nos** [1] - 5:9
**NOTE** [1] - 3:3
**notes** [1] - 22:11
**number** [2] - 4:18, 13:3

**O**

**object** [1] - 22:2
**objections** [1] - 22:5
**obtained** [3] - 16:4, 16:14, 19:10
**obtaining** [2] - 9:16, 18:4
**occur** [1] - 16:20
**OF** [1] - 1:2
**offered** [2] - 6:18, 7:11
**OLSON** [1] - 2:14
**one** [6] - 9:13, 9:19, 11:2, 16:3, 18:8, 18:12
**opposed** [1] - 6:18
**order** [1] - 22:3
**ornamental** [2] - 11:24, 12:25
**outset** [1] - 5:24
**overseas** [1] - 18:12
**owed** [1] - 12:9

**P**

**P.A** [1] - 2:12
**p.m** [2] - 3:4, 22:9
**paragraph** [1] - 7:6
**parameter** [1] - 20:23
**parameters** [1] - 17:17
**part** [1] - 16:3
**particular** [7] - 4:4, 6:23, 9:14, 10:1, 13:14, 21:20, 22:6
**particularity** [1] - 10:21
**parties** [8] - 4:13, 4:15, 5:22, 21:13, 21:14, 21:20, 22:4
**parties'** [1] - 21:15
**party** [2] - 4:5, 22:2
**past** [2] - 12:20, 15:15
**patent** [10] - 11:15, 13:14, 13:15, 14:8, 14:10, 14:11, 16:4, 16:14, 20:1, 21:20
**patentability** [2] - 10:15, 14:22
**patented** [1] - 13:11
**patents** [35] - 4:10, 4:22, 5:8, 5:16, 7:17, 7:19, 7:23, 8:4, 8:11, 8:16, 8:18, 8:23, 9:5, 9:16, 9:19, 9:20,

9:22, 10:7, 10:9, 10:10, 10:11, 10:15, 11:13, 11:25, 12:5, 12:23, 14:7, 14:12, 14:19, 19:10, 19:11, 19:13, 21:10, 21:16
**patents'** [1] - 12:22
**pending** [4] - 3:7, 3:24, 3:25, 21:24
**percent** [4] - 18:7, 18:10, 18:11, 18:22
**performance** [1] - 16:21
**permitted** [2] - 14:9, 21:5
**person** [1] - 12:11
**persons** [1] - 12:23
**Pharms** [1] - 17:8
**phase** [1] - 15:17
**Phillips** [1] - 3:19
**PHILLIPS** [3] - 2:12, 2:12, 3:18
**physiological** [4] - 17:17, 18:18, 20:23, 21:18
**PICKERING** [1] - 2:8
**Plaintiff** [3] - 1:4, 1:12, 2:10
**plaintiff** [1] - 17:1
**plaintiffs** [1] - 4:7
**plausible** [4] - 8:15, 8:18, 13:20, 18:21
**plausibly** [11] - 6:17, 7:10, 7:16, 7:18, 7:25, 8:22, 9:6, 15:2, 17:14, 18:2, 18:25
**plead** [2] - 11:7, 13:23
**pleaded** [2] - 14:1, 20:15
**pleading** [7] - 6:5, 10:25, 11:19, 12:8, 13:22, 17:14, 18:7
**pleadings** [5] - 5:24, 10:22, 21:14
**pleads** [1] - 8:14
**Poe** [1] - 3:15
**points** [3] - 13:2, 14:8, 19:9
**popular** [1] - 18:12
**portfolio** [1] - 7:3
**position** [2] - 13:1, 13:10
**potentially** [1] - 20:16
**Potter** [1] - 3:11
**POTTER** [1] - 2:3
**Powell** [1] - 3:20
**POWELL** [2] - 2:15
**power** [4] - 13:4, 18:4, 18:23, 19:17
**practitioner** [1] - 13:4

