# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>MASIMO CORPORATION and SOUND UNITED, LLC,<br><br>      Defendants. | Civil Action No. 22-1377 (MN) (JLH) |
| APPLE INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>MASIMO CORPORATION and SOUND UNITED, LLC,<br><br>      Defendants. | Civil Action No. 22-1378 (MN) (JLH) |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM JOHN C. PHILLIPS, JR.**

Dated: July 28, 2023

> John C. Phillips, Jr. (No. 110)
> Megan C. Haney (No. 5016)
> PHILLIPS, MCLAUGHLIN & HALL, P.A.
> 1200 North Broom Street
> Wilmington, Delaware 19806
> Telephone: (302) 655-4200
> jcp@pmhdelaw.com
> mch@pmhdelaw.com
>
> *Attorneys for Defendants*

Dear Judge Hall:

Masimo seeks the Court's assistance with two straightforward issues.  *First*, Masimo respectfully requests the Court compel Apple to respond fully to Masimo's Interrogatory No. 3, which asks Apple to explain the named inventors' contribution to the inventions and designs claimed in Apple's patents.  On June 21, 2023, Apple agreed to supplement its response.  Despite repeated reminders from Masimo, Apple still has not done so.  *Second*, Masimo respectfully requests the Court set August 10, 2023, as the deadline by which the parties must disclose whether they are waiving privilege on any issue and supplement their productions and discovery disclosures in accordance with any waiver.  Apple does not dispute that deadlines must be set for these disclosures but seeks a deadline later than August 10.  Apple's position is unreasonable because fact discovery closes September 21, 2023.  *See* D.I. 103, C.A. No. 22-1377.

**Issue 1: Apple Should Be Ordered To Fully Respond To Masimo's Interrogatory No. 3**

Masimo's Interrogatory No. 3 seeks foundational information.  It asks Apple to "describe [each] named inventor's contribution to each Asserted Claim, including an identification (by Bates number) of all documents, communications, and things that reflect each named inventor's contribution."  Ex. 1 at 5.

The named inventors' contributions are relevant to any invention story Apple may present at trial.  This information is also relevant to determining whether Apple correctly identified the inventors on its asserted patents.  Inventorship is a primary issue in this case—Masimo contends the asserted Apple design patents are invalid and unenforceable because other persons developed the claimed designs.  The requested information will also help Masimo prepare for and focus its depositions.

In response to the interrogatory, Apple simply listed each person named as an inventor and generically asserted that they all "made a substantial and not just superficial or insignificant contribution to the conception of one or more of the claimed inventions," or in the case of the design patents, "to the conception of the design claimed."  Ex. 2 at 12–13; Ex. 3 at 12–13.  This generic assertion not only lacks any meaningful information but also betrays Apple's failure to provide a full response—if Apple believes each inventor made a substantial and not just superficial contribution, Apple is withholding the facts upon which it is basing that belief.  Apple also failed to identify any materials that reflect any named inventor's contribution.

On June 5, 2023, the parties conferred regarding Apple's interrogatory response.  Ex. 4.  Apple agreed to supplement its response and made no objection to providing a full response, but Apple did not provide a date when it would do so.  *Id*.  Throughout June, Masimo asked Apple to identify a date when it would supplement.  *Id.*; Ex. 5.  On June 21, 2023, Apple told Masimo it would supplement the following week.  Ex. 6 at 7.  Apple did not do so.  After Masimo raised Apple's failure to supplement, Apple told Masimo on July 10 it would supplement by July 17.  Ex. 7.  Again, Apple failed to do so.

With the fact-discovery cutoff rapidly approaching, Masimo respectfully requests the Court order Apple to immediately respond fully to Masimo's Interrogatory No. 3.

**Issue 2: August 10 Should Be The Deadline For The Parties To Waive Privilege And Provide Waiver-Related Discovery**

Masimo contends Apple fraudulently withheld information from the Patent and Trademark Office (PTO), rendering its patents unenforceable.  Masimo also contends Apple has infringed

The Honorable Jennifer L. Hall  2
July 28, 2023

Masimo's patents willfully. Apple may decide to defend against these charges by explaining it acted on the advice of counsel or by explaining its attorneys' rationales for withholding information from the PTO. *See generally, e.g.*, *Brigham & Women's Hosp. Inc. v. Teva Pharms. USA, Inc.*, 707 F. Supp. 2d 463 (D. Del. 2010) (waiver in defense of inequitable conduct).

