# EXHIBIT 1

**IN THE U.S. DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC, | |
| Plaintiff, | |
| v. | Civil Action No. 22-1377 (MN) |
| MASIMO CORPORATION and SOUND UNITED, LLC, | |
| Defendants. | |
| APPLE INC, | |
| Plaintiff, | |
| v. | Civil Action No. 22-1378 (MN) |
| MASIMO CORPORATION and SOUND UNITED, LLC, | |
| Defendants. | |

**DEFENDANTS MASIMO CORPORATION AND SOUND UNITED, LLC'S FIRST SET OF INTERROGATORIES TO APPLE INC. (1-5)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Masimo Corporation and Sound United, LLC (collectively "Defendants") request that Plaintiff Apple Inc. ("Plaintiff") answer, under oath, the interrogatories set forth herein within thirty (30) days from the date of service.  Answers should be produced by electronic means to counsel for Defendants.

To the extent that any answer to any of these interrogatories may at any time be incomplete or incorrect due to information acquired by Plaintiff subsequent to the service of its answers, Plaintiff shall promptly serve supplemental answers reflecting the complete and correct information, pursuant to Rule 26 of the Federal Rules of Civil Procedure.

-1-

Defendants have filed motions to consolidate *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1377 (D. Del.) and *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1378 (D. Del.).  Accordingly, the interrogatories contained herein are intended to apply to a consolidated action involving both *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1377 (D. Del.) and *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1378 (D. Del.).  Therefore, in responding to these interrogatories, Plaintiff must respond with respect to both *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1377 (D. Del.) and *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1378 (D. Del.).

## **DEFINITIONS**

Unless the context indicates otherwise, the following words and phrases are defined and used herein as follows:

1.      "Apple Watch" means the product or products You make, have made, offer to sell, offered to sell, sell, or sold under the designation or tradename "Apple Watch," including but not limited to Apple Watch (first generation), Apple Watch Series 0, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, Apple Watch Series 6, Apple Watch Series 7, Apple Watch Series 8, Apple Watch Ultra, and Apple Watch SE.

2.      "Asserted Claim" shall mean the claims of the Asserted Patents asserted by Plaintiff against Defendants in *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1377 (D. Del.) or *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1378 (D. Del.), including but not limited to claim 1 of the '257 Patent, claim 9 of the '783 Patent, claim 7 of the '491 Patent, claim 9 of the '054 Patent, claim 9 of the '352 Patent, claim 1 of the '483 Patent, the claim of the 'D279 Patent, the claim of the 'D842 Patent, the claim of the 'D936 patent, and the

claim of the 'D131 Patent, and any claim that Plaintiff may include in any infringement contentions.

3.     "Asserted Patents" shall mean U.S. Patent Nos. 10,076,257 (the "'257 Patent"), 10,627,783 (the "'783 Patent"), 10,942,491 (the "'491 Patent"), 10,987,054 (the "'054 Patent"), 11,106,352 (the "'352 Patent"), 11,474,483 (the "'483 Patent"), D883,279 (the "'D279 Patent"), D947,842 (the "'D842 Patent"), D962,936 (the "'D936 Patent"), D735,131 (the "'D131 Patent"), any additional patents that You may assert in *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1377 (D. Del.) or *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1378 (D. Del.) against Defendants.

4.     The terms "in relation to" means concerning, referring to, describing, evidencing, comprising, constituting, supporting, or tending to negate.

5.     The term "document" shall be construed to include all writings and graphics of any sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

6.     The term "communication" shall mean any transmittal of information regardless of the manner in which the communication(s) took place, including but not limited to, face-to-face conversations, correspondence, electronic or computer mail, telephone calls, facsimile communications, or telegrams.

7.     The term "thing" shall mean all tangible objects of any type, composition, construction, or nature.

8.      "You" and "your" means Apple Inc. and any present or former officer, director, employee, agent, attorney, or other representative acting for or on behalf of Apple, Inc.

9.      The term "including" shall be construed broadly, as "including but not limited to" or "including without limitation."

10.     The term "person" means any natural person or any legal entity, including without limitation any business or governmental entity or association.

11.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and the use of the singular form of any word includes the plural and vice versa; "any" and "all" mean one or more.

12.     The singular form of any noun or pronoun used herein includes within its meaning the plural form thereof and vice versa; the neuter, masculine or feminine form of any pronoun used herein includes within its meaning the neuter, masculine and feminine forms; and the use herein of any tense of any verb includes within its meaning all other tenses of the verb. In every such instance, the specific request shall be construed in the broadest sense so as to call for the most complete and inclusive answer.

13.     "All" shall be construed as all and each, and "each" shall be construed as all and each.

## I.      <u>INTERROGATORIES</u>

<u>INTERROGATORY NO. 1:</u>

For each Asserted Claim, identify and define the relevant field of art and the level of ordinary skill in the relevant art or designer of ordinary skill in the art You contend is applicable.

**INTERROGATORY NO. 2:**

For each inventor named on the Asserted Patents, identify (a) their current address, telephone numbers, employer, and title; (b) if the inventor is no longer employed by You, the circumstances of his/her departure; and (c) whether that inventor is represented by counsel in relation to this case.

**INTERROGATORY NO. 3:**

For each inventor named on the Asserted Patents, describe the named inventor's contribution to each Asserted Claim, including an identification (by Bates number) of all documents, communications, and things that reflect each named inventor's contribution.

**INTERROGATORY NO. 4:**

For each Asserted Claim, identify all versions of the Apple Watch, current or past, that fall within the scope of that claim and all versions of the Apple Watch, current or past, that do not fall within the scope of that claim, and describe in detail how such version satisfies each element of the Asserted Claim or how such version does not satisfy each element of the Asserted Claim.

**INTERROGATORY NO. 5:**

For each Asserted Claim, identify all products or services, other than Apple Watch, whether sold by You or another entity, current or past, that fall within the scope of that claim, and for each such product or service, identify each person or entity that makes, has made, offers for sale, has offered for sale, sells, or has sold the product or service, and identify the first and last dates the product or service was made, offered for sale, and sold.

Respectfully submitted,

March 16, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

*Of Counsel:*

By: */s/ John C. Phillips, Jr.*
        John C. Phillips, Jr. (No. 110)
        Megan C. Haney (No. 5016)
        1200 North Broom Street
        Wilmington, DE 19806
        (302) 655-4200 Telephone
        (302) 655-4210 Fax
        jcp@pmhdelaw.com
        mch@pmhdelaw.com

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Perry D. Oldham
Benjamin A. Katzenellenbogen
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2023, a true and correct copy of Defendants Masimo Corporation and Sound United, LLC's First Set of Interrogatories to Apple Inc. (1-5) was served on the following counsel of record at the addresses and in the manner indicated:

***VIA ELECTRONIC MAIL:***

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com | John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com |
| Peter C. Magic<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com | Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com |
| Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com | |

*/s/ Megan C. Haney*
Megan C. Haney (#5016)