# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-1378-MN-JLH |
| ) | |
| MASIMO CORPORATION and ) | **JURY TRIAL DEMANDED** |
| SOUND UNITED, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| MASIMO CORPORATION and ) | |
| CERCACOR LABORATORIES, INC., ) | |
| ) | |
| Counter-Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| APPLE INC., ) | |
| ) | |
| Counter-Defendant. ) | |

**PLAINTIFF APPLE INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS'
FIRST SET OF INTERROGATORIES (NOS. 1-5)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the District of Delaware, Plaintiff Apple Inc. hereby provides the following Objections and Responses to Defendants Masimo Corporation's ("Masimo") and Sound United, LLC's ("Sound United") (collectively, "Defendants") First Set of Interrogatories to Apple (Nos. 1-5). Apple's discovery and investigation in connection with this action are continuing. As a result, Apple's objections and responses are limited to information obtained and reviewed to date and are given without prejudice to Apple's right to supplement or amend these objections and responses to the extent allowed by the Federal Rules of Civil Procedure, the Local

Apple reserves its right to supplement or amend its response to this interrogatory as discovery and its investigations in this action proceed in accordance with the Court's schedule.

**INTERROGATORY NO. 3:**

For each inventor named on the Asserted Patents, describe the named inventor's contribution to each Asserted Claim, including an identification (by Bates number) of all documents, communications, and things that reflect each named inventor's contribution.

**RESPONSE TO INTERROGATORY NO. 3:**

Apple incorporates by reference its General Objections. Apple further objects to this interrogatory to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks information that is not relevant to any claim or issue in this case. For example, this interrogatory seeks information about patents asserted in Case No. 22-1377. Apple further objects to this interrogatory to the extent it seeks information, documents, and/or things that are outside the possession, custody, or control of Apple; that are not kept in the ordinary course of Apple's business; that can be obtained from other sources that are more convenient, less burdensome, and/or less expensive; that are equally available to Defendants; or that are publicly available. Apple further objects to this interrogatory to the extent that it seeks legal conclusions and expert opinions. Apple further objects to this interrogatory as premature to the extent it calls for expert discovery in advance of dates set by the Court for disclosure of such information in a scheduling order. Apple will disclose expert opinions in accordance with the applicable scheduling order of the Court. Apple further objects to this interrogatory to the extent the Court construes the claims of the Asserted Patents.

Based on its investigation to date, and subject to and without waiver of the foregoing General Objections and specific objections, and to the extent that this interrogatory can be understood, Apple responds as follows with regard to Case No. 22-1378:

Each of the named inventors made a contribution to the conception of the inventions claimed in the Asserted Patents that was substantial and not just superficial or insignificant.

The following inventors made a substantial and not just superficial or insignificant contribution to the conception of one or more of the claimed inventions in United States Patent No. 10,076,257: Gloria Lin; Taido Nakajima; Pareet Rahul; and Andrew Hodge.

The following inventors made a substantial and not just superficial or insignificant contribution to the conception of one or more of the claimed inventions in United States Patent No. 10,627,783: Fletcher Rothkopf; Jonathan Ive; Julian Hoenig; and Rico Zorkendorfer.

The following inventors made a substantial and not insignificant contribution to the conception of one or more of the claimed inventions in United States Patent No. 10,942,491: Fletcher Rothkopf; Jonathan Ive; Julian Hoenig; and Rico Zorkendorfer.

The following inventors made a substantial and not just superficial or insignificant contribution to the conception of one or more of the claimed inventions in United States Patent No. 10,987,054: Sameer Pandya; Adam Clavelle; Erik de Jong; Michael Wittenberg; Tobias Harrison-Noonan; Martin Melcher; Zhipeng Zhang; Steven Roach; and Steven Cardinali.

The following inventor made a substantial and not just superficial or insignificant contribution to the conception of the claimed inventions in United States Patent No. 11,106,352: William M. Tyler.

The following inventors made a substantial and not just superficial or insignificant contribution to the conception of one or more of the claimed inventions in United States Patent No. 11,474,483: Fletcher Rothkopf; Jonathan Ive; Julian Hoenig; and Rico Zorkendorfer.

Apple reserves its right to supplement or amend its response to this interrogatory as discovery and its investigations in this action proceed in accordance with the Court's schedule.

**INTERROGATORY NO. 4:**

For each Asserted Claim, identify all versions of the Apple Watch, current or past, that fall within the scope of that claim and all versions of the Apple Watch, current or past, that do not fall within the scope of that claim, and describe in detail how such version satisfies each element of the Asserted Claim or how such version does not satisfy each element of the Asserted Claim.

**RESPONSE TO INTERROGATORY NO. 4:**

Apple incorporates by reference its General Objections. Apple further objects to this interrogatory to the extent it seeks information that is protected from discovery by the attorney-client privilege, common interest privilege and/or work product doctrine, or that is otherwise protected from disclosure. Apple further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks information that is not relevant to any claim or issue in this case. For example, this interrogatory seeks information about patents asserted in Case No. 22-1377 and about products that do not practice the Asserted Claims. Apple further objects to this interrogatory as vague, ambiguous, unduly burdensome and not proportional to the needs of the case because it seeks information related to "all versions of Apple Watch," versions of Apple Watch that "fall within the scope" of an asserted claim, versions of Apple Watch that "do not fall within the scope" of an asserted claim, "how such version satisfies each element" of an asserted claim, and "how such version does not satisfy each element" of an

13

Apple reserves its right to supplement or amend its response to this interrogatory as discovery and its investigations in this action proceed in accordance with the Court's schedule.

<table>
<tr><td>

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: 212-351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: 415-573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

Dated: April 17, 2023
10759774 / 12209.00052

</td><td>

POTTER ANDERSON & CORROON LLP

By: */s/ Bindu A. Palapura*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Andrew L. Brown (#6766)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*

</td></tr>
</table>

## CERTIFICATE OF SERVICE

I, Bindu A. Palapura, hereby certify that on April 17, 2023, true and correct copies of the within document were served on the following counsel of record at the addresses and in the manner indicated:

**VIA ELECTRONIC MAIL**

| | |
|---|---|
| John C. Phillips, Jr.<br>Megan C. Haney<br>PHILLIPS, MCLAUGHLIN & HALL, P.A.<br>1200 N. Broom Street<br>Wilmington, DE 19806<br>jcp@pmhdelaw.com<br>mch@pmhdelaw.com | Joseph R. Re<br>Stephen C. Jensen<br>Stephen W. Larson<br>Jared C. Bunker<br>Benjamin A. Katzenellenbogen<br>Matthew Pham<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA 92614<br>Knobbe.MasimoDE@knobbe.com |
| Brian Horne<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>1925 Century Park E., Suite 600<br>Los Angeles, CA 90067<br>Knobbe.MasimoDE@knobbe.com | Adam Powell<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>3579 Valley Centre Drive, Suite 300<br>San Diego, CA 92130<br>Knobbe.MasimoDE@knobbe.com |

                                            */s/ Bindu A. Palapura*
                                              Bindu A. Palapura

10657697/12209.00052