# EXHIBIT 6

**DESMARAIS** LLP
www.desmaraisllp.com

NEW YORK
SAN FRANCISCO
WASHINGTON, DC

Benjamin N. Luehrs
New York, NY
Direct: 212-808-2952
bluehrs@desmaraisllp.com

June 21, 2023

**Via Email**

Jared Bunker
Knobbe Martens
2040 Main Street, 14th Floor
Irvine, CA 92614
Jared.bunker@knobbe.com

      Re:    *Apple Inc. v. Masimo Corporation, et al.*
               Civil Action Nos: 1:22-cv-01377-MN-JLH; 1:22-cv-01378-MN-JLH

Dear Jared:

     We write further to the parties' prior meet and confers and correspondence concerning Masimo's First Set of Interrogatories and First Set of Requests for Production. Apple's responses to the specific discovery identified in Masimo's June 6 email are provided below, subject to Masimo's previous objections.

**Masimo's Allegations Of Deficiencies, Generally:** For purposes of discovery in this action, Masimo requested, and the Court granted, broad cross-use of documents exchanged between Masimo and Apple during two prior, lengthy litigations. In those prior cases, Apple has already produced ***over 360,000 documents*** comprising ***over 5,500,000*** pages of information.

Despite that broad cross-use, Masimo has nevertheless served extremely broad discovery requests on Apple in this case. Apple has agreed to search for and produce relevant discovery in response to those requests. However, with respect to the discovery requests identified below, Masimo has failed to: (1) identify any *specific* discovery that Masimo contends is missing from Apple's prior productions; (2) articulate any reason why additional discovery is needed; or (3) explain how such information will not be duplicative of information that Apple has produced or will produce in response to Masimo's other Requests. Masimo's failure to provide this information, following years of prior litigation between the parties, demonstrates the impropriety and overbreadth of its Requests. Accordingly, notwithstanding Apple's responses below, Apple will continue to make itself available to meet and confer to address any *specific* information that Masimo seeks to further minimize the number of disputes that must be brought to the Court (if any).

**Masimo's Request For Production No. 10**: Through this Request, Masimo seeks severance agreements between Apple and any named inventors on Apple's asserted patents who are no longer Apple employees. Apple maintains that these agreements are not relevant to any claims or defenses in this case. Based on Masimo's failure to articulate any reasons to the contrary during the parties' meet and confers, Apple further maintains that Masimo's request for severance

**DESMARAIS**LLP

Jared Bunker
June 21, 2023
Page 7

custody, or control sufficient to show the functionality of the biosensor module on the back of each version of Apple Watch that practices one or more of the Apple Asserted Patents in Case No. 22-1377 and the functionality of each version of Apple Watch's charger that practices one or more of the Apple Asserted Patents in Case No. 22-1377 located by a reasonably diligent search." In the 1378 case, Apple has further agreed to search for and produce "responsive, relevant, and non-privileged documents in Apple's possession, custody, or control related to the design and development of the accused features of Apple Watch located by a reasonably diligent search." The scope of Apple's responses covers relevant information in Masimo's narrowing amendments. If Masimo disagrees, please provide Masimo's availability to meet and confer to identify what *specific* information that Masimo asserts is not covered.

**Masimo's Interrogatory Nos. 1 and 3**: Pursuant to Apple's ongoing investigation, Apple intends to supplement its responses to these interrogatories. Apple intends to serve its supplemental responses next week.

**Masimo's Interrogatory No. 2:** Pursuant to Apple's ongoing investigation, Apple also intends to supplement its response to this interrogatory, which Apple intends to serve next week. However, Masimo has failed to identify any authority for its request for Apple to create claim charts showing an element-by-element analysis of which Apple products practice Apple's asserted claims. Apple is aware of no such authority or obligation. Masimo also has not explained why such analysis and opinion are required before expert discovery. Nor has Masimo identified, and nor is Apple aware of, any authority or obligation for Apple to "explain[]" why products that Masimo has *not* accused of infringement are *not* covered products. Accordingly, at least until Masimo identifies any authority for its request, at this time Apple will not serve upon Masimo any claim charts concerning Apple's covered products, and Apple will not provide any explanation in response to Masimo's Interrogatory No. 2 as to why unaccused products do not practice Apple's asserted claims.

Sincerely,

/s/ *Benjamin N. Luehrs*

Benjamin N. Luehrs