# IN THE U.S. DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., *Plaintiff,* v. MASIMO CORPORATION and SOUND UNITED, LLC, *Defendants.* MASIMO CORPORATION and CERCACOR LABORATORIES, INC., *Counter-Claimants,* v. APPLE INC. *Counter-Defendant.* | C.A. No. 22-1378-MN-JLH **JURY TRIAL DEMANDED** |

## NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC, will serve the attached subpoena (Exhibit 1) in the above referenced action.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC, will serve the attached subpoena (Exhibit 2) in the above referenced action commanding the deposition of Qualcomm Incorporated at Knobbe Martens Olson & Bear, 3579 Valley Centre Drive, Suite 300, San Diego, CA 92130 on August 23, 2023 at 9:00 a.m. or at such other time and place as counsel may mutually agree. The deposition will continue from day to day until completed and will be conducted before a court reporter authorized to administer oaths and will be recorded by stenographic, video, and/or real-time transcription.

Respectfully submitted,

August 2, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

Of Counsel:

By: */s/ John C. Phillips, Jr.*
    John C. Phillips, Jr. (No. 110)
Joseph R. Re
    Megan C. Haney (No. 5016)
Stephen C. Jensen
    1200 North Broom Street
Stephen W. Larson
    Wilmington, DE 19806
Benjamin A. Katzenellenbogen
    (302) 655-4200 Telephone
Jared C. Bunker
    (302) 655-4210 Fax
Kendall M. Loebbaka
    jcp@pmhdelaw.com
Douglas B. Wentzel
    mch@pmhdelaw.com
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
    *Counsel for Defendants*
Irvine, CA  92614
    *Masimo Corporation and Sound United, LLC*
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
jared.bunker@knobbe.com
kendall.loebbaka@knobbe.com
douglas.wentzel@knobbe.com

Brian Horne
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
Knobbe, Martens, Olson & Bear, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2023, a true and correct copy of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

***VIA ELECTRONIC MAIL:***

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Andrew L. Brown<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>abrown@potteranderson.com | John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>Jennifer M. Przybylski<br>Carson Olsheski<br>Jeffrey Scott Seddon, II<br>Amy I. Wann<br>Raymond N. Habbaz<br>Lee Matalon<br>Taeg Sang Cho<br>Eli Balsam<br>Patrick Reilly<br>Marie Weisfeiler<br>Desmarais LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com<br>jprzybylski@desmaraisllp.com<br>colsheski@desmaraisllp.com<br>jseddon@desmaraisllp.com<br>awann@desmaraisllp.com<br>rhabbaz@desmaraisllp.com<br>lmatalon@desmaraisllp.com<br>tcho@desmaraisllp.com<br>ebalsam@desmaraisllp.com<br>preilly@desmaraisllp.com<br>mweisfeiler@desmaraisllp.com |

| | |
|---|---|
| Peter C. Magic<br>Kyle Curry<br>Maria Tartakovsky<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com<br>kcurry@desmaraisllp.com<br>mtartakovsky@desmaraisllp.com | David J. Cho<br>Desmarais LLP<br>1899 Pennsylvania Avenue NW, Suite 400<br>Washington, DC 20006<br>dcho@desmaraisllp.com |
| Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com | Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com |
| Lydia Turnage<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>lydia.turnage@wilmerhale.com | Bethany Stevens<br>Hannah Cannom<br>Walker Stevens Cannom LLP<br>500 Molino Street, Suite 118<br>Los Angeles, CA 90013<br>bstevens@wscllp.com<br>hcannom@wscllp.com<br><br>AppleMasimoService@desmaraisllp.com |

August 2, 2023

                                          */s/ Megan C. Haney*
                                          Megan C. Haney (#5016)

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| APPLE INC., *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 1:22-cv-01378-MN-JLH |
| MASIMO CORPORATION and SOUND UNITED, LLC, *Defendant* | ) ) ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Qualcomm Incorporated C/O The Prentice-Hall Corporation System, Inc., 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule B.

| Place: Electronically to jared.bunker@knobbe.com or a location as agreed to with counsel per Fed. R. Civ. P. 45(c)(2)(A) | Date and Time: 08/16/2023 11:35 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/02/2023

*CLERK OF COURT*

OR

_____     /s/ Jared Bunker
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Masimo Corporation and Sound United, LLC , who issues or requests this subpoena, are:

Jared Bunker, Knobbe Martens, 2040 Main St., 14th Floor, Irvine, CA 92614, 949-760-0404, jared.bunker@knobbe.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-01378-MN-JLH

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE B

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, and in accordance with the instructions and definitions listed below, Defendant Masimo Corporation requests that Qualcomm Incorporated ("Qualcomm") produce the following documents and things for inspection and copying.

