**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC, | |
| Plaintiff, | |
| v. | Civil Action No. 22-1377 (MN) (JLH) |
| MASIMO CORPORATION and SOUND UNITED, LLC, | |
| Defendants. | |
| APPLE INC, | **REDACTED - PUBLIC VERSION** |
| Plaintiff, | |
| v. | Civil Action No. 22-1378 (MN) (JLH) |
| MASIMO CORPORATION and SOUND UNITED, LLC, | |
| Defendants. | |

## LETTER TO THE HONORABLE JENNIFER L. HALL FROM JOHN C. PHILLIPS, JR.

Dated:  July 26, 2023

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendants*

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

Dear Judge Hall:

The Court should deny Apple's motion to compel RFP Nos. 61-62, 64-65, 74, and 76-78.

### Issue #1: RFP Nos. 61-62, 64-65, and 76-78

Masimo has informed Apple of the specific damages it is seeking in connection with its *Walker Process* claims: the expenses Masimo actually incurred and paid (1) defending the **portion** of this case resulting from Apple's fraudulently obtained patents and (2) litigating *inter partes* review proceedings challenging the fraudulently obtained patents. Despite the narrow scope of relevance, Apple served exceedingly overbroad and intrusive requests.

RFPs 61-62 and 64-65 broadly seek documents regarding the "fees and/or costs associated with this Litigation"—covering all claims by both sides, including Masimo's patent claims against Apple—not just the relevant portions of this case. Each request is also overbroad for other reasons. For example, RFP 61 seeks "[a]ll invoices" from any law firm, expert, consultant, or vendor, including unredacted "narrative descriptions of the work performed." RFP 62 seeks "[a]ll documents concerning any agreement" between Masimo and any law firm, expert, consultant, or vendor concerning such fees or costs. RFP 64 seeks "[a]ll budgets and forecasts" of such fees or costs. RFP 65 is a catchall that broadly seeks "[a]ll documents . . . that reference or otherwise discuss" those fees or costs. Apple thus seeks discovery that is plainly not relevant or proportional, demanding significant information about Masimo's litigation strategy as the case progresses in real time. For example, Apple would be able to see the relative time Masimo is spending on various claims, defenses, and issues (e.g., claim construction, noninfringement, invalidity), the Masimo employees with whom counsel discusses strategy and gathers evidence, issues that Masimo considered and decided not to pursue, and more. Apple could then use all of this information to gain a significant tactical advantage by allocating its own resources and time to counter Masimo's strategy. Apple has not shown such discovery is appropriate.

RFPs 76-78 also seek broad information that has nothing to do with this case. For example, RFP 76 broadly seeks "[a]ll documents concerning projected or forecasted companywide sales volume, revenue, and/or profit, **without limitation to product or service**." RFPs 77 and 78 seek "[a]ll documents concerning" Masimo's companywide litigation budget, expenditures, projections, and forecasts. Apple broadly interprets RFPs 77-78 to include litigations from up to a decade ago that have nothing to do with this case. Mot. at 3 (seeking costs for cases "against Mindray in 2012, Philips Electronics in 2016, True Wearables in 2018, and Sotera Wireless and Foxconn in 2019"). During the meet and confer, Apple refused to narrow any request.

The breadth of Apple's requests is particularly striking in view of the privileged nature of the information Apple seeks. Contrary to Apple's suggestion, billing records that reveal the nature of the services performed are privileged and reveal work product. *Montgomery Cnty. v. MicroVote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) (invoices "privileged because they reveal the nature of the services [attorney] rendered"); *Lane v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 2380009, at *3 (M.D. Pa. May 18, 2015) ("invoices for legal services" are "classic cases of attorney-client privilege"); *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999) ("time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege").

