**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>Defendants.<br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>Counter-Claimants,<br><br>v.<br><br>APPLE INC.,<br><br>Counter-Defendant. | C.A. No. 22-1377-MN-JLH<br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |
| APPLE INC.,<br><br>Plaintiff,<br><br>v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>Defendants.<br>MASIMO CORPORATION,<br>CERCACOR LABORATORIES, INC., and<br>SOUND UNITED, LLC,<br><br>Counter-Claimants,<br><br>v.<br><br>APPLE INC.,<br><br>Counter-Defendant. | C.A. No. 22-1378-MN-JLH<br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E. MOORE**

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jeffrey Scott Seddon, II
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  July 26, 2023
10938866/12209.00047
Public Version Dated: August 2, 2023

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*

Re:     *Apple Inc.'s Opposition To Masimo's Letter Brief Concerning Discovery Disputes*

Dear Judge Hall:

Plaintiff and Counter-Defendant Apple Inc. ("Apple") respectfully submits this response to Masimo's July 21, 2023 Letter to the Court (1377 Case, D.I. 189; 1378 Case, D.I. 192).

## I. Additional Discovery on Masimo's Invalid "Monopoly Leveraging" and "Predatory Infringement" Theories Should Not Be Allowed to Derail this Case

The Court's ruling on Apple's motion to dismiss was clear. Any discovery Masimo sought on its antitrust claims must be "proportional to a *viable* theory of anticompetitive conduct." June 20, 2023 Hr'g Tr. 20:7-10 (emphasis added). This Court concluded *only* that Masimo's *Walker Process* claims were viable. *See id.* at 20:3-6. As to Masimo's other theories—including its "monopoly leveraging" and "predatory infringement" theories—the Court expressed "real questions" about their "viability." *Id.* at 19:16-20:2.

Previewing that discovery should be permitted only on *viable* theories was correct. It is improper to allow a "single viable theory to 'carry' otherwise wholly deficient theories of liability through to the summary judgment stage." *IBM Corp. v. Priceline Grp. Inc.*, 2017 WL 1349175, at *7 (D. Del. Apr. 10, 2017); *FTC v. Facebook, Inc.*, 581 F. Supp. 3d 34, 60-61 (D.D.C. 2022) (party cannot "smuggle in" invalid antitrust theories with one valid theory); D.I. 174, at 2.

Masimo cannot sidestep scrutiny of its monopoly leveraging and predatory infringement theories—and pursue expansive discovery on both—simply by invoking the antitrust "course of conduct" liability principle. Masimo Ltr. at 1-2. That principle, to the extent valid at all, is about aggregating the effects of interrelated *anticompetitive* acts. *See, e.g.*, *Rochester Drug Co-op., Inc. v. Braintree Lab'ys,* 712 F. Supp.2d 308, 318-19 (D. Del. 2010) (assessing alleged overall scheme of improperly listing a patent in the FDA's Orange Book, and then asserting it baselessly to delay approval of generic competitor). Thus, courts that apply that principle may find antitrust violations where individual anticompetitive acts do not alone have the requisite substantial effect on competition but do in the aggregate. *See New York v. Facebook, Inc.*, 549 F. Supp. 3d 6, 46-48 (D.D.C. 2021) (collecting cases).

Masimo's invalid theories fail for different reasons and cannot be saved by aggregating them with disparate acts and labeling it a "scheme." It is not a lack of competitive effects that renders unilateral refusals to deal immune from antitrust scrutiny. "Quite the contrary: a monopolist's refusal to deal with its competitors can harm competition," and "[s]uch refusals are … tolerated by antitrust law despite those negative effects, on the theory that the effects of the law's intervention to compel dealing would be even worse." *Facebook*, 549 F. Supp. 3d at 47. For that reason, unilateral refusal to deal claims, like Masimo's app store claims, "cannot be combined with other conduct, lawful or unlawful, into an overall scheme of monopoly acquisition or maintenance that can be separately challenged." *Id.* at 48; *see also Free FreeHand Corp. v. Adobe Sys. Inc.*, 852 F. Supp. 2d 1171, 1183-84 (N.D. Cal. 2012) (declining to consider as part of monopoly-broth theory defendant's choice not to "license its technology" to competitors because it "ha[d] no duty to" do so). Likewise, infringement is not immune from antitrust liability because it causes too *little* harm to the patent holder, but because it does not produce the *type* of harm antitrust law remedies. *Masimo Corp. v. Tyco Health Care Grp., L.P.*, 2004 WL 7094930, at *2 (C.D. Cal. May 28, 2004); *see Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 893 (5th Cir. 2016) ("[P]atent infringement cannot serve as a basis for imposing antitrust liability"

