# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-1377-MN-JLH |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) | |
| SOUND UNITED, LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1378-MN-JLH |
| | ) | |
| MASIMO CORPORATION and | ) | **JURY TRIAL DEMANDED** |
| SOUND UNITED, LLC, | ) | |
| | ) | **PUBLIC VERSION** |
| Defendants. | ) | |
| MASIMO CORPORATION and | ) | |
| CERCACOR LABORATORIES, INC., | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E. MOORE**

| | |
|---|---|
| OF COUNSEL: | David E. Moore (#3983) |
| | Bindu A. Palapura (#5370) |
| John M. Desmarais | Andrew L. Brown (#6766) |
| Jordan N. Malz | POTTER ANDERSON & CORROON LLP |
| Cosmin Maier | Hercules Plaza, 6th Floor |
| Kerri-Ann Limbeek | 1313 N. Market Street |
| Jeffrey Scott Seddon, II | Wilmington, DE 19801 |
| DESMARAIS LLP | Tel: (302) 984-6000 |
| 230 Park Avenue | dmoore@potteranderson.com |
| New York, NY 10169 | bpalapura@potteranderson.com |
| Tel: (212) 351-3400 | abrown@potteranderson.com |

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

Dated: August 1, 2023
10947529/12209.00051/52

Public Version Dated: August 8, 2023

Re: <u>Apple Inc.'s Letter Brief Concerning Discovery Disputes</u>

Dear Judge Hall:

Masimo's latest set of discovery complaints (No. 22-1377, D.I. 203; No. 22-1378, D.I. 213) lack merit and should be denied outright. Masimo's first complaint—asserting that Apple must promptly supplement its interrogatory responses—has been mooted by Apple's recent supplemental responses. *See* Exs. 1, 2. And Masimo's second complaint—asserting that Apple should disclose any privilege waiver by August 10—is both legally unsupported and unreasonable.

**I.     Apple Has Already Supplemented Its Response To Masimo's Interrogatory No. 3 With Additional Information Regarding Inventor Contributions.**

Masimo's request for more information regarding inventorship should be denied as moot because Apple has provided supplemental responses (served July 31st) that describe how each inventor contributed to the joint invention and thus resolve Masimo's complaints. First, for Apple's design patents, Apple's supplemental response explains that each named inventor—each of whom is a member of Apple's industrial design team—contributed to the conception of the claimed designs through a "'kitchen table' design process," in which design team members "meet routinely throughout the week, as an entire team, and work together on various design projects." Ex. 1 at 12 (incorporating by reference D.I. 51-3, Ex. 5). ██████████████████████████████████████████████████████████████████████████████.

Apple's supplemental response addressing Apple's utility patents similarly describes how each inventor contributed to the claimed inventions. *See* Ex. 2 (incorporating by reference Ex. 3, Apple's response to Masimo's Interrogatory No. 27); Ex. 3. As just one example, for U.S. Patent No. 10,076,257 Apple explained that the claimed inventions ████████████████████ ██████████████████████████████████ Ex. 3 at 35-36. And Apple described each inventor's role in the project: ███████████████████████████████████████████████████ ████████████████████████████████████████ *Id.* Apple provided similar details for the '352 and for the '054 patent. *See id.* at 36-37 (the '352 patent); *id.* at 37-38 (the '054 patent). And for the related '783, '491, and '483 patents, Apple similarly described the project underlying the inventions and explained how the named inventors worked collectively and: ██████████████████ ████████████████████████████████████████████████████████████████████████████ *See id.* at 38-40.

Apple's responses also identify materials reflecting inventorship. *See, e.g.*, Ex. 1 at 12-13. Moreover, Apple is in the process of collecting and preparing for production additional supporting files, including additional inventors' files (such as notebooks) and images of physical models created by Apple's design teams, and anticipates producing at least the bulk of those files by the deadline for substantial completion of document production (August 10).

