**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-1377-MN-JLH |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) | |
| SOUND UNITED, LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-1378-MN-JLH |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) | |
| SOUND UNITED, LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION and | ) | |
| CERCACOR LABORATORIES, INC., | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E. MOORE**

| | |
|---|---|
| OF COUNSEL: | David E. Moore (#3983) |
| | Bindu A. Palapura (#5370) |
| John M. Desmarais | Andrew L. Brown (#6766) |
| Jordan N. Malz | POTTER ANDERSON & CORROON LLP |
| Cosmin Maier | Hercules Plaza, 6th Floor |
| Kerri-Ann Limbeek | 1313 N. Market Street |
| Jeffrey Scott Seddon, II | Wilmington, DE 19801 |
| DESMARAIS LLP | Tel: (302) 984-6000 |
| 230 Park Avenue | dmoore@potteranderson.com |
| New York, NY 10169 | bpalapura@potteranderson.com |
| Tel: (212) 351-3400 | abrown@potteranderson.com |
| | |
| Peter C. Magic | *Attorneys for Plaintiff/Counter-Defendant* |
| DESMARAIS LLP | *Apple Inc.* |
| 101 California Street | |
| San Francisco, CA 94111 | |
| Tel: (415) 573-1900 | |

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

Dated: August 21, 2023
10978370/12209.00051/52
Public Version Dated: August 24, 2023

Re:     Apple Inc.'s Letter Brief Concerning Discovery Disputes

Dear Judge Hall:

Apple requests that the Court compel Masimo to produce a fulsome response to Apple's Interrogatory No. 2, including identification of the "one individual at Masimo" who learned about Apple's patents.[1]

### ISSUE #3: MASIMO REFUSES TO ANSWER APPLE'S WILLFULNESS INTERROGATORY MEANINGFULLY AND UNAMBIGUOUSLY

The Court should compel Masimo to meaningfully respond to Apple's Interrogatory No. 2 (*See* Ex. A, Masimo's Initial, First, and Second Supplemental Responses to Apple's Interrogatory No. 2), which seeks the facts and circumstances concerning Defendants' knowledge of the patents Apple is asserting in this case.

Apple served Interrogatory No. 2 on February 23, 2023. On March 27, 2023, Masimo responded by stating that on January 21, 2021 "*one individual* at Masimo *may have* learned of the existence" of five relevant Apple patents, and further listed several instances in which Masimo previously cited relevant Apple patents during the prosecution of its own patents. *Id.* Masimo's terse response did not identify this "one individual," state whether the "one individual" in fact learned of any relevant patents, or state any facts and circumstances surrounding the "one individual's" potential awareness. *Id.* at 8. Masimo changed its story three months later. On June 19, 2023, Masimo stated "[t]o the best of [its] knowledge, Masimo did not learn of the existence of any of the Asserted Patents *prior to around* January 29, 2021." *Id.*, 8–9. And, as Masimo would tell it, it was no longer "one individual" who learned about the patents, but "*one or more of*" ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ and "counsel" who supposedly discussed Apple's patents at "a meeting." *Id.* Despite being unable to precisely identify the attendees of this meeting or when it occurred, Masimo claimed that the communications during the meeting were privileged. After being pressed by Apple to fairly respond to the interrogatory—by meaningfully describing the relevant facts and circumstances of Masimo's knowledge of Apple's patents in a straightforward and non-equivocal manner—Masimo "supplemented" its response yet again but did nothing more than identify "*counsel*."[2]

Remarkably, Masimo *refuses* to identify the "one individual" who "may have" learned about relevant Apple patents on January 21, 2021 or describe the facts and circumstances surrounding that knowledge—despite *admitting* such a thing occurred. *See* Ex. B, Masimo's Resp. to RFA Nos. 1–6. And because Masimo has refused to provide a fulsome response, it remains wholly unclear to Apple what *other* relevant, non-privileged information Masimo is withholding based upon an improper assertion that Apple is not "entitled" to that information. *See supra*, n.1.

Masimo must respond to Interrogatory No. 2 fully, unambiguously, and without equivocation. *See Willemijn Houdstermaatschaapij BV v. Apollo Comput. Inc.*, 707 F. Supp. 1429,

---

[1] Issue #4 concerned Apple's request that Masimo supplement its initial response to Interrogatory No. 12. On Saturday, August 19, 2023, Masimo served a supplemental response and, in light of that, Apple will not press its motion to compel at this time.

[2] At conferral, Masimo acknowledged that the identity of "counsel" who was present at the meeting "on or around" January 29 was not privileged. However, Masimo stated it was not sure that Apple was "entitled" to this information.

The Honorable Jennifer L. Hall Page 2
August 21, 2023

1440 (D. Del. 1989) ("Because defendant's responses claiming the privilege are evasive and incomplete, they are the equivalent of a failure to answer for the purposes of a motion to compel."); *Bigband Networks, Inc. v. Imagine Commc'ns, Inc.*, C.A. No. 07–351–JJF, 2010 WL 2898288, at *2–3 (D. Del. July 20, 2010) (compelling party to supplement "incomplete" interrogatory responses).

Apple's request for names, dates, and circumstances are relevant to its willfulness allegations, and reasonable for Masimo to provide. *See Panasonic Corp. v. Getac Technology Corp.,* No, SACV 19-01118-DOC (DFMx), 2020 WL 6163239, at *3 (C.D. Cal. Oct. 5, 2020) ("Getac must, at a minimum, supplement Interrogatory No. 5 within five (5) days to state the name(s) of the person(s) who first discovered the Patents-in-Suit and the D'994 patent, and to give the dates when these discoveries were made."); *Vasuvedan Software, Inc. v. Int'l Bus. Mach. Corp.*, No. C. 09-05897 RS (PSG), 2011 WL 1599646, at *2 (N.D. Cal. Apr. 27, 2011) ("when willfulness has been alleged . . . a defendant is obligated to provide the dates of the discovery and the circumstances under which the discovery [of the plaintiff's patent] was made" (citation omitted)); *Intervet, Inc. v. Merial Ltd.*, 256 F.R.D. 229, 233 (D.D.C. 2009) ("Intervet must, at a minimum, supplement Interrogatory No. 6 to state the name(s) of the person(s) who first discovered the '601 patent, and to give the dates when these discoveries were made . . . [and] describe the circumstances.") Accordingly, the Court should compel Masimo to answer Interrogatory No. 2 fully, unambiguously, and without equivocation.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/10978370/12209.00051/52
Public Version Dated: August 24, 2023

Exhibits

cc: Clerk of Court (via hand delivery)
    Counsel of Record (via electronic mail)