# EXHIBIT A

# PUBLIC VERSION

CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., | |
| *Plaintiff,* | |
| v. | C.A. No. 1:22-cv-01378-MN |
| MASIMO CORPORATION and SOUND UNITED, LLC, | |
| *Defendants.* | |
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC., | |
| *Counter-Claimants,* | |
| v. | |
| APPLE INC. | |
| *Counter-Defendant.* | |

## DEFENDANTS MASIMO CORPORATION AND SOUND UNITED, LLC'S SECOND SUPPLEMENTAL RESPONSE TO APPLE INC.'S FIRST SET OF INTERROGATORIES (NO. 2)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC (collectively, "Defendants" or "Masimo") hereby supplements its response to Plaintiff Apple Inc.'s ("Apple") First Set of Interrogatories (2).

## GENERAL STATEMENT AND OBJECTIONS

Defendants assert each of the following General Objections to each of Apple's instructions, definitions, and interrogatories. In addition to these General Objections, Defendants state specific objections to individual interrogatories, including objections that are not generally applicable to all interrogatories. By setting forth specific objections, Defendants are not limiting or restricting these General Objections.

**CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

1.      Defendants object generally to Apple's definitions and instructions to the extent that they fail to comply with, or attempt to impose obligations in excess of, Rule 33 of the Federal Rules of Civil Procedure and the applicable Local Rules of this Court.  Defendants will respond to the interrogatories in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendants object to the Definitions and Instructions set forth in Plaintiff's interrogatories to the extent they make the individual interrogatories vague, ambiguous, and unintelligible.

3.      Defendants object to Plaintiff's interrogatories to the extent they seek information protected by the attorney-client privilege, work product immunity, common interest privilege, or any other applicable privilege or immunity.  Inadvertent production of any such information shall not be deemed a waiver of any privilege or immunity.  Defendants have stated their privilege objections expressly to each interrogatory which would, in their view, reasonably be interpreted to encompass privileged documents or information.  To the extent that any other interrogatories encompass privileged documents or information, however, Defendants hereby incorporate their general objection.

4.      Defendants object to Plaintiff's interrogatories to the extent they are overly broad and unduly burdensome, the burden of responding outweighs their likely benefit, they are unlimited in time, are not limited to a time frame relevant to the present case, or would require an unreasonably detailed and unreasonably extensive search of all of Defendants' information and files.  Defendants will make a reasonable investigation as required by the Federal Rules of Civil Procedure.

CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

5.      Defendants object to Plaintiff's interrogatories to the extent they seek information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case. By responding to these interrogatories, Defendants do not concede that the information sought by this is relevant or proportional.

6.      Defendants object to Plaintiff's interrogatories as unduly burdensome to the extent that the interrogatories seek information that is publicly available and/or that are equally available to Plaintiff.

7.      Defendants object to Plaintiff's interrogatories to the extent they seek information not in the possession, custody, or control of Defendants.  Defendants' responses are limited to information that is within their possession, custody, or control.

8.      Defendants object to Plaintiff's interrogatories to the extent they seek to require Defendants to provide information, documents, and/or things from ESI (including emails) that would otherwise be subject to a separate ESI protocol negotiated by the parties on the grounds that such discovery would be unreasonably cumulative and unduly burdensome.

9.      Defendants object to Plaintiff's interrogatories to the extent that the interrogatories seek identification of or information about "all documents" and/or "all communications" concerning or relating to a particular subject on the grounds that Defendants would be required to search for documents from every one of Defendants' employees.  Defendants object to performing searches of such breadth on the grounds of undue burden and expense.  In their search for relevant, responsive documents, Defendants have made or will make a reasonable search of all persons who are reasonably likely to have responsive documents, as required by the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware.

CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

10.     The fact that Defendants have responded or objected to an interrogatory, or have identified documents in response to an interrogatory, should not be understood as an admission that Defendants accept or admit the existence of any "fact" set forth in or assumed by that interrogatory.

11.     Defendants object to Plaintiff's interrogatories to the extent that they seek information or identification of documents containing third-party proprietary information, trade secrets and/or other confidential and/or protected information that Defendants are obligated not to disclose.

