# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC,<br><br>                Plaintiff,<br><br>   v.<br><br>MASIMO CORPORATION and SOUND UNITED, LLC,<br><br>                Defendants. | Civil Action No. 22-1377 (MN) (JLH)<br><br>**REDACTED-PUBLIC VERSION** |
| APPLE INC,<br><br>                Plaintiff,<br><br>   v.<br><br>MASIMO CORPORATION and SOUND UNITED, LLC,<br><br>                Defendants. | Civil Action No. 22-1378 (MN) (JLH) |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM JOHN C. PHILLIPS, JR.**

Dated: August 21, 2023

                                            John C. Phillips, Jr. (No. 110)
                                            Megan C. Haney (No. 5016)
                                            PHILLIPS, MCLAUGHLIN & HALL, P.A.
                                            1200 North Broom Street
                                            Wilmington, Delaware 19806
                                            Telephone: (302) 655-4200
                                            jcp@pmhdelaw.com
                                            mch@pmhdelaw.com

                                            *Attorneys for Defendants*

Dear Judge Hall:

Masimo respectfully seeks the Court's assistance with two issues.

**Issue 1: Apple Should Be Ordered To Fully Respond To Masimo's Interrogatory 25**

Masimo's inequitable-conduct defense and *Walker Process* counterclaims are based on Apple defrauding the PTO. Apple's fraud includes knowingly withholding prior art and knowingly withholding or misrepresenting material facts, such as that Apple's design patents fail to list their true inventors. Masimo's Interrogatory 25 asks Apple to (1) identify the persons associated with Apple who were aware of the withheld references and facts during the prosecution of any of the fraudulently obtained patents and (2) describe the circumstances under which they became aware. Ex. 8 at 6-7.

Apple responded to Interrogatory 25 on July 17, 2023. Apple provided no responsive information and stated merely that its investigation "is ongoing." Ex. 9 at 29.

Masimo immediately asked to confer. Ex. 10. Apple agreed to supplement but would not commit to any date. Ex. 14. More than two months since Masimo served the interrogatory, Apple has yet to provide *any* responsive information. The Court should therefore order Apple to answer Interrogatory 25.

Moreover, the Court should not allow Apple to limit its supplemental response as Apple proposed in its July 17 response. Apple stated it plans to limit its substantive answer in three ways: (1) for all patents, it will identify only persons with a "duty of candor to the PTO"; and for the design patents, (2) it will identify only Apple employees who (3) were aware of specific passages in references Masimo contends Apple withheld from the PTO. Ex. 9 at 29. Each proposed limitation would artificially exclude discoverable information.

First, Apple cannot limit its response to individuals *Apple* contends had a duty of candor to the PTO. For example, the parties dispute whether Apple's Chief IP Counsel, Jeffrey Myers, owed such a duty. Masimo specifically named Myers in its counterclaims, and Apple moved to dismiss by wrongly asserting Myers had no duty. *E.g.*, C.A. 22-1377, D.I. 55 at 11-13, D.I. 83 at 11-12. Apple cannot rely on Myers's disputed status to withhold relevant facts showing he knew about the information withheld from or misrepresented to the PTO.

Second, Apple cannot arbitrarily limit its response to Apple *employees*. It does not matter if a person is an employee, independent contractor, officer, director, outside counsel, or something else. If they work with Apple and were aware of the information withheld from or misrepresented to the PTO, their awareness is relevant and well within the liberal scope of fact discovery.

Third, Apple cannot limit its response by identifying only persons aware of certain passages in the withheld references — namely, the passages that Masimo identified in its pleadings as *example* excerpts showing ineligibility for design-patent protection. Masimo has a right to know which individuals working for Apple were aware of the references — not just those who today remember being aware of a specific paragraph or drawing in those references. Moreover, Masimo's theories on the design patents do not exclusively rely on the references. Masimo also contends Apple misrepresented inventorship and withheld the functional nature of the claimed designs. Those contentions do not depend on the references, much less specific passages in those references. Apple must identify persons who knew the claimed designs resulted from development of functional features of the Apple Watch, as well as persons aware of facts showing inventorship on the design patents was wrong.

