# EXHIBIT 8

## IN THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> *Defendants.* | C.A. No. 22-1377-MN-JLH <br><br> **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION, <br><br> *Counter-Claimant,* <br><br> v. <br><br> APPLE INC. <br><br> *Counter-Defendant.* | |
| APPLE INC., <br><br> *Plaintiff,* <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> *Defendants.* | C.A. No. 22-1378-MN-JLH <br><br> **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC., <br><br> *Counter-Claimants,* <br><br> v. <br><br> APPLE INC. <br><br> *Counter-Defendant.* | |

**DEFENDANTS MASIMO CORPORATION AND SOUND UNITED, LLC'S AND COUNTERCLAIMANTS MASIMO CORPORATION AND CERCACOR LABS., INC.'S FOURTH SET OF INTERROGATORIES TO APPLE INC. (24–28)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC and Counterclaimant Cercacor Laboratories, Inc. (collectively, "Masimo") direct the following interrogatories to Plaintiff Apple Inc.

-1-

These interrogatories are to be answered in writing and under oath, based upon all information and knowledge reasonably available to Apple, its attorneys, its agents, and all others acting on their behalf in accordance with the Definitions and Instructions below within thirty (30) days of service of these Interrogatories.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these interrogatories, the following terms are to be interpreted in accordance with these definitions:

1. "You," "Your," or "Apple" refers to Apple Inc., including any divisions, departments, parents, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent of Apple, and all other persons acting or purporting to act on behalf of Apple, its subsidiaries, affiliates, divisions, or predecessors.

2. "Apple Asserted Patents" shall mean U.S. Patent Nos. 10,076,257 (the "'257 Patent"), 10,627,783 (the "'783 Patent"), 10,942,491 (the "'491 Patent"), 10,987,054 (the "'054 Patent"), 11,106,352 (the "'352 Patent"), 11,474,483 (the "'483 Patent"), D883,279 (the "'D279 Patent"), D947,842 (the "'D842 Patent"), D962,936 (the "'D936 Patent"), D735,131 (the "'D131 Patent"), any additional patents that You may assert in *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1377 (D. Del.) or *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1378 (D. Del.) against Masimo.

3. "Masimo Asserted Patents" shall mean U.S. Patent Nos. 10,687,743 (the "'743 Patent"), 10,722,159 (the "'159 Patent"), 8,190,223 (the "'223 Patent"), 10,736,507 (the "'507 Patent"), and 10,984,911 (the "'911 Patent").

4. "Apple Watch" means the product or products You make, have made, offer to sell, offered to sell, sell, or sold, under the designation or tradename "Apple Watch," including but not limited to Apple Watch (first generation), Apple Watch Series 0, Apple Watch Series 1, Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, Apple Watch Series 5, Apple Watch Series 6, Apple Watch Series 7, Apple Watch Series 8, Apple Watch Ultra, and Apple Watch SE.

5. "Accused Apple Design Patents" shall mean U.S. Patent Nos. D883,279 (the "'D279 Patent"), D947,842 (the "'D842 Patent"), D962,936 (the "'D936 Patent"), D735,131 (the "'D131 Patent"), and any additional design patents that You may assert in *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1377 (D. Del.) or *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1378 (D. Del.) against Masimo and that Masimo may allege were fraudulently procured.

6. "Accused Apple Utility Patents" shall mean U.S. Patent Nos. 10,627,783 (the "'783 Patent"), 10,942,491 (the "'491 Patent"), 11,474,483 (the "'483 Patent"), and any additional utility patents that You may assert in *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1377 (D. Del.) or *Apple Inc. v. Masimo Corporation and Sound United, LLC*, No. 22-1378 (D. Del.) against Masimo and that Masimo may allege were fraudulently procured.

7. "Accused Apple Patents" shall mean the Accused Apple Design Patents and the Accused Apple Utility Patents.

8. The "Named Design Inventors" are all persons listed as inventors on the Accused Apple Design Patents.

9. The "Apple Utility References" shall mean U.S. Patent Application 16/118,282, U.S. Patent Publication 2019/0072912, U.S. Patent No. 11,432,766, U.S. Patent No. 10,610,157, and U.S. Patent No. 10,987,054, U.S. Patent Application 14/310,694, U.S. Patent Publication

US2015/0371768, and U.S. Patent No. 9,460,846.

10. The "Named Apple Utility References Inventors" are all persons listed as inventors on any of the Apple Utility References.

11. The "Asserted References and Information" are: the Apple Utility References; Kotanagi (WO 2005/092182); Tanagi (JP Pub. No. 2005-270543); Shmueli (WO 2012/140559); that the Accused Apple Design Patents claim designs that are functional in nature; that the Accused Apple Design Patents claim designs that resulted from development of functional features of the Apple Watch; the true inventorship of the Accused Apple Design Patents; the inventorship of the Apple Utility References; that any of the Named Apple Utility References Inventors should have been named as an inventor on any of the Accused Apple Design Patents; that any of the Named Design Inventors should not have been named as an inventor on any of the Accused Apple Design Patents; and any other reference or information that Masimo alleges was withheld from or misrepresented to the Patent and Trademark Office during the prosecution of any of the Accused Apple Patents.

