# EXHIBIT 10

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

Mark Lezama
mark.lezama@knobbe.com

July 20, 2023

VIA EMAIL

Carson Olsheski
Desmarais LLP
230 Park Avenue, 26th Floor
New York, NY 10169

Re:   *Apple Inc. v. Masimo Corp.*, Nos. 22-1377, -1378

Dear Carson:

Masimo would like to confer on a motion to compel Apple to supplement its responses to interrogatories 3 and 24–28. Please let us know when on July 21 or 24 you are available to confer on the following issues.

**Interrogatory 24**

Apple's present response is limited to stating why it believes Masimo has not stated a prima facie case of inequitable conduct. While lengthy, Apple's response comprises a series of legal assertions and conclusory assertions that Masimo has not shown facts it purportedly needs to show to make out a prima facie case. Apple failed to include any affirmative factual assertions Apple will rely on or any evidence Apple will rely on to support such assertions. If Apple intends to present any evidence to rebut or otherwise respond to Masimo's case that the Accused Apple Patents were obtained fraudulently and are unenforceable, Masimo is entitled to that information and Apple must supplement its response immediately.

**Interrogatory 25**

Apple failed to substantively respond to this interrogatory. Apple must supplement immediately.

**Interrogatory 26**

Apple's response boils down to statements that it has an internal patent system through which invention disclosures can be submitted; decisions are made whether to move forward with patent applications; and decisions are made whether to submit prior art to the PTO. Apple failed to explain in any detail at all the processes it uses to identify what to disclose to the PTO. Apple identified no one by name, much less anyone involved in designing and implementing the processes. Apple also failed to explain how those processes were applied during the prosecution of the Accused Apple Patents. Apple provided no explanation why those processes did not result in disclosure of the Asserted References and Information during prosecution of the Accused Apple Patents. Apple must supplement immediately.

**Interrogatories 27 and 3**

In responding to interrogatory 27, Apple incorporated its response to interrogatory 3. The parties previously conferred on interrogatory 3. Apple promised to supplement its response to interrogatory 3 by the end of June, yet it hasn't. Apple must supplement immediately.

As to the asserted design patents, Apple's responses to both interrogatories collectively amount to nothing more than listing the persons named as inventors on the face of each patent and making conclusory assertions that they contributed to the claims. For the asserted utility patents, Apple added high-level context, but otherwise its responses amounted to the same. For all patents, Apple failed to describe in any detail at all the facts and circumstances relating to the conception and reduction to practice of the claimed subject matter. Apple failed to

explain whether any persons beyond those listed as inventors contributed to conception or reduction to practice. Apple failed to explain how each person contributed to the subject matter of the patent and its claims. And Apple failed to explain why and how it decided to list or not list each such person as an inventor.

Apple's discussion of the D279 patent is illustrative of its responses on the other design patents. Apple identified "Jody Akana, Molly Anderson, Bartley K. Andre, Shota Aoyagi, Anthony Michael Ashcroft, Marine C. Bataille, Jeremy Bataillou, Markus Diebel, M. Evans Hankey, Julian Hoenig, Richard P. Howarth, Jonathan P. Ive, Julian Jaede, Duncan Robert Kerr, Peter Russell-Clarke, Benjamin Andrew Shaffer, Mikael Silvanto, Sung-Ho Tan, Clement Tissandier, Eugene Antony Whang, and Rico Zörkendörfer" as each being "involved in" and "contribut[ing] in a significant manner to the conception and/or reduction to practice of the invention" claimed in the D279 patent. But Apple failed to provide any details. For example, Apple failed to explain at all how each contributed and on what dates.

As another example, Apple's discussion of the '257 patent is illustrative of how it responded on the other utility patents. Apple identified "Gloria Lin, Taido Nakajima, Pareet Rahul, and Andrew Hodge" as being "involved in" and "contribut[ing] in a significant manner to" conception and reduction to practice. Apple provides some high-level background, such as that "Apple was investigating the QRS complex . . . as a means for user authentication . . . ." But Apple failed to explain any details, including what each of Lin, Nakajima, Rahul, and Hodge contributed and on what dates. For example, Apple stated Lin "managed the team," but Apple failed to identify what Lin contributed to any claimed invention.

Apple identified dates "no later than" which conception and reduction to practice occurred. To the extent Apple intends to present evidence of earlier dates, Apple must identify the dates and evidence now.

Apple has identified no documents or evidence substantiating any of its assertions. Apple must supplement immediately.

**Interrogatory 28**

For each Apple Accused Patent, Apple identified only one person by name (Quin Hoellwarth or Cameron Pilling), in each case an in-house attorney. Apple identified "the inventors" and outside law firms and "incorporate[d] by reference the file histories" but, apart from Hoellwarth or Pilling, Apple failed to identify anyone by name. Apple therefore failed to comply with the interrogatory's request that Apple identify "each person involved in the prosecution of the patent or application—including each person involved in the preparation of any documents and images used in such prosecution, each person involved in any prior-art searches in connection with such prosecution, each person involved in determining inventorship for the patent or application, and each person involved in selecting the law firm(s) and/or attorney(s) who would represent Apple in the prosecution." Apple did not identify all the persons called for. Apple identified no specific person as being involved with preparing any documents or images, prior-art searches, determining inventorship, or selecting any law firm or attorney.

Apple also failed to explain each responsive "person's role in connection with Apple, the person's role in such prosecution, and the circumstances that led the person to become involved in such prosecution." For example, Apple's identification of Hoellwarth and Pilling as in-house counsel does not adequately explain their role at Apple and does nothing to explain their role in the relevant prosecution or how they became involved in the prosecution. Apple also failed to identify any specific outside counsel or explain their role in the relevant prosecution or how they became involved in the prosecution.

Apple also failed to answer the interrogatory with respect to the Apple Utility References.

To the extent Apple seeks to rely on its putative incorporation by reference of the file histories, that is inadequate. Rule 33(d) is not available to Apple. The file histories are not Apple's business records. Nor can the answer to the interrogatory be determined by merely by examining, auditing, compiling, abstracting, or summarizing Apple's business records. Nor is the burden of deriving or ascertaining the answer substantially the same for either party. Apple's access to the requested information is far superior to Masimo's, and Apple must answer rather than refer generally to documents. Apple must supplement immediately.

# Knobbe Martens

Carson Olsheski
Page 3

\* \* \*

We look forward to hearing from you on when on July 21 or 24 you are available to confer.

Sincerely,

Mark Lezama