# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC, <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | Civil Action No. 22-1377 (MN) (JLH) <br><br> **REDACTED - PUBLIC VERSION** |
| APPLE INC, <br><br> Plaintiff, <br><br> v. <br><br> MASIMO CORPORATION and SOUND UNITED, LLC, <br><br> Defendants. | Civil Action No. 22-1378 (MN) (JLH) |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM JOHN C. PHILLIPS, JR.**

Dated: August 25, 2023

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendants*

Dear Judge Hall:

Masimo writes in response to Apple's August 21, 2023 Letter to the Court regarding Masimo's response to Apple's Interrogatory No. 2. D.I. 234 in Case No. 22-1377; D.I. 252 in Case No. 22-1378. The interrogatory seeks information regarding Masimo's first awareness of the patents Apple asserts against Masimo in the 1378 Case.

Contrary to Apple's argument, Masimo has fully responded to the interrogatory. Masimo and its counsel conducted an investigation, including by interviewing witnesses, and provided the requested information to Apple. Through its investigation, Masimo determined that it cited specific asserted patents during prosecution of its own patents. Masimo provided that information to Apple. Ex. A to Ltr. Br. at 9. Masimo also identified a meeting that took place on or around January 29, 2021. Masimo provided that information to Apple as well. *Id*. Masimo explained that the meeting involved ███████████████., Masimo's outside counsel, and one or more of ███████████████████████████████████████████████., who are Masimo employees. *Id*. Masimo also explained that at the meeting, the asserted '257 patent and the parents of the asserted '491, '483, and '054 patents may have been listed among other patents. *Id*. Masimo also explained that the purpose of the meeting was to provide legal advice regarding patents. *Id*. Thus, in contrast to Apple's assertion, Masimo provided the requested names, dates, and circumstances. *See* Ltr. Br. at 2. Masimo is not withholding responsive, discoverable information.

The cases Apple cites in its Letter Brief support Masimo's position. The courts in *Panasonic*, *Vasuvedan*, and *Intervet* explain that a sufficient response identifies a date, a name, and the circumstances of the first awareness. *Panasonic Corp. v. Getac Tech. Corp.*, No. SACV 19-01118-DOC, 2020 WL 6163239, at *3 (C.D. Cal. Oct. 5, 2020); *Vasudevan Software, Inc. v. IBM Corp.*, No. C09-05897-RS, 2011 WL 1599646, at *2-*3 (N.D. Cal. Apr. 27, 2011); *Intervet, Inc. v. Merial Ltd.*, 256 F.R.D. 229, 233 (D.D.C. 2009). Masimo has done that.

Apple incorrectly asserts that Masimo's description of the meeting is ambiguous and equivocal. Ltr. Br. at 1. Masimo provided what it could based on available information and memories—this was one meeting more than two years ago involving professionals who attend dozens of meetings each month. Masimo has no additional discoverable information to give.

Apple also incorrectly asserts that Masimo "changed its story." *See* Ltr. Br. at 1. In its original response served 30 days after receiving the request, Masimo provided what it could based upon the investigation it was able to conduct up to that time. Based on that *initial* investigation, Masimo understood there may have been a meeting or interaction on January 21, 2021—more than two and a half years ago—with a Masimo employee. Masimo therefore provided to Apple the best information Masimo had at the time. Ex. A to Ltr. Br. at 8 (Masimo's Original Response to Interrogatory No. 2). After Masimo served its original response, it continued its investigation. Masimo identified that a meeting did take place in late January 2021, but the meeting occurred on or around January 29, 2021—eight days later than Masimo's initial understanding. Masimo therefore supplemented its response to provide that more precise information. *Id*. at 9 (Masimo's Supplemental Response to Interrogatory No. 2). Masimo also supplemented its response after identifying the names of four Masimo employees who may have attended the meeting. *Id*. In all, Masimo provided two supplements. Supplementing discovery responses to provide more information and more precision is a standard part of discovery—it does not indicate a party "changed its story."

The Honorable Jennifer L. Hall                                                                                                           2
August 25, 2023

      Finally, Apple cites *Willemijn* and *Bigband*, but those cases are inapposite. *See* Ltr. Br. at 1-2. *Willemijn* involved an allegedly privileged document, and the defendant provided no information to identify the document. *Willemijn Houdstermaatschaapij BV v. Apollo Comput. Inc.*, 707 F. Supp. 1429, 1440 (D. Del. 1989). Here, in contrast, Masimo's response involves a meeting, and Masimo identified the date, names, and subject of the meeting. Moreover, *Bigband* involved a simple failure to respond to portions of an interrogatory, which is not the issue here. *Bigband Networks, Inc. v. Imagine Commc'ns, Inc.*, No. 07-351-JJF, 2010 WL 2898288, at *2 (D. Del. July 20, 2010).

      For these reasons, the Court should deny Apple's motion to compel.

                                                                            Respectfully submitted,

                                                                      */s/ John C. Phillips, Jr.*

                                                                      John C. Phillips, Jr. (#110)

cc:    All counsel of record (via Email & CM/ECF)