# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC,<br><br>    Plaintiff,<br><br> v.<br><br>MASIMO CORPORATION and SOUND UNITED, LLC,<br><br>    Defendants. | REDACTED -- PUBLIC VERSION<br><br>Civil Action No. 22-1377 (MN) (JLH)<br><br>████████████ |
| APPLE INC,<br><br>    Plaintiff,<br><br> v.<br><br>MASIMO CORPORATION and SOUND UNITED, LLC,<br><br>    Defendants. | Civil Action No. 22-1378 (MN) (JLH)<br><br>████████████ |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM JOHN C. PHILLIPS, JR.**

Dated: September 6, 2023

                John C. Phillips, Jr. (No. 110)
                Megan C. Haney (No. 5016)
                PHILLIPS, MCLAUGHLIN & HALL, P.A.
                1200 North Broom Street
                Wilmington, Delaware 19806
                Telephone: (302) 655-4200
                jcp@pmhdelaw.com
                mch@pmhdelaw.com

                *Attorneys for Defendants*

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

Dear Judge Hall:

Pursuant to the Court's September 5, 2023 Order (1377 Case, D.I. 288; 1378 Case, D.I. 311), Masimo Corporation, Sound United, LLC and Cercacor Laboratories, Inc. (collectively, "Masimo") respectfully request the Court's assistance with the following discovery disputes.

**Issue 1: Apple Is Improperly Refusing To Provide Discovery On Accused Apple Watches**

Masimo believes that on September 12, 2023, shortly before the hearing on this motion, Apple will announce and release two new Apple Watches. Masimo believes Apple will call these watches "Apple Watch Series 9" and "Apple Watch Ultra 2." An internal Apple document indicates that ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ x. 1 ███████████████ Accordingly, Masimo identified the Series 9 and Ultra 2 as accused products in its infringement contentions. Ex. 2 at 3-4.

Even though Masimo has accused the Series 9 and the Ultra 2 of infringement, Apple refuses to provide discovery on them. Masimo offered to limit discovery on these watches to engineering requirements specifications, release specifications, engineering drawings, bills of materials, visual bills of materials, and a sample of the watches. But Apple has refused even this narrowed discovery proposal. Apple refuses to provide this discovery because these watches are "unannounced and unreleased." The scope of discovery of accused products is not so limited—even unreleased products can infringe. 35 U.S.C. § 271(a) ("whoever without authority *makes, uses*, offers to sell, or sells any patented invention . . . infringes the patent") (emphasis added). Regardless, as discussed, Masimo believes these watches will be announced and released on or around September 12, 2023, and Apple has given Masimo no reason to doubt that belief.

Accordingly, Masimo respectfully requests the Court compel Apple to provide the limited discovery materials identified above regarding the Apple Watch Series 9, Apple Watch Ultra 2, or any Apple Watch Apple plans to announce or release this year under a different name.

**Issue 2: Apple Is Improperly Refusing To Provide Email Discovery**

*Issue 2a: Apple is improperly refusing to search for and produce hits from Masimo's Email Request No. 5.* Apple also refuses to run Masimo's email search seeking discovery regarding Apple's practice of so-called "efficient" (but in reality predatory) infringement. Masimo's Email Request No. 5 seeks emails after December 12, 2018, that hit upon the following search terms: infring* W/5 (efficient OR alivecor OR "Omni MedSci" OR valencell OR sherlock* OR "close to the wind" OR "good artists copy" OR "great artists steal"). Ex. 3 at 5 ¶ 5. Masimo's request identifies specific companies as to which Apple has engaged in predatory infringement, as identified and alleged in detail in Masimo's counterclaims. *See* 1378 Case, D.I. 132 ¶¶ 49-51, 65. Masimo's request also identifies specific phrases that Apple has used in connection with its practice. *See id.* ¶¶ 44-45, 47. Masimo's requested discovery is relevant to Masimo's Federal and state-law antitrust claims, Masimo's unfair competition claims and Masimo's allegations of willful infringement. Apple has not argued lack of relevance or undue burden. Indeed, Apple struck this request in a change that Apple described as a "minor" revision. Ex. 4 at 4. Unlike other requests, Apple *refused* to identify how many emails hit on Masimo's targeted request. Apple's refusal is telling—a small number would eliminate any potential burden argument, whereas a large number would undermine Apple's argument that it has no practice of so-called "efficient" infringement.

