# EXHIBIT 5

```
          IN THE UNITED STATES DISTRICT COURT
           IN AND FOR THE DISTRICT OF DELAWARE


   APPLE INC.,                       )
                                     )
   -------------------Plaintiff,     )
                                     )Case No.
           vs.                       )22-1377-MN-JLH
                                     )22-1378-MN-JLH
   MASIMO CORP, et al.,              )
                                     )
   -------------------Defendant.     )



             TRANSCRIPT OF DISCOVERY CONFERENCE



            DISCOVERY CONFERENCE had before the

   Honorable Jennifer L. Hall, U.S.M.J., in

   Courtroom 2B on the 3rd of August, 2023.



                        APPEARANCES

        POTTER ANDERSON & CORROON LLP
             BY:   DAVID MOORE, ESQ.

                         -and-

        WILMER CUTLER PICKERING HALE AND DORR LLP
             BY:   JENNIFER MILICI, ESQ.
                   MARK FORD, ESQ.
                   LYDIA TURNAGE, ESQ.

                         -and-

        DESMARAIS LLP
             BY:   JEFF SEDDON, ESQ.
                   BEN LUEHRS, ESQ.

                                  Counsel for Plaintiff
```

1        (Appearances continued.)

2
             PHILLIPS MCLAUGHLIN & HALL P.A.
3                BY:  MEGAN HANEY, ESQ.

4                         -and-

5       KNOBBE MARTENS
             BY:  STEPHEN LARSON, ESQ.
6
                                Counsel for Defendant
7

1   THE COURT: All right. So we're here
2   for some discovery disputes. Why don't we have
3   folks make their appearances for the record
4   MR. MOORE: Good morning, Your Honor.
5   David Moore from Potter Anderson on behalf of
6   Apple. I'm joined by co-counsel from Wilmer
7   Hale Jennifer Milici, Mark Ford, and Lydia
8   Turnage. Also joined by Jeff Seddon and Ben
9   Luehrs from Desmarais, and also Natalie Pous
10  and Jack Pararas from Apple.
11  THE COURT: Hi. Good morning,
12  everybody.
13  They've got you out numbered today.
14  MS. HANEY: Yes, Your Honor. Good
15  morning. Megan Haney from Phillips,
16  McLaughlin, and Hall, and I'm joined today by
17  Steve Larson from Knobbe.
18  THE COURT: Good morning.
19  Well, I've got a giant stack of discovery
20  disputes in front of me. I can tell you we've
21  looked them over closely. One thing I will say
22  is this: You probably have a better
23  recollection of everything that's happened in
24  this courtroom than I do because I know, and I
25  can tell the way this case has been going, you

```
 1        individual requests as they came up.
 2              So there's been a lot of --
 3              THE COURT:  Let's talk about the
 4        predatory infringement request for production.
 5        It was very helpful that you attached as
 6        Exhibit 1 a summary of what's going on here.
 7              So which ones are the predatory
 8        infringement?
 9              MR. LARSON:  Predatory infringement
10        is the next section of the letter.  That's 83
11        to 84 and 86 to 90.
12              THE COURT:  83 talks about all
13        documents and communications referencing,
14        relating to, or discussing the practice of
15        efficient infringement for the practice of
16        infringing and appropriating intellectual
17        property even after being informed of such
18        conduct because it is more advantageous to do
19        so that to pay for lawful use or draw up the
20        intellectual property.
21              That request is going to be denied as not
22        proportional to the needs of the case.
23              What's the next one?
24              MR. LARSON:  That's 83, Your Honor.
25              THE COURT:  Yes.
```

