# EXHIBIT 6

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Justin Gillett
Justin.Gillett@knobbe.com

August 18, 2023

**VIA EMAIL**

Mark Ford
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Re:   *Apple v. Masimo*, Civil Action No. 22-1377; 22-1378

Dear Mark:

I write regarding the parties' antitrust-related discovery, including to memorialize the parties' telephonic conference on August 16, 2023.

### Apple's Blanket Refusal to Provide Discovery Regarding Predatory Infringement and Monopoly Leveraging

During the parties' August 16 conference, Apple confirmed it will no longer impose a blanket embargo on discovery regarding predatory infringement and monopoly leveraging.

### RFPs Related to Monopoly Leveraging (Masimo RFPs 62-63, 76-82, and 85)

During the parties' August 16 conference, Apple stated it would consider the proposals in Masimo's August 15 letter regarding Masimo **RFPs 62-63, 76-82, and 85** and get back to us by early in the week of August 21. Masimo specifically asked Apple to identify any burden associated with Masimo's **RFP 80**. Apple declined. Please let us know when Apple is available on August 22 or 23 to meet and confer again on these requests.

### Discovery Regarding Politan (Masimo Interrogatory 16 and RFP 118; Apple RFPs 127-128, 214)

During the parties' meet and confer, Masimo again asked Apple to identify communications with Politan, as Apple was obligated to do months ago in response to Masimo's Interrogatory No. 16 and in response to Masimo's RFP 118. Apple refused. Masimo explained its position, as outlined in Masimo's August 15 letter, that Apple's own Politan-related requests are far too broad, seeking for example, essentially every document in the Politan litigation. Apple proposed to narrow, but Masimo explained that Apple's proposal was still far too broad, particularly in view of Apple's strained relevance arguments, especially given Apple's refusal to provide basic Politan-related discovery to Masimo. Masimo raised the possibility that, if Apple would simply confirm that it engaged in no communications with Politan, Masimo may forego its Politan theories. Apple demanded that Masimo agree in advance to do so, before receiving such a confirmation from Apple. Apple's demand is unfair, especially given that Masimo is simply asking for basic information that Apple was obligated to provide months ago. Nonetheless, Masimo can now confirm that, if Apple confirms Apple and/or its representatives have not engaged in communications with Politan and/or its representatives, Masimo will forego its Politan theories. This proposal is in no way any concession as to scope and specifics of Masimo's theories, as Apple attempted to argue during the parties' meet and confer. Masimo's proposal is simply an attempt to compromise and avoid disputes. Please let us know if Apple accepts this proposal.

### Litigation Costs (Apple RFPs 61-62, 64-65, and 76-78)

During the August 16 conference, Masimo confirmed that it will provide information related to litigation costs in accordance with the Court's guidance at the August 3 hearing, as outlined in Masimo's August 15 letter. Apple made various demands that Masimo provide specific details beyond what the Court identified. Masimo stated that it would consider Apple's various requests, but would not commit in advance to provide such details.

# Knobbe Martens

Masimo asked Apple to confirm that Masimo would not be waiving privilege by producing Apple's requested details. Apple said it would consider Masimo's question. Please let us know Apple's position.

### Daily Price and Trading Volume of Masimo Stock (Apple RFP 224)

Masimo will produce responsive, non-privileged documents that are located after a reasonable search that are within its possession, custody, or control to the extent not already produced.

### Financial Data (Masimo RFP 72; Apple RFPs 67 & 237)

Apple **RFP 237** seeks broad financial information for specified non-watch products. As Masimo noted at the August 16 conference, the proportional scope of the requested discovery depends on whether the specified products are in a relevant antitrust market in this case. The specified products are not included in any relevant antitrust market that Masimo has proposed. During the August 16 conference, Apple refused to identify whether the specified products are in any antitrust market that Apple proposes. Instead, Apple continues its refusal to identify any antitrust market until expert discovery. *See* Apple's Response to Masimo **Interrogatory No. 21**. Apple's refusal to identify an antitrust market is not only prejudicing Masimo's ability to conduct fact discovery but is also prejudicing the parties' ability to identify the proportional scope of Apple's requested financial discovery. Apple's position that it may take discovery on a potential alternative market, without disclosing such a market so that Masimo may take discovery to test Apple's theory, is unfair and unreasonable. Please immediately update Apple's response to Interrogatory No. 21 to identify any antitrust market(s) Apple asserts in this case.

During the August 16 conference, Apple proposed narrowing its RFP 237 to documents sufficient to show total units, revenue, profit, and price on a per-model basis. Please let us know whether Apple's proposed approach to Apple RFP 237 would likewise apply to Masimo **RFP 72** and Apple **RFP 67**, which similarly regard the production of financial information. Regarding revenue, please confirm Apple proposes producing both gross revenue and net revenue. Regarding profit, please clarify whether Apple's proposal refers to gross profit, operating profit, net profit, or something else. Regarding price, please confirm Apple's proposal refers to wholesale price and that Apple proposes identifying the adjustments made to the invoiced price (for example, adjustments to reflect discounts and rebates). In addition, please let us know whether Apple would agree to a reciprocal approach where the parties provide a witness for deposition that can explain and clarify the data. To be clear, Masimo maintains all of its objections to RFP 237 and does not agree to produce documents in response to RFP 237. However, Apple's answers to the above questions will be helpful to determine whether the parties can reach a compromise.

Best regards,

Justin J. Gillett