# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC.,<br><br>       Plaintiff,<br><br>       v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>       Defendants. | C.A. No. 22-1377-MN-JLH<br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |
| MASIMO CORPORATION,<br><br>       Counter-Claimant,<br><br>       v.<br><br>APPLE INC.,<br><br>       Counter-Defendant. | |
| APPLE INC.,<br><br>       Plaintiff,<br><br>       v.<br><br>MASIMO CORPORATION and<br>SOUND UNITED, LLC,<br><br>       Defendants. | C.A. No. 22-1378-MN-JLH<br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |
| MASIMO CORPORATION and<br>CERCACOR LABORATORIES, INC.,<br><br>       Counter-Claimants,<br><br>       v.<br><br>APPLE INC.,<br><br>       Counter-Defendant. | |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E. MOORE**

| | |
|---|---|
| OF COUNSEL: | David E. Moore (#3983) |
| | Bindu A. Palapura (#5370) |
| John M. Desmarais | Andrew L. Brown (#6766) |
| Jordan N. Malz | POTTER ANDERSON & CORROON LLP |
| Cosmin Maier | Hercules Plaza, 6th Floor |
| Kerri-Ann Limbeek | 1313 N. Market Street |
| Jeffrey Scott Seddon, II | Wilmington, DE  19801 |
| DESMARAIS LLP | Tel: (302) 984-6000 |
| 230 Park Avenue | dmoore@potteranderson.com |
| New York, NY 10169 | bpalapura@potteranderson.com |
| Tel: (212) 351-3400 | abrown@potteranderson.com |

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

Dated:  September 6, 2023
11036746

Public Version Dated: September 15, 2023

Re:     Apple Inc.'s Letter Brief Concerning Discovery Disputes

Dear Judge Hall:

Apple respectfully requests the Court's assistance in resolving two disputes: (1) Masimo's refusal to produce email based on Apple's search terms (Ex. 1) provided according to the ESI Order (D.I.[1] 175); and (2) Masimo's refusal to produce discovery regarding prior art responsive to Apple Request for Production Nos. 178-180, 183-199, 257-259, 266-276, and 278 (Exs. 2-3).

**ISSUE #1:     The Court Should Order Masimo To Produce Email Responsive To Apple's Revised Search Terms (No. 22-1377, DI 280; No. 22-1378, DI 302)**

Apple respectfully requests that the Court compel Masimo to run Apple's revised search terms (Ex. 1) and produce responsive emails resulting from that search. The parties first exchanged email custodians and search terms pursuant to the ESI Order (D.I. 175) nearly two months ago. *See* Exs. 4-5. Since then, Apple has agreed to produce emails based on all but one of Masimo's terms and all but one of Masimo's custodians and has been producing responsive emails and attachments on a rolling basis in August and September. *See* Exs. 6-7. In stark contrast, Masimo has produced ***none***. Apple has attempted to resolve this dispute by narrowing its terms multiple times, *see* Exs. 1, 8-10, yet Masimo has maintained its objections and has refused to identify which terms are producing irrelevant results or mishits. *See* Ex. 11 at 1, 2-3. Now, with depositions noticed and discovery closing in two weeks, *see, e.g.*, D.I. 103 at 5, D.I. 283, Masimo cannot continue to unilaterally refuse to provide critical email discovery. Masimo has already frustrated Apple's ability to complete depositions of email custodians in the short time remaining.

Masimo objects to producing email solely based on volume, setting an arbitrary limit of "600K total hits" for email searches. *See* Ex. 11 at 3 (contending it is "not reasonable" for Masimo to review "over 1.4 million hits). But Masimo's unilateral limit is no basis to refuse discovery and Apple's requests are reasonable under a Rule 26(b)(1) proportionality analysis.[2] ***First***, Masimo does not and cannot show in any way that the volume of search results is disproportionate to the issues at stake in this case—a case involving fifteen patents (ten Apple and five Masimo), as well as Masimo's antitrust and false advertising counterclaims. Indeed, cases involving antitrust issues or other complex disputes regularly result in far greater volumes of discovery. *See, e.g.*, *In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, No. 21-305, 2023 WL 4181198, at *11 (N.D. Ill. Jun. 26, 2023) (ordering production based on 169 search terms resulting in more than 1.6 million documents); Ex. 12 at 2 (production of more than 7.5 million documents in *In re: Juul Labs, Inc.*); Ex. 13 at 12 (production of more than 5.5 million documents in *California v. Purdue Pharm.*). ***Second***, the amount at controversy is significant—while Masimo has not disclosed the amount of damages it seeks, its damages disclosure asserts the same lost profits theory on which it based a $2.2-3.7 billion demand in the C.D. Cal. litigation. *Compare* Ex. 14 at 2-3 *with* Ex. 15 at 65; *see also In re Outpatient*, 2023 WL 4181198, at *11-12 (finding amount in "many millions of dollars" sufficient to justify production of 1.6 million documents). ***Third***, Masimo's emails are not available to Apple via any other means. *See id*. ***Fourth***, Masimo made over $1.2 billion in revenue

