# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 22-1377-MN-JLH |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) |
| SOUND UNITED, LLC, | ) **PUBLIC VERSION** |
| | ) |
| Defendants. | ) |
| MASIMO CORPORATION and | ) |
| SOUND UNITED, LLC, | ) |
| | ) |
| Counter-Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| APPLE INC., | ) |
| | ) |
| Counter-Defendant. | ) |
| APPLE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 22-1378-MN-JLH |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) |
| SOUND UNITED, LLC, | ) **PUBLIC VERSION** |
| | ) |
| Defendants. | ) |
| MASIMO CORPORATION, | ) |
| CERCACOR LABORATORIES, INC., and | ) |
| SOUND UNITED, LLC, | ) |
| | ) |
| Counter-Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| APPLE INC., | ) |
| | ) |
| Counter-Defendant. | ) |

**DECLARATION OF MARK A. FORD IN SUPPORT OF
APPLE'S LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E.
MOORE**

I, Mark A. Ford, declare as follows:

1. I am a partner with the law firm Wilmer Cutler Pickering Hale and Door LLP, counsel for Plaintiff and Counterclaim-Defendant Apple Inc. in this matter. I am a member of the bar of the Commonwealth of Massachusetts in good standing and have been admitted to practice before this Court *pro hac vice*. I have personal knowledge of the matters set forth herein and, if called upon to do so, could and would competently testify thereto.

2. For Apple's ESI (email) custodial production, pursuant to the Agreed ESI Stipulation and Order, D.I. 173 (-1378), Apple has run the agreed-upon search terms over the agreed-upon custodians' emails. With the exception of the disputes concerning Masimo's search string request #5 and the scope of email production from Jeff Myers, Apple's Chief IP Counsel, which are presently before this Court, Apple has run all of the requested terms over the requested custodians and has been making substantial rolling productions of email. Attached as **Exhibit 1** is a true and correct copy of an email from counsel for Apple to counsel for Masimo sent on August 24, 2023, with an attached copy of the terms and custodians Apple agreed to run. These searches have returned over 500,000 documents (custodial emails and families, *e.g.*, attachments) for review. Masimo's search terms for Mr. Myers' emails result in over 50,000 documents (custodial emails and families). Apple proposed searches in response but Masimo refused to meet and confer on the issue. Attached as **Exhibit 2** is a true and correct copy of an email from counsel for Apple to counsel for Masimo sent on September 11, 2023, with hit counts from the terms Apple agreed to run (Ex. 1) as well as hit counts from the searches run on each party's proposed sets of terms for Mr. Myers. Attached as **Exhibit 3** is a true and correct copy of an email from counsel for Apple to counsel for Masimo sent on August 31, 2023, regarding terms for Mr. Myers.

3. Each of the files that hit on the search terms are reviewed for responsiveness to Masimo's requests for production (as modified by Apple's objections, the parties' agreements, and/or orders of this Court). Masimo has served 321 requests for production for documents, each of which defines the term "documents" explicitly to include email. For example, attached as **Exhibit 4** is a true and correct copy of Masimo's Second Set of Requests for Production (50-165), which defines "document" to "include all writings and graphics of any sort whatsoever … including, but not limited to, … emails…" (Definitions, ¶ 8). Attached as **Exhibit 5** is a true and accurate copy of Masimo's Eight Set of Requests for Production (267-321), which includes the same definition (Definitions, ¶ 7).

4. The files are also reviewed for privilege and coded for confidentiality under the Protective Order.

5. To ensure a thorough but timely review of these documents, Apple has retained over 200 professional eDiscovery reviewers to review these documents on a daily basis. Outside counsel has trained the reviewers and also provides daily guidance to the reviewers to ensure they are accurately identifying responsive documents.

6. Apple's responsiveness review is designed to ensure that non-responsive and sensitive information is not inadvertently produced. For example, the responsiveness review has identified emails (which hit on requested search terms) relating to employees' health concerns, income tax information, and their children's school report cards. The review has also filtered out of the production third party confidential information and highly sensitive Apple development documents that are unrelated to any claim, product, or technology at issue in this case.

7. To date, Apple has produced over 30,000 documents from non-custodial-email sources and 70,000 documents from its ESI email review. This does not include the 293,431

documents that were produced in *Masimo Corp. et al v. Apple Inc.*, No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal.) that the parties have agreed to cross use in this case.

8. To date, based on our investigation of the productions and discussions with counsel for Masimo, Masimo has not produced a single email in response to Apple's ESI email custodian and search term requests.

I declare under penalty of perjury under the laws of the United States of America that this Declaration is true and correct.

Executed this 11th day of September 2023.

By: /s/ *Mark A. Ford*
Mark A. Ford