**IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| APPLE INC., | |
| *Plaintiff,* | C.A. No. 22-1378-MN-JLH |
| v. | |
| MASIMO CORPORATION and SOUND UNITED, LLC, | **JURY TRIAL DEMANDED** |
| *Defendants.* | |
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC., | |
| *Counter-Claimants,* | |
| v. | |
| APPLE INC. | |
| *Counter-Defendant.* | |

## NOTICE OF SUBPOENAS TO INNOMINDS SOFTWARE INC.

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC, will serve the attached subpoena (Exhibit 2) in the above referenced action.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Masimo Corporation and Sound United, LLC, will serve the attached subpoena (Exhibit 1) in the above referenced action commanding the deposition of Innominds Software Inc. at Knobbe Martens Olson & Bear, 333 Bush Street, 21st Floor, San Francisco, CA 94104 on October 19, 2023 at 1:00 p.m. or at such other time and place as counsel may mutually agree. The deposition will continue from day to day until completed and will be conducted before a court reporter authorized to administer oaths and will be recorded by stenographic, video, and/or real-time transcription.

September 28, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

*Of Counsel:*

By: */s/ Megan C. Haney*
    John C. Phillips, Jr. (#110)

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Jared C. Bunker
Kendall M. Loebbaka
Douglas B. Wentzel
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
jared.bunker@knobbe.com
kendall.loebbaka@knobbe.com
douglas.wentzel@knobbe.com

    Megan C. Haney (#5016)
    1200 North Broom Street
    Wilmington, DE 19806
    (302) 655-4200 Telephone
    (302) 655-4210 Fax
    jcp@pmhdelaw.com
    mch@pmhdelaw.com

    *Counsel for Defendants*
    *Masimo Corporation and Sound United, LLC*

Brian Horne
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam B. Powell
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, a true and correct copy of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

*VIA ELECTRONIC MAIL:*

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Andrew L. Brown<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>abrown@potteranderson.com | John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>Jennifer M. Przybylski<br>Carson Olsheski<br>Jeffrey Scott Seddon, II<br>Amy I. Wann<br>Raymond N. Habbaz<br>Lee Matalon<br>Taeg Sang Cho<br>Eli Balsam<br>Patrick Reilly<br>Marie Weisfeiler<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com<br>jprzybylski@desmaraisllp.com<br>colsheski@desmaraisllp.com<br>jseddon@desmaraisllp.com<br>awann@desmaraisllp.com<br>rhabbaz@desmaraisllp.com<br>lmatalon@desmaraisllp.com<br>tcho@desmaraisllp.com<br>ebalsam@desmaraisllp.com<br>preilly@desmaraisllp.com |

| | mweisfeiler@desmaraisllp.com |
|---|---|
| Peter C. Magic<br>Kyle Curry<br>Maria Tartakovsky<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com<br>kcurry@desmaraisllp.com<br>mtartakovsky@desmaraisllp.com | Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com |
| Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com | David J. Cho<br>Desmarais LLP<br>1899 Pennsylvania Avenue NW, Suite 400<br>Washington, DC 20006<br>dcho@desmaraisllp.com |
| Lydia Turnage<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>lydia.turnage@wilmerhale.com | Bethany Stevens<br>Hannah Cannom<br>Walker Stevens Cannom LLP<br>500 Molino Street, Suite 118<br>Los Angeles, CA 90013<br>bstevens@wscllp.com<br>hcannom@wscllp.com |
| AppleMasimoService@desmaraisllp.com | whmasimoantitrustservice@wilmerhale.com |
| IPservice@potteranderson.com | |

September 28, 2023

                   */s/ Megan C. Haney*
                   Megan C. Haney (#5016)

# EXHIBIT 1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Delaware

| | |
|---|---|
| APPLE INC., | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:22-cv-01378-MN-JLH |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Innominds Software Inc., C/O Kislay Banka, 1600 Duane Avenue, Santa Clara, CA 95054

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Schedule A

| Place: Knobbe Martens Olson & Bear<br>333 Bush Street, 21st Floor<br>San Francisco, CA 94104 | Date and Time:<br><br>10/19/2023 1:00 pm |
|---|---|

The deposition will be recorded by this method:   Stenographic, video, Realtime

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/28/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Ted M. Cannon |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Masimo Corporation and Sound United, LLC                              , who issues or requests this subpoena, are:

Ted Cannon, Knobbe Martens, 2040 Main St., 14th Floor, Irvine, CA 92614, 949-760-0404, ted.cannon@knobbe.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:22-cv-01378-MN-JLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, and in accordance with the definitions listed below, Defendant Masimo Corporation requests that Innominds Software Inc. ("Innominds") designate a corporate officer, director or other person who is most qualified, knowledgeable, and competent to testify on behalf of Innominds with respect to the topics set forth below.

