**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-1377-MN-JLH |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) | |
| SOUND UNITED, LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| APPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-1378-MN-JLH |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MASIMO CORPORATION and | ) | **PUBLIC VERSION** |
| SOUND UNITED, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| MASIMO CORPORATION and | ) | |
| CERCACOR LABORATORIES, INC., | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E. MOORE**

|  |  |
|---|---|
| OF COUNSEL: | David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Andrew L. Brown (#6766) |
| John M. Desmarais<br>Jordan N. Malz<br>Cosmin Maier<br>Kerri-Ann Limbeek<br>Jeffrey Scott Seddon, II<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 351-3400 | POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>abrown@potteranderson.com |
|  | *Attorneys for Plaintiff/Counter-Defendant Apple Inc.* |

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6423

Dated: October 23, 2023
11127252 / 12209.00051

Public Version Dated: October 30, 2023

Re:     Apple's Letter Brief Concerning Masimo's Subpoenas To Apple's Outside Counsel

Dear Judge Hall:

Apple Inc. and nonparties Brownstein Hyatt Farber Schreck, LLP, Sterne, Kessler, Goldstein & Fox PLLC, Fish & Richardson P.C., and Dan Smith (collectively, "the Unaccused Entities") jointly move to quash Masimo's subpoenas to the Unaccused Entities.[1] *See* Exs. 1, 2. The Unaccused Entities are Apple's outside counsel for: (1) prosecution of Apple's asserted patents; (2) prosecution of other patents that Masimo alleges were withheld from the PTO during prosecution of the asserted patents; or (3) IPRs that Apple filed on non-asserted patents.

Masimo's subpoenas should be quashed for at least three reasons. ***First***, Masimo cannot establish that its subpoenas seek relevant information. Critically, Masimo ***has never accused*** the Unaccused Entities of inequitable conduct in this case—whether through a pleading, interrogatory response, or otherwise. The inequitable conduct theories that Masimo pleaded are all directed to ***Apple*** and are predicated on Apple ***withholding information*** from the Unaccused Entities.[2] ***Second***, Masimo's subpoenas explicitly seek privileged information that is not discoverable. ***Third***, Masimo has already received more than sufficient discovery from Apple on its pleaded allegations and any additional non-privileged information is available through less intrusive means (*e.g.*, from public sources or Apple). Masimo's subpoenas should be quashed.

## I. LEGAL STANDARD

Rule 45 mandates that the Court "***must*** quash or modify a subpoena . . . that requires disclosure of privileged or other protected matter . . . ; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45 (d)(3)(A)(iii-iv). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45 (d)(1). Pertinent factors to the undue burden analysis include relevance, the need for the information requested, whether the information can be obtained by other means, burdens the subpoena may impose, and the non-party status of the recipient. *Rardon v. Falcon Safety Products, Inc.*, 2023 WL 5347298, at *2 (3d Cir. Aug. 21, 2023).

## II. THE SUBPOENAS UNDULY BURDEN AND HARASS THE UNACCUSED ENTITIES.

### A. Masimo's Subpoenas Seek Irrelevant Information.

Masimo bears the burden of demonstrating the relevance of its requested discovery. *See Fujikura Ltd. v Finisar Corp.*, 2015 WL 5782351, at *3 (N.D. Cal. Oct. 5, 2015) ("[T]he party issuing the subpoena must demonstrate the discovery sought is relevant."). A failure to demonstrate relevance ends the inquiry. *See Doe v. Kim*, 2021 WL 5447280, at *3 (N.D. Cal. Nov. 22, 2021) (quashing non-party subpoena after finding requested testimony irrelevant, and concluding "[t]he court therefore need not reach the question of undue burden"); *Garden City Employees' Retirement System v. Psychiatric Solutions, Inc.*, 2014 WL 272088 (E.D. Pa. Jan. 24, 2014). Masimo cannot meet its burden to show relevance here because not only has Masimo ***never accused*** the Unaccused Entities of inequitable conduct in this case; the theories that Masimo pleaded are based on the Unaccused Entities ***not*** having information about allegedly material information because ***Apple allegedly withheld it from them***. *See e.g.,* 1337 Case, D.I. 138 at 13.

