# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

APPLE INC,

                Plaintiff,

        v.

MASIMO CORPORATION and SOUND
UNITED, LLC,

                Defendants.

Civil Action No. 22-1377 (MN) (JLH)

**REDACTED - PUBLIC VERSION**

APPLE INC,

                Plaintiff,

        v.

MASIMO CORPORATION and SOUND
UNITED, LLC,

                Defendants.

Civil Action No. 22-1378 (MN) (JLH)

## LETTER TO THE HONORABLE JENNIFER L. HALL FROM JOHN C. PHILLIPS, JR.

Dated:  October 23, 2023

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendants*

Dear Judge Hall:

Third parties Knobbe Martens Olsen & Bear, LLP ("Knobbe") and Stephen Jensen request that this Court quash Apple's subpoena to Mr. Jensen—one of Masimo's ***lead trial counsel in this case***. The Court should also quash Apple's subpoena seeking 30(b)(6) testimony from Knobbe.

## Apple's Repeated Attempts to Harass One of Masimo's Lead Trial Counsel

Apple's subpoena is simply Apple's latest attempt to harass Mr. Jensen. In *Masimo v. Philips*, Philips' attorney Brian Rosenthal (now counsel for Apple in the California case) sought to prevent Mr. Jensen from accessing Philips' confidential information, making many of the allegations Apple makes here. *See, e.g.*, Ex. 29 at 6-7. Magistrate Judge Thynge rejected Philips' arguments. *Id*. at 25. Philips then accused Mr. Jensen of inequitable conduct, making allegations similar to those Apple makes here. *Compare* Ex. 1 at ¶ 429 & Ex. 2 at 360, *with* Ex. 3 at 8, 12. The evidence established Mr. Jensen transitioned patent prosecution to another team no later than 2004, almost 20 years ago and before the filing of the earliest patent at issue here. Ex. 2 at 381 (explaining the transition took place after a July 12, 2004 court decision in *Masimo v. Nellcor*). Judge Stark rejected all of Philips' allegations, finding Mr. Jensen to be "credible on all points" on which he testified. *Masimo Corp. v. Philips*, 2015 WL 2406061, at *2 (D. Del. May 8, 2015).

Upon hiring Mr. Rosenthal, Apple began to repeat many of the same unfounded attacks against Mr. Jensen. ***First***, in the Central District of California, Apple demanded that Mr. Jensen be excluded from accessing Apple confidential information because of Jensen's relationship with Masimo and Cercacor. Ex. 4 at 38:9-13; Ex. 30 at 16:7-10 (Apple's proposed PO language that would exclude Mr. Jensen). The court rejected these attacks and allowed Jensen to access Apple confidential information. *See* Ex. 5 at 17:3-9 (court's PO omitting Apple's proposed language). The same court rejected a similar challenge in a different matter, finding that Jensen is not a "competitive decisionmaker" for Masimo or Cercacor. *See* Ex. 6 (*Masimo v. True Wearables*, No. 8:18-cv-02001-JVS-JDE, D.I. 111 (C.D. Cal. June 15, 2020)) at 5-6. ***Second***, at the International Trade Commission ("ITC"), Apple again sought to exclude Mr. Jensen from Apple confidential information. *See* Ex. 7 at 3-4. The ITC found there was "***no*** reason to doubt Mr. Jensen's commitment to adhere to the protective order," and permitted Mr. Jensen to access Apple confidential information upon resigning from the Board of Cercacor to avoid "a risk of inadvertent disclosure." Ex. 8 at 15-16. Mr. Jensen promptly did so. Ex. 28 at 91:22-92:8. ***Third***, early in this case, Apple again made unfounded allegations against Mr. Jensen, arguing it needed expedited discovery to learn whether Masimo or Cercacor were misusing Apple confidential information to design Masimo's watch. *See* C.A. 22-1377, D.I. 23 at 4-5. Judge Noreika rejected Apple's arguments, finding that Apple's allegation "regarding the alleged misuse of confidential information appears to be based on mere speculation." Ex. 9 at Tr. 12:25-13:2. ***Fourth,*** in August 2023, Apple served an interrogatory response purporting to assert inequitable conduct. Ex. 3. Apple included Mr. Jensen but did not show Mr. Jensen was involved with patent prosecution, much less made any decision to withhold any reference. *Id*. Apple's allegations repeat allegations the courts have rejected. *Compare* Ex. 1 at ¶ 429 and Ex. 2 at 360, *with* Ex. 3 at 8, 12.

