# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MASIMO CORPORATION,     )
)
     Plaintiff,     )
)     C.A. No. 09-80-LPS-MPT
     v.     )     (Consolidated)
)
PHILIPS ELECTRONICS NORTH AMERICA     )     **JURY TRIAL DEMANDED**
CORPORATION and PHILIPS MEDIZIN     )
SYSTEME BÖBLINGEN GMBH,     )
)
     Defendants.     )

## DEFENDANTS' FIRST AMENDED ANSWER AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S SECOND AMENDED COUNTERCLAIMS TO MASIMO'S FIRST AMENDED COMPLAINT

Defendants Philips Electronics North America Corporation and Philips Medizin Systeme Böblingen Gmbh (collectively "Philips") by and through undersigned counsel, hereby answer the First Amended Complaint ("Complaint") filed by plaintiff Masimo Corporation ("Masimo"). Philips hereby responds in numbered paragraphs corresponding to the numbered paragraphs of the Complaint, and in doing so denies the allegations of the Complaint except as specifically stated:

## I. PARTIES

1.     Plaintiff Masimo is a corporation incorporated under the laws of Delaware and has its principal place of business at 40 Parker, Irvine, California 92618.

ANSWER: Philips is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 and on that basis denies each and every such allegation.

2.     Upon information and belief, Defendant Philips Electronics North America Corporation ("Philips NA") is a Delaware corporation having its principal place of business at 3000 Minuteman Rd., Andover, Massachusetts 01810. Defendant Philips NA resides in Delaware and is subject to personal jurisdiction in Delaware.

375.     As a result of Masimo's infringement of the '074 patent, Philips Electronics has been and continues to be damaged in an amount yet to be determined.

376.     Upon information and belief, unless enjoined, Masimo and/or others acting on behalf of Masimo, will continue their infringing acts, thereby causing additional irreparable injury to Philips Electronics for which there is no adequate remedy at law.

### COUNTERCLAIM 42: INFRINGEMENT OF THE '745 PATENT

377.     Philips Electronics repeats and realleges Paragraphs 110-376 above as if fully set forth herein.

378.     United States Patent No. 5,337,745 ("the '745 patent"), entitled "Device and Method for In Vivo Qualitative or Quantative Measurement of Blood Chromophore Concentration Using Blood Pulse spectrophotometry" was duly and lawfully issued on August 16, 1994. A true and correct copy of the '745 patent is attached hereto as Exhibit G.

379.     Philips Electronics is the owner of all right, title and interest in the '745 patent, including the right to sue and recover damages for infringement.

380.     Masimo has infringed, directly, by inducement, and/or contributorily, one or more claims of the '745 patent at least by making, using, selling and/or offering to sell in the United States products using Masimo Rainbow SET technology, including without limitation, the Radical-7 monitor, Rad-87 monitor, and Rad-57 monitor.

381.     As a result of Masimo's infringement of the '745 patent, Philips Electronics has been damaged in an amount yet to be determined.

### COUNTERCLAIM 43:  DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '984 PATENT

382.     Philips Electronics repeats and realleges Paragraphs 110-381 above as if fully set forth herein.

383.     An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the enforceability of the '984 patent.

384.     Each individual associated with the patent owner in a reexamination proceeding has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability in a reexamination proceeding. 37 C.F.R. § 1.555(a).

385.     As part of the duty of candor and good faith in dealing with the PTO, each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability. MPEP § 2001.04.  This "duty to disclose the information exists with respect to each claim pending in the reexamination proceeding until the claim is cancelled." 37 C.F.R. § 1.555(a). This duty applies equally to reexamination proceedings.  MPEP § 2014. This duty includes the duty to correct known errors made by the PTO.  A breach of this duty may constitute inequitable conduct or "fraud on the PTO," rendering the patent unenforceable.

386.     Information is material to patentability when "[i]t refutes, or is inconsistent with, a position the applicant takes in:  (i) [o]pposing an argument of unpatentability relied on by the Office, or (ii) [a]sserting an argument of patentability."   37 C.F.R. § 1555(b); MPEP § 2001.05(b)(2).

387.     Individuals owing a duty to disclose to the PTO are "(1) Each inventor named in the application; (2) Each attorney or agent who prepares or prosecutes the application; and (3) Every other person who is substantively involved in the preparation or prosecution of the

application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application."  MPEP § 2001.01; *see also* 37 C.F.R. § 1.56(c).

388.    For the reasons set forth in greater detail below, on information and belief, the '984 patent is unenforceable as a result of inequitable conduct before the PTO based on John M. Grover's, Stephen C. Jensen's, Jarom Kesler, and Joe E. Kiani's failure to comply with their absolute duty of candor and good faith before the PTO.  Upon information and belief, as set forth below in detail, Messrs. Grover, Jensen, Kesler, and Kiani knowingly and deliberately took a position with the PTO in opposing an argument of unpatentability during a reexamination proceeding.  That position was inconsistent with the Summary Judgment Report & Recommendation (D.I. 662) and the Summary Judgment Order (D.I. 776-777) regarding the interpretation of asserted claims 1-5, 15, 16, 19, 20, 22, and 52-54 of the '984 patent.  Upon learning of this Court's ruling regarding the interpretation of those claims, each of Messrs. Grover, Jensen, Kesler and Kiani failed to inform the PTO that Masimo's purported distinctions over the prior art were inconsistent with that the Summary Judgment Report & Recommendation and the Summary Judgment Order.  Moreover, upon learning that the PTO had confirmed the claims of the '984 patent during reexamination based on the position argued by Messrs. Grover, Jensen, Kesler, and Kiani, each of those individuals failed to correct the PTO's inconsistent determination and allowed the PTO to issue a reexamination certificate based on an interpretation of the asserted claims that is inconsistent with this Court's interpretation of the claims.  The Court's ruling regarding the interpretation of the claims of the '984 patent, and the inconsistent nature of Masimo's arguments to the PTO, was material to the PTO's consideration of the patentability of the asserted claims of the '984 patent.  But for the failure of Messrs. Grover, Jensen, Kesler, and Kiani to disclose information material to the patentability of the

asserted claims of the '984 patent during the reexamination proceeding and their failure to correct the patent examiner's erroneous interpretation of the claims during the reexamination proceeding, the claims of the '984 patent would not have been confirmed during reexamination. Additionally, the failure of John M. Grover, Stephen C. Jensen, Jarom Kesler and Joe. E. Kiani to correct the patent examiner's erroneous interpretation of the asserted claims of the '984 Patent during the reexamination proceeding after Philips informed Masimo and the Court of the patent examiner's erroneous interpretation of the asserted claims of the '984 Patent is affirmative egregious misconduct. Upon information and belief, Messrs. Grover's, Jensen's, Kesler's, and Kiani's failure to disclose the Court's rulings and their failure to correct the PTO's erroneous interpretation of the asserted claims of the '984 Patent was done so with the intent to deceive the PTO into confirming the asserted claims of the '984 patent during reexamination.

