# EXHIBIT 5

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>PROTECTIVE ORDER |

Based on Plaintiffs' Motion for Protective Order (Dkt. 61, "Motion"), the Joint Stipulation of the parties (Dkt. 61-1), the evidence submitted in support of and in opposition to the Motion (Dkt. 61-2 to 61-5), including the parties' respective proposed protective orders (Dkt. 61-2, Exh. 2, and Dkt. 61-5, Exh. A), and the June 23, 2020 Order by the Honorable Judge James V. Selna, United States District Judge (Dkt. 59), and good cause appearing therefor, the Motion is granted, in part, and the Court finds and orders as follows.

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author, recipient, or custodian of a document containing the information, or any other individual who appears to have had access to the specific information at issue based on the face of the document, the document's metadata, other documents, or sworn witness testimony;

(h) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(i) any other person with the prior written consent of the Producing Party; and

(j) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order. If a Designating Party believes a party is not acting in good faith in seeking to show Protected Material to a witness during a deposition, the Designating Party may seek a further protective order under Local Rule 37 to prevent the showing of Protected Material to the witness, with the Designating Party bearing the burden

-16-

of proof to show that the party seeking to show Protected Material to a witness during a deposition is not acting in good faith.

9.3. <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the individuals identified in Paragraphs 9.2 (a), (c)-(i), who are not competitive decision-makers of a Party as defined by applicable authorities.

10. <u>PROSECUTION BAR</u>

After the adoption of this provision by the parties, Outside Counsel of Record and any person associated with a Party who receive a Producing Party's material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Protective Order who accesses or otherwise learns of, in whole or in part, said material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Protective Order shall not prepare, prosecute, supervise, advise, counsel, or assist in the preparation or prosecution of any patent application seeking a patent on behalf of the Receiving Party or its acquirer, successor, or predecessor in the field of non-invasive monitoring during the pendency of this Action and for two years after final termination of this action. To avoid any doubt, "prosecution" as used in this paragraph does not include representing or advising a Party before a domestic or foreign agency in connection with a reissue, ex parte reexamination, covered business method review, *inter partes* review, opposition, cancelation, or similar proceeding; though in connection with any such agency proceeding involving the patents-in-suit, Outside Counsel

-17-

18. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO ORDERED.**

Dated: June 30, 2020

                                                                  JOHN D. EARLY
                                                                United States Magistrate Judge