# EXHIBIT 12



# Check appears upside down intentionally
## How to use this check

Cut along this line

Need help? Visit eChecks.com or call 1-877-333-6964

| Step 1<br>Print the check | Step 2<br>Validate it printed correctly | Step 3<br>Deposit like normal |
|---|---|---|
| ✓ **Any printer works**<br>✓ **Black or color ink**<br>✓ **Basic white paper** | ✓ **Correct if bank numbers are:**<br>Centered in white space<br>Parallel to edge of the page<br>Clearly printed in dark black ink<br>✗ **Reprint if bank numbers are:**<br>Cut off, skewed, or off-center<br>Smudged or wrinkled<br>Too light to read | 1. **Cut on the dotted line above**<br>2. **Endorse the back**<br>3. **Deposit like normal:**<br>In-person at a bank or credit union<br>Using an ATM<br>Via smartphone mobile deposit<br>With an office check scanner |

### Does your financial institution have questions about this check?
- This check was printed from an authorized check record. It is not a Check 21 Image Replacement Document.
- To confirm this check was issued by the account holder and details (pay to, amount, routing/account number) remain unmodified, the item's authenticity can be verified using the Deluxe Inc. Check Verification service at https://echecks.com/verify.

## Questions? Visit **eChecks.com** or call 1-877-333-6964

## For your records
**Issued date:** 2023-08-22
**Check number:** VV6424
**From:** Disbursement Account
**Amount:** $95.00
**Payable to:** Mr. Jarom D. Kesler
**Delivery email:** None
**Memo:** Apple/Desmarais

Are you a business? To save time, money, and resources, make payments using Deluxe Payment Exchange. Call 1-877-333-6964 to get started today!


deluxe. PAYMENT EXCHANGE

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| APPLE INC., <br> *Plaintiff* <br> v. <br> MASIMO CORPORATION and SOUND UNITED, LLC, <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 22-1378-MN-JLH |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Mr. Jarom D. Kesler, Esq.,
Knobbe, Martens, Olson & Bear, LLP, 2040 Main Street, 14th Floor, Irvine, California 92614

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Schedule A attached hereto.

| Place: Regus Conference Center <br> 445 S. Figueroa Street, Suite 2600 & 2700 <br> Los Angeles, CA 90071 | Date and Time: <br> 09/21/2023 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically, audiotaped, and videotaped

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A attached hereto. Documents to be produced on or before September 6, 2023, to: Jordan N. Malz, Desmarais LLP, 230 Park Avenue, New York, NY 10169
jmalz@desmaraisllp.com

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/22/2023

CLERK OF COURT

OR

_____          /s/ Jordan N. Malz
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Apple Inc. , who issues or requests this subpoena, are:
Jordan N. Malz | Desmarais LLP | 230 Park Ave., New York, NY 10169 | 212-351-5497 | jmalz@desmaraisllp.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 22-1378-MN-JLH

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Definition, Instruction, Request for Production, or Deposition Topic.

1. As used herein, the terms "You" or "Your" means Stephen Jensen.

2. As used herein, "Apple" means Apple Inc., all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, divisions, departments, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3. As used herein, "Masimo" means Masimo Corporation and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf.

4. As used herein, "Sound United" means Sound United, LLC (a/k/a Masimo Consumer) and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf.

5. As used herein, "Cercacor" means Cercacor Laboratories Inc. and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf.

6. As used herein, "Masimo Asserted Patents" means U.S. Patent No. 10,687,743 ("the '743 Patent"), U.S. Patent No. 10,722,159 ("the '159 Patent"), U.S. Patent No. 8,190,223

("the '223 Patent"), U.S. Patent No. 10,736,507 ("the '507 Patent"), and U.S. Patent No. 10,984,911 ("the '911 Patent").

7. As used herein, "Related Masimo Publications" means any patent, patent application, or patent application publication in the same patent family as any of the Masimo Asserted Patents, including any patent in the priority chain of the Masimo Asserted Patents, and all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents, including any patent application in the priority chain of the Masimo Asserted Patents.

