# EXHIBIT 14

**IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., | |
| *Plaintiff*, | C.A. No. 22-1377-MN-JLH |
| v. | |
| MASIMO CORPORATION and SOUND UNITED, LLC, | **JURY TRIAL DEMANDED** |
| *Defendants*. | |
| MASIMO CORPORATION, | |
| *Counter-Claimant,* | |
| v. | |
| APPLE INC. | |
| *Counter-Defendant.* | |
| APPLE INC., | |
| *Plaintiff,* | C.A. No. 22-1378-MN-JLH |
| v. | |
| MASIMO CORPORATION and SOUND UNITED, LLC, | **JURY TRIAL DEMANDED** |
| *Defendants.* | |
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC., | |
| *Counter-Claimants,* | |
| v. | |
| APPLE INC. | |
| *Counter-Defendant.* | |

**OBJECTIONS TO APPLE INC.'S SUBPOENAS TO KNOBBE MARTENS FOR
DEPOSITION AND PRODUCTION OF DOCUMENTS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-party Knobbe, Martens, Olson & Bear, LLP ("Knobbe") hereby object to the Subpoena to Testify at a Deposition of Plaintiff Apple Inc. ("Apple") as follows:

## **GENERAL OBJECTIONS**

Knobbe and Masimo assert each of the following General Objections to the Subpoena and the Definitions, Topics and Requests for Production listed therein.  In addition to these General Objections, Knobbe and Masimo also assert objections to specific Topics and Requests for Production of Documents below.  By setting forth such specific objections, Knobbe and Masimo do not intend to limit or restrict its General Objections.

1.      Knobbe and Masimo object to each and every request on the ground that they seek discovery that is not related to any claim or defense in this action.

2.      Knobbe and Masimo object to the time and location for the deposition set forth in the Notice.

3.      Knobbe and Masimo object to Apple's requirement that the deposition continue from day to day until completed, and to the extent that any deposition becomes duplicative or otherwise unduly burdensome in its duration.  Any deposition of any individual designated pursuant to this Notice shall not exceed seven hours.

4.      Knobbe and Masimo object to Apple's definition of "Masimo" as vague and ambiguous, particularly to the extent it purports to cover "Masimo Corporation and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf."  To the extent Apple's definition is understandable, Knobbe and Masimo also object to Apple's definition as overly broad and unduly

burdensome.  Unless noted otherwise, Knobbe and Masimo are interpreting "Masimo" as Masimo Corporation.

5.      Knobbe and Masimo object to Apple's definition of "Sound United" as vague and ambiguous, particularly to the extent it purports to cover "Sound United, LLC (a/k/a Masimo Consumer) and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf."  To the extent Apple's definition is understandable, Knobbe and Masimo also object to Apple's definition as overly broad and unduly burdensome.  Unless noted otherwise, Knobbe and Masimo are interpreting "Sound United" as Sound United, LLC.

6.      Knobbe and Masimo object to Apple's definition of "Cercacor" as vague and ambiguous, particularly to the extent it purports to cover "Cercacor Laboratories Inc. and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf."  To the extent Apple's definition is understandable, Knobbe and Masimo also object to Apple's definition as overly broad and unduly burdensome.  Unless noted otherwise, Knobbe and Masimo are interpreting "Cercacor" as Cercacor Laboratories Inc.

7.      Knobbe and Masimo object to Apple's definition of "Related Publications" as vague and ambiguous, particularly to the extent it purports to cover "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents."  To the extent Apple's definition is understandable, Knobbe and Masimo also object to

Apple's definition as overly broad, unduly burdensome, and not proportional to the discovery needs of the case.

8.      Knobbe and Masimo object to Apple's definition of "Inequitable Conduct References" as vague and ambiguous, particularly to the extent it purports to cover "all references that are the subject of Apple's inequitable conduct allegations in this case."  To the extent Apple's definition is understandable, Knobbe and Masimo also object to Apple's definition as overly broad, unduly burdensome, and not proportional to the discovery needs of the case.

9.      Knobbe and Masimo object to Apple's definition of "Medtronic" as vague and ambiguous, particularly to the extent it purports to cover "Medtronic PLC, Covidien, Nellcor Puritan Bennett Inc., Mallinckrodt Inc., and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf."  To the extent Apple's definition is understandable, Knobbe and Masimo also object to Apple's definition as overly broad, unduly burdensome, and not proportional to the discovery needs of the case.  Unless noted otherwise, Knobbe and Masimo are interpreting "Medtronic" as Medtronic PLC, Covidien, Nellcor Puritan Bennett Inc., and Mallinckrodt Inc.

