# EXHIBIT 18

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Stephen W. Larson
Stephen.Larson@knobbe.com

a

**VIA EMAIL**

Jordan Malz
Desmarais LLP
230 Park Avenue
New York, NY 10169

Re:    *Apple v. Masimo*, Civil Action No. 22-1377; 22-1378

Dear Jordan:

I write regarding Apple's supboenas to third parties Knobbe Martens, Jarom Kesler ("Kesler"), Harnik Shukla ("Shukla") and Steve Jensen ("Jensen") (collectively the "subpoenas" to "Knobbe").  As set forth in Knobbe's objections, Apple's subpoenas seek discovery that is not relevant or proportional to any claim or defense in this case.  Apple's subpoenas are also objectionable for many other reasons, as explained in Knobbe's objections to Apple's subpoenas (the "objections").  However, in an attempt to avoid a dispute, Knobbe offers the proposal below as a compromise.

### Apple's Demand for Documents from Third Parties Knobbe Martens, Kesler, Shukla and Jensen

In response to **RFP 1** of the subpoenas: subject to and without waiving its objections, Knobbe will produce non-privileged documents sufficient to show the prosecution of the Masimo Asserted Patents, applications listed in the priority chain of the Masimo Asserted Patents, and U.S. Patent No. 10,687,745 located after a reasonable search to the extent not already produced.

In response to **RFP 2** of the subpoenas: subject to and without waiving its objections, Knobbe will produce non-privileged documents relating to efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of the Masimo Asserted Patents located after a reasonable search.

In response to **RFP 3** of the subpoenas: subject to and without waiving its objections, Knobbe will produce non-privileged documents relating to or showing Kesler, Shukla and Jensen's awareness or involvement, if any, in the prosecution of the Masimo Asserted Patents and U.S. Patent No. 10,687,745 located after a reasonable search to the extent not already produced.

In response to **RFP 4** of the subpoenas: subject to and without waiving its objections, Knobbe will produce non-privileged documents relating to Kesler, Shukla's or Jensen's awareness, if any, of:

- (1) U.S. Pub. No. US2011/0004106 to Iwamiya et al.; (2) U.S. Patent No. 6,801,799 to Mendelson; and (3) U.S. Patent No. 6,343,223 to Chin et al.; (4) U.S. Patent No. 5,099,842 to Mannheimer et al.; (5) U.S. Patent No. 6,580,086 to Schulz et al.; and (6) Mendelson et al., "A Wearable Reflectance Pulse Oximeter for Remote Physiological Monitoring," Proceedings of the 28th IEEE EM BS Annual International Conference, August 30-September 3, 2006 ("Mendelson IEEE") before September 2020;

- (7) U.S. Patent No. 6,816,241 to Grubisic; (8) U.S. Patent No. 5,782,756 to Mannheimer; (9) U.S. Patent No. 5,638,816 to Kiani et al.; and (10) U.S. Patent No. 5,203,329 to Takatani et al. before May 2021; or

- the Operator's Manuals for the Nellcor NPB-195, N-395, and OxiMax N-595 before June 2012

that are located after a reasonable search to the extent not already produced.

**RFPs 5-8** are dramatically overly broad and objectionable for the reasons identified in Knobbe's objections. Knobbe also fails to see the relevance of **RFP 9,** which seeks all agreements between Knobbe and Masimo, Cercacor and/or Sound United. Moreover, to the extent Apple seeks documents in response to RFPs 7 and 9, Apple should seek those documents from Masimo, not a third party. Knobbe stands on its objections to these requests.

### Apple's Demand for Deposition Testimony from Third Parties Kesler, Shukla and Jensen

Knobbe will make Kesler and Shukla available for depositions. As explained in Knobbe's objections, Apple's subpoenas of Kesler and Shukla are not 30(b)(6) subpoenas and thus Kesler and Shukla will not undertake to prepare on the topics identified in Apple's subpoenas to these individuals.

Knobbe declines to make Jensen available for a deposition at this time. Apple seeks to depose one of Masimo's lead trial attorneys in this case and attempts to make that attorney a fact witness in this case. Apple does so based on allegations that have not been asserted in any pleading and which Masimo has not had an opportunity to challenge. Apple's allegations are conclusory and fail to show Jensen's involvement in the alleged conduct. Apple is also fully aware that these allegations are demonstrably false. Apple's inequitable conduct allegations appear to be Apple's latest attempt to harass one of Masimo's lead trial attorneys. To the extent any depositions go forward, Apple should first depose Kesler and Shukla.

### Apple's Demand for Testimony from Knobbe Martens

Knobbe Martens is willing to provide testimony on topics as described below on the understanding that Apple will similarly make its outside counsel available to provide corporate testimony on the topics in Masimo's 30(b)(6) subpoena of Apple's counsel.

**Topic 1**: subject to and without waiving its objections, Knobbe Martens will make a witness or witnesses available to testify regarding the prosecution of the Masimo Asserted Patents and U.S. Patent No. 10,687,745.

**Topic 2**: subject to and without waiving its objections, Knobbe Martens will make a witness or witnesses available regarding Knobbe's efforts to comply with the duty to disclose information material to the patentability under 37 C.F.R. § 1.56 during the prosecution of each Masimo Asserted Patent.

**Topic 3**: subject to and without waiving its objections, Knobbe Martens will make a witness or witnesses available regarding Knobbe's determinations relating to what to disclose and not disclose to the Patent Office during prosecution of each Masimo Asserted Patent.

**Topic 4**: subject to and without waiving its objections, Knobbe Martens will make a witness or witnesses available regarding involvement in the prosecution of each of the Masimo Asserted Patents and U.S. Patent No. 10,687,745 by Stephen Jensen, Harnik Shukla, and/or Jarom Kesler.

**Topic 6**: subject to and without waiving its objections, Knobbe Martens will make a witness or witnesses available regarding the alleged non-disclosure of the Operator's Manuals for the Nellcor NPB-195, N-395, and OxiMax N-595 during prosecution of the '223 patent.

**Topic 7**: subject to and without waiving its objections, Knobbe Martens will make a witness or witnesses available regarding the alleged non-disclosure of Mendelson IEEE during prosecution of the '507 patent.

**Topic 8**: subject to and without waiving its objections, Knobbe Martens will make a witness or witnesses available regarding Knobbe's alleged disclosure of over 1,000 references during the prosecutions of the '743 patent, the '159 patent, and the '911 patent, respectively.

**Topics 5, 9-11** are too broad, fail to describe with reasonable particularity the matters for examination in any manner that a witness could reasonably prepare, and/or seek discovery that is not relevant or proportional to any claim or defense in this action.

**Topic 12**: subject to and without waiving its objections, Knobbe Martens will make a witness or witnesses available regarding the authentication of documents produced in response to Apple's requests for production.

Knobbe presents the above proposal as a compromise and on the condition that it resolve all of Apple's discovery requests from Knobbe, with the exception that the parties would reserve all rights as to the deposition of Steve Jensen and meet and confer on that issue, if necessary, after the depositions of Kesler and Shukla. Knobbe reserves the right to stand on its objections and decline to provide any or all of the above testimony and documents should Apple reject Knobbe's compromise or should the parties otherwise fail to reach agreement as to the scope of discovery. To the extent a meet and confer is necessary, Knobbe is available to meet and confer on Monday, September 11 at 1 pm PST.

Best regards,

/s/ Stephen Larson
Stephen W. Larson