# EXHIBIT 20

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

Stephen W. Larson
Stephen.Larson@knobbe.com

**VIA EMAIL**

Benjamin Luehrs
Desmarais LLP
230 Park Avenue
New York, NY 10169

Re:   *Apple v. Masimo*, Civil Action No. 22-1377; 22-1378

Dear Benjamin:

I write regarding the parties' respective subpoenas concerning alleged inequitable conduct, the parties' meet and confer, and in response to your September 25 letter.

Although Apple has not pled inequitable conduct, and Masimo has had no opportunity to challenge any such pleading, Knobbe Martens proposed a reasonable compromise that would allow Apple to explore the issue. In my previous letter, and during the parties' meet and confer, Knobbe Martens made a proposal that would provide Apple with substantial discovery in response to Apple's subpoenas. Rather than engage on a compromise, Apple has now demanded additional, broader and irrelevant *new discovery*, as discussed in greater detail below.

In a stark contradiction in positions, in response to Masimo's subpoena—which is directed to allegations that Masimo has pled and that withstood Apple's motion to dismiss—Apple's prosecution and IPR counsel have refused to provide *any discovery*. Masimo explained in detail the relevance and importance of its subpoenas. Masimo also followed up with a letter substantially narrowing its requested discovery. But to no avail. Apple's Patent Office counsel fail to address Masimo's offer to compromise. Apple's Patent Office counsel simply state they will refuse any discovery and will move to quash.

Given Apple's transparent inconsistent positions, and new attempt to substantially expand the Knobbe Martens subpoenas, Knobbe Martens will also move to quash. We agree the parties should both file their motions to quash under Judge Hall's procedures governing discovery disputes, as Knobbe Martens originally suggested during the parties' meet and confer. We address the parties' disputes in more detail below.

### Apple's Subpoena to Jensen

Rather than engage on Masimo's proposal, Apple now attempts to ***vastly expand*** its subpoena to seek Jensen's Knobbe emails that hit on Apple's broad search terms that have nothing to do with purported inequitable conduct, as well as testimony that has nothing to do with purported inequitable conduct. Apple's demands demonstrate Apple's subpoena is an egregious attempt to harass one of Masimo's lead counsel in this case. Apple cannot justify running Apple's search terms on the law firm emails of one of Masimo's outside lead counsel.[1]

---

[1] Contrary to your letter, Masimo did not "agree[]" or "represent" that third party Knobbe would run Apple's case search terms on Mr. Jensen's email accounts at Knobbe, or could Masimo do so. Luehrs Ltr at 1. Masimo noted that **15 years ago** Mr. Jensen served temporarily as a Sr. VP of Masimo and that Masimo would treat Mr. Jensen as a custodian for the purpose of searching "*its* systems" for any emails of Mr. Jensen. Bunker 7/21/23 Email (emphasis added). Apple ignores that Masimo made clear that commitment "does not include Knobbe

Knobbe proposed a reasonable compromise as to Jensen—that Apple should first depose Kesler and Shukla to explore its unfounded allegations and then the parties could address the impropriety of Apple deposing Masimo's lead counsel.  However, Knobbe's proposal assumed that Apple would proceed in good faith and that, after the Kesler and Shukla depositions, Apple would reasonably consider whether to continue to press for testimony from Jensen.[2]  Apple's September 25 letter makes clear Apple's intent is simply to depose a lead outside trial attorney regardless of what other discovery establishes.

Knobbe Martens expressly reserved the right to stand on its objections should Apple not accept Masimo's proposed compromise.  Larson 9/8 Letter.  Rather than engage on Masimo's proposed compromise, Apple vastly expands the discovery it seeks.  Masimo will move to quash Apple's subpoena of Mr. Jensen.

### Apple's 30(b)(6) Subpoena to Knobbe Martens

Apple's demand for 30(b)(6) testimony from Knobbe Martens places an increased burden on Knobbe Martens.  Apple has not attempted to explain why such testimony is necessary or helpful given that Knobbe Martens has offered the relevant patent prosecutors for deposition.  Apple should not be permitted to seek such testimony while refusing to provide any such testimony from its own patent counsel on allegations which are in the current pleadings, and have withstood Apple's motion to dismiss.

Apple's Patent Office counsel argue that Masimo's position is based on a "false equivalency" because Apple has "specifically accused Masimo's outside counsel of inequitable conduct" whereas Masimo has purportedly not made any "allegations against Apple's counsel."  Luehrs Ltr at 2-3. Apple knows this is incorrect—Masimo has made allegations regarding the Apple Patent Office counsel that Masimo subpoenaed.  *E.g.*, C.A. 22-1378 First Amended Counterclaims ¶¶ 83, 150-151, 160-161.  Masimo's narrowed subpoenas specifically target information relevant to its inequitable conduct allegations, including the extent to which Apple's in-house counsel was aware of and involved in proceedings asserting key prior art, on the one hand, and failed to disclose that prior art during prosecution, on the other.  Apple should not be permitted to demand broad discovery from Knobbe Martens when Apple refuses to provide *any* discovery from its own Patent Office counsel.  Knobbe Martens will move to quash Apple's 30(b)(6) subpoena.

### Apple's Subpoenas to Kesler and Shukla

Contrary to your letter, Knobbe Martens never stated that it was "making itself, Mr. Kesler, and Mr. Shukla available for deposition because they have been specifically accused of inequitable conduct by Apple."  Luehrs Ltr at 1.  Knobbe Martens stated the opposite: that Apple has not set forth any valid inequitable conduct defense in any pleading, and that Masimo has had no opportunity to challenge Apple's allegations.  Knobbe Martens nonetheless proposed a reasonable compromise that would allow Apple to explore that issue so as to move the case forward without delay.  Knobbe Martens expressly reserved the right to stand on its objections if Apple did not engage on Knobbe Martens' compromise.  If a 30(b)(6) deposition goes forward, Kesler and Shukla will likely be Knobbe Marten's witnesses.  In addition, Apple demands additional new and broad document discovery from Knobbe Martens.  These issues will need to be resolved before Kesler and Shukla can be made available for a deposition.  Please let us know if Apple disagrees, such that Knobbe Martens will also need to seek such relief from Judge Hall.

---

email."  *Id*.  Masimo was clear that Apple would have to seek any Knobbe emails through a proper subpoena on the firm.  Bunker 7/15/23 Email.

[2] Masimo does not agree to depose Apple's 30(b)(6) witnesses on inequitable conduct before deposing Mr. Myers.  We reject Apple's numerous attempts, including during the parties' meet and confer, to connect these issues with Mr. Myers who is, and has been at all relevant times, Apple's in-house counsel.  We also disagree with Apple's many unfounded allegations against Mr. Jensen, Luehrs Ltr at 2-3, which have been repeatedly debunked by Masimo and the courts, despite Apple's numerous repeated attempts to engage in egregious harassment of a lead outside trial attorney for Masimo.

**Masimo's Subpoenas of Apple's Patent Office Counsel**

We are disappointed that Apple and its Patent Office counsel still refuse to provide any discovery even after Masimo narrowed its subpoenas of Apple's Patent Office counsel.  As discussed, Masimo has made allegations regarding Apple's Patent Office counsel that are in the case, and Masimo's narrowed subpoenas seek targeted information relevant to Masimo's inequitable conduct allegations.  As discussed, we agree the parties should file their motions to quash under Judge Hall's procedures governing discovery disputes.[3]

                        Best regards,

                        /s/ Stephen Larson
                        Stephen W. Larson

---

[3] To narrow the issues, consistent with Masimo's previous proposal, Masimo withdraws the Kilpatrick subpoena.