# EXHIBIT 30

Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
steve.jensen@knobbe.com
Perry D. Oldham (Bar No. 216016)
perry.oldham@knobbe.com
Stephen W. Larson (Bar No. 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949)-760-0404; Facsimile: (949)-760-9502

Adam B. Powell (Bar. No. 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000; Facsimile: (858) 707-4001

Attorneys for Plaintiffs,
Masimo Corporation and Cercacor Laboratories, Inc.

*Counsel for Defendants listed on next page.*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation, and CERCACOR LABORATORIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx)<br><br>**DECLARATION OF ILISSA SAMPLIN IN SUPPORT OF DEFENDANT APPLE INC.'S PORTION OF JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**<br><br>Judge: Hon. John D. Early<br><br>Hr'g Date/Time: July 23, 2020, 10 a.m.<br>Courtroom: 6A<br><br>Discovery Cutoff: July 5, 2021<br>Pre-Trial Conference: March 21, 2022<br>Trial: April 5, 2022 |

Gibson, Dunn & Crutcher LLP

DECLARATION OF ILISSA SAMPLIN IN SUPPORT OF APPLE'S PORTION OF JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER
CASE NO. 8:20-CV-00048-JVS (JDEX)

| | |
|---|---|
| 1 | JOSHUA H. LERNER, SBN 220755 |
| |   jlerner@gibsondunn.com |
| 2 | **GIBSON, DUNN & CRUTCHER LLP** |
| | 555 Mission Street Suite 3000 |
| 3 | San Francisco, CA 94105 |
| | Tel.: 415.393.8200 / Fax: 415.393.8306 |
| 4 | |
| | H. MARK LYON, SBN 162061 |
| 5 |   mlyon@gibsondunn.com |
| | **GIBSON, DUNN & CRUTCHER LLP** |
| 6 | 1881 Page Mill Road |
| | Palo Alto, CA 94304-1211 |
| 7 | Tel.: 650.849.5300 / Fax: 650.849.5333 |
| 8 | BRIAN M. BUROKER, *pro hac vice* |
| |   bburoker@gibsondunn.com |
| 9 | **GIBSON, DUNN & CRUTCHER LLP** |
| | 1050 Connecticut Avenue, N.W. |
| 10 | Washington, DC 20036 |
| | Tel.: 202.955.8541 / Fax: 202.467.0539 |
| 11 | |
| | BRIAN A. ROSENTHAL, *pro hac vice* |
| 12 |   brosenthal@gibsondunn.com |
| | **GIBSON, DUNN & CRUTCHER LLP** |
| 13 | 200 Park Avenue |
| | New York, NY 10166-0193 |
| 14 | Tel.: 212.351.2339 / Fax: 212.817.9539 |
| 15 | ILISSA SAMPLIN, SBN 314018 |
| |   isamplin@gibsondunn.com |
| 16 | **GIBSON, DUNN & CRUTCHER LLP** |
| | 333 South Grand Avenue |
| 17 | Los Angeles, CA 90071-3197 |
| | Tel.: 213.229.7000 / Fax: 213.229.7520 |
| 18 | |
| | ANGELIQUE KAOUNIS, SBN 209833 |
| 19 |   akaounis@gibsondunn.com |
| | **GIBSON, DUNN & CRUTCHER LLP** |
| 20 | 2029 Century Park East Suite 4000 |
| | Los Angeles, CA 90067 |
| 21 | Tel.: 310.552.8546 / Fax: 310.552.7026 |
| 22 | *Attorneys for Defendant Apple Inc.* |

1

DECLARATION OF ILISSA SAMPLIN IN SUPPORT OF APPLE'S PORTION OF JOINT STIPULATION
REGARDING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

I, Ilissa Samplin, declare and state as follows:

1. I am an attorney duly licensed to practice law before this Court and all courts of the State of California. I am a partner with the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn") and counsel of record for Apple Inc. ("Apple") in the above-captioned action. I make this declaration in support of Apple's portion of the Joint Stipulation Regarding Plaintiffs' Motion for a Protective Order (the "Joint Stipulation"). I have personal, firsthand knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Protective Order that Apple requests the Court enter in the above-captioned action.

3. On March 10, 2020, the Court entered in the above-captioned action the Initial Order Following Filing of Complaint Assigned to Judge Selna ("Initial Order"). In the Initial Order, Judge Selna directed the parties to review "[c]opies of Judge Selna's orders that may have specific application to this case," including the "Order Setting Rule 26(f) Scheduling Conference," which is "available on the Central District of California website." A true and correct copy of the Initial Order is attached hereto as **Exhibit B**. A true and correct copy of the Order Setting Rule 26(f) Scheduling Conference, available on Judge Selna's Procedures and Schedules website, located at https://www.cacd.uscourts.gov/honorable-james-v-selna (last visited June 24, 2020), is attached hereto as **Exhibit C**.

4. A true and correct copy of the United States District Court for the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, available at https://www.cand.uscourts.gov/wp-content/uploads/forms/model-protective-orders/ND_Cal_Patent_Highly_Sensitive_Model_Prot_Ord_Revised.docx (last visited June 24, 2020), is attached hereto as **Exhibit D**.

