# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 22-1377-MN-JLH |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) |
| SOUND UNITED, LLC, | ) **PUBLIC VERSION** |
| | ) |
| Defendants. | ) |
| MASIMO CORPORATION and | ) |
| SOUND UNITED, LLC, | ) |
| | ) |
| Counter-Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| APPLE INC., | ) |
| | ) |
| Counter-Defendant. | ) |
| APPLE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 22-1378-MN-JLH |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MASIMO CORPORATION and | ) |
| SOUND UNITED, LLC, | ) **PUBLIC VERSION** |
| | ) |
| Defendants. | ) |
| MASIMO CORPORATION, | ) |
| CERCACOR LABORATORIES, INC., and | ) |
| SOUND UNITED, LLC, | ) |
| | ) |
| Counter-Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| APPLE INC., | ) |
| | ) |
| Counter-Defendant. | ) |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DAVID E. MOORE**

<div style="display: flex;">

OF COUNSEL:

John M. Desmarais
Jordan N. Malz
Cosmin Maier
Kerri-Ann Limbeek
Jeffrey Scott Seddon, II
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Peter C. Magic
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900

Jennifer Milici
Leon B. Greenfield
Dominic Vote
WILMER CUTLER PICKERING HALE
  AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington DC 20037
Tel: (202) 663-6000

Mark A. Ford
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6423

</div>

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff/Counter-Defendant Apple Inc.*

Dated:  October 25, 2023
11127252 / 12209.00051

Public Version Dated: November 1, 2023

| | **TABLE OF EXHIBITS** |
|---|---|
| **Exhibit** | **Description** |
| 1 | February 11, 2022 Deposition of J. Kiani (Excerpted) |
| 2 | September 18, 2023 Deposition of G. Hammarth (Excerpted) |
| 3 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 4 | Order No. 7: Granting Respondent's Motion to Preclude Stephen Jensen from Access to Confidential Business Information Under the Protective Order While Serving on Complainant's Board of Directors (Nov. 18, 2021) |
| 5 | March 16, 2020 Declaration of S. Jensen |
| 6 | June 26, 2020 Declaration of S. Jensen |
| 7 | September 13, 2021 Declaration of S. Jensen |
| 8 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 9 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 10 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 11 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 12 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 13 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 14 | October 20, 2023 Deposition of R. Priddell (Rough Transcript) (Excerpted) |
| 15 | The Power of Masimo SET® Monitoring at Home, YouTube (Nov. 5, 2020), *available at* https://www.youtube.com/watch?v=g3u0CXlVckw |
| 16 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| 17 | Apple's Second Suppl. Resp. to Masimo's Interrogatory No. 23 (Sept. 29, 2023) (incorporating First Suppl, Resp. (July 5, 2023)) |
| 18 | Defendants' Response to Apple's Interrogatory No. 36 (Sept. 11, 2023) |

| | |
|---|---|
| 19 | Defendants' Response to Apple's Interrogatory No. 44 (Sept. 18, 2023) |
| 20 | August 18, 2023 Subpoena to Knobbe Martens Olson & Bear LLP |
| 21 | August 22, 2023 Subpoena to S. Jensen |
| 22 | Apple's Disclosure of ESI Custodians and Search Terms (July 13, 2023) |
| 23 | Apple's Disclosure of ESI Custodians and Search Terms (Sept. 5, 2023) |
| 24 | Correspondence of Counsel re ESI Stipulation, July 13–21, 2023 |
| 25 | Address & Attorney/Agent Information, US 8,190,223, (annotated) *available at* https://patentcenter.uspto.gov/applications/11367033/attorney |
| 26 | Address & Attorney/Agent Information, US 10,736,507 (annotated) *available at* https://patentcenter.uspto.gov/applications/15880071/attorney |
| 27 | Address & Attorney/Agent Information, US 10,687,743, (annotated) *available at* https://patentcenter.uspto.gov/applications/16791955/attorney |
| 28 | Address & Attorney/Agent Information, US 10,722,159, (annotated) *available at* https://patentcenter.uspto.gov/applications/16791963/attorney |
| 29 | Address & Attorney/Agent Information, US 10,984,911, (annotated) *available at* https://patentcenter.uspto.gov/applications/17028655/attorney |
| 30 | Defendants' Second Supplemental Response to Apple's Interrogatory No. 2. (Aug. 10, 2023) |

Dear Judge Hall:

Stephen Jensen's involvement with Masimo and Cercacor goes far beyond a role as outside counsel, and Apple's subpoenas are directed to his personal and unique knowledge about numerous, non-privileged fact issues in this case. Jensen is a percipient fact witness related to Masimo's design and development of the accused products—he swore to the ITC in 2021 that he resigned from Cercacor's board due to the inadvertent risk of using Apple confidential information he had access to as litigation counsel and then continued attending board meetings under a new label: "management." He is relevant to copying and willful infringement. Jensen also committed inequitable conduct in obtaining Masimo's asserted patents by intentionally not identifying to the Patent Office art he was intimately familiar with from a separate litigation. Apple does not seek discovery of Jensen's activities or communications regarding his role as litigation counsel in this case. Knobbe, including attorneys Jarom Kesler and Harnik Shukla, prosecuted patents Masimo asserted in this case, and Apple named those individuals in its inequitable conduct allegations. Additionally, Masimo identified Kesler as aware of Apple's patents before Apple sued Masimo. Accordingly, Apple respectfully requests that Jensen's and Knobbe's motions to quash be denied.

