**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC,<br><br>Plaintiff,<br><br>v.<br><br>MASIMO CORPORATION and SOUND UNITED, LLC,<br><br>Defendants. | **REDACTED - PUBLIC VERSION**<br><br>Civil Action No. 22-1377 (MN) (JLH)<br><br>[redacted] |
| APPLE INC,<br><br>Plaintiff,<br><br>v.<br><br>MASIMO CORPORATION and SOUND UNITED, LLC,<br><br>Defendants. | Civil Action No. 22-1378 (MN) (JLH)<br><br>[redacted] |

**<u>LETTER TO THE HONORABLE JENNIFER L. HALL FROM JOHN C. PHILLIPS, JR.</u>**

Dated: November 10, 2023

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendants*

Dear Judge Hall:

Apple's Motion (-1378 Case D.I. 419)[1] is its latest attempt to foreclose all discovery on Myers. Masimo alleged in detail how Myers committed inequitable conduct. D.I. 15 ¶¶ 75-141. Apple moved to dismiss those allegations and moved to stay discovery. D.I. 40 at 16-20; D.I. 50 at 7. The Court denied both motions. D.I. 82; D.I. 124. The Court then rejected Apple's attempt to foreclose email discovery and ordered Apple to produce Myers' emails. D.I. 350. In response, Apple declined to produce even one word from any document. Apple claimed every single document was either non-responsive or privileged in its entirety, such that Apple could not provide a redacted version. Ex. C. If Apple prevents Myers' deposition, Apple will have foreclosed essentially ***all*** discovery about Myers. The Court should not allow that to happen.

## II. Legal Standard

As the party seeking a protective order, Apple bears the burden of showing good cause. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). To carry that burden, Apple must show "a particular need for protection," *id.*, involving "a clearly defined and serious injury," *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). "Broad allegations of harm" do not suffice. *Id.* Courts "must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 377 (D. Md. 2014) (quoting Adv. Comm. Note Fed. R. Civ. P. 26, 1983 Amdmt.). "The circumstances are rare which justify an order that a deposition not be taken at all, and the existence of privilege is not one of those circumstances." *Scovill Mfg. Co. v. Sunbeam Corp.*, 61 F.R.D. 598, 603 (D. Del. 1973) (requiring deposition of in-house counsel).

Apple claims "several courts" treat in-house counsel at Myers' level as "apex" witnesses. But Apple's lead cases neither addressed in-house counsel nor mentioned the "apex" doctrine. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676 (7th Cir. 2002); *Baine v. Gen. Motors Corp.*, 141 F.R.D. 332 (M.D. Ala. 1991). Apple's only cited authority applying the "apex" doctrine to in-house counsel did so because the person was "general counsel" and not involved in the relevant facts. *Tillman v. Advanced Pub. Safety, Inc.*, 2017 WL 679980, at *2 (S.D. Fla. Feb. 16, 2017). Here, Myers is not general counsel and his knowledge and intent are directly at issue. Thus, Apple fails to show the Court should apply any special "apex" doctrine.

## III. Argument

### A. Apple, Not Masimo, Is Applying A Double Standard

Apple begins by arguing the Court should prevent the Myers deposition because the Court did not permit Apple to depose Steve Jensen. Mot. at 1. But Apple never explains why the Jensen ruling would apply to Myers. The reasons Masimo moved for a protective order as to Jensen do not apply to Myers. *See* D.I. 392. Unlike Myers, Jensen is one of Masimo's lead trial counsel. Courts impose a very high standard to depose trial counsel because such depositions disrupt a party's representation. *Id.* at 1-2 (citing cases). Unlike Apple, Masimo had no opportunity to challenge Apple's allegations at the pleading stage. *Id.* at 3. Jensen also provided undisputed public testimony at trial in this district regarding very similar allegations brought by Apple's counsel in another case. *Id.* at 1. Judge Stark found Jensen credible on all points. *Id.* (citing *Masimo Corp. v. Philips*, 2015 WL 2406061, at *2 (D. Del. May 8, 2015)). Myers does not appear

[1] Unless otherwise noted, "D.I." citations refer to Case No. 22-1378.

to have ever testified on these issues. Both parties rely on a customer number at the PTO, but the allegations are very different. Knobbe lists ***every*** person admitted to practice before the USPTO on its customer number. In contrast, Myers is one of few in-house counsel on the relevant customer number. D.I. 68 at 18-19. Masimo also alleges that Myers, as the lawyer in charge of IP at Apple, orchestrated a scheme to compartmentalize information at Apple such that it would not be disclosed to the Patent Office. D.I. 15 ¶¶ 81, 129, 139. Thus, Myers and Jensen are nothing alike.

Apple also ignores that it deposed Masimo lawyers who are far less relevant than Myers. For example, Apple deposed both Masimo's General Counsel and a former in-house lawyer merely because [REDACTED] Having taken those depositions, Apple should not complain about a Myers deposition.

### B. Apple Fails To Meet Its Burden To Preclude Myers' Deposition

**Apple Improperly Seeks A Ruling On The Merits.** Myers is highly relevant because he is in-house counsel accused of intentionally deceiving the PTO. In arguing otherwise, Apple asks the Court to decide Masimo's claims on the merits by finding Myers had no involvement in prosecution. But Apple "presents no authority indicating that imposing limits on the scope of discovery is the appropriate method by which to consider the merits of a party's claims or defenses." *United States v. Washington*, 2020 WL 6262100, at *3 (W.D. Wash. Oct. 23, 2020) (denying motion for protective order to prevent deposition). Masimo need not prove its case to obtain discovery. *Miller v. Arab Bank, PLC*, 2023 WL 2731681, at *7-8 (E.D.N.Y. Mar. 31, 2023); *Nosalek v. MLS Prop. Info. Network, Inc.*, 2022 WL 4815961, at *5 (D. Mass. Oct. 3, 2022).

