EXHIBIT 4

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

MASIMO CORPORATION,

Petitioner,

v.

APPLE INC.,

Patent Owner

_____

Case IPR2023-00664
U.S. Patent 11,106,352

_____

**PATENT OWNER'S CONTINGENT MOTION TO AMEND**

Case No. IPR2023-00664
Attorney Docket:  50095-0146IP1

# TABLE OF CONTENTS

I.    Introduction ..................................................................................................1

II.   Statement of Relief Requested .....................................................................2

III.  The Substitute Claims Satisfy 37 C.F.R. § 42.121(a) ..................................2

    A.    The substitute claims are non-broadening .............................................2

    B.    The substitute claims are responsive to a ground of unpatentability involved in the trial .................................................................................8

    C.    The substitute claims are reasonable in number. ................................12

IV.   The Substitute Claims Satisfy 37 C.F.R. § 42.121(b) ................................12

    A.    The substitute claims are presented in a claim listing ........................12

    B.    The substitute claims are supported by the original and earlier filed disclosures for each claim. ..................................................................12

V.    Level of Ordinary Skill in the Art ..............................................................17

VI.   Claim Construction .....................................................................................17

VII.  Patentability Over the Prior Art .................................................................18

VIII. Conclusion ..................................................................................................18

Case No. IPR2023-00664
Attorney Docket:  50095-0146IP1

## LIST OF EXHIBITS

APPLE-2001 U.S. Patent Publication No. 2020/0333935 ("Tyler")

APPLE-2002 U.S. Provisional Application No. 62/507,181

## I.   Introduction

Patent Owner, Apple Inc., respectfully moves under 35 U.S.C. § 316(d) and 37 C.F.R. § 42.121 to conditionally amend challenged claims 3-5, 7, 8, 11-13, 15, 16, 19-21, 23, and 24 (hereinafter "challenged MTA claims") of the '352 patent. In the event the Board finds at least one challenged MTA claim unpatentable, Apple respectfully requests that the Board grant this Motion to Amend (MTA) with respect to the corresponding proposed substitute claim(s).  Accordingly, this Motion to Amend is contingent upon a determination of unpatentability of the challenged MTA claim(s).  Patent Owner also requests Preliminary Guidance.

As shown below, this motion and the substitute claims meet all requirements of 35 U.S.C. § 316(d) and 37 C.F.R § 42.121.  *See also Lectrosonics, Inc. v. Zaxcom, Inc.*, IPR2018-01129, -01130, Paper 15 at 4 (PTAB Feb. 25, 2019) (precedential). Specifically, the substitute claims are i) presented in a claim listing; ii) reasonable in number; iii) responsive to a ground of unpatentability involved in the trial; iv) non-broadening; and v) supported by the written description. *Id.* at 4-8. Moreover, the motion confirms Patent Owner's belief that the proposed substitute claims are patentable over all known prior art, whether alone or in combination.

Having met its burdens, Apple respectfully submits that it is entitled to the contingent substitute claims unless Petitioner "prove[s] all propositions of

unpatentability." *Aqua Products v. Matal,* 872 F.3d 1290, 1310 (Fed. Cir. 2017)(*en banc*).

## II.     Statement of Relief Requested

Pursuant to the Board's Pilot Program, Patent Owner requests the Board's Preliminary Guidance as to this Motion to Amend.

To the extent the Board finds any of original claims 3-5, 7, 8, 11-13, 15, 16, 19-21, 23, and 24 unpatentable, Apple respectfully requests that the Board grant this motion to amend with respect to the corresponding proposed substitute claim(s) presented herein.

## III.    The Substitute Claims Satisfy 37 C.F.R. § 42.121(a)

### A.     The substitute claims are non-broadening.

As shown in the attached claims appendix, the proposed substitute claims retain all features of the corresponding original claims, and add narrowing limitations. The proposed claims thus do not enlarge the scope of the corresponding original claims in any way. The following table specifies how each proposed substitute claim narrows the corresponding original claim.

