EXHIBIT 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

***REDACTED

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion for Stay**

Before the Court is Defendant Apple Inc.'s ("Apple") motion to stay proceedings pending inter partes review ("IPR"). Mot., ECF No. 196-1. Plaintiffs Masimo Corporation ("Masimo") and Ceracor Laboratories, Inc. ("Ceracor") (collectively – "Plaintiffs") filed an opposition. Opp'n, ECF No. 209-1. Apple filed a response. Reply, ECF No. 217.

For the following reasons, the Court **GRANTS** the motion as to claims one through twelve.

## I. BACKGROUND

The background of this case is well known to the parties, and is only repeated here so as to frame the discussion below. Plaintiffs specialize in the development and sale of noninvasive technology that monitors physiological parameters. Opp'n at 2-3. Its core business is in the production of products that measure blood oxygen content, also known as pulse oximeters. Mot. at 15. Apple, the well-known consumer technology company, is the creator of the Apple Watch, a leading smart watch. The most recent version of the Apple Watch, the Series 6, was announced on September 15, 2020, and notably includes the ability to measure "Blood Oxygen." Opp'n at 7. This patent infringement and trade secrets lawsuit, however, goes back to Apple's hiring of some of Masimo's employees beginning in 2013. Second Amended Complaint ("SAC"), ECF No. 88-2, ¶¶ 19-25.

On January 9, 2020, Plaintiffs filed their complaint against Apple, alleging

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-48 JVS (JDEx)                    Date   October 13, 2020

Title   Masimo Corporation et al. v. Apple Inc.

infringement of the ten patents.[1]  Plaintiffs subsequently filed a First Amended Complaint ("FAC") on March 25, 2020, alleging infringement of two additional patents.[2] Then, on July 24, 2020, Plaintiffs filed a Second Amended Complaint ("SAC"), removing from the case five patents[3] and adding allegations of infringement of five new patents.[4] Overall, there are now twelve patents at issue in the case.

Apple has since filed IPR petitions challenging all asserted claims of all the asserted patents.[5] pple now asks for the Court to issue a stay pending a determination by the Patent Trial and Appeal Board ("PTAB") of their IPR petitions. See generally Mot.

## II. Legal Standard

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); see also Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In deciding whether to stay an action pending IPR, a court's discretion is typically guided by three factors: "(1)

---

[1]U.S. Patent Nos. 10,258,265 ("the '265 patent"), 10,258,266 ("the '266 patent"), 10,292,628 ("the '628 patent"), 10,299,708 ("the '708 patent"), 10,376,190 ("the '190 patent"), 10,376,191 ("the '191 patent"), 10,470,695 ("the '695 patent"), 6,771,994 ("the '994 patent"), 8,457,703 ("the '703 patent"), and 10,433,776 ("the '776 patent"). See generally Complaint, ECF No. 1.

[2]U.S. Patent Nos. 10,588,553 ("the '553 patent") and 10,588,554 ("the '554 patent"). See generally FAC, ECF No. 28.

[3]The five patents that were removed were the '266, '708, '190, '191, and '695 patents.

[4]U.S. Patent Nos. 10,624,564 ("the '564 patent"), 10,631,765 ("the '765 patent"), 10,702,194 ("the '194 patent"), 10,702,195 ("the '195 patent"), and 10,709,366 ("the '366 patent"). See generally SAC, ECF 88-2.

[5]On August 31, 2020, Apple filed IPR petitions challenging all asserted claims of the '265 patent, the '776 patent, the '994 patent, and the '553 patent. Rosenthal Decl., ECF No. 197, at pages 29-530. On September 2, 2020, Apple filed IPR petitions challenging all claims of the '554 patent and all claims of the '628 patent. Id. at 532-859. On September 9, 2020, Apple filed an IPR petition challenging all asserted claims of the '703 patent. Id. at 861-945. Finally, on September 30, 2020, Apple filed IPR petitions challenging all claims of the remaining five patents. Andrea Decl., ECF No. 211-1, at pages 22-674.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-48 JVS (JDEx)                        Date   October 13, 2020

Title   Masimo Corporation et al. v. Apple Inc.

