# EXHIBIT 11

| | |
|---|---|
| Adam Alper (SBN: 196834) <br> adam.alper@kirkland.com <br> Akshay S. Deoras (SBN: 301962) <br> akshay.deoras@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 555 California Street <br> San Francisco, CA 94104 <br> Telephone: (415) 439-1400 <br> Facsimile: (415) 439-1500 <br><br> Michael W. De Vries (SBN: 211001) <br> michael.devries@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 555 South Flower Street <br> Los Angeles, CA 90071 <br> Telephone: (213) 680-8400 <br> Facsimile: (213) 680-8500 <br><br> Gregory Polins (*pro hac vice*) <br> greg.polins@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 300 N. LaSalle. Dr. <br> Chicago, IL 60654 <br> Telephone: (312) 862-2000 <br> Facsimile: (312) 862-2200 | Leslie M. Schmidt (*pro hac vice*) <br> leslie.schmidt@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 601 Lexington Avenue <br> New York, NY 10022 <br> Telephone: (212) 446-4800 <br> Facsimile: (212) 446-4900 <br><br> Kat Li (*pro hac vice*) <br> kat.li@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 401 Congress Avenue <br> Austin, TX 78701 <br> Telephone: (512) 678-9100 <br> Facsimile: (512) 678-9101 |

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> ALIVECOR, INC., <br><br> Defendant. | CASE NO. 22-CV-07608-HSG <br><br> **APPLE'S OPPOSITION TO ALIVECOR'S MOTION TO STAY PENDING *INTER PARTES* REVIEW** |

## I. INTRODUCTION

Apple filed this case nearly one year ago to stop AliveCor from infringing four key Apple patents covering fundamental aspects of the hardware and software functionality of AliveCor's ECG products. Apple's lawsuit was necessary not only to stop AliveCor's infringement, but also to set the record straight on who the true mobile ECG pioneer is in the wake of AliveCor's broad attack on Apple and its products. After failing in the market, AliveCor turned to litigation, and filed a patent infringement complaint at the ITC seeking to stop Apple from importing its products into the United States. AliveCor's campaign has been unsuccessful thus far, as the PTAB confirmed that AliveCor's asserted patents are invalid, and Apple's products were not excluded. And in fact, as demonstrated in Apple's Complaint, it is AliveCor that is seeking to use Apple's inventions without permission to make and sell ECG devices. Against this backdrop, the purpose of AliveCor's motion to stay is clear: to put off the consequences of its clear infringement and attempt to give itself an unfair advantage by ensuring that this case lags behind the co-pending lawsuits AliveCor filed. This is improper, particularly given that AliveCor's IPR petitions have not even been instituted—and for the '533 patent, had not even been filed at the time of AliveCor's motion. Indeed, it is highly unlikely that AliveCor will be completely successful in its IPR strategy, given the weaknesses in its petitions. While Apple often has sought to stay litigations pending its own IPR petitions in the past, the unique posture of this case presents a far different situation. This case should not be stayed at all, and at a minimum, any stay should be deferred (allowing the case and discovery to continue) until institution decisions are issued on the pending IPR petitions.

## II. LEGAL STANDARDS

Courts consider three factors in determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13–cv–04202–SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014). The moving party bears the burden of demonstrating that a stay is appropriate. *See Int'l Test Sols., Inc. v. Mipox Int'l Corp.*, No. 16-CV-00791-RS, 2017 WL 1316549, at *1 (N.D. Cal. Apr. 10, 2017).

## III. ARGUMENT

### A. A Stay Would Unduly Prejudice Apple

In light of the broader context of the disputes between the parties and the fact that AliveCor's IPR petitions have not yet been instituted, a stay would undoubtedly unfairly prejudice Apple. Courts address the following considerations when evaluating prejudice: (1) the relationship of the parties; (2) the status of review; and (3) the timing of the IPR petition and stay request. *See SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-cv-06441-JST, 2015 WL 66415, at *3 (N.D. Cal. Jan. 5, 2015). As described below, these factors confirm that a stay is inappropriate here and at the very least should be deferred until the PTAB issues its institution decisions.

