# EXHIBIT 12

# Documents Search

**144 Results**

Types of Document: Motion to Stay Pending Inter Partes Review   Defendants: Apple Inc.

| Type of Document | Result of ... | Case | Date ▼ | Appeal Status | |
|---|---|---|---|---|---|
| Motion to Stay Pending Inter Partes Review | Granted | ImmerVision, Inc. v. Apple Inc.<br>1-21-cv-01484 (DDE) | Oct. 17, 2023 | | |
|     Stay of Proceedings<br>    └ Factors Considered<br>        └ Prejudice From Stay/Tactical Advantage<br>    Stay of Proceedings<br>    └ Factors Considered<br>        └ Simplification of Issues | | The court granted defendant's motion to stay pending *inter partes* review and found that the potential simplification of the issues and lack of undue prejudice favored a stay. "With the prospect for simplification wavering between 'very little' (if one outcome occurs at the PTAB) and 'some real amount' (if the other outcome occurs), the Court finds this factor to either slightly favor a stay, or to be neutral. . . . It is undisputed that the parties are not competitors. Additionally, the 990 patent has expired, and so only money damages are at stake here regarding past alleged infringement; Plaintiff can capture those damages just as well in 2025 as it could in 2024. Indeed, Plaintiff did not even address this factor in its answering brief." | | | |
| Motion to Stay Pending Inter Partes Review | Granted | Arigna Technology Limited v. Samsung Electronics Co., Ltd. et al<br>6-21-cv-00943 (WDTX) | Oct. 16, 2023 | | |
| Motion to Stay Pending Inter Partes Review | Granted | RJ Technology LLC v. Apple Inc.<br>8-22-cv-01874 (CDCA) | Oct. 04, 2023 | | |
|     Stay of Proceedings<br>    └ Factors Considered<br>        └ Prejudice From Stay/Tactical Advantage<br>    Stay of Proceedings<br>    └ Factors Considered<br>       └ Simplification of Issues<br>    Stay of Proceedings<br>    └ Factors Considered<br>       └ Stage of Litigation | | The court granted defendant's motion to stay pending institution of *inter partes* review and found that the stage of the case, potential simplification of the issues, and lack of undue prejudice favored a stay. "[F]act discovery is not yet complete and expert discovery has not yet begun. Thus, although the *Markman* hearing has taken place and this Court issued its Claim Construction Order, there is still much more work ahead. . . . The outcome of the IPR may significantly narrow the scope and complexity of the litigation and the parties' and Court's resources are likely to be conserved. . . . [Defendant] is the only defendant in this action, will be bound by the application of IPR estoppel, and agreed not to utilize the primary art references that it asserted in its IPR petition." | | | |
| Motion to Stay Pending Inter Partes Review | Granted | Smart Mobile Technologies LLC v. Apple Inc.<br>3-23-cv-04168 (NDCA) | Sep. 19, 2023 | | |
| Motion to Stay Pending Inter Partes Review | Denied | Scramoge Technology Limited v. Apple Inc.<br>3-22-cv-03041 (NDCA) | Aug. 25, 2023 | | |
|     Stay of Proceedings<br>    └ Factors Considered<br>        └ Prejudice From Stay/Tactical Advantage<br>    Stay of Proceedings<br>    └ Factors Considered<br>       └ Simplification of Issues | | The court denied defendant's motion to stay pending *inter partes* review and throughout appeal and found that the lack of simplification of the issues and the potential for prejudice disfavored a stay. "[T]he Board's Final Written Decisions have already streamlined the issues in this case. Especially because 'the likelihood of the Federal Circuit's overturning the PTAB's IPR decision is approximately one in ten,' Apple has not met its burden to demonstrate a stay pending appeals would further simplify the issues. . . . Because the Board has already issued its Final Written Decisions as to all Asserted Claims of each Asserted Patent, Defendant would be prejudiced by the imposition of an indefinite stay, and there exists a low likelihood the Federal Circuit's disposition of the parties' *inter partes* appeals will change the scope of this case, the Court in its discretion declines to stay the entire case pending *inter partes* appeals to the Federal Circuit." | | | |
| Motion to Stay Pending Inter Partes Review | Denied | Smart Mobile Technologies LLC v. Samsung Electronics Co. Ltd. et al<br>6-21-cv-00701 (WDTX) | Aug. 08, 2023 | | |
|     Stay of Proceedings<br>    └ Factors Considered<br>        └ Prejudice From Stay/Tactical Advantage<br>    Stay of Proceedings<br>    └ Factors Considered<br>       └ Simplification of Issues | | The court denied defendants' motion to stay pending *inter partes* review and found that the potential for undue prejudice and lack of simplification of the issues disfavored a stay. "[A] stay risks the loss of testimonial and documentary evidence potentially valuable to [Plaintiff's] case. . . . [Plaintiff], like all patentees, has an interest in the timely enforcement of its patent rights. . . . [A] few of [Defendants'] IPR petitions have questionable strength because the PTAB did not reach a determination on [Defendants'] likelihood of prevailing for all of the asserted claims. . . . And not all of [Defendants'] IPR petitions fared well. . . . [R]egardless of the outcome of the IPRs, [one Defendant's action] will not be resolved. . . . [T]he IPR proceedings in this case leave open the possibility that the issues will not be greatly simplified." | | | |
| Motion to Stay Pending Inter Partes Review | Granted | Mullen Industries LLC v. Apple Inc.<br>5-23-cv-00437 (NDCA) | Aug. 02, 2023 | | |
| Motion to Stay Pending Inter Partes Review | Granted | Zentian Ltd v. Apple Inc.<br>3-23-cv-02921 (NDCA) | Jul. 26, 2023 | | |
| Motion to Stay Pending Inter Partes Review | Denied | Togail Technologies Ltd. v. Apple Inc.<br>3-23-cv-00610 (SDCA) | May. 31, 2023 | | |

| Motion to Stay Pending Inter Partes Review | Granted | Speir Technologies Ltd. v. Apple Inc. 5-23-cv-00095 (NDCA) | Mar. 30, 2023 |
|---|---|---|---|
| Stay of Proceedings └ Factors Considered └ Prejudice From Stay/Tactical Advantage  Stay of Proceedings └ Factors Considered └ Simplification of Issues  Stay of Proceedings └ Factors Considered └ Stage of Litigation | | The court granted defendant's motion to stay pending institution of *inter partes* review and found that the stage of the case, potential simplification of the issues, and lack of undue prejudice favored a stay. "Discovery has begun but is not completed, and a trial date has not been set. [Defendant] also has not yet answered the FAC on account of its pending motion to dismiss. . . . [T]here is a significant likelihood of simplification, given that the PTAB had found there is 'not only a reasonable likelihood of unpatentability, but also a compelling unpatentability challenge' as to the '777 patent. . . . Although [Plaintiff] makes much ado about [Defendant's] sequentially filed IPR petitions close to the filing deadline, close filings are still timely filings. . . . Delay . . . does not result in 'undue prejudice' unless [Plaintiff] makes a 'specific showing of prejudice beyond the delay necessarily inherent in any stay,' which it has not done so here." | |
| Motion to Stay Pending Inter Partes Review | Granted | Mullen Industries LLC v. Apple Inc. 5-23-cv-00437 (NDCA) | Mar. 24, 2023 |
| Motion to Stay Pending Inter Partes Review | Granted | Gesture Technology Partners, LLC v. Apple, Inc. 4-22-cv-04806 (NDCA) | Mar. 13, 2023 |
| Stay of Proceedings └ Factors Considered └ Prejudice From Stay/Tactical Advantage  Stay of Proceedings └ Factors Considered └ Simplification of Issues | | The court extended the stay pending *inter partes* review and administratively closed the case. "[T]he Court understands related appeals are pending before the Patent Trial and Appeal Board and the Federal Circuit, and the case may be simplified by the resolution of those appeals. The Court finds it prudent to extend the stay until September. If the resolution of those appeals has not concluded, then the balance may shift to opening the case as to the one claim which will proceed in all events. The Court finds that given the various equities, one more six-month stay will not prejudice the plaintiff." | |
| Motion to Stay Pending Inter Partes Review | Denied without prejudice | RN Nehushtan Trust Ltd. v. Apple Inc. 3-22-cv-01832 (NDCA) | Dec. 20, 2022 |
| Stay of Proceedings └ Factors Considered └ Simplification of Issues | | The court denied without prejudice defendant's motion to stay pending institution of *inter partes* review based on a lack of simplification of the issues. "[Defendant] is likely correct that *inter partes* review of the patents-in-suit would simplify the underlying issues in this case. But the PTAB has not yet decided whether to institute review—and has until [5 months from now] to so decide. At this point, any simplification of the issues is speculative. The parties will know [in 5 months] whether the PTAB will institute *inter partes* review of any of the patents-in-suit and, if so, of which claims. [Defendant] may renew its motion for a stay at that time, if appropriate. In the meantime, this matter will proceed." | |
| Motion to Stay Pending Inter Partes Review | Granted | CPC Patent Technologies Pty Ltd. v. Apple Inc. 3-22-cv-02553 (NDCA) | Nov. 10, 2022 |
| Stay of Proceedings └ Factors Considered └ Prejudice From Stay/Tactical Advantage  Stay of Proceedings └ Factors Considered └ Simplification of Issues  Stay of Proceedings └ Factors Considered └ Stage of Litigation | | The court granted defendant's unopposed motion to stay pending *inter partes* review and concluded that the stage of the case, potential simplification of the issues, and lack of undue prejudice supported a stay. "[T]he case is already stayed, and no discovery has occurred since its issuance. The Court ordered a stay pending IPR institution decisions which the PTAB granted. . . . [A] stay would undoubtedly simplify the issues and avoid duplicative effort because the PTAB instituted IPR of all the asserted claims of the two asserted patents at issue. . . . There is no risk of an indefinite stay, either, because the stay will remain in place only until the PTAB issues final written decisions[.]" | |
| Motion to Stay Pending Inter Partes Review | Granted | BillJCo, LLC v. Apple, Inc. 4-22-cv-03201 (NDCA) | Sep. 08, 2022 |
| Stay of Proceedings └ Factors Considered └ Prejudice From Stay/Tactical Advantage  Stay of Proceedings └ Factors Considered └ Simplification of Issues  Stay of Proceedings └ Factors Considered └ Stage of Litigation | | The court granted defendant's motion to stay pending *inter partes* review because the stage of the case, potential simplification of issues, and lack of undue prejudice favored a stay. "[N]o trial schedule has been set in this case, discovery prior to the case being transferred into this district was limited to jurisdictional issues, all of the asserted patents are already under IPR review, and a decision from the PTAB would simplify the issues before this Court and promote judicial economy. . . . [A] stay would not prejudice or tactically disadvantage the plaintiff since the IPR petitions were filed within eight months of the complaint being filed. . . . [G]iven the tone and nature of the plaintiff's briefing, the Court also notes that plaintiff sought a tactical advantage by filing the action in the Western District of Texas. That it took over a year for the Federal Circuit to redirect the action to the proper forum, is not the result of misconduct by the defendant and should not serve as a penalty." | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Motion to Stay Pending Inter Partes Review | Granted | MemoryWeb, LLC v. Apple, Inc. 3-21-cv-09839 (NDCA) | Apr. 01, 2022 | 📄 | 📕 |
| ⊖ | Motion to Stay Pending Inter Partes Review | Denied in part granted in part | Taction Technology, Inc. v. Apple Inc. 3-21-cv-00812 (SDCA) | Jan. 26, 2022 | 📄 | 📕 |

    Stay of Proceedings
    └ Factors Considered
        └ **Prejudice From Stay/Tactical Advantage**
    Stay of Proceedings
    └ Factors Considered
        └ **Simplification of Issues**
    Stay of Proceedings
    └ Factors Considered
        └ **Stage of Litigation**

