**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| APPLE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-1378-JLH |
| ) | |
| MASIMO CORPORATION and ) | **JURY TRIAL DEMANDED** |
| SOUND UNITED, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| MASIMO CORPORATION and ) | |
| CERCACOR LABORATORIES, INC., ) | |
| ) | |
| Counter-Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| APPLE INC., ) | |
| ) | |
| Counter-Defendant. ) | |

**[PROPOSED] CORRECTED JUDGMENT FOLLOWING JURY VERDICT**

This action was tried by a jury. Plaintiff Apple Inc. ("Apple") alleged that Defendants Masimo Corporation ("Masimo") and Sound United, LLC ("Sound United") (together, "Defendants") infringed U.S. Patent No. 10,627,783 (the "'783 Patent"), U.S. Patent No. 10,987,054 (the "'054 Patent"), and U.S. Patent No. 11,474,483 (the "'483 Patent") (together, the "Asserted Patents"). Defendants asserted an affirmative defense of patent invalidity of the Asserted Patents and asserted counterclaims seeking declaratory judgments of noninfringement and invalidity of the Asserted Patents.

The jury reached a verdict on October 25, 2024, finding that: (1) Apple did not prove by a preponderance of the evidence that Defendants' Original Design or Wave Design of the Masimo W1 and Freedom infringed claim 16 of the '783 Patent; (2) Apple did not prove by a preponderance

of the evidence that Defendants' Original Design or Wave Design of the Masimo W1 and Freedom infringed claim 13 of the '483 Patent; (3) Apple did not prove by a preponderance of the evidence that Defendants' Original Design or Wave Design of the Masimo W1 and Freedom infringed claim 1 of the '054 Patent; (4) Masimo did not prove by clear and convincing evidence that claim 16 of the '783 Patent or claim 1 of the '054 Patent is invalid for obviousness; and (5) Masimo proved by clear and convincing evidence that claim 13 of the '483 Patent is invalid for obviousness.

IT IS ORDERED that:

(a) judgment is entered in favor of Defendants and against Apple on Apple's Count II, in accordance with the jury's verdict that Apple did not prove that Defendants infringed claim 16 of the '783 Patent;

(b) judgment is entered in favor of Defendants and against Apple on Apple's Count IV, in accordance with the jury's verdict that Apple did not prove that Defendants infringed claim 1 of the '054 Patent;

(c) judgment is entered in favor of Defendants and against Apple on Apple's Count VI, in accordance with the jury's verdict that Apple did not prove that Defendants infringed claim 13 of the '483 Patent;

(d) with respect to Masimo's Eighteenth Counterclaim Count and Sound United's Second Counterclaim Count, both of which seek a declaratory judgment that Defendants do not infringe the '783 Patent, judgment is entered in favor of Defendants and against Apple in accordance with the jury's verdict that Apple did not prove that Defendants infringed claim 16 of the '783 Patent;

(e) with respect to Masimo's Twentieth Counterclaim Count and Sound United's Fourth Counterclaim Count, both of which seek a declaratory judgment that

       Defendants do not infringe the '054 Patent, judgment is entered in favor of Defendants and against Apple in accordance with the jury's verdict that Apple did not prove that Defendants infringed claim 1 of the '054 Patent;

(f) with respect to Masimo's Twenty-Second Counterclaim Count and Sound United's Sixth Counterclaim Count, both of which seek a declaratory judgment that Defendants do not infringe the '483 Patent, judgment is entered in favor of Defendants and against Apple in accordance with the jury's verdict that Apple did not prove that Defendants infringed claim 13 of the '483 Patent;

(g) with respect to Masimo's Twenty-Fourth Counterclaim Count and Sound United's Eighth Counterclaim Count, both of which seek a declaratory judgment that the '783 Patent is invalid, judgment is entered in favor of Apple and against Defendants in accordance with the jury's verdict that Defendants did not prove by clear and convincing evidence that claim 16 of the '783 Patent is invalid for obviousness;

(h) with respect to Masimo's Twenty-Sixth Counterclaim Count and Sound United's Tenth Counterclaim Count, both of which seek a declaratory judgment that the '054 Patent is invalid, judgment is entered in favor of Apple and against Defendants in accordance with the jury's verdict that Defendants did not prove that claim 1 of the '054 Patent is invalid for obviousness;

(i) with respect to Masimo's Twenty-Eighth Counterclaim Count and Sound United's Twelfth Counterclaim Count, both of which seek a declaratory judgment that the '483 Patent is invalid, judgment is entered in favor of Defendants and against Apple that claim 13 is invalid, in accordance with the

        jury's verdict that Defendants proved that claim 13 of the '483 Patent is invalid for obviousness.

    This judgment shall have the effect of denying as moot all other pending motions made by the parties pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. The judgment is subject to modification following the Court's consideration of the parties' post-trial motions.

    Consistent with D. Del. L.R. 54.1(a), the deadline for the prevailing party to file a bill of costs shall be within 14 days after the time for appeal has expired or within 14 days after issuance of the mandate from the appellate court.

    IT IS SO ORDERED this 11th day of December, 2024.

                                                          The Honorable Jennifer L. Hall
                                                                U.S.D.J.