**pre** [1] - 21:9
**pre-suit** [1] - 21:9
**predatory** [2] - 16:7, 20:1
**preference** [1] - 6:10
**preparation** [1] - 12:12
**preparing** [1] - 7:21
**presence** [1] - 16:20
**prices** [1] - 16:19
**primarily** [1] - 5:22
**probability** [1] - 18:4
**Procedure** [1] - 10:21
**proceeding** [2] - 22:8, 22:12
**proceedings** [2] - 4:15, 15:5
**process** [4] - 11:23, 13:15, 16:25, 17:2
**Process** [1] - 16:5, 16:15, 16:24, 19:2, 19:3, 19:8, 20:4
**product** [4] - 7:5, 7:22, 17:7, 20:23
**products** [4] - 4:11, 4:13, 7:3, 16:22
**properly** [1] - 13:9
**proportional** [1] - 20:8
**prosecute** [3] - 10:6, 12:4, 12:22
**prosecution** [10] - 11:12, 11:14, 12:12, 12:23, 13:14, 13:15, 14:6, 14:18, 14:20, 14:23
**prosecutors** [1] - 13:12
**prove** [3] - 9:3, 13:22, 14:14
**proven** [1] - 13:17
**proximate** [1] - 20:18
**PTO** [8] - 11:5, 12:2, 12:7, 12:10, 13:3, 13:12, 15:4, 15:10
**publically** [1] - 7:24
**publically-announced** [1] - 7:24
**purpose** [3] - 7:24, 8:1, 12:5
**push** [1] - 7:20
**put** [2] - 21:23, 22:3

**Q**

**qualifies** [1] - 16:3
**questions** [2] - 19:20, 20:2

## R

**raise** [5] - 6:21, 8:15, 15:7, 18:21, 20:17
**raising** [1] - 20:19
**rather** [1] - 5:23
**rationale** [1] - 8:8
**read** [1] - 6:2
**ready** [1] - 3:23
**real** [1] - 20:1
**reasonable** [6] - 6:21, 13:24, 14:1, 15:8, 20:17, 20:19
**reasonably** [1] - 11:1
**reasons** [5] - 4:2, 8:13, 8:21, 15:10, 17:10
**recitation** [1] - 6:6
**recite** [1] - 5:25
**recommend** [6] - 3:25, 15:10, 17:25, 20:5, 20:13, 21:4
**recommendation** [7] - 3:24, 4:3, 6:7, 8:7, 15:24, 21:22, 21:25
**record** [1] - 6:2
**refer** [1] - 21:25
**reference** [1] - 16:1
**references** [3] - 14:21, 15:6, 15:8
**refers** [1] - 8:10
**regarding** [2] - 4:12, 8:12
**reject** [1] - 19:7
**rejected** [1] - 17:10
**rejection** [1] - 14:11
**relate** [1] - 21:17
**related** [1] - 12:16
**relates** [1] - 12:15
**relating** [4] - 4:10, 7:19, 8:4, 8:11
**released** [1] - 7:8
**relevant** [5] - 12:10, 17:2, 17:14, 17:21, 17:24
**report** [5] - 3:23, 6:7, 15:24, 21:22, 21:25
**REPORTER'S** [1] - 3:3
**representations** [3] - 13:12, 20:16, 20:18
**request** [3] - 4:13, 15:10, 17:25
**required** [1] - 13:22
**requires** [1] - 10:22
**resolve** [1] - 5:25
**resources** [1] - 22:5
**respect** [4] - 11:9, 14:5, 16:24, 20:23
**respective** [2] - 9:15,

9:25
**responds** [1] - 6:20
**result** [2] - 20:20, 20:24
**rise** [1] - 14:1
**rising** [1] - 21:3
**role** [1] - 13:10
**Rolfe** [2] - 1:25, 22:13
**RPR** [2] - 1:25, 22:13
**Rule** [1] - 10:20
**rule** [1] - 10:21
**Ruling** [1] - 1:21
**run** [1] - 22:3
**Ryan** [1] - 3:19
**RYAN** [1] - 2:16
**Ryobi** [1] - 6:8