Several jurisdictions have local rules setting deadlines for parties to disclose whether they are waiving privilege and to produce discovery falling within the scope of the waiver, including a privilege log identifying materials they contend fall outside the scope of the waiver. *See, e.g.*, E.D. Tex. Pat. L.R. 3-7; N.D. Cal. Pat. L.R. 3-7. To permit sufficient time for the court to resolve any disputes over the scope of the waiver, these disclosures must occur well before the close of discovery. *Cf., e.g.*, *Johns Hopkins Univ. v. Alcon Lab'ys, Inc.*, No. 15-cv-525, 2017 WL 3013249 (D. Del. July 14, 2017) (district-judge decision on scope of waiver six months after initial hearing with magistrate).

With fact discovery closing in September and document production substantially finishing in August, Masimo informed Apple on June 30, 2023, that the parties needed to immediately disclose whether they were waiving privilege for any issue currently in the case. Ex. 8 at 2–3. Apple disagreed that the disclosures needed to occur immediately and did not agree to confer until July 17. Ex. 9 (emails June 30 to July 17, 2023).

When the parties finally conferred on July 17, Apple did not raise any objections to setting a deadline for these disclosures. Instead, subject to conferring with their client, Apple's counsel identified August 10 as a possible deadline. Masimo considered Apple's proposal and adopted Apple's proposed deadline the very next day. Ex. 10. On July 18, Masimo proposed:

> By August 10, 2023, any party opting to waive privilege on any issue currently in the case (regardless of the waiver's scope) must (1) serve a notice identifying the issues for which it is waiving privilege and its proposed scope of waiver and (2) produce all materials the waiving party contends fall within the scope of the waiver and supplement all discovery disclosures, including interrogatory responses, to include the information the waiving party contends falls within the scope of the waiver.

*Id.* Apple did not respond to Masimo's proposal. Masimo asked Apple twice more to provide its position on Masimo's proposal, so that Masimo could address the parties' dispute in this letter brief. Ex. 11. Apple still has not responded to Masimo's requests.

The Court has ordered the parties to substantially complete document production by August 10, 2023, and to finish fact discovery by September 21, 2023. To allow the parties at least some time to address the scope of any waiver and to complete fact discovery by September 21, the parties should commit to whether they are waiving privilege and should provide related discovery no later than August 10. Apple's suggestion of a later deadline is untenable because it would leave Masimo with insufficient time both to dispute the scope of the waiver and review and make use of the disclosed materials.

Masimo therefore respectfully requests the Court set a deadline no later than August 10 for the parties to make the disclosures and supplementations identified in Masimo's July 18 proposal, quoted above, along with an appropriate privilege log.

The Honorable Jennifer L. Hall 3
July 28, 2023

                                                                 Respectfully submitted,

                                                                 */s/ John C. Phillips, Jr.*

                                                                 John C. Phillips, Jr. (#110)

cc:    All counsel of record (via Email & CM/ECF)

The Honorable Jennifer L. Hall 4
July 28, 2023

**Table of Exhibits**

| Ex. No. | Description |
|---|---|
| 1 | Masimo and Sound United's First Set of Interrogatories (Nos. 1–5) |
| 2 | Apple's Responses to First Set of Interrogatories (C.A. No. 22-1377) (excerpted to show response to Masimo's Interrogatory No. 3) |
| 3 | Apple's Responses to First Set of Interrogatories (C.A. No. 22-1378) (excerpted to show response to Masimo's Interrogatory No. 3) |
| 4 | June 6, 2023 Email from Masimo to Apple (highlighting added) |
| 5 | June 13, 2023 Email from Masimo to Apple |
| 6 | June 21, 2023 Letter from Apple to Masimo (excerpts; highlighting added) |
| 7 | July 18, 2023 Email from Masimo to Apple (Bunker to Luehrs) |
| 8 | June 30, 2023 Letter from Masimo to Apple (highlighting added) |
| 9 | June 30 to July 17, 2023 Email Chain Between Masimo to Apple (conference line redacted for privacy) |
| 10 | July 18, 2023 Email from Masimo to Apple (Lezama to Olsheski) |
| 11 | July 26, 2023 Email from Masimo to Apple |