### INSTRUCTIONS

1. Masimo requests that Qualcomm produce all documents within its possession, custody or control, regardless of whether these documents are located within the United States or outside the United States or whether possessed by Qualcomm, or by its United States or foreign subsidiaries or affiliates, present or past officers, directors, agents, employees, investigators, or attorneys.

2. Each request shall be construed independently.  No request shall limit the scope of any other request.

3. All responsive documents and things shall be produced either as they are kept in the usual course of business, or organized and labeled to correspond to the categories in the requests.  If there are no documents or things responsive to a specific request, please so state in your response.

4. Where an objection is made to a request for production, state all grounds upon which your objection is based, and state whether documents are being withheld by reason of the objection.  Please respond to all portions of that request that do not fall within the ambit of your objection.

5. Each request calls for the production of each document in its entirety, without abbreviation, redaction, expurgations, or modification.

6. Each request seeks production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in either Qualcomm's business files or in the personnel files of its officers, directors, agents or employees, together with a copy of the descriptive file folder or other identifying characteristics in their entirety.

## DEFINITIONS

1. "Qualcomm," "you," and "your" shall mean Qualcomm Incorporated and any and all United States or foreign predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

2. "Any" shall be construed also to mean "all," and "all" shall be construed also to mean "any," and the terms "and" as well as "or" shall be construed both disjunctively and conjunctively. In each case, those terms should be construed to bring within the scope of the request all responses that might otherwise be construed to be outside the scope; in other words, to give each request its broadest possible meaning.

3. "Document" or "documents" shall be construed in the broadest sense permissible under Fed. R. Civ. P. 26 and 34, and shall mean all things and originals, copies and drafts of any writing or other tangible or intangible thing from which data or information can be obtained, in Qualcomm's possession, custody or control, including, but not limited to, all written, printed, typed, transcribed, electronically encoded matter, any e-mail or other electronically transmitted communication, any sound or video recording, any photograph or graphic matter or any other thing containing information or communications or from which information or communications may be derived.

4.      The terms "concerning," "relating to," "relate," and "related to," mean, in whole or in part, alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

5.      The term "person" shall mean, in the plural as well as the singular, any natural person, firm, corporation, unincorporated association, division, subsidiary, partnership, or other business or legal entity or governmental body, including any and all representatives, successors, heirs, assigns, officers, directors, servants, employees, agents, attorneys, or other persons or entities who have acted or purported to act for or on behalf of any of them.

6.      The past tense includes the present tense, and vice versa, as necessary, to bring within the scope of these requests documents that might otherwise be beyond their scope.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

Documents sufficient to show sales and public uses of the Qualcomm Toq SW1 (1) before September 2, 2013 and (2) from September 2, 2013 to September 2, 2014.

**REQUEST NO. 2**

Documents sufficient to show the functionality of the Qualcomm Toq SW1 (1) before September 2, 2013 and (2) from September 2, 2013 to September 2, 2014 with respect to wireless charging.