In contrast, portions of invoices that merely show "[t]he identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work

The Honorable Jennifer L. Hall                                                                2
July 26, 2023

performed are usually not protected from disclosure by the attorney-client privilege." *Chaudhry*, 174 F.3d at 402 (quotation omitted).  Masimo offered to provide that very information here: documents sufficient to identify the amount of fees and costs associated with (1) a specific billing code used to record time spent as the result of Apple's assertion of the fraudulently obtained patents and (2) the specific billing codes for IPRs regarding the fraudulently obtained patents. Ex. 5 at 1.

Apple devotes nearly its entire brief to arguing attorney invoices (RFP 61) are not *all* privileged.  Mot. at 1-2.  But Masimo has offered to provide non-privileged portions of invoices that show the monthly expenses Masimo is incurring because of the *Walker Process* patents.  Apple fails to show why its broader demands for essentially every document associated with Masimo's fees as to every portion of this case—and broad discovery as to fees in unrelated cases—is reasonable or proportional.  Apple argues the narratives at issue in RFP 61 are "essential" to determining whether the fees Masimo incurred are reasonable or "properly included." *Id.* at 1. But Apple admits the "costs [Masimo] incurred" are recoverable (*id.*) and Masimo offered to produce information sufficient to show the costs it actually incurred.  Apple cites no case allowing a *Walker Process* defendant to reduce damages by arguing counsel did not have to perform a given task or supposedly took too long, even though the plaintiff actually incurred those expenses.  Apple likewise cites no *Walker Process* case requiring a plaintiff to reveal its litigation strategy by providing attorney time entries in real time.  To the extent Apple is truly interested in further granularity based on specific time entries, Masimo offered to have a Special Master review such entries after trial and adjust any damages award, as in *Transweb*.  Apple rejected that approach.

None of Apple's cases support its demands.  Apple claims the "*Guardant* case" supports its position.  Mot. at 2, n.1.  But the expert in that case relied on portions of invoices that provided total monthly fees and costs associated with a billing code directed to the *Walker Process* patents— the *precise* discovery Masimo agreed to provide here.  The Court *rejected* the defendant's challenge to that approach and was "*not* convinced" that calculating *Walker Process* damages required "pars[ing] through billing descriptions and mak[ing] determinations about how much of those fees/costs were the product of good, efficient lawyering—as opposed to 'simple waste' on the part of PGDx's attorneys." *Guardant Health, Inc. v. Found. Med., Inc.*, 2020 WL 2461551, at *16 (D. Del. May 7, 2020).  The Court correctly observed "such a process could raise some thorny privilege/work product issues," *id.*  The Court cited another decision that "could not find, any case requiring a reasonableness finding for purposes of establishing attorney fees as a damage element" of antitrust claims and *rejected* Apple's argument here that a jury must perform such an analysis. *Id.* (citing *ABS Glob., Inc. v. Inguran, LLC*, 2016 WL 4204160, at *4 (W.D. Wis. Aug. 9, 2016)). The *ABS* court explained that, in *TransWeb*, a Special Master reviewed attorney fee entries after trial and found it "apparent that the Federal Circuit did not view this task as falling on a lay jury." *ABS*, 2016 WL 4204160, at *4.  *Guardant* and *ABS* show that detailed individual time entries are not necessary or appropriate for resolving a *Walker Process* damages claim and that any review of such entries should be performed by a Special Master—just as Masimo proposed as a compromise.

Importantly, Apple fails to address the substantial burden required to comply with Apple's broad requests, including producing large swaths of irrelevant information that must be painstakingly reviewed for privilege.  In fact, Apple never mentions proportionality or burden for *any* request.  Indeed, Apple's argument about "fee arrangements" (RFP 62) completely ignores proportionality.  And Apple's only relevance argument is that such arrangements may identify other terms and contingencies to show "incremental costs exist." Mot. at 1. But Masimo agreed to

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

The Honorable Jennifer L. Hall                                                                    3
July 26, 2023

provide Apple with the **actual** costs it incurred, which accounts for all discounts and contingencies. If Apple needs other information, proportionality favors a less intrusive interrogatory.