The Honorable Jennifer L. Hall
July 26, 2023
Page 2

because it "causes competing products to enter the market, and thereby increases competition."). As Judge Stark correctly held, "Sherlocking" does not "provide[] a cognizable basis for alleging competitive harm." *Blix Inc. v. Apple Inc.*, 2021 WL 2895654, at *3 n.1 (D. Del. July 9, 2021).

Nor can Masimo avoid scrutiny of its invalid theories by claiming that the discovery would be relevant to the "specific intent" prong of attempted monopolization. The relevant intent is the intent **behind the unlawful conduct** (i.e., that the defendant engaged in that conduct to obtain a monopoly and not for some legitimate purpose), not a general desire to prevail over Masimo in the marketplace. *See Premier Comp Sols. LLC v. UPMC*, 377 F. Supp. 3d 506, 525-26 (W.D. Pa. 2019). But even if Apple's general intentions toward Masimo were relevant, Apple has agreed to produce documents about that—including about its review of Masimo's apps, *see infra*, as well as documents concerning competition with Masimo (RFPs 56, 71, Ex. A). The discovery Masimo seeks here—about the app distribution market generally (RFPs 62-63, *id.*), App Store reviews unrelated to Masimo (RFPs 78, 80-82, *id.*), and about third party infringement claims against Apple (RFPs 83-84, 86-90, *id.*)—have nothing to do with any intent to harm Masimo.

**Predatory Infringement (RFP Nos. 83-84, 86-90)**. As set forth above, infringement cannot serve as a basis for imposing antitrust liability. *See also* D.I. 40, at 13; D.I. 76, at 6. Masimo's RFPs should be denied on that basis alone. But even if infringement could be relevant to an antitrust claim, Masimo's RFPs would be improper.

*First*, Masimo argues that it is entitled to discovery about Apple's alleged disputes with AliveCor, Omni MedSci, and Valencell (RFPs 84, 89-90, Ex. A) because those third parties "alleg[ed] that Apple unlawfully acquired or used intellectual property relating to oxygen saturation, ECG, and heart sensing technologies." Masimo Ltr. at 2. Masimo argues that it needs this discovery to show "harm to competition," *id.*, but Masimo does not contend that these third parties compete in its alleged "health watch market." Ex. B, Masimo's Interrogatory Responses, at 26. And, regardless, the "harm to competition" element requires an antitrust plaintiff to show a nexus between **its own harm** and harm to **consumers**. *See Philadelphia Taxi Ass'n, Inc. v. Uber Techs., Inc.*, 886 F.3d 332, 343-44 (3d Cir. 2018) (plaintiff failed to show "causal link" between "alleged injury" to it and a "negative impact on consumers"). The antitrust laws do not give one competitor the right to assert claims based on alleged harms to another. *Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 868-69 (9th Cir. 1991) (competitor did not have antitrust standing based on allegations that defendant harmed other competitors).

*Second*, any "predatory infringement" or "Sherlocking" claim focused on injury to Masimo will be decided in the Central District of California. *See* Ex. C, Mark Selwyn Decl. ¶ 10. The misappropriation claim in that case, after all, arose from the **same conduct** alleged here. *See id.* at ¶¶ 5-8. The rule against claim splitting bars Masimo from recycling those same allegations. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, 2009 WL 2016436, at *3 (D. Del. July 9, 2009) ("portion" of complaint that was "duplicative" with parallel litigation impermissibly claim split). Even if Masimo could pursue new claims based on the same conduct, Masimo has already obtained through that case full discovery relating to its allegations (RFP 83, 86-88, Ex. A), Selwyn Decl. ¶¶ 7-8, and any more would be unreasonably cumulative.