Apple's detailed responses are thus more than sufficient in view of the standard for joint inventorship. *See, e.g.*, *Fina Oil & Chem. Co. v. Ewen,* 123 F.3d 1466, 1473 (Fed. Cir. 1997) ("A joint invention is simply the product of a collaboration between two or more persons working together to solve the problem addressed.") (quotation omitted); *Eli Lilly & Co. v. Aradigm Corp.,*

The Honorable Jennifer L. Hall                                                                                                                        Page 2
August 1, 2023

376 F.3d 1352, 1359 (Fed. Cir. 2004) (joint inventorship arises when "inventors have some open line of communication during or in temporal proximity to their inventive efforts.").

**II.     Masimo's Attempt To Impose An Immediate Deadline For Privilege Waiver Has No Legal Basis And Does Not Fit The Case Schedule.**

The Court should also deny Masimo's request to modify the Scheduling Order and impose a premature deadline to disclose any privilege waiver. As an initial matter, Masimo does not even attempt to make the threshold good cause showing required for a modification of the Scheduling Order. *Cf. Truinject Corp. v. Galderma, S.A.*, C.A. No. 19-592-LPS-JLH, 2021 WL 4355570, at *2 (D. Del. Sept. 24, 2021) ("a scheduling order may only be modified for good cause."). If Masimo sought a deadline for disclosing privilege waivers, it should have included that in the proposed schedule filed on March 27, 2023 (No. 22-1378, D.I. 66)—months after it pled willfulness and inequitable conduct. *See* No. 22-1378, D.I. 15. Masimo cannot now suddenly reverse course and demand an urgent response on an issue it has ignored for six months. *See Truinject*, 2021 WL 4355570 at *2 ("good cause is not shown when a party was aware of the facts that would lead it to amend and failed to act").

Masimo also provides no legal basis for demanding disclosure at this point in the case. Masimo leans on local rules from other districts, but they require disclosure of advice of counsel defenses ***after claim construction***, which would be months after Masimo's proposed deadline. *See* N.D. Cal. Pat. L.R. 3-7 ("30 days after . . . [the] Claim Construction Ruling"); Ex. 4 at 3. Delaware precedent similarly allows disclosing privilege waivers later in the case. *See, e.g.*, *LG Philips LCD Co. v. Tatung Co.*, 243 F.R.D. 133, 138-39 (D. Del. 2007) (ordering disclosure of advice of counsel and allowing corresponding discovery four months after fact discovery closed). And *John Hopkins v. Alcon Lab'ys*, which Masimo cites (D.I. 213 at 2), has nothing to say on the timing of privilege waiver disclosures. Indeed, during the meet and confer process, Masimo conceded it could not identify any Delaware cases supporting its demand for an early disclosure of any privilege waiver.

Finally, Masimo's proposed August 10 deadline[1] ignores the current procedural posture. Since the parties' meet-and-confer, Masimo has requested ESI discovery into the emails of Jeff Myers, senior Apple in-house counsel, and the parties are still in the process of negotiating appropriate search terms. Masimo cannot demand Apple elect or forego waiver—not to mention completion of a privilege log—before the scope of ESI discovery regarding senior in-house counsel is resolved. For that additional reason, Masimo's attempt to impose a premature deadline to waive privilege should be denied.[2]

---

[1] August 10 is not, despite Masimo's characterization, "Apple's proposed deadline" (D.I. 213 at 2). Rather, Apple's counsel discussed that date only as an example of a possible alternative to Masimo's original, unreasonable demand for immediate disclosure.

[2] If the Court believes a near-term deadline is appropriate, Apple proposes all parties disclose any intent to waive privilege by August 17 (a week after substantial completion of document production) and produce corresponding documents and privilege logs by August 24 (four weeks before the close of fact discovery to address any potential waiver related discovery issues).

The Honorable Jennifer L. Hall                                                                                    Page 3
August 1, 2023

                                                 Respectfully,

                                                 */s/ David E. Moore*

                                               David E. Moore

DEM:nmt/10947529/12209.00051/52

Exhibits
cc:     Clerk of Court (via hand delivery)
         Counsel of Record (via electronic mail)