12.     Defendants object to Plaintiff's definitions of "Defendant," "Defendants," "You," "Your," "Masimo Corporation," "Masimo," "Sound United, LLC," and "Sound United," to the extent they call for information or documents that are protected by the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.  Defendants further object to Plaintiff's definitions of "Defendant," "Defendants," "You," "Your," "Masimo Corporation," "Masimo," "Sound United, LLC," and "Sound United," as overly broad and unduly burdensome. As used herein, "Masimo Corporation" and "Masimo" mean Masimo Corporation.  As used herein, "Sound United, LLC" and "Sound United" mean Sound United, LLC.   As used herein, "Defendant," "Defendants," "You," and "Your" mean Masimo Corporation and Sound United, LLC.

13.     Defendants object to Plaintiff's definition of "Related Publications" as vague and ambiguous, particularly to the extent it purports to cover "all patent applications related to the Asserted Patents."  To the extent Plaintiff's definition is understandable, Defendants also object to Plaintiff's definition as overly broad and unduly burdensome.  Unless noted otherwise, Defendants

CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

are interpreting "Related Publications" as patents and patent publications in the same patent family as the Asserted Patents.

14.     Defendants object to Plaintiff's definition of "identify" as applied to a document and to a product as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case.

15.     Defendants' responses are made without, in any way, waiving or intending to waive, but, on the contrary, intending to preserve and preserving:

        a.      The right to raise all objections as to relevance and admissibility with regard to any information or documents identified, provided, or produced in response to Interrogatory No. 1-3, which may arise in any subsequent proceeding in, or the trial of, this or any other action;

        b.      The right to object to the use of the information or documents for any purpose, including without limitation their use in any subsequent proceeding in, or the trial of, this or any other action; and

        c.      The right to object on any ground at any time to interrogatories or other discovery relating to information and/or information or the subject matter thereof.

16.     Without waiving the specific objections set forth below, and subject to the limitations and General Objections set forth above, Defendants provide the following responses:

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1:

        Identify and describe all facts and circumstances concerning Defendants' knowledge of the Asserted Patents or Related Publications, including but not limited to, whether or not Defendants were aware of any of the Asserted Patents or Related Publications prior to the filing of this Action;

CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

when Defendants first became aware of any of the or Asserted Patents or Related Publications; all facts and circumstances surrounding how Defendants first became aware of any of the Asserted Patents or Related Publications; the identity of the Person(s) at Defendants who first became aware; and any Actions taken by Defendants in response to gaining such awareness, including any analysis or attempts to modify any of the Accused Products, or design around the Asserted Patents or Related Publication to avoid infringement; and, identify the five Person(s) most knowledgeable about the response to this interrogatory and the subject matter known by them, and locate and identify all Documents which refer or relate to the facts and assertions in the response or which were reviewed in preparing the response to this interrogatory.

## RESPONSE TO INTERROGATORY NO. 1:

Defendants incorporate their General Statement and Objections.  Defendants object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Defendants object to Plaintiff's definition of "Related Publications" as vague and ambiguous, particularly to the extent it purports to cover "all patent applications related to the Asserted Patents."  To the extent Plaintiff's definition is understandable, Defendants also object to Plaintiff's definition as overly broad and unduly burdensome, and thereby seeks information about and an identification of documents neither relevant to any claim or defense in this litigation nor proportional to the needs of the case.  Defendants are interpreting "Related Publications" as patents and patent publications in the same patent family as the Asserted Patents.

Defendants object that the term "aware" is vague, ambiguous, or unintelligible in the context of this interrogatory.  To the extent "aware" means knowledge of the Asserted Patents for

CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

the purpose of establishing willfulness or indirect infringement, Defendants object to the interrogatory as seeking a legal conclusion.

Defendants further object to this interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case particularly because it seeks information about or an identification of "all facts and circumstances concerning Defendant's knowledge of Asserted Patents" and related publications, "any [a]ctions taken by Defendant in response to gaining such awareness, including any analysis or attempts to modify" the W1, and "all [d]ocuments which refer or relate to the facts and assertions in the response."