The Honorable Jennifer L. Hall  2
August 21, 2023

Accordingly, the Court should order Apple to respond fully to Interrogatory 25 within three business days of the hearing.  Even if Apple chooses to supplement in the interim, the Court should hear argument.  For at least one other interrogatory, Apple has supplemented its deficient response before a hearing but after Masimo submitted its letter brief.  If Apple repeats that approach here, Masimo respectfully requests that the Court allow Masimo to address during the teleconference whether the supplemental response remains deficient.  With just weeks until the fact-discovery cutoff, Apple should not be allowed to avoid a ruling by waiting to supplement only after Masimo moves to compel.

**Issue 2: Apple Should Be Ordered To Fully Respond To Masimo's Interrogatories 3 And 27**

Masimo's Interrogatory 3 seeks foundational information.  It asks Apple to "describe [each] named inventor's contribution to each Asserted Claim, including an identification (by Bates number) of all documents, communications, and things that reflect each named inventor's contribution."  Ex. 1 at 5.  Interrogatory 27 is related and asks Apple to describe the conception and reduction to practice of each Apple asserted patent, including "how each person [involved] contributed to the subject matter of the patent and its claims, and why and how [Apple] decided to list or not list each such person as an inventor."  Ex. 8 at 7.

The inventors' contributions are relevant to any invention story Apple may present at trial.  This information is also relevant to determining whether Apple correctly identified the inventors on its asserted patents.  Inventorship is a primary issue in this case   Masimo contends the asserted Apple design patents are invalid and unenforceable because Apple withheld the true inventors.  The requested information will also help Masimo prepare for and focus its depositions.

Apple's response to Interrogatory 3 incorporates its response to Interrogatory 27 and vice versa.  Ex. 13; Ex. 9 at 32-35.  In June and July, Apple twice broke promises to supplement its response to Interrogatory 3, forcing Masimo to move to compel.  Exs. 4-7; C.A. No. 22-1377, D.I. 203 ECF Page ID 13261.  Only after Masimo filed its letter brief did Apple supplement.  Exs. 12, 13.  The Court opted not to hear argument on Interrogatory 3 until after the parties conferred on whether Apple's supplementation sufficed.  Aug. 3, 2023 Disc. Conf. Tr. 53:20-54:4.

The parties have conferred, and Apple's responses remain deficient. In responding to the two interrogatories, Apple first listed each person named as an inventor and generically asserted that they all "made a substantial and not just superficial or insignificant contribution to the conception of" the "claimed inventions" or "design claimed." Ex. 2 at 12  13; Ex. 3 at 12  13; *see also* Ex. 9 at 32-40 (similar).  This generic assertion not only lacks any meaningful information but also demonstrates Apple failed to fully respond.  To represent each inventor made a "substantial and not just superficial or insignificant contribution," Apple must know what each inventor did.

But Apple refuses to disclose that information.  Apple's supplement does not help.  For example, Apple merely described the general problem it was trying to solve, mentioned that inventors collaborated in a "kitchen table" approach, and identified a few of the inventors' job responsibilities.  Ex. 12 at 12; Ex. 13 (citing Ex. 9); Ex. 9 at 36 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and so forth).  Apple also cites Bates numbers for some images without explaining what they are or what Apple contends they show.  Ex. 12 at 12-13.  The images have no text that would explain the inventors' respective contributions.  None of that information tells Masimo what each inventor contributed to the claimed inventions or subject matter of the patents.  Apple's failure to answer this basic question is problematic in two ways.

The Honorable Jennifer L. Hall    3
August 21, 2023

 First, the invention story is a key part of any patent case, and Apple should not be allowed to spring that story on Masimo at trial. The claimed inventions and designs did not just magically materialize. At some point, specific individuals contributed the idea for specific components of the inventions and designs. Apple's invention narrative at trial will almost certainly identify at least one concrete aspect of the inventions or designs that a given named inventor allegedly contributed. That is all the more likely given Apple's representation that it knows each inventor contributed a "substantial and not just superficial or insignificant contribution." Masimo is entitled to know Apple's story so it can take appropriate depositions and respond at trial.