12. A person is "Aware" of information (including a reference) if the person knows, learns, generates, collects, receives, or otherwise is in possession of the information (including materials consisting of, comprising, mentioning, or otherwise evidencing the information), regardless of whether the person was actively conscious of the information, registered the information, understood the significance of the information, or subsequently forgot the information. "Awareness" is the quality or state of being Aware.

13. "Day" or "date" means the exact day, month and year if ascertainable, or if not, the best available approximation (including relationship to other events).

14. The term "document" shall be construed to include all writings and graphics of any

sort whatsoever, together with any data stored in electronic or any other form, including, but not limited to, books, records, microfilm, tape or video recordings, emails, voice mails, handwritten notes, phone messages, pictures, and all copies of such documents except those that are identical in every respect to the original document.

15. The terms "person," "individual," and "entity" means any natural person or any legal entity, including without limitation any business or governmental entity or association.

16. "Representative," when used to refer to the representative of a corporation or other legal or governmental entity, means and includes its present and former officers, directors, employees, agents, attorneys, and consultants, and/or anyone acting or purporting to act on its behalf.

17. "Representative," when used to refer to the representative of a natural person, means and includes that person's present and former employees, agents, attorneys, and consultants, and/or anyone acting or purporting to act on said person's behalf.

18. The term "communication" shall mean any transmittal of information regardless of the manner in which the communication(s) took place, including but not limited to, face-to-face conversations, correspondence, electronic or computer mail, telephone calls, facsimile communications, or telegrams.

19. The terms "concerning," "referring to," or "relating to" any given subject matter mean (in addition to their usual meanings) any document, communication or thing pertaining to, mentioning, commenting on, connected with, discussing, analyzing, explaining, showing, setting forth, dealing with, comprising, consisting of, containing, constituting, resulting from, recording, involving, defining, covering, describing, evidencing, reflecting, referring directly or indirectly to, relating to, embodying, identifying, or having any logical or factual connection with the matter

discussed.

20.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope.

21.     The term "all" shall be construed as all and each, and the term "each" shall be construed as all and each.

22.     The term "including" shall be construed broadly, as "including but not limited to" or "including without limitation."

23.     The plural of any term shall be construed as the singular, and vice versa, as necessary and in order to bring within the scope of these interrogatories any information, documents, or things that might otherwise be construed to be outside their scope.

## INTERROGATORIES

**INTERROGATORY NO. 24:**

Identify and describe in detail all factual and legal bases for Your contention, if any, that the Accused Apple Patents were not obtained fraudulently or are not unenforceable due to inequitable conduct, including describing and explaining your response to, and any basis for disagreeing with, the allegations of inequitable conduct and fraudulent conduct before the Patent and Trademark Office set forth in Masimo's answers and counterclaims in cases 22-1377 and 22-1378.

**INTERROGATORY NO. 25:**

Identify every person associated with Apple (including employees, counsel, and any others acting on Apple's behalf) who was Aware of any of the Asserted References and Information at any point during the prosecution of any of the Accused Apple Patents and describe in detail the

circumstances under which the person became Aware of the reference or information, the person's role at Apple and in the prosecution of the Accused Apple Patents, and the documents that evidence such Awareness.

**INTERROGATORY NO. 26:**

Explain in detail the processes used (including those used by Your attorneys) to identify references and information to disclose to the Patent and Trademark Office during prosecution of Your patents, including specifically identifying all persons involved in designing and implementing those processes, and including how those processes were applied during the prosecution of the Accused Apple Patents. Your answer should explain how those processes govern the sharing of information (directly or indirectly) between different outside law firms and different proceedings (including PTAB proceedings challenging others' patents) and who is involved, including why those processes did not result in the disclosure of the Asserted References and Information during prosecution of the Accused Apple Patents.

**INTERROGATORY NO. 27:**

For each Apple Asserted Patent, describe in detail the facts and circumstances relating to the conception and reduction to practice of the claimed subject matter, including identifying the date of conception and reduction to practice, the persons involved, how each person contributed to the subject matter of the patent and its claims, and why and how You decided to list or not list each such person as an inventor.

**INTERROGATORY NO. 28:**

Separately for each Accused Apple Patent and Apple Utility Reference, identify each person involved in the prosecution of the patent or application—including each person involved in the preparation of any documents and images used in such prosecution, each person involved in

any prior-art searches in connection with such prosecution, each person involved in determining inventorship for the patent or application, and each person involved in selecting the law firm(s) and/or attorney(s) who would represent Apple in the prosecution—and explain the person's role in connection with Apple, the person's role in such prosecution, and the circumstances that led the person to become involved in such prosecution.

                                                                  Respectfully submitted,

June 16, 2023                                   PHILLIPS MCLAUGHLIN & HALL, P.A.

By: */s/ John C. Phillips, Jr.*
     John C. Phillips, Jr. (No. 110)
     Megan C. Haney (No. 5016)

*Of Counsel:*

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Perry D. Oldham
Benjamin A. Katzenellenbogen
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Defendants
Masimo Corporation and Sound United, LLC and
Counterclaimant Cercacor Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2023, a true and correct copy of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

***VIA ELECTRONIC MAIL:***

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com | John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>Jennifer M. Przybylski<br>Carson Olsheski<br>Desmarais LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com<br>jprzybylski@desmaraisllp.com<br>colsheski@desmaraisllp.com |
| Peter C. Magic<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com | Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com |
| Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com | |

-2-

June 16, 2023

                                     */s/ Megan C. Haney*
                                     Megan C. Haney