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

The Honorable Jennifer L. Hall  2
September 6, 2023

Apple's sole ground for refusing to run the above search request is that this Court denied Masimo's motion to compel RFP Nos. 83-84 and 86-90. *See* Ex. 4 at 2. Apple argues that because those RFPs sought "communications" relating to predatory infringement, Apple is now forever relieved of producing any communications "directed to those topics." *See id*. But this Court did not grant Apple such a windfall. At the hearing, Masimo's counsel asked the Court to confirm there is "not a blanket embargo for predatory infringement" and the Court confirmed, "These *particular requests* are denied." Ex. 5 at 33:19-34:3. Apple itself has confirmed there is no blanket embargo on discovery regarding predatory infringement. Ex. 6 at 1.

Rather than impose any blanket embargo on predatory infringement discovery, the Court found that the specific RFPs above sought discovery that was "not proportional." Ex. 5 at 31:21-22; 33:21-23. Masimo's email request is far narrower than the RFPs the Court denied. For example, rather than seek "all" documents "relating" to the practice of efficient infringement, RFP 83, Masimo's Request No. 5 seeks emails of **specific custodians** that specifically **discuss** efficient infringement. Apple does not dispute relevance and has not and cannot show any burden, particularly when it will not even reveal how many emails hit on the above search request. The Court's ruling on the "particular" requests above does not preclude Masimo from seeking such targeted email discovery. Indeed, Masimo's request is consistent with other narrower Masimo RFPs not addressed at the Court's hearing. *See, e.g.,* Ex. 7 at 4 (RFP 248 requesting emails discussing efficient infringement); *see also id*. at 4-7 (other predatory infringement RFPs on which the Court has not ruled (RFPs 249-263)). Masimo respectfully requests the Court compel Apple to produce all emails that hit on Masimo's Email Request No. 5.

**Issue 2b: Apple is improperly refusing to search for and produce or log emails from Jeffrey Myers**. Apple's Chief IP Counsel Jeffrey Myers is a key figure in Masimo's inequitable-conduct defense and antitrust claims. Masimo seeks emails relevant to show Myers discussed the Apple Watch with the named inventors of the design patents (query 1), discussed the functionality of the Apple Watch that Apple improperly sought to cover via design patents (queries 2 & final bullet point), and discussed or otherwise knew of the references Apple withheld from the PTO (queries 3, 8-10). *See* Ex. 3 at 8-10. Masimo also seeks emails showing Myers discussed, for example, predatory infringement or Masimo's intellectual property (queries 5-7). *Id*. This is fundamental fact discovery relevant to the merits of Masimo's claims and defenses.

Masimo has made every effort to resolve this issue without the Court's assistance. Masimo identified Myers as an email custodian in July. Under the parties' ESI Agreement, Masimo was entitled to 20 search queries applicable to all custodians. 1377 Case, D.I. 175. After conferring with Apple, Masimo narrowed its search request for Myers, limiting it to just 10 of the original 20 queries. *See* Ex. 3 at 8-10. Masimo also complied with Apple's demand that Masimo reformat its succinct requests to omit leading wildcards, which required Masimo to lengthen the query strings to expressly list variations on the same term. *See id*. at 1, 3-10. Apple nevertheless refused to include Myers as an email custodian. Ex. 4 at 3 (Aug. 15 email noting Apple's refusal to search Myers's emails); Ex. 8 at 9-11 (Apple deleting all Masimo email requests to Jeff Myers). After Masimo explained that Apple had again forced it to seek the Court's assistance, Apple abruptly backed off its categorical refusal on August 30. Ex. 9 at 1 (August 30 Apple email characterizing its prior refusal as "treat[ing] the scope of Mr. Myers' terms as a separate issue"). With just three weeks left in fact discovery, Apple made its first counterproposal on search terms for Myers, offering just 6 queries. *Id*. at 17.