1                        MR. LARSON:  The next one is 84.
2                        THE COURT:  84.  All communications
3        with third parties related to allegations that
4        Apple unlawfully acquired or used intellectual
5        property.  Merit two responsive documents
6        regarding -- this sounds like a trade secrets
7        dispute that you had with them; right?  Is this
8        something different?
9                        MR. LARSON:  This is something
10       different.  I think what's important here, the
11       point I wanted to make on some of these
12       requests, and for a number of these requests,
13       is we saw Apple argue in its motion to dismiss,
14       and we're going to see Apple argue again on the
15       motion for summary judgment, say, "Masimo,
16       you've only shown harm to yourself.  You
17       haven't shown harm to competition."  So Apple
18       is saying, "We'll provide these documents as to
19       you, Masimo, but we're not going to provide
20       discovery as to this practice as regards other
21       parties," which is what we need to show or want
22       to show harm to competition.
23                       So I think just for a little bit of
24       perspective here, we did take Your Honor's
25       ruling into account, and I think Apple has

```
 1     seasoned counsel that I think can confirm that
 2     the discovery we're seeking here is really a
 3     drop in the bucket to what you typically have
 4     in big antitrust cases.  It's very expensive
 5     and burdensome discovery.
 6              THE COURT:  I understand.
 7              MR. LARSON:  It's really focused on
 8     the facts of what actually occurred, is what
 9     we're seeking with these requests.  And I'm
10     hoping this will be our main, only discovery
11     dispute about antitrust discovery.  These are
12     the requests that we brought to the Court that
13     we feel we need to be able to develop that part
14     of the case.
15              THE COURT:  Okay.  84 is also denied.
16         What's the next one?
17              MR. LARSON:  86.
18              THE COURT:  86.  Denied.
19              MR. LARSON:  Can I ask for
20     clarification on that?
21              THE COURT:  That's denied pursuant to
22     Rule 26.  It's not proportional to the needs of
23     the case.
24              MR. LARSON:  That answered my
25     question.  So it's not a blanket embargo for
```

```
 1          predatory infringement discovery?
 2                  THE COURT:  These particular requests
 3          are denied.
 4                  MR. LARSON:  Thank you, Your Honor.
 5             Next one is 87.
 6                  THE COURT:  Denied.
 7                  MR. LARSON:  Next one is 88.
 8                  THE COURT:  Denied.
 9                  MR. LARSON:  89.  And can I offer a
10          little bit of argument on this one.
11                  THE COURT:  That's fine.
12                  MR. LARSON:  Again, you see here,
13          we're referring to specific parties, and these
14          are parties that I mentioned in our complaint
15          that we believe Apple engaged in the practice
16          of predatory infringement with regarding these
17          parties.  And again, Apple is going to argue
18          we're only showing harm in competition to
19          ourselves and not these other parties.  This is
20          the the type of discovery that we would seek to
21          be able that establish that.  I don't see
22          arguments about burden or proportionality.
23          It's really just about relevance, and what
24          Apple argues about these parties is these
25          parties aren't in the relevant market.  To the
```

```
 1          extent that's true, we believe it's because of
 2          the conduct that Apple engaged in.
 3                  THE COURT:  I understand the
 4          argument, but that one is also denied.  I
 5          appreciate your argument.
 6                  MR. LARSON:  Understood.
 7             Next one is 90.
 8                  THE COURT:  Denied.
 9                  MR. LARSON:  And next one is -- I
10          believe that's --
11                  THE COURT:  Predatory infringement.
12                  MR. LARSON:  Predatory infringement.
13                  THE COURT:  Okay.  Monopoly
14          leveraging.
15             So I'm confused about 62.  I'll be honest
16          with you.  It's about -- I thought the market
17          you wanted was the market for IOS app
18          distribution.  Am I a moron?  Isn't that a high
19          percent?  Don't they have a monopoly on that
20          market?  Is there something I'm not getting?
21          What am I missing out on?
22                  MR. LARSON:  What they're going to
23          argue is that's not about the market.  They're
24          going to say that it should be a broader
25          market, and this really goes to the ecosystem
```

1 **C E R T I F I C A T E**

2 STATE OF DELAWARE )
) ss:
3 COUNTY OF NEW CASTLE )

4 I, Deanna L. Warner, a Certified

5 Shorthand Reporter, do hereby certify that as

6 such Certified Shorthand Reporter, I was

7 present at and reported in Stenotype shorthand

8 the above and foregoing proceedings in Case

9 Number 22-1377-MN-JLH, *APPLE INC. Vs. MASIMO*

10 *CORP, et al.*, heard on August 3, 2023.

11 I further certify that a transcript of

12 my shorthand notes was typed and that the

13 foregoing transcript, consisting of 59

14 typewritten pages, is a true copy of said

15 **DISCOVERY CONFERENCE**.

16 **SIGNED**, **OFFICIALLY SEALED**, and **FILED**

17 with the Clerk of the District Court, NEW

18 CASTLE County, Delaware, this 6th day of

19 August, 2023.

20

21 _____
Deanna L. Warner, CSR, #1687
22 Speedbudget Enterprises, LLC

23

24

25