---

[1] D.I. citations refer to Case No. 22-1377 unless otherwise noted.
[2] During conferral, Masimo contended that "proportionality" required that the parties produce equivalent numbers of email but Masimo's terms at that point resulted in significantly more than 600K total hits. *See* Ex. 11 at 4. And Masimo never provided any legal authority for that proposition, nor does it have any rational basis—if Masimo has more emails discussing Apple than Apple has discussing Masimo, Masimo should be producing more emails.

Case 1:22-cv-01378-MN-JLH   Document 351   Filed 09/15/23   Page 4 of 5 PageID #: 20296


The Honorable Jennifer L. Hall                                                                                   Page 2
September 6, 2023

in 2022—it has more than sufficient resources to collect and produce email in this case.  *See* Ex. 16 at 70.  **Fifth**, Masimo's emails are critical, at least to resolving the antitrust and false advertising claims that *Masimo* introduced to this case.  Email in such cases provides unique insight into a company's assessment of the market—an inherently fact intensive inquiry with respect to how and whether various products compete in the marketplace and how the alleged conduct impacts competition, if at all.  Moreover, emails are critical to understand the context and accuracy of the advertisements at issue, as well as their impact on Masimo's business, if any.  And *sixth*, Masimo has not identified, much less substantiated, any undue burden associated with such an email production.  Indeed, any claim of burden would be undermined by Masimo's own position on responsiveness—Masimo is purportedly not even reviewing all hits, instead only conducting a privilege review.  *Cf. In re Outpatient*, 2023 WL 4181198, at *12 (rejecting assertion that cost of $4.125 million to collect, review, and produce documents was unduly burdensome).

Furthermore, there is no dispute that Apple's terms are directly relevant to the issues in this case.  They relate to the asserted patents (term 1), Masimo's copying and the accused products (terms 2, 4-5, 7-8, 13, 17, and 20), relevant markets and competition (terms 3 and 6), Masimo's lost profits theories (terms 9-10), Masimo's stock-drop claim and app store claims (terms 11 and 18), prior art (terms 14-15 and 19), and Apple's inequitable conduct claim (term 16).  Indeed, Masimo has *not* objected to the substance of Apple's terms, nor has it identified any searches that are producing irrelevant hits.  To the contrary, despite Apple's request, Masimo has refused to provide meaningful feedback on whether any terms result in non-responsive or irrelevant documents.  *See* Ex. 11 at 2-3; *see also In re Outpatient*, 2023 WL 4181198, at *12 (ordering production where defendant did not propose "more restrictive search terms" or disclose "if search terms were producing responsive documents or excessive irrelevant hits").

Simply put, Apple has not only requested relevant email discovery that is proportional to the needs of the case, Apple has repeatedly narrowed and focused its search terms in an effort to move the parties closer to agreement.  After three rounds of narrowing, however, Masimo still refuses to produce email in response to Apple's search terms, insisting that Apple meet an arbitrary limit ("600K total hits") on the number of documents it will produce.  But Masimo's unilateral attempt to limit discovery has no legal basis.  The Court should thus order Masimo to produce emails from Apple's terms so that the parties can move forward with the noticed depositions.

**ISSUE #2:   The Court Should Order Masimo To Produce Discovery Regarding Prior Art (No. 22-1377, DI 276; No. 22-1378, DI 298)**

Apple's Request for Production Nos. 178-180, 183-199, 257-259, 266-276, and 278 seek discovery regarding prior art to Masimo's asserted patents. Exs. 2-3. Apple's invalidity contentions and other disclosures put Masimo on notice as to why this discovery is highly relevant to numerous issues, including the invalidity of Masimo's asserted patents, the state of the art at the time of the alleged inventions, and Apple's contentions that Masimo committed inequitable conduct while prosecuting the asserted patents. Exs. 19-20.