## INSTRUCTIONS

1.      Masimo requests that Innominds prepare to testify regarding the following Topics after conducting an investigation into all Documents, Communications, and information within Your possession custody or control. If You cannot fully and completely testify regarding any Topic, You are to be prepared to testify regarding the Topic to the extent possible, specify the portion of the Topic You are unable to prepare for, provide any information You are unable to prepare for, and provide any information You have regarding that portion.

2.      If any Topic seeks testimony regarding a Document that has been lost, discarded, destroyed, or is otherwise unavailable for any reason, You should prepare to testify as to: the pertinent information contained in the Document, the date of disposal, the manner of disposal, the reason for disposal, any person, firm, or corporation who has possession, custody, or control of a full, partial, or incomplete copy of such Document, and the identity of all persons who participated in the destruction or discarding of the Document who have knowledge of the data and circumstances surrounding the destruction or discarding of the Document.

3.      If You claim that a Topic is overbroad or unduly burdensome, identify the respect in which the Topic is allegedly overbroad and/or unduly burdensome, and prepare to testify regarding any unobjectionable portion of the Topic.

4.      If You claim that a Topic is vague or ambiguous, identify the particular words, terms, or phrases that You contend make the Topic vague or ambiguous, and specify the meaning You attribute to those words, terms, or phrases for purposes of Your testimony pertaining thereto.

## DEFINITIONS

1.      "Innominds," "you," and "your" shall mean Innominds Software Inc. and any and all United States or foreign predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

2.      "Any" shall be construed also to mean "all," and "all" shall be construed also to mean "any," and the terms "and" as well as "or" shall be construed both disjunctively and conjunctively.  In each case, those terms should be construed to bring within the scope of the request all responses that might otherwise be construed to be outside the scope; in other words, to give each request its broadest possible meaning.

3.      "Document" or "documents" shall be construed in the broadest sense permissible under Fed. R. Civ. P. 26 and 34, and shall mean all things and originals, copies and drafts of any writing or other tangible or intangible thing from which data or information can be obtained, in Innomonids' possession, custody or control, including, but not limited to, all written, printed, typed, transcribed, electronically encoded matter, any e-mail or other electronically transmitted communication, any sound or video recording, any photograph or graphic matter or any other thing containing information or communications or from which information or communications may be derived.

4.      The terms "concerning," "relating to," "relate," and "related to," mean, in whole or in part, alluding to, responding to, concerning, relating to, connected with, involving, commenting

on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

5.      The term "person" shall mean, in the plural as well as the singular, any natural person, firm, corporation, unincorporated association, division, subsidiary, partnership, or other business or legal entity or governmental body, including any and all representatives, successors, heirs, assigns, officers, directors, servants, employees, agents, attorneys, or other persons or entities who have acted or purported to act for or on behalf of any of them.

6.      The past tense includes the present tense, and vice versa, as necessary, to bring within the scope of these requests documents that might otherwise be beyond their scope.

## TOPICS

### TOPIC NO. 1

The authenticity and circumstances under which the documents YOU produce in response to Masimo's concurrently served document subpoena were created.

### TOPIC NO. 2

The authenticity and circumstances under which the 11-19-2013 Nymi – White Paper was created.

### TOPIC NO. 3

Sales of the Nymi (1) before September 2, 2013 and (2) from September 2, 2013 to September 2, 2014.

### TOPIC NO. 4

Public uses, presentations, or demonstrations of the Nymi or of any pre-release prototype or version of the Nymi (1) before September 2, 2013 and (2) from September 2, 2013 to September 2, 2014.

**TOPIC NO. 5**

Functionality of the Nymi (1) before September 2, 2013 and (2) from September 2, 2013 to September 2, 2014 with respect to heart rate monitoring, ECG measuring, electrodes, leads, or pads.