---

[1] Apple moves as a person "affected by [Masimo's] subpoena[s]." Fed. R. Civ. P. 45(d)(3)(B).
[2] C.No. 22-1377 ("1377 Case"), D.I. 138 at 11-42; No. 22-1378 ("1378 Case") D.I. 132 ¶¶ 75-163.

The Honorable Jennifer L. Hall                                                                                         Page 2
October 23, 2023

        *i.    Masimo Has Never Accused The Unaccused Entities Of Inequitable Conduct.*

Masimo's subpoenas are nothing more than a fishing expedition seeking to harass the Unaccused Entities. An inequitable conduct pleading must identify "a ***specific individual***" who allegedly committed inequitable conduct. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-29 (Fed. Cir. 2009) (emphasis added). The fact that Masimo failed to identify ***anyone*** associated with the Unaccused Entities as such an individual should resolve Masimo's subpoenas. *See Eurand, Inc. v. Mylan Pharm., Inc.*, 266 F.R.D. 79, 84 (D. Del. 2010) ("It is improper to use discovery in search of a factual predicate required to be pled in the first instance."). Indeed, courts routinely quash subpoenas against prosecution counsel when they were not alleged to have committed inequitable conduct. *See Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 383-86 (D.D.C. 2011) (quashing subpoena as "exactly the type of fishing expedition that courts have attempted to prevent" when counsel was not alleged to have committed inequitable conduct and the accuser could seek information from a party); *Games2U, Inc. v. Game Truck Licensing, LLC*, No. MC-13-00053-PHX-GMS, 2013 WL 4046655, at *8-9 (D. Ariz. Aug. 9, 2013) (same).[3]

        *ii.    Masimo's Subpoenas Contradict Its Inequitable Conduct Allegations.*

Not only has Masimo ***never accused*** the Unaccused Entities of inequitable conduct in this case, the theories that Masimo pleaded demonstrate the irrelevance of Masimo's subpoenas. Masimo asserts that Apple "compartmentalized" information between its law firms such that the Unaccused Entities did ***not*** possess the allegedly withheld information.[4] For example, Masimo alleges that Apple hired Brownstein for utility patent prosecution and Sterne for design patent prosecution so that Sterne would not obtain information allegedly showing that Apple's design patents are dictated by function.[5] Nevertheless, Masimo's subpoenas seek the very information from Sterne that Masimo asserts Sterne never had—references and information allegedly showing that Apple's design patents are functional. *See, e.g.,* Ex. 1 at 33 [RFP No. 7]. Similarly, Masimo seeks from Brownstein information regarding IPR references—references that Masimo alleges Apple hid from Brownstein by hiring different counsel for IPRs. *See, e.g.,* Ex. 1 at 16 [RFP No. 7]. Because Masimo seeks discovery that directly contradicts its theories, Masimo cannot meet its relevance burden. *See Shahin v. Delaware Federal Credit Union*, 2012 WL 3870327, at *4 (D. Del. Sept. 5, 2012) (quashing subpoena to former employee finding the discovery sought "irrelevant" where complaint concerned acts taking place after employment ended).

    B.    <u>Masimo's Subpoenas Improperly Seek Privileged Information As Well As Information Available by Less Intrusive Means.</u>

Masimo's subpoenas specifically seek privileged information, such as Apple's lawyers' "determinations relating to what to disclose and not disclose" to the PTO (RFP 3) and "the reasons" references were or were not disclosed to the PTO (Topic 3). That information is not discoverable,

---

[3] *Bales v. Quest USA Corp.*, 2019 WL 1454696, at *1 (D. Colo., Apr. 2, 2019) (same); *Petka v. Mylan Pharms., Inc.*, 2016 WL 6947589, at *4 (N.D. Cal. Nov. 28, 2016) (same); *In re Insogna*, 2020 WL 85487, at *11 (S.D. Cal. Jan. 3, 2020) (same); *ResQNet.com, Inc. v. Lansa, Inc.*, 2004 WL 1627170, at *4-5 (S.D.N.Y. July 21, 2004) (same).
[4] *See* 1337 Case, D.I. 138 at 13; 1338 Case, D.I. 132 ¶¶ 83, 151, 161.
[5] Masimo's functionality theory is baseless for the additional reasons articulated by the PTAB in denying institution of Masimo's IPR petitions. *See, e.g.,* 1377 Case, D.I. 329 and 346.