## Knobbe and Jensen's Efforts to Resolve This Dispute

In August 2023, Apple subpoenaed Steve Jensen, Knobbe, and two Knobbe patent prosecutors, Jarom Kesler and Harnik Shukla. Exs. 10-13. Apple's subpoenas purported to seek discovery relating to Apple's inequitable conduct allegations. *See id*. Knobbe objected, Exs. 14-17, but offered patent prosecution document discovery and the depositions of Kesler and Shukla—

The Honorable Jennifer L. Hall                                                    2
October 23, 2023

the two prosecutors accused of inequitable conduct. Ex. 18 at 2. Knobbe strongly opposed Apple's attempt to depose Mr. Jensen, however, on the grounds that Mr. Jensen is one of Masimo's lead trial counsel and that Apple did not show his involvement with patent prosecution. *See id.* at 2. Knobbe proposed that Apple at least first depose Kesler and Shukla, which would further demonstrate Jensen's lack of involvement in the patent prosecution at issue. *See id.*

Rather than accept Knobbe's proposal, Apple **broadened** its demand for discovery, demanding for the first time that Jensen run all of Apple's ESI search terms for the case as a whole on Mr. Jensen's knobbe.com emails. Ex. 19 at 1. Apple further revealed it would seek to depose Jensen on numerous new topics, including Apple's speculative attacks against Jensen and Apple's allegations that Masimo was misusing Apple confidential information to design its own watch. *Id.* at 2-3.[1] Apple made no attempt to connect its new topics and document demands to inequitable conduct or the actual document requests and topics in Apple's subpoena. *Id.*

**The Court Should Quash Apple's Subpoena to Mr. Jensen**

Deposing opposing counsel is an extraordinary step that should not be readily permitted. In *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), the Eighth Circuit held that a party may depose opposing trial counsel only if "the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel [citation]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Courts in this District have applied *Shelton*'s high bar to prevent depositions of opposing trial counsel. *Allergan Inc. v. Pharmacia Corp.*, No. 01-141-SLR, 2002 WL 1268047, at *1 (D. Del. May 17, 2002) ("The court concludes that plaintiffs have not met their burden to demonstrate a compelling need for the requested discovery."). Here, (1) Apple can obtain the testimony it seeks from prosecution counsel Kesler and Shukla; (2) Apple plainly seeks discovery that is privileged and on topics irrelevant to any issue in this case; and (3) Apple's requested discovery is hardly "crucial" to the case—to the contrary, Apple seeks to harass Mr. Jensen on irrelevant topics, seeking testimony that is clearly privileged. *See* Ex. 19 at 2-3. Indeed, none of Apple's new topics seeking to disparage Mr. Jensen can be found in the Jensen Subpoena's list of "Exemplary Deposition Topics." *Compare* Ex. 19 at 2-3, *with* Ex. 11 at 9-10.

Making Mr. Jensen a fact witness in this case would substantially compromise Masimo's ability to defend itself against Apple's claims and prosecute Masimo's counterclaims at trial. Apple's repeated attacks reveal that is exactly what Apple hopes to accomplish. The evidence in *Masimo v. Philips* established that Mr. Jensen transitioned patent prosecution to another team almost 20 years ago and before the filing of the earliest patent at issue here. Ex. 2 at 381

---

[1] Apple repeatedly distorted the evidence to attack Mr. Jensen. For example, Apple cited Hammarth testimony regarding the Cercacor "management team," Ex. 19 at 3, ignoring that Apple's question was regarding Jensen's "capacity as **legal counsel** for the management." Ex. 28 at 90:18-91:2. Hammarth confirmed Jensen had no "roles and responsibilities other than **legal counsel** for Cercacor." *Id.* at 91:6-11. Apple also falsely claimed it asked why Mr. Jensen continued to attend Cercacor meetings after resigning and that Hammarth answered, "You'd have to ask Steve." Ex. 19 at 3. In reality, Hammarth responded to the question "Why did [Jensen] resign from the board?" Ex. 28 at 92:10-13. None of Apple's evidence shows any copying of Apple. *See also id.* at 91:17-21 (Apple Watch not discussed at Board meetings).