### A. Background and Timeline of Relevant Facts

389.    On February 3, 2009, Masimo filed this lawsuit accusing Philips Electronics of infringing, *inter alia*, the '984 patent. Among other things, Masimo accuses Philips Electronics of infringing the '984 patent, and has identified claims 1-5, 15, 16, 19, 20, 22, and 52-54 of the '984 patent as asserted claims.

390.    On September 5, 2012, a Request for *Ex Parte* Reexamination of the '984 patent was filed with the PTO. *See* Exhibit H. Pursuant to that Request, reexamination was ordered by the PTO on October 10, 2012 and the proceeding was assigned control number 90/012,463 ("'984 Reexamination") *See* Exhibit I. On May 6, 2014, a reexamination certificate issued from the '984 Reexamination ("'984 Certificate") confirming the patentability of claims 1-5, 15, 16, 19, 20, 22, and 52-54 over the prior art references cited during the '984 Reexamination. *See* Exhibit J.

391.     The law firm of Knobbe, Martens, Olson & Bear, LLP ("Knobbe") has represented and continues to represent Masimo in this litigation as well as in the '984 Reexamination proceeding. John M. Grover, Stephen C. Jensen, Jarom Kesler each hold the title of "Partner" with Knobbe. Each of John M. Grover, Stephen C. Jensen, and Jarom Kesler are listed as attorneys of record for Masimo in the '984 Reexamination proceeding. Stephen C. Jensen is listed as an attorney of record for Masimo in this litigation. *See* D.I. 103 (so ordered May 13, 2010).

392.     Joe E. Kiani is a founder and currently Chief Executive Officer & Chairman of the Board of Masimo as well as a named inventor of the '984 patent.

393.     Upon information and belief, each of John M. Grover, Stephen C. Jensen, Jarom Kesler, and Joe E. Kiani are aware of the proceedings in this litigation *and* the '984 Reexamination proceedings. John M. Grover and Jarom Kesler are attorneys of record for Masimo in the '984 Reexamination proceeding and have submitted documents related to this litigation to the PTO on Information Disclosure Statements during the '984 Reexamination. Steve C. Jensen is an attorney of record for Masimo in both this litigation and the '984 Reexamination proceeding. Mr. Jensen has had substantial substantive involvement in this litigation, including arguing motions, arguing at the claim construction hearing where the '984 Patent was addressed, and participating in mediations and settlement discussions regarding this litigation. Joe E. Kiani participated in an in-person interview conducted at the PTO on February 8, 2013 regarding the '984 Reexamination and, upon information and belief, is significantly involved in both the '984 Reexamination and this litigation (including submitting at least two declarations and sitting for at least two depositions in this litigation, participating in mediations

and settlement discussions regarding this litigation, and submitting two declarations in the '984 Reexamination).

394.    Independent asserted claim 1 of the '984 Patent (and thus each of its asserted dependent claims 2-5, 15, 16, 19, 20, and 22) recites "[a] physiological monitoring system . . . comprising: a signal processing device including [] a first calculator capable of utilizing a first calculation technique to determine at least a first ratio representative of at least one physiological characteristic of the pulsing blood based on at least one of the one or more intensity signals . . . , a second calculator capable of utilizing a second calculation technique different from the first calculation technique, to determine at least a second ratio representative of the at least one physiological characteristic based on at least one of the one or more intensity signals . . . , and a processing module configured to utilize at least one of the first and second calculators to determine a resulting value indicative of the at least one physiological characteristic.

395.    Independent claim 52 of the '984 Patent similarly recites "[a] method of determining a physiological characteristic of pulsing blood, the method comprising: . . . utilizing at least one of at least first and second calculation techniques to determine a value indicative of the physiological parameter based upon at least one of the first and second intensity signals."

396.    Independent claim 53 of the '984 patent (and thus its asserted dependent claim 54) similarly recites "[a] physiological monitoring system comprising: … a signal processing device including[]a first calculator capable of utilizing at first calculation technique to determine at least a first value representative of the at least one physiological characteristic of the pulsing blood, a second calculator capable of utilizing a second calculation technique different from the first calculation technique, to determine at least a second value representative of the at least one physiological characteristic, and a processing module which utilizes at least one of the first and

62

second calculators to determine a resulting value indicative of the at least one physiological characteristic. . . .”

397.     On February 18, 2011, Magistrate Judge Mary Pat Thynge issued her Report and Recommendation on Claim Construction (“*Markman* R&R”) with her constructions regarding various terms of the asserted patents.  *See* D.I. 210.  With respect to ‘984 patent, the only term in dispute was “calculation technique” in claims 1, 52, and 53.  The *Markman* R&R recommended that no construction was necessary for that term.  *Id.* at 8-9.  No other terms of the ‘984 patent were addressed by the *Markman* R&R.

398.     On January 17, 2012, District Judge Stark issued his *Markman* Order (“*Markman* Order”), which adopted the *Markman* R&R’s recommendation regarding “calculation technique.”  *See* D.I. 319 at 2.

399.     On May 8, 2012, Philips Electronics served the Expert Report of Dr. Robert Stone Regarding the Invalidity of Masimo’s Patents-In-Suit (U.S. Patent No. 5,632,272, U.S. Patent No. 6,263,222, U.S. Patent No. 7,215,984, and U.S. Patent No. 6,699,194) (“Stone Invalidity Rpt”) (D.I. 429, Exhibit 14A).  In the Stone Invalidity Report, Dr. Stone opined that asserted claims 1-4, 15, 19, 22, 52, and 53 of the ‘984 patent were invalid as anticipated by U.S. Patent No. 4,911,167 to Corenman (“Corenman”), U.S. Patent No. 5,355,882 to Ukawa (“Ukawa”), U.S. Patent No. 4,955,379 to Hall (“Hall”), and European Patent Publication No. EP 0352923 to Baxter International, Inc., (“EP ‘923”),  Additionally, Dr. Stone opined that asserted claims 5 and 20 were invalid as anticipated by Corenman, Ukawa, and Hall.  Dr. Stone also opined that claims 16 and 54 of the ‘984 Patent are Obvious over Ukawa.

400.     On June 18, 2012, Masimo served the Rebuttal Expert Report of Professor Gail D. Baura, Ph.D. Regarding the Validity of Masimo’s U.S. Patent Nos. 5,632,272; 6,263,222;

7,215,984; and 6,699,194 ("Baura Validity Rpt") (D.I. 431, Exhibit 23). In the Baura Validity Report, Dr. Baura opined that the asserted claims of the '984 patent were valid over the references cited by Dr. Stone in the Stone Invalidity Report. Specifically, she opined that the references cited by Dr. Stone do not disclose "parallel, alternative calculations of a signal to determine first and second ratios," which she stated is required by the asserted claims of the '984 patent. *See, e.g., id.* at 47-77. Dr. Baura further argued that none of references, including *Hall*, anticipate the asserted claims of the '984 Patent. For instance, Dr. Baura opinioned "Hall does not disclose the use of parallel, alternative calculations of a signal to determine first and second values, and a utilization of one of the calculations to determine a resulting value. Moreover, Hall does not disclose utilization of one of the parallel calculations based at least in part on a property of the signal." *Id.* at 48.