8. As used herein, "Patent Office" means the United States Patent and Trademark Office.

9. As used herein, "Inequitable Conduct References" means all references that are the subject of Apple's inequitable conduct allegations in this case, including without limitation (1) U.S. Pub. No. US2011/0004106 to Iwamiya et al.; (2) U.S. Patent No. 6,801,799 to Mendelson; (3) U.S. Patent No. 6,343,223 to Chin et al.; (4) U.S. Patent No. 5,099,842 to Mannheimer et al.; (5) U.S. Patent No. 6,580,086 to Schulz et al.; (6) U.S. Patent No. 6,816,241 to Grubisic; (7) U.S. Patent No. 5,782,756 to Mannheimer; (8) U.S. Patent No. 5,638,816 to Kiani et al.; (9) U.S. Patent No. 5,203,329 to Takatani et al.; (10) Nellcor pulse oximeter products, including the NPB-195, N-395, and OxiMax N-595 products; (11) Mendelson et al., "A Wearable Reflectance Pulse Oximeter for Remote Physiological Monitoring," Proceedings of the 28th IEEE EM BS Annual International Conference, August 30-September 3, 2006 ("Mendelson IEEE"); and (12) any other references that Apple contends were withheld or the subject of "burying" in its response to Your Interrogatory No. 23 (*see* Ex. 1).

10. As used herein, "Medtronic" means Medtronic PLC, Covidien, Nellcor Puritan Bennett Inc., Mallinckrodt Inc., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, divisions, departments, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

11. As used herein, "Nellcor Prior Art Products" refers to all pulse oximeter and/or watch products made or sold by Medtronic before September 22, 2020. By way of example and not limitation, "Nellcor Prior Art Products" includes (1) all versions of Nellcor OxiMax pulse oximetry sensors, including without limitation all versions of the Nellcor OxiMax sensors such as those described in Exhibits 2 and 3, such as the Nellcor DS-100A; (2) the Nellcor N-595 Pulse Oximeter (*see, e.g.*, Ex. 2); (3) the Nellcor N-395 Pulse Oximeter, including without limitation the Nellcor N-395 Pulse Oximeter Masimo accused of infringement in at least *Masimo Corp. v. Mallinckrodt Inc., et al*, 8:99-cv-01245 (CDCA) (*see also Mallinckrodt, Inc. v. Masimo Corp.*, 147 F. App'x 158, 164 (Fed. Cir. 2005)); (4) the Nellcor NPB-195 Pulse Oximeter (*see, e.g.*, Ex. 4); (4) the Nellcor N-3000 (*see, e.g.*, Ex. 5); (5) the Nellcor Oxinet II Monitoring System (*see, e.g.*, Ex. 6); (6) the Nellcor Oxinet III Monitoring System (*see, e.g.*, Ex. 7); and (7) the Nellcor NPB-295 Monitor.

12. As used herein, the term "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in Your possession, custody, or control, and further is used in a broad sense to refer to any electronically stored information ("ESI") or any tangible object or thing that contains, conveys, or records information.

13. As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

14. As used herein, "person" means any natural person or any business, legal, or governmental entity or association.

15. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to interrogatories and definitions containing those words.

16. As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

17. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

18. As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

19. As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

20. As used herein, "identify" as applied to a document shall mean to specify: (a) the type of the document (i.e., whether it is a letter, memorandum, e-mail, etc.); (b) the document's title and general subject matter; (c) the number of pages of the document; (d) the date the document was prepared; (e) the name of each and every author, addressee, distributor, and recipient of the document; (f) the date each distributor distributed the document and the date each recipient received the document; and (g) the name of each person that has or had possession, custody, or control of the document.

21. Any term not specifically defined herein shall be defined in accordance with normal usage as well as with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware.

## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

1. Apple's Requests for Production seek responsive documents and information sufficient to answer each of the Requests that are known or available You or in Your possession, custody, or control. If, after exercising due diligence to secure the documents or information requested, You cannot fully respond to a Request for Production, state that such is the case and answer to the fullest extent possible, stating what responsive documents or information are available, what documents or information cannot be provided, why the documents or information are unavailable, and what efforts were made to obtain the unavailable documents or information. If documents or information responsive to a Request in this subpoena are in Your control, but not in Your possession or custody, promptly identify the entity with possession or custody.

2. Regardless of whether a production is in electronic or paper format, documents that were maintained together before production should be produced in the same form, sequence, organization, or other order or layout as they were maintained, including any labels, file folders, file jackets, covers, or containers in which such documents are located or with which such documents are associated. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

3. These Requests for Production shall be deemed continuing. Documents located, and information learned or acquired, at any time after Your response is due must be promptly supplemented at the place specified in this subpoena.