10.      Knobbe and Masimo object to Apple's definition of "Nellcor Prior Art Products" as vague and ambiguous, particularly to the extent it purports to cover "all pulse oximeter and/or watch products made or sold by Medtronic before September 22, 2020."  To the extent Apple's definition is understandable, Knobbe and Masimo also object to Apple's definition as overly broad, unduly burdensome, and not proportional to the discovery needs of the case.

11.     Knobbe and Masimo object to Apple's definitions of "person" as overly broad, unduly burdensome, not proportional with the needs of the case, and inconsistent with the requirements of the Federal Rules of Civil Procedure.

12.     Knobbe and Masimo object to each request using the term "relating to," "related to," or "relate to," or other derivations thereof as overbroad, vague, and ambiguous.  Knobbe and Masimo further object to each use of this term to the extent that it requires subjective judgment and speculation on the part of Knobbe.

13.     Knobbe and Masimo object to Apple's definitions of "you," "your," "yours," and "Knobbe" as overly broad, unduly burdensome, not proportional with the needs of the case, and inconsistent with the requirements of the Federal Rules of Civil Procedure.

14.     Knobbe and Masimo object to the Notice and each and every Topic and Request for Production to the extent they fail to comply with, or seek to impose any obligations beyond those set forth in the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the United States District Court for the District of Delaware (the "Local Rules"), or the Scheduling Order in this case.

15.     Knobbe and Masimo object to the Topics and Requests for Production to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, common interest privilege, or any other applicable privilege or immunity.  The specific objections stated below on the grounds of attorney-client privilege, and/or work product in no way limit the generality of this objection.  Nothing contained in these objections should be construed as a waiver of attorney-client privilege, the attorney work product doctrine, common interest privilege, or any other applicable privilege or immunity.  To the extent that any Topic may

be construed as calling for disclosure of information protected by such privileges or doctrines, a continuing objection to each and every such Topic is hereby interposed.

16.     Knobbe and Masimo object to the Topics and Requests for Production to the extent they seek information or materials of any third-party that is confidential and/or proprietary, protected under a standing protective order, and/or otherwise protected from disclosure.

17.     Knobbe and Masimo object to the Topics and Requests for Production as overly broad and not proportional to the discovery needs of the case, to the extent that any Topic or Request for Production seeks information not known or reasonably available to Knobbe or outside the possession, custody, and control of Knobbe, including, requiring Knobbe to seek information about persons not currently employed by or associated with Knobbe, or to provide or seek information regarding third-parties.

18.     Knobbe and Masimo object to the Topics and Requests for Production as overly broad and not proportional to the discovery needs of the case, to the extent that any Topic or Request for Production seeks information that is already in Apple's possession or readily available from another source that is equally available to Apple.

19.     Knobbe and Masimo object to the Topics and Requests for Production to the extent they call for legal conclusions, legal contentions, and/or expert testimony.

20.     Knobbe and Masimo object to the Topics to the extent they do not describe with reasonable particularity the matters on which examination is requested, as required by Fed. R. Civ. P. 30.

21.     Knobbe and Masimo make their written objections herein without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

a.     The right to raise objections as to the relevance, materiality, privilege, or admissibility of any information provided or document identified in the noticed deposition, either in this action or in any other proceeding;

b.     The right to object to the use of the above information or documents in this action or in any other proceeding; and

c.     The right to object on any ground at any time to other notices or other discovery requests involving this information or the subject matter thereof.

22.     Knobbe and Masimo hereby reserve all objections available under the Federal Rules to the use of any videotaped deposition or transcript at trial or hearing.

23.     Words and terms used in these objections shall be construed in accordance with their normal meaning and connotations, and shall in no way be interpreted as terms of art or statutorily defined terms, and Knobbe and Masimo specifically disavows any such meaning or connotation that might be accorded to such terms.

24.     These objections are made solely for the purpose of this action.  Each objection is subject to all objections as to authenticity, competence, relevance, admissibility, and any other objections that would require the exclusion of any statement contained herein if such statement were made by a witness present and testifying in court.  All such objections and grounds are reserved and may be interposed at the time of trial.