Gibson, Dunn & Crutcher LLP

2
DECLARATION OF ILISSA SAMPLIN IN SUPPORT OF APPLE'S PORTION OF JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER
CASE NO. 8:20-CV-00048-JVS (JDEX)

5. On April 16, 2020, Plaintiffs initiated via a letter the meet-and-confer process in connection with this Joint Stipulation. Attached hereto as **Exhibit E** is a true and correct copy of the letter sent on June 2, 2020, by Adam Powell (counsel of record for Plaintiffs) to my colleague Angelique Kaounis.

6. In an April 16, 2020 email, my colleague Angelique Kaounis responded to Mr. Powell's letter, attaching Apple's redlines to the proposed Protective Order and explaining that Plaintiffs' request for a conference of counsel pursuant to Rule 37-1 was premature because the parties were still negotiating the provisions of the Protective Order and Apple had already promised to send proposed edits in redline. The parties continued to meet and confer about this Protective Order dispute following Ms. Kaounis's April 16 email. A true and correct copy of the entire email exchange between counsel concerning the meet and confer process and the parties' negotiations regarding this Protective Order dispute, up until the point when Apple understood the parties to be at an impasse on the issues addressed in the Joint Stipulation, is attached hereto as **Exhibit F**.

7. On June 3, 2020, Mr. Powell sent an email to me and my colleague Brian Buroker, stating, with respect to Section 3 of Apple's proposed protective order, that Plaintiffs "will not include Apple's edits in [Plaintiffs'] draft, but [Plaintiffs] will indicate that [they] do not oppose the changes if the Court deems them acceptable." Attached hereto as **Exhibit G** is true and correct copy of Mr. Powell's June 3, 2020 email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of June, 2020, in Los Angeles, California.


By: /s/ *Ilissa Samplin*
Ilissa Samplin

3
DECLARATION OF ILISSA SAMPLIN IN SUPPORT OF APPLE'S PORTION OF JOINT STIPULATION
REGARDING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER
CASE NO. 8:20-CV-00048-JVS (JDEX)

Gibson, Dunn & Crutcher LLP

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation; and CERCACOR LABORATORIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 8:20-cv-00048-JVS (JDEx) <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

will be given access to Protected Material, the person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the person prior to expiration of this fourteen (14) day period. If an objection is received within that fourteen (14) day period, the Parties agree to meet and confer within seven (7) days following the objection and to use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party shall serve on the other Party a Joint Stipulation pursuant to Local Rule 37-2.1 within seven (7) days of the meet and confer. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(d) the court and its personnel;

(e) court reporters, videographers, and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author, recipient, or custodian of a document containing the information, or any other individual who appears to have had access to the specific information at issue based on the face of the document, the document's metadata, other documents, or sworn witness testimony;

(h) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(i) any other person with the prior written consent of the Producing Party.

9.3. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or

-15-

permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the individuals identified in Paragraphs 9.2 (a), (c)-(i), provided that such Outside Counsel under Paragraph 9.2(a) is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party and such proposed Outside Counsel did not, at the time the lawsuit was filed or within the previous two (2) years from the date the lawsuit was filed, have a business or ownership interest in a Party (i.e., was not a Board member, Director, officer, employee, or hold a title with a Party). Additionally, whether Plaintiffs' trade secret disclosure under California Code of Civil Procedure Section 2019.210 is designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to said disclosure shall be permitted for three (3) Apple House Counsel.

10. <u>PROSECUTION BAR</u>

Plaintiffs' Language: Absent written consent from the Producing Party, any individual who receives access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved, directly or indirectly, in the (i) prosecution of patents or patent applications relating to non-invasive physiological monitoring, including without limitation the patents at issue in this action and any patent or application claiming priority to or otherwise related to the patents at issue in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office") or (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of non-invasive physiological monitoring technologies. For purposes of this Paragraph,

"prosecution" means advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of non-invasive physiological monitoring technologies (generally or as described in any patent in suit), before any foreign or domestic agency, including the United States Patent and Trademark Office;. To avoid any doubt, "prosecution" as used in this Paragraph does not include providing patent prosecution counsel with public information to submit to the Patent Office. "Prosecution" as used in this Paragraph also does not include representing a party before a domestic or foreign agency in a patent challenge (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, covered business method review, post-grant review or other patent office proceedings in the United States or elsewhere on behalf of a patentee but only if no amendments to the claims are made to the patent or patent application by anyone during that process. If an individual that has had access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information and participates in a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, covered business method review, post-grant review, or other patent office proceedings in the United States or elsewhere on behalf of a patentee, the claims of the patent involved in such proceedings may not be amended by anyone without violating this protective order. These prohibitions are not intended to and shall not preclude counsel from participating directly or indirectly in proceedings on behalf of a Party challenging the validity of any patent. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

|    |                                                                                  |
|----|----------------------------------------------------------------------------------|
| 1  | **ATTESTATION REGARDING SIGNATURES**                                             |
| 2  | I, Joshua H. Lerner, attest that all signatories listed, and on whose behalf     |
| 3  | the filing is submitted, concur in the filing's content and have authorized the  |
| 4  | filing.                                                                          |
| 5  |                                                                                  |
| 6  | DATED: June __, 2020          By:   /s/ *DRAFT*                                  |
| 7  |                                      Joshua H. Lerner                            |

-30-