I. **Apple Seeks Jensen's Deposition To Discover His Non-privileged Work For Masimo.**

Apple needs to depose Jensen to discover non-privileged facts concerning his involvement in and attendance of Cercacor board meetings during the design and development of the accused Masimo's W1 and Freedom products. Ex. 1 at 111:5–113:23. Jensen served (or serves) on Cercacor's Board of Directors and is a member of Cercacor's *management* team. Ex. 2 at 90:25–2. Cercacor's Board meetings are relevant to this case because, as Cercacor's CFO testified, *Id.* at 86:22–87:7. Copies of technical presentations from those meetings confirm that testimony. Ex. 3.

Apple previously moved to preclude Jensen from accessing Apple's confidential business information in the parties' ITC case. The ITC agreed with Apple that there was an unnecessarily high risk of inadvertent disclosure of Apple's CBI to Masimo/Cercacor as a result of Jensen's continued participation on Cercacor's Board and ruled that Jensen should not be allowed access to Apple's CBI while serving on the Board. Ex. 4 at 16–17. But because Jensen wanted access to Apple's CBI, he submitted sworn declarations to the ITC, (Exs. 5–7), and "resigned" from Cercacor's Board on December 8, 2021. *See* -1377, D.I. 15 (Horne Decl.) ¶ 31. But Jensen's "resignation" was a sham. Ex. 8. In fact, during this case, Jensen attended one such meeting *in the four weeks* between Apple's motion for expedited discovery (which *sought to ascertain Jensen's involvement in Cercacor Board meetings*) and Masimo's opposition brief. Ex. 9 (November 3, 2022). And the facts show that Masimo and/or Cercacor do product development work at those meetings. A deposition of Jensen is warranted for Apple to discover non-privileged facts concerning Jensen's attendance during the design and development of the accused products.

A deposition of Jensen is also warranted insofar as he and his Knobbe partners perform non-legal (i.e., non-privileged) work on Masimo's behalf while also working as attorneys at Knobbe, including activities that relate to Masimo's product development, all of which relates to Apple's

allegations of willful infringement and copying. In the past, Jensen served as Masimo's Senior VP of OEM Business Development. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ W1's principal design engineer testified ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 14 at 169:10–19; 172:10–13. Jensen also acts as a Masimo spokesperson, named in a 2020 commercial as "Steve Jensen of the Masimo Foundation." Ex. 15. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 30 at 9. Apple should be permitted discovery of non-privileged facts concerning Jensen and his partners' involvement in Masimo's business and product development, including as to the accused products.

### II.     Apple Seeks Jensen's And Knobbe's Depositions Concerning Inequitable Conduct.

Depositions of Jensen and Knobbe are also warranted based on their inequitable conduct before the PTO. Knobbe prosecuted each Masimo asserted patent. Apple asserted inequitable conduct ***against specific Knobbe attorneys*** involved in prosecuting those patents and provided over 100 pages of detailed allegations.[1] Apple's inequitable conduct allegations identify specific Knobbe attorneys of record—including Jensen, Kesler, and Shukla—and describe with particularity how each committed inequitable conduct during prosecution of the Masimo Asserted Patents.[2]

Apple specifically alleges facts plausibly demonstrating each Knobbe attorney's duty of disclosure to the Patent Office. Ex. 17 at 18, 28–32, 37–42, 51–56, 66–69.[3] In addition, Apple specifically alleges facts plausibly demonstrating the materiality of the withheld and/or misrepresented prior art references as well as each Knobbe attorney's knowledge of each such material reference. *Id.* at 22–27, 33–36, 43–50, 57–64, 70–77. Furthermore, Apple specifically alleges facts plausibly demonstrating that each Knobbe attorney withheld and/or misrepresented these material references with intent to deceive the Patent Office. *Id.* at 27, 36, 50–51, 64–65, 78. Masimo still has not provided any substantive response or rebuttal to Apple's allegations. Exs. 18 & 19. Apple's

---

[1] Ex. 17. An important difference between Apple's subpoenas to Masimo's outside counsel and Masimo's subpoenas to Apple's is that Apple ***specifically accused*** Masimo's outside counsel (e.g., Knobbe); ***Masimo did not***. *Cf.* -1377, D.I. 375.