**Major Questions Remain Unanswered That Only Myers Can Answer.** Apple argues Masimo should not be able to depose Myers because Pilling and Hoellwarth denied Myers had relevant knowledge. Mot. at 2-3. But Myers' personal knowledge and subjective intent are critical to Masimo's claims. Apple cites no case allowing a party to defeat a deposition by designating 30(b)(6) witnesses to testify about ***someone else's*** knowledge and intent.

Apple is also wrong to suggest Pilling and Hoellwarth were able to establish Myers' knowledge and intent. Apple attaches excerpts of the depositions (Exs. 1-2), but the full transcripts are illuminating (*see* Exs. A-B). Apple primarily relies on answers to leading questions posed by ***Apple's*** lawyer. The rest of the depositions were very different. Apple's counsel routinely interjected lengthy speaking objections, at times even informing the witnesses what a document "says" or that Apple's "interrogatory response" provided different facts. *See, e.g.*, Ex. A at 223-224; Ex. B at 120-121. Apple's counsel also instructed the witnesses not to answer questions about Myers' knowledge by claiming privilege. *See, e.g.*, Ex. A at 227-229, 231-232. When allowed to answer, the witnesses largely parroted Apple's interrogatories without elaboration. *See, e.g.*, Ex. A at 202 [REDACTED] At one point, Pilling admitted he [REDACTED] *Id.* at 204.

Apple claims that Pilling and Hoellwarth established that Myers "was not involved in any way" in patent prosecution. Mot. at 1. But Pilling could not say whether Myers has ever been involved in patent prosecution at Apple. Ex. A at 98-99. Hoellwarth likewise could not explain why the PTO's records listed Myers, an in-house attorney, as attorney of record. Ex. B at 36; D.I. 69-1 to 69-3. Apple also argues that Pilling and Hoellwarth established that Myers "was not aware" of the withheld information. Mot. at 1. But Pilling acknowledged [REDACTED]



*Id.* at 207-208. Hoellwarth likewise Ex. B at 131-133. Pilling also claimed Ex. A at 214-215.

Apple attempts to bolster Pilling and Hoellwarth's testimony by claiming they each "spoke with Mr. Myers" about "his knowledge" before their depositions. Mot. at 3. But Apple omits that Pilling spoke to Myers for "just a ***couple of minutes***" and did nothing "to confirm that Mr. Myers was providing accurate information." Ex. A at 214-215, 238. Similarly, Hoellwarth spoke to Myers for "***less than five minutes***." Ex. B at 137. Hoellwarth even admitted he did ***not*** know the answer to at least one of Apple's leading questions, but answered "yes" anyway because "Apple's counsel" asked it and he "assumed it was correct." *Id.* at 149.

Apple argues its interrogatory responses and 30(b)(6) testimony parroting those responses provide "the information Masimo seeks" in a "less intrusive" manner than deposing Myers. Mot. at 3. But Masimo need not accept Apple's contentions as true. A key purpose of discovery is to allow parties to challenge their opponents' contentions and discover the true facts. *Tarashuk v. Orangeburg Cnty.*, 2022 WL 473231, at *6 (D.S.C. Feb. 15, 2022).[2]

Apple also cites several cases that actually support Masimo. Apple cites *Occidental Chemical*, but the court there ***permitted*** the deposition of a party's general counsel. 2023 WL 1990488. Like that in-house attorney, Myers has information "central" to pleaded theories not available from alternative sources. *Id.* at *6. Apple also repeats an argument the *Occidental Chemical* court rejected: that Apple's interrogatory responses are an adequate alternative to a deposition. As the court explained, "[d]epositions of fact witnesses are not limited in light of paper discovery." *Id.* at *7. Apple also cites *Younes*, but the court there found no evidence that the attorney at issue "has information not known by non-attorneys." 2015 WL 12843884, at *4. Because fact discovery was ongoing, the court ordered the party seeking the deposition to try to obtain the information from non-attorneys. *Id.* Here, the discovery cutoff has passed, and Myers is the only person who can meaningfully testify about his own knowledge and intent.

**Apple Failed To Substantiate Any Clearly Defined And Serious Injury.** Apple argues allowing Myers' deposition would cause "harm to Apple's representational rights" because, while Myers is not the general counsel, he is Apple's "highest-ranking IP attorney." Mot. at 3. Apple argues Masimo could only "probe privileged matters," but starts from the disputed premise that Myers has no relevant knowledge. *Id.* Masimo is entitled to discovery on that issue. In any event, when the deponent is not trial counsel, the mere risk of privilege assertions is not one of the "rare" circumstances that justify blocking a deposition. *Scovill*, 61 F.R.D. at 603. Indeed, Apple designated an in-house lawyer and an in-house patent agent as 30(b)(6) witnesses without suffering any cognizable harm. Apple's conclusory assertions fail to carry its burden to demonstrate Myers' deposition would result in "a clearly defined and serious injury." *Glenmede*, 56 F.3d at 483.

---

[2] Apple also argues that Masimo can rely on upcoming discovery from "Apple's outside counsel prosecution firms." Mot. at 3. But Apple never explains why outside counsel would be able to conclusively establish Myers' purported lack of knowledge or testify at all about his intent in withholding information from the PTO.

Respectfully submitted,

*/s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (#110)

cc: All counsel of record (via Email & CM/ECF)

**Table of Exhibits**

| Ex. | Description |
|---|---|
| A | October 24, 2023 Cameron Pilling Deposition Transcript |
| B | November 3, 2023 Quin Hoellwarth Deposition Transcript |
| C | November 7, 2023 Apple Email to Masimo |