Case No. IPR2023-00664
Attorney Docket:  50095-0146IP1

| Original claim # | Substitute Claim # | Amendments (none of the substitute claims have broadening amendments) |
|---|---|---|
| 3 | 25 | • wherein the computer system is a wearable electronic watch; |
| 4 | 26 | • Claim depends from claim 25 instead of claim 3<br>• generating, by the wearable electronic watch, one or more tactile outputs in response to an occurrence of an event of interest; |
| 5 | 27 | • Claim depends from claim 25 instead of claim 3<br>• calibrating one or more sensors of the wearable electronic watch that are configured to monitor a workout;<br>• receiving workout sensor data from the one or more sensors;<br>• storing workout data indicative of the workout sensor data;<br>• displaying the workout data indicative of the workout sensor data; |

3

| | | |
|---|---|---|
| | | • transmitting, by the wearable electronic watch, the workout data indicative of the workout sensor data; |
| 7 | 28 | • wherein the computer system is a wearable electronic watch that comprises an optical sensor located on a back side of the watch, opposite to a touch screen display of the display generation component on a front side of the watch, |
| 8 | 29 | • Claim depends from claim 28 instead of claim 7 |
| 11 | 30 | • wherein the computer system comprises: a watch comprising the one or more processors, the display generation component, the one or more input devices, radio frequency circuitry, and one or more sensors, wherein:<br><br>• the display generation component is configured to display a plurality of graphical user interfaces including the home screen user interface and the widget screen user interface;<br><br>• the one or more input devices comprise a physical push button that is configured as a menu button; |

| | | |
|---|---|---|
| | | <ul><li>the radio frequency circuitry is configured to transmit and receive one or more wireless signals;</li><li>the one or more sensors are configured to detect a contact on the display generation component, detect the input that meets the display-waking criteria, detect the first input that is directed to the portion of the wake screen user interface;</li><li>while displaying, via the display generation component, the widget screen user interface, detecting, by the one or more sensors, a second input;</li><li>displaying, via the display generation component, the home screen user interface.</li></ul> |
| 12 | 31 | <ul><li>Claim depends from claim 30 instead of claim 11</li><li>receiving, using audio circuitry of the watch, audio data;</li><li>converting the audio data to an electrical signal;</li><li>transmitting the electrical signal to a speaker;</li></ul> |
| 13 | 32 | <ul><li>Claim depends from claim 30 instead of claim 11</li></ul> |

Case No. IPR2023-00664
Attorney Docket: 50095-0146IP1

| | | |
|---|---|---|
| | | • wherein one or more sensors in the watch comprise an optical sensor located on a back side of the watch, opposite to a touch screen display of the display generation component on a front side of the watch. |
| 15 | 33 | • wherein the radio frequency circuitry is configured to transmit the one or more wireless signals to a communication system, the communication system comprising one of a Bluetooth system, a Wireless Fidelity system, or a Long Term Evolution system. |
| 16 | 34 | • Claim depends from claim 33 instead of claim 15 |
| 19 | 35 | • wherein the computer system includes a wearable electronic watch and the operations are performed at the watch; |
| 20 | 36 | • Claim depends from claim 35 instead of claim 19<br>• wherein the input that meets the display-waking criteria while the computer system is in the power saving state, is detected when the display |

6

Case No. IPR2023-00664
Attorney Docket: 50095-0146IP1

| | | |
|---|---|---|
| | | generation component is in a display-off state, the display-off state being a power-saving state of the display generation component; and<br><br>• wherein displaying the wake screen user interface in response to the input comprises transitioning the display generation component from the display-off state to a display-on state such that the wake screen user interface replaces an interface provided in the power-saving state of the display generation component. |
| 21 | 37 | • Claim depends from claim 35 instead of claim 19<br><br>• determining that a time during which no input has been detected by the device increases beyond a threshold duration; and<br><br>• controlling the display generation component to transition from a screen-on state associated with the wake screen user interface to a screen-off state that is a power-saving state of the display generation component. |

7

| 23 | 38 | • generating one or more tactile outputs in response to an occurrence of an event of interest; and<br><br>• transmitting one or more wireless signals to a communication system, the communication system comprising one of a Bluetooth system, a Wireless Fidelity system, or a Long Term Evolution system. |
|----|----|----|
| 24 | 39 | • Claim depends from claim 38 instead of claim 23 |

**B.      The substitute claims are responsive to a ground of unpatentability involved in the trial.**

The proposed substitute claims are also responsive to at least one ground of unpatentability in the trial. *See* 37 C.F.R. § 42.121(a)(2)(i).  Petitioner has alleged that claims 1-24 of the '352 Patent, including independent claims 1 (method claim), 9 (system claim), and 17 (computer-readable storage medium claim), are invalid under the following grounds.