whether discovery is complete and whether a trial date has been set; (2) whether a stay
will simplify the issues in question and trial of the case; and (3) whether a stay would
unduly prejudice or present a clear tactical disadvantage to the nonmoving party."
Universal Electronics, Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028,
1030-31 (C.D. Cal. 2013) (quoting Aten International Co., Limited v. Emine Technology
Co., Limited, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010)). The inquiry, however,
is not limited to these factors and "the totality of the circumstances governs." Allergan Inc.
v. Cayman Chemical Co., 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009) (citation
omitted). In addition, "[t]here is a liberal policy in favor of granting motions to stay
proceedings pending the outcome of re-examination, especially in cases that are still in the
initial stages of litigation and where there has been little or no discovery." Limestone v.
Micron Technology, 2016 WL 3598109, at *2 (C.D. Cal. Jan. 12, 2016).

### III. DISCUSSION

#### A.      Stage of the Proceedings

The Court first considers "the stage of proceedings," including the progress of
discovery, the status of claim construction, and whether a trial date has been set. See
Universal Electronics, 943 F. Supp. 2d at 1031. Essentially, where "there is more work
ahead of the parties and the Court than behind," this factors weighs in favor of granting a
stay. See Tierravision, Inc. v. Google, Inc., 2012 WL 559993, at *2 (S.D. Cal. Feb. 21,
2012).

This case is in its early stages. On September 21, 2020, the Court issued an
amended scheduling order. ECF No. 204. The Amended Scheduling Order notes that the
Markman hearing is more than six months away, on April 26, 2021. Id. Fact discovery is
not scheduled to close until July 5, 2021, while the expert discovery cut-off is not until
December 6, 2021. Order re Scheduling Dates, ECF No. 37. The parties have not noticed
or taken any depositions. Andrea Decl., ECF No. 197, ¶ 5. The deadline for the parties to
submit their preliminary claim constructions is not until January 11, 2021. Amended
Scheduling Order. Trial is set for well more than a year from now. Order re Scheduling
Dates.

From these facts it is certainly clear that there is more work ahead of the parties and
the Court than behind us. Cf. Purecircle USA Inc. v. Sweegen, Inc., 2019 WL 3220021, at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-48 JVS (JDEx)                              Date   October 13, 2020

Title        Masimo Corporation et al. v. Apple Inc.

*2 (C.D. Cal. June 3, 2019) (finding the case to be in its early stages where no depositions
had been taken, no expert discovery had occurred, claim construction was not complete,
and trial was nine months away). Plaintiffs' arguments that this case is not in its early
stages are unavailing. While it is true that the Court has addressed several motions from
the parties and the parties have produced approximately 150,000 pages of discovery,
Opp'n at 19-20, these numbers do not weigh heavily when compared to the substantial
amount of work in the months of discovery ahead. Nor did Apple's motion for a protective
order or Apple's subsequent challenges to the magistrate judge's order, see ECF Nos. 54,
76, and 92, cause undue delay, for it did not significantly impact the schedule mentioned
above.

The Court therefore finds that this factor weighs in favor of a stay.

*B.      Simplification of Issues in Question*

The Court next considers "whether a stay will simplify the issues in question and the
trial of the case." Universal Electronics, 943 F. Supp. 2d at 1032. Apple has filed IPR
petitions challenging all of the asserted claims in the asserted patents. Reply at 10. If an
IPR is instituted and the PTAB issues a final written decision, Apple will be estopped from
asserting invalidity based on any ground it "raised or reasonably could have raised" during
the IPR. 35 U.S.C. § 315(e)(2). Apple has also stipulated that if the PTAB "institutes on
any ground raised in its IPR petitions, Apple will not assert in this litigation that same
ground against the corresponding claims" even before the issuance of a final written
decision. Rosenthal Decl., ECF No. 197, ¶ 17; Reply at 13. A final IPR determination is
expected by March 2021, a month before trial is set.[6] 35 U.S.C. § 316(a)(11).