#### 1. Apple Will Be Prejudiced and Disadvantaged if a Stay Is Granted

The relationship of the parties here is unique, unlike other cases in which this Court has considered a pre-institution stay, and confirms that a stay is unwarranted. This case is just one part of a broader set of legal disputes between the parties—nearly all of which involve ***AliveCor*** unjustifiably attempting to stop ***Apple*** from selling its innovative products to consumers. AliveCor remains tight-lipped about these broader disputes in its Motion (Dkt. 62 ("Mot.")), never acknowledging that its true purpose in seeking to stay this litigation is to gain an unfair advantage as compared to the parties' other ongoing disputes and delay facing any consequences for its widespread infringement of Apple's patents. In view of those other disputes, and AliveCor's repeated statements as part of those disputes that contradict its assertions here, AliveCor's motion demonstrates clear gamesmanship and should be rejected.

AliveCor's motion seeks an unfair advantage with respect to the ITC proceeding AliveCor filed alleging that Apple infringed certain of its patents, and contradicts positions AliveCor took there. *See In re Certain Wearable Electronic Devices with ECG Functionality and Components Thereof*, Case No. 337-TA-1266 (I.T.C.). AliveCor's ITC effort has thus far been a failure, as the PTAB invalidated ***all*** the asserted claims of AliveCor's patents and the ITC suspended the enforcement of AliveCor's requested exclusion order. Ex. 1 (Deoras Decl.) at ¶¶ 3–4. The PTAB's decisions confirmed that, contrary to AliveCor's contentions, it is not the innovator here. AliveCor is currently appealing the PTAB's decisions at the Federal Circuit (*id.* at ¶ 5), and its motion here is a transparent attempt to delay this case long after

1  the ITC and PTAB appeals conclude. Critically, although AliveCor here takes the position that the present
2  litigation should be stayed in its entirety based on IPRs that *have not even been instituted*, it took the
3  *opposite* position in the ITC, contending that an exclusion order should *not* be stayed despite IPR
4  proceedings that had reached *final written decisions invalidating all the asserted claims*. Ex. 2 at 8–9
5  (arguing that no stay should issue until the appeal is resolved). This is gamesmanship and heavily weighs
6  against granting a stay here.

   AliveCor's motion also seeks an unfair advantage with respect to a lawsuit AliveCor filed in May 2021 against Apple in the Northern District of California alleging antitrust violations for alleged anticompetitive behavior related to heart rate analysis applications. *See AliveCor, Inc. v. Apple Inc.*, Case No. 4:21-cv-03958-JSW (N.D. Cal.). That case is still pending before Judge White, with trial scheduled for 2024. Ex. 1 (Deoras Decl.) at ¶ 6. Once again, AliveCor's motion here is an attempt to delay the instant proceeding as far as possible beyond resolution of AliveCor's antitrust suit. And once again, AliveCor took numerous positions in its antitrust suit that contradict its position here. Here, AliveCor contends that no prejudice exists because Apple and "AliveCor do[] not currently compete" (Mot. at 7), but AliveCor repeatedly alleges in its antitrust suit that Apple and AliveCor are competitors. *See, e.g.*, *AliveCor, Inc. v. Apple Inc.*, No. 3:21-cv-03958, Dkt. No. 1 (Complaint) at ¶¶ 7 (referring to "Apple's introduction of its competing heartrate analysis app"), 25 ("Apple viewed AliveCor as a competitor"); Dkt. 24 (AliveCor's Opposition to Apple's Motion to Dismiss) at 1 ("Apple's motion tries to obscure this fact, inexplicably arguing (e.g., at 15) that AliveCor does not allege *Apple offers a competing heartrate analysis app* nor that Apple killed competition for such apps. *AliveCor, however, clearly alleges such facts.*") (emphasis added); Dkt. 42 (Order Granting-in-Part and Denying-in-Part Motion to Dismiss) (finding "AliveCor has alleged that Apple's heart rate analysis app indicates when a user should consider taking an ECG and that Apple uses the data from its heart rate algorithm to provide diagnostic aspects to *competitors like AliveCor's products*.") (emphasis added). AliveCor should not be permitted to speak out of both sides of its mouth to keep its litigations on schedule and delay Apple's.