The court granted in part defendant's motion to stay pending its petitions for *inter partes* review because the potential simplification of issues, stage of the case, and lack of undue prejudice favored a temporary stay. "If the PTAB decides to institute the IPR . . . there are only two outcomes -- either the PTAB cancels the claim, or it does not. . . . This binary outcome weighs in favor of a 'limited stay of proceedings until the PTAB issues its decisions on whether to institute IPR.' Given that the PTAB will decide whether to institute the IPR within three months, the potential to save the parties and the Court from expending resources during the waiting period weighs in favor of a temporary stay. . . . [D]iscovery is not nearing completion, and there is still an abundance of work ahead of the parties to complete the discovery process, which weighs in favor of a brief stay. . . . [Defendant] asserts that [plaintiff] is not a direct competitor -- an assertion that [plaintiff] does not contest. [Plaintiff] argues that 'staying the case would frustrate [its] ability to timely obtain discovery from [defendant's] key fact witnesses who may be inaccessible, unavailable, or have faded memories if and when the stay is lifted.'. . . [A] temporary stay is not likely to cause undue prejudice to [plaintiff] or affect the availability of witnesses."

| | | | | | | |
|---|---|---|---|---|---|---|
| | Motion to Stay Pending Inter Partes Review | Granted | Gesture Technology Partners, LLC v. Apple Inc. 6-21-cv-00121 (WDTX) | Dec. 29, 2021 | 📄 | 📕 |
| | Motion to Stay Pending Inter Partes Review | Granted | Omni MedSci, Inc. v. Apple Inc. 4-20-cv-00563 (NDCA) | Dec. 06, 2021 | 📄 | 📕 |
| ⊖ | Motion to Stay Pending Inter Partes Review | Granted | One-E-Way, Inc. v. Apple Inc. 2-20-cv-06339 (CDCA) | Mar. 16, 2021 | 📄 | 📕 |

    Stay of Proceedings
    └ Factors Considered
        └ **Prejudice From Stay/Tactical Advantage**
    Stay of Proceedings
    └ Factors Considered
        └ **Simplification of Issues**
    Stay of Proceedings
    └ Factors Considered
        └ **Stage of Litigation**

The court granted defendant's motion to stay its petitions for *inter partes* review because the stage of the case, potential simplification of issues, and lack of undue prejudice favored a stay. "[A] trial date has not been set. Discovery has not progressed beyond Infringement Contentions and Initial Disclosures. . . . Defendant has filed IPR petitions with respect to all the asserted claims of the Patents-in-Suit. . . . [E]ven if the petitions are denied, the intrinsic record developed by the PTO may inform and expedite claim construction determinations. . . . Plaintiff contends that Defendant made efforts to avoid its discovery obligations and to delay these proceedings in general. This is not sufficient evidence of gamesmanship."

| | | | | | | |
|---|---|---|---|---|---|---|
| | Motion to Stay Pending Inter Partes Review | Granted | Parus Holdings Inc. v. LG Electronics Inc et al. 3-20-cv-05896 (NDCA) | Dec. 17, 2020 | 📄 | 📕 |
| | Motion to Stay Pending Inter Partes Review | Granted | Parus Holdings Inc. v. Apple Inc. 6-19-cv-00432 (WDTX) | Dec. 15, 2020 | 📄 | 📕 |
| | Motion to Stay Pending Inter Partes Review | Granted | Parus Holdings Inc. v. Apple Inc. 6-19-cv-00432 (WDTX) | Dec. 12, 2020 | 📄 | 📕 |
| | Motion to Stay Pending Inter Partes Review | Granted | Parus Holdings Inc. v. Apple Inc. 6-19-cv-00432 (WDTX) | Dec. 12, 2020 | 📄 | 📕 |
| | Motion to Stay Pending Inter Partes Review | Granted | Parus Holdings Inc. v. Apple Inc. 6-19-cv-00432 (WDTX) | Dec. 12, 2020 | 📄 | 📕 |
| ⊖ | Motion to Stay Pending Inter Partes Review | Denied | Maxell, Ltd. v. Apple Inc 5-19-cv-00036 (EDTX) | Nov. 17, 2020 | 📄 | 📕 |

    Stay of Proceedings
    └ Factors Considered
        └ **Prejudice From Stay/Tactical Advantage**
    Stay of Proceedings
    └ Factors Considered
        └ **Simplification of Issues**
    Stay of Proceedings
    └ Factors Considered
        └ **Stage of Litigation**

The court denied defendant's renewed motion to stay pending *inter partes* review of 4 of 10 patents because the undue prejudice to plaintiff, late stage of the case, and lack of potential simplification of issues weighed against a stay. "The Court has previously recognized that '[t]he mere fact that [plaintiff] is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date.'. . . [T]he fact that proceedings have advanced even further since the Court's order and both the parties and the Court have expended significant resources in the progress of this case weighs more heavily against a stay than before. . . . [O]nly eight of the 20 asserted claims are currently under review by the PTAB. The scope of the IPR proceedings for the instituted patents does not cover the entirety of [defendant's] invalidity theories in this case[.]"

| | Motion to Stay Pending Inter Partes Review | Granted | Wiesel v. Apple Inc. 2-19-cv-07261 (EDNY) | Nov. 05, 2020 | | |
|---|---|---|---|---|---|---|
| | Stay of Proceedings └ Factors Considered └ Prejudice From Stay/Tactical Advantage Stay of Proceedings └ Factors Considered └ Simplification of Issues Stay of Proceedings └ Factors Considered └ Stage of Litigation | | The court granted defendant's motion to stay pending its petition for *inter partes* review because the lack of undue prejudice, potential simplification of issues, and stage of the case favored a stay. "[I]t appears that [plaintiff] may be made whole through an award of money damages. . . . Defendant filed the petition for IPR [over three months before] the one-year time period set forth by the statute. . . . [T]he better course is to allow the PTO to apply its expertise to these proceedings before considerable judicial resources are expended. . . . [I]n any IPR proceeding, the PTO will likely address claim construction, or at least opine on the relationship between the patented invention and prior art, which would be helpful to the Court. . . . The parties are nowhere near the conclusion of fact discovery . . . and it appears that the parties have not even finished negotiating a proposed confidentiality order for the Court's consideration." | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Sentius International, LLC v. Apple Inc. 4-20-cv-00477 (NDCA) | Nov. 05, 2020 | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Masimo Corporation et al v. Apple Inc. 8-20-cv-00048 (CDCA) | Oct. 13, 2020 | | |
| | Stay of Proceedings └ Factors Considered └ Prejudice From Stay/Tactical Advantage Stay of Proceedings └ Factors Considered └ Simplification of Issues Stay of Proceedings └ Factors Considered └ Stage of Litigation | | The court granted defendant's motion to stay pending its petitions for *inter partes* review of all asserted claims because the early stage of the case, potential simplification of issues, and lack of undue prejudice favored a stay. "While it is true that the Court has addressed several motions from the parties and the parties have produced approximately 150,000 pages of discovery, these numbers do not weigh heavily when compared to the substantial amount of work in the months of discovery ahead. . . . [Defendant] has also stipulated that if the PTAB 'institutes on any ground raised in its IPR petitions, [defendant] will not assert in this litigation that same ground against the corresponding claims' even before the issuance of a final written decision. . . . [T]o the extent that [the parties] are direct competitors in the broad market for consumer pulse oximetry products, they are certainly not sole competitors, which reduces the amount of prejudice that Plaintiffs would suffer." | | | |
| | Motion to Stay Pending Inter Partes Review | Denied as moot | SEVEN Networks, LLC v. Apple Inc 2-19-cv-00115 (EDTX) | Sep. 22, 2020 | | |
| | Motion to Stay Pending Inter Partes Review | Granted | SEVEN Networks, LLC v. Apple Inc 2-19-cv-00115 (EDTX) | Sep. 22, 2020 | | |
| | District Court Procedural Issues └ Severing, Consolidating & Relating Stay of Proceedings └ Factors Considered └ Stage of Litigation | | The court denied as moot defendant's motion to stay pending *inter partes* review proceedings, *sua sponte* severed the five asserted claims that were not subject to IPR, and stayed the action as to the remaining claims. "In light of the extensive progression of this case -- the pretrial conference is less than a month away and jury selection is less than six weeks away -- the remaining claims will continue to be active in the above-captioned case[.]" | | | |
| | Motion to Stay Pending Inter Partes Review | Denied | Pinn, Inc. v. Apple Inc. 8-19-cv-01805 (CDCA) | Aug. 27, 2020 | | |
| | Stay of Proceedings └ Factors Considered └ Prejudice From Stay/Tactical Advantage Stay of Proceedings └ Factors Considered └ Simplification of Issues Stay of Proceedings └ Factors Considered └ Stage of Litigation | | The court denied defendant's motion to stay pending its petitions for *inter partes* review because the stage of the case, lack of potential simplification of issues, and undue prejudice to plaintiff weighed against a stay. "[G]iven the number of hearings held by the Court, the fact that [the technical special master] has presented the Court with a [Markman report], and the amount of discovery already conducted, the Court finds that this case is further along than would merit a stay. . . . The PTO has [three months] to decide whether to institute the inter partes review proceedings. This is long after the close of discovery in this case and the motion cutoff. . . . Given the resources the Court and the parties have already invested in this case, the Court finds that the increased difficulty of proving its case after the stay is lifted will be especially prejudicial to Plaintiff." | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | LBT IP I LLC v. Apple Inc. 1-19-cv-01245 (DDE) | Aug. 25, 2020 | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Zomm, LLC v. Apple Inc. 4-18-cv-04969 (NDCA) | Jul. 13, 2020 | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Uniloc USA, Inc. et al v. Apple Inc. 4-19-cv-01691 (NDCA) | May. 21, 2020 | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Uniloc 2017 LLC v. Apple Inc. 5-19-cv-01929 (NDCA) | May. 06, 2020 | | |

12/19/23, 2:14 PM
Documents Search
Case 1:22-cv-01378-MN-JLH   Document 446-12   Filed 12/20/23   Page 6 of 20 PageID #: 24735