## S

**sales** [1] - 18:9
**Samsung** [1] - 18:12
**satisfy** [2] - 10:17, 10:20
**saw** [1] - 4:13
**scheme** [1] - 10:4
**second** [1] - 19:16
**secret** [1] - 4:16
**secretarial** [1] - 12:18
**Section** [2] - 15:22, 20:6
**see** [1] - 21:16
**seeking** [1] - 16:13
**seeks** [3] - 15:20, 20:8, 20:11
**selected** [1] - 12:4, 13:15
**selection** [1] - 12:21
**sell** [3] - 6:18, 7:11, 16:21
**selling** [1] - 16:13
**sells** [1] - 4:7
**sensor** [3] - 9:22, 11:13, 11:14
**sensors** [1] - 9:18
**separate** [2] - 10:6, 19:19
**set** [5] - 6:6, 9:13, 15:22, 16:19, 16:20
**several** [1] - 20:15
**shape** [1] - 9:17
**Shape** [1] - 15:24
**share** [8] - 18:6, 18:9, 18:10, 18:13, 18:14, 18:15, 18:16, 18:22
**Sherman** [3] - 15:22, 20:5, 21:4
**side** [1] - 21:21
**single** [1] - 13:23
**smart** [5] - 18:9, 18:11, 18:13, 18:14,

18:16, 18:17
**so-called** [1] - 20:1
**sold** [2] - 6:18, 7:11
**sort** [1] - 15:18
**Sound** [26] - 4:21, 4:24, 5:8, 5:10, 6:12, 6:14, 6:16, 6:17, 6:21, 7:1, 7:4, 7:11, 7:13, 7:16, 7:23, 8:1, 8:2, 8:3, 8:5, 8:8, 8:13, 8:15, 8:17, 8:22, 9:1, 9:3
**SOUND** [2] - 1:6, 1:14
**speaking** [1] - 5:22
**specific** [10] - 10:22, 11:2, 11:5, 11:7, 11:19, 11:20, 13:23, 15:3, 15:9
**specifically** [1] - 6:16
**specification** [1] - 14:9
**specifications** [1] - 14:11
**spent** [1] - 22:5
**squarely** [1] - 17:10
**stage** [6] - 13:22, 14:24, 18:23, 19:15, 21:1, 21:13
**standard** [5] - 6:3, 6:4, 10:21, 14:3, 16:21
**standards** [3] - 6:7, 6:11, 15:23
**standing** [1] - 16:10
**start** [1] - 6:12
**started** [1] - 3:7
**state** [8] - 4:25, 5:5, 5:12, 6:4, 6:15, 7:14, 21:2, 21:5
**statements** [1] - 20:15
**STATES** [2] - 1:1, 1:24
**states** [2] - 19:6, 20:4
**stenographic** [1] - 22:11
**STEPHEN** [1] - 2:15
**Steve** [1] - 3:19
**store** [1] - 19:23
**stricken** [2] - 10:17, 10:20
**strike** [7] - 3:8, 3:24, 5:5, 5:20, 9:11, 10:18, 15:11
**subsequently** [1] - 7:8
**substantially** [2] - 9:21, 12:11
**substantive** [2] - 13:6, 13:8
**substantively** [2] - 12:15, 14:23
**substitutes** [1] - 20:22
**succeed** [1] - 16:17

18:16, 18:17
**sufficient** [8] - 7:15, 8:14, 10:25, 14:3, 14:7, 15:7, 18:23, 19:4
**sufficiently** [1] - 12:9
**suggest** [3] - 7:10, 7:16, 13:13
**suggesting** [2] - 6:17, 15:14
**suit** [2] - 21:9, 21:21
**summarize** [1] - 4:2
**summary** [1] - 15:15
**support** [1] - 9:17
**supporting** [1] - 14:10
**survive** [1] - 14:7