# EXHIBIT 2

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| APPLE INC., *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 1:22-cv-01378-MN-JLH |
| MASIMO CORPORATION and SOUND UNITED, LLC, *Defendant* | ) ) ) ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:   Qualcomm Incorporated C/O The Prentice-Hall Corporation System, Inc.,
      251 Little Falls Drive, Wilmington, DE 19808
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attached Schedule A

| Place: Knobbe Martens Olson & Bear<br>3579 Valley Centre Drive, Suite 300<br>San Diego, CA 92130 | Date and Time:<br>08/23/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic, video, Realtime

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  08/02/2023

*CLERK OF COURT*

OR

_____                          /s/ Jared Bunker
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Masimo Corporation and Sound United, LLC , who issues or requests this subpoena, are:

Jared Bunker, Knobbe Martens, 2040 Main St., 14th Floor, Irvine, CA 92614, 949-760-0404, jared.bunker@knobbe.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:22-cv-01378-MN-JLH

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, and in accordance with the definitions listed below, Defendant Masimo Corporation requests that Qualcomm Incorporated ("Qualcomm") designate a corporate officer, director or other person who is most qualified, knowledgeable, and competent to testify on behalf of Qualcomm with respect to the topics set forth below.

## INSTRUCTIONS

1. Masimo requests that Qualcomm prepare to testify regarding the following Topics after conducting an investigation into all Documents, Communications, and information within Your possession custody or control. If You cannot fully and completely testify regarding any Topic, You are to be prepared to testify regarding the Topic to the extent possible, specify the portion of the Topic You are unable to prepare for, provide any information You are unable to prepare for, and provide any information You have regarding that portion.

2. If any Topic seeks testimony regarding a Document that has been lost, discarded, destroyed, or is otherwise unavailable for any reason, You should prepare to testify as to: the pertinent information contained in the Document, the date of disposal, the manner of disposal, the reason for disposal, any person, firm, or corporation who has possession, custody, or control of a full, partial, or incomplete copy of such Document, and the identity of all persons who participated in the destruction or discarding of the Document who have knowledge of the data and circumstances surrounding the destruction or discarding of the Document.

3. If You claim that a Topic is overbroad or unduly burdensome, identify the respect in which the Topic is allegedly overbroad and/or unduly burdensome, and prepare to testify regarding any unobjectionable portion of the Topic.

4.  If You claim that a Topic is vague or ambiguous, identify the particular words, terms, or phrases that You contend make the Topic vague or ambiguous, and specify the meaning You attribute to those words, terms, or phrases for purposes of Your testimony pertaining thereto.

## DEFINITIONS

1.  "Qualcomm," "you," and "your" shall mean Qualcomm Incorporated and any and all United States or foreign predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

2.  "Any" shall be construed also to mean "all," and "all" shall be construed also to mean "any," and the terms "and" as well as "or" shall be construed both disjunctively and conjunctively. In each case, those terms should be construed to bring within the scope of the request all responses that might otherwise be construed to be outside the scope; in other words, to give each request its broadest possible meaning.

3.  "Document" or "documents" shall be construed in the broadest sense permissible under Fed. R. Civ. P. 26 and 34, and shall mean all things and originals, copies and drafts of any writing or other tangible or intangible thing from which data or information can be obtained, in Qualcomm's possession, custody or control, including, but not limited to, all written, printed, typed, transcribed, electronically encoded matter, any e-mail or other electronically transmitted communication, any sound or video recording, any photograph or graphic matter or any other thing containing information or communications or from which information or communications may be derived.

4.  The terms "concerning," "relating to," "relate," and "related to," mean, in whole or in part, alluding to, responding to, concerning, relating to, connected with, involving, commenting

on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

5. The term "person" shall mean, in the plural as well as the singular, any natural person, firm, corporation, unincorporated association, division, subsidiary, partnership, or other business or legal entity or governmental body, including any and all representatives, successors, heirs, assigns, officers, directors, servants, employees, agents, attorneys, or other persons or entities who have acted or purported to act for or on behalf of any of them.

6. The past tense includes the present tense, and vice versa, as necessary, to bring within the scope of these requests documents that might otherwise be beyond their scope.

## TOPICS

**TOPIC NO. 1**

The authenticity of and circumstances under which the documents YOU produce in response to Masimo's concurrently served document subpoena and the Qualcomm Toq User Manual were created.

**TOPIC NO. 2**

Sales and public uses of the Qualcomm Toq SW1 (1) before September 2, 2013 and (2) from September 2, 2013 to September 2, 2014.

**TOPIC NO. 3**

Functionality of the Qualcomm Toq SW1 (1) before September 2, 2013 and (2) from September 2, 2013 to September 2, 2014 with respect to wireless charging.