Apple devotes only a single paragraph to the remaining requests (RFPs 64-65 and 76-78), but it again ignores proportionality. As for relevance, Apple argues only that the "relative size and costs at issue [compared] to Masimo's overall litigation budget and general revenues and profitability" could show whether the costs impacted Masimo's overall business. Mot. at 3. But Apple already has Masimo's general revenues and profitability. *See, e.g.*, Ex. A at 8 (SEC filing). Apple has not shown a need for overall litigation expenses, but could easily serve a narrower request directed to such information. Apple does not justify the far broader information it seeks, including "all" documents that relate in any way to (a) fees and costs in this case, (b) "companywide" forecasts, and (c) detailed information about unrelated cases from a decade ago.

Rather than justify the breadth of its requests, Apple argues it has a right to a jury trial on damages. *See* Mot. at 2 (citing *Feltner*, *J.R. Simplot*, and *Dulcich*). But the right to a jury trial obviously does not allow a party to obtain discovery that is neither relevant nor proportional to the needs of the case. Nor does the right to a jury trial prevent an opposing party from objecting based on privilege and work product. In fact, Apple is relying on privilege to withhold communications from Jeff Myers that are relevant to Masimo's *Walker Process* claims. Apple may argue to the jury that the non-privileged information Masimo provides is insufficient to prove damages, just as Masimo will argue Myers's silence fails to rebut evidence of deceptive intent. As discussed, Apple rejecting Masimo's compromise to **also** provide Apple with a path to audit invoices through a Special Master after trial does not implicate the Seventh Amendment.

Apple's arguments about waiver (Mot. at 3) are also irrelevant. As Apple's cited case explains, waiver applies where a party "partially discloses the allegedly privileged information" to support a claim. *See Ideal Elec. Sec. Co. v. Int'l Fidelity Ins. Co.*, 129 F.3d 143 (D.C. Cir. 1997). Here, Apple does not argue Masimo has or will produce **any** privileged materials. Moreover, another case Apple cites **rejected** "the proposition that merely by requesting attorney's fees and costs, every single document or conversation protected by the applicable privilege has been waived." *Moldex Metric, Inc. v. 3M Co.*, 2015 WL 9859754, at *3 (D. Minn. Oct. 28, 2015) (allowing privilege log and recognizing billing records "may still be protected by applicable privilege"). Apple fails to justify the irrelevant, overbroad, and privileged discovery it seeks.

### Issue #2: RFP No. 74

RFP 74 seeks documents referring to "any factors impacting or potentially impacting actual or forecasted" financial results for "any Masimo Watch Product." Masimo agreed to produce forecasts and projections regarding any Masimo Watch Product. Ex. 2 at 16-17. Masimo is otherwise uncertain how to search for "factors" that "potentially" impact actual or "forecasted" financial information. Masimo offered to run ESI search terms that Apple identified to search for such information, but Apple instead chose to pursue other ESI search terms. In its motion, Apple for the first time identifies "product quality, poor launch strategy, global supply shortages or delays" as requested "factors." Mot. at 3. Apple's motion also identifies "emails reflecting what the author believes may affect those forecasts." *Id.* Again, Masimo would be willing to run email search terms identified by Apple and subject to the parties' ongoing negotiations on search terms. But Masimo should not be compelled to separately produce all documents that concern unclear "factors" that "potentially" impact "actual or forecasted" financial results.

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

The Honorable Jennifer L. Hall                                          4
July 26, 2023

Respectfully submitted,

*/s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (#110)

cc:     All counsel of record (via Email & CM/ECF)

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

The Honorable Jennifer L. Hall                                                              5
July 26, 2023

**Table of Exhibits**

| Ex. No. | Description |
|---------|-------------|
| A | Masimo's 2022 Amended Annual Report (IRS Form 10-K/A), May 1, 2023 |

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**