**Monopoly Leveraging (RFPs Nos. 62-63, 78, 80-82)**. Masimo's RFPs seek information relating to its monopoly leveraging theory, which is not a valid antitrust theory. Apple has a right to determine who it will deal with and on what terms. *Simon & Simon, PC v. Align Tech., Inc.*, 2020 WL 1975139, at *9 (D. Del. Apr. 24, 2020); *see* D.I. 40, at 8-9; D.I. 76, at 4-5.

The Honorable Jennifer L. Hall
July 26, 2023
Page 3

Nonetheless, Apple has agreed to produce documents sufficient to show its process for approving applications (RFPs 76, 81, *see* Ex. A), documents showing the review process for Masimo's apps specifically (RFPs 77-79, *id.*), and any information received during the review of Masimo's apps (RFP 82, *id.*). This discovery will include the communications at the heart of Masimo's claim: Apple's requests for information in connection with its review of Masimo and Cercacor apps and any alleged "delay" in approving Masimo's apps. As initial discovery has shown, the "delay" as to the Masimo Health app lasted all of 20 days and was due to Masimo's unexplained use of background audio. Ex. D, Mark Ford Decl. ¶¶ 4, 7. But even if Masimo's allegations were grounded in fact, Apple had no duty to deal with Masimo at all, much less on Masimo's preferred timeline or preferred terms. Masimo's monopoly leveraging allegations cannot state a claim and its requests for discovery relating to the app distribution market generally (RFPs 62-63), and App Store reviews unrelated to Masimo (RFPs 78, 80-82) should be denied.

**II.     Broad Discovery into Apple's Strategies Unrelated to the Apple Watch Is Improper**

Apple agreed to produce documents (e.g., RFPs 112-114, Ex. A) that analyze, discuss, or refer to any impact the alleged "ecosystem" of Apple products has on demand for the Apple Watch, or vice versa. Ex. E, July 12, 2023 Apple Ltr., at 3. What Apple maintains is irrelevant and disproportional is the demand that it produce so-called "ecosystem"-related documents that are solely about other Apple products. Masimo points out that Apple expressed willingness to run the term ("watch" and "ecosystem") across custodial email. *See* Masimo Ltr. at 3. Agreeing to those terms, however, is entirely consistent with Apple's position on relevance. But it remains possible even those terms would return irrelevant documents (e.g., "watch" is also a verb, a point Masimo has made as well, Ex. F, July 26, 2023 Masimo Email), and regardless, Apple would have collection obligations beyond that keyword search (including non-email custodial collections and search of central repositories). Apple therefore appropriately seeks to narrow these requests.

**III.    A 2020 Cutoff for Antitrust Discovery Is Reasonable and Proportional**

Two-and-a-half years of reciprocal antitrust discovery (back to December 12, 2021) is more than sufficient. Nevertheless, as a compromise, Apple offered to extend antitrust discovery to January 1, 2020, effectively splitting the different proposals, *see* Ex. E, July 12, 2023 Apple Ltr., at 5, but Masimo refused to compromise. Although Masimo relies on the four-year antitrust statute of limitations to justify its October 2018 request, Masimo's alleged injury reaches back (at most) to late 2022 because it had not launched its W1 to the public until August 2022. *See* D.I. 132, at ¶ 43. Two years of discovery prior to Masimo's market entry is more than adequate. *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 950282, at *2-3 (D. Kan. Mar. 26, 2007) (limiting antitrust discovery to two years prior to antitrust plaintiff's market entry and collecting cases). In addition to predating any alleged injury to Masimo, Apple's proposal provides an extensive period of discovery into relevant market issues. Any discovery beyond that is disproportional, especially because Masimo already has extensive discovery into sales data, consumer surveys, and marketing analyses for the Apple Watch from 2020 and earlier by virtue of Apple's production in the Central District of California. Selwyn Decl ¶ 9.[1]

---

[1] Masimo's claim that Apple is seeking a 23-year time-period for patent-related discovery is a red herring. Masimo Ltr. at 3. Masimo also had requested certain "prior art"-related requests back to 1998. Ex. G, Search Request. Those requests are being negotiated and are irrelevant here.

The Honorable Jennifer L. Hall
July 26, 2023
Page 4

                                                                                               Respectfully,

                                                                                               */s/ David E. Moore*

                                                                                               David E. Moore

cc:      Clerk of Court (via hand delivery)
           Counsel of Record (via electronic mail)