Defendants object to this interrogatory as vague, ambiguous, or unintelligible, particularly to the extent it purports to ask Defendants to identify at least five persons "most knowledgeable about the response to this interrogatory" which includes a variety of topics.  Defendants object that it would not be possible to identify five people most knowledgeable about any topic.  Apple offers no suggestion for how it would purport to weigh and compare the amount of knowledge one person has about one or more of the cited topics to the knowledge another person has about a different combination of one or more of the cited topics.  Apple does not explain how to compare the amount of knowledge a person has about one topic to the amount of knowledge another person has about a different topic, or whether a person having more knowledge about one area should be considered more or less knowledgeable than a person having less knowledge about a larger number of topics.

Defendants object that the interrogatory comprises multiple interrogatory (two), including:

- "Identify and describe all facts and circumstances concerning Defendant's knowledge of the Asserted Patents" and any application in the same family, and

CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

- "[A]ny [a]ctions taken by Defendant in response to gaining such awareness, including any analysis or attempts to modify any of the Accused Products, or design around the Asserted Patents to avoid infringement of the Asserted Patents."

Subject to the foregoing general and specific objections and subject to entry of a protective order and an ESI stipulation in this action, Defendants respond as follows:

On January 21, 2021, one individual at Masimo may have learned of the existence of the'257 patent; the '783 patent, which is a parent of the '491 patent and the '483 patent; and U.S. Patent No. 10,610,157, which is a parent of the '054 patent.

The '257 patent; U.S. Patent No. 8,615,290, which is a family member of the '257 patent; and U.S. Publication Nos. 2016/0378071 and 2016/0378069, which are in the same family as the '783 patent, were cited by Masimo during the prosecution of Masimo patent applications. For example, the patents and publications were cited by Masimo on December 20, 2018, in an IDS for the application that issued as U.S. Patent No. 10,448,871; on January 3, 2019, in an IDS for the application that issued as U.S. Patent No. 11,234,602; and on January 23, 2019, in an IDS for the application that issued as U.S. Patent No. 10,335,068.

Defendants are continuing to investigate the subject matter of this interrogatory. Defendants reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 (JUNE 19, 2023):

Defendants incorporate their original objections and response above as if set forth in full herein. Subject to and without waiving the foregoing general and specific objections, Defendants further respond as follows:

To the best of their knowledge, Masimo did not learn of the existence of any of the Asserted

CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

Patents prior to around January 29, 2021.  On or around January 29, 2021, one or more of ███

███████████████████████████████████████████ attended a meeting with counsel

where one or more of the following patents may have been listed among a long list of patents with

various owners: the '257 patent; the '783 patent, which is a parent of the '491 patent and the '483

patent; and U.S. Patent No. 10,610,157, which is a parent of the '054 patent.  The communications

during the meeting are privileged.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 (AUGUST 10, 2023):

Defendants incorporate their original objections as if set forth in full herein. Subject to and

without waiving the foregoing general and specific objections, Defendants respond as follows:

To the best of their knowledge, Masimo did not learn of the existence of any of the Asserted

Patents prior to around January 29, 2021.  On or around January 29, 2021, one or more of ███

██████████████████████████████████████ attended a meeting with

Jarom Kesler, Esq., where one or more of the following patents may have been listed among a

long list of patents with various owners: the '257 patent; the '783 patent, which is a parent of the

'491 patent and the '483 patent; and U.S. Patent No. 10,610,157, which is a parent of the '054

patent.  The purpose of the meeting was to provide legal advice regarding patents, and the

communications during the meeting are privileged.

The '257 patent; U.S. Patent No. 8,615,290, which is a family member of the '257 patent;

and U.S. Publication Nos. 2016/0378071 and 2016/0378069, which are in the same family as the

'783 patent, were cited by Masimo during the prosecution of Masimo patent applications.  For

example, the patents and publications were cited by Masimo on December 20, 2018, in an IDS for

the application that issued as U.S. Patent No. 10,448,871; on January 3, 2019, in an IDS for the

**CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

application that issued as U.S. Patent No. 11,234,602; and on January 23, 2019, in an IDS for the application that issued as U.S. Patent No. 10,335,068.

Defendants are continuing to investigate the subject matter of this interrogatory. Defendants reserve the right to amend and/or supplement this interrogatory response pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure as they identify additional information.