 Second, Apple's interrogatory responses do not identify any facts satisfying the legal test for inventorship. "To qualify as joint inventor, a person must make a significant contribution to the invention *as claimed*." *Hip, Inc. v. Hormel Foods Corp.*, 66 F.4th 1346, 1350 (Fed. Cir. 2023) (emphasis added). Inventorship is thus tied to the claims. Yet Apple fails to identify anything in the claims that any inventor contributed. Masimo is completely in the dark about which inventors conceived any component of any claimed invention or design. For example, Apple fails to state which of the 21 persons named as inventors on each of the D279, D842, and D936 patents conceived the arches claimed in those design patents' drawings. *See* App'x (arches shown in red). If none of the 21 named inventors conceived that component of the design, then at least one inventor is missing from the reported inventorship.

 The paltry information Apple does provide fails to establish any significant contribution to conception. For example, for the '257 patent, Apple states ███████████████████████████████████████████████████████████████████████████ Ex. 9 at 36. For the design patents, Apple states ███████████████████████████████████████████████████████████████████████████ Ex. 12 at 12. None of those asserted facts would establish that any of these individuals made any contribution to the conception of any claim, much less a significant one. By itself, testing the invention, prototyping the invention, or communicating others' ideas does not make a person an inventor. *E.g.*, *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998); *In re Herschler*, 591 F.2d 693, 699-700 (C.C.P.A. 1979).

 Apple chose to accuse Masimo of patent infringement and demand an expedited schedule. Because of Apple's demand, fact discovery is closing in just one month. Yet Apple still has not provided basic information important to Masimo's defense. It is long past time for Apple to provide the requested information. The Court should order Apple to respond fully to Interrogatories 3 and 27 within three business days of the hearing.

Respectfully submitted,

/s/ *John C. Phillips, Jr.*

John C. Phillips, Jr. (#110)

cc: All counsel of record (via Email & CM/ECF)

The Honorable Jennifer L. Hall  
August 21, 2023  
4

## Appendix: Figures from Design Patents



D'279 Patent, FIG. 4    '842 Patent, FIG. 2    '936 Patent, FIG. 2

## Table of Exhibits

| Ex. No. | Description |
|---|---|
| 1 | Masimo and Sound United's First Set of Interrogatories (Nos. 1 5) |
| 2 | Apple's Responses to First Set of Interrogatories (C.A. No. 22-1377) (excerpted to show response to Masimo's Interrogatory 3) |
| 3 | Apple's Responses to First Set of Interrogatories (C.A. No. 22-1378) (excerpted to show response to Masimo's Interrogatory 3) |
| 4 | June 6, 2023 Email from Masimo to Apple (highlighting added) |
| 5 | June 13, 2023 Email from Masimo to Apple |
| 6 | June 21, 2023 Letter from Apple to Masimo (excerpts; highlighting added) |
| 7 | July 18, 2023 Email from Masimo to Apple |
| 8 | Masimo and Sound United's Fourth Set of Interrogatories (Nos. 24 28) |
| 9 | Apple's Responses to Fourth Set of Interrogatories (excerpted to show responses to Masimo's Interrogatories 25 and 27) |
| 10 | July 20, 2023 Letter from Masimo to Apple (highlighting added) |
| 11 | July 20 to July 28, 2023 Email Chain |
| 12 | July 31, 2023 Supplemental Interrogatory Responses by Apple (C.A. No. 22-1377) (excerpted to show supplemental response to Masimo's Interrogatory 3) |
| 13 | July 31, 2023 Supplemental Interrogatory Response by Apple (C.A. No. 22-1378) (excerpted to show supplemental response to Masimo's Interrogatory 3) |
| 14 | August 4, 2023 Email from Masimo to Apple |