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

The Honorable Jennifer L. Hall 3
September 6, 2023

    Rather than back up its claims of undue burden with hit counts, Apple arbitrarily sought to delete queries from Masimo's already-narrowed requests. In some cases, Apple refused to search for terms altogether. For example, Masimo has requested emails matching "Apple Watch" AND Fresnel, to capture emails discussing the watch's Fresnel lens, which would be relevant to showing Myers was aware Apple's design patents cover functional and non-ornamental designs. Ex. 3 at 8 ¶ 2. Without any explanation, Apple refused to run that search. Ex. 9 at 17. In other cases, Apple refused to search for important variations on an undisputed term. ███████████████████████ ███████████████████████████████████████████████████████████████████████ *See* Ex. 8 at 1 ███████████████████████████████████████████████████████████████████ For example, Masimo initially proposed Patent AND ( . . . *886 . . . ) to search for emails mentioning U.S. Provisional Patent App. 62/644,886, which Apple withheld from the PTO. Ex. 10 at 37 ¶ 3. ███████████████████████████████████████ Masimo to identify multiple variations, such as 886 OR "'886" OR "62/644,886" OR "62/644886" OR 62644886 OR "US62/644,886". Ex. 3 at 8 ¶ 3. Although the search string is longer than the original *886, it is *narrower* in scope. But Apple is willing to search only for 644,886* OR 644886*. That would exclude emails that use the two most common ways to refer to a patent application: (1) the last three digits or (2) the full application number (beginning with 62 or US62). Instead, Apple seeks to search only for emails employing the lesser-used method of identifying the last *six* numbers. Despite Masimo's multiple requests, Apple has provided no information about the number of hits. Absent any excessive hit counts or known false positives, Apple has no basis to dispute proportionality. Apple has thus failed to timely substantiate any overbreadth claims.

    Apple's last-minute counterproposal is also unreasonable because Masimo was entitled to twenty queries for Myers under the parties' ESI agreement, yet Masimo has already narrowed that to just ten. Apple offers only six queries instead of ten, and two bear no resemblance to anything Masimo requested. Apple's replacement queries 4 and 6 do not use terms Masimo requested for Myers—Apple is not entitled to rewrite Masimo's requests. Masimo requests the Court compel Apple to produce or log all of Myers's emails that hit on Masimo's narrowed list of 10 queries.

    ***Issue 2c: Apple is improperly applying a "responsiveness" filter to the hits from all of Masimo's Email Requests.*** Apple told Masimo that it would not produce all of the emails that hit on Masimo's Email Requests. Instead, Apple said it is applying a "responsiveness" filter to the hits and will be withholding emails it deems not "responsive." According to Apple, its "responsiveness" filter is based on its assessment of Masimo's RFPs. Apple's filter is improper for two reasons. First, Apple's filter violates the parties' ESI Agreement. The ESI Agreement establishes that any issues with overproduction of email is addressed through negotiating changes to the Email Requests (terms, custodians, and timeframes)—there is *no* provision for a party to unilaterally apply a filter to address perceived overproduction. *See* ESI Agreement, 1377 Case, D.I. 175 at 2-3. Second, the vast majority of Masimo's RFPs were not written for email discovery, and it is unclear how Apple is defining what emails are "responsive." Apple fails to explain how its reviewers can translate and recall all of Masimo's RFPs to conduct a consistent and appropriate email review. Masimo is thus unable to assess whether the contours of Apple's filter are appropriate. Accordingly, Masimo respectfully requests the Court compel Apple to produce all emails that hit on Masimo's Email Requests and not withhold any hits based on its "responsiveness" filter or review.

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

The Honorable Jennifer L. Hall                                                                                                        4
September 6, 2023

                                                      Respectfully submitted,

                                                      */s/ John C. Phillips, Jr.*

                                                      John C. Phillips, Jr. (#110)

cc:    All counsel of record (via Email & CM/ECF

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

The Honorable Jennifer L. Hall  
September 6, 2023  
          5

## Table of Exhibits

| Ex. No. | Description |
|---|---|
| 1 | Document produced by Apple bearing Bates number APL_MAS_ITC_02563817 |
| 2 | Masimo and Cercacor's Final Infringement Contentions, dated August 17, 2023 |
| 3 | Email from Masimo to Apple attaching Masimo's third revised email requests, dated August 8, 2023 |
| 4 | Email from Masimo to Apple, dated August 16, 2023 |
| 5 | Excerpts of transcript of motion hearing, dated August 3, 2023 |
| 6 | Letter from Masimo to Apple, dated August 18, 2023 |
| 7 | Masimo, Sound United, and Cercacor's Seventh Set of Requests for Production to Apple, Dated August 16, 2023 |
| 8 | Email from Apple to Masimo attaching Apple's proposed revisions to Masimo's third revised email requests, dated August 10, 2023 |
| 9 | Email from Apple to Masimo attaching Apple's counterproposal to Masimo's narrowed email requests for Myers, dated August 30, 2023 |
| 10 | Email from Masimo to Apple attaching Masimo's first revised email requests, dated July 21, 2023 |

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**