<u>Apple RFP Nos. 178-180, 183-198, 266-269, and 278</u>: These RFPs concern Masimo products that are prior art to Masimo's asserted patents. Exs. 2-3, 19. The relevant Masimo prior art products include (1) the Masimo Radical Signal Extraction Pulse Oximeter, which is relevant to the '223 and '507 patents; (2) Masimo pulse oximeters relying on a SET (Signal Extraction Technology) sensor, which are relevant to the '911 patent; (3) Masimo pulse oximeters "incorporated by reference" into Masimo's asserted '507 patent (e.g., Masimo SET MS-3L, Masimo SET MS-5 board, MS-2040 OEM board, MX-5 board), which are relevant to the '507

The Honorable Jennifer L. Hall                                                                                        Page 3
September 6, 2023

patent; and (4) LIFEPAK 15-Compatible Masimo sensors, which are relevant to the '507 patent. Apple has served over 10,000 pages of detailed invalidity contentions that included charts mapping Masimo's prior art products to Masimo's asserted patents. Ex. 19 at C-9, D-9, E-8. Thus, these Masimo prior art products are relevant at least to the issues of invalidity and state of the art.

      Apple RFP Nos. 199 and 270-276: These RFPs concern third-party products that are prior art to Masimo's asserted patents. Exs. 2-3, 19. The relevant third-party prior art products include (1) Nellcor prior art products relevant to the '223, '507, and '911 patents (e.g., NPB-195, NPB-205, N-395, N-595, Oximax, FS14); (2) Fitbit prior art products relevant to the '743 and '159 patents (e.g., Surge); (3) Nonin prior art products relevant to the '507 patent (e.g., Onyx II 9560, WristOx 3150, XPod); (4) Philips prior art products (e.g., MX40) relevant to the '507 patent ; (5) Sotera prior art products relevant to the '507 patent (e.g., ViSi Mobile), and (6) Stryker prior art products relevant to the '507 patent (e.g., Stryker/Physio-Control Lifepak 15). Apple's 10,000+ pages of invalidity contentions charted each of these third-party prior art products. Ex. 19 at C-7, C-8, C-12, C-13, D-5, D-6, D-7, D-8, D-9, D-14, D-17, E-7, E-11, A-18, B-18. Thus, these third-party prior art products are relevant at least to the issues of invalidity and state of the art. Moreover, Masimo's failure to disclose known prior art products "including Nellcor NPB-195, N-395, and OxiMax N-595 products" also is relevant to Masimo's inequitable conduct. Ex. 20 at 12, 19-27.

      Apple RFP Nos. 257-259: These RFPs seek discovery concerning prior art that Masimo and/or others have identified as relevant to Masimo's asserted patents as well as the circumstances in which Masimo became aware of that prior art, including the prior art identified in Apple's invalidity contentions. Exs. 2-3. Such prior art and Masimo's knowledge thereof are relevant at least to the issues of invalidity, state of the art, and inequitable conduct.

      Masimo does not deny that this discovery exists in its possession, custody, or control. Instead, it claims that such discovery is not proportional to the needs of the case. Masimo has never rebutted the relevance of this prior art nor demonstrated that its search for discovery has proven unduly burdensome; to the contrary, Masimo has stated that "Masimo will not search for" this discovery in the first place. Exs. 17-18. In addition, contrary to Masimo's recent communication which Masimo sent after the parties submitted their joint letter (Ex. 21), Masimo has ***not*** agreed to produce—let alone actually produced—the requested discovery for each of the above-referenced Masimo and third-party prior art products nor for the prior art references identified by or to Masimo as relevant to its asserted patents, including each of the references identified in Apple's invalidity contentions. Finally, Masimo's complaints about the date ranges of Apple's prior art requests are meritless as Apple has merely sought prior art discovery for the period before the filing date of the patent(s) to which the respective prior art pertain(s).

      Because this discovery is relevant to numerous issues yet Masimo has refused to produce it, the Court should now order Masimo to produce the requested discovery without further delay.

                                                                                    Respectfully,

                                                                                  */s/ David E. Moore*

                                                                                  David E. Moore

Exhibits
cc:    Clerk of Court (via hand delivery)
         Counsel of Record (via electronic mail)