# EXHIBIT 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| | |
|---|---|
| APPLE INC., | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:22-cv-01378-MN-JLH |
| MASIMO CORPORATION and SOUND UNITED, LLC, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Innominds Software Inc., C/O Kislay Banka, 1600 Duane Avenue, Santa Clara, CA 95054

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule B.

| Place: Electronically to ted.cannon@knobbe.com or a location as agreed to with counsel per Fed. R. Civ. P. 45(c)(2)(A) | Date and Time:<br><br>10/10/2023 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/28/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Ted M. Cannon |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Masimo Corporation and Sound United, LLC      , who issues or requests this subpoena, are:

Ted Cannon, Knobbe Martens, 2040 Main St., 14th Floor, Irvine, CA 92614, 949-760-0404, ted.cannon@knobbe.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-01378-MN-JLH

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____      _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE B

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, and in accordance with the instructions and definitions listed below, Defendant Masimo Corporation requests that Innominds Software Inc. ("Innominds") produce the following documents and things for inspection and copying.

### INSTRUCTIONS

1.       Masimo requests that Innominds produce all documents within its possession, custody or control, regardless of whether these documents are located within the United States or outside the United States or whether possessed by Innominds, or by its United States or foreign subsidiaries or affiliates, present or past officers, directors, agents, employees, investigators, or attorneys.

2.       Each request shall be construed independently.  No request shall limit the scope of any other request.

3.       All responsive documents and things shall be produced either as they are kept in the usual course of business, or organized and labeled to correspond to the categories in the requests.  If there are no documents or things responsive to a specific request, please so state in your response.

4.       Where an objection is made to a request for production, state all grounds upon which your objection is based, and state whether documents are being withheld by reason of the objection.  Please respond to all portions of that request that do not fall within the ambit of your objection.

5.       Each request calls for the production of each document in its entirety, without abbreviation, redaction, expurgations, or modification.

6.      Each request seeks production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in either Innominds' business files or in the personnel files of its officers, directors, agents or employees, together with a copy of the descriptive file folder or other identifying characteristics in their entirety.

## DEFINITIONS

1.      "Innominds," "you," and "your" shall mean Innominds Software Inc., and any and all United States or foreign predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

2.      "Any" shall be construed also to mean "all," and "all" shall be construed also to mean "any," and the terms "and" as well as "or" shall be construed both disjunctively and conjunctively. In each case, those terms should be construed to bring within the scope of the request all responses that might otherwise be construed to be outside the scope; in other words, to give each request its broadest possible meaning.

3.      "Document" or "documents" shall be construed in the broadest sense permissible under Fed. R. Civ. P. 26 and 34, and shall mean all things and originals, copies and drafts of any writing or other tangible or intangible thing from which data or information can be obtained, in Innominds' possession, custody or control, including, but not limited to, all written, printed, typed, transcribed, electronically encoded matter, any e-mail or other electronically transmitted communication, any sound or video recording, any photograph or graphic matter or any other thing containing information or communications or from which information or communications may be derived.

4.      The terms "concerning," "relating to," "relate," and "related to," mean, in whole or in part, alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

5.      The term "person" shall mean, in the plural as well as the singular, any natural person, firm, corporation, unincorporated association, division, subsidiary, partnership, or other business or legal entity or governmental body, including any and all representatives, successors, heirs, assigns, officers, directors, servants, employees, agents, attorneys, or other persons or entities who have acted or purported to act for or on behalf of any of them.

6.      The past tense includes the present tense, and vice versa, as necessary, to bring within the scope of these requests documents that might otherwise be beyond their scope.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

Documents sufficient to show sales of the Nymi (1) before September 2, 2013 and (2) from September 2, 2013 to September 2, 2014.

**REQUEST NO. 2**

Documents sufficient to show any public use, presentation, or demonstration of the Nymi or of any pre-release prototype or version of the Nymi (1) before September 2, 2013 and (2) from September 2, 2013 to September 2, 2014.