and a court "must" quash or modify a subpoena that "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iv); *see also Broadband*, 2015 WL 1778432 at *3 (quashing subpoena in part because it sought information protected by privilege); *Unigene Laboratories, Inc. v. Apotex, Inc.*, 2007 WL 2972931, at *3 (N.D. Cal. Oct. 10, 2007) (quashing subpoena of defendant's former counsel where "[p]laintiffs provide[d] no explanation of what non-privileged, relevant information she could offer"); *Clare v. Clare*, 2021 WL 6206978, at *4 (E.D. Wash. Nov. 16, 2021) (quashing subpoena where it was "difficult for the [c]ourt to even envision questions that could be asked . . . that would not speak directly to protected attorney-client communications"); *see also Mannina v. District of Columbia*, 334 F.R.D. 336, 340 (D.D.C. 2020) (finding undue burden where deposition of former counsel). Masimo does not and cannot identify any relevant, non-public information sought by the subpoenas that is not privileged.

Additionally, Masimo served the *exact same* overbroad subpoena on five outside counsel entities irrespective of whether those entities possessed any information about the discovery that Masimo demanded (*e.g.*, seeking discovery about utility patent IPRs from Apple's design patent prosecution counsel).[6] Masimo has since narrowed its subpoenas,[7] but any remaining non-privileged and responsive information concerns either information that is publicly available (*see* RFP 1 and Topic 1 (prosecution documents) and RFP 2 and Topic 2 (documents disclosed to the PTO to comply with filing duties)) or information that is available from Apple (*see* RFP 3 and Topic 4 (Apple employees' awareness or involvement in prosecution of Apple's asserted patents) and RFP 4 and Topic 5 (identities of Apple employees who are aware of certain references or IPRs)). Masimo should not burden a third party for information that it can obtain online or from a party. *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014) ("[A] court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation.") (quotations and citations omitted).

Indeed, Masimo has already served document requests and interrogatories on Apple seeking the exact information requested by Masimo's subpoenas. *See, e.g.,* D.I. 253-8 at 6-7. Apple has provided that discovery. Additionally, Masimo will soon receive even more discovery about its inequitable conduct allegations from Apple. For example, Apple is reviewing (per search terms provided by Masimo) emails of Apple's Chief IP Counsel, Mr. Myers.[8] Further, Apple has offered depositions of its in-house prosecutors (Cameron Pilling and Quin Hoellwarth) and intends to designate them as corporate witnesses to testify concerning Masimo's allegations (indeed, Apple already designated Mr. Pilling). Thus, because Masimo's allegations are directed to Apple and its in-house counsel, Apple has and will continue to provide Masimo relevant and non-privileged discovery concerning Apple's in-house attorneys' involvement in patent prosecution (if any). There is no need to allow duplicative discovery on those topics from third parties.

---

[6] Masimo dropped its fifth subpoena to Kilpatrick Townsend & Stockton LLP after Apple pointed to **public information** that Masimo **neglected to search for or simply disregarded** showing that Kilpatrick was only engaged after issuance of a notice of allowance for one of the accused patents.
[7] *See* Ex. 3 at 1-3.
[8] The Court's order requiring the search and production of Mr. Myers' emails shows that no discovery from the Unaccused Entities is necessary, but also serves as a foundation (in-part) for Apple's demand for discovery from Stephen Jensen and Knobbe Martens, whom Apple has specifically accused by name of inequitable conduct relating to Masimo's asserted patents. Apple will detail its full bases for those subpoenas in its letter brief due on October 25.

The Honorable Jennifer L. Hall Page 4
October 23, 2023

                                  Respectfully,

                                  */s/ David E. Moore*

                                  David E. Moore

DEM:mes/11127252/12209.00051/52

Exhibits
cc:    Clerk of Court (via hand delivery)
        Counsel of Record (via electronic mail)