The Honorable Jennifer L. Hall                                                    3
October 23, 2023

(explaining the transition took place after a July 12, 2004 court decision in *Masimo v. Nellcor*). Judge Stark found Mr. Jensen's testimony to be credible.  *See Philips*, 2015 WL 2406061, at *2 (D. Del. May 8, 2015).  Moreover, Apple has not asserted its allegations in any pleading and Masimo has had no opportunity to challenge them.  This Court has limited discovery on theories the Court apparently finds less persuasive. *See, e.g.*, Ex. 21 at 31:3-35:8 (predatory infringement).

The Court should also quash Apple's late demand that Knobbe run all of Apple's ESI search terms in this case on Jensen's ***knobbe.com*** emails.  ***First***, Apple makes no attempt, whatsoever, to connect those numerous search terms to Apple's actual subpoena, which is directed to certain documents targeting alleged inequitable conduct (which Knobbe has largely agreed to provide). *Compare* Ex. 22 at 2-7 (Apple's ESI search terms), *with* Ex. 11 at 7-8 (Jensen subpoena document requests).  Apple cannot arbitrarily broaden the subpoena it served.  ***Second***, Apple's ESI search terms address numerous issues in the very case that Mr. Jensen is litigating on behalf of Masimo. Apple thus intentionally targets Mr. Jensen's emails ***litigating*** this dispute, imposing an extraordinary and indefensible burden of collecting numerous documents clearly protected by privilege and/or work product, with no showing Mr. Jensen's attorney emails could provide any independent relevant facts in this case.  Apple's demand does not come close to satisfying reasonableness or proportionality.  It is harassment.  The Court should not condone such tactics.[2]

**The Court Should Also Quash Apple's 30(b)(6) Subpoena to Knobbe**

Apple also served a 30(b)(6) subpoena that would require a witness to provide the collective knowledge and documents of nearly ***three hundred attorneys*** across the country regarding, e.g., twelve categories of references, including broad product categories, regardless of the attorneys' involvement with Masimo. Ex. 10 at 7 (topic 4), 9 (topic 5), 2 (defining "Inequitable Conduct References").  Apple's subpoena also seeks testimony regarding (1) the preparation, filing and prosecution, (2) any efforts to comply with the duty to disclose, and (3) all decisions regarding what to disclose in connection with the Masimo asserted patents, U.S. Patent No. 10,687,745, and all other "***Related*** Masimo Publications," which is broadly defined to include dozens of patents. Ex. 10 at 9 (topics 1-3), 2 (definition of "Related Masimo Publications").  Apple's subpoena is not "proportional to the needs of this case," Rule 26(b)(1), and does not identify topics with "reasonable particularity," Rule 30(b)(6).  *See Advanced Cluster Systems, Inc. v. Nvidia Corp.*, No. 1:19-cv-02032-MN, D.I. 197 & 251 (D. Del. 2022), Ex. 27 at 2-3, Ex. 25, Ex. 26 at 53:3-8 & 56:3-57:2  (quashing 30(b)(6) testimony, including as to "prosecution of the Asserted Patent and any Related Patent" (Topic 2) and prior-art knowledge of every Knobbe attorney (Topic 9)).

Knobbe attempted to resolve the issue by proposing a narrowed scope of testimony. *See* Ex. 18 at 2-3.  But given the significant additional burden of 30(b)(6) testimony, Knobbe did so on the condition that Apple similarly make its outside counsel available to provide corporate testimony. *Id*. Apple refused. Ex. 19 at 1-2; Ex. 20 at 1-2.  Apple should not be permitted to seek burdensome 30(b)(6) testimony from Knobbe, while refusing to provide any such testimony from its own counsel. Indeed, such testimony is unnecessary because Knobbe has already agreed to make the prosecuting attorneys—Kesler and Shukla—available for depositions.