401.    In light of Dr. Baura's opinion regarding interpretation of the claims of the '984 patent, it became clear that the parties had a dispute regarding interpretation of the asserted claims of the '984 patent that had not been addressed by the *Markman* R&R or the *Markman* Order.

402.    On August, 14, 2012, Philips Electronics filed its Opening Brief in Support of Defendant's Motion for Summary Judgment of Invalidity and Noninfringement of U.S. Patent No. 7,215,984 ("'984 Motion") (D.I. 395). In the '984 Motion, Philips Electronics presented the parties' dispute regarding interpretation of the asserted claims of the '984 patent to the Court for the first time. D.I. 395 at 6-10. Specifically, Philips Electronics argued that "the claims plainly recite 'a signal processing device' having a first calculator ***capable of*** utilizing a first calculation technique and a second calculator ***capable of*** utilizing a second calculation technique. The signal processing device also includes a 'processing module' that utilizes ***at least one*** of the two

Case 1:32-cv-01378-MN-JLH Document 309-2 Filed 10/30/23 Page 11 of 30 PageID #:
22815
Case 1:09-cv-00080-LPS Document 855 Filed 09/03/14 Page 65 of 84 PageID #:25783

calculators." *Id.* at 7. Philips Electronics also argued that under the correct interpretation, the asserted claims of the '984 patent are invalid over Hall and Ukawa. *Id.* at 10-17.

403. As mentioned above, on September 5, 2012, the '984 Reexamination was filed. *See* Exhibit H. The Request argued that the asserted claims of the '984 patent are invalid over, *inter alia*, Hall and Ukawa.

404. On September 21, 2012, Masimo filed its Answering Brief in Opposition to the '984 Motion ("Masimo Opposition") (D.I. 515). In its Opposition, Masimo argued that "[t]he claims require that a first calculator '*determine* at least a first ratio,' and a second calculator '*determine* at least a second ratio.' Thus, the claims require the calculators actually determine their respective ratios." D.I. 515 at 5.

405. On October 10, 2012, the PTO granted the Request for Reexamination, finding that, *inter alia*, Hall and Ukawa presented a substantial new question of patentability of the asserted claims of the '984 patent. *See* Exhibit I.

406. On January 23, 2013, the PTO issued a Non-Final Office Action rejecting all of the asserted claims of the '984 patent except claims 16 and 54 over, *inter alia*, Hall and Ukawa. *See* Exhibit K.

407. On February 8, 2013, the PTO held an in-person interview with John M. Grover, Stephen C. Jensen, and Joe E. Kiani. *See* Exhibit L (Examiner Interview Summary); Exhibit M (Applicant Interview Summary). According to the Applicant's summary of the interview, Messrs. Grover, Jensen, and Kiani argued that the PTO must apply "the same standards and cannons as the courts" in the '984 reexamination because the '984 patent had expired. *See* Exhibit M at 2-3. According to the Examiner's summary of the interview, Messrs. Grover, Jensen, and Kiani argued that the asserted claims require both calculators to actually determine

their respective ratios. *See* Exhibit L. Notably, this argument is the same argument that Masimo presented to the Court in the Masimo Opposition, discussed above. Indeed, the Examiner notes in his summary of the interview that Messrs. Grover, Jensen, and Kiani argued that "Ukawa fails to teach parallel paths for processing the same signals according to two different calculation techniques." And that "Hall teaches tunable filter but he fails to teach two different calculation techniques to process the inputted signals." *Id.* These are the same purported distinctions over Hall and Ukawa that Masimo advanced in the Masimo Opposition, discussed above.

408. Upon information and belief, although Masimo attached the Philips' Motion for Summary Judgment of Invalidity and Noninfringement of U.S. Patent No. 7,215,984 to its November 19, 2012 IDS, Messrs. Grover, Jensen, Kesler, and Kiani did not tell the Examiner that Philips Electronics disagreed with their interpretation of the claims during the interview with the Examiner, as set forth in the '984 Motion.

409. On March 25, 2013, Masimo responded to the PTO's Non-Final Office Action ("Response to Office Action"). *See* Exhibit N. The Response to Office Action was signed by Jarom Kesler. *Id.* at 59. The Response to Office Action argued that claims 1 and 53 "require both calculators 'to determine' ratios or values" and that "the p*r*ocessing module language of Claim 1 and 53 [sic] requires that both calculators operate in parallel." Exhibit N at 22-24, Similarly, the Response to Office Action argued that claim 52 "requires both tech*niqu*es be actually performed to determine a value" and that "both calculation techniques are used on overlapping intensity signals." *Id.* at 24-25. The Response to Office Action then argued that the asserted claims could be distinguished from the cited prior art, *inter alia*, Hall and Ukawa based on this claim interpretation. *Id.* at 42-51. Specifically, the Response to Office Action argued that "Ukawa does not teach two calcul*ato*rs that determine a ratio or a value representing the

Case 1:32-cv-01378-MN-JLH  Document 399-2  Filed 10/30/23  Page 13 of 30 PageID #:
22817
Case 1:09-cv-00080-LPS-JLH  Document 855  Filed 09/05/14  Page 67 of 84 PageID #:25785

same physiological characteristic as required by the claims at issue." *Id.* at 42-47. Similarly, the

Response to Office Action argued that Hall does not invalidate the asserted claims because the

disclosed "single ratio from the same bandpass filter cannot be ***both*** the first calculator and the

second calculator and provide both first and second ratios, as required by Claim 1." *Id.* at 47-51.

410.    The Response to Office Action does not state that Philips Electronics disagreed

with the interpretation of the asserted claims, as set forth in the '984 Motion.

411.    One week after the Response to the Office Action, on April 2, 2013, Magistrate

Judge Thynge issued her Report and Recommendations regarding the parties' summary

judgment motions, including her recommendation regarding the '984 Motion ("Summary

Judgment R&R") (D.I. 662).    The Summary Judgment R&R <u>rejected</u> the interpretation of the

asserted claims of the '984 patent argued by Masimo in its Opposition, argued by Messrs.