4. A copy of the Protective Order entered in this Action for the protection of any requested proprietary, confidential, or commercially sensitive information is attached hereto.

## REQUESTS FOR PRODUCTION

1. All documents referring or relating to the preparation, filing, and/or prosecution of each of the Masimo Asserted Patents, U.S. Patent No. 10,687,745, and the other Related Masimo Publications.

2. All documents relating to Your efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Masimo Asserted Patent and Related Masimo Publications, including without limitation Your determinations relating to what to disclose and not disclose to the Patent Office during these prosecutions.

3. All documents referring, relating to, or showing Your awareness or involvement in the preparation, filing, and/or prosecution of each of the Masimo Asserted Patents, U.S. Patent No. 10,687,745, and the other Related Masimo Publications.

4. All documents referring or relating to each Inequitable Conduct Reference, including without limitation all documents referring to, relating to, or showing Your awareness of the Inequitable Conduct References.

5. All documents referring or relating to Your involvement in *Mallinckrodt, Inc. v. Masimo Corp.*, No. 2:00cv-06506 (C.D. Cal.); *Masimo Corp. v. Mallinckrodt Inc.*, Nos. 8:01-cv-00638 & 2:01-cv-07292 (C.D. Cal.); *Nellcor Puritan, et al. v. Masimo Corp.*, Nos. 8:02-cv-01133 & 2:03-cv-00603 (C.D. Cal.), including without limitation all declarations, affidavits, transcripts of testimony, and other submissions provided by or referring to You.

6. All documents relating to whether any Nellcor Prior Art Products infringe any Masimo, Cercacor, or Sound United Patent, including without limitation all infringement contentions in the following litigations: *Mallinckrodt, Inc. v. Masimo Corp.*, No. 2:00cv-06506

(C.D. Cal.); *Masimo Corp. v. Mallinckrodt Inc.*, Nos. 8:01-cv-00638 & 2:01-cv-07292 (C.D. Cal.); and *Nellcor Puritan, et al. v. Masimo Corp.*, Nos. 8:02-cv-01133 & 2:03-cv-00603 (C.D. Cal.).

7. All communications with Masimo, Cercacor, and/or Sound United regarding the Masimo Asserted Patents and Related Masimo Publications.

8. All documents referring or relating to any search results, including patentability, validity, prior-art, infringement, or state-of-the-art searches, concerning the Masimo Asserted Patents and Related Masimo Publications.

9. All agreements between You and Masimo, Cercacor, and/or Sound United.

## EXEMPLARY DEPOSITION TOPICS

By way of example and not limitation, the following exemplary topics are among those that will be covered at the deposition:

1. The preparation, filing and prosecution of each of the Masimo Asserted Patents, U.S. Patent No. 10,687,745, and the other Related Masimo Publications, including without limitation the identity of all individuals involved in these prosecutions.

2. Your efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Masimo Asserted Patent and Related Masimo Publications, including without limitation Your determinations relating to what to disclose and not disclose to the Patent Office during these prosecutions.

3. Your determinations relating to what to disclose and not disclose to the Patent Office during prosecution of each of the Masimo Asserted Patents and Related Masimo Publications.

4. Your awareness or involvement in the preparation, filing, and/or prosecution of each of the Masimo Asserted Patents, U.S. Patent No. 10,687,745, and the other Related Masimo Publications.

5. Your knowledge and awareness of the Inequitable Conduct References during prosecution of the Masimo Asserted Patents.

6. The reasons why the Nellcor NPB-195, N-395, and OxiMax N-595 were not disclosed to the Patent Office during prosecution of the '223 patent.

7. The reasons why Mendelson IEEE was not disclosed to the Patent Office during prosecution of the '507 patent.

8. The reasons over 1,000 references were disclosed to the Patent Office during each of the prosecutions of the '743 patent, the '159 patent, and the '911 patent, respectively.

9. Your communications with Masimo, Cercacor, or Sound United regarding the Masimo Asserted Patents and Related Masimo Publications.

10. Your search results, including patentability, validity, prior-art, infringement, or state-of-the-art searches, concerning the Masimo Asserted Patents or Related Masimo Publications.

11. Executed agreements between You and Masimo, Cercacor, or Sound United.

12. The subject matter contained within the documents produced in response to the Requests For Production herein, including the authentication thereof.