25.     Any restatement of one or more of these General Objections in a specific objection shall not be construed as a waiver of any other General Objection.

26.     Knobbe reserves the right to change their position that they will produce a witness on any given topic to the extent the parties agree to limit remaining fact discovery in this litigation.

27.     Any statement that Knobbe will designate a witness competent to testify on a Topic should not be construed as a representation that Knobbe has any relevant information on that Topic but merely that a properly designated witness will testify to any relevant and non-privileged corporate knowledge that he or she has obtained by making reasonable preparations for the deposition.

28.     To the extent that Knobbe states that it will provide testimony responsive to a Topic, such statement should not be construed as a representation or admission that the information, documents, or things referenced or requested in Apple's Topics are relevant to any claims or defenses in this case, or that they are admissible at trial.

29.     Any restatement of one or more of these General Objections in a specific objection shall not be construed as a waiver of any other General Objection.

30.     Knobbe and Masimo reserve the right to object at any deposition(s) to any question asked on the grounds set forth in these General Objections, the specific grounds individually listed for each deposition Topic below, or any ground available to Knobbe at the time of deposition.

31.     Subject to and without waiver of these General Objections, Knobbe and Masimo submit the following specific objections.

## SPECIFIC OBJECTIONS

### REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents referring or relating to the preparation, filing, and/or prosecution of each of the Masimo Asserted Patents, U.S. Patent No. 10,687,745, and the other Related Masimo Publications.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 1:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Knobbe and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll documents," without regard to whether the document has any bearing or relationship to any facts, issues, or allegations in the case.  Knobbe and Masimo further object to this request as vague and ambiguous with respect to the phrase "Related Masimo Publications."  To the extent "Related Masimo Publications" is understandable, Knobbe and Masimo further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as exceeding the obligations imposed by the Federal Rules insofar as it requires Knobbe to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents."  Knobbe and Masimo further object to this request as vague and ambiguous as to the phrase "relating to."  Knobbe and Masimo object to this request to the extent it seeks information that is not in Knobbe's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to Your efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Masimo Asserted Patent and Related Masimo Publications, including without limitation your

determinations relating to what to disclose and not disclose to the Patent Office during these prosecutions.

**<u>OBJECTIONS TO REQUEST FOR PRODUCTION NO. 2:</u>**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Knobbe and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll documents," without regard to whether the document has any bearing or relationship to any facts, issues, or allegations in the case.  Knobbe and Masimo further object to this request as vague and ambiguous with respect to the phrase "Related Masimo Publications."  To the extent "Related Masimo Publications" is understandable, Knobbe and Masimo further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as exceeding the obligations imposed by the Federal Rules insofar as it requires Knobbe to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents."  Knobbe and Masimo further object to this request as vague and ambiguous with respect to the phrases "determinations relating to what to disclose and not disclose" and "relating to."  Knobbe and Masimo object to this request to the extent it seeks information that is not in Knobbe's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

All documents referring, relating to, or showing any awareness or involvement in the preparation, filing, and/or prosecution of each of the Masimo Asserted Patents, U.S. Patent No. 10,687,745, and the other Related Masimo Publications by Joe Kiani, Stephen Jensen, Harnik Shukla, and/or Jarom Kesler.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 3:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Knobbe and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll documents," without regard to whether the document has any bearing or relationship to any facts, issues, or allegations in the case.  Knobbe and Masimo further object to this request as vague and ambiguous with respect to the phrase "Related Masimo Publications."  To the extent "Related Masimo Publications" is understandable, Knobbe and Masimo further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as exceeding the obligations imposed by the Federal Rules insofar as it requires Knobbe to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents."  Knobbe and Masimo further object to this request as vague and ambiguous as to the phrase "relating to."  Knobbe and Masimo object that the term "awareness" is vague, ambiguous, or unintelligible in the context of this request.  To the extent "awareness" means knowledge for