[2] In opposing Apple's motion to dismiss, Masimo argued that an attorney's appearance on the PTO's website's "customer number" for a patent is an indication of substantive involvement in prosecuting that patent. (-1377, D.I. 83 at 12; -1378, D.I. 68 at 18–19.) Here, Jensen appears on the PTO's "customer number" for each Masimo Asserted Patent. Exs. 25–29. Apple acknowledges that it argued against the viability of such a theory in its motion to dismiss, but given that the Court has allowed it to proceed to discovery, Masimo cannot ignore similar facts for Jensen while relying on them to pursue its theory against Apple.

[3] Masimo's argument that Apple's allegations are not in a pleading is frivolous. Apple provided its allegations in response to an interrogatory seeking all of Apple's defenses "at the same level of detail that will be required when you file your Answer" Ex. 17 at 3. Apple's defense does not appear in a formal pleading because the pleadings have not yet closed. *See* -1377 D.I. 377.

The Honorable Jennifer L. Hall
October 25, 2023
Page 3

subpoenas seek documents and testimony relating to each named attorney's awareness of and involvement in the prosecution of the Masimo Asserted Patents; awareness of the pertinent prior art, and determinations relating to disclosure decisions. *Id.* (Requests 2–4 & Topics 2–8).

Apple also alleges that Jensen and Knobbe abused their multiple roles by concealing Nellcor prior art from the PTO, after having litigated infringement of those very same Nellcor products. *E.g.*, Ex. 17, at 9–12, 19–27. Depositions may elicit relevant, non-privileged facts that circumstantially demonstrate an intent to deceive the PTO. *Cf. Mallinckrodt, Inc. v. Masimo Corp.*, 147 F. App'x 158, 183–84 (Fed. Cir. 2005) ("Hence, that [the same Stephen] Jensen did not disclose the *Masimo I* litigation to the PTO, when he for certain knew about it since he was the lead attorney representing Masimo in that litigation, strongly suggests that he intended to deceive the PTO.").

### III. Apple's Subpoena For Email Discovery From Jensen.

***Masimo agreed to treat Jensen as an email custodian*** and run all of Apple's search terms on Jensen's Masimo in-house email. Ex. 24 at 1. But Masimo demanded a subpoena upon Knobbe to obtain Jensen's Knobbe emails. *Id.* at 6. So, Apple served subpoenas upon Knobbe and Jensen. Exs. 20 & 21. Despite Masimo's previous agreement to treat Jensen as an email custodian (Ex. 24 at 1), Knobbe and Jensen refused to negotiate *any* email discovery under those subpoenas. Now, with mere weeks of fact discovery remaining, Knobbe and Jensen are unfairly depriving Apple email discovery of ***an agreed ESI custodian***. And contrary to Jensen's and Knobbe's claims that Apple has "broadened" its requests, Apple has significantly narrowed its search terms since July, when Apple and Masimo negotiated Jensen's status as an email custodian. Exs. 22 & 23.

Discovery into Jensen's historical and current non-legal (and therefore, non-privileged) work for Masimo and Cercacor is crucial to Apple's claims and defenses. Apple only recently learned that Jensen uses his Knobbe email to perform non-legal (and therefore, non-privileged) Masimo and Cercacor work. *E.g.*, Exs. 9–11. Apple has also recently learned that Jensen's partners use their personal Gmail accounts in connection with Masimo's W1-product development. Ex. 16. The Court should require Jensen and Knobbe to run the previously agreed search terms on any email Jensen uses for non-legal business within either of his or Knobbe's custody, control, or possession.

### IV. Jensen's Status As Litigation Counsel Does Not Immunize Him From Discovery.

Apple seeks discovery from Jensen because he is a percipient witness with unique personal knowledge of crucial non-privileged facts. *See Ricoh Co., Ltd v. Oki Data Corp.*, C.A. No. 09-694-SLR, 2011 WL 3563142 (D. Del. Aug. 15, 2011) (finding compelling need for deposition under the *Shelton* rule). Apple's allegations in this case allege that Apple's confidential information was supplied to a "board member of Cercacor" (*e.g.*, D.I. 1 (1377) ¶ 30) and Masimo must have known that referred to Jensen in light of the disputes about Jensen serving on the board in the previous and ongoing cases in which Masimo sued Apple, but it nonetheless ***then*** hired Jensen as counsel. Masimo cannot shield a percipient witness from non-privileged discovery by hiring him as litigation counsel. And the fact that Apple's Complaint pre-dates Masimo hiring him in this case shows that Apple has not introduced such allegations to "harass" litigation counsel. Apple is entitled to discover the non-privileged facts in Jensen's custody, control, or possession.

The Honorable Jennifer L. Hall
October 25, 2023
Page 4

                                               Respectfully,

                                               */s/ David E. Moore*

                                               David E. Moore

DEM:nmt/11127252/12209.00051

Enclosures

cc:     Clerk of Court (via hand delivery)
         Counsel of Record (via electronic mail)