Case No. IPR2023-00664
Attorney Docket:  50095-0146IP1

| Ground No. | Ground Description |
|---|---|
| 1 | Claims 1, 2, 6, 9, 10, 14, 17, 18, and 22 would have been obvious in view of Chae alone or in view of Chae and Narendra. |
| 2 | Claims 3-5, 11-13, and 19-22 would have been obvious in view of Chae, Narendra, and Shuttleworth. |
| 3 | Claims 7, 8, 15, 16, 23, and 24 would have been obvious in view of Chae, Narendra, and Karunamuni. |
| 4 | Claims 1, 2, 6, 9, 10, 14, 17, 18, and 22 would have been obvious in view of Chae and Narendra and in further view of Hong and/or Android. |
| 5 | Claims 3-5, 11-13, and 19-22 would have been obvious in view of Chae, Narendra, and Shuttleworth and in further view of Hong and/or Android. |
| 6 | Claims 7, 8, 15, 16, 23, and 24 would have been obvious in view of Chae, Narendra, and Karunamuni and in further view of Hong and/or Android. |

IPR2023-00664 Petition at Ground Listing, Page 1.

This Contingent Motion to Amend conditionally proposes amendments to claims 3-5, 7, 8, 11-13, 15, 16, 19-21, 23, and 24 that are responsive to Petitioner's grounds in the instant IPR.  For example, in response to at least Grounds 2, 3, 5, and 6, Apple's proposed substitute claims clarify that:

(1) the claimed computer system includes a wearable electronic watch;

(2) the wearable electronic watch generates one or more tactile outputs in response to an occurrence of an event of interest;

9

Case No. IPR2023-00664
Attorney Docket: 50095-0146IP1

(3) the watch includes the one or more processors, the display generation

component, the one or more input devices, a radio frequency circuitry, and

one or more sensors;

(4) the sensors in the watch are configured to monitor a workout and provide

workout sensor data; workout data is then received, stored, displayed, and

transmitted;

(5) the watch includes an optical sensor on a back side of the watch;

(6) the watch includes audio circuitry to receive audio data, which is then

converted into an electrical signal for transmission to a speaker;

(7) the radio frequency circuitry is configured to transmit wireless signals to

a communication system which could be one of a Bluetooth system, a

Wireless Fidelity system, or a Long Term Evolution system; and

(8) a display-off state being a power-saving state of the display generation

component, and transitioning from the display-off state to a wake-screen

user interface.

For example, while the issued '352 Patent claims recite a "computer system,"

the substitute claims clarify that "the computer system is a wearable electronic

watch." None of the asserted references, individually or in combination, disclose or

render obvious a wearable electronic watch that implements the recited claim

features. The additional clarifying features noted above recite additional

10

distinguishing features, thereby addressing the grounds advanced in the IPR2023-00664 petition, such that the asserted prior art references fail to render obvious the substitute claims[1].

Moreover, it is not necessary "that every word added to or remove from a claim in a motion to amend must be solely for the purpose of overcoming an instituted ground." *Veeam Software Corp. v. Veritas Techs., LLC*, IPR2014-00090, Paper 48 at 28 (Jul. 17, 2017).  Rather, the question is whether "the proposed claim as a whole is 'responsive to a ground of unpatentability involved in the trial.'"  *Id.* at 29. Beyond that threshold, Patent Owner may add other amendments that "serve[] the public interest by ensuring issuance of valid and clear patents," including "additional limitations to address potential § 101 or § 112 issues."  *Id.*  To the extent the Board finds that any other proposed amendments in a given substitute claim are not directly responsive to a ground of unpatentability here, those amendments are appropriate in view of the legal principles above.

---

[1]  Patent Owner does not concede that the current issued claims of the '352 Patent are rendered obvious by the asserted prior art.  The proposed amendments further amplify distinctions between the asserted references and the '352 Patent.

**C.     The substitute claims are reasonable in number.**

Apple has selected the challenged MTA claims that are a subset of the challenged claims in the IPR petition for amendments, and for each challenged MTA claim, Apple proposes only one substitute claim, fitting the "presumption . . . that only one substitute claim would be needed to replace each challenged claim." 37 C.F.R. § 42.121(a)(3).  Thus, the number of substitute claims are reasonable in number.