Although Plaintiffs argue that granting a stay of proceedings prior to institution is
"inherently speculative," Opp'n at 21, "courts in this District have adopted the majority
position that even if IPR has not yet been instituted, the simplification factor may still
weigh in favor of a stay." Purecircle, 2019 WL 3220021, at *3 (collecting cases). This is
because "many courts have ultimately been persuaded that the potential to save significant
judicial resources sways the analysis in favor of stay." Id. at *2. The statistics in this case

---

[6]Apple points out that only 3.8% of written decisions are issued more than 13 months after
institution. Reply at 10 n.4. This means there is a 96.2% chance that the written decision will be issued
prior to the date for which jury trial is set.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-48 JVS (JDEx)                              Date   October 13, 2020

Title   Masimo Corporation et al. v. Apple Inc.

support such a conclusion, for there is a 56% IPR institution rate as of 2020 and 76% of Apple's IPR requests since the beginning of 2019 have led to institution.[7] Rosenthal Decl. at 980, Andrea Decl., ECF No. 211-2, at 701. Plaintiffs seek to distinguish Purecircle because that case only involved a single patent. Opp'n at 23. But Apple correctly notes that the existence of twelve different patents in this case weighs even more heavily in favor of a stay because the IPR proceedings have the potential save an even greater amount of judicial resources. Reply at 13.

        Further, where a defendant is actively involved in the IPR process with respect to all of the asserted claims, simplification is likely. See Limestone, 2016 WL 3598109, at *4 ("Because Defendants have petitioned for review of nearly all claims asserted in this action, the outcome of the IPR has the potential to significantly narrow the scope and complexity of the litigation."). If the PTAB cancels all of the asserted claims, the patent claims in this action will be rendered moot. Cancellation of only a portion of the asserted claims may still significantly reduce the scope of this litigation, particularly as there are twelve patents asserted in this case. Notably, only 20% of final written decisions issued in IPRs since 2012 have found all the claims to be patentable, meaning that some winnowing is likely. Rosenthal Decl., at 985. Furthermore, the record developed during the IPR even if institution is denied could inform the claim construction process. Aylus Networks, Inc. v. Apple Inc., 856 F.3d 1353, 1362 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be considered for claim construction and relied upon to support a finding of prosecution disclaimer.").

        Accordingly, the Court finds that this factor also weighs in favor of a stay. The outcome of the IPR may significantly narrow the scope and complexity of the litigation and the parties' and Court's resources are likely to be conserved.

---

[7] Plaintiffs do correctly note that Apple has brought a lawsuit over the NHK-Fintiv Rule, which Apple alleges has "dramatically reduced the availability of IPR." Opp'n at 23; Larson Declaration, ECF No. 207-2, 257 ¶ 5. But the NHK-Fintiv Rule relates to those cases where the trial date set in pending litigation would be before PTAB reaches a final written decision in the IPR. See id. at 263 ¶ 40, 266 ¶ 56. As discussed earlier, such is not the case here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |
| Title | Masimo Corporation et al. v. Apple Inc. | | |

> C.  *Undue Prejudice or Tactical Advantage*

Finally, the Court considers "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Universal Electronics, 943 F. Supp. 2d at 1032. "[A] primary issue in an undue prejudice analysis is whether the parties are competitors such that a stay would cause irreparable harm to the patentee in the market." Core Optical Technologies, LLC v. Fujitsu Network Communications, Inc., 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016). "Courts are divided on whether infringement among competitors necessarily constitutes undue prejudice to the non-moving party." Wonderland Nursery Goods Co., Limited v. Baby Trend, Inc., 2015 WL 1809309 at *4 (C.D. Cal. 2015) (emphasis added). But "[o]ne relevant consideration in evaluating [Plaintiff's] claims of undue harm is whether the parties are sole competitors in the relevant markets." Karl Storz v. Stryker Corp., 2015 WL 13727876, at *7 (N.D. Cal. Mar. 30, 2015). The existence of other competitors in the relevant market "undermines the weight that should be afforded Plaintiff's contentions of undue harm." Wonderland, 2015 WL 1809309 at *4.

Plaintiffs argue that they compete with Apple, though Plaintiffs do not clearly define the market in which they compete. Opp'n at 1, 9-17. Plaintiffs instead warn that Apple should not be allowed to "define the market." Id. at 15. Plaintiffs note that they sell consumer pulse oximetry products such as the MightySAT, iSpO2, and Masimo Sleep,[8] while Apple has recently launched the Series 6. Opp'n at 10. Apple argues that these products do not compete because Plaintiffs' products are "clinical grade" while the Series 6 is "not intended for medical use." Reply at 18. Apple further notes that the MightySAT, iSpO2, and Masimo Sleep all are fingertip sensors while the Series 6 is a wrist-worn smart watch. Reply at 19. Plaintiffs respond by arguing that even though the Series 6 is not accurate enough for medical use, Apple is "marketing a device with medical functions while winking and insisting they're not medical functions." Opp'n at 14 (quoting Larson

_____

[8] ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ Moreover, the Apple products are no threat to Masimo's oximetry devices used in a clinical or hospital setting.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-48 JVS (JDEx)                    Date  October 13, 2020

Title  Masimo Corporation et al. v. Apple Inc.