   The prejudice that Apple would suffer in relation to the parties' broader dispute is exacerbated here, as none of AliveCor's IPR petitions have been instituted yet, and for the reasons described below,

1  may not be instituted at all.[1]  Mot. at 6.  Moreover, there is no reason to issue a stay now, when institution
2  decisions on the first set of AliveCor's IPR petitions are expected soon.  The first set of institution
3  decisions are due in approximately two months, by January 11, **before** the Court's Markman hearing and
4  technology tutorial.  Accordingly, the parties can continue to engage in fact discovery as they have been,
5  without taking up significant Court resources.  A decision on the motion to stay can be deferred until the
6  institution decisions, and there is no prejudice to the parties in waiting until that time.

Accordingly, although a stay pending a defendant's IPR petitions can be appropriate in many contexts—indeed, Apple itself often seeks litigation based on its pending IPR petitions—this is not one of them.  A stay of this action would not only unduly prejudice Apple in view of the parties' larger dispute by significantly disadvantaging Apple's ability to defend itself against AliveCor's improper and unmeritorious campaign to attempt to remove Apple's products from the market, it would also reward AliveCor's gamesmanship in taking opposing positions here from the positions it took in the ITC and before Judge White.  It would also effectively bless AliveCor's continued infringement and delay resolution of Apple's patent rights for years, unfairly allowing AliveCor to continue to sell infringing products to customers and even expand the extent of use of its infringing product offerings.  *See, e.g.*, Ex. 3 (announcing a new subscription service making use of the infringing technology, KardiaCare Plus, after the filing of the Complaint).

### 2. AliveCor Will Not Be Prejudiced By Having to Litigate

Aside from the vague contention that "[w]ere the Court to deny the stay until a decision on institution is made, the parties and the Court would expend significant resources on claim construction proceedings," AliveCor does not articulate any prejudice that it would face from having to litigate this

---

[1] While AliveCor cites certain cases in which this Court has granted stays pending institution (Mot. at 5–6), and while Apple does not disagree that stays pending IPR institution are warranted in many circumstances, none of the cases AliveCor cites deals with a situation similar to the one here.  In particular, none of AliveCor's cited cases involves a potential stay of a litigation that formed part of a broader set of litigation between the parties, and in each case, the Court found that there was "no risk of undue prejudice" to the plaintiff to a stay.  *See Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 958 (N.D. Cal. 2019); *DSS Technology Management, Inc. v. Apple Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *1 (N.D. Cal. May 1, 2015); *IXI Mobile (R&D) Ltd. v. Samsung Elecs. Co.*, Case No. 15-cv-03754-HSG, 2015 WL 7015415, at *3–4 (N.D. Cal. Nov. 12, 2015); *see also Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D. Cal. 2015); *Security People, Inc. v. Ojmar US, LLC*, No. 14-cv-04968-HSG, 2015 WL 3453780, at *4 (N.D. Cal. May 29, 2015).

case in parallel with the IPRs. Mot. at 6. Indeed, AliveCor is already engaged in *extensive* litigation against Apple in several different jurisdictions, including in this District, at the Federal Circuit, and at the PTAB. AliveCor never explains why litigating this action in addition to all the other actions it initiated would somehow cause it undue prejudice. In this situation, where a defendant has itself filed multiple separate lawsuits against another party, it should not be able to rely on the alleged burden of parallel litigation to delay an infringement suit. AliveCor chose to file multiple other lawsuits against Apple and chose to file these proceedings in the PTAB, stringing out its IPR filings over the course of several months. Accordingly, any prejudice is a result of AliveCor's conduct in this litigation and others.