Documents Search

🧭 Docket Navigator

| | | | | | |
|---|---|---|---|---|---|
| ⊖ Motion to Stay Pending Inter Partes Review | Denied without prejudice | Maxell, Ltd. v. Apple Inc<br>5-19-cv-00036 (EDTX) | Apr. 27, 2020 | 📄 | 📕 |
| | Stay of Proceedings<br>└ Factors Considered<br>  └ **Prejudice From Stay/Tactical Advantage**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Simplification of Issues**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Stage of Litigation** | | The court denied without prejudice defendant's motion to stay pending its petitions for *inter partes* review because the potential for prejudice, stage of the case, and lack of potential simplification of the issues weighed against a stay. "Assuming the PTAB institutes at least one IPR petition, the time allowed for the IPR decision as well as a potential appeal could cause a lengthy delay that would significantly prejudice [plaintiff]. . . . The case is not in its infancy and is far enough along that a stay would interfere with ongoing proceedings. . . . [Defendant] does not address, let alone deny, the fact that its petitions are not limited to the elected claims and instead challenge 86 of the 90 originally asserted claims. Moreover, even if [defendant's] initial petitions were to be considered timely, [defendant] has not explained the three-month delay between its initial and final IPR filings." | | | |
| Motion to Stay Pending Inter Partes Review | Additional briefing ordered | Uniloc 2017, LLC v. Apple Inc.<br>3-19-cv-01697 (NDCA) | Mar. 09, 2020 | 📄 | 📕 |
| Motion to Stay Pending Inter Partes Review | Granted | Uniloc 2017 LLC v. Apple Inc.<br>3-19-cv-01904 (NDCA) | Jan. 30, 2020 | 📄 | 📕 |
| Motion to Stay Pending Inter Partes Review | Granted | Uniloc 2017, LLC v. Apple Inc.<br>3-19-cv-01697 (NDCA) | Jan. 22, 2020 | 📄 | 📕 |
| Motion to Stay Pending Inter Partes Review | Granted | Omni MedSci, Inc. v. Apple Inc.<br>4-19-cv-05924 (NDCA) | Nov. 20, 2019 | 📄 | 📕 |
| Motion to Stay Pending Inter Partes Review | Granted | Omni MedSci, Inc. v. Apple Inc.<br>4-19-cv-05673 (NDCA) | Nov. 20, 2019 | 📄 | 📕 |
| Motion to Stay Pending Inter Partes Review | Granted | Firstface Co., Ltd. v. Apple Inc.<br>3-18-cv-02245 (NDCA) | Aug. 09, 2019 | 📄 | 📕 |
| Motion to Stay Pending Inter Partes Review | Granted | Andrea Electronics Corporation v. Apple Inc.<br>2-16-cv-05220 (EDNY) | Aug. 06, 2019 | 📄 | 📕 |
| Motion to Stay Pending Inter Partes Review | Granted | Advanced Voice Recognition Systems, Inc. v. Apple Inc.<br>2-18-cv-02083 (DAZ) | Aug. 01, 2019 | 📄 | 📕 |
| ⊖ Motion to Stay Pending Inter Partes Review | Denied | SpeakWare, Inc. v. Microsoft Corporation<br>8-18-cv-01293 (CDCA) | Jun. 21, 2019 | 📄 | 📕 |
| | Stay of Proceedings<br>└ Factors Considered<br>  └ **Simplification of Issues**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Stage of Litigation** | | The court denied defendants' renewed motion to stay pending their petitions for *inter partes* review because the stage of the case and lack of potential simplification of issues weighed against a stay. "Though trial will not commence until next year, the litigation has proceeded significantly since the filing of the Complaint, and the Court has expended significant resources in deciding the motions before it. . . . [T]he Court is not persuaded by general PTO reexamination statistics; the PTAB will presumably decide each IPR on its merits, and thus the mere fact that many instituted IPR petitions resolve in the cancellation of some claims does not persuade the Court that a stay pending IPR review would ultimately simplify the issues before this Court." | | | |
| ⊖ Motion to Stay Pending Inter Partes Review | Granted | Zomm, LLC v. Apple Inc.<br>4-18-cv-04969 (NDCA) | Jun. 17, 2019 | 📄 | 📕 |
| | Stay of Proceedings<br>└ Factors Considered<br>  └ **Prejudice From Stay/Tactical Advantage**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Simplification of Issues**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Stage of Litigation** | | The court granted defendant's motion to stay pending *inter partes* review because the stage of proceedings, potential simplification of issues, and lack of undue prejudice favored a stay. "[N]o expert discovery has been conducted, no substantive motions have been filed, and no trial date has been set.' . . . Given the USPTO Director has instituted review of [defendant's] first two petitions, and given that the [PTAB] must now issue final written decisions as to every ground raised in the instituted petition under recent Supreme Court case law, there is a real possibility that the IPR process will simplify the case. . . . Given that [plaintiff] admits its products do not practice the claimed inventions, the Court finds that the parties are not direct competitors as it relates to the patent at issue in this suit." | | | |
| Motion to Stay Pending Inter Partes Review | Granted | Uniloc USA, Inc. et al v. Apple Inc.<br>4-19-cv-01693 (NDCA) | Jun. 13, 2019 | 📄 | 📕 |
| Motion to Stay Pending Inter Partes Review | Granted | Uniloc USA, Inc. et al v. Apple Inc.<br>4-19-cv-01694 (NDCA) | Jun. 13, 2019 | 📄 | 📕 |
| Motion to Stay Pending Inter Partes Review | Granted | Uniloc USA, Inc. et al v. Apple Inc.<br>5-19-cv-01692 (NDCA) | Jun. 12, 2019 | 📄 | 📕 |

| | Motion to Stay Pending Inter Partes Review | Granted | Uniloc 2017 LLC v. Apple Inc.<br>4-19-cv-01949 (NDCA) | Jun. 04, 2019 | | |
|---|---|---|---|---|---|---|
| | Motion to Stay Pending Inter Partes Review | Granted | MPH Technologies Oy v. Apple Inc.<br>3-18-cv-05935 (NDCA) | Apr. 26, 2019 | | |
| | Motion to Stay Pending Inter Partes Review | Additional briefing ordered | Kilbourne v. Apple Inc.<br>4-18-cv-04619 (NDCA) | Apr. 05, 2019 | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Zomm, LLC v. Apple Inc.<br>4-18-cv-04969 (NDCA) | Mar. 22, 2019 | | |
| ⊖ | Motion to Stay Pending Inter Partes Review | Denied without prejudice | SpeakWare, Inc. v. Microsoft Corporation<br>8-18-cv-01293 (CDCA) | Feb. 21, 2019 | | |
| | Stay of Proceedings<br>└ Factors Considered<br>    └ Simplification of Issues<br>Stay of Proceedings<br>└ Factors Considered<br>    └ Stage of Litigation | | The court denied without prejudice defendants' motion to stay pending one defendant's petitions for *inter partes* review because the stage of the case and lack of potential simplification of issues weighed against a stay. "In contrast to other motions to stay previously before this Court, a scheduling order has been issued, a motion to consolidate has been decided, and a trial date has been set in the instant action. . . . Though trial will not commence until next year, the litigation has proceeded significantly since the filing of the Complaint, counseling against a stay of the action. Defendants argue [a defendant's] IPR petitions will be resolved promptly and in their favor, yet the PTAB has not even yet decided whether to institute an IPR." | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Singapore Asahi Chemical & Solder Industries Pte Ltd v. Apple Inc.<br>1-18-cv-01662 (NDOH) | Jan. 14, 2019 | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Singapore Asahi Chemical & Solder Industries Pte Ltd v. Apple Inc.<br>1-18-cv-01662 (NDOH) | Jan. 02, 2019 | | |
| ⊖ | Motion to Stay Pending Inter Partes Review | Granted | Corephotonics, Ltd. v. Apple Inc.<br>3-17-cv-06457 (NDCA) | Dec. 14, 2018 | | |
| | Stay of Proceedings<br>└ Factors Considered<br>    └ Prejudice From Stay/Tactical Advantage<br>Stay of Proceedings<br>└ Factors Considered<br>    └ Simplification of Issues<br>Stay of Proceedings<br>└ Factors Considered<br>    └ Stage of Litigation | | The court granted defendant's motion to stay pending its petitions for *inter partes* review because the stage of the case, potential simplification of issues, and lack of undue prejudice favored a stay. "[T]he parties have not filed dispositive motions or initiated expert discovery and the Court has not held a claim construction hearing, all of which demonstrate that the case is still in its beginning stages. . . . The second factor weighs strongly in favor of a stay, given that IPR could result in invalidation or amendment of Plaintiff's claims. At the very least, continuing with the instant lawsuit while IPR proceeds risks inconsistent results. . . . Defendant promptly filed with the Court notices of IPR institution, and there is no evidence of gamesmanship on Defendant's part." | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Universal Secure Registry LLC v. Apple Inc. et al<br>1-17-cv-00585 (DDE) | Oct. 30, 2018 | | |
| ⊖ | Motion to Stay Pending Inter Partes Review | Ruling deferred | Corephotonics, Ltd. v. Apple Inc.<br>3-17-cv-06457 (NDCA) | Oct. 01, 2018 | | |
| | District Court Procedural Issues<br>└ Stay of Proceedings | | The court vacated its order regarding a briefing schedule for defendant's motion to stay pending *inter partes* review until the PTAB ruled on defendant's petitions. "[Defendant] shall not file a motion to stay the case until the Court authorizes such a motion, if any. The Court will not authorize such a motion, if any, until after the [PTAB] has decided whether to institute inter partes review on all of [defendant's] petitions, and until after the parties have discussed the matter at a case management conference." | | | |

| | Motion to Stay Pending Inter Partes Review | Denied without prejudice | Universal Secure Registry LLC v. Apple Inc. et al<br>1-17-cv-00585 (DDE) | Sep. 19, 2018 | | |
|---|---|---|---|---|---|---|
| | Stay of Proceedings<br>└ Factors Considered<br>  └ **Prejudice From Stay/Tactical Advantage**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Reduction of Litigation Burden**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Simplification of Issues**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Stage of Litigation** | | The court denied without prejudice defendant's motion to stay pending its petitions for *inter partes* and CBM review because the lack of potential simplification of issues, stage of the case, undue prejudice to plaintiff, and the burden of litigation weighed against a stay. "Unless and until the PTAB institutes IPR and CBM proceedings based on the petitions, any expected simplification rests on speculation that such institution will occur. . . . [T]he status of the case also weighs against a stay at this time because the PTAB's institution decisions, expected [in two months], will likely precede intensive claim construction activity set to begin a month later. . . . [T]he sole inventor of the patents-in-suit and an important trial witness, is in poor health at age 76. . . . Because any potential amended pleadings and filings in response to [defendant's] petitions made by [plaintiff] will be on the record before claim construction, this factor weighs against granting a stay." | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Uniloc USA, Inc. et al v. Apple Inc.<br>3-18-cv-00360 (NDCA) | Sep. 14, 2018 | | |
| | Stay of Proceedings<br>└ Factors Considered<br>  └ **Simplification of Issues** | | The court *sua sponte* stayed three of plaintiff's actions pending *inter partes* review after the PTAB instituted review of three of the four patents-in-suit. "While the showdown procedure is well underway and the parties desire to proceed at least with this round of early summary judgment motions, this order concludes that this is outweighed by the interest of conserving judicial and the parties' resources. This is especially true given that the very claims selected for the showdown procedure are involved in the pending IPRs. Thus upon careful consideration, this order finds it more economical to let the IPR proceedings run their course first. Moreover, this order finds that [the patent not subject to review] is sufficiently related to the other patents-in-suit such that a stay with respect to [that] patent is also warranted." | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Uniloc USA, Inc. et al v. Apple Inc.<br>4-18-cv-00361 (NDCA) | Sep. 14, 2018 | | |
| | Stay of Proceedings<br>└ Factors Considered<br>  └ **Simplification of Issues** | | The court granted defendant's motion to continue a stay of three of plaintiff's cases pending *inter partes* review after the PTAB instituted review of four patents in two of the cases. "The parties agree that the litigation stays should remain in place for these patents, which are asserted in [two cases]. . . . [Defendant] also requests, over [plaintiff's] objection, that the stay of [the third case] also be continued until resolution of the IPRs in [the other two cases]. The Court agrees with [defendant] and finds that, because the IPRs are likely to resolve and clarify key issues with respect to the [remaining] patent, and for the reasons stated in this court's order . . . originally granting the stay, maintaining the stay of all three cases is in the best interest of the Court and the parties." | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Qualcomm Incorporated v. Apple Inc.<br>3-17-cv-02402 (SDCA) | Aug. 29, 2018 | | |
| | Stay of Proceedings<br>└ Factors Considered<br>  └ **Prejudice From Stay/Tactical Advantage**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Simplification of Issues**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Stage of Litigation** | | The court granted defendant's motion to stay pending its petitions for *inter partes* review of 5 of 6 patents-in-suit because the potential simplification of issues, stage of the case, and lack of undue prejudice favored a stay. "In this case with six patents and numerous claims at issue, the PTAB's decisions whether to institute will impact the contours of the case. If the PTAB institutes and cancels all the asserted claims of any patent, it will remove that patent from the case, thereby significantly reducing the scope of this litigation. . . . Significant fact and expert discovery and dispositive motion practice are still ahead. . . . Despite the fact that the petitions were not filed as expeditiously as anticipated in [defendant's] case management statement, based on the number of patents and claims involved, the Court does not conclude that the additional time taken to prepare and file the applications was the result of tactical delay." | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Qualcomm Incorporated v. Apple Inc.<br>3-17-cv-02403 (SDCA) | Aug. 29, 2018 | | |
| | Stay of Proceedings<br>└ Factors Considered<br>  └ **Prejudice From Stay/Tactical Advantage**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Simplification of Issues**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Stage of Litigation** | | The court granted defendant's motion to stay pending its petitions for *inter partes* review of all but two claims of the five patents-in-suit because the potential simplification of issues, stage of the case, and lack of undue prejudice favored a stay. "In this case with five patents and numerous claims at issue, the PTAB's decisions whether to institute will impact the contours of the case. If the PTAB institutes and cancels all the asserted claims of any patent, it will remove that patent from the case, thereby significantly reducing the scope of this litigation. . . . Significant fact and expert discovery and dispositive motion practice are still ahead. . . . Despite the fact that the petitions were not filed as expeditiously as anticipated in [defendant's] case management statement, based on the number of patents and claims involved, the Court does not conclude that the additional time taken to prepare and file the applications was the result of tactical delay." | | | |