## T

**team** [1] - 3:13
**Technologies** [1] - 6:8
**Technology** [1] - 15:25
**teleconference** [1] - 3:3
**Telephonic** [1] - 1:21
**THE** [5] - 1:1, 1:2, 3:5, 3:16, 3:21
**theories** [1] - 20:2
**theory** [7] - 19:3, 19:16, 19:21, 19:23, 19:25, 20:4, 20:9
**thereto** [1] - 12:16
**third** [1] - 19:23
**Thomas** [1] - 3:15
**three** [2] - 16:7, 18:11
**today** [1] - 22:3
**together** [1] - 18:21
**trade** [1] - 4:15
**Trade** [1] - 4:17
**transcript** [1] - 22:11
**TransWeb** [3] - 16:23, 17:3, 17:10
**treats** [1] - 21:2
**trial** [2] - 15:17, 15:19
**tried** [2] - 15:17, 15:19
**Trios** [1] - 15:24
**true** [7] - 7:10, 11:10, 13:6, 13:13, 16:20, 20:17, 22:10
**Tuesday** [1] - 1:21
**turning** [1] - 8:7
**two** [4] - 11:4, 16:5, 18:10, 20:2
**types** [1] - 19:1

## U

**U.S** [4] - 18:6, 18:9, 18:13, 22:13
**UCL** [1] - 21:3

**ultimately** [1] - 14:14
**under** [4] - 13:3, 15:22, 20:4, 20:12
**underlying** [1] - 20:16
**undisclosed** [3] - 15:2, 15:5, 15:8
**unfair** [1] - 5:15
**UNITED** [4] - 1:1, 1:6, 1:14, 1:24
**United** [22] - 4:21, 4:24, 5:8, 5:11, 6:13, 6:14, 6:16, 6:17, 6:21, 7:1, 7:11, 7:13, 7:16, 7:23, 8:1, 8:2, 8:3, 8:13, 8:15, 8:17, 8:22, 9:4
**United's** [4] - 7:4, 8:5, 8:8, 9:1
**unreasonable** [1] - 18:20
**up** [3] - 19:4, 21:23, 22:3
**user** [1] - 21:17
**user-worn** [1] - 21:17
**utility** [12] - 5:8, 5:16, 8:11, 9:16, 9:19, 10:7, 11:25, 12:5, 14:6, 14:9, 14:12, 14:18

## V

**variety** [1] - 13:9
**various** [1] - 5:14
**viability** [1] - 19:20
**viable** [1] - 20:9
**voluminous** [1] - 5:24

## W

**W1** [11] - 4:9, 6:19, 7:8, 7:11, 7:22, 7:24, 8:2, 8:23, 16:13, 20:21, 21:1
**Walker** [7] - 16:4, 16:14, 16:24, 19:2, 19:3, 19:8, 20:4
**watch** [32] - 4:8, 4:9, 4:13, 6:19, 6:25, 7:8, 7:12, 7:20, 7:21, 7:25, 8:2, 8:3, 8:23, 16:6, 16:13, 16:17, 16:21, 17:15, 18:5, 18:7, 18:9, 18:11, 18:13, 18:14, 18:15, 18:16, 18:17, 19:19, 19:22, 20:21, 20:22, 21:1
**watches** [2] - 4:7, 18:17

**wearable** [1] - 8:11

**week** [1] - 3:7

**wherein** [1] - 15:5

**whole** [1] - 19:19

**wholly** [1] - 12:17

**willful** [3] - 7:13, 9:6, 21:7

**willfully** [1] - 9:5

**willfulness** [1] - 8:20

**Wilmer** [1] - 3:13

**WILMER** [1] - 2:8

**Wilmington** [1] - 1:20

**withheld** [6] - 10:8, 11:2, 11:4, 11:8, 14:12, 15:9

**WL** [3] - 6:8, 15:25, 17:9

**worn** [2] - 17:16, 21:17

**wristwatches** [1] - 17:16