August 10, 2023

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Jared C. Bunker
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
Stephen.larson@knobbe.com
Ben.katzenellenbogen@knobbe.com
Jared.bunker@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: *Megan C. Haney*
    John C. Phillips, Jr. (No. 110)
    Megan C. Haney (No. 5016)
    1200 North Broom Street
    Wilmington, DE 19806
    (302) 655-4200 Telephone
    (302) 655-4210 Fax
    jcp@pmhdelaw.com
    mch@pmhdelaw.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

**CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

### CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2023, a true and correct copy of the foregoing document

was served on the following counsel of record at the addresses and in the manner indicated:

*VIA ELECTRONIC MAIL:*

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com | Peter C. Magic<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com |
| John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com | Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com |
| Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com | |

August 10, 2023

        */s/ Megan C. Haney*
        Megan C. Haney (No. 5016)

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., | |
| *Plaintiff,* | |
| v. | C.A. No. 1:22-cv-01378-MN-JLH |
| MASIMO CORPORATION and SOUND UNITED, LLC, | |
| *Defendants.* | |

**DEFENDANTS MASIMO CORPORATION AND SOUND UNITED, LLC'S FIRST
AMENDED RESPONSES TO APPLE INC.'S FIRST SET OF REQUESTS FOR
ADMISSION (1-4, 6)**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC hereby amend their responses to Plaintiff Apple Inc.'s ("Apple") First Set of Requests for Admission (1-4, 6).

**GENERAL STATEMENT AND OBJECTIONS**

Defendants assert each of the following General Objections to each of the instructions, definitions, and requests for admission.  In addition to these General Objections, Defendants also stated specific objections to requests for admission where appropriate, including objections that are not generally applicable to all requests.  By setting forth such specific objections, Defendants do not intend to limit or restrict the General Objections.

1.      Defendants object generally to Plaintiff's Definitions and Instructions to the extent that they fail to comply with, or attempt to impose obligations in excess of, the Federal Rules of Civil Procedure, the Local Rules of the District Court for the District of Delaware, and any other applicable rules.

-1-

2.      Defendants object to the Definitions and Instructions set forth in Plaintiff's requests to the extent they make the individual requests vague, ambiguous, and unintelligible.

3.      Defendants object to Plaintiff's Requests to the extent they seek information protected by the attorney-client privilege, work product immunity, common interest privilege, or any other applicable privilege or immunity.  Inadvertent production of any such information shall not be deemed a waiver of any privilege or immunity.  Defendants have stated their privilege objections expressly to each request which would, in their view, reasonably be interpreted to encompass privileged documents or information.  To the extent that any other requests encompass privileged documents or information, however, Defendants hereby incorporate their general objection.

4.      Defendants object to Plaintiff's Requests to the extent they are overly broad and unduly burdensome, the burden of responding outweighs their likely benefit, they are unlimited in time, are not limited to a time frame relevant to the present case, or would require an unreasonably detailed and unreasonably extensive search of all of Defendants' information and files.  Defendants will make a reasonable investigation as required by the Federal Rules of Civil Procedure.

5.      Defendants object to Plaintiff's Requests to the extent they seek information and documents that are not relevant to the subject matter of this litigation or proportional to the needs of the case.  To the extent that Defendants respond to any request, they do not concede that the information sought by the request is relevant.

6.      Defendants object to Plaintiff's Requests as unduly burdensome to the extent that the requests seek information that is publicly available and/or that are equally available to Plaintiff.

7.      Defendants object to each of Plaintiff's Requests to the extent they seek to impose on Defendants an obligation to investigate or discover information, materials, or documents

beyond what is in Defendants' possession, custody, or control and can be located after a reasonable search of their own files at their principal offices and facilities and from reasonable inquiry of their present employees, on the grounds that such discovery would be unreasonably cumulative and unduly burdensome.

8.      Defendants object to each of Plaintiff's Requests to the extent they use terms that are vague and/or ambiguous.

9.      Defendants object to Plaintiff's Requests to the extent they seek to require Defendants to provide information and/or documents and things from ESI (including emails) that would otherwise be subject to a separate ESI protocol negotiated by the parties on the grounds that such discovery would be unreasonably cumulative and unduly burdensome.