**REQUEST NO. 3**

Documents sufficient to show the functionality of the Nymi (1) before September 2, 2013 and (2) from September 2, 2013 to September 2, 2014 with respect to heart rate monitoring, ECG measuring, electrodes, leads, or pads.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 22-1377-MN-JLH |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) |
| SOUND UNITED, LLC, | ) |
| | ) |
| Defendants. | ) |
| MASIMO CORPORATION, | ) |
| | ) |
| Counter-Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| APPLE INC., | ) |
| | ) |
| Counter-Defendant. | ) |
| APPLE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1378-MN-JLH |
| | ) |
| MASIMO CORPORATION and | ) **JURY TRIAL DEMANDED** |
| SOUND UNITED, LLC, | ) |
| | ) |
| Defendants. | ) |
| MASIMO CORPORATION and | ) |
| CERCACOR LABORATORIES, INC., | ) |
| | ) |
| Counter-Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| APPLE INC., | ) |
| | ) |
| Counter-Defendant. | ) |

## AGREED PROTECTIVE ORDER
## REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIAL

Plaintiff and Counter-Defendant Apple Inc. ("Plaintiff"), Defendants and Counter-Claimants Masimo Corporation and Sound United, LLC and Counter-Claimant Cercacor Laboratories, Inc. (together, "Masimo") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in these cases and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Material ("Order" or "Protective Order").

1. **PURPOSES AND LIMITATIONS**

(a) Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for these cases, and shall not be used directly or indirectly for any other purpose whatsoever.

(b) The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

(c) <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in these cases, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a request or motion that would require disclosure of another party's information designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," pursuant to this Order shall promptly notify that party of the request or motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

2. **DEFINITIONS**

(a) "Affiliate" means any corporation, company, or other business entity over which a Party has the power to direct or cause the direction of the management, policies, or legal actions through: (1) at least 50% ownership of voting securities; or (2) contract; or (3) other means.

(b) "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in these cases.

(c) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(d) "Patents-in-suit" means U.S. Patent Nos. D735,131, D883,279, D947,842, D962,936, 10,076,257, 10,627,783, 10,942,491, 10,987,054, 11,106,352, 11,474,483, 10,912,501, 10,912,502, 10,945,648, 10,687,743, 10,687,745, 10,722,159, 7,761,127, 8,190,223, 10,736,507,

and 10,984,911 and any other patent asserted in these cases, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(e)  "Party" means any party to these cases, including all of its officers, directors, employees, consultants, vendors, retained experts, and outside counsel and their support staffs.

(f)  "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in these cases.

(g)  "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(h)  "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(i)  "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), descriptions of source code (e.g., descriptions of declarations, functions, and parameters), object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and native Computer Aided Design (CAD) files that describe the hardware design of any component, the disclosure of which to another Party or non-party is likely to cause harm or competitive disadvantage to the Producing Party. To avoid any doubt, still images of CAD files are not Source Code and will not be subject to the

disclosure and review restrictions in Section 11. Still images of CAD files may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as provided for in this Order.

      3.    **COMPUTATION OF TIME**

           The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

      4.    **SCOPE**

           (a)    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

           (b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

           (c)    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material with the consent of the Producing Party or by order of the Court.

           (d)    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

(e)     Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities.  This Order does not govern the use of Protected Material at trial.

5.     **DURATION**

Even after the termination of these cases, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles.  All Protected Material shall be used solely for these cases or any related appellate proceedings, and not for any other purpose whatsoever, including without limitation, any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

(b)     Patent Prosecution Bar.  After the adoption of this provision by the parties, Outside Counsel and any person associated with a Party who receives a Producing Party's material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" under this Protective Order or who has access to, accesses, or otherwise learns of, in whole or in part, said material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" under this Protective Order shall not prepare, prosecute, supervise, advise, counsel, or assist in the preparation or prosecution of any patent application seeking a patent on behalf of the Receiving Party or its acquirer, successor, predecessor, or Affiliate in the field of non-invasive monitoring and/or consumer wearables (generally or as

described in any patent in suit) during the pendency of this Action and for two years after final termination of this action, including all appeals.  To avoid any doubt, "prosecution" as used in this section does not include representing or advising a Party before a domestic or foreign agency in connection with a reissue, ex parte reexamination, covered business method review, inter partes review, opposition, cancelation, or similar proceeding; though in connection with any such foreign or domestic agency proceeding involving the patents-in-suit, any attorney who has access to, accesses, obtains, receives, or otherwise learns, in whole or in part, any other Party's "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall not: (i) participate in the preparation, prosecution, supervision, advice, counsel, or assistance of any amended claims; (ii) reveal a Producing Party's Protected Material to any prosecuting reexamination counsel or agent; or (iii) use a Producing Party's Protected Material for any purpose not permitted by Section 1.