---

[2] Apple has resisted ESI searching of its Chief IP Counsel, demanding Masimo pay for the review, though Masimo's terms are directed to inequitable conduct and Apple's ***in-house*** counsel.  Ex. 23.

The Honorable Jennifer L. Hall                                                     4
October 23, 2023


                              Respectfully submitted,

                              /s/ John C. Phillips, Jr.

                              John C. Phillips, Jr. (#110)

cc:     All counsel of record (via Email & CM/ECF)



**Table of Exhibits**

| Ex. No. | Description |
|---|---|
| 1 | Defendant Philips' first amended answer and second amended counterclaims in *Masimo Corp. v. Philips Elecs. NA Corp. et al.*, No. 1:09-cv-80, D.I. 855 (D. Del. Sep. 30, 2014) |
| 2 | Excerpts of transcript volume B of bench trial held on February 12, 2015 in *Masimo Corp. v. Philips Elecs. NA Corp. et al.*, No. 1:09-cv-80 (D. Del.) |
| 3 | Apple's First Supplemental Response to Interrogatory No. 23 in this case |
| 4 | Excerpts of Apple and Masimo's Joint Stipulation Regarding Masimo's Motion for a Protective Order in *Masimo Corp. et al. v. Apple Inc.*, No. 8:20-cv-48, D.I. 61-1 (C.D. Cal. June 26, 2020) |
| 5 | Excerpts of Court-entered Protective Order in *Masimo Corp. et al. v. Apple Inc.*, No. 8:20-cv-48, D.I. 67 (C.D. Cal. June 30, 2020) |
| 6 | *Masimo Corp., et al. v. True Wearables, Inc., et al.*, No. 8:18-cv-02001-JVS-JDE, D.I. 111 (C.D. Cal. June 15, 2020) (Order Granting Motion Overruling Objections) |
| 7 | Excerpts of Memorandum in Support of Respondent Apple's Motion to Preclude Stephen Jensen from Access to Apple's Confidential Business Information Under the Protective Order in *In re Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276 (ITC) |
| 8 | Order No. 7 in *In re Certain Light-Based Physiological Measurement Devices and Components Thereof*, Inv. No. 337-TA-1276 (ITC Nov. 18, 2021) |
| 9 | Transcript of proceedings held on December 21, 2022 in this case |
| 10 | Apple's subpoena in this case directed to Knobbe, Martens, Olson & Bear, LLP |
| 11 | Apple's subpoena in this case directed to Stephen Jensen |

The Honorable Jennifer L. Hall                                                              5
October 23, 2023

| 12 | Apple's subpoena in this case directed to Jarom Kesler |
| 13 | Apple's subpoena in this case directed to Harnik Shukla |
| 14 | Objections to Apple's subpoena in this case directed to Knobbe, Martens, Olson & Bear, LLP |
| 15 | Objections to Apple's subpoena in this case directed to Stephen Jensen |
| 16 | Objections to Apple's subpoena in this case directed to Jarom Kesler |
| 17 | Objections to Apple's subpoena in this case directed to Harnik Shukla |
| 18 | September 8, 2023 letter from Masimo to Apple |
| 19 | September 25, 2023 letter from Apple to Masimo |
| 20 | October 2, 2023 letter from Masimo to Apple |
| 21 | Excerpts of transcript of proceedings held on August 3, 2023 in this case |
| 22 | Apple's requested ESI custodians and search terms in this case, served September 5, 2023 |
| 23 | September 28, 2023 email from Apple to Masimo |
| 24 | Excerpts of July 21, 2023 email from Masimo to Apple |
| 25 | *Advanced Cluster Systems, Inc. v. Nvidia Corp.*, No. 1:19-cv-02032-MN, D.I. 251 (D. Del. Oct. 11, 2022) (order granting Knobbe motion to quash subpoena with regard to certain 30(b)(6) topics at issue) |
| 26 | *Advanced Cluster Systems, Inc. v. Nvidia Corp.*, No. 1:19-cv-02032-MN (D. Del. Oct. 11, 2022) (transcript serving as order granting Knobbe motion to quash subpoena with regard to remaining 30(b)(6) topics at issue) |
| 27 | *Advanced Cluster Systems, Inc. v. Nvidia Corp.*, No. 1:19-cv-02032-MN, D.I. 197 (D. Del. Sep. 6, 2022) (letter brief in support of Knobbe's motion to quash subpoena) |
| 28 | Excerpts of transcript of the deposition of Gerry Hammarth held on September 18, 2023 in this case |
| 29 | Transcript of proceedings held on April 23, 2010 in *Masimo Corp. v. Philips Elecs. NA Corp. et al.*, No. 1:09-cv-80, D.I. 855 (D. Del.) |
| 30 | Excerpts of Apple's Proposed Protective Order attached as Exhibit A to June 25, 2020 Declaration of Ilissa Samplin in *Masimo Corp. et al. v. Apple Inc.*, No. 8:20-cv-48, D.I. 61-5 (C.D. Cal. June 26, 2020) |