Grover, Jensen, and Kiani during the interview with the PTO, and argued by Mr. Kesler in the

Response to Office Action.    *See* D.I. 662 at 42-51. Specifically, the Court agreed with Philips

Electronics that the asserted claims do <u>not</u> require the actual calculation of two ratios.    Rather,

while they require the capability of utilizing two calculators, they only require that one calculator

be utilized to calculate a ratio at any given time. *Id.* Particularly, the Court held:

> The court agrees with Philips' interpretation.  As Philips notes, the claim
> requires, e.g., 'a first calculator *capable of* utilizing a first calculation
> technique to determine at least a first ratio.'  Rather than writing the
> limitation as 'a first calculator utilizing a first calculation technique to
> determine at least a first ratio.' The drafter included the 'capable of'
> language which indicates the ability of a 'first calculator' to 'determine at
> least a first ratio,' **not that both the first and second calculators are**
> **required to actually calculate a physiological characteristic every time**
> **a calculation is performed**.  [*See* D.I. 662 at 48 (emphasis added).]
>
> As with Philips' previous argument, the court agrees the use of 'at least
> one' demonstrates **the claim does not require the processing module to**
> **utilize both calculators**.  Contrary to Masimo's assertion, that
> interpretation does not render one of the calculators useless.  Output from
> both calculators might be utilized by the processing module, but the claim

does not include that requirement." [*See* D.I. 662 at 50-51 (emphasis added).]

412.    Masimo did not object to Magistrate Thynge's interpretation of the asserted claims of the '984 patent in its objections filed April 19, 2013. (D.I. 674).

413.    On April 29, 2013, John M. Grover submitted an Information Disclosure Statement ("April 29, 2013 IDS") to the PTO that included, *inter alia*, the Summary Judgment R&R. *See* Exhibit O. The April 29, 2013 IDS included an "explanation of relevance" that merely pointed out the pages in the Summary Judgment R&R discussing all of the parties' arguments on summary judgment regarding the '984 patent (including invalidity and noninfringement issues). Exhibit O at 2-5. The April 29, 2013 IDS stated "In the Report and Recommendation, Magistrate Thynge construed claim elements of the '984 Patent. These claim constructions can be found at least on page 42 through 51 of the Report and Recommendation." *Id.* at 5. The April 29, 2013 IDS failed to point out to the PTO that the Summary Judgment R&R had explicitly rejected the claim interpretation that Messrs. Grover, Jensen, and Kiani argued during the interview with the Examiner and that Mr. Kesler had argued in the Response to Office Action. Nor did the IDS point out to the PTO that the Summary Judgment R&R had, on the basis of rejection of Masimo's claim interpretation, explicitly rejected the only purported distinctions between the asserted claims and the Hall and Ukawa references that Messrs. Grover, Jensen, and Kiani argued during the interview with the Examiner and that Mr. Kesler had argued in the Response to Office Action.

414.    On March 31, 2014, Judge Stark issued his Opinion and Order regarding the parties' summary judgment motions (D.I. 776-777) ("Summary Judgment Order"). The Summary Judgment Order adopted the Summary Judgment R&R's interpretation of the asserted claims of the '984 Patent discussed above. Masimo did not provide the Summary Judgment

Order to the PTO during the reexamination of the '984 Patent. Upon information and belief, Masimo did not inform the PTO of the existence of the Summary Judgment Order.

415.     On April 10, 2014, the PTO issued a Notice of Intent to Issue Reexamination Certificate ("NIRC"), confirming the asserted claims over the cited prior art references including, *inter alia*, Hall and Ukawa. Exhibit P. The NIRC makes clear that the PTO must consider the claims in accordance with the Court's decisions regarding claim construction and interpretation. *Id.* at 12. However, the NIRC only indicates that the PTO is relying on the *Markman* R&R and Order. *Id.* Particularly, the PTO did not address the terms of the asserted claims of the '984 Patent that were interpreted by the Court in the Summary Judgment R&R' and the Summary Judgment Order. There is no indication in the NIRC that the PTO is aware of the Summary Judgment R&R or Order, and no indication that the PTO is applying the interpretation of the claims adopted by the Summary Judgment R&R or Order. Indeed, the Examiner relied on Markman R&R and Markman Order when she interpreted the claims, " the claims considered herein are interpreted in accordance with the court decision resulting from the litigation of [present litigation] explained in Joint Claim Contraction and Stipulations." *Id.* at 12. The NIRC makes clear that it is adopting the claim interpretation argued by Messrs. Grover, Jensen, and Kiani during the interview with the PTO and argued by Mr. Kesler in the Response to Office Action. *Id.* at 15-16 (summarizing the argument). The NIRC specifically indicates that the Examiner found "Patent Owner's argument persuasive" and notes that "Hall does not explicitly teach two ratios." *Id.* at 16. As such, it is clear that the PTO did not apply the Court's interpretation of the claims set forth in the Summary Judgment R&R or Order, in which the Court rejected Masimo's interpretation of the claims to require "parallel, alternative calculations."

Case 1:32-cv-01378-MN-JLH   Document 309-2   Filed 10/30/23   Page 16 of 30 PageID #:
22820
Case 1:09-cv-00080-LPS   Document 855   Filed 05/05/14   Page 70 of 84 PageID #:25788

416.     On April 11, 2014, Masimo submitted to the Court a Statement of Recent
Decision by the PTO Confirming the Patentability of the Asserted Claims of the '984 Patent.
D.I. 783.   The Statement indicates that "the USPTO considered both Hall and Ukawa and
confirmed the patentability of all of [the asserted] claims."   *Id.*   The Statement fails to indicate
that in confirming the asserted claims over Hall and Ukawa, the PTO applied a claim
construction that was explicitly rejected by this Court during summary judgment.

417.     On April 15, 2014, Philips Electronics notified the Court (with a copy to
Masimo) that the NIRC "was based on a construction of the asserted claims urged by Masimo on
March 25, 2013 and rejected by the Court one week later on April 2, 2013."   D.I. 789.   Philips
noted that Masimo "allowed the claims to be confirmed based on that rejected claim
construction" and, "[a]s such, the PTO's Decision is a finding that is contradictory to this Court's
claim construction."   *Id.* (citing In re Rambus, 694 F.3d 42, 46 (Fed. Cir. 2012)).

418.     On May 6, 2014, the PTO issued the '984 Certificate.   Exhibit J.

419.     Twenty-seven (27) days passed between the time the PTO issued the NIRC to
the time it issued the '984 Certificate.   During that time, Philips informed Masimo, as set forth
above, of its improper failure to inform the PTO of the inconsistency between its arguments that
were accepted by the PTO and the Court's claim construction of the '984 Patent.   Despite clearly
knowing about the inconsistency, upon information and belief, during that time Messrs. Grover,
Jensen, Kesler, or Kiani did not make any effort to inform the PTO that the basis for its
confirmation of the asserted claims of the '984 patent had been rejected by the Court in the
Summary Judgment R&R and the Summary Judgment Order.   Indeed, despite their knowledge
that this Court had rejected the very claim construction they had argued to the PTO, and despite
the fact that Philips pointed this out in it's April 15, 2014 filing, Messrs. Grover, Jensen, Kesler,

and Kiani allowed the PTO to proceed in issuing a reexamination certificate in the '984 reexamination.