the purpose of establishing inequitable conduct, Knobbe and Masimo object to this request as seeking a legal conclusion.  Knobbe and Masimo object to this request to the extent it seeks information that is not in Knobbe's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All documents referring or relating to each Inequitable Conduct Reference, including without limitation all documents referring to, relating to, or showing any awareness of the Inequitable Conduct References by Joe Kiani, Stephen Jensen, Harnik Shukla, and/or Jarom Kesler.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 4:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Knobbe and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll documents," without regard to whether the document has any bearing or relationship to any facts, issues, or allegations in the case.  Knobbe and Masimo further object to this request as vague and ambiguous with respect to the phrase "Inequitable Conduct Reference."  To the extent "Inequitable Conduct Reference" is understandable, Knobbe and Masimo further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks "all references that are subject of Apple's inequitable conduct allegations in this case."  Knobbe and Masimo further object to this request as vague and ambiguous as to the phrase "relating to."  Knobbe and Masimo object

that the term "awareness" is vague, ambiguous, or unintelligible in the context of this request.  To

the extent "awareness" means knowledge of the Inequitable Conduct References for the purpose

of establishing inequitable conduct, Knobbe and Masimo object to this request as seeking a legal

conclusion.   Knobbe and Masimo further object to this request as overly broad, unduly

burdensome, and irrelevant because it is unbounded as to time.  Knobbe and Masimo object to this

request to the extent it seeks information that is not in Knobbe's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 5:

All documents referring or relating to any involvement in *Mallinckrodt, Inc. v. Masimo*

*Corp.*, No. 2:00cv-06506 (C.D. Cal.); *Masimo Corp. v. Mallinckrodt Inc.*, Nos. 8:01-cv- 00638 &

2:01-cv-07292 (C.D. Cal.); *Nellcor Puritan, et al. v. Masimo Corp.*, Nos. 8:02-cv-01133 & 2:03-

cv-00603 (C.D. Cal.) by Joe Kiani and Stephen Jensen, including without limitation all

declarations, affidavits, transcripts of testimony, and other submissions provided by or referring to

Mr. Kiani or Mr. Jensen.

## OBJECTIONS TO REQUEST FOR PRODUCTION NO. 5:

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo

also object to this request on the grounds that it seeks information protected from discovery by the

attorney-client privilege, attorney work-product doctrine, or other applicable privilege or

immunity.  Knobbe and Masimo also object to this request as overly broad, unduly burdensome,

and not proportional to the needs of the case because it seeks information not relevant to any

party's claim or defense.  Knobbe and Masimo further object to this request as over broad, unduly

burdensome, and not proportional to the needs of the case in seeking "[a]ll documents," without

regard to whether the document has any bearing or relationship to any facts, issues, or allegations

in the case.  Knobbe and Masimo further object to this request as vague and ambiguous with respect

to the phrases "other submissions" and "relating to."  Knobbe and Masimo object to this request to the extent it seeks information that is not in Knobbe's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

All documents relating to whether any Nellcor Prior Art Products infringe any Masimo, Cercacor, or Sound United Patent, including without limitation all infringement contentions in the following litigations: *Mallinckrodt, Inc. v. Masimo Corp.*, No. 2:00cv-06506 (C.D. Cal.); *Masimo Corp. v. Mallinckrodt Inc.*, Nos. 8:01-cv-00638 & 2:01-cv-07292 (C.D. Cal.); and *Nellcor Puritan, et al. v. Masimo Corp.*, Nos. 8:02-cv-01133 & 2:03-cv-00603 (C.D. Cal.).

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 6:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Knobbe and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll documents relating to whether any Nellcor Prior Art Products infringe any Masimo, Cercacor, or Sound United Patent," without regard to whether the document has any bearing or relationship to any facts, issues, or allegations in the case.  Knobbe and Masimo further object to this request as vague and ambiguous with respect to the phrase "Nellcor Prior Art Products."  To the extent "Nellcor Prior Art Products" is understandable, Knobbe and Masimo further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks "all pulse oximeter and/or watch products made or sold by Medtronic before September 22, 2020."  Knobbe and Masimo

further object to this request as vague and ambiguous as to the phrase "relating to."  Knobbe and Masimo object to this request to the extent it seeks information that is not in Knobbe's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 7:

All communications with Masimo, Cercacor, and/or Sound United regarding the Masimo Asserted Patents and Related Masimo Publications.

## OBJECTIONS TO REQUEST FOR PRODUCTION NO. 7:

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Knobbe and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll communications," without regard to whether the communication has any bearing or relationship to any facts, issues, or allegations in the case.  Knobbe and Masimo further object to this request as vague and ambiguous with respect to the phrase "Related Masimo Publications."  To the extent "Related Masimo Publications" is understandable, Knobbe and Masimo further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as exceeding the obligations imposed by the Federal Rules insofar as it requires Knobbe to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents."  Knobbe and Masimo object to this request to the extent it seeks information that is not in Knobbe's possession, custody, or control.