**IV.    The Substitute Claims Satisfy 37 C.F.R. § 42.121(b)**

**A.     The substitute claims are presented in a claim listing.**

As required by 37 C.F.R. § 42.121(b), this motion is accompanied by an appendix that lists the proposed substitute claims and clearly shows the proposed amendments to the claims in light of the corresponding original claims.

**B.     The substitute claims are supported by the original and earlier filed disclosures for each claim.**

Pursuant to 37 C.F.R. § 42.121(b)(1) and (b)(2), the table below demonstrates that each substitute claim is supported by each earlier-filed disclosure as to which the benefit of the filing date is sought.[2]  In particular, the '352 Patent issued from

---

[2] The support citations herein are not necessarily exhaustive or meant to limit the meaning of the corresponding limitations.

Application No. 16/915,971, which was filed on June 29, 2020 and published as Patent Application Publ. No. 2020/0333935 (APPLE-2001). The '352 Patent claims priority to U.S. provisional application No. 62/507,181, filed May 16, 2017 (APPLE-2002), and is a continuation of U.S. patent application No.: 16/354,012, filed on March 14, 2019 and issued as U.S. Pat. No. 10,788,979, which is a continuation of U.S. patent application No.: 15/715,005, filed on Sept. 25, 2017, and issued as U.S. Pat. No. 10,466,889.

| Claim | Written Description Support | |
|---|---|---|
| | **APPLE-2001** | **APPLE-2002** |
| 25 | ¶¶[266]-[270], [246], [249], [169]-[171], [420]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H<br><br>Amended features: ¶¶[6], [420] | ¶¶[310]-[314], [290], [293], [213]-[215]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H<br><br>Amended features: ¶¶[7], [464] |
| 26 | ¶¶[266]-[270], [246], [249], [169]-[171], [420]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H<br><br>Amended features:  ¶¶[6],  [71], [122]-[123], [420] | ¶¶[310]-[314], [290], [293], [213]-[215]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H<br><br>Amended features: ¶¶[7], [76], [144]-[145], [464] |

| | | |
|---|---|---|
| 27 | ¶¶[266]-[270], [246], [249], [169]-[171], [420]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H<br><br>Amended features: ¶¶[6], [81], [420] | ¶¶[310]-[314], [290], [293], [213]-[215]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H<br><br>Amended features: ¶¶[7], [103], [464] |
| 28 | ¶¶[209]-[214], [246], [251], [252], [259], [266], FIGS. 5CC-5CQ, 5EN-5ES, 5FF-FH, 5FU<br><br>Amended features: ¶¶[6], [56], [420] | ¶¶[253]-[258], [290], [295], [296], [303], [310]; FIGS. 5CC-5CQ, 5EN-5ES, 5FF-FH, 5FU<br><br>Amended features: ¶¶[7], [61], [464] |
| 29 | ¶¶[209]-[214], [246], [251], [252], [259], [266], FIGS. 5CC-5CQ, 5EN-5ES, 5FF-FH, 5FU | ¶¶[253]-[258], [290], [295], [296], [303], [310]; FIGS. 5CC-5CQ, 5EN-5ES, 5FF-FH, 5FU |
| 30 | ¶¶[266]-[270], [246], [249], [169]-[171], [420]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H<br><br>Amended features: ¶¶[6], [81], [38], [95], [136], [47], [420] | ¶¶[310]-[314], [290], [293], [213]-[215]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H<br><br>Amended features: ¶¶[7], [103], [43], [117], [158], [52], [464] |

| | | |
|---|---|---|
| 31 | ¶¶[266]-[270], [246], [249], [169]-[171], [420]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H<br><br>Amended features:  ¶¶[6], [47], [420] | ¶¶[310]-[314], [290], [293], [213]-[215]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H<br><br>Amended features:  ¶¶[7], [52], [464] |
| 32 | ¶¶[266]-[270], [246], [249], [169]-[171], [420]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H<br><br>Amended features:  ¶¶[6], [56], [420] | ¶¶[310]-[314], [290], [293], [213]-[215]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H<br><br>Amended features:  ¶¶[7], [61], [464] |
| 33 | ¶¶[209]-[214], [246], [251], [252], [259], [266], FIGS. 5CC-5CQ, 5EN-5ES, 5FF-FH, 5FU<br><br>Amended features:  ¶¶[6], [47], [420] | ¶¶[253]-[258], [290], [295], [296], [303], [310]; FIGS. 5CC-5CQ, 5EN-5ES, 5FF-FH, 5FU<br><br>Amended features:  ¶¶[7], [52], [464] |
| 34 | ¶¶[209]-[214], [246], [251], [252], [259], [266], FIGS. 5CC-5CQ, 5EN-5ES, 5FF-FH, 5FU | ¶¶[253]-[258], [290], [295], [296], [303], [310]; FIGS. 5CC-5CQ, 5EN-5ES, 5FF-FH, 5FU |