Declaration, ECF No. 207-2, at 152).

Without detailed economic analysis, it is difficult for the Court to evaluate the extent to which the Series 6 is a substitute good for Plaintiffs' consumer pulse oximetry products. There well might be a market for consumer pulse oximetry products broadly and consumers may not distinguish between wrist-worn oximeters and fingertip sensors, as Plaintiffs suggest. Id. at 13. But even if that were true, and consumers would view the Series 6 as a wrist-worn pulse oximeter, Apple points out that a variety of other companies also sell products that measure blood oxygen content. Reply at 20-23 (listing products from Garmin, Fitbit, and Facelake among others). Therefore, to the extent that Plaintiffs and Apple are direct competitors in the broad market for consumer pulse oximetry products, they are certainly not sole competitors, which reduces the amount of prejudice that Plaintiffs would suffer.

Plaintiffs do point out other ways in which they might be prejudiced by a stay. For example, Plaintiffs note that the '776 Patent will expire in June 2022, so a stay would leave the '776 Patent "'in limbo for the majority of its remaining life. Carl Zeiss A.G. v. Nikon Corp., 2018 WL 5081479, at *4 (C.D. Cal. Oct. 16, 2018) (quoting Biomet Biologics v. Bio Rich Med, Inc., 2011 WL 4448972, at *2 (C.D. Cal. Sept. 26, 2011)). The Court notes, however, that twelve different patents are at issue in this case, not merely one. Delay may result in the loss of evidence or the inability of witnesses to recall specific facts. Cf. Jones, 520 U.S. at 701 (noting that a "delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts"). Finally, the Court notes that although Apple did not file its first IPR petitions for eight months, Plaintiffs most recently added patents to its infringement claims with the filing of the SAC on July 24, 2020. This means that Apple has only waited two months to file IPRs for the most recently asserted patents.

The Court therefore finds that this factor weighs slightly against granting the motion.

D.    *Totality of the Circumstances*

In sum, two of the three factors weigh in favor of granting a stay, whereas the third weighs slightly in favor of denying a stay. Having considered the totality of the circumstances, the Court **GRANTS** Apple's motion to stay pending inter partes review.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-48 JVS (JDEx) | Date | October 13, 2020 |

| | |
|---|---|
| Title | Masimo Corporation et al. v. Apple Inc. |

While the third factor does weigh against granting a stay, the prejudice to Plaintiffs is not substantial as compared to the significant efficiencies and simplification of the issues that would come from instituting a stay. Courts, including this one, have issued stays where there has been some prejudice shown to the Plaintiffs if the stay would result in substantial efficiencies. See, e.g., PureCircle, 2019 WL 3220021, at *4; TeleSign Corp. v. Twilio, Inc., 2016 WL 6821111, at *6 (C.D. Cal. Mar. 9, 2016); Delphix Corp. v. Actifio, Inc., 2014 WL 6068407, at *3 (N.D. Cal. Nov. 13, 2014). This case is similar. Ultimately, the Court concludes that Plaintiffs have not shown sufficient prejudice to tip the balance against issuing a stay.

### E.    The Trade Secret Case

Finally, the Court notes Apple's assertion that there is "no reason that the separate and independent trade secret case could not proceed." Mot. at 19. Plaintiffs similarly urge the Court to not stay the trade secret case. Opp'n at 24-25. The Court therefore stays only the patent infringement case, consisting in claims one through twelve of the SAC.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion as to claims one through twelve. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for October 19, 2020, is ordered **VACATED**.

The Court asks the parties to meet and confer and notify the Court which parts of the order should be redacted within 7 days.

**IT IS SO ORDERED.**

| | | : | 0 |
|---|---|---|---|
| Initials of Preparer | | lmb | |