**B.     A Stay Will Not Simplify the Issues for the Court**

AliveCor's request for a stay also differs from other stay requests because AliveCor's IPR petitions are unusually weak on the merits. While courts do not, and need not, consider the merits of a party's filed IPR petitions in all situations, it is important to consider the merits here given AliveCor's pattern of filing unmeritorious proceedings against Apple. AliveCor contends "it is highly likely that the IPR proceedings will simplify the proceedings in this case," Mot. at 4, but it never attempts to explain why it believes the IPRs will be instituted. In fact, the high likelihood is that AliveCor's petitions will *not* be instituted. For example, AliveCor's IPR petition on the '257 Patent is duplicative of an already-instituted IPR petition filed by Masimo Corporation. *See id.*, Ex. 7. Both Masimo's and AliveCor's IPR petitions claim that the '257 Patent is invalid under the *same* prior-art reference: U.S. Patent Publication No. 2007/0021677 ("Markel"). *Compare id.*, Ex. 7 (Masimo '257 Institution Decision) at 10 (asserting grounds based on Markel), *with id.*, Ex. 5 (AliveCor '257 Petition) at 1 (asserting grounds based on Markel). In these circumstances, the Patent Trial and Appeal Board regularly *declines* institution, finding that institution of duplicative petitions "would require the Board to conduct a separate proceeding involving numerous issues that are currently under consideration, and likely will be resolved, in [a previous IPR]" and doing so would be "an inefficient use of the finite resources of the Board." *See, e.g.*, *Nichia Corp. v. Document Security Systems, Inc.*, IPR2018-01167, 2018 WL 6272232, at *9 (P.T.A.B. Nov. 30, 2018). Notably, AliveCor did not even address Masimo's IPR petition in its own petition or explain why it believes its petition will nevertheless be instituted in this motion. Because AliveCor is not a party to the other IPR

1  filed by Masimo, its institution will not simplify the issues here. 35 U.S.C. § 315 (e)(2). Likewise,
2  AliveCor's IPR petition on the '898 Patent is missing key elements of the independent claims of the patent,
3  demonstrating that institution is unlikely. As an example, AliveCor's petition does not even attempt to
4  show that the alleged prior art discloses the claim element requiring the display of a "plurality of approved
5  destinations for the sub-category of wellness data" "in response to receiving [a] selection of the selectable
6  data sharing option."[2] *See* Mot., Ex. 8 at 14 (alleging only that "[a] POSITA would have known that the
7  user interface would cause the device to receive user selection of the selectable data sharing options" and
8  not identifying any disclosure in the prior art reference). AliveCor's petition on the '533 patent, which it
9  only filed on October 30, 2023—a week *after* it filed this motion—fares no better, cobbling together
10 disparate portions of multiple unrelated prior art references using hindsight to attempt to recreate the
11 requirements of the claims, which require specific information to be displayed on successive user interface
12 screens. *See* Ex. 4 at 19–21, 25–27 (pointing to inconsistent portions of different prior art references for
13 the claims "first user interface" and "second user interface"). As such, because of the weaknesses of the
14 petitions, the issues are unlikely to be simplified here.

### C. A Stay Is Not Appropriate at This Stage of the Case

Although the parties have—contrary to AliveCor's contention (Mot. at 4)—expended meaningful resources since Apple filed its complaint nearly a year ago, the stage of this case is also far different from others in which courts have granted IPR stays pre-institution. As an initial matter, the parties have fully briefed and argued a motion to dismiss; exchanged initial disclosures; served and responded to document requests and interrogatories; served infringement, invalidity, and damages contentions; and filed an ESI Stipulation. Claim construction is also well underway: the parties have already exchanged terms for construction and support, met and conferred regarding the parties' proposed constructions, are currently finalizing claim construction discovery, which will end December 7, and preparing briefing on the disputed terms. *See* Dkt. 56. And while AliveCor contends that "[t]he parties have exchanged fewer than

---

[2] AliveCor alleges that, with respect to its petitions on the '619 Patent, "Apple argue[d] the USPTO should institute on only one petition rather than both." Mot. at 5. Not so. Apple requested "that the Board exercise discretion under §314(a) to deny institution of *inter partes* review of ***at least one*** of AliveCor's petitions against the '619 patent." *AliveCor, Inc. v. Apple Inc.*, IPR No. 2023-00949, Paper No. 7, at 8–9 (P.T.A.B. Oct. 12, 2023) (emphasis added).

700 documents," Mot. at 4, that fails to account for the fact that four days *after* filing the instant motion, AliveCor made a production of more than 1,500 documents.[3]