12/19/23, 2:14 PM
Documents Search
Case 1:22-cv-01378-MN-JLH   Document 446-12   Filed 12/20/23   Page 9 of 20 PageID #: 24738

Documents Search

DocketNavigator

| | | | | | |
|---|---|---|---|---|---|
| ⊖ Motion to Stay Pending Inter Partes Review | Denied without prejudice | Ironworks Patents, LLC v. Apple Inc.<br>1-17-cv-01399 (DDE) | Aug. 07, 2018 | 📄 | PDF |
| | District Court Procedural Issues<br>└ Stay of Proceedings | The court denied without prejudice defendant's motion to stay pending its petitions for *inter partes* review. "The Motion to Stay Pending *Inter Partes* Review is denied without prejudice to renew if the PTAB institutes review on some or all of the asserted claims of the two patents." | | | |
| ⊖ Motion to Stay Pending Inter Partes Review | Denied in part granted in part | Papst Licensing GmbH & Co., KG v. Apple Inc.<br>6-15-cv-01095 (EDTX) | Aug. 01, 2018 | 📄 | PDF |
| | Stay of Proceedings<br>└ Factors Considered<br>   └ Prejudice From Stay/Tactical Advantage<br>Stay of Proceedings<br>└ Factors Considered<br>   └ Simplification of Issues<br>Stay of Proceedings<br>└ Factors Considered<br>   └ Stage of Litigation | The court denied in part defendant's motion to stay the entire case pending appeals of *inter partes* review proceedings because the undue prejudice to plaintiff, stage of the case, and lack of potential simplification of issues weighed against a stay of proceedings as to the patent that was found to be not invalid. "[T]he additional prejudice that would be suffered if this case were to be stayed as to the [patent-at-issue] pending exhaustion of appeals of the other four patents is considerable. . . . With trial to be set approximately three months away, the stage of litigation warrants against a stay. . . . A stay would do little to simplify the issues in this case. The [patent-at-issue] is not subject to any current IPR proceeding, and none of the claims of [that] patent have been invalidated. . . . [Defendant] has not shown that any issues pertaining to the [patent-at-issue] would be simplified by staying this case pending resolution of appeal of the final written decisions of [the other four] patents." | | | |
| Motion to Stay Pending Inter Partes Review | Granted | Uniloc USA, Inc. et al v. Apple Inc.<br>2-17-cv-00708 (EDTX) | Jun. 06, 2018 | 📄 | PDF |
| ⊖ Motion to Stay Pending Inter Partes Review | Granted | Uniloc USA, Inc. et al v. Apple Inc.<br>4-18-cv-00361 (NDCA) | May. 25, 2018 | 📄 | PDF |
| | Stay of Proceedings<br>└ Factors Considered<br>   └ Prejudice From Stay/Tactical Advantage<br>Stay of Proceedings<br>└ Factors Considered<br>   └ Simplification of Issues<br>Stay of Proceedings<br>└ Factors Considered<br>   └ Stage of Litigation | The court granted defendant's motion to stay three related cases pending its petitions for *inter partes* review of patents in two of the cases because the stage of the case, potential simplification of issues, and lack of undue prejudice favored a stay. "Although the parties have incurred some costs, significant early litigation costs still remain that could be avoided by a stay, depending on the PTAB's decisions. . . . Because the patents and claims that will ultimately be at issue across the cases will be informed by the IPRs, staying the three related cases will allow the parties and the court to know what issues will be tried to a jury when determining the structure and composition of eventual trials. Allowing [one] case to proceed while the two related cases are stayed would also be needlessly inefficient. . . . [Plaintiff] does not compete with [defendant] in the market. . . . There is no indication that [defendant] was anything less than diligent." | | | |
| ⊖ Motion to Stay Pending Inter Partes Review | Granted | Uniloc USA, Inc. et al v. Apple Inc.<br>5-18-cv-00357 (NDCA) | Apr. 30, 2018 | 📄 | PDF |
| | Stay of Proceedings<br>└ Factors Considered<br>   └ Prejudice From Stay/Tactical Advantage<br>Stay of Proceedings<br>└ Factors Considered<br>   └ Simplification of Issues<br>Stay of Proceedings<br>└ Factors Considered<br>   └ Stage of Litigation | The court granted defendant's motion to stay pending *inter partes* review of one patent and a pending IPR petition for the other patent because the stage of the case, potential simplification of issues, and lack of undue prejudice favored a stay. "[T]he Court has not set any dates relating to claim construction, dispositive motions, or trial. . . . [T]he potential simplification of issues related to the [patent under review] outweighs the delay that will result in the adjudication of the single claim of the [other] Patent that is at issue in the instant case. Indeed, it would make little sense to proceed only on the one asserted claim in the [other] Patent, thereby risking a second trial on the five claims in the [patent under review] if they survive IPR, nor would it make sense to proceed on six claims (across two patents) when five of them may later be invalidated. . . . [Plaintiff] is a 'non-practicing entity that licenses its intellectual property' and therefore 'does not compete directly with [defendant].'" | | | |
| ⊖ Motion to Stay Pending Inter Partes Review | Denied without prejudice | Uniloc USA, Inc. et al v. Apple Inc.<br>2-17-cv-00708 (EDTX) | Jan. 31, 2018 | 📄 | PDF |
| | District Court Procedural Issues<br>└ Stay of Proceedings | The court denied without prejudice defendant's motion to stay pending its petition for *inter partes* review. "Where a motion to stay is filed before the PTAB institutes any proceeding, Courts often withhold a ruling pending action on the petition by the PTAB or deny the motion without prejudice to refiling in the event that the PTAB institutes a proceeding. . . . [T]he Court concludes that [defendant's] motion is premature, and a stay of these proceedings in advance of the PTAB's decision on whether or not to grant the petition for inter partes review should be denied." | | | |

| | Motion to Stay Pending Inter Partes Review | Denied | VirnetX Inc. et al v. Apple Inc.<br>6-12-cv-00855 (EDTX) | Jan. 12, 2018 | | | |
|---|---|---|---|---|---|---|---|
| | Stay of Proceedings<br>└ Factors Considered<br>　└ Prejudice From Stay/Tactical Advantage<br>Stay of Proceedings<br>└ Factors Considered<br>　└ Simplification of Issues<br>Stay of Proceedings<br>└ Factors Considered<br>　└ Stage of Litigation | | The court denied defendant's motion to stay a second retrial after the PTAB found the tried claims unpatentable during *inter partes* review and reexamination proceedings because the undue prejudice to plaintiff, advanced stage of the case, and lack of potential simplification of issues weighed against a stay. "[Plaintiff] first tried this case to verdict [6 years ago], and, 'due to the necessity of [] retrial[s], [plaintiff] has still received no damages award as compensation.'. . . [Defendant] asked the Court to order the two new trials while it engaged in significant practice at the PTO. . . . Staying the case now would allow [defendant] to essentially reverse its request for two new trials after the fact, providing [defendant] with an undue tactical advantage over [plaintiff]. . . . Given this late stage of the litigation, the resources expended thus far by both the Court and the parties -- and the fact that the remaining trial is a retrial -- this factor strongly disfavors granting a stay. . . . [I]t is unclear how the PTO proceedings will simplify the case. Indeed, because this is a retrial of a case that the parties and the Court have already tried to a jury twice, there are few issues for the parties to brief or for the Court to resolve going forward." | | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | MEC Resources, LLC v. Apple Inc.<br>3-17-cv-05457 (NDCA) | Dec. 19, 2017 | | | |
| | Motion to Stay Pending Inter Partes Review | Denied | The California Institute of Technology v. Broadcom Limited et al<br>2-16-cv-03714 (CDCA) | Oct. 06, 2017 | | | |
| | Motion to Stay Pending Inter Partes Review | Denied | VirnetX Inc. et al v. Apple Inc.<br>6-12-cv-00855 (EDTX) | Sep. 29, 2017 | Mandamus Denied (Feb. 22, 2018) | | |
| | Motion to Stay Pending Inter Partes Review | Denied without prejudice | Uniloc USA, Inc. et al v. Apple Inc.<br>2-17-cv-00258 (EDTX) | Sep. 11, 2017 | | | |
| | District Court Procedural Issues<br>└ Stay of Proceedings | | The court denied without prejudice defendant's motion to stay pending its petition for *inter partes* review because the motion was premature. "The [PTAB] has not yet acted on [defendant's] petitions, but should provide decisions regarding whether or not to institute review [within 6 months]. . . . [T]his Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings." | | | | |
| | Motion to Stay Pending Inter Partes Review | Denied without prejudice | Saint Lawrence Communications LLC v. Apple Inc. et al<br>2-16-cv-00082 (EDTX) | Jul. 12, 2017 | | | |
| | District Court Procedural Issues<br>└ Stay of Proceedings | | The court denied without prejudice as premature defendant's motion to stay pending its petitions for *inter partes* review. "[T]his Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings. Based on these circumstances, the Court concludes that [defendant's] Motion is premature, and a stay of these proceedings in advance of the PTAB's decision on whether or not to grant the petitions for IPR should be denied." | | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Valencell, Inc. v. Apple Inc.<br>5-16-cv-00001 (EDNC) | Jun. 28, 2017 | | | |
| | Motion to Stay Pending Inter Partes Review | Denied | Papst Licensing GmbH & Co., KG v. Apple Inc.<br>6-15-cv-01095 (EDTX) | Jun. 16, 2017 | | | |
| | Stay of Proceedings<br>└ Factors Considered<br>　└ Simplification of Issues | | The court denied a defendant group's motion to stay pending *inter partes* review because the PTAB had not instituted review on the patent claims asserted against them. "That no *inter partes* review has been instituted with respect to the asserted claims of the [patent asserted against movants] makes simplification of the issues with respect to the Consolidated Defendants much less likely than with respect to [another defendant]. Accordingly, the Court finds that a stay is inappropriate and that the Consolidated Defendants' Motion for Stay should be denied." | | | | |

12/19/23, 2:13 PM   Case 1:22-cv-01378-MN-JLH   Document 446-12   Filed 12/20/23   Page 11 of 20 PageID #: 24740   Documents Search

Documents Search                                                                                          DocketNavigator

| | | | | | |
|---|---|---|---|---|---|
| Motion to Stay Pending Inter Partes Review | Granted | Papst Licensing GmbH & Co., KG v. Apple Inc. 6-15-cv-01095 (EDTX) | Jun. 16, 2017 | | |

| | |
|---|---|
| Stay of Proceedings └ Factors Considered    └ Prejudice From Stay/Tactical Advantage Infringement Defenses └ PTAB Post-Decision Estoppel    └ PTAB Petitioner Estoppel Following IPR (35 USC § 315(e)) District Court Procedural Issues └ Stay of Proceedings    └ Conditions of Stay | The court granted one defendant's motion to stay plaintiff's infringement claims pending *inter partes* review and found that defendant's agreement to be bound to statutory estoppel mooted plaintiff's claim of undue prejudice. "[Plaintiff's] estoppel argument is moot because, at the hearing, [defendant] committed to being bound by statutory estoppel with respect to any instituted IPR on the [asserted] Patents. At the hearing, [plaintiff] took the position that [defendant's] agreement to be bound by statutory estoppel with respect to non-[movant] IPRs is insufficient. According to [plaintiff], the Court should require that [defendant] waive its invalidity case entirely for a stay to be appropriate. For the purposes of the 'undue prejudice' prong, it is sufficient that [defendant] will be bound by the statutory estoppel. Moreover, because Congress determined the scope of the statutory estoppel, any prejudice that might arise from what [plaintiff] deems to be insufficient estoppel is not 'undue.'" |
| Stay of Proceedings └ Factors Considered    └ Simplification of Issues Infringement Defenses └ PTAB Post-Decision Estoppel    └ PTAB Petitioner Estoppel Following IPR (35 USC § 315(e)) | The court granted one defendant's motion to stay plaintiff's claims against it pending *inter partes* review and found that the potential simplification of issues favored a stay despite defendant's surviving systems art. "[Plaintiff's] argument that the case will not be simplified because [defendant] will argue that its identified systems art is not estopped weighs somewhat against a stay. Although greater simplification occurs whenever the entire issue of patent validity under 35 U.S.C. §§ 102 and 103 can be resolved in a parallel proceeding, some simplification is likely to occur notwithstanding that some prior art is not cognizable in *inter partes* review. Moreover, to the extent the systems art merely duplicates or embodies references considered at the Patent Office, [plaintiff] will have the opportunity to argue that such art falls within the scope of estoppel." |