10.     Defendants object to Plaintiff's Requests to the extent that they seek third-party proprietary information, trade secrets and/or other confidential and/or protected information that Defendants are obligated not to disclose.

11.     Defendants object to each of Apple's Requests to the extent they call for a legal opinion or conclusion.

12.     Defendants intend to convey only the express and overt meaning of the specific responses below.  The words and terms used in the following responses shall be construed in accordance with their normal meaning and connotations and shall not necessarily be interpreted as terms of art or statutorily defined terms used in patent law.  No response should be construed to contain implied statements, representations, or admissions of any kind.  The fact that Defendants have responded or objected to a request for admission should not be understood as an admission that Defendants accept the existence of any alleged fact set forth in or assumed by that request for admission.

13.     Defendants expressly reserve the right to amend, supplement, or change their responses to each request for admission with information learned in the course of further investigation and discovery.

14.     Defendants object to Plaintiff's definitions of "Defendant," "Defendants," "You," "Your," "Masimo Corporation," "Masimo," "Sound United, LLC," and "Sound United," to the extent they call for information or documents that are protected by the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.  Defendants further object to Plaintiff's definitions of "Defendant," "Defendants," "You," "Your," "Masimo Corporation," "Masimo," "Sound United, LLC," and "Sound United," as overly broad and unduly burdensome. As used herein, "Masimo Corporation" and "Masimo" mean Masimo Corporation.  As used herein, "Sound United, LLC" and "Sound United" mean Sound United, LLC.   As used herein, "Defendant," "Defendants," "You," and "Your" mean Masimo Corporation and Sound United, LLC.

15.     Subject to and without waiving the foregoing objections, Defendants hereby amend their responses to Apple's First Set of Requests for Admission (Nos. 1-4, 6) as follows:

## FIRST AMENDED RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that Defendants were aware of the '257 patent prior to the first sale of any Accused Product.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendants incorporate their General Statement and Objections.  Defendants object to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Defendants object that the term "aware"

is vague, ambiguous, or unintelligible in the context of this request.  To the extent "aware" means knowledge of the '257 patent for the purpose of establishing willfulness or indirect infringement, Defendants object to the request as seeking a legal conclusion.

Subject to the foregoing general and specific objections and subject to entry of a protective order and an ESI stipulation in this action, Defendants respond as follows:

Masimo admits that on January 21, 2021, one individual at Masimo may have learned of the existence of the '257 patent.

Masimo also admits that the '257 patent and U.S. Patent No. 8,615,290, which is a family member of the '257 patent, were cited by Masimo during the prosecution of Masimo patent applications.  For example, the patents were cited by Masimo on December 20, 2018, in an IDS for the application that issued as U.S. Patent No. 10,448,871; on January 3, 2019, in an IDS for the application that issued as U.S. Patent No. 11,234,602; and on January 23, 2019, in an IDS for the application that issued as U.S. Patent No. 10,335,068.

Defendants otherwise deny this Request.

**FIRST AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 1 (JULY 14, 2023):**

Defendants incorporate their General Statement and Objections.  Defendants object to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Defendants object that the term "aware" is vague, ambiguous, or unintelligible in the context of this request.  To the extent "aware" means knowledge of the '257 patent for the purpose of establishing willfulness or indirect infringement, Defendants object to the request as seeking a legal conclusion.

Subject to the foregoing general and specific objections, Defendants respond as follows:

To the best of their knowledge, Masimo did not learn of the existence of any of the Asserted

Patents prior to around January 29, 2021.  On or around January 29, 2021, one or more of ███

███████████████████████████████████ attended a meeting with counsel

where the '257 patent may have been listed among a long list of patents with various owners.  The

communications during the meeting are privileged.

Masimo also admits that the '257 patent and U.S. Patent No. 8,615,290, which is a family

member of the '257 patent, were cited by Masimo during the prosecution of Masimo patent

applications.  For example, the patents were cited by Masimo on December 20, 2018, in an IDS

for the application that issued as U.S. Patent No. 10,448,871; on January 3, 2019, in an IDS for

the application that issued as U.S. Patent No. 11,234,602; and on January 23, 2019, in an IDS for

the application that issued as U.S. Patent No. 10,335,068.