(c)     <u>Secure Storage, No Export</u>. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national, even if within the United States.  This applies to such information regardless of whether it is in the form of a stand-alone document or as an exhibit, attachment, or appendix to anything, including but not limited to briefs, reports, letters to counsel, discovery responses, or court filings—whether drafts or final versions. Foreign nationals shall not include the Parties' Outside Counsel who reside in the United States, agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A, and who are identified in writing to the Producing Party.  However, the Parties' Outside Counsel

may access briefs, reports, letters to counsel, discovery responses, and court filings (including drafts) that contain Protected Material for purposes of working on these cases while traveling temporarily outside the United States, exclusive of any exhibits or appendices that attach or substantially reproduce or summarize documents, data, or testimony that have been designated by any other party as Protected Material. The Parties will use their best efforts to minimize the amount of Protected Materials in those documents (including without limitation by redacting references to Protected Materials that are not necessary for the work performed outside of the United States) to help ensure the security of the Parties' Protected Materials. Also, if this case eventually requires depositions or experts located outside the United States, the parties will revisit this issue and attempt to agree about exporting specific materials to the extent necessary. The Parties agree that neither Party waives the right to seek amendment of this Protective Order by the Court, following a meet and confer, if other circumstances concerning exportation arise in this case.

(d)  Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to these cases based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)  Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an

obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7. **DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b) <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Section 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c) Native Files.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or

shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Section 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Producing Party and including the production number and designation associated with the native file. The parties reserve the right to object to the use of any image format version of a document produced in native format to the extent any information has been altered.

(d)    Depositions and Testimony.    Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within fifteen (15) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative

Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)   The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)   Officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(iii)   Any outside expert or consultant retained by the Receiving Party to assist in these cases, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current

officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time

of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c)

such expert or consultant accesses the materials in the United States only, and does not transport

them to or access them from any foreign jurisdiction (however, to avoid doubt, such expert or

consultant may access reports (including drafts) that contain the materials for purposes of working

on these cases while traveling temporarily outside the United States); and (d) no unresolved

objections to such disclosure exist after proper notice has been given to all Parties as set forth in

Section 12 below;

(iv)    Witnesses at depositions or hearings in these cases and the

witnesses' counsel, provided however that the disclosure shall only be made to: (1) a witness

who is an employee of the Producing Party, or identified on the document as an author,

addressee, or recipient of the material in question, or if there are other indicia (such as from

metadata, cover emails, or other records of distribution) that the witness has seen or had access

to the document previously; or (2) a witness who has been designated to testify on behalf of

the Producing Party on the subject matter of the material in question, provided however that

the Protected Material shown to such a witness shall be limited to Protected Material of the

Producing Party;

(v)    Court reporters, stenographers and videographers retained to record

testimony taken in these cases, and their staff;

(vi)    The Court, jury, and court personnel;

(vii)    Graphics, translation, design, trial consulting personnel, and/or

other professional vendors, having first agreed to be bound by the provisions of the Protective

Order by signing a copy of Exhibit A;

(viii)   Mock jurors having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(ix)   Any mediator who is assigned to hear these matters, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(x)   Any other person with the prior written consent of the Producing Party.

9.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:   trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)   The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such

Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction (however, to avoid doubt, such expert or consultant may access reports (including drafts) that contain the materials for purposes of working on these cases while traveling temporarily outside the United States); and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 12 below;

(iii)     Witnesses at depositions or hearings in these cases and the witnesses' counsel, provided however that the disclosure shall only be made to: (1) a witness who is identified on the document as an author, addressee, or recipient of the material in question, or if there are other indicia (such as from testimony, metadata, cover emails, or other records of distribution) that the witness has previously seen or had access to the document or the information contained therein; or (2) a witness who has been designated to testify on behalf of the Producing Party on the subject matter of the material in question, provided however that

the Protected Material shown to such a witness shall be limited to Protected Material of the Producing Party;

        (iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action, and their staff;

        (v)    The Court, jury, and court personnel;

        (vi)    Graphics, translation, design, trial consulting personnel, and/or other professional vendors, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

        (vii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

        (viii)    Any other person with the prior written consent of the Producing Party.

        (c)    In addition, a Party may disclose arguments and materials derived from Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential.  A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

      10.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

        (a)    To the extent production of Source Code becomes necessary to the prosecution or defense of the cases, a Producing Party may designate Source Code as

"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)       Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in these cases, or to obligate any Party to produce any Source Code.