## CERTIFICATE OF SERVICE

I, Megan C. Haney, hereby certify that on October 23, 2023, a copy of the Letter to The Honorable Jennifer L. Hall from John C. Phillips, Jr. was served on the following in the manner indicated below:

## VIA E-MAIL

David E. Moore
Bindu A. Palapura
Andrew L. Brown
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

John M. Desmarais
Kerri-Ann Limbeek
Cosmin Maier
Jordan N. Malz
Benjamin N. Luehrs
Joze Welsh
Jamie L. Kringstein
Jennifer M. Przybylski
Carson Olsheski
Jeffrey Scott Seddon, II
Amy I. Wann
Raymond N. Habbaz
Lee Matalon
Taeg Sang Cho
Eli Balsam
Patrick Reilly
Marie Weisfeiler
Ryan G. Thorne
Paul A. Bondor
Desmarais LLP
230 Park Avenue, 26th Floor
New York, NY 10169
jdesmarais@desmaraisllp.com
klimbeek@desmaraisllp.com
cmaier@desmaraisllp.com
jmalz@desmaraisllp.com
bluehrs@desmaraisllp.com
jwelsh@desmaraisllp.com
jkringstein@desmaraisllp.com

jprzybylski@desmaraisllp.com
colsheski@desmaraisllp.com
jseddon@desmaraisllp.com
awann@desmaraisllp.com
rhabbaz@desmaraisllp.com
lmatalon@desmaraisllp.com
tcho@desmaraisllp.com
ebalsam@desmaraisllp.com
preilly@desmaraisllp.com
mweisfeiler@desmaraisllp.com
rthorne@desmaraisllp.com
pbondor@desmaraisllp.com

Peter C. Magic
Kyle Curry
Maria Tartakovsky
Emily N. Weber
Desmarais LLP
101 California Street, Suite 3070
San Francisco, CA 94111
pmagic@desmaraisllp.com
kcurry@desmaraisllp.com
mtartakovsky@desmaraisllp.com
nweber@desmaraisllp.com

David J. Cho
David J. Shaw
Desmarais LLP
1899 Pennsylvania Avenue NW, Suite 400
Washington, DC 20006
dcho@desmaraisllp.com
dshaw@desmaraisllp.com

Jennifer Milici
Dominic Vote
Leon B. Greenfield
Heath Brooks
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
jennifer.milici@wilmerhale.com
dominic.vote@wilmerhale.com
leon.greenfield@wilmerhale.com
heath.brooks@wilmerhale.com

Mark A. Ford
Vinita Ferrera
Wilmer Cutler Pickering Hale and Dorr LLP

60 State Street
Boston, MA 02109
mark.ford@wilmerhale.com
vinita.ferrera@wilmerhale.com

Lydia Turnage
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
lydia.turnage@wilmerhale.com

Lauren Ige
Cristina Salcedo
Wilmer Cutler Pickering Hale and Dorr LLP
250 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
lauren.ige@wilmerhale.com
cristina.salcedo@wilmerhale.com

Bethany Stevens
Hannah Cannom
Walker Stevens Cannom LLP
500 Molino Street, Suite 118
Los Angeles, CA 90013
bstevens@wscllp.com
hcannom@wscllp.com

AppleMasimoService@desmaraisllp.com

whmasimoantitrustservice@wilmerhale.com

IPservice@potteranderson.com


*/s/ Megan C. Haney*
Megan C. Haney (#5016)