420.     By statute, after filing the petition for *ex parte* reexamination on the '984 patent, Philips had no mechanism to participate in the reexamination proceeding such that it could inform the PTO of the inconsistency of Masimo's arguments with the Court's claim construction, and instead had to rely on Masimo to inform the PTO, which Masimo failed to do.

**B.   The '984 Patent is Unenforceable for Inequitable Conduct During Reexamination Proceedings Before the PTO**

### *i.   The Summary Judgment R&R and Order are Material to the Patentability of the Asserted Claims of the '984 Patent*

421.     Each of the asserted claims 1-5, 15, 16, 19, 20, 22, and 52-54 of the '984 patent were the subject of the '984 Reexamination.  Asserted claims 1-5, 15, 16, 19, 20, and 22 of the '984 patent recites a "[first/second] calculator capable of utilizing a [first/second] calculation technique [] to determine at least a [first/second] ratio representative of [the] at least one physiological characteristic [. . .] based on at least one of the one or more intensity signals" and " a processing module configured to utilize at least one of the first and second calculators to determine a resulting value indicative of the at least one physiological characteristic."  Asserted claim 52 recites "utilizing at least one of at least first and second calculation techniques to determine a value indicative of the physiological parameter based upon at least one of the first and second intensity signals."  Asserted claims 53-54 recite "a [first/second] calculator capable of utilizing a [first/second] calculation technique [] to determine at least a [first/second] value representative of the at least one physiological characteristic" and "a processing module which utilizes at least one of the first and second calculators to determine a resulting value indicative of the at least one physiological characteristic. . . ."

422.     The Summary Judgment R&R and Summary Judgment Order are material to the interpretation of the limitations of the asserted claims of the '984 patent recited in the preceding paragraph, and thus are material to the patentability of the asserted claims of the '984 patent. During summary judgment, the parties presented a dispute regarding the meaning of these claim limitations to the Court.  *See* D.I. 395 at 6-10; D.I. 593 at 2-6; D.I. 515 at 4-6.  The Summary Judgment R&R agreed with Philips Electronics' interpretation of these claim limitations and disagreed with Masimo's interpretation of these claim limitations.  *See* D.I. 662 at 42-51. Specifically, the Summary Judgment R&R held that none of the asserted claims require the actual calculation of two ratios.  *See* D.I. 662 at 50-51.  Rather, the Summary Judgment R&R held that while the claim limitations require the capability of utilizing two calculators, they only require that one calculator be utilized to calculate a ratio at any given time.  *Id.*  Masimo did not object to the Summary Judgment R&R's interpretation of the asserted claims of the '984 Patent, and thus that interpretation was adopted by Judge Stark in the Summary Judgment Order.  D.I. 776 at 7.

423.     Masimo does not dispute that the PTO was obligated to use this Court's interpretation of the claims of the '984 Patent in considering the validity of the claims over the cited prior art.  As Messrs. Grover, Jensen, Kesler, and Kiani pointed out during the interview and in the Response, the claims "must be construed in the same way a District Court construes claims."  Exhibit N (Response to Office Action) at 19-20; Exhibit M (Applicant Interview Summary) at 2.  This was clearly understood by the patent examiner, who noted in the NIRC that she was obligated to interpret the claims "in accordance with the court decision resulting from [this] litigation. . . ."  Exhibit P (NIRC) at 12.

424.     Upon information and belief, Messrs. Grover, Jensen, Kesler, and Kiani failed to note that the Summary Judgment R&R had rejected the interpretation of the claims they urged the patent examiner to adopt during both the interview and in the Response.  Moreover, upon information and belief, Messrs. Grover, Jensen, Kesler, and Kiani failed to disclose the Summary Judgment Order adopting that interpretation of the claims.   And then, even after the patent examiner indicated she had found "Patent Owner's argument persuasive" and was confirming the claims based on that interpretation, Messrs. Grover, Jensen, Kesler, and Kiani did nothing to correct the PTO's error.  *See* Exhibit P (NIRC) at 15-16 (summarizing Masimo's argument during prosecution of the reexamination).  These failures by Messrs. Grover, Jensen, Kesler, and Kiani meet the "but-for" standard for materiality—the failures were material because the patent examiner would not have confirmed the claims had she known that Masimo's interpretation was rejected by the Court.  This is particularly apparent given that Masimo's own technical expert, Dr. Gail Baura, admitted during her deposition that she could not provide any distinctions over the prior art references cited in both the '984 Motion and in the '984 Reexamination (including, *inter alia*, the Hall reference) under the Court's interpretation of many of the claims as set forth in the Summary Judgment R&R and Order.  Indeed, during her deposition, Dr. Baura admitted that her only basis for disputing invalidity of many of the asserted claims was the interpretation of the claims Messrs. Grover, Jensen, Kesler, and Kiani argued to the PTO during the interview and in the Response.  *See* D.I. 431, Exhibit 25 (Baura Depo. Tr. (7/16/2012)) at 270:6-10, 272:4-7, 263:22-264:3, 268:7-8; D.I. 431, Exhibit 23 (Baura Validity Rpt) at 67, 77; Exhibit L (Examiner Interview Summary) at 2; Exhibit N (Response to Office Action) at 36-55.

425.     The failure by Messrs. Grover, Jensen, Kesler, and Kiani to correct the patent examiner after Philips pointed out the examiner's erroneous interpretation of the claims rises to

the level of "affirmative egregious misconduct."  As discussed above, the day after the PTO issued the NIRC, Masimo filed its Statement of Recent Decision touting the PTO's confirmation of the claims.  *See* D.I. 783.  Philips then filed a letter with the Court specifically noting "that the PTO's Decision was based on a construction of the asserted claims urged by Masimo on March 25, 2013 and **rejected** by the Court one week later on April 2, 2013."  *See* D.I. 789 at 1.  Thus, Philips noted, "the PTO's Decision is a finding that is contradictory to this Court's claim construction."  *Id.*  Twenty-seven (27) days passed between the time the PTO issued the NIRC to the time it issued the '984 Patent Certificate.  During that time, despite Philips letter informing Masimo of the PTO's inconsistent claim interpretation, upon information and belief, Messrs. Grover, Jensen, Kesler, and Kiani made no effort to inform the PTO that the basis for its confirmation of the asserted claims of the '984 Patent had been rejected by the Court in the Summary Judgment R&R and Order.

> ### ii. John M. Grover, Stephen C. Jensen, Jarom Kesler And Joe. E. Kiani Knew Of The Summary Judgment R&R and Order and its Materiality to the Patentability of the Asserted Claims of the '984 Patent

426.   Upon information and belief, each of John M. Grover, Stephen C. Jensen, Jarom Kesler, and Joe E. Kiani knew about the Summary Judgment R&R and Order's Interpretation and its materiality to the patentability of the asserted claims of the '984 Patent.