-14-

**REQUEST FOR PRODUCTION NO. 8:**

All documents referring or relating to any search results, including patentability, validity, prior-art, infringement, or state-of-the-art searches, concerning the Masimo Asserted Patents and Related Masimo Publications.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 8:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Knobbe and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll documents" relating to "any search result," without regard to whether the document has any bearing or relationship to any facts, issues, or allegations in the case.  Knobbe and Masimo further object to this request as vague and ambiguous with respect to the phrase "Related Masimo Publications."  To the extent the "Related Masimo Publications" is understandable, Knobbe and Masimo further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case as exceeding the obligations imposed by the Federal Rules insofar as it requires Knobbe to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents."  Knobbe and Masimo further object to this request as vague and ambiguous as to the phrase "relating to."  Knobbe and Masimo object to this request to the extent it seeks information that is not in Knobbe's possession, custody, or control.

-15-

**REQUEST FOR PRODUCTION NO. 9:**

All agreements between You (including Stephen Jensen) and Masimo, Cercacor, and/or Sound United.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 9:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense and seeks to harass Knobbe.  Knobbe and Masimo further object to this request as over broad, unduly burdensome, and not proportional to the needs of the case in seeking "[a]ll agreements" without regard to whether the agreement has any bearing or relationship to any facts, issues, or allegations in the case.

## TOPICS

**TOPIC NO. 1:**

The preparation, filing and prosecution of each of the Masimo Asserted Patents, U.S. Patent No. 10,687,745, and the other Related Masimo Publications, including without limitation the identity of all individuals involved in these prosecutions.

**OBJECTIONS TO TOPIC NO. 1:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this topic on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or

immunity.  Knobbe and Masimo also object to this Topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Knobbe and Masimo further object to this topic as vague and ambiguous with respect to the phrase "Related Masimo Publications."   To the extent "Related Masimo Publications" is understandable, Knobbe and Masimo further object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case as exceeding the obligations imposed by the Federal Rules insofar as it requires Knobbe to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents."

**TOPIC NO. 2:**

Your efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Masimo Asserted Patent and Related Masimo Publications, including without limitation your determinations relating to what to disclose and not disclose to the Patent Office during these prosecutions.

**OBJECTIONS TO TOPIC NO. 2:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this topic on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Knobbe and Masimo further object to this topic as vague and ambiguous with respect to the phrase "Related Masimo Publications."   To the extent "Related Masimo Publications" is understandable, Knobbe and Masimo further object to this topic as overly broad,

unduly burdensome, and not proportional to the needs of the case as exceeding the obligations imposed by the Federal Rules insofar as it requires Knobbe to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents."  Knobbe and Masimo further object to this topic as vague and ambiguous with respect to the phrases "determinations relating to what to disclose and not disclose" and "relating to."

**TOPIC NO. 3:**

Your determinations relating to what to disclose and not disclose to the Patent Office during prosecution of each of the Masimo Asserted Patents and Related Masimo Publications.

**OBJECTIONS TO TOPIC NO. 3:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this topic on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Knobbe and Masimo further object to this topic as vague and ambiguous with respect to the phrase "Related Masimo Publications."   To the extent "Related Masimo Publications" is understandable, Knobbe and Masimo further object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case as exceeding the obligations imposed by the Federal Rules insofar as it requires Knobbe to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents."  Knobbe and Masimo further object to this topic as vague and ambiguous with

respect to the phrases "determinations relating to what to disclose and not disclose" and "relating to."

**TOPIC NO. 4:**

Any awareness or involvement in the preparation, filing, and/or prosecution of each of the Masimo Asserted Patents, U.S. Patent No. 10,687,745, and the other Related Masimo Publications by Joe Kiani, Stephen Jensen, Harnik Shukla, and/or Jarom Kesler.