| 35 | ¶¶[266]-[270], [246], [249], [169]-[171], [420]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H | ¶¶[310]-[314], [290], [293], [213]-[215]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H |
| | Amended features: ¶¶[6], [420] | Amended features: ¶¶[7], [464] |
| 36 | ¶¶[266]-[270], [246], [249], [169]-[171], [420]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H | ¶¶[310]-[314], [290], [293], [213]-[215]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H |
| | Amended features: ¶¶[6], [332], [420] | Amended features: ¶¶[7], [376], [464] |
| 37 | ¶¶[266]-[270], [246], [249], [169]-[171], [420]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H | ¶¶[310]-[314], [290], [293], [213]-[215]; FIGS. 5FU-5GD, 5EJ-5EP; 5E-5H |
| | Amended features: ¶¶[6], [166], [420] | Amended features: ¶¶[7], [210], [464] |
| 38 | ¶¶[209]-[214], [246], [251], [252], [259], [266], FIGS. 5CC-5CQ, 5EN-5ES, 5FF-FH, 5FU | ¶¶[253]-[258], [290], [295], [296], [303], [310], FIGS. 5CC-5CQ, 5EN-5ES, 5FF-FH, 5FU |
| | Amended features: ¶¶[6], [71], [122]-[123], [47], [420] | Amended features: ¶¶[7], [76], [144]-[145], [52], [464] |

| 39 | ¶¶[209]-[214], [246], [251], [252], [259], [266], FIGS. 5CC-5CQ, 5EN-5ES, 5FF-FH, 5FU | ¶¶[253]-[258], [290], [295], [296], [303], [310], FIGS. 5CC-5CQ, 5EN-5ES, 5FF-FH, 5FU |

## V.    Level of Ordinary Skill in the Art

A person of ordinary skill in the art ("POSITA") at the time of the invention of the '352 Patent would have had at least a bachelor's degree in computer science, computer engineering, electrical engineering, human-computer interaction, or a related field, and would have had at least two years of relevant work experience in the design and development of graphical user interfaces ("GUIs"), human-computer interfaces, or equivalents thereof.  Less work experience may be compensated for by a higher level of education and vice versa.

## VI.    Claim Construction

At this stage, Apple does not propose any specific claim constructions as it is not Apple's burden to demonstrate patentability of the proposed substitute claims over the prior art.   While Apple believes the new proposed limitations, plainly understood, establish patentability of the proposed substitute claims, Apple reserves the right to propose claim constructions as needed to respond to any allegations of unpatentability presented by Petitioner.

## VII.  Patentability Over the Prior Art

In light of the Federal Circuit's *en banc* decision in *Aqua Products v. Matal*, 872 F.3d 1290, 1296, 1310 (Fed. Cir. 2017), Apple need not prove the patentability of the proposed substitute claims. And as the Patent Office has acknowledged before the Federal Circuit, and the Federal Circuit has held, Patent Owner adequately meets its duty of candor by simply confirming—as it does here—its belief that the proposed substitute claim is patentable over all known prior art, alone or combined. *Nike Inc. v. Adidas AG*, 812 F.3d 1326, 1350 (Fed. Cir. 2016) (overruled *en banc* on other grounds).

## VIII.  Conclusion

Patent Owner respectfully requests the Board's Preliminary Guidance as to this Motion, and further requests that, to the extent any original claim is deemed unpatentable, the Board grant the corresponding proposed substitute claim.