All of this progress, however, must be viewed in the light of AliveCor's repeated and significant delays in providing the most basic pieces of information—circumstances not at issue in *any* of the cases cited by AliveCor. AliveCor delayed in agreeing to a protective order,[4] delayed in agreeing to the parties' ESI order, and delayed providing responsive documents and interrogatory responses, among other things. *See* Ex. 1 (Deoras Decl.) at ¶¶ 7–26. Indeed, Apple has met and conferred with AliveCor multiple times about its document production and discovery responses over the past several months. Each time, AliveCor failed to identify specific objections, but instead promised to provide a supplement by a date certain. And each time, when that date came, AliveCor either did not supplement or barely provided any documents at all.[5] To this day, AliveCor has failed to even identify individuals with relevant knowledge to this case, effectively preventing ESI discovery and depositions. *See* Ex. 5 (AliveCor's Initial Disclosures) at 2; Ex. 6 (AliveCor's ROG Responses) at 6–8, 10–13. Apple has accordingly exchanged two discovery dispute letters with AliveCor over its deficient document production and interrogatory responses relating to indisputably key information—*e.g.*, the operation of AliveCor's products, which products AliveCor sells that use the patented technology, and AliveCor's revenue and profits from sales of the accused products— critical for Apple to understand how AliveCor is using its patented technology and the extent of that use. AliveCor's repeated, intentional delays should not be rewarded with a stay.

Nonetheless, even if the Court finds that this factor is neutral or favors a stay, the stage of the case here does not warrant a stay in this particular case, given the other two factors discussed above. *See, e.g.*,

---

[3] The Court can consider events after the filing of the motion to stay. *See GoPro, Inc. v. C&A Marketing, Inc.*, No. 16-cv-03590-JST, 2017 WL 2591268, at *2 (N.D. Cal. June 15, 2017) ("[T]he Federal Circuit has also made clear that courts are not obligated to ignore advances in the litigation at the time it considers the motion.").

[4] To date, AliveCor has not agreed to a protective order, which led Apple to file its Motion for Entry of Protective Order Regarding Disclosure and Use of Discovery Materials. Dkt. 64; *see* Ex. 1 (Deoras Decl.) at ¶¶ 7–13, 16–18, 26.

[5] Notably, the only time AliveCor produced a meaningful supplement of documents was on October 27, 2023—four days after it filed this motion. AliveCor's deliberate delay in making a production only *after* it filed its motion is another example of its discovery gamesmanship.

APPLE'S OPPOSITION TO ALIVECOR'S MOTION TO STAY PENDING *INTER PARTES* REVIEW     7     CASE NO. 22-CV-07608-HSG

*DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-cv-01362-BLF, 2015 WL 12859346, at *1, *3 (N.D. Cal. Oct. 13, 2015) (denying stay despite finding the stage of the proceedings favored a stay).

**IV.  CONCLUSION**

In view of the foregoing, AliveCor's motion should be denied in its entirety, but at a minimum AliveCor's motion should be denied at least until institution decisions are issued on its IPR petitions.

| | | |
|---|---|---|
| DATED: November 6, 2023 | | Respectfully submitted, |
| | | KIRKLAND & ELLIS LLP |
| | | */s/ Akshay S. Deoras* |
| | | Adam Alper (SBN: 196834) |
| | | adam.alper@kirkland.com |
| | | Akshay S. Deoras (SBN: 301962) |
| | | akshay.deoras@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| | | 555 California Street |
| | | San Francisco, CA 94104 |
| | | Telephone:  (415) 439-1400 |
| | | Facsimile:  (415) 439-1500 |
| | | |
| | | Michael W. De Vries (SBN: 211001) |
| | | michael.devries@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| | | 555 South Flower Street |
| | | Los Angeles, CA 90071 |
| | | Telephone:  (213) 680-8400 |
| | | Facsimile:  (213) 680-8500 |
| | | |
| | | Gregory Polins (*pro hac vice*) |
| | | greg.polins@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| | | 300 N. LaSalle. Dr. |
| | | Chicago, IL 60654 |
| | | Telephone:  (312) 862-2000 |
| | | Facsimile:  (312) 862-2200 |
| | | |
| | | Leslie M. Schmidt (*pro hac vice*) |
| | | leslie.schmidt@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| | | 601 Lexington Avenue |
| | | New York, NY 10022 |
| | | Telephone:  (212) 446-4800 |
| | | Facsimile:  (212) 446-4900 |
| | | |
| | | Kat Li (*pro hac vice*) |
| | | kat.li@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| | | 401 Congress Avenue |
| | | Austin, TX 78701 |
| | | Telephone:  (512) 678-9100 |
| | | Facsimile:  (512) 678-9101 |
| | | |
| | | *Attorneys for Plaintiff Apple Inc.* |