| | | | | | |
|---|---|---|---|---|---|
| Motion to Stay Pending Inter Partes Review | Granted | Uniloc USA, Inc. et al v. Apple Inc. 2-16-cv-00638 (EDTX) | Jun. 13, 2017 | | |

| | |
|---|---|
| Stay of Proceedings └ Factors Considered    └ Simplification of Issues Stay of Proceedings └ Factors Considered    └ Stage of Litigation | The court granted defendant's motion to stay pending *inter partes* review because the potential simplification of issues and stage of the case favored a stay. "[Defendant's] Motion explains that the [PTAB] has instituted review of every asserted claim of three of the four patents asserted against [movant]. . . . [One of the instituted patents] is the parent of the other three patents asserted against Apple, including the patent on which the PTAB has not instituted review. . . . [T]he patent claims have not yet been construed by the Court, and discovery is not yet complete. Moreover, even if the PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent." |

| | | | | | |
|---|---|---|---|---|---|
| Motion to Stay Pending Inter Partes Review | Granted | Comarco Wireless Technologies, Inc. v. Apple Inc. 8-15-cv-00145 (CDCA) | Jun. 01, 2017 | | |
| Motion to Stay Pending Inter Partes Review | Granted | Cellular Communications Equipment LLC v. AT&T Inc. et al 2-15-cv-00576 (EDTX) | Apr. 27, 2017 | | |
| Motion to Stay Pending Inter Partes Review | Granted | REALTIME DATA, LLC d/b/a IXO v. Apple, Inc. 3-16-cv-02595 (NDCA) | Mar. 27, 2017 | | |
| Motion to Stay Pending Inter Partes Review | Denied without prejudice | The California Institute of Technology v. Broadcom Limited et al 2-16-cv-03714 (CDCA) | Mar. 02, 2017 | | |

| | |
|---|---|
| District Court Procedural Issues └ Stay of Proceedings | The court denied without prejudice defendants' motion to stay pending a defendant's petitions for *inter partes* review. "the Court is concerned that allowing the progress of its docket to depend on the status of proceedings at the PTAB (particularly when the PTAB has yet to decide whether it will review the Asserted Patents) can interfere with its obligation 'to secure the just, speedy, and inexpensive determination of every action.' One wonders about the need or desirability of a stay when the IPR petitions have not yet been granted and there is no indication as to which, if any, of the patent claims will be actually reexamined the PTAB. . . . 'Federal court calendars should not be hijacked in this manner.' As such, until PTAB decides whether it will institute the IPRs, a stay of this action would appear to be unwarranted." |

| | | | | | |
|---|---|---|---|---|---|
| Motion to Stay Pending Inter Partes Review | Granted | Personalized Media Communications LLC v. Apple Inc. 2-15-cv-01366 (EDTX) | Feb. 21, 2017 | | |
| Motion to Stay Pending Inter Partes Review | Granted | FastVDO LLC v. AT&T Mobility LLC et al 3-16-cv-00385 (SDCA) | Jan. 23, 2017 | | |

| | Motion to Stay Pending Inter Partes Review | Additional briefing ordered | FastVDO LLC v. AT&T Mobility LLC et al<br>3-16-cv-00385 (SDCA) | Dec. 29, 2016 | | |
|---|---|---|---|---|---|---|
| | District Court Procedural Issues<br>└ Stay of Proceedings<br>  └ Conditions of Stay | | The court ordered additional briefing on one defendant's motion to stay pending *inter partes* review in a multi-defendant action. "In analyzing a motion to stay pending IPR, district courts have found to be a relevant consideration whether co-defendants have agreed to be bound by the estoppel provision set forth in 35 U.S.C. § 315(e)(2). In light of this, the Court issues this order seeking clarification of [movant's] Co-Defendants' positions on whether they would agree to be bound by the estoppel provisions of 35 U.S.C. § 315(e)(2) if the Court conditions a stay in this case on such agreement." | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Parthenon Unified Memory Architecture LLC v. Apple Inc.<br>2-15-cv-00621 (EDTX) | Oct. 25, 2016 | | |
| | Motion to Stay Pending Inter Partes Review | Denied in part granted in part | Parthenon Unified Memory Architecture LLC v. Apple Inc.<br>2-15-cv-00621 (EDTX) | Oct. 05, 2016 | | |
| | District Court Procedural Issues<br>└ Severing, Consolidating & Relating<br>District Court Procedural Issues<br>└ Stay of Proceedings | | The court granted in part defendant's motion to stay pending conclusion of *inter partes* review proceedings and severed the claims under review into a separate action. "As to the remaining claims which are not severed (principally concerning [one patent-in-suit]), the Court orders that Jury Selection for trial in this case is now set [in one month]. . . . [Defendant] argues for a stay of the entire case because the [PTAB] has instituted *Inter Partes* Review proceedings on all patents asserted in this case, specifically, 53 out of 58 asserted claims. . . . In view of the changed status of this case and the forthcoming date for the final written decisions covering all the asserted claims regarding two of the patents-in-suit [in 3 months], the Court is of the opinion that it is in the best interest of judicial economy to sever Plaintiff's claims concerning the stayed patents into a new action. Such new action shall be stayed until further order of this Court." | | | |
| | Motion to Stay Pending Inter Partes Review | Denied | VirnetX Inc. v. Cisco Systems, Inc., et. al.<br>6-10-cv-00417 (EDTX) | Sep. 15, 2016 | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Memory Integrity LLC v. Amazon.com Inc.<br>1-13-cv-01795 (DDE) | Aug. 23, 2016 | | |
| | Motion to Stay Pending Inter Partes Review | Denied | e-Watch, Inc. et al v. Apple Inc.<br>2-13-cv-01061 (EDTX) | Aug. 19, 2016 | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Cellular Communications Equipment LLC v. Apple Inc. et al<br>6-14-cv-00251 (EDTX) | Aug. 09, 2016 | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Rosetta-Wireless Corp. v. LG Electronics Co. et al<br>1-15-cv-00799 (NDIL) | Jul. 20, 2016 | | |
| | Infringement Defenses<br>└ PTAB Post-Decision Estoppel<br>  └ PTAB Petitioner Estoppel Following IPR (35 USC § 315(e))<br>District Court Procedural Issues<br>└ Stay of Proceedings<br>  └ Conditions of Stay | | The court granted defendants' motion to stay pending *inter partes* review and rejected plaintiff's arguments regarding the extent of the application of estoppel to the non-petitioning defendants. "[Plaintiff] thinks that there are benefits to the stay if both the petitioning and non-petitioning defendants are subject to 35 U.S.C. § 315(e)(2) estoppel. . . . [T]he non-petitioning defendants have agreed to a more limited estoppel. Instead of being estopped from raising any ground that the petitioning defendants 'raised or reasonably could have raised during' IPR, the non-petitioning defendants have conditioned their motion on being estopped from asserting 'the invalidity grounds raised in [the petitioning defendants'] IPR petitions that are decided in final written decisions by the PTAB'. . . . [D]efendants have case law of their own demonstrating that courts have routinely granted stays conditioned upon non-petitioning defendants accepting the more limited estoppel proposed here by defendants (or no estoppel at all). . . . Here, the three factors, even with defendants' proposed limited estoppel, weigh in favor of granting the stay." | | | |
| | Stay of Proceedings<br>└ Factors Considered<br>  └ Prejudice From Stay/Tactical Advantage<br>Stay of Proceedings<br>└ Factors Considered<br>  └ Reduction of Litigation Burden<br>Stay of Proceedings<br>└ Factors Considered<br>  └ Simplification of Issues | | The court granted defendants' motion to stay pending *inter partes* review because the lack of undue prejudice, potential simplification of issues, and reduced burden of litigation favored a stay. "[A] delay that results from a stay is not inherently unduly prejudicial, especially here, where [the parties] are not competitors and, therefore, a monetary award will be able to rectify any harm that comes to [plaintiff] as a result of a delay. . . . [Plaintiff] also argues that defendants are gaming the system by only having a few file IPR petitions, while all get to sit back and enjoy the benefits of a stay. This argument has been considered and rejected by other courts, for reasons this court finds persuasive, where, as here, the non-petitioning defendants have represented that they have no control over the IPR process. . . . While preventing non-petitioning defendants from raising all arguments that the petitioning defendants raised or reasonably could have raised would streamline the cases further, there are equity concerns to estopping the non-petitioning defendants from making invalidity arguments because the petitioning defendants chose not to raise parallel arguments during IPR." | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Motion to Stay Pending Inter Partes Review | Granted | Voip-Pal.com, Inc. v. Apple Inc.<br>2-16-cv-00260 (DNV) | Jul. 19, 2016 | | |
| ⊖ | Motion to Stay Pending Inter Partes Review | Granted | Conversant Wireless Licensing S.a.r.l. v. Apple Inc.<br>3-15-cv-05007 (NDCA) | Jun. 15, 2016 | | |

District Court Procedural Issues
└ Stay of Proceedings
District Court Procedural Issues
└ Stay of Proceedings
    └ Scope of Stay

The court granted defendant's request to stay plaintiff's entire action pending *inter partes* review after plaintiff moved for a stay as to the four of five patents-in-suit under review. "Defendant argues that unless the stay is extended to include it, there will be unnecessary duplication of efforts and expense, such that the advantages of a stay would be severely diminished, and prejudice would increase. . . . Plaintiff has pointed to the fact that the nature of the technology in the [patent not under review] is arguably quite different from that in the other patents, and that there is no overlap in inventors. . . . Nevertheless, because there is substantial or complete overlap in the products accused of infringing all of the patents, it seems inevitable there would be other aspects of discovery — and ultimately trial — that would be duplicated if the patents were litigated separately. . . . Although the question is close, under all the circumstances the disadvantages and potential burdens of a partial stay outweigh the balance that otherwise would easily warrant granting a stay with respect to the four patents subject to IPR. Additionally, the burden to plaintiff of the stay being extended to the [patent not under review] — even though a stay would not be warranted as to it independently — is minimal."

| | | | | | | |
|---|---|---|---|---|---|---|
| ⊖ | Motion to Stay Pending Inter Partes Review | Additional briefing ordered | Conversant Wireless Licensing S.a.r.l. v. Apple Inc.<br>3-15-cv-05007 (NDCA) | Jun. 06, 2016 | | |

District Court Procedural Issues
└ Stay of Proceedings
District Court Procedural Issues
└ Stay of Proceedings
    └ Scope of Stay

The court ordered additional briefing on plaintiff's motion to stay its own action pending *inter partes* review after the PTAB instituted review of four of the five patents-in-suit. "[Defendant] notes that it ordinarily advocates staying litigation pending the resolution of parallel IPR proceedings. [Defendant] opposes the requested stay here, however, on grounds that it would not serve judicial efficiency and would result in prejudice to proceed with litigation of one of the five patents in suit, while staying the balance of the action. Although [defendant] suggests that the stay motion be denied outright, it does not argue that a stay of the entire action would raise similar efficiency and prejudice concerns, or would otherwise be improper. [Defendant's] contentions regarding the inadvisability of a partial stay appear to have merit. . . . [P]laintiff shall file a supplemental brief, not to exceed five pages, setting out whether it is amenable to a stay of the entire action, and, if not, any reasons it believes such a stay should not be imposed."

| | | | | | | |
|---|---|---|---|---|---|---|
| | Motion to Stay Pending Inter Partes Review | Granted | Porto Technology Co., LTD v. Motorola Mobility LLC<br>4-16-cv-01427 (NDCA) | May. 26, 2016 | | |
| ⊖ | Motion to Stay Pending Inter Partes Review | Granted | Masa LLC v. Apple Inc.<br>4-15-cv-00889 (EDMO) | May. 09, 2016 | | |