Defendants otherwise deny this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Defendants were aware of the '783 patent prior to the first sale of any Accused

Product.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendants incorporate their General Statement and Objections.  Defendants object to this

request to the extent it seeks information protected by the attorney-client privilege, work product

doctrine, or any other applicable privilege or immunity.  Defendants object that the term "aware"

is vague, ambiguous, or unintelligible in the context of this request.  To the extent "aware" means

knowledge of the '783 patent for the purpose of establishing willfulness or indirect infringement,

Defendants object to the request as seeking a legal conclusion.

Subject to the foregoing general and specific objections and subject to entry of a protective

order and an ESI stipulation in this action, Defendants respond as follows:

Masimo admits that on January 21, 2021, one individual at Masimo may have learned of the existence of the '783 patent.

Masimo also admits that U.S. Publication Nos. 2016/0378071 and 2016/0378069, which are in the same family as the '783 patent, were cited by Masimo during the prosecution of Masimo patent applications.  For example, the publications were cited by Masimo on December 20, 2018, in an IDS for the application that issued as U.S. Patent No. 10,448,871; on January 3, 2019, in an IDS for the application that issued as U.S. Patent No. 11,234,602; and on January 23, 2019, in an IDS for the application that issued as U.S. Patent No. 10,335,068.

Defendants otherwise deny this Request.

**FIRST AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 2 (JULY 14, 2023):**

Defendants incorporate their General Statement and Objections.  Defendants object to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Defendants object that the term "aware" is vague, ambiguous, or unintelligible in the context of this request.  To the extent "aware" means knowledge of the '783 patent for the purpose of establishing willfulness or indirect infringement, Defendants object to the request as seeking a legal conclusion.

Subject to the foregoing general and specific objections, Defendants respond as follows:

To the best of their knowledge, Masimo did not learn of the existence of any of the Asserted Patents prior to around January 29, 2021.  On or around January 29, 2021, one or more of ███ ████████████████████████████████████████████ attended a meeting with counsel where the '783 patent may have been listed among a long list of patents with various owners.  The communications during the meeting are privileged.

Masimo also admits that U.S. Publication Nos. 2016/0378071 and 2016/0378069, which are in the same family as the '783 patent, were cited by Masimo during the prosecution of Masimo patent applications.  For example, the publications were cited by Masimo on December 20, 2018, in an IDS for the application that issued as U.S. Patent No. 10,448,871; on January 3, 2019, in an IDS for the application that issued as U.S. Patent No. 11,234,602; and on January 23, 2019, in an IDS for the application that issued as U.S. Patent No. 10,335,068.

Defendants otherwise deny this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Defendants were aware of the '491 patent prior to the first sale of any Accused Product.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendants incorporate their General Statement and Objections.  Defendants object to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Defendants object that the term "aware" is vague, ambiguous, or unintelligible in the context of this request.  To the extent "aware" means knowledge of the '491 patent for the purpose of establishing willfulness or indirect infringement, Defendants object to the request as seeking a legal conclusion.

Subject to the foregoing general and specific objections and subject to entry of a protective order and an ESI stipulation in this action, Defendants respond as follows:

Masimo admits that on January 21, 2021, one individual at Masimo may have learned of the existence of U.S. Patent No. 10,627,783, which is a parent of the '491 patent.

Masimo also admits that U.S. Publication Nos. 2016/0378071 and 2016/0378069, which are in the same family as the '491 patent, were cited by Masimo during the prosecution of Masimo

patent applications.  For example, the publications were cited by Masimo on December 20, 2018, in an IDS for the application that issued as U.S. Patent No. 10,448,871; on January 3, 2019, in an IDS for the application that issued as U.S. Patent No. 11,234,602; and on January 23, 2019, in an IDS for the application that issued as U.S. Patent No. 10,335,068.

Defendants otherwise deny this Request.

**FIRST AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 3 (JULY 14, 2023):**

Defendants incorporate their General Statement and Objections.  Defendants object to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Defendants object that the term "aware" is vague, ambiguous, or unintelligible in the context of this request.  To the extent "aware" means knowledge of the '491 patent for the purpose of establishing willfulness or indirect infringement, Defendants object to the request as seeking a legal conclusion.