(c)       Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Section 11 below, and may be disclosed, subject to Section 11 below, solely to:

(i)       The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)       Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not

transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 12 below;

(iii)   Witnesses at depositions or hearings in these cases and the witnesses' counsel, provided however that the disclosure shall only be made to: (1) a witness who is identified on the material as an author, addressee, or recipient of the material, or if there are indicia (such as from testimony, metadata, emails, or other records of distribution) that the witness has seen or had access to the materials previously; or (2) a witness who has been designated to testify on behalf of the Producing Party on the subject matter of the material in question, provided however that the Protected Material shown to such a witness shall be limited to Protected Material of the Producing Party;

(iv)   Court reporters, stenographers and videographers retained to record testimony taken in this action, and their staff;

(v)   The Court, jury, and court personnel;

(vi)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)   Any other person with the prior written consent of the Producing Party.

11.   **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)   Any Source Code that is produced by Plaintiff will be made available for inspection at the San Francisco office of its outside counsel, Desmarais LLP, or any other location mutually agreed by the Parties.  Any Source Code that is produced by Masimo will be made

available for inspection at the Orange County office of their outside counsel, Knobbe Martens Olsen & Bear LLP, or any other location mutually agreed by the Parties. Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)     Prior to the first inspection of any requested Source Code, the Receiving Party shall provide ten (10) days' notice of its intent to review the Source Code that has been made available by the Producing Party and, if known, the specific Source Code the Receiving Party intends to inspect.  The Receiving Party shall provide seven (7) days' notice prior to any additional inspections.

(c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's Outside Counsel and/or experts may request that commercially available

software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools (approvals will not be unreasonably denied); and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD or other media containing such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iii)     The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(iv)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(v)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party shall make available a laser printer with commercially reasonable

printing speeds for on-site printing during inspection of the Source Code.  The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). The Receiving Party may print the Source Code in 12-point font and with information necessary to later identify that Source Code, such as, but not limited to, a header or footer, that identifies the file name and directory path. Any printed portion that consists of more than fifteen (15) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The Receiving Party may print out no more than 200 pages total without prior agreement from the Producing Party or order of the Court. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party.  Within seven (7) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.  The

burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.  The printed pages shall constitute part of the Source Code produced by the Producing Party in these cases.

(vi)     All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

(vii)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.  Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer

may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(viii)   Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its Outside Counsel of record.

(ix)   The Receiving Party's Outside Counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Section 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)   The Receiving Party's Outside Counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of fifteen (15) individuals identified by the Receiving Party shall have access to the printed portions of Source Code (except insofar as such code appears in any court filing or expert report).

(xi)   For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least seven (7) days before the date of the deposition, the Receiving

Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party. The Producing Party shall also accommodate reasonable requests from the Receiving Party to make a Source Code Computer available at the deposition for use at the deposition. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's Outside Counsel for secure destruction in a timely manner following the deposition.

(xii)     Except as provided in this section, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials

containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

12. **NOTICE OF DISCLOSURE**

(a) Prior to disclosing any Protected Material to any person described in Sections 8(b)(iii), 9(b)(ii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i) the name of the Person;

(ii) an up-to-date curriculum vitae of the Person;

(iii) the present employer and title of the Person;

(iv) an identification of all of the Person's past and current employment and consulting relationships in the past five years, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of technologies relating to non-invasive monitoring and/or consumer wearables (generally or as described in any patent in suit), or relating to the acquisition of intellectual property assets relating

to non-invasive monitoring and/or consumer wearables (generally or as described in any patent in suit);

(v)     an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi)     a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.

(b)     Within ten (10) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period.  If the Producing Party objects to disclosure to the Person within such ten (10) day period, the Parties shall meet and confer via telephone or in person within four (4) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have four (4) days from the date of the meet and confer to seek relief from the Court and shall have the burden of proving the need for a protective order.  If relief is not sought from the Court within that time, the objection

shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Material in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Section 12 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13.     **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the Receiving Party may bring a request or motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14.     **DATA SECURITY**

(a)     The Receiving Party shall implement an information security management system ("ISMS") to safeguard Protected Materials, including reasonable and appropriate

administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures, which shall comply with at least one of the following standards: (a) the International Organization for Standardization's 27001 standard; (b) the National Institute of Standards and Technology's (NIST) 800-53 standard; (c) the Center for Internet Security's Critical Security Controls, Version 8; or (d) the most recently published version of another widely recognized industry or government cybersecurity framework. The Parties shall implement encryption of all Protected Materials in transit outside of network(s) covered by the Party's ISMS (and at rest, where reasonably practical).  Moreover, the Parties agree not to access Protected Materials from public computers.