427.   John M. Grover and Jarom Kesler have each submitted documents related to this litigation to the USPTO on Information Disclosure Statements during the '984 Reexamination, including submitting the Summary Judgment R&R and Order to the USPTO. Mr. Grover participated in an interview with the Examiner during which he argued that the asserted claims of the '984 patent are patentable over the cited prior art references (including, *inter alia*, the Hall reference) based on the same interpretation of the claims Masimo argued during summary judgment proceedings related to the '984 patent.  *See* Exhibit L.  Examiner Interview Summary

at 2.  Mr. Kesler submitted a response to an Office action in which he argued that the asserted claims of the '984 patent are patentable over the cited prior art references (including, *inter alia*, the Hall reference) based on the same interpretation of the claims Masimo argued during summary judgment proceedings related to the '984 patent.  *See* Exhibit N.  March 25, 2013 Response to Office Action at 36-55.  Thus, upon information and belief, both Messrs. Grover and Kesler were aware of the Summary Judgment R&R and Order and knew of their materiality to the patentability of the asserted claims of the '984 Patent.

428.    Steve C. Jensen is an attorney of record for Masimo in both this litigation and the '984 Reexamination proceeding.  Mr. Jensen has appeared at numerous hearings and arguments, including arguing at the claim construction hearing where the '984 Patent claims interpretation was addressed.   Mr. Jensen has also participated in numerous settlement and mediation discussions during the litigation.  Mr. Jensen also participated in an interview with the Examiner during which he argued that the asserted claims of the '984 patent are patentable over the cited prior art references (including, *inter alia*, the Hall reference) based on the same interpretation of the claims Masimo argued during summary judgment proceedings related to the '984 patent.  *See* Exhibit L (Examiner Interview Summary) at 2.  Thus, upon information and belief, Mr. Jensen was aware of the Summary Judgment R&R and Order and knew of their materiality to the patentability of the asserted claims of the '984 patent.

429.    The '984 Patent reexamination is not the first time Mr. Jensen has intentionally failed to inform the PTO of material and relevant District Court activity during prosecution of a patent related to the '984 Patent.  In 2005, the Federal Circuit affirmed the finding of the United States District Court for the Central District of California that Mr. Jensen had engaged in inequitable conduct with respect to the prosecution of another Masimo patent, U.S. Patent No.

Case 1:32-cv-01378-MN-JLH Document 389-2 Filed 10/30/23 Page 22 of 30 PageID #:
Case 1:09-cv-00080-LPS JLH Document 855 Filed 09/05/14 Page 76 of 84 PageID #:25794
22826

6,206,830 ("the '830 Patent").  The '830 Patent is also in the same patent family as the '984
Patent and similarly claims priority to March 7, 1991.  Mr. Jensen was substantively involved in
the prosecution of the application that led to the '830 Patent at the same time he was
substantively involved in litigation involving related patents.  *Mallinckrodt, Inc. et al. v. Masimo
Corp.*, 147 Fed. Appx. 158, 164 (Fed. Cir. 2005).  Indeed, as in this case, Mr. Jensen had
participated in the claim construction hearing at the district court.  *Id.* at 164-65.  The Federal
Circuit found Mr. Jensen had committed inequitable conduct by failing to inform the PTO of a
claim construction the District Court had issued in a related patent of a term that also appeared in
the claims of the application for the '830 Patent.  Based on that inequitable conduct, the Federal
Circuit affirmed the finding that the '830 Patent is unenforceable.  In so finding, the Federal
Circuit held "that Jensen did not disclose the *Masimo I* litigation to the PTO, when he for certain
knew about it since he was the lead attorney representing Masimo in that litigation, strongly
suggests that he intended to deceive the PTO."  *Id.* at 184.  Given this Federal Circuit finding
regarding Mr. Jensen's prosecution of patents in the same family of the '984 Patent, Mr. Jensen
should have been particularly aware of the importance of informing the PTO of related District
Court activity.  Joe E. Kiani is the founder and CEO of Masimo as well as a listed inventor of the
'984 patent.  Upon information and belief, Mr. Kiani is aware of the proceedings in this litigation
and the '984 Reexamination.  Mr. Kiani has signed four declarations and sat for two depositions
in this litigation.  Mr. Kiani has also participated in mediation and settlement discussions related
to the litigation.  Mr. Kiani also participated in an interview with the Examiner during which he
argued that the asserted claims of the '984 patent are patentable over the cited prior art references
(including, *inter alia*, the Hall reference) based on the same interpretation of the claims Masimo
argued during summary judgment proceedings related to the '984 patent.  Exhibit L (Examiner

Interview Summary) at 2. Mr. Kiani also signed two declarations during the '984 Reexamination. Thus, upon information and belief, Mr. Jensen was aware of the Summary Judgment R&R and Order and knew of their materiality to the patentability of the asserted claims of the '984 patent.

430. Upon information and belief, each of John M. Grover, Stephen C. Jensen, Jarom Kesler, and Joe E. Kiani knew that the interpretation of the asserted claims of the '984 patent they used to distinguish the cited prior art references (including, *inter alia*, the Hall reference) was rejected by this Court in the Summary Judgment R&R and Order. Upon information and believe, those individuals also knew that the purported distinctions over Hall and Ukawa they argued to the PTO were inconsistent with the Court's claim construction set froth in the Summary Judgment R&R and Order. Upon information and belief, each of John M. Grover, Stephen C. Jensen, Jarom Kesler, and Joe E. Kiani knew that the interpretation of the asserted claims was rejected by this Court at the time the USPTO issued the NIRC and before the PTO issued the '984 Certificate. *See* Exhibit P (NIRC); Exhibit J ('984 Certificate). Accordingly, upon information and belief, each of John M. Grover, Stephen C. Jensen, Jarom Kesler, and Joe E. Kiani knew that the Summary Judgment R&R and Order were material to the patentability of the asserted claims of the '984 patent during pendency of the '984 Reexamination, and that they were inconsistent with positions they had taken with the PTO.

431. Upon information and belief, the single most reasonable inference able to be drawn from the evidence is that Messrs. Grover, Jensen, Kesler, and Kiani deliberately failed to inform the patent examiner that Masimo's claim interpretation had been rejected and correct the patent examiner's erroneous claim interpretation after issuance of the NIRC, and that these failures were done with the intent to deceive the PTO into confirming the claims of the '984

Case 1:32-cv-01378-MN-JLH Document 389-2 Filed 10/30/23 Page 24 of 30 PageID #:
22828
Case 1:09-cv-00080-LPS Document 855 Filed 09/03/14 Page 78 of 844 PageID #:925796

patent. As discussed above, each of Masimo's Representatives knew about the Court's Summary

Judgment R&R and Order and the fact they rejected the claim construction Messrs. Grover,

Jensen, Kesler, and Kiani urged the PTO to adopt. Nonetheless, Messrs. Grover, Jensen, Kesler,

and Kiani failed to inform the PTO about the Court's interpretation of the claims even after the

patent examiner made absolutely clear she was confirming the claims based on Masimo's

rejected claim construction. *See* Exhibit. P (NIRC) at 15-16.