**OBJECTIONS TO TOPIC NO. 4:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this topic on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Knobbe and Masimo further object to this topic as vague and ambiguous with respect to the phrase "Related Masimo Publications."   To the extent "Related Masimo Publications" is understandable, Knobbe and Masimo further object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case as exceeding the obligations imposed by the Federal Rules insofar as it requires Knobbe to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents." Knobbe and Masimo object that the term "awareness" is vague, ambiguous, or unintelligible in the context of this topic.  To the extent "awareness" means knowledge for the purpose of establishing inequitable conduct, Knobbe and Masimo object to this topic as seeking a legal conclusion.  Knobbe and Masimo object to this topic to the extent it seeks information that is not in Knobbe's possession, custody, or control.

**TOPIC NO. 5:**

Your knowledge and awareness of the Inequitable Conduct References during prosecution of the Masimo Asserted Patents, including without limitation the identity of all individuals having awareness of the Inequitable Conduct References as well as any awareness of the Inequitable Conduct Refences by Joe Kiani, Stephen Jensen, Harnik Shukla, and/or Jarom Kesler.

**OBJECTIONS TO TOPIC NO. 5:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this topic on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Knobbe and Masimo further object to this topic as vague and ambiguous with respect to the phrase "Inequitable Conduct Reference."   To the extent "Inequitable Conduct Reference" is understandable, Knobbe and Masimo further object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks "all references that are subject of Apple's inequitable conduct allegations in this case."  Knobbe and Masimo object that the term "awareness" is vague, ambiguous, or unintelligible in the context of this topic.  To the extent "awareness" means knowledge of the Inequitable Conduct References for the purpose of establishing inequitable conduct, Knobbe and Masimo object to this topic as seeking a legal conclusion.  Knobbe and Masimo further object to this topic as overly broad, unduly burdensome, and irrelevant because it is unbounded as to time.

**TOPIC NO. 6:**

The reasons why the Nellcor NPB-195, N-395, and OxiMax N-595 were not disclosed to the Patent Office during prosecution of the '223 patent.

**OBJECTIONS TO TOPIC NO. 6:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this topic on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.

**TOPIC NO. 7:**

The reasons why Mendelson IEEE was not disclosed to the Patent Office during prosecution of the '507 patent.

**OBJECTIONS TO TOPIC NO. 7:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this topic on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.

**TOPIC NO. 8:**

The reasons You disclosed over 1,000 references to the Patent Office during each of the prosecutions of the '743 patent, the '159 patent, and the '911 patent, respectively.

**OBJECTIONS TO TOPIC NO. 8:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this topic on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.

**TOPIC NO. 9:**

Communications with Masimo, Cercacor, or Sound United regarding the Masimo Asserted Patents and Related Masimo Publications.

**OBJECTIONS TO TOPIC NO. 9:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this topic on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo further object to this topic as over broad, unduly burdensome, and not proportional to the needs of the case in seeking information about communications, without regard to whether the communication has any bearing or relationship to any facts, issues, or allegations in the case.  Knobbe and Masimo also object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Knobbe and Masimo further object to this topic as vague and ambiguous with respect to the phrase "Related Masimo Publications."  To the extent "Related Masimo Publications" is understandable, Knobbe and Masimo further object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case as exceeding the

obligations imposed by the Federal Rules insofar as it requires Knobbe to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents."

**TOPIC NO. 10:**

Your search results, including patentability, validity, prior-art, infringement, or state-of-the-art searches, concerning the Masimo Asserted Patents or Related Masimo Publications.

**OBJECTIONS TO TOPIC NO. 10:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this topic on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.  Knobbe and Masimo further object to this topic as vague and ambiguous with respect to the phrase "Related Masimo Publications."  To the extent the "Related Masimo Publications" is understandable, Knobbe and Masimo further object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case as exceeding the obligations imposed by the Federal Rules insofar as it requires Knobbe to investigate "all patent applications related to the Masimo Asserted Patents and any patents in the same family as any of the Masimo Asserted Patents."  Knobbe and Masimo object to this topic to the extent it seeks information that is not in Knobbe's possession, custody, or control.

**TOPIC NO. 11:**

Executed agreements between You (including Stephen Jensen) and Masimo, Cercacor, or Sound United.

**OBJECTIONS TO TOPIC NO. 11:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this topic on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo further object to this topic as over broad, unduly burdensome, and not proportional to the needs of the case in seeking agreements without regard to whether the agreement has any bearing or relationship to any facts, issues, or allegations in the case.  Knobbe and Masimo also object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense and seeks to harass Knobbe.