Respectfully submitted,


Date: <u>December 13, 2023</u>          <u>/Usman Khan/</u>
                                      Usman Khan, Reg. No. 70,439
                                      Fish & Richardson P.C.
                                      60 South Sixth Street, Suite 3200
                                      Minneapolis, MN 55402
                                      T: 202-783-5070
                                      F: 877-769-7945

Case No. IPR2023-00664
Attorney Docket:  50095-0146IP1

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to 37 C.F.R. § 42.6(e)(4), the undersigned certifies that on

December 13, 2023, a complete and entire copy of this Patent Owner's Contingent

Motion to Amend were provided via email, to the Petitioner by serving the email

correspondence addresses of record as follows:

Ted M. Cannon (Reg. No. 55,036)
Jarom D. Kesler (Reg. No. 57,046)
Philip M. Nelson (Reg. No. 62,676)
Irfan A. Lateef (Reg. No. 51,922)
Jeremy Anapol (Reg. No. 75,686)

KNOBBE, MARTENS, OLSON & BEAR, LLP
3520 Main Street, Fourteenth Floor
Irvine, CA 92614
Tel.: (949) 760-0404
Fax: (949) 760-9502

E-mail: MasimoIPR-352@knobbe.com

/Crena Pacheco/
Crena Pacheco
Fish & Richardson P.C.
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
pacheco@fr.com

Case No. IPR2023-00664
Attorney Docket: 50095-0146IP1

## CLAIMS APPENDIX

Underlining and strikethrough text show the modifications to the original claim being made in the corresponding substitute claim; the modifications are additionally bolded for viewing convenience.

25. (Substitute for claim 3, if found unpatentable)

The method of claim 1, **<u>wherein the computer system is a wearable electronic watch, the method</u>** including:

while displaying the widget screen user interface, detecting a second input that is directed to a portion of the widget screen user interface and includes second movement; and

in response to detecting the second input that is directed to the portion of the widget screen user interface:

in accordance with a determination that the second input meets third criteria, wherein the third criteria require the second movement to be in the first direction in order for the second criteria to be met, displaying the home screen user interface.

26. (Substitute for claim 4, if found unpatentable)

The method of claim **[[3]] <u>25</u>**, including:

Case No. IPR2023-00664
Attorney Docket: 50095-0146IP1

**generating, by the wearable electronic watch, one or more tactile outputs in response to an occurrence of an event of interest;**

while the home screen user interface is displayed in response to detection of the second input, detecting a third input that is directed to a portion of the home screen user interface and includes third movement; [[and]]

in response to detecting the third input that is directed to the portion of the home screen user interface:

in accordance with a determination that the third input meets fourth criteria, wherein the fourth criteria require the third movement to be in a third direction that is different from the first direction and the second direction in order for the fourth criteria to be met, redisplaying the widget screen user interface.

27. (Substitute for claim 5, if found unpatentable)

The method of claim [[3]] **25**, including:

**calibrating one or more sensors of the wearable electronic watch that are configured to monitor a workout;**

**receiving workout sensor data from the one or more sensors;**

**storing workout data indicative of the workout sensor data;**

**displaying the workout data indicative of the workout sensor data;**

Case No. IPR2023-00664
Attorney Docket:  50095-0146IP1

**transmitting, by the wearable electronic watch, the workout data indicative of the workout sensor data; and**

while the home screen user interface is displayed in response to detection of the second input, detecting a fourth input that is directed to a portion of the home screen user interface and includes fourth movement; [[and]]

in response to detecting the fourth input that is directed to the portion of the home screen user interface:

in accordance with a determination that the fourth input meets fifth criteria, wherein the fifth criteria require the fourth movement to be in a third direction that is different from the first direction and the second direction in order for the fifth criteria to be met, redisplaying the wake screen user interface**.**

28. (Substitute for claim 7, if found unpatentable)

The method of claim 1, **wherein the computer system is a wearable electronic watch that comprises an optical sensor located on a back side of the watch, opposite to a touch screen display of the display generation component on a front side of the watch, the method** including:

in response to detecting the first input that is directed to the portion of the wake screen user interface:

in accordance with a determination that the first input meets seventh criteria, wherein the seventh criteria require the first movement to be in a fifth direction that is different from the first direction and the second direction in order for the seventh criteria to be met:

displaying of a control panel user interface that is different from the wake screen user interface and the widget screen user interface, wherein the control panel user interface includes a plurality of controls for controlling one or more device functions of the computer system.