Stay of Proceedings
└ Factors Considered
    └ Prejudice From Stay/Tactical Advantage
Stay of Proceedings
└ Factors Considered
    └ Simplification of Issues
Stay of Proceedings
└ Factors Considered
    └ Stage of Litigation

The court granted defendant's motion to stay pending its petition for *inter partes* review because the early stage of the case, potential simplification of issues, and lack of undue prejudice favored a stay. "[T]he motion to stay is not premature. While some courts have preferred to wait until the PTAB decides whether to institute IPR before granting a stay, others have granted stays before the PTAB instituted IPR, and the Federal Circuit has 'express[ed] no opinion on which is the better practice.'. . . IPR will resolve some or all of the issues in this case if the claims are invalidated. And if the claims survive, IPR will still streamline the litigation because [defendant] will be subject to statutory estoppel, precluding it from asserting invalidity in this lawsuit 'on any ground that [it] raised or reasonably could have raised during that inter partes review.'. . . [T]he parties are not direct competitors, and [plaintiff] seeks solely monetary damages that will not be diminished by a stay. Moreover, the Court does not believe that [defendant] possessed any dilatory motive. It was not unreasonable for [defendant] to wait until after the parties attempted to resolve their dispute in mediation before preparing and filing its IPR petition."

| | | | | | | |
|---|---|---|---|---|---|---|
| ⊖ | Motion to Stay Pending Inter Partes Review | Granted | Global Touch Solutions, LLC v. Toshiba Corporation et al<br>3-15-cv-02746 (NDCA) | Apr. 07, 2016 | | |

Stay of Proceedings
└ Factors Considered
    └ Prejudice From Stay/Tactical Advantage
Stay of Proceedings
└ Factors Considered
    └ Simplification of Issues
Stay of Proceedings
└ Factors Considered
    └ Stage of Litigation

The court granted defendant's motion to stay pending *inter partes* review because the potential simplification of issues, stage of the cases, and lack of undue prejudice favored a stay. "The parties jointly represent that '[T]he PTAB has instituted 13 IPR trials to determine the validity of seven of the eight asserted patents' across these five related cases. On the single remaining patent, two additional pending IPR petitions are expected to be decided [within two months]. Because these cases are in their infancy, the IPRs will likely simplify the issues and trial, and plaintiff has not articulated -- and the Court does not see -- any undue prejudice or clear disadvantage that would result from a stay, the Court stays these cases until the PTAB has decided the 13 IPRs that have been instituted (as well as the additional two IPRs, should the PTAB decide to institute those as well)."

12/19/23, 2:13 PM
Case 1:22-cv-01378-MN-JLH   Document 446-12   Filed 12/20/23   Page 14 of 20 PageID #: 24743
Documents Search

Documents Search
DocketNavigator

| Motion to Stay Pending Inter Partes Review | Granted | Limestone Memory Systems LLC v. Lenovo (US) Inc.<br>8-15-cv-00650 (CDCA) | Jan. 12, 2016 | | |
|---|---|---|---|---|---|
| Stay of Proceedings<br>└ Factors Considered<br>  └ **Prejudice From Stay/Tactical Advantage**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Simplification of Issues**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Stage of Litigation** | | The court granted defendants' motions to stay pending their petitions for *inter partes* review because the early stage of the case, potential simplification of issues, and lack of undue prejudice favored a stay. "[T]hese cases are still in their infancy. Discovery is still in its early stages (and in fact has not yet begun for some Defendants), the parties have not briefed the Court on claim construction, and the Court has not set a trial date. . . . Because Defendants have petitioned for review of nearly all claims asserted in this action, the outcome of the IPR has the potential to significantly narrow the scope and complexity of the litigation. . . . [B]ecause [plaintiff] is a non-practicing entity, the Court finds that any damages it may ultimately prove will likely be compensable." | | | |
| Motion to Stay Pending Inter Partes Review | Granted | Memory Integrity LLC v. Amazon.com Inc.<br>1-13-cv-01795 (DDE) | Dec. 21, 2015 | | |
| Motion to Stay Pending Inter Partes Review | Denied in part granted in part | Chestnut Hill Sound, Inc. v. Apple Inc.<br>1-15-cv-00261 (DDE) | Dec. 03, 2015 | | |
| District Court Procedural Issues<br>└ **Stay of Proceedings** | | The court granted in part defendant's motion to stay pending its petition for *inter partes* review. "If the PTAB declines to institute any IPR review, the stay will be considered lifted upon the parties' notification of such a decision. If IPR is instituted on some but not all of the asserted claims, the stay will be continued until the parties submit a joint status report with their respective positions in light of the PTAB's decision, and the Court makes a decision on how to proceed. If IPR is instituted on all of the asserted claims, the stay will be continued until the PTAB renders a merits decision." | | | |
| Motion to Stay Pending Inter Partes Review | Granted | IXI Mobile (R&D) Ltd. et al v. Samsung Electronics Co., Ltd. et al<br>4-15-cv-03752 (NDCA) | Nov. 12, 2015 | | |
| Stay of Proceedings<br>└ Factors Considered<br>  └ **Prejudice From Stay/Tactical Advantage**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Simplification of Issues**<br>Stay of Proceedings<br>└ Factors Considered<br>  └ **Stage of Litigation** | | The court granted defendants' motion to stay pending two defendants' petitions for *inter partes* review because the stage of the case, potential simplification of issues, and lack of undue prejudice weighed in favor of a stay. "The Court does not doubt that the parties have already expended substantial resources on this litigation, but significant work remains to be done. No discovery, dispositive motions, pretrial, or trial deadlines have been set. Claim construction briefing, though underway, is not complete. . . . [C]ourts have consistently found that where, as here, the parties are not direct competitors, Plaintiffs 'do[] not risk irreparable harm by [Defendant's] continued use of the accused technology and can be fully restored to the status quo ante with monetary relief.'" | | | |
| District Court Procedural Issues<br>└ Stay of Proceedings<br>  └ **Conditions of Stay** | | The court granted defendants' motion to stay pending two defendants' petitions for *inter partes* review, but required the non-petitioner defendant to agreed to be bound by estoppel. "Because [the non-petitioner defendant] is not a party to the IPR petitions, it is not bound by the estoppel rules set out in the statute. However, '[t]he court may alleviate any estoppel concern as to [the non-petitioner] by using its inherent power to condition a stay on [the non-petitioner's] agreement to be bound as if [it] had filed the relevant IPR petition.' At the . . . hearing, [the non-petitioner defendant] agreed on the record to accept this condition." | | | |

| | Motion to Stay Pending Inter Partes Review | Denied in part granted in part | Longitude Licensing Ltd. et al v. Apple Inc. 3-14-cv-04275 (NDCA) | Oct. 29, 2015 | | |
|---|---|---|---|---|---|---|
| | Stay of Proceedings └ Factors Considered    └ **Prejudice From Stay/Tactical Advantage** Stay of Proceedings └ Factors Considered    └ **Simplification of Issues** Stay of Proceedings └ Factors Considered    └ **Stage of Litigation** | | The court granted in part defendant's motion to stay pending its petitions for *inter partes* review because the early stage of the case, potential simplification of issues, and lack of undue prejudice favored a stay. "Although the parties' litigation progress to date is not insignificant, there remains much more work to be done and the Court considers the case to be in a relatively early stage. . . . [T]he fact that [plaintiff] has narrowed its claims in this litigation does not change the fact that [defendant's] IPR petitions cover 100 percent of the asserted claims. . . . If any one of the asserted claims are selected, there is a strong possibility of at least some simplification of this case. . . . In addition to the strong possibility of cancellation or modification of an asserted claim, [plaintiff's] arguments in favor of the claims and claim amendments made during PTAB proceedings could constitute a basis for intervening rights, thus limiting damages for the claims that survive IPR. . . . [Plaintiff] is a non-practicing entity that does not directly compete with [defendant]. Several cases have found that there was no undue prejudice to a patent infringement claimant under similar circumstances." | | | |
| | Stay of Proceedings └ Factors Considered    └ **Prejudice From Stay/Tactical Advantage** | | The court granted in part defendant's motion to stay pending its petitions for *inter partes* review and rejected plaintiff's undue prejudice argument, but allowed certain discovery to proceed. "[Plaintiff] argues that [defendant] was not diligent in seeking post-grant review of any of the patents in suit, and in fact waited until just before expiration of the one year time limit under 35 U.S.C. § 315(b) after [plaintiff] filed this complaint before seeking IPR. . . . It was not unreasonable for [defendant] to file its IPR petitions and seek a stay within the one year statutory limit, on or around the time that [plaintiff] served its narrowed list of claims to be construed, especially given the complexity and magnitude of this case. [Plaintiff] has not shown any 'dilatory motive' in [defendant's] timely exercise of its statutory rights. . . . Given the age of some of the information in question, there is no reason to think an additional year or two will significantly impact discovery. Without a more particularized showing of harm, this type of harm is inherent in any case delay and does not support the denial of a stay. . . . The claim construction deadlines previously set by the Court are vacated. However. . . the Court will allow some limited discovery to proceed during the stay." | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | e-Watch, Inc. et al v. Apple Inc. 2-13-cv-01061 (EDTX) | Oct. 19, 2015 | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Comarco Wireless Technologies, Inc. v. Apple Inc. 8-15-cv-00145 (CDCA) | Oct. 12, 2015 | | |
| | Motion to Stay Pending Inter Partes Review | Denied in part granted in part | Farstone Technology Inc. v. Apple Inc. 8-13-cv-01537 (CDCA) | Sep. 25, 2015 | | |
| | Stay of Proceedings └ Factors Considered    └ **Simplification of Issues** | | The court granted in part plaintiff's motion to stay its own action pending *inter partes* review, but ordered the stay would not take effect until after supplemental claim construction. "The Court agrees with [defendant] that while the IPR petition may simplify some of the issues, the PTAB does not consider the issue of indefiniteness in an IPR; patentability under § 112 remains solely within the purview of the Court. Furthermore, because the prior art that can be used in IPRs are limited to 'patents and printed publications,' [defendant] would still be permitted to challenge the validity of the [patent-in-suit] using other prior art references not considered during the IPR. . . . The most efficient, economical, and fair course of action is addressing the indefiniteness issue now because the issues do not overlap and can be outcome determinative." | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | e-Watch, Inc. et al v. Apple Inc. 2-13-cv-01061 (EDTX) | Jun. 29, 2015 | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Massachusetts Institute of Technology v. Micron Technology, Inc. et al 1-15-cv-10374 (DMA) | Jun. 04, 2015 | | |
| | Motion to Stay Pending Inter Partes Review | Denied | Aylus Networks, Inc. v. Apple Inc. 3-13-cv-04700 (NDCA) | Jun. 02, 2015 | | |
| | Stay of Proceedings └ Factors Considered    └ **Simplification of Issues** Stay of Proceedings └ Factors Considered    └ **Stage of Litigation** | | The court denied defendant's motion to stay pending *inter partes* review because the advanced stage of the case and lack of potential simplification of issues weighed against a stay. "The parties have already exchanged infringement and invalidity contentions; the Court has already construed the disputed terms of the patent-in-suit; discovery is all but complete; and a trial date is set. . . . Two of [plaintiff's] infringement claims are predicated on claims . . . that are not under review; in fact, the PTAB declined to institute inter partes review of those specific claims. . . . Moreover, if the stay is denied, [plaintiff] has agreed to dismiss – with prejudice – all of the claims upon which review was granted. [Plaintiff's] proposal would narrow the scope of the case, simplify proceedings, and substantially discount any benefit to granting the stay." | | | |

12/19/23, 2:13 PM	Case 1:22-cv-01378-MN-JLH   Document 446-12   Filed 12/20/23   Page 16 of 20 PageID #: 24745	Documents Search

Documents Search

DocketNavigator

| | | | | | |
|---|---|---|---|---|---|
| Motion to Stay Pending Inter Partes Review | Denied | Aylus Networks, Inc. v. Apple Inc. 3-13-cv-04700 (NDCA) | May. 28, 2015 | | |
| Motion to Stay Pending Inter Partes Review | Denied | Summit 6 LLC v. HTC Corporation, et al 7-14-cv-00014 (NDTX) | May. 08, 2015 | | |