Subject to the foregoing general and specific objections, Defendants respond as follows:

To the best of their knowledge, Masimo did not learn of the existence of any of the Asserted Patents prior to around January 29, 2021.  On or around January 29, 2021, one or more of ██ ████████████████████████████████ attended a meeting with counsel where the '783 patent, which is a parent of the '491 patent, may have been listed among a long list of patents with various owners.  The communications during the meeting are privileged.

Masimo also admits that U.S. Publication Nos. 2016/0378071 and 2016/0378069, which are in the same family as the '491 patent, were cited by Masimo during the prosecution of Masimo patent applications.  For example, the publications were cited by Masimo on December 20, 2018, in an IDS for the application that issued as U.S. Patent No. 10,448,871; on January 3, 2019, in an

IDS for the application that issued as U.S. Patent No. 11,234,602; and on January 23, 2019, in an IDS for the application that issued as U.S. Patent No. 10,335,068.

Defendants otherwise deny this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Defendants were aware of the '054 patent prior to the first sale of any Accused Product.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendants incorporate their General Statement and Objections.  Defendants object to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Defendants object that the term "aware" is vague, ambiguous, or unintelligible in the context of this request.  To the extent "aware" means knowledge of the '054 patent for the purpose of establishing willfulness or indirect infringement, Defendants object to the request as seeking a legal conclusion.

Subject to the foregoing general and specific objections and subject to entry of a protective order and an ESI stipulation in this action, Defendants respond as follows:

Masimo admits only that on January 21, 2021, one individual at Masimo may have learned of the existence of U.S. Patent No. 10,610,157, which is a parent of the '054 patent.

Defendants otherwise deny this Request.

**FIRST AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 4 (JULY 14, 2023):**

Defendants incorporate their General Statement and Objections.  Defendants object to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Defendants object that the term "aware" is vague, ambiguous, or unintelligible in the context of this request.  To the extent "aware" means

knowledge of the '054 patent for the purpose of establishing willfulness or indirect infringement, Defendants object to the request as seeking a legal conclusion.

Subject to the foregoing general and specific objections, Defendants respond as follows:

To the best of their knowledge, Masimo did not learn of the existence of any of the Asserted Patents prior to around January 29, 2021.  On or around January 29, 2021, one or more of ████ ███████████████████████████████████████████████ attended a meeting with counsel where U.S. Patent No. 10,610,157, which is a parent of the '054 patent, may have been listed among a long list of patents with various owners. The communications during the meeting are privileged.

Defendants otherwise deny this Request.

## REQUEST FOR ADMISSION NO. 6:

Admit that Defendants were aware of the '483 patent prior to the first sale of any Accused Product.

## RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Defendants incorporate their General Statement and Objections.  Defendants object to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Defendants object that the term "aware" is vague, ambiguous, or unintelligible in the context of this request.  To the extent "aware" means knowledge of the '483 patent for the purpose of establishing willfulness or indirect infringement, Defendants object to the request as seeking a legal conclusion.

Subject to the foregoing general and specific objections and subject to entry of a protective order and an ESI stipulation in this action, Defendants respond as follows:

Masimo admits that on January 21, 2021, one individual at Masimo may have learned of the existence of U.S. Patent No. 10,627,783, which is a parent of the '483 patent.

Masimo also admits that U.S. Publication Nos. 2016/0378071 and 2016/0378069, which are in the same family as the '483 patent, were cited by Masimo during the prosecution of Masimo patent applications. For example, the publications were cited by Masimo on December 20, 2018, in an IDS for the application that issued as U.S. Patent No. 10,448,871; on January 3, 2019, in an IDS for the application that issued as U.S. Patent No. 11,234,602; and on January 23, 2019, in an IDS for the application that issued as U.S. Patent No. 10,335,068.

Defendants otherwise deny this Request.

**FIRST AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 6 (JULY 14, 2023):**

Defendants incorporate their General Statement and Objections. Defendants object to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Defendants object that the term "aware" is vague, ambiguous, or unintelligible in the context of this request. To the extent "aware" means knowledge of the '483 patent for the purpose of establishing willfulness or indirect infringement, Defendants object to the request as seeking a legal conclusion.