(b)     If the Receiving Party becomes aware of any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials ("Data Breach"), the Receiving Party shall promptly, and in no case later than 48 hours after learning of the Data Breach, notify the Producing Party in writing and fully cooperate with the Producing Party as may be reasonably necessary to (a) determine the source, extent, or methodology of such Data Breach, (b) recover or protect Protected Materials, and/or (c) to satisfy the Producing Party's legal, contractual, or other obligations. For the avoidance of doubt, notification obligations under this section arise when the Receiving Party both (a) learns of a Data Breach, and (b) learns that any of the Producing Party's Protected Materials are potentially subject to the Data Breach. The notification obligations set forth in this section do not run from the time the Data Breach itself.

(c)     If the Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in these cases, potentially including but not limited to (1) additional security measures to protect Discovery Material; (2) a stay or extension of discovery pending investigation

of a Data Breach and/or implementation of additional security measures; and (3) a sworn assurance that Discovery Material will be handled in the future only by entities not impacted by the Data Breach. In the event of a Data Breach affecting Protected Material of the Designating Party, at the Designating Party's request, the Receiving Party within 10 business days shall provide a copy of its most recent ISMS policies and procedures that relate to the safeguarding of Protected Materials and that preceded the Data Breach. Further, the Receiving Party shall submit to reasonable discovery concerning the Data Breach.

15. **SUBPOENAS OR COURT ORDERS**

(a) If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena. The Producing Party must also notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, and include a copy of this Protective Order. The parties agree to work together to allow the Producing Party to seek a protective order, after the filing of which the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL – ATTORNEYS EYES ONLY" or "CONFIDENTIAL – ATTORNEYS EYES ONLY – SOURCE CODE" before a determination on the protective order by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission.

16.     **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)     Any Party is authorized under District of Delaware Local Rule 5.1.3 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

17.     **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection in any other federal or state proceeding if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.  For example, the mere production of a privileged or work product protected document in this case as part of a production is not itself a waiver. Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Moreover, nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or

regulation, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

## 18.   <u>**INADVERTENT FAILURE TO DESIGNATE PROPERLY**</u>

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within ten (10) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within five (5) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material

is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Section 18(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c) Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Section 6(b).

19. **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a) In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

20.   **FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the Final Disposition of these cases, each Party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating these cases with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

21.   **MISCELLANEOUS**

(a)     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matters and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matters.  The Court shall retain jurisdiction after Final Determination of these matters to hear and resolve any disputes arising out of this Protective Order.

(c)    <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their successors, and anyone, including law firms, who obtains access to Protected Material.

(d)    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in these cases or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in these cases or any other proceeding.

(e)    <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

POTTER ANDERSON & CORROON LLP

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: */s/ David E. Moore*  
    David E. Moore (#3983)  
    Bindu A. Palapura (#5370)  
    Andrew L. Brown (#6766)  
    Hercules Plaza, 6th Floor  
    1313 N. Market Street  
    Wilmington, DE 19801  
    Tel: (302) 984-6000  
    dmoore@potteranderson.com  
    bpalapura@potteranderson.com  
    abrown@potteranderson.com  

By: */s/ John C. Phillips, Jr.*  
    John C. Phillips, Jr. (#110)  
    Megan C. Haney (#5016)  
    1200 North Broom Street  
    Wilmington, DE 19806  
    Tel: (302) 655-4200  
    jcp@pmhdelaw.com  
    mch@pmhdelaw.com  

*Attorneys for Defendants Masimo Corporation and Sound United, LLC*

*Attorneys for Plaintiff Apple Inc.*

Dated: June 14, 2023

      IT IS SO ORDERED this 16th day of June, 2023.

        The Honorable Jennifer L. Hall  
        United States District Court Magistrate Judge

**AGREED PROTECTIVE ORDER – PAGE 35**

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Apple Inc. v. Masimo Corp. et al.*, United States District Court, District of Delaware, C.A. Nos. 22-1377-MN-JLH and 22-1378-MN-JLH. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]

10869538