> ### iii. John M. Grover, Stephen C. Jensen, Jarom Kesler And Joe. E. Kiani Failed to Inform the PTO of the Summary Judgment R&R's and Order's Interpretation of the Asserted Claims of the '984 Patent and Failed to Correct the PTO After Learning the PTO Confirmed The Asserted Claims of the '984 Patent Based on an Interpretation of the Claims Inconsistent with the Summary Judgment R&R's and Order's Interpretation of the Asserted Claims

432. Each of John M. Grover, Stephen C. Jensen, Jarom Kesler And Joe. E. Kiani

failed to inform the PTO that the Summary Judgment R&R rejected the interpretation of the

asserted claims of the '984 patent they used to distinguish the cited prior art references

(including, *inter alia*, the Hall reference). While John M. Grover submitted the Summary

Judgment R&R to the PTO in an IDS on April 20, 2013 , Mr. Grover did not inform the PTO

that this Court had rejected the same interpretation of the asserted claims of the '984 Patent he

had used to distinguish the cited prior art references (including, *inter alia*, the Hall reference)

during the interview and in the response to the Office action. *See* Exhibit L (Examiner Interview

Summary) at 2; *see* Exhibit N (March 25, 2013 Response to Office Action) at 36-55.

433. Upon information and belief, each of John M. Grover, Stephen C. Jensen, Jarom

Kesler and Joe. E. Kiani did not inform the PTO of the Summary Judgment Order in which the

Court adopted the Summary Judgment R&R's interpretation of the asserted claims of the '984

Patent (D.I. 776-777).

Case 1:32-cv-01378-MN-JLH Document 309-2 Filed 10/30/23 Page 25 of 30 PageID #:
22829
Case 1:09-cv-00080-LPS-JLH Document 855 Filed 09/03/14 Page 79 of 84 PageID #:25797

434.     On April 10, 2014, the PTO issued the NIRC, which indicated that the PTO was
confirming each of the asserted claims of the '984 patent based on the interpretation of the
asserted claims of the '984 patent argued by John M. Grover, Stephen C. Jensen, Jarom Kesler
and Joe. E. Kiani during the interview and response to the Office action. *See* Exhibit P (NIRC)
at 13-19.  Upon information and belief, each of John M. Grover, Stephen C. Jensen, Jarom
Kesler and Joe. E. Kiani were aware of the NIRC and the fact that the PTO was confirming the
claims based on the interpretation of the asserted claims of the '984 patent that was rejected by
the Court in the Summary Judgment R&R and Order.  Regardless, each of John M. Grover,
Stephen C. Jensen, Jarom Kesler and Joe. E. Kiani failed to correct the PTO's interpretation of
the asserted claims of the '984 patent and allowed the '984 Certificate to issue based on the
interpretation of the claims rejected by the Summary Judgment R&R and Order.  In fact, none of
John M. Grover, Stephen C. Jensen, Jarom Kesler and Joe. E. Kiani, or anyone else representing
Masimo or affiliated with Masimo made any submissions to the PTO regarding the '984
Reexamination from the time the PTO issued the NIRC until it issued the '984 Certificate.

> ### iv. *If John M. Grover, Stephen C. Jensen, Jarom Kesler And Joe. E. Kiani Had Informed the PTO of the Summary Judgment R&R's and Order's Interpretation of the Asserted Claims of the '984 Patent and/or Corrected the PTO After Learning the PTO Confirmed the Asserted Claims of the '984 Patent Based on an Interpretation of the Claims Inconsistent with the Summary Judgment R&R's and Order's Interpretation of the Asserted Claims, the PTO Would Not Have Confirmed the Asserted Claims*

435.     Upon information and belief, if John M. Grover, Stephen C. Jensen, Jarom
Kesler and Joe. E. Kiani had informed the PTO that the Summary Judgment R&R and Order
rejected the interpretation of the asserted claims of the '984 patent they used to distinguish the
cited prior art references (including, *inter alia*, the Hall reference) or corrected the PTO after
learning the PTO confirmed the asserted claims of the '984 patent based on that interpretation of

Case 1:22-cv-01378-MN-JLH Document 389-2 Filed 10/30/23 Page 26 of 30 PageID #:
Case 1:09-cv-00080-LPS Document 855 Filed 09/03/14 Page 80 of 84 PageID #:925798
22830

the claims, the PTO would not have confirmed the asserted claims of the '984 patent. Rather,

upon information and belief, had the PTO known that the Summary Judgment R&R and Order

had rejected the interpretation of the asserted claims of the '984 patent Messrs. Grover, Jensen,

Kesler, and Kiani used to distinguish the cited prior art references (including, *inter alia*, the Hall

reference), the PTO would have rejected the asserted claims of the '984 patent over the cited

prior art references (including, *inter alia*, the Hall reference).    Indeed, the NIRC specifically

stated that the PTO was confirming the asserted claims of the '984 patent based on the

interpretation of those claims presented by Messrs. Grover, Jensen, Kesler, and Kiani.

Moreover, Masimo's Technical Expert,  Dr. Baura admitted during her deposition that she could

not provide any distinctions over the cited prior art references (including, *inter alia*, the Hall

reference) under the Court's interpretation of many of the claims as set forth in the Summary

Judgment R&R and Order.  Indeed, during her deposition, she admitted that her only basis for

disputing invalidity of many of the asserted claims was the interpretation of the claims Messrs.

Grover, Jensen, Kesler, and Kiani argued to the PTO during the interview and in the response to

the Office action.  *See* D.I. 431, Exhibit 25 (Baura Depo. Tr. (7/16/2012)) at 270:6-10, 272:4-7,

263:22-264:3, 268:7-8; D.I. 431, Exhibit 23 (Baura Validity Rpt) at 67, 77; Exhibit L (Examiner

Interview Summary) at 2; Exhibit N (March 25, 2013 Response To Office Action) at 36-55.

    436.    Upon information and belief, John M. Grover, Stephen C. Jensen, Jarom Kesler

and Joe. E. Kiani purposefully withheld from the PTO the Summary Judgment R&R and Order's

interpretation of the asserted claims of the '984 patent to overcome PTO's earlier rejection.

Additionally, upon information and belief, Messrs. Grover, Jensen, Kesler, and Kiani

purposefully did not correct the PTO's interpretation of the asserted claims of the '984 patent

after learning that the PTO had confirmed the claims based on the interpretation of those claims

rejected by the Court. Upon information and belief, the failure to inform the PTO and failure to correct the PTO by Messrs. Grover, Jensen, Kesler, and Kiani was done with the intent to deceive the PTO.