**TOPIC NO. 12:**

The subject matter contained within the documents produced in response to the Requests For Production herein, including the authentication thereof.

**OBJECTIONS TO TOPIC NO. 12:**

Knobbe and Masimo incorporate by reference its General Objections.  Knobbe and Masimo also object to this topic on the grounds that it seeks information protected from discovery by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity.  Knobbe and Masimo also object to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information not relevant to any party's claim or defense.

Respectfully submitted,

September 5, 2023

PHILLIPS MCLAUGHLIN & HALL, P.A.

By: */s/ John C. Phillips, Jr.*

Of Counsel:

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 Telephone
(302) 655-4210 Fax
jcp@pmhdelaw.com
mch@pmhdelaw.com

Joseph R. Re
Stephen C. Jensen
Stephen W. Larson
Benjamin A. Katzenellenbogen
Jared C. Bunker
Kendall M. Loebbaka
Douglas B. Wentzel
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile
joe.re@knobbe.com
steve.jensen@knobbe.com
stephen.larson@knobbe.com
ben.katzenellenbogen@knobbe.com
jared.bunker@knobbe.com
kendall.loebbaka@knobbe.com
douglas.wentzel@knobbe.com

*Counsel for Defendants*
*Masimo Corporation and Sound United, LLC*

Brian Horne
Knobbe, Martens, Olson & Bear, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450 Telephone
(310) 551-3458 Facsimile
brian.horne@knobbe.com

Adam Powell
Knobbe, Martens, Olson & Bear, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
(858) 707-4000 Telephone
(858) 707-4001 Facsimile
adam.powell@knobbe.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, a true and correct copy of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

*VIA ELECTRONIC MAIL:*

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>Andrew L. Brown<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>abrown@potteranderson.com | John M. Desmarais<br>Kerri-Ann Limbeek<br>Cosmin Maier<br>Jordan N. Malz<br>Benjamin N. Luehrs<br>Joze Welsh<br>Jamie L. Kringstein<br>Jennifer M. Przybylski<br>Carson Olsheski<br>Jeffrey Scott Seddon, II<br>Amy I. Wann<br>Raymond N. Habbaz<br>Lee Matalon<br>Taeg Sang Cho<br>Eli Balsam<br>Patrick Reilly<br>Marie Weisfeiler<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>jdesmarais@desmaraisllp.com<br>klimbeek@desmaraisllp.com<br>cmaier@desmaraisllp.com<br>jmalz@desmaraisllp.com<br>bluehrs@desmaraisllp.com<br>jwelsh@desmaraisllp.com<br>jkringstein@desmaraisllp.com<br>jprzybylski@desmaraisllp.com<br>colsheski@desmaraisllp.com<br>jseddon@desmaraisllp.com<br>awann@desmaraisllp.com<br>rhabbaz@desmaraisllp.com<br>lmatalon@desmaraisllp.com<br>tcho@desmaraisllp.com<br>ebalsam@desmaraisllp.com<br>preilly@desmaraisllp.com |

| | mweisfeiler@desmaraisllp.com |
|---|---|
| Peter C. Magic<br>Kyle Curry<br>Maria Tartakovsky<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, CA 94111<br>pmagic@desmaraisllp.com<br>kcurry@desmaraisllp.com<br>mtartakovsky@desmaraisllp.com | Jennifer Milici<br>Dominic Vote<br>Leon B. Greenfield<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006<br>jennifer.milici@wilmerhale.com<br>dominic.vote@wilmerhale.com<br>leon.greenfield@wilmerhale.com |
| Mark A. Ford<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>mark.ford@wilmerhale.com | David J. Cho<br>Desmarais LLP<br>1899 Pennsylvania Avenue NW, Suite 400<br>Washington, DC 20006<br>dcho@desmaraisllp.com |
| Lydia Turnage<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>lydia.turnage@wilmerhale.com | Bethany Stevens<br>Hannah Cannom<br>Walker Stevens Cannom LLP<br>500 Molino Street, Suite 118<br>Los Angeles, CA 90013<br>bstevens@wscllp.com<br>hcannom@wscllp.com |
| AppleMasimoService@desmaraisllp.com | whmasimoantitrustservice@wilmerhale.com |
| IPservice@potteranderson.com | |

September 5, 2023

/s/ Megan C. Haney
Megan C. Haney (#5016)