29. (Substitute for claim 8, if found unpatentable) The method of claim [[7]] 28, including:

while the control panel user interface is displayed in response to detection of the first input, detecting a sixth input that is directed to a portion of the control panel user interface and includes sixth movement; and

in response to detecting the sixth input that is directed to the portion of the control panel user interface:

in accordance with a determination that the sixth input meets eighth criteria, wherein the eighth criteria require the sixth movement to be in a sixth direction (e.g., rightward swipe) that is opposite the fifth direction in

Case No. IPR2023-00664
Attorney Docket:  50095-0146IP1

order for the eighth criteria to be met, redisplaying the wake screen user

interface.


30. (Substitute for claim 11, if found unpatentable)

The computer system of claim 9, **wherein the computer system comprises:**

**a watch comprising the one or more processors, the display generation**

**component, the one or more input devices, radio frequency circuitry, and one**

**or more sensors, wherein:**

**the display generation component is configured to display a**

**plurality of graphical user interfaces including the home screen user**

**interface and the widget screen user interface;**

**the one or more input devices comprise a physical push button**

**that is configured as a menu button;**

**the radio frequency circuitry is configured to transmit and receive**

**one or more wireless signals; and**

**the one or more sensors are configured to detect a contact on the**

**display generation component, detect the input that meets the display-**

**waking criteria, detect the first input that is directed to the portion of**

**the wake screen user interface; and**

wherein the operations include:

Case No. IPR2023-00664
Attorney Docket:  50095-0146IP1

while displaying, **via the display generation component,** the widget screen user interface, detecting, **by the one or more sensors,** a second input that is directed to a portion of the widget screen user interface and includes second movement; and

in response to detecting the second input that is directed to the portion of the widget screen user interface:

in accordance with a determination that the second input meets third criteria, wherein the third criteria require the second movement to be in the first direction in order for the second criteria to be met, displaying, **via the display generation component,** the home screen user interface.

31. (Substitute for claim 12, if found unpatentable)

The computer system of claim [[11]] **30**, wherein the operations include:

**receiving, using audio circuitry of the watch, audio data;**

**converting the audio data to an electrical signal;**

**transmitting the electrical signal to a speaker; and**

while the home screen user interface is displayed in response to detection of the second input, detecting a third input that is directed to a portion of the home screen user interface and includes third movement; and

in response to detecting the third input that is directed to the portion of the

home screen user interface:

in accordance with a determination that the third input meets fourth

criteria, wherein the fourth criteria require the third movement to be in a

third direction that is different from the first direction and the second

direction in order for the fourth criteria to be met, redisplaying the widget

screen user interface.


32. (Substitute for claim 13, if found unpatentable)

The computer system of claim **[[11]] <u>30</u>**, wherein the operations include:

while the home screen user interface is displayed in response to detection of

the second input, detecting a fourth input that is directed to a portion of the home

screen user interface and includes fourth movement; and

in response to detecting the fourth input that is directed to the portion of the

home screen user interface:

in accordance with a determination that the fourth input meets fifth

criteria, wherein the fifth criteria require the fourth movement to be in a

third direction that is different from the first direction and the second

direction in order for the fifth criteria to be met, redisplaying the wake

screen user interface**<u>; and</u>**

Case No. IPR2023-00664
Attorney Docket: 50095-0146IP1

**wherein one or more sensors in the watch comprise an optical sensor located on a back side of the watch, opposite to a touch screen display of the display generation component on a front side of the watch**.

33. (Substitute for claim 15, if found unpatentable)

The computer system of claim 9, wherein the operations include:

in response to detecting the first input that is directed to the portion of the wake screen user interface:

in accordance with a determination that the first input meets seventh criteria, wherein the seventh criteria require the first movement to be in a fifth direction that is different from the first direction and the second direction in order for the seventh criteria to be met:

displaying of a control panel user interface that is different from the wake screen user interface and the widget screen user interface, wherein the control panel user interface includes a plurality of controls for controlling one or more device functions of the computer system**: and**

**wherein the radio frequency circuitry is configured to transmit the one or more wireless signals to a communication system, the communication**

**system comprising one of a Bluetooth system, a Wireless Fidelity system, or a Long Term Evolution system.**


34. (Substitute for claim 16, if found unpatentable)

The computer system of claim [[15]] **33**, wherein the operations include

while the control panel user interface is displayed in response to detection of the first input, detecting a sixth input that is directed to a portion of the control panel user interface and includes sixth movement; and

in response to detecting the sixth input that is directed to the portion of the control panel user interface:

in accordance with a determination that the sixth input meets eighth criteria, wherein the eighth criteria require the sixth movement to be in a sixth direction (e.g., rightward swipe) that is opposite the fifth direction in order for the eighth criteria to be met, redisplaying the wake screen user interface.