Stay of Proceedings
└ Factors Considered
  └ Simplification of Issues
Stay of Proceedings
└ Factors Considered
  └ Stage of Litigation

The court denied defendant's motion to stay pending its petition for *inter partes* review because the stage of the case and potential simplification of issues did not favor a stay. "The trial date has been set on the Court's four-week docket [in 6 months], and there is one month remaining for discovery. The motion was filed . . . in the middle of the discovery period and after the claim construction briefing had concluded. Because there was only nine months remaining between the date the motion was filed and the date of trial, the Court finds that the case had progressed beyond the early stages of litigation, making this factor weigh slightly against a stay. . . . [A]s reexamination proceedings have not yet been initiated, it is unclear whether a stay would simplify the issues or reduce the burden of litigation on the Court or the parties."

| | | | | | |
|---|---|---|---|---|---|
| Motion to Stay Pending Inter Partes Review | Granted | Aylus Networks, Inc. v. Apple Inc. 3-13-cv-04700 (NDCA) | May. 07, 2015 | | |
| Motion to Stay Pending Inter Partes Review | Granted | Rothschild Storage Retrieval Innocations, LLC v. Sony Mobile Communications (USA) Inc. 3-15-cv-00234 (NDCA) | May. 06, 2015 | | |

Stay of Proceedings
└ Factors Considered
  └ Prejudice From Stay/Tactical Advantage
Stay of Proceedings
└ Factors Considered
  └ Simplification of Issues
Stay of Proceedings
└ Factors Considered
  └ Stage of Litigation

The court granted defendants' motions to stay pending a nonparty's petition for *inter partes* review because the very early stage of the case, potential simplification of issues, and lack of undue prejudice favored a stay. "[T]he issue is simplification, not elimination. Even if all of the challenged claims are not cancelled, this litigation will still be simplified because it is highly likely that one or more asserted claims will be cancelled. . . . An intervening rights defense could limit Defendants' damages if any claims are amended or added during the IPR. Likewise, staying the case could simplify this action because [plaintiff's] arguments in support of their claims during IPR may also help define the scope of any remaining claims when litigation proceeds, and the PTAB's invalidity determinations will be binding."

District Court Procedural Issues
└ Stay of Proceedings
  └ Conditions of Stay

The court granted defendants' motions to stay pending a nonparty's petition for *inter partes* review after defendants agreed to a limited estoppel. "[Plaintiff's] most persuasive argument that a stay will not significantly simplify the issues in these cases is that Defendants are not parties or real parties in interest to the IPR . . . and therefore are not statutorily estopped from reasserting the same invalidity arguments raised during the IPR. . . . To alleviate this concern . . . each Defendant 'agrees to a limited estoppel for any ground raised in the IPR on which a final decision is rendered.' . . . Defendants persuasively argued during the hearing that they had no involvement in drafting the IPR petition or deciding what positions to take before the PTAB. Though there is a joint defense agreement among the Defendants and [an IPR real party in interest], there is no indication that this agreement encompasses considerations relating to the IPR and defense counsel represented that it does not at the hearing. Therefore, it might be unfair to bind Defendants to full statutory estoppel in this case."

Stay of Proceedings
└ Factors Considered
  └ Prejudice From Stay/Tactical Advantage

The court granted defendants' motions to stay pending a nonparty's petition for *inter partes* review and rejected the NPE plaintiff's claim of undue prejudice. "[Plaintiff] is a non-practicing entity that does not appear to market or sell any products covered by the [patent-in-suit], so a stay will have little or no effect on [its] ongoing business. Though [plaintiff] claims that it competes with Defendants as innovators in the field of mobile imaging technology, it also admits that it does not own factories or other revenue streams, and royalties and licensing fees are its source of revenue. . . . [I]t appears that at least some of the delay in this case was due to [plaintiff's] actions. Plaintiff waited 14 months after the [patent] issued to file its lawsuits."

| | | | | | |
|---|---|---|---|---|---|
| Motion to Stay Pending Inter Partes Review | Granted | Rothschild Storage Retrieval Innocations, LLC v. Sony Mobile Communications (USA) Inc. 3-15-cv-00234 (NDCA) | May. 05, 2015 | | |

| | | | | | |
|---|---|---|---|---|---|
| ⊖ | Motion to Stay Pending Inter Partes Review | Granted | DSS Technology Management, Inc. v. Apple, Inc.<br>4-14-cv-05330 (NDCA) | May. 01, 2015 | |
| | Stay of Proceedings<br>└ Factors Considered<br>   └ **Prejudice From Stay/Tactical Advantage**<br>Stay of Proceedings<br>└ Factors Considered<br>   └ **Simplification of Issues**<br>Stay of Proceedings<br>└ Factors Considered<br>   └ **Stage of Litigation** | | The court granted defendant's motion to stay pending its petitions for *inter partes* review because the relatively early stage of the case, potential simplification of issues, and lack of undue prejudice favored a stay. "Defendant's IPR petitions assert four of the fourteen references asserted in the litigation. The Court finds that the PTAB's expert opinion as to approximately 29% of the fourteen prior art references at issue here will be of significant value in simplifying the scope of this case. . . . Were the Court to deny the stay until a decision on institution is made, the parties and the Court would expend significant resources on claim construction proceedings that could eventually be mooted by the IPR decision. The Court finds that staying the case for two months pending the PTO's decision whether to institute IPR is the most efficient use of resources at this juncture." | | | |
| | Stay of Proceedings<br>└ Factors Considered<br>   └ **Prejudice From Stay/Tactical Advantage** | | The court granted defendant's motion to stay pending its petitions for *inter partes* review and rejected the argument that plaintiff was prejudiced because defendant waited until the end of the statutory period to seek review. "The Court declines to read a 'dilatory motive' into Defendant's timely exercise of its statutory rights. . . . Plaintiff does not dispute that it is not a direct competitor of [defendant], but instead argues that it 'has a strong interest in the timely enforcement of its patent rights.' The Court is not persuaded: the plaintiff in every patent infringement action asserts such an interest." | | | |
| ⊖ | Motion to Stay Pending Inter Partes Review | Denied without prejudice | ContentGuard Holdings, Inc. v. Apple, Inc.<br>2-13-cv-01112 (EDTX) | Apr. 27, 2015 | |
| | District Court Procedural Issues<br>└ **Stay of Proceedings** | | The court denied without prejudice defendant's motion to stay pending its petitions for *inter partes* and CBM review. "[Defendant's] twenty-nine IPR and CBM petitions were filed . . . approximately one year after the case was filed. . . . [T]he record does not reflect that the PTAB has acted on [defendant's] petitions to institute, and it is not apparent that a grant of the petition will be forthcoming. As no petition has yet been granted, [defendant] is, in effect, asking the Court to stay this action based solely on the possibility of a hypothetical future occurrence. At such time that the basis for its request becomes concrete, [defendant] is free to re-urge its request." | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | American Navigation Systems, Inc. v. Apple Inc.<br>3-14-cv-05297 (NDCA) | Mar. 27, 2015 | |
| ⊖ | Motion to Stay Pending Inter Partes Review | Granted | e-Watch, Inc. et al v. Apple Inc.<br>2-13-cv-01061 (EDTX) | Mar. 25, 2015 | |
| | Stay of Proceedings<br>└ Factors Considered<br>   └ **Prejudice From Stay/Tactical Advantage**<br>Stay of Proceedings<br>└ Factors Considered<br>   └ **Simplification of Issues**<br>Stay of Proceedings<br>└ Factors Considered<br>   └ **Stage of Litigation** | | The court granted defendant's renewed motion to stay pending *inter partes* review after the PTAB instituted proceedings on all asserted claims because the potential simplification of issues, lack of undue prejudice, and stage of the case weighed in favor of a stay. "The Court is sensitive to [plaintiff's] concerns as to the inherent uncertainty of ongoing IPR Proceedings and the PTAB's limitations in resolving all of Defendants' defenses in the instant suit. Nevertheless, the Court finds that such proceedings will simplify the issues in this case due, at least in part, to Defendants' representations regarding the estoppel effects under section 315(e). . . . Although not dispositive, the Court must accord some weight to the timing of [defendant's] initial Motion to Stay. And though the Court denied that initial motion without prejudice to refiling, [defendant] promptly renewed its motion within two days of the PTAB's decision to institute on all claims presently asserted in this litigation." | | | |
| | Motion to Stay Pending Inter Partes Review | Additional briefing ordered | e-Watch, Inc. et al v. Apple Inc.<br>2-13-cv-01061 (EDTX) | Mar. 13, 2015 | |
| | Motion to Stay Pending Inter Partes Review | Granted | Memory Integrity LLC v. Amazon.com Inc.<br>1-13-cv-01795 (DDE) | Dec. 09, 2014 | |
| | Motion to Stay Pending Inter Partes Review | Denied | Straight Path IP Group, Inc. v. Apple Inc.<br>3-14-cv-04302 (NDCA) | Nov. 26, 2014 | |
| ⊖ | Motion to Stay Pending Inter Partes Review | Denied without prejudice | e-Watch, Inc. et al v. Apple Inc.<br>2-13-cv-01061 (EDTX) | Nov. 21, 2014 | |
| | Stay of Proceedings<br>└ Factors Considered<br>   └ **Simplification of Issues** | | The court denied without prejudice defendant's motion to stay pending *inter partes* review because the potential simplification of issues did not favor a stay. "Where a motion to stay is filed before the PTAB institutes any proceeding, Courts often withhold a ruling pending action on the petition by the PTAB or deny the motion without prejudice to refiling in the event that the PTAB institutes a proceeding. The record here does not suggest that the PTAB has granted the petition to institute, and it is not apparent that a grant of the petition is forthcoming. Thus, the potential for simplification of issues is — at this stage — entirely speculative." | | | |

| | | | | | |
|---|---|---|---|---|---|
| Motion to Stay Pending Inter Partes Review | Denied without prejudice | Straight Path IP Group, Inc. v. Apple Inc. 3-14-cv-04302 (NDCA) | Nov. 20, 2014 | 📄 | 📕 |
| ⊖ Motion to Stay Pending Inter Partes Review | Denied | Aylus Networks, Inc. v. Apple Inc. 3-13-cv-04700 (NDCA) | Nov. 06, 2014 | 📄 | 📕 |

Stay of Proceedings
└ Factors Considered
  └ **Prejudice From Stay/Tactical Advantage**
Stay of Proceedings
└ Factors Considered
  └ **Simplification of Issues**
Stay of Proceedings
└ Factors Considered
  └ **Stage of Litigation**

The court denied defendant's motion to stay pending its petitions for *inter partes* review because all factors were neutral. "On the one hand, [plaintiff] might be spared a great deal of expense and effort if PTAB's review resolved this dispute. On the other hand, [plaintiff] contends that staying these proceedings will cause further expense and delay, and will prejudice them regardless of whether the petition is granted or denied. . . . Because none of the stay factors weigh in favor of granting a stay, and because the PTAB's decision on [defendant's] IPR petitions is not expected until nearly eighteen months after [plaintiff] filed this action, the Court denies [defendant's] motion for a pre-institution stay of these proceedings."

| | | | | | |
|---|---|---|---|---|---|
| Motion to Stay Pending Inter Partes Review | Granted | Evolutionary Intelligence, LLC v. Apple Inc. 4-13-cv-04201 (NDCA) | Oct. 17, 2014 | 📄 | 📕 |
| ⊖ Motion to Stay Pending Inter Partes Review | Denied in part granted in part | Evolutionary Intelligence, LLC v. Sprint Nextel Corporation et al 4-13-cv-04513 (NDCA) | Sep. 26, 2014 | 📄 | 📕 |

Stay of Proceedings
└ Factors Considered
  └ **Prejudice From Stay/Tactical Advantage**
Stay of Proceedings
└ Factors Considered
  └ **Simplification of Issues**
Stay of Proceedings
└ Factors Considered
  └ **Stage of Litigation**
District Court Procedural Issues
└ Stay of Proceedings
  └ **Conditions of Stay**

The court granted defendants' motions to maintain the stays pending *inter partes* review on the condition that each non-petitioner agreed to estoppel because the stage of the case, potential simplification of issues, and lack of undue prejudice favored a continued stay under that condition. "[Plaintiff] argues that the original justification for the stay no longer exists now that the PTAB has denied petitions for *inter partes* review for all but 13 claims of one of the two patents-in-suit. . . . Nevertheless, the results of the IPR will substantially simplify the case. . . . [Plaintiff] does not market any products or services practicing the patents-in-suit [and] can be fully restored to the status quo ante with monetary relief. . . . [E]stoppel will appropriately balance two competing concerns: (1) protecting the integrity of PTO proceedings by preventing parties from having a 'second bite at the apple,' and (2) protecting non-participating defendants from being precluded from raising an argument that was not made in the IPR proceedings."

| | | | | | |
|---|---|---|---|---|---|
| ⊖ Motion to Stay Pending Inter Partes Review | Granted | PersonalWeb Technologies LLC et al v. Apple Inc. 5-14-cv-01683 (NDCA) | Sep. 24, 2014 | 📄 | 📕 |

Stay of Proceedings
└ Factors Considered
  └ **Prejudice From Stay/Tactical Advantage**
Stay of Proceedings
└ Factors Considered
  └ **Simplification of Issues**
Stay of Proceedings
└ Factors Considered
  └ **Stage of Litigation**

The court granted defendant's motion to stay pending *inter partes* review of 15 of 34 of plaintiff's asserted claims because the stage of the case, potential simplification of issues, and lack of undue prejudice weighed in favor of a stay. "[A]lready the parties have undertaken significant work, but the Court has not set a trial date and several costly stages of discovery remain. Moreover, the landscape of the litigation could change dramatically in light of any PTAB ruling and the parties should have the benefit of that change before making strategic choices for trial. . . . All seven patents claim priority to [the same application] and share a common specification. Moreover, all patents involve the same subject matter. . . . Thus, the PTAB's final decision regarding the claims subject to *inter partes* review may overlap with claims not subject to *inter partes* review. This overlap will further simplify the issues and trial of this case, thus increasing judicial economy and conserving both the parties' and the Court's resources. . . . [S]peculative harm to licensing efforts does not supply a reason to deny a stay."

| | | | | | |
|---|---|---|---|---|---|
| ⊖ Motion to Stay Pending Inter Partes Review | Granted | TLI Communications LLC v. AV Automotive LLC et al 1-14-cv-00136 (EDVA) | Aug. 11, 2014 | 📄 | 📕 |

Stay of Proceedings
└ Factors Considered
  └ **Prejudice From Stay/Tactical Advantage**
Stay of Proceedings
└ Factors Considered
  └ **Simplification of Issues**
Stay of Proceedings
└ Factors Considered
  └ **Stage of Litigation**

The court granted defendant's motion to stay an MDL action pending *inter partes* review because the potential simplification of issues, very early stage of the case, and lack of undue prejudice favored a stay. "Plaintiff . . . correctly points out that the PTO has not yet decided whether to institute an IPR proceeding concerning the patent in issue, and that the PTO is not required to do so [for two months]. Plaintiff goes on to argue that no stay should be considered in this MDL proceeding until that preliminary decision is made by the PTO. Yet, the problem with that argument is that the pace of discovery and other events in this Court would require a great deal of activity between now and [then], some of which may be rendered unnecessary if IPR is granted by the PTO and the issues are later simplified. . . . [P]laintiff is a non-producing entity that does not compete directly with any of the defendants. Plaintiff thus has no reasonable basis for requesting or recovering anything other than monetary damages in this case, which, of course, can be determined regardless of any delay attributable to a stay."

| | Motion to Stay Pending Inter Partes Review | Additional briefing ordered | TLI Communications LLC v. AV Automotive LLC et al<br>1-14-cv-00136 (EDVA) | Jul. 25, 2014 | | |
|---|---|---|---|---|---|---|
| | District Court Procedural Issues<br>└ Stay of Proceedings | | The court ordered additional briefing on defendant's motion to stay pending *inter partes* review regarding the effect of a recent Federal Circuit slip opinion (VirtualAgility Inc. v. Salesforce.com, slip op. 2014-1232 (Fed. Cir. July 10, 2014)), and the specific claims against each defendant. | | | |
| | Motion to Stay Pending Inter Partes Review | Denied without prejudice | Freeny et al v. Apple Inc<br>2-13-cv-00361 (EDTX) | Jul. 22, 2014 | | |
| | District Court Procedural Issues<br>└ Stay of Proceedings | | The court denied without prejudice defendant's motion to stay pending *inter partes* review because the PTAB had not decided to grant defendant's petition. "The most important — indeed, the dispositive — factor bearing on the Court's exercise of its discretion in this case is that the PTAB has not yet acted on [defendant's] petition for *inter partes* review. . . . Since the enactment of the America Invents Act, district courts have encountered a flood of stay requests pending either CBM review or *inter partes* review. Although, as the Federal Circuit noted, some district courts have granted stays even before the PTAB has granted the petition for review, the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review. The Court believes that is the proper course to follow in this case." | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | WhitServe LLC v. Apple Inc.<br>3-12-cv-01522 (DCT) | May. 23, 2014 | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Arendi SARL v. LG Electronics Inc. et al<br>1-12-cv-01595 (DDE) | Feb. 27, 2014 | | |
| | Motion to Stay Pending Inter Partes Review | Denied without prejudice | Rensselaer Polytechnic Institute et al v. Apple Inc.<br>1-13-cv-00633 (NDNY) | Jan. 15, 2014 | | |
| | Stay of Proceedings<br>└ Factors Considered<br>    └ Prejudice From Stay/Tactical Advantage<br>Stay of Proceedings<br>└ Factors Considered<br>    └ Simplification of Issues | | The court denied without prejudice defendant's motion to stay pending *inter partes* review because the undue prejudice to plaintiff and uncertain potential simplification of issues weighed against a stay. "In light of the timing of [defendant's] IPR petition and its failure to offer a plausible explanation for delaying the filing of the petition until two days before the expiration of the deadline under the AIA, I conclude that this sub-factor weighs against a stay. . . . [Defendant's] failure to notify the court and plaintiffs of the filing of its IPR petition in a telephone conference in which scheduling was discussed was calculated to secure tactical advantage by obtaining desired discovery while rebuffing plaintiffs' efforts to obtain reciprocal discovery until the stay motion could be interposed. . . . Because the PTO has yet to make even an initial determination of the pending IPR petitions, and neither plaintiffs nor [defendant] can be certain of when the PTO may issue that decision, I conclude that this factor weighs against granting a stay." | | | |
| | Motion to Stay Pending Inter Partes Review | Denied in part granted in part | Evolutionary Intelligence, LLC v. Apple Inc.<br>4-13-cv-04201 (NDCA) | Jan. 09, 2014 | | |
| | District Court Procedural Issues<br>└ Stay of Proceedings | | The court denied in part defendant's motion to stay pending *inter partes* review as premature. "[Plaintiff] . . . argues that a stay is premature because the PTAB has yet to decide whether to move forward with *inter partes* review. This order agrees. A full stay is not yet warranted because the PTAB may decide to deny review of [one] patent or one or more claims of [another] patent. . . . Granting a four-month stay to provide the PTAB time to consider whether to grant *inter partes* review will minimize the risk of inconsistent results and conserve resources." | | | |
| | Motion to Stay Pending Inter Partes Review | Additional briefing ordered | Streetspace, Inc v. Google, Inc. et al<br>3-11-cv-04574 (NDCA) | Dec. 04, 2013 | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Slot Speaker Technologies, Inc. f/k/a THX Ltd. v. Apple Inc.<br>4-13-cv-01161 (NDCA) | Oct. 24, 2013 | | |

| | | | | | |
|---|---|---|---|---|---|
| ⊖ | Motion to Stay Pending Inter Partes Review | Granted | SoftView LLC v. Apple Inc., et. al.<br>1-10-cv-00389 (DDE) | Sep. 04, 2013 | 📄 PDF |
| | Stay of Proceedings<br>└ Factors Considered<br>   └ **Prejudice From Stay/Tactical Advantage**<br>Stay of Proceedings<br>└ Factors Considered<br>   └ **Simplification of Issues** | | The court granted defendants' motions to stay pending *inter partes* review where the court had denied a stay pending reexamination the year before because of the lack of undue prejudice to plaintiff and potential simplification of issues. "[F]act discovery is now complete, at least somewhat mitigating the risk of evidentiary staleness. Also, given that [plaintiff] is a non-practicing entity and not seeking injunctive relief, the limited delay (of about seven months) resulting from the Court's order should not severely prejudice [plaintiff]. . . . A stay is likely to simplify the issues for trial. Unlike in connection with the earlier requested stay -- when only some of the asserted claims stood rejected -- the PTAB has granted *inter partes* review with respect to all of the asserted claims of the patents-in-suit." | | | |
| | Stay of Proceedings<br>└ Factors Considered<br>   └ **Stage of Litigation** | | The court granted defendants' motions to stay pending *inter partes* review where the court had denied a stay pending reexamination the year before and had found that the stage of the case weighed against a stay. "In the Court's [decision last year] denying a stay, the Court noted that the early stage of litigation and lengthy process of reexamination weighed against a stay. The inputs and result of this comparison are different now: while the case has substantially progressed, the *inter partes* review promises to be a more expeditious process than reexamination and appears to be relatively close to completion. . . . [B]y the time case-dispositive motions are filed, the *inter partes* review is likely to be over. . . . [T]he Court believes, under the circumstances, it is appropriate to allow the *inter partes* review a reasonable period to conclude before launching the parties into the expense of expert discovery." | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Grobler v. Apple Inc.<br>3-12-cv-01534 (NDCA) | Jul. 29, 2013 | 📄 PDF |
| ⊖ | Motion to Stay Pending Inter Partes Review | Denied in part granted in part | Grobler v. Apple Inc.<br>3-12-cv-01534 (NDCA) | Jun. 06, 2013 | 📄 PDF |
| | District Court Procedural Issues<br>└ **Stay of Proceedings** | | The court granted in part defendant's motion to stay pending *inter partes* review. "[A] temporary stay of this action pending the USPTO's decision as to whether to grant or deny [a third party's] petition for *inter partes* review is appropriate given that the claim construction process is imminent and the decision, which will be rendered on or before [next month], will add to the intrinsic record. . . . [Defendant] shall file a status report within two days of the date on which the decision is rendered and shall file a copy of the decision as an attachment to the report. At that time, the Court will consider the extent to which the case schedule will need to be modified." | | | |
| | Motion to Stay Pending Inter Partes Review | Granted | Achates Reference Publishing, Inc. v. Symantec Corporation, et. al.<br>2-11-cv-00294 (EDTX) | May. 31, 2013 | 📄 PDF |
| ⊖ | Motion to Stay Pending Inter Partes Review | Ruling deferred | Achates Reference Publishing, Inc. v. Symantec Corporation, et. al.<br>2-11-cv-00294 (EDTX) | Apr. 05, 2013 | 📄 PDF |
| | Stay of Proceedings<br>└ Factors Considered<br>   └ **Simplification of Issues**<br>Stay of Proceedings<br>└ Factors Considered<br>   └ **Stage of Litigation**<br>District Court Procedural Issues<br>└ Stay of Proceedings<br>   └ **Conditions of Stay** | | The court ordered additional briefing following plaintiff's submission of its unopposed motion to stay pending *inter partes* review. "The PTO has not yet acted on the petitions. . . . Fact discovery is complete. . . . The parties appear to agree that the litigation estoppel provided by statute would only apply against [the defendant who submitted the petition for *inter partes* review], and that it may only be effective after all appeals of the PTO's decision are exhausted. The Court indicated that it believes that granting a stay at this point in the proceedings may not save much effort unless all parties to the stay are bound by the outcome of the *inter partes* review. One defendant indicated that it was willing to stipulate to be so bound. The Court agreed to give the other defendants time to consider the issue before the Court rules on the instant motion, as the Court is considering a stay that applies only to the parties who would be bound by the outcome of the *inter partes* review." | | | |