Subject to the foregoing general and specific objections, Defendants respond as follows:

To the best of their knowledge, Masimo did not learn of the existence of any of the Asserted Patents prior to around January 29, 2021. On or around January 29, 2021, one or more of ███ ██████████████████████████████████████████ attended a meeting with counsel where the '783 patent, which is a parent of the '483 patent, may have been listed among a long list of patents with various owners. The communications during the meeting are privileged.

Masimo also admits that U.S. Publication Nos. 2016/0378071 and 2016/0378069, which are in the same family as the '483 patent, were cited by Masimo during the prosecution of Masimo patent applications.  For example, the publications were cited by Masimo on December 20, 2018, in an IDS for the application that issued as U.S. Patent No. 10,448,871; on January 3, 2019, in an IDS for the application that issued as U.S. Patent No. 11,234,602; and on January 23, 2019, in an IDS for the application that issued as U.S. Patent No. 10,335,068.

Defendants otherwise deny this Request.

July 14, 2023

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Jared C. Bunker
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
Stephen.larson@knobbe.com
Ben.katzenellenbogen@knobbe.com
Jared.bunker@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: */s/ John C. Phillips, Jr.*
     John C. Phillips, Jr. (No. 110)
     Megan C. Haney (No. 5016)
     1200 North Broom Street
     Wilmington, DE 19806
     (302) 655-4200 Telephone
     (302) 655-4210 Fax
     jcp@pmhdelaw.com
     mch@pmhdelaw.com

     *Counsel for Defendants*
     *Masimo Corporation and Sound United, LLC*

## CERTIFICATE OF SERVICE

I, Megan C. Haney, hereby certify that on July 14, 2023, a copy Defendants Masimo Corporation and Sound United, LLC's First Amended Responses to Apple Inc.'s First Set of Requests for Admission (1-4, 6) was served on the following in the manner indicated below:

## VIA E-MAIL

David E. Moore
Bindu A. Palapura
Andrew L. Brown
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

John M. Desmarais
Kerri-Ann Limbeek
Cosmin Maier
Jordan N. Malz
Benjamin N. Luehrs
Joze Welsh
Jamie L. Kringstein
Jennifer M. Przybylski
Carson Olsheski
Jeffrey Scott Seddon, II
Amy I. Wann
Raymond N. Habbaz
Lee Matalon
Taeg Sang Cho
Desmarais LLP
230 Park Avenue
New York, NY 10169
jdesmarais@desmaraisllp.com
klimbeek@desmaraisllp.com
cmaier@desmaraisllp.com
jmalz@desmaraisllp.com
bluehrs@desmaraisllp.com
jwelsh@desmaraisllp.com
jkringstein@desmaraisllp.com
jprzybylski@desmaraisllp.com
colsheski@desmaraisllp.com
jseddon@desmaraisllp.com
awann@desmaraisllp.com

rhabbaz@desmaraisllp.com
lmatalon@desmaraisllp.com
tcho@desmaraisllp.com

Peter C. Magic
Kyle Curry
Maria Tartakovsky
Desmarais LLP
101 California Street, Suite 3070
San Francisco, CA 94111
pmagic@desmaraisllp.com
kcurry@desmaraisllp.com
mtartakovsky@desmaraisllp.com

David J. Cho
Desmarais LLP
1899 Pennsylvania Avenue NW, Suite 400
Washington, DC 20006
dcho@desmaraisllp.com

Jennifer Milici
Dominic Vote
Leon B. Greenfield
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
jennifer.milici@wilmerhale.com
dominic.vote@wilmerhale.com
leon.greenfield@wilmerhale.com

Mark A. Ford
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
mark.ford@wilmerhale.com

Bethany Stevens
Hannah Cannom
Walker Stevens Cannom LLP
500 Molino Street, Suite 118
Los Angeles, CA 90013
bstevens@wscllp.com
hcannom@wscllp.com

AppleMasimoService@desmaraisllp.com

/s/ Megan C. Haney
Megan C. Haney (#5016)