> ### v. The Failure by John M. Grover, Stephen C. Jensen, Jarom Kesler And Joe. E. Kiani to Correct the PTO After Learning the PTO Confirmed the Asserted Claims of the '984 Patent Based on an Interpretation of the Claims Inconsistent with the Summary Judgment R&R's and Order's Interpretation of the Asserted Claims was Affirmative Egregious Misconduct

437. The failure by Messrs. Grover, Jensen, Kesler, and Kiani to correct the patent examiner after Philips pointed out the examiner's erroneous interpretation of the claims rises to the level of "affirmative egregious misconduct." As discussed above, the day after the PTO issued the NIRC, Masimo filed its Statement of Recent Decision touting the PTO's confirmation of the claims. *See* D.I. 783. Philips then filed a letter with the Court specifically noting "that the PTO's Decision was based on a construction of the asserted claims urged by Masimo on March 25, 2013 and **rejected** by the Court one week later on April 2, 2013." *See* D.I. 789 at 1. Thus, Philips noted, "the PTO's Decision is a finding that is contradictory to this Court's claim construction." *Id.* Twenty-seven (27) days passed between the time the PTO issued the NIRC to the time it issued the '984 Patent Certificate. During that time, despite Philips letter informing Masimo of the PTO's inconsistent claim interpretation, upon information and belief, Messrs. Grover, Jensen, Kesler, and Kiani made no effort to inform the PTO that the basis for its confirmation of the asserted claims of the '984 Patent had been rejected by the Court in the Summary Judgment R&R and Order.

### C. The '984 Patent is Unenforceable for Inequitable Conduct During Reexamination Proceedings of the '984 Patent

438. Accordingly, on information and belief and in light of the allegations in paragraphs 382-437 above, the '984 Patent is unenforceable due to inequitable conduct

81

committed by John M. Grover, Stephen C. Jensen, Jarom Kesler and Joe. E. Kiani during the '984 Reexamination.

439.    Based on the foregoing, Philips Electronics seeks a declaratory judgment that the '984 patent is unenforceable due to inequitable conduct.

440.    This case qualifies as an exceptional case under 35 U.S.C. § 285.

## COUNTERCLAIM 44: DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '272 PATENT, '850 PATENT, '222 PATENT, 917 PATENT, 060 PATENT, '958 PATENT, '741 PATENT AND '154 PATENT

441.    Philips Electronics repeats and realleges Paragraphs 110-440 above as if fully set forth herein.

442.    Based on the inequitable conduct committed by Messrs. John M. Grover, Stephen C. Jensen, Jarom Kesler and Joe. E. Kiani during the '984 Reexamination, any and all patents or patent applications that are in the same patent family and claim the same priority date as the '984 patent are also unenforceable due to inequitable conduct under the doctrine of infectious unenforceability. *See, e.g., Consolidated Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804 (Fed. Cir. 1990). The basis to extend unenforceability to other patents in the same patent family as the '984 Patent is particularly strong here as this is the second time Masimo, and Mr. Jensen in particular, has committed inequitable conduct with respect to patents in the same family by failing to inform the PTO of significant related District Court activity.

443.    Each of the '272 Patent, '850 Patent, '222 Patent, '917 Patent, '060 Patent, '958 Patent, '741 Patent and '154 Patent are related to the '984 Patent. Each of the patents recited herein claims priority to one or more of the same parent applications and/or patents. Thus each of these patents is in the same patent family and/or claim the same priority date as the '984 Patent.

444.  Based on the foregoing, Philips seeks declaratory judgment that each of the '272 Patent, '850 Patent, '222 Patent, '917 Patent, '060 Patent, '958 Patent, '741 Patent and '154 Patent are also unenforceable due to inequitable conduct.

445.  This case qualifies as an exceptional case under 35 U.S.C. § 285.

**PRAYER FOR RELIEF ON PHILIPS ELECTRONICS' COUNTERCLAIMS**

WHEREFORE, Philips Electronics prays for the following relief:

A.  deny any and all relief requested by Masimo, as set forth in the Complaint and dismiss the Complaint with prejudice;

B.  enter judgment that Masimo infringes the '165, '791, '550, '786, '233, '588 '535, '074 and '745 patents;

C.  declare that Philips Electronics does not infringe the '272, '952, '850, '222, '065, '917, '194, '060, '028, '984, '958, '741, '154, and '949 patents;

D.  declare that the '272, '952, '850, '222, '065, '917, '194, '060, '028, '984, '958, '741, '154, and '949 patents are invalid;

E.  declare that the '272, '952, '850, '222, '065, '917, '194, '060, '028, '984, '958, '741, '154, and '949 patents are unenforceable;

F.  award Philips Electronics a permanent injunction restraining Masimo, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, from further infringement of the '550, '786, '233, '588 '535, '074 and '745 patents;

G.  award Philips Electronics damages from Masimo adequate to compensate for Masimo's infringement, including interest and costs;

H.  award Philips Electronics treble damages as a result of Masimo's willful infringement of the '165, '535, '074, '786, and '588 patents;

I.  declare that Masimo has violated the Antitrust laws;

J.       award Philips Electronics the damages to which it is entitled under the Antitrust

laws, including treble damages, costs, and attorneys fees pursuant to 15 U.S.C. § 15(a);

K.       enjoin Masimo from engaging in the anticompetitive conduct alleged herein;

L.       declare this case to be exceptional and award Philips Electronic its reasonable

attorneys fees and costs; and

M.       grant Philips Electronics such other relief as this Court deems just and proper.

## JURY DEMAND

Philips requests a jury trial for those issues so triable herein.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

| | |
|---|---|
| OF COUNSEL | By: */s/ David E. Moore* |
| | Richard L. Horwitz (#2246) |
| Alan M. Grimaldi | David E. Moore (#3983) |
| Brian A. Rosenthal | Bindu A. Palapura (#5370) |
| Ann Marie Duffy | Hercules Plaza, 6th Floor |
| Brian K. Andrea | 1313 N. Market Street |
| MAYER BROWN LLP | Wilmington, DE  19801 |
| 1999 K St. NW | Tel:  (302) 984-6000 |
| Washington DC 20006 | rhorwitz@potteranderson.com |
| Tel:  (202) 263-3000 | dmoore@potteranderson.com |
| | bpalapura@potteranderson.com |
| Steven Yovits | |
| MAYER BROWN LLP | *Attorneys for Philips Electronics North America* |
| 71 South Wacker Drive | *Corporation and Philips Medizin Systeme* |
| Chicago, IL 60606 | *Böblingen GmbH* |
| Tel: (312) 782-0600 | |

Dated:  September 3, 2014
1153791/33976