35. (Substitute for claim 19, if found unpatentable)

The computer-readable storage medium of claim 17, **wherein the computer system includes a wearable electronic watch and the operations are performed at the wearable electronic watch, and**

Case No. IPR2023-00664
Attorney Docket: 50095-0146IP1

wherein the operations further include:

while displaying the widget screen user interface, detecting a second input that is directed to a portion of the widget screen user interface and includes second movement; and

in response to detecting the second input that is directed to the portion of the widget screen user interface:

in accordance with a determination that the second input meets third criteria, wherein the third criteria require the second movement to be in the first direction in order for the second criteria to be met, displaying the home screen user interface.

36. (Substitute for claim 20, if found unpatentable)

The computer-readable storage medium of claim **[[19]]** <u>35</u>, wherein the operations include:

while the home screen user interface is displayed in response to detection of the second input, detecting a third input that is directed to a portion of the home screen user interface and includes third movement; and

in response to detecting the third input that is directed to the portion of the home screen user interface:

Case No. IPR2023-00664
Attorney Docket:  50095-0146IP1

in accordance with a determination that the third input meets fourth criteria, wherein the fourth criteria require the third movement to be in a third direction that is different from the first direction and the second direction in order for the fourth criteria to be met, redisplaying the widget screen user interface**:**

**wherein the input that meets the display-waking criteria while the computer system is in the power saving state, is detected when the display generation component is in a display-off state, the display-off state being a power-saving state of the display generation component; and**

**wherein displaying the wake screen user interface in response to the input comprises transitioning the display generation component from the display-off state to a display-on state such that the wake screen user interface replaces an interface provided in the power-saving state of the display generation component**.

37. (Substitute for claim 21, if found unpatentable)

The computer-readable storage medium of claim **[[19]] 35**, wherein the operations include:

while the home screen user interface is displayed in response to detection of the second input, detecting a fourth input that is directed to a portion of the home screen user interface and includes fourth movement; [[and]]

in response to detecting the fourth input that is directed to the portion of the home screen user interface:

in accordance with a determination that the fourth input meets fifth criteria, wherein the fifth criteria require the fourth movement to be in a third direction that is different from the first direction and the second direction in order for the fifth criteria to be met, redisplaying the wake screen user interface**:**

**determining that a time during which no input has been detected by the device increases beyond a threshold duration; and**

**controlling the display generation component to transition from a screen-on state associated with the wake screen user interface to a screen-off state that is a power-saving state of the display generation component**.

38. (Substitute for claim 23, if found unpatentable)

The computer-readable storage medium of claim 17, wherein the operations include:

Case No. IPR2023-00664
Attorney Docket: 50095-0146IP1

in response to detecting the first input that is directed to the portion of the wake screen user interface:

in accordance with a determination that the first input meets seventh criteria, wherein the seventh criteria require the first movement to be in a fifth direction that is different from the first direction and the second direction in order for the seventh criteria to be met:

displaying of a control panel user interface that is different from the wake screen user interface and the widget screen user interface, wherein the control panel user interface includes a plurality of controls for controlling one or more device functions of the computer system**:**

**generating one or more tactile outputs in response to an occurrence of an event of interest; and**

**transmitting one or more wireless signals to a communication system, the communication system comprising one of a Bluetooth system, a Wireless Fidelity system, or a Long Term Evolution system**.

39. (Substitute for claim 24, if found unpatentable)

The computer-readable storage medium of claim **[[23]] 38**, wherein the operations include

while the control panel user interface is displayed in response to detection of the first input, detecting a sixth input that is directed to a portion of the control panel user interface and includes sixth movement; and

in response to detecting the sixth input that is directed to the portion of the control panel user interface:

in accordance with a determination that the sixth input meets eighth criteria, wherein the eighth criteria require the sixth movement to be in a sixth direction (e.g., rightward swipe) that is opposite the fifth direction in order for